**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
FAX: 661-294-0134

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN | Case No. 2:18-cv-05836 <br><br> **COMPLAINT FOR:** <br><br> 1. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)] <br> 2. CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)] <br> 3. CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)] <br> 4. CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)] <br> 5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 25300, ET SEQ.] <br> 6. EQUITABLE INDEMNIFICATION <br> 7. COMMON LAW SUBROGATION <br> 8. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060] <br> 9. DECLARATORY RELIEF [28 U.S.C. § 2201] |

HONDA MOTOR CO., INC.;
HUNTINGTON BEACH
COMPANY; LOCKHEED
MARTIN CORPORATION;
MARS, INC. (FORMERLY
KNOWN AS KAL KAN FOODS
INC.); MONTROSE CHEMICAL
CORPORATION OF
CALIFORNIA; MORTELL
COMPANY; MORTON
INTERNATIONAL, INC.;
NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY
USA, INC.; QUEMETCO, INC.;
ROCKWELL AUTOMATION,
INC.; ROHM & HAAS
COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC
COMPANY; SMITH
INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA
EDISON COMPANY;
SOUTHERN CALIFORNIA GAS
COMPANY; STAUFFER
MANAGEMENT COMPANY
LLC; THE PROCTER &
GAMBLE MANUFACTURING
COMPANY; THUMS LONG
BEACH COMPANY; UNION
CARBIDE CORPORATION;
UNION PACIFIC
RAILROAD/SOUTHERN
PACIFIC TRANSPORTATION
COMPANY; UNITED STATES
STEEL CORPORATION;
UNITED TECHNOLOGIES
CORPORATION; AND UNIVAR
USA INC.,

Plaintiffs,

vs.

ALBERTSONS COMPANIES, INC.;
ALCO INDUSTRIES, INC.;

2

ALLERGAN, INC.; AMERICAN CAN COMPANY; AMPEX CORP.; ANCO METAL IMPROVEMENT CO.; ARDAGH GROUP S.A.; ARGO PETROLEUM CORP.; AURUM INDUSTRIES, INC.; BARRY WRIGHT CONTROLS; BEAULIEU OF AMERICA, INC.; BIRTCHER PACIFIC; BROWNING FERRIS INDUSTRIES; BFI XV REALTY FUND LTD.; BYRON JACKSON PUMPS, INC.; CAROL CABLE CO.; CARLTON FORGE WORKS; CIBA GEIGY CORP.; CLEVELAND WRECKING CO.; COLUMBIA PICTURES; COOPER INDUSTRIES, INC.; COTY, INC.; CROWLEY INC.; DESOTO INC.; DON KNOTT FORD; DRESSER INDUSTRIES, INC.; DUREX INC.; ELECTROFILM INC.; EMHART INDUSTRIES, INC.; FASSON CORP.; FEDERAL-MOGUL CORP.; FEDERAL-MOGUL LLC; FEDERAL RESERVE BANK; FRICTION INC.; FRICTION MATERIALS CORP.; FMC CORPORATION; FORD AEROSPACE AND COMMUNICATIONS CORP.; FORD MOTOR COMPANY; FOSTER-FORBES GLASS CO.; GENERAL MILLS, INC.; GLASS CONTAINERS CORP.; GENSTAR BUILDING MATERIALS CO.; GENSTAR ROOFING PRODUCTS COMPANY, INC.; GKN AEROSPACE CHEM-TRONICS INC.; GLOBAL TUBE CORPORATION; GWB (US), INC.; HILL BROTHERS CHEMICAL CO.; HI-SHEAR CORP.; HOLLYTEX CARPET MILLS, INC.; HOUGHTON INTERNATIONAL INC.; JEFFRIES BANK NOTES CO.; JOHNSON CONTROLS INC.; JOSLYN MANUFACTURING & SUPPLY CO.; KAISER FOUNDATION HEALTH PLAN, INC.; LISI AEROSPACE

COMPLAINT
(2:18-CV-05836)

1  NORTH AMERICA, INC.; LONG
2  BEACH TERMINAL COMPANY;
   MAX FACTOR CO.; MERCURY
3  AEROSPACE INC.; MERCURY
   AEROSPACE FASTENERS; MRC
4  HOLDINGS, INC.; NORTH
   AMERICAN ENVIRONMENTAL;
5  NORTHROP PACIFIC; OWENS-
   ILLINOIS, INC.; PARAMOUNT
6  PICTURES CORP.; PILLSBURY CO.;
7  PRICE PFISTER *NKA* PFISTER;
   REPUBLIC SERVICES, INC.; RIO
8  TINTO ALCAN INC.; SANDIA
   METAL PROCESS, INC.; SANMINA-
9  SCI CORP.; SEQUA
   CORPORATION; SHUWA
10 INVESTMENTS CORP.;
11 SIERRACIN; SIKA CORP.; SMITH &
   CO.; SPS TECHNOLOGIES, INC.;
12 STANLEY BLACK & DECKER,
   INC.; STANLEY WORKS;
13 STRUCTURAL COMPOSITE
14 INDUSTRIES; SUMITOMO LIFE
   REALTY; SYNTHANE TAYLOR;
15 TECHNICOLOR, INC.; THOMPSON
   INDUSTRIES; THORPE
16 INSULATION CO.; TTM
17 TECHNOLOGIES, INC.; VOUGHT
   AIRCRAFT INDUSTRIES INC.; and
18 DOES 1-10,

19            Defendants.

20

21

22

23

24

25

26

27

28

COMPLAINT
(2:18-CV-05836)

1       Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

2    LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC; BAYER

3    CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY;

4    CALIFORNIA RESOURCES CORPORATION; CHEVRON

5    ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE

6    PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &

7    OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN

8    AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON

9    MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL

10    DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL

11    CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-

12    PACKARD COMPANY); AMERICAN HONDA MOTOR CO., INC.;

13    HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN

14    CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN

15    FOODS INC.); MONTROSE CHEMICAL CORPORATION OF

16    CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,

17    INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP

18    GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO,

19    INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;

20    ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

21    INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON

22    COMPANY;  SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER

23    MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE

24    MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;

25    UNION CARBIDE CORPORATION; UNION PACIFIC

26    RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY;

27    UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES

28    CORPORATION; AND UNIVAR USA INC. (collectively referred to herein

as "Plaintiffs" or individually as "Plaintiff") allege as follows:

## STATEMENT OF THE CASE

1.      This is a civil action for cost recovery under Section 107(a), an action for contribution under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.  The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment, which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[1] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.  The State of California has alleged in a series of three complaints filed against some or all of the Plaintiffs[2] that it has incurred response costs in connection with actions taken in response to releases or threatened releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties

---

[1] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 1114, 1119 and 1124, respectively.

[2] The three complaints are described in more detail in paragraphs 1113, 1118, and 1123, *infra*.

COMPLAINT
(2:18-CV-05836)

1    named as a defendant herein at paragraphs 60-146 and Does 1-10 (collectively

2    referred to herein as "Defendants" or individually as "Defendant") generated,

3    transported and/or arranged for disposal of materials containing Hazardous

4    Substances to the BKK Facility.

5         2.    Plaintiffs seek to recover from each Defendant pursuant to Section

6    107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs

7    incurred and to be incurred by Plaintiffs in a manner consistent with the National

8    Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities

9    undertaken and to be undertaken at and in relation to the BKK Class I Facility that

10   were caused by the release or threatened release of Hazardous Substances at and

11   from the BKK Class I Facility.

12        3.    Plaintiffs also seek contribution from each Defendant pursuant to

13   Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary

14   response costs incurred and to be incurred by Plaintiffs pursuant to the First,

15   Second, Third Partial and Amended Third Partial Consent Decrees in a manner

16   consistent with the NCP for response activities undertaken and to be undertaken at

17   and in relation to the BKK Class I Facility that were caused by the release or

18   threatened release of Hazardous Substances at and from the BKK Class I Facility.

19        4.    Plaintiffs further seek a declaration as to each Defendant's liability and

20   associated allocation of past and future response costs in accordance with Section

21   113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade*

22   *Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

23   action or actions brought by Plaintiffs against the Defendants to recover further

24   response costs.

25        5.    Plaintiffs additionally seek contribution from each Defendant pursuant

26   to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code

27   §§ 25300-25395, and Cal. Health and Safety Code § 25363 for past and future

28   necessary response costs incurred and to be incurred by Plaintiffs in a manner

7

1  consistent with the NCP to address releases or threatened releases of Hazardous
2  Substances at and from the BKK Class I Facility.

3      6.      Plaintiffs are also entitled to complete or partial indemnity from
4  Defendants for all response costs incurred or to be incurred at the BKK Class I
5  Facility, pursuant to the doctrine of equitable indemnification.

6      7.      A sub-set of Plaintiffs who allege they have reimbursed entities or
7  directly paid for and participated in directing response actions on behalf of other
8  entities (including other Plaintiffs) that have incurred past, necessary response
9  costs, including pursuant to the First, Second, Third Partial and Amended Third
10 Partial Consent Decrees in a manner consistent with the NCP, for response
11 activities undertaken at and in relation to the BKK Class I Facility, assert
12 subrogated cost recovery and contribution claims against each Defendant pursuant
13 to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common
14 law equitable subrogation.

15     8.      Plaintiffs also seek a declaratory judgment pursuant to the Declaratory
16 Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure
17 §1060 setting forth the parties' rights and obligations toward one another for future
18 costs incurred to address contamination at or from the BKK Class I Facility

19     9.      Through mid-2017, the BKK Working Group has incurred or is
20 committed to incur approximately $249 million in costs associated with the BKK
21 Class I Facility, and the total cost of necessary response actions to fully remediate
22 the BKK Class I Facility was estimated by the State of California Department of
23 Toxic Substances Control ("DTSC") in 2010 at nearly $800 million.  Each
24 Defendant has declined Plaintiffs' request(s) to enter into a tolling agreement to
25 facilitate settlement discussions, necessitating this lawsuit to resolve Defendants'
26 liabilities.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION**

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

**VENUE**

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District, and because the BKK Class I Facility is located within this District.

12.     Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases and response costs at issue occurred in this District.

**PLAINTIFFS**

13.     The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently includes the Plaintiffs identified in paragraphs 15-59 below as members, which assert the claims in this Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility

COMPLAINT
(2:18-CV-05836)

of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred necessary response costs consistent with the NCP at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

14.     Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.   The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no allegations against the following Defendants:  Sun Exploration, the City of Carson, the City of Hermosa Beach, the City of Riverside, and the City of San Diego.

15.     Plaintiff Ashland LLC is a limited liability company organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland LLC is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the contractual indemnitor of Filtrol Corporation. Both companies were authorized to do business in California at all relevant times referred to herein.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.  Ashland LLC and Filtrol Corporation are members of the BKK Working Group and as members of the BKK

10

1    Working Group have incurred necessary response costs in a manner consistent with

2    the NCP at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims

3    and interests relevant hereto to Ashland LCC.

4         16.    Plaintiff Atlantic Richfield Company is a corporation organized under

5    the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

6    Company, or its corporate predecessor, was and is authorized to do business, and

7    was and is doing business, in California.  The State of California has alleged that

8    Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous

9    Substance at the BKK Class I Facility, as those terms are described in section

10   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a

11   member of the BKK Working Group and as a member of the BKK Working Group

12   has incurred necessary response costs in a manner consistent with the NCP at the

13   BKK Class I Facility.

14        17.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the

15   laws of the State of Delaware. At all times referred to herein, Bayer CropScience

16   Inc., or its corporate predecessor, was and is authorized to do business, and was and

17   is doing business, in California.  The State of California has alleged that Plaintiff

18   Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the

19   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

20   42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working

21   Group, has incurred necessary response costs in a manner consistent with the NCP

22   at the BKK Class I Facility.

23        18.    Plaintiff BHPI Service LLC is a corporation organized under the laws

24   of the State of Delaware. At all times referred to herein, BHPI Service LLC, or its

25   corporate predecessor, was and is authorized to do business, and was and is doing

26   business, in California.  The State of California has alleged that the assignee to the

27   successor in interest to certain liability of H.J. Heinz Company, arranged for the

28   disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

COMPLAINT
(2:18-CV-05836)

1  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff BHPI

2  Service LLC is a member of the BKK Working Group and as a member of the

3  BKK Working Group has incurred necessary response costs in a manner consistent

4  with the NCP at the BKK Class I Facility.

5       19.    Plaintiff The Boeing Company is a corporation organized under the

6  laws of the State of Delaware. At all times referred to herein, The Boeing

7  Company, or its corporate predecessor, was and is authorized to do business, and

8  was and is doing business, in California.  The State of California has alleged that

9  Plaintiff The Boeing Company arranged for the disposal of a Hazardous Substance

10  at the BKK Class I Facility, as those terms are described in section 107(a) of

11  CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the

12  BKK Working Group.  As a member of the BKK Working Group, and also prior to

13  becoming a member, The Boeing Company has incurred necessary response costs

14  in a manner consistent with the NCP at the BKK Class I Facility.

15       20.    Plaintiff California Resources Corporation is a corporation organized

16  under the laws of the State of Pennsylvania. At all times referred to herein,

17  California Resources Corporation, or its corporate predecessor, was and is

18  authorized to do business, and was and is doing business, in California.  The State

19  of California has alleged that Plaintiff California Resources Corporation arranged

20  for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

21  terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

22  California Resources Corporation is a member of the BKK Working Group and as a

23  member of the BKK Working Group has incurred necessary response costs in a

24  manner consistent with the NCP at the BKK Class I Facility

25       21.    Plaintiff Chevron Environmental Management Company is a

26  corporation organized under the laws of the State of California. At all times referred

27  to herein, Chevron Environmental Management Company, or its corporate

28  affiliate(s), was and is authorized to do business, and was and is doing business, in

COMPLAINT
(2:18-CV-05836)

California.  The State of California has alleged that certain corporate affiliates of Plaintiff Chevron Environmental Management Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Environmental Management Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

22.    Plaintiff Chevron Marine Products LLC is a limited liability company organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Marine Products LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Chevron Marine Products LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Marine Products LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

23.    Reserved.

24.    Plaintiff ConocoPhillips Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, ConocoPhillips Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

25.   Plaintiff Crosby & Overton, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

26.   Plaintiff The Dow Chemical Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Dow Chemical Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

27.   Plaintiff Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun Aerostructures, Inc. is a member of the BKK Working Group and as a member of

14

1   the BKK Working Group has incurred necessary response costs in a manner
2   consistent with the NCP at the BKK Class I Facility.

3       28.   Plaintiff Essex Chemical Corporation is a corporation organized under
4   the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical
5   Corporation, or its corporate predecessor, was and is authorized to do business, and
6   was and is doing business, in California.  The State of California has alleged that
7   Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous
8   Substance at the BKK Class I Facility, as those terms are described in section
9   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is
10  a member of the BKK Working Group and as a member of the BKK Working
11  Group has incurred necessary response costs in a manner consistent with the NCP
12  at the BKK Class I Facility.

13      29.   Plaintiff Exxon Mobil Corporation is a corporation organized under
14  the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil
15  Corporation, or its corporate predecessor, was and is authorized to do business, and
16  was and is doing business, in California.  The State of California has alleged that
17  Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous
18  Substance at the BKK Class I Facility, as those terms are described in section
19  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a
20  member of the BKK Working Group and as a member of the BKK Working Group
21  has incurred necessary response costs in a manner consistent with the NCP at the
22  BKK Class I Facility.

23      30.   Plaintiff Gemini Industries, Inc. is a corporation organized under the
24  laws of the State of California. At all times referred to herein, Gemini Industries,
25  Inc. or its corporate predecessor, was and is authorized to do business, and was and
26  is doing business, in California.  The State of California has alleged that Plaintiff
27  Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the
28  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

COMPLAINT
(2:18-CV-05836)

42 U.S.C. § 9607(a).  Plaintiff Gemini Industries, Inc. is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

31.    Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware.  During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California.  The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

32.    Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

33.    Plaintiff HP Inc., formerly known as Hewlett-Packard Company, is a corporation organized under the laws of the State of Delaware. At all times referred

1    to herein, HP Inc., or its corporate predecessor, was and is authorized to do

2    business, and was and is doing business, in California.  The State of California has

3    alleged that Plaintiff HP Inc. any arranged for the disposal of a Hazardous

4    Substance at the BKK Class I Facility, as those terms are described in section

5    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff HP Inc. is a member of the

6    BKK Working Group and as a member of the BKK Working Group has incurred

7    necessary response costs in a manner consistent with the NCP at the BKK Class I

8    Facility.

9         34.    Plaintiff American Honda Motor Co., Inc. is a corporation organized

10   under the laws of the State of California. At all times referred to herein, American

11   Honda Motor Co., Inc. was and is authorized to do business, and was and is doing

12   business, in California.  The State of California has alleged that Plaintiff American

13   Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the

14   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

15   42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK

16   Working Group and as a member of the BKK Working Group has incurred

17   necessary response costs in a manner consistent with the NCP at the BKK Class I

18   Facility.

19        35.    Plaintiff Huntington Beach Company is a corporation organized under

20   the laws of the State of California. At all times referred to herein, Huntington Beach

21   Company, or its corporate predecessor, was and is authorized to do business, and

22   was and is doing business, in California.  The State of California has alleged that

23   Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous

24   Substance at the BKK Class I Facility, as those terms are described in section

25   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is

26   a member of the BKK Working Group and as a member of the BKK Working

27   Group has incurred necessary response costs in a manner consistent with the NCP

28   at the BKK Class I Facility.

36.     Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

37.     Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

38.     Plaintiff Montrose Chemical Corporation of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corporation of California, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corporation of California arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

9607(a).  Plaintiff Montrose Chemical Corporation of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

39.    Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

40.    Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

41.    Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff National Steel and Shipbuilding Company

arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff National Steel and Shipbuilding Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

42.     Plaintiff Northrop Grumman Systems Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Northrop Grumman Systems Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Northrop Grumman Systems Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Northrop Grumman Systems Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

43.     Plaintiff OXY USA, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, OXY USA, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff OXY USA, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff OXY USA, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility

44.     Plaintiff Quemetco, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

45.    Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

46.    Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

47.     Plaintiff Rohr, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

48.     Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

49.     Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

COMPLAINT
(2:18-CV-05836)

1  necessary response costs in a manner consistent with the NCP at the BKK Class I
2  Facility

3      50.    Plaintiff Southern California Edison Company is a corporation
4  organized under the laws of the State of California. At all times referred to herein,
5  Southern California Edison Company, or its corporate predecessor, was and is
6  authorized to do business, and was and is doing business, in California.  The State
7  of California has alleged that Plaintiff Southern California Edison Company
8  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as
9  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).
10  Plaintiff Southern California Edison Company is a member of the BKK Working
11  Group and as a member of the BKK Working Group has incurred necessary
12  response costs in a manner consistent with the NCP at the BKK Class I Facility.

13      51.    Plaintiff Southern California Gas Company is a corporation organized
14  under the laws of the State of California. At all times referred to herein, Southern
15  California Gas Company, or its corporate predecessor, was and is authorized to do
16  business, and was and is doing business, in California.  The State of California has
17  alleged that Plaintiff Southern California Gas Company arranged for the disposal of
18  a Hazardous Substance at the BKK Class I Facility, as those terms are described in
19  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas
20  Company is a member of the BKK Working Group and as a member of the BKK
21  Working Group has incurred necessary response costs in a manner consistent with
22  the NCP at the BKK Class I Facility.

23      52.    Plaintiff Stauffer Management Company LLC is a limited liability
24  corporation organized under the laws of the State of Delaware.  At all times referred
25  to herein, Stauffer Management Company LLC was and is authorized to do
26  business, and was and is doing business, in California.  Stauffer Management
27  Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through
28  this legal obligation, has paid the response costs incurred by Bayer CropScience,

Inc. and has participated in directing remediation efforts as an agent for Bayer CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company LLC also is an assignee to the subrogation and other rights or causes of action Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as a result of reimbursements it has made to Stauffer Management Company LLC for response costs paid for by Stauffer Management Company LLC in connection with the BKK Class I Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer Management Company LLC submitted demands to Defendants as contemplated by CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is used in the statute.  Although Stauffer Management Company LLC and Syngenta Crop Protection, LLC are not members of the BKK Working Group, because the costs they have incurred result directly from Bayer CropScience's participation in the BKK Working Group, for purposes of the allegations in this Complaint relating to the incurrence of response costs, the term "BKK Working Group" includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

53.    Plaintiff The Procter & Gamble Manufacturing Company is a corporation organized under the laws of the State of Ohio.  At all times referred to herein, The Procter & Gamble Manufacturing Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Procter & Gamble Manufacturing Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

54.   Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

55.   Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

56.   Plaintiff Union Pacific Railroad, formerly known as Southern Pacific Transportation Company, is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a

1   member of the BKK Working Group has incurred necessary response costs in a

2   manner consistent with the NCP at the BKK Class I Facility.

3       57.   Plaintiff United States Steel Corporation is a corporation organized

4   under the laws of the State of Delaware. At all times referred to herein, United

5   States Steel Corporation, or its corporate predecessor, was and is authorized to do

6   business, and was and is doing business, in California.  The State of California has

7   alleged that Plaintiff United States Steel Corporation arranged for the disposal of a

8   Hazardous Substance at the BKK Class I Facility, as those terms are described in

9   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel

10  Corporation is a member of the BKK Working Group and as a member of the BKK

11  Working Group has incurred necessary response costs in a manner consistent with

12  the NCP at the BKK Class I Facility.

13      58.   Plaintiff United Technologies Corporation is a corporation organized

14  under the laws of the State of Delaware. At all times referred to herein, United

15  Technologies Corporation, or its corporate predecessor, was and is authorized to do

16  business, and was and is doing business, in California.  The State of California has

17  alleged that Plaintiff United Technologies Corporation arranged for the disposal of

18  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

19  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United Technologies

20  Corporation is a member of the BKK Working Group and as a member of the BKK

21  Working Group has incurred necessary response costs in a manner consistent with

22  the NCP at the BKK Class I Facility.

23      59.   Plaintiff Univar USA Inc. (f/k/a Van Waters & Rogers) is a

24  corporation organized under the laws of the State of Washington. At all times

25  referred to herein, Univar USA Inc., or its corporate predecessor, was and is

26  authorized to do business, and was and is doing business, in California.  The State

27  of California has alleged that Plaintiff Univar USA Inc. arranged for the disposal of

28  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Univar USA Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

## DEFENDANTS

60.     Defendants are: Albertsons Companies, Inc.; Alco Industries, Inc.; Allergan, Inc.; American Can Company; Ampex Corp.; Anco Metal Improvement Co.; Ardagh Group S.A.; Argo Petroleum Corp.; Aurum Industries, Inc.; Barry Wright Controls; Beaulieu of America, Inc.; Birtcher Pacific; Browning Ferris Industries; BFI XV Realty Fund Ltd.; Byron Jackson Pumps, Inc.; Carol Cable Co.; Carlton Forge Works; Ciba Geigy Corp.; Cleveland Wrecking Co.; Columbia Pictures; Cooper Industries, Inc.; Coty, Inc.; Crowley Inc.; Desoto Inc.; Don Knott Ford; Dresser Industries, Inc.; Durex Inc.; Electrofilm Inc.; Emhart Industries, Inc.; Fasson Corp.; Federal-Mogul Corp.; Federal-Mogul LLC; Federal Reserve Bank; Friction Inc.; Friction Materials Corp.; FMC Corporation; Ford Aerospace and Communications Corp.; Ford Motor Company; Foster-Forbes Glass Co.; General Mills, Inc.; Glass Containers Corp.; Genstar Building Materials Co.; Genstar Roofing Products Company, Inc.; GKN Aerospace Chem-Tronics Inc.; Global Tube Corporation; GWB (US), Inc.; Hill Brothers Chemical Co.; Hi-Shear Corp.; Hollytex Carpet Mills, Inc.; Houghton International Inc.; Jeffries Bank Notes Co.; Johnson Controls Inc.; Joslyn Manufacturing & Supply Co.; Kaiser Foundation Health Plan, Inc.; Lisi Aerospace North America, Inc.; Long Beach Terminal Company; Max Factor Co.; Mercury Aerospace Inc.; Mercury Aerospace Fasteners; MRC Holdings, Inc.; North American Environmental; Northrop Pacific; Owens-Illinois, Inc.; Paramount Pictures Corp.; Pillsbury Co.; Price Pfister *nka* Pfister; Republic Services, Inc.; Rio Tinto Alcan Inc.; Sandia Metal Process, Inc.; Sanmina-SCI Corp.; Sequa Corporation; Shuwa Investments Corp.; Sierracin; Sika Corp.; Smith & Co.; SPS Technologies, Inc.; Stanley Black & Decker, Inc.; Stanley

Works; Structural Composite Industries; Sumitomo Life Realty; Synthane Taylor; Technicolor, Inc.; Thompson Industries; Thorpe Insulation Co.; TTM Technologies, Inc.; Vought Aircraft Industries Inc.; and Does 1-10.

61.     Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc.  According to historical BKK Corp. records, Albertson's Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

62.     Upon information and belief, Defendant Alco Industries, Inc. is the successor to Synthane Taylor and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Synthane Taylor.  According to historical BKK Corp. records, Synthane Taylor contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Synthane Taylor generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alco Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

63.     According to historical BKK Corp. records, Defendant Allergan, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Allergan, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Allergan, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

64.     According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

65.     According to historical BKK Corp. records, Defendant Ampex Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ampex Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ampex Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

66.     According to historical BKK Corp. records, Defendant Anco Metal Improvement Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Anco Metal Improvement Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anco Metal Improvement Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

67.     Upon information and belief, Defendant Ardagh Group S.A. is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Saint-Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp. records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or

29

1   arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh

2   Group S.A. has not incurred any response costs at the BKK Class I Facility nor has

3   it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

4   Facility.

5        68.   According to historical BKK Corp. records, Defendant Argo

6   Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This

7   manifested waste contained Hazardous Substances that Defendant Argo Petroleum

8   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

9   date, Defendant Argo Petroleum Corp. has not incurred any response costs at the

10  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

11  Plaintiffs at the BKK Class I Facility.

12       69.   According to historical BKK Corp. records, Defendant Aurum

13  Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

14  manifested waste contained Hazardous Substances that Defendant Aurum

15  Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

16  Facility.  To date, Defendant Aurum Industries, Inc. has not incurred any response

17  costs at the BKK Class I Facility nor has it paid its fair share of response costs

18  incurred by the Plaintiffs at the BKK Class I Facility.

19       70.   According to historical BKK Corp. records, Defendant Barry Wright

20  Controls contributed manifested waste to the BKK Class I Facility.  This

21  manifested waste contained Hazardous Substances that Defendant Barry Wright

22  Controls generated and/or arranged for its disposal at the BKK Class I Facility.  To

23  date, Defendant Barry Wright Controls has not incurred any response costs at the

24  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

25  Plaintiffs at the BKK Class I Facility.

26       71.   Upon information and belief, Defendant Beaulieu of America, Inc. is

27  the successor to Hollytex Carpet Mills and/or otherwise liable for manifested waste

28  that was contributed to the BKK Class I Facility by Hollytex Carpet Mills.

COMPLAINT
(2:18-CV-05836)

According to historical BKK Corp. records, Hollytex Carpet Mills contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hollytex Carpet Mills generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beaulieu of America, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.    According to historical BKK Corp. records, Defendant Birtcher Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Birtcher Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73.    According to historical BKK Corp. records, Defendant Browning Ferris Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Browning Ferris Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Browning Ferris Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74.    According to historical BKK Corp. records, Defendant BFI XV Realty Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant BFI XV Realty Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

1       75.    According to historical BKK Corp. records, Defendant Byron Jackson

2   Pumps, Inc. contributed manifested waste to the BKK Class I Facility.  This

3   manifested waste contained Hazardous Substances that Defendant Byron Jackson

4   Pumps, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

5   To date, Defendant Byron Jackson Pumps has not incurred any response costs at the

6   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

7   Plaintiffs at the BKK Class I Facility.

8       76.    According to historical BKK Corp. records, Defendant Carol Cable

9   Co. contributed manifested waste to the BKK Class I Facility.  This manifested

10   waste contained Hazardous Substances that Defendant Carol Cable Co. generated

11   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

12   Carol Cable Co. has not incurred any response costs at the BKK Class I Facility nor

13   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

14   Class I Facility.

15       77.    According to historical BKK Corp. records, Defendant Carlton Forge

16   Works contributed manifested waste to the BKK Class I Facility.  This manifested

17   waste contained Hazardous Substances that Defendant Carlton Forge Works

18   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

19   Defendant Carlton Forge Works has not incurred any response costs at the BKK

20   Class I Facility nor has it paid its fair share of response costs incurred by the

21   Plaintiffs at the BKK Class I Facility.

22       78.    According to historical BKK Corp. records, Defendant Ciba Geigy

23   Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

24   waste contained Hazardous Substances that Defendant Ciba Geigy Corp. generated

25   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

26   Ciba Geigy Corp. has not incurred any response costs at the BKK Class I Facility

27   nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

28   Class I Facility.

79.     According to historical BKK Corp. records, Defendant Cleveland Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cleveland Wrecking Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

80.     According to historical BKK Corp. records, Defendant Columbia Pictures contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Columbia Pictures generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Columbia Pictures has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

81.     According to historical BKK Corp. records, Defendant Cooper Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cooper Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cooper Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

82.     Upon information and belief, Defendant Coty, Inc. is the successor to Max Factor Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Max Factor Co.  According to historical BKK Corp. records, Max Factor Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Max Factor Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Coty, Inc. has not incurred any response costs at the BKK Class I

Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

83.     According to historical BKK Corp. records, Defendant Crowley Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crowley Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley Inc. has not incurred any response costs at the BKK Class I Facility nor has it incurred its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

84.     According to historical BKK Corp. records, Defendant Desoto Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Desoto Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto Inc. has not incurred any response costs at the BKK Class I Facility nor has it incurred its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

85.     According to historical BKK Corp. records, Defendant Don Knott Ford contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Don Knott Ford generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Don Knott Ford has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

86.     According to historical BKK Corp. records, Defendant Dresser Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Dresser Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

1    87.    According to historical BKK Corp. records, Defendant Durex Inc.

2    contributed manifested waste to the BKK Class I Facility.  This manifested waste

3    contained Hazardous Substances that Defendant Durex Inc. generated and/or

4    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex

5    Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

6    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

7    88.    According to historical BKK Corp. records, Defendant Electrofilm Inc.

8    contributed manifested waste to the BKK Class I Facility.  This manifested waste

9    contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or

10   arranged for its disposal at the BKK Class I Facility.  To date, Defendant

11   Electrofilm Inc. has not incurred any response costs at the BKK Class I Facility nor

12   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

13   Class I Facility.

14   89.    According to historical BKK Corp. records, Defendant Emhart

15   Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

16   manifested waste contained Hazardous Substances that Defendant Ehmart

17   Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

18   Facility.  To date, Defendant Emhart Industries, Inc. has not incurred any response

19   costs at the BKK Class I Facility nor has it paid its fair share of response costs

20   incurred by the Plaintiffs at the BKK Class I Facility.

21   90.    According to historical BKK Corp. records, Defendant Fasson Corp.

22   contributed manifested waste to the BKK Class I Facility.  This manifested waste

23   contained Hazardous Substances that Defendant Fasson Corp. generated and/or

24   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Fasson

25   Corp. has not incurred any response costs at the BKK Class I Facility nor has it

26   paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

27   Facility.

28

COMPLAINT
(2:18-CV-05836)

91.     According to historical BKK Corp. records, Defendant Federal-Mogul Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal-Mogul Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal-Mogul Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

92.     Upon information and belief, Defendant Federal-Mogul LLC is the successor to Federal-Mogul Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Federal Mogul Corp.  According to historical BKK Corp. records, Federal-Mogul contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Federal-Mogul Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Federal-Mogul LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

93.     According to historical BKK Corp. records, Defendant Federal Reserve Bank contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal Reserve Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal Reserve Bank has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

94.     Upon information and belief, Defendant Friction Inc. is the successor to Friction Materials Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Friction Materials Corp.  According to historical BKK Corp. records, Friction Materials Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous

1  Substances that Friction Materials Corp. generated and/or arranged for its disposal

2  at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any

3  response costs at the BKK Class I Facility nor has it paid its fair share of response

4  costs incurred by the Plaintiffs at the BKK Class I Facility.

5       95.    According to historical BKK Corp. records, Defendant Friction

6  Materials Corp. contributed manifested waste to the BKK Class I Facility.  This

7  manifested waste contained Hazardous Substances that Defendant Friction

8  Materials Corp. generated and/or arranged for its disposal at the BKK Class I

9  Facility.  To date, Defendant Friction Materials Corp. has not incurred any response

10  costs at the BKK Class I Facility nor has it paid its fair share of response costs

11  incurred by the Plaintiffs at the BKK Class I Facility.

12       96.    According to historical BKK Corp. records, Defendant FMC

13  Corporation contributed manifested waste to the BKK Class I Facility.  This

14  manifested waste contained Hazardous Substances that Defendant FMC

15  Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

16  To date, Defendant FMC Corporation has not incurred any response costs at the

17  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

18  Plaintiffs at the BKK Class I Facility.

19       97.    According to historical BKK Corp. records, Defendant Ford

20  Aerospace and Communications Corp. contributed manifested waste to the BKK

21  Class I Facility.  This manifested waste contained Hazardous Substances that

22  Defendant Ford Aerospace and Communications Corp. generated and/or arranged

23  for its disposal at the BKK Class I Facility.  To date, Defendant Ford Aerospace

24  and Communications Corp. has not incurred any response costs at the BKK Class I

25  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

26  the BKK Class I Facility.

27       98.    According to historical BKK Corp. records, Defendant Ford Motor

28  Company contributed manifested waste to the BKK Class I Facility.  This

COMPLAINT
(2:18-CV-05836)

1   manifested waste contained Hazardous Substances that Defendant Ford Motor

2   Company generated and/or arranged for its disposal at the BKK Class I Facility.

3   To date, Defendant Ford Motor Company has not incurred any response costs at the

4   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

5   Plaintiffs at the BKK Class I Facility.

6        99.   According to historical BKK Corp. records, Defendant Foster-Forbes

7   Glass Co. contributed manifested waste to the BKK Class I Facility.  This

8   manifested waste contained Hazardous Substances that Defendant Foster-Forbes

9   Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility.

10   To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at

11   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

12   the Plaintiffs at the BKK Class I Facility.

13        100.   Upon information and belief, Defendant General Mills, Inc. is the

14   successor to Pillsbury Co. and/or otherwise liable for manifested waste that was

15   contributed to the BKK Class I Facility by Pillsbury Co.  According to historical

16   BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I

17   Facility. This manifested waste contained Hazardous Substances that Pillsbury Co.

18   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

19   Defendant General Mills, Inc. has not incurred any response costs at the BKK Class

20   I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

21   the BKK Class I Facility.

22        101.   According to historical BKK Corp. records, Defendant Glass

23   Containers Corp. contributed manifested waste to the BKK Class I Facility.  This

24   manifested waste contained Hazardous Substances that Defendant Glass Containers

25   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

26   date, Defendant Glass Containers Corp. has not incurred any response costs at the

27   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

28   Plaintiffs at the BKK Class I Facility.

COMPLAINT
(2:18-CV-05836)

102.   According to historical BKK Corp. records, Defendant Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

103.   Upon information and belief, Defendant Genstar Roofing Products Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Genstar Building Materials Co.  According to historical BKK Corp. records, Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

104.   Upon information and belief, Defendant GKN Aerospace Chem-Tronics Inc. is the successor to Chemtronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Chemtronics Inc.  According to historical BKK Corp. records, Chemtronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Chemtronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GKN Aerospace Chem-Tronics Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

105.   According to historical BKK Corp. records, Defendant Global Tube Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Global Tube Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Global Tube Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106.   Upon information and belief, Defendant GWB (US), Inc. is the successor to Networks Electronic and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Networks Electronic.  According to historical BKK Corp. records, Networks Electronic contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Networks Electronic generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GWB (US), Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.   According to historical BKK Corp. records, Defendant Hill Brothers Chemical Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hill Brothers Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.   According to historical BKK Corp. records, Defendant Hi-Shear Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hi-Shear Corp. has not incurred any response costs at the BKK Class I Facility nor has it

1    paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

2    Facility.

3        109.   According to historical BKK Corp. records, Defendant Hollytex

4    Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility.  This

5    manifested waste contained Hazardous Substances that Defendant Hollytex Carpet

6    Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

7    To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any response costs

8    at the BKK Class I Facility nor has it paid its fair share of response costs incurred

9    by the Plaintiffs at the BKK Class I Facility.

10        110.   Upon information and belief, Defendant Houghton International Inc. is

11    the successor to EF Houghton and/or otherwise liable for manifested waste that was

12    contributed to the BKK Class I Facility by EF Houghton.  According to historical

13    BKK Corp. records, EF Houghton contributed manifested waste to the BKK Class I

14    Facility. This manifested waste contained Hazardous Substances that EF Houghton

15    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

16    Defendant Houghton International Inc. has not incurred any response costs at the

17    BKK Class I Facility nor has it paid its fair share of response costs incurred by the

18    Plaintiffs at the BKK Class I Facility.

19        111.   According to historical BKK Corp. records, Defendant Jeffries Bank

20    Notes Co. contributed manifested waste to the BKK Class I Facility.  This

21    manifested waste contained Hazardous Substances that Defendant Jeffries Bank

22    Notes Co. generated and/or arranged for its disposal at the BKK Class I Facility.

23    To date, Defendant Jeffries Bank Notes Co. has not incurred any response costs at

24    the BKK Class I Facility nor has it paid its fair share of response costs incurred by

25    the Plaintiffs at the BKK Class I Facility.

26        112.   According to historical BKK Corp. records, Defendant Johnson

27    Controls Inc. contributed manifested waste to the BKK Class I Facility.  This

28    manifested waste contained Hazardous Substances that Defendant Johnson Controls

1  Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

2  Defendant Johnson Controls Inc. has not incurred any response costs at the BKK

3  Class I Facility nor has it paid its fair share of response costs incurred by the

4  Plaintiffs at the BKK Class I Facility.

5      113.   According to historical BKK Corp. records, Defendant Joslyn

6  Manufacturing & Supply Co. contributed manifested waste to the BKK Class I

7  Facility.  This manifested waste contained Hazardous Substances that Defendant

8  Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at

9  the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co.

10  has not incurred any response costs at the BKK Class I Facility nor has it paid its

11  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

12     114.   According to historical BKK Corp. records, Defendant Kaiser

13  Foundation Health Plan, Inc. contributed manifested waste to the BKK Class I

14  Facility.  This manifested waste contained Hazardous Substances that Defendant

15  Kaiser Foundation Health Plan, Inc. generated and/or arranged for its disposal at the

16  BKK Class I Facility.  To date, Defendant Kaiser Foundation Health Plan, Inc. has

17  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

18  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

19     115.   Upon information and belief, Defendant Lisi Aerospace North

20  America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise

21  liable for manifested waste that was contributed to the BKK Class I Facility by

22  Mercury Aerospace Fasteners.  According to historical BKK Corp. records,

23  Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I

24  Facility. This manifested waste contained Hazardous Substances that Mercury

25  Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

26  Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred

27  any response costs at the BKK Class I Facility nor has it paid its fair share of

28  response costs incurred by the Plaintiffs at the BKK Class I Facility.

116.   According to historical BKK Corp. records, Defendant Long Beach Terminal Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Long Beach Terminal Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Long Beach Terminal Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

117.   According to historical BKK Corp. records, Defendant Max Factor Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Max Factor Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Max Factor Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

118.   Upon information and belief, Defendant Mercury Aerospace Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mercury Aerospace Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

119.   According to historical BKK Corp. records, Defendant Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

43

Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

120.   Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company. According to historical BKK Corp. records, American Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

121.   According to historical BKK Corp. records, Defendant North American Environmental contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Environmental generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Environmental has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

122.   According to historical BKK Corp. records, Defendant Northrop Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Northrop Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Northrop Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

123.   According to historical BKK Corp. records, Defendant Owens-Illinois, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

1   waste contained Hazardous Substances that Defendant Owens-Illinois, Inc.

2   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

3   Defendant Owens-Illinois, Inc. has not incurred any response costs at the BKK

4   Class I Facility nor has it paid its fair share of response costs incurred by the

5   Plaintiffs at the BKK Class I Facility.

6        124.   According to historical BKK Corp. records, Defendant Paramount

7   Pictures Corp. contributed manifested waste to the BKK Class I Facility.  This

8   manifested waste contained Hazardous Substances that Defendant Paramount

9   Pictures Corp. generated and/or arranged for its disposal at the BKK Class I

10  Facility.  To date, Defendant Paramount Pictures Corp. has not incurred any

11  response costs at the BKK Class I Facility nor has it paid its fair share of response

12  costs incurred by the Plaintiffs at the BKK Class I Facility.

13       125.   According to historical BKK Corp. records, Defendant Pillsbury Co.

14  contributed manifested waste to the BKK Class I Facility.  This manifested waste

15  contained Hazardous Substances that Defendant Pillsbury Co. generated and/or

16  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury

17  Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

18  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

19       126.   According to historical BKK Corp. records, Defendant Price Pfister

20  *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

21  manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

22  Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

23  date, Defendant Price Pfister *nka* Pfister has not incurred any response costs at the

24  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

25  Plaintiffs at the BKK Class I Facility.

26       127.   Upon information and belief, Defendant Republic Services, Inc. is the

27  successor to Browning Ferris Industries and/or otherwise liable for manifested

28  waste that was contributed to the BKK Class I Facility by Browning Ferris

1   Industries.  According to historical BKK Corp. records, Browning Ferris Industries

2   contributed manifested waste to the BKK Class I Facility. This manifested waste

3   contained Hazardous Substances that Browning Ferris Industries generated and/or

4   arranged for its disposal at the BKK Class I Facility. To date, Defendant Republic

5   Services, Inc. has not incurred any response costs at the BKK Class I Facility nor

6   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

7   Class I Facility.

8          128.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the

9   successor to American Can Company and/or otherwise liable for manifested waste

10  that was contributed to the BKK Class I Facility by American Can Company.

11  According to historical BKK Corp. records, American Can Company contributed

12  manifested waste to the BKK Class I Facility. This manifested waste contained

13  Hazardous Substances that American Can Company generated and/or arranged for

14  its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc.

15  has not incurred any response costs at the BKK Class I Facility nor has it paid its

16  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

17         129.   According to historical BKK Corp. records, Defendant Sandia Metal

18  Process, Inc. contributed manifested waste to the BKK Class I Facility.  This

19  manifested waste contained Hazardous Substances that Defendant Sandia Metal

20  Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

21  To date, Defendant Sandia Metal Process, Inc. has not incurred any response costs

22  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

23  by the Plaintiffs at the BKK Class I Facility.

24         130.   According to historical BKK Corp. records, Defendant Sanmina-SCI

25  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

26  waste contained Hazardous Substances that Defendant Sanmina-SCI Corp.

27  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

28  Defendant Sanmina-SCI Corp. has not incurred any response costs at the BKK

COMPLAINT
(2:18-CV-05836)

1   Class I Facility nor has it paid its fair share of response costs incurred by the

2   Plaintiffs at the BKK Class I Facility.

3       131.   Upon information and belief, Defendant Sequa Corporation is the

4   successor to Sun Chemical and/or otherwise liable for manifested waste that was

5   contributed to the BKK Class I Facility by Sun Chemical.  According to historical

6   BKK Corp. records, Sun Chemical contributed manifested waste to the BKK Class

7   I Facility. This manifested waste contained Hazardous Substances that Sun

8   Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To

9   date, Defendant Sequa Corporation has not incurred any response costs at the BKK

10  Class I Facility nor has it paid its fair share of response costs incurred by the

11  Plaintiffs at the BKK Class I Facility.

12      132.   According to historical BKK Corp. records, Defendant Shuwa

13  Investments Corp. contributed manifested waste to the BKK Class I Facility.  This

14  manifested waste contained Hazardous Substances that Defendant Shuwa

15  Investments Corp. generated and/or arranged for its disposal at the BKK Class I

16  Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any

17  response costs at the BKK Class I Facility nor has it paid its fair share of response

18  costs incurred by the Plaintiffs at the BKK Class I Facility.

19      133.   According to historical BKK Corp. records, Defendant Sierracin

20  contributed manifested waste to the BKK Class I Facility.  This manifested waste

21  contained Hazardous Substances that Defendant Sierracin generated and/or

22  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sierracin

23  has not incurred any response costs at the BKK Class I Facility nor has it paid its

24  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

25      134.   According to historical BKK Corp. records, Defendant Sika Corp.

26  contributed manifested waste to the BKK Class I Facility.  This manifested waste

27  contained Hazardous Substances that Defendant Sika Corp. generated and/or

28  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sika

1   Corp. has not incurred any response costs at the BKK Class I Facility nor has it

2   paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

3   Facility.

4          135.   According to historical BKK Corp. records, Defendant Smith & Co.

5   contributed manifested waste to the BKK Class I Facility.  This manifested waste

6   contained Hazardous Substances that Defendant Smith & Co. generated and/or

7   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &

8   Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

9   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

10         136.   According to historical BKK Corp. records, Defendant SPS

11  Technologies, Inc. contributed manifested waste to the BKK Class I Facility.  This

12  manifested waste contained Hazardous Substances that Defendant SPS

13  Technologies, Inc. generated and/or arranged for its disposal at the BKK Class I

14  Facility.  To date, Defendant SPS Technologies has not incurred any response costs

15  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

16  by the Plaintiffs at the BKK Class I Facility.

17         137.   Upon information and belief, Defendant Stanley Black & Decker, Inc.

18  is the successor to Emhart Industries, Inc. and/or Price Pfister *nka* Pfister and/or is

19  otherwise liable for manifested waste that was contributed to the BKK Class I

20  Facility by Emhart Industries, Inc. and/or Price Pfister *nka* Pfister.  According to

21  historical BKK Corp. records, both Emhart Industries, Inc. and Price Pfister *nka*

22  Pfister contributed manifested waste to the BKK Class I Facility. This manifested

23  waste contained Hazardous Substances that Emhart Industries, Inc. and Price Pfister

24  *nka* Pfister each generated and/or arranged for its disposal at the BKK Class I

25  Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred any

26  response costs at the BKK Class I Facility nor has it paid its fair share of response

27  costs incurred by the Plaintiffs at the BKK Class I Facility.

28

COMPLAINT
(2:18-CV-05836)

138.   According to historical BKK Corp. records, Defendant Stanley Works contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Stanley Works generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Stanley Works has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

139.   According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Structural Composite Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

140.   According to historical BKK Corp. records, Defendant Sumitomo Life Realty contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sumitomo Life Realty generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sumitomo Life Realty has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

141.   According to historical BKK Corp. records, Defendant Synthane Taylor contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Synthane Taylor generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Synthane Taylor has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

142.   According to historical BKK Corp. records, Defendant Technicolor, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Technicolor, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Technicolor, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

143.   According to historical BKK Corp. records, Defendant Thompson Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thompson Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Thompson Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

144.   According to historical BKK Corp. records, Defendant Thorpe Insulation Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thorpe Insulation Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

145.   Upon information and belief, Defendant TTM Technologies, Inc. is the successor to Tyco Electronics and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Tyco Electronics.  According to historical BKK Corp. records, Tyco Electronics contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Tyco Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant TTM Technologies, Inc. has not incurred any response

costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

146.   According to historical BKK Corp. records, Defendant Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

147.   Paragraphs 147 to 1100 – Reserved (so that the following numbered paragraphs (1101 to 1193) are consistent with similar allegations in paragraphs 1101 to 1193 of the Complaint in the related case *BKK Working Group, et al. v. 1700 Santa Fe Ltd., et al*. (USDC Case #2:18-cv-05810) filed on July 2, 2018).

1101.  Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions.  A number of other PRPs at the BKK Class I Facility have entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to resolve the liabilities of those PRPs without litigation.

1102.  On information and belief, each Defendant, including any of its assignees, predecessors, successors in interest, or alter egos, is a "person" who either (a) by contract, agreement, or otherwise, arranged for disposal or treatment, or (b) arranged with a transporter for disposal or treatment, of Hazardous Substances at the BKK Class I Facility.

1103.  On information and belief, between approximately 1969 and 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the BKK Class I Facility.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

1104.  At all times relevant to this action, the BKK Class I Facility was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was also owned by BKK Corp. from approximately 1973 through the present.

1105.  Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

1106.  The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

1107.  By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

1108.  On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

1109.  In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

1110.   The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

1111.   In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and each of its then-members incurred necessary response costs at the BKK Class I Facility that are consistent with the NCP.

1112.   The composition of the BKK Working Group has changed over time and continues to change.  New members pay an interim allocated share of past and ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has incurred necessary response costs consistent with the NCP.

1113.   On October 31, 2005, the State of California, through its agency DTSC, filed a Complaint against certain members of the BKK Working Group in case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site Action").  In the Initial Site Action Complaint, the State of California sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL. HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was filed concurrently with the lodging of a consent decree between certain members of the BKK Working Group and DTSC that addressed conditions at the BKK Class I Facility.

1114.   On February 8, 2006, the State of California, through its agency DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial

Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered on March 9, 2006.

1115.  Among other things, the First Consent Decree obligated certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, and to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility.  The response actions have included investigation activities.

1116.  The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree].  The matters addressed in [the First Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at ¶ 8.1.

1117.  Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC.  All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

1118.  On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint

COMPLAINT
(2:18-CV-05836)

1    sought recovery of past response costs, including investigation costs, pursuant to

2    Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA;

3    and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from

4    certain members of the BKK Working Group relating to the BKK Class I Facility.

5         1119.  At that same time, the State of California, through its agency DTSC,

6    lodged a Second Consent Decree ("Second Consent Decree") with the Court,

7    obligating the BKK Working Group to perform additional response actions,

8    including investigation activities, at the BKK Class I Facility, to reimburse DTSC

9    for certain of its past response costs, including investigation costs, and to pay future

10   oversight costs to DTSC on an ongoing basis.  The Second Consent Decree,

11   attached hereto as **Exhibit D**, was entered on August 10, 2010.

12        1120.  Among other things, the Second Consent Decree obligates certain

13   members of the BKK Working Group to perform environmental response actions,

14   including investigation activities, at the BKK Class I Facility, to reimburse DTSC

15   for certain of its response costs, including investigation costs, to pay DTSC for its

16   continuing oversight of the environmental response work at the BKK Class I

17   Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the

18   BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA

19   Statement of Work).  The EE/CA is to propose a non-time critical removal action

20   that contributes to the efficient performance of any long-term remedial action for

21   the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility

22   study and remedial actions will be conducted at the BKK Class I Facility at the

23   conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate

24   response actions to be performed at the BKK Class Facility based on the EE/CA.

25        1121.  Among other things, the Second Consent Decree provides certain

26   members of the BKK Working Group with "protection from contribution actions or

27   claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for

28   matters addressed in the Second Consent Decree.  The matters addressed in the

Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

1122.  From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree.  All work performed under the Second Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

1123.  On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site Action").  Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

1124.  At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

1125.  Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including site investigation costs, to pay

DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the RI/FS includes the Class I Landfill and Class I Landfill operation areas, including but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station and truck wash; and wherever hazardous substances from such areas have or may come to be located.  It is anticipated that DTSC will select further appropriate response actions to be performed at and around the BKK Class I Facility based on the RI/FS.

1126.  Among other things, the Third Partial Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters addressed in the Third Partial Consent Decree are (a) the Work to be Performed by [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . .." Third Partial Consent Decree at ¶ 8.1.

1127.  As reflected in the BKK document archive maintained by DTSC, members of the BKK Working Group also entered into additional interim settlement agreements with DTSC to reimburse the State for its past response costs incurred consistent with the NCP at the BKK Class I Landfill.

1128.  On July 29, 2016, the State of California, through its agency DTSC, filed an amended third complaint, which joined as defendants five additional members of the BKK Working Group.

1129.   At that same time, the State of California, through its agency DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third Partial Consent Decree"), which added the five new defendants as additional Settling Defendants.   The Amended Third Partial Consent Decree, attached hereto as **Exhibit F**, was approved by the Court on October 18, 2016.

1130.   Among other things, the Amended Third Partial Consent Decree, like the Third Partial Consent Decree, obligates certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

1131.   From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

1132.   The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

1133.   Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with

1    third-party transporters for the disposal, of Hazardous Substances at the BKK Class

2    I Facility.  Such efforts include working with DTSC to recover handwritten

3    manifests and other waste records from the BKK Corp. warehouse and other

4    locations, information contained on the computer system utilized by BKK Corp. at

5    the BKK Class I Facility, and reviewing information available through the State of

6    California regarding manifested and other waste disposed at the BKK Class I

7    Facility.  This investigation for the purpose of identification of additional PRPs is

8    ongoing.

9        1134.  The environmental conditions at the BKK Class I Facility, and the

10   attendant costs that have been and are continuing to be incurred by Plaintiffs are the

11   direct result of Defendants having arranged to dispose Hazardous Substances at the

12   BKK Class I Facility.

13       1135.  In 2010, DTSC estimated that necessary response actions to fully

14   remediate the BKK Class I Facility would cost nearly $800 million.

15       1136.  Through mid-2017, Plaintiffs have incurred or are committed to incur

16   approximately $250 million in costs associated with the BKK Class I Facility.

17       1137.  To date, Defendants have failed to participate in or contribute to any

18   response work or costs at the BKK Class I Facility.

19                    **FIRST CLAIM FOR RELIEF**

20          **Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))**

21       1138.  Paragraphs 1-1137 are incorporated by reference.

22       1139.  Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in

23   pertinent part:

24              (a)    Notwithstanding any other provision or rule of law, and subject

25                     only to the defenses set forth in subsection (b) of this section –

26                                          * * * *

27              (3)    any person who by contract, agreement, or otherwise

28                     arranged for disposal or treatment, or arranged with a

                                         59

1   transporter for transport for disposal or treatment of

2   hazardous substances owned or possessed by such person

3   . . . shall be liable for –

4   * * * *

5   (B)   any other necessary costs of response incurred by

6   any other person consistent with the national

7   contingency plan . . . .

8   1140.  Plaintiffs are each a "person" within the meaning of CERCLA

9   § 101(21), 42 U.S.C. § 9601(21).

10   1141.  Defendants are "persons" within the meaning of CERCLA § 101(21),

11   42 U.S.C. § 9601(21).

12   1142.  The BKK Class I Facility is a "facility" within the meaning of

13   CERCLA § 101(9), 42 U.S.C. § 9601(9).

14   1143.  Defendants arranged for disposal or treatment, or arranged with third-

15   party transporters for the disposal or treatment, of hazardous substances owned or

16   possessed by Defendants at the BKK Class I Facility.

17   1144.  Hazardous Substances at the BKK Class I Facility have been released

18   and/or pose a threat of release within the meaning of CERCLA § 101(22), 42

19   U.S.C. § 9601(22).

20   1145.  As a result of a release or threatened release of Hazardous Substances

21   at and from the BKK Class I Facility, Plaintiffs have incurred and will continue to

22   incur necessary costs of response pursuant to CERCLA § 107(a), 42 U.S.C.

23   § 9607(a).  Such response costs, including site investigation expenses, have been

24   incurred and will continue to be incurred by Plaintiffs consistent with the NCP.

25   1146.  Defendants are liable jointly and severally to Plaintiffs pursuant to

26   CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs,

27   including but not limited to, reasonable attorneys' fees and prejudgment interest,

28   incurred as a result of the release or threatened release of Hazardous Substances at

60

and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## SECOND CLAIM FOR RELIEF

### Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))

1147.  Paragraphs 1-1146 are incorporated by reference.

1148.  Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

1149.  Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

1150.  Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607:  the Initial Site Action, the Second Site Action, and the Third Site Action.

1151.  The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve some or all of the liability of the member Plaintiffs to the State of California for some or all of the response actions taken at the BKK Class I Facility, and for some or all of the costs of such response actions.

COMPLAINT
(2:18-CV-05836)

1152.   The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved some of the liability of those Plaintiffs to the State of California for some of the response actions taken at the BKK Class I Facility, and for some of the costs of such response actions.

1153.   Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

1154.   Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

1155.   Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

1156.   While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

1157.   Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

1158.   Upon filing this Complaint, Plaintiffs provided a copy of this Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

1

**THIRD CLAIM FOR RELIEF**

2

**CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

3

1159.  Paragraphs 1-1158 are incorporated herein by reference.

4

1160.  CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent

5

part:

6

7

8

9

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

10

1161.  Plaintiff Stauffer Management Company LLC has paid the response

11

costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility.

12

Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC

13

presented a written claim to Defendants prior to the initiation of this litigation for

14

reimbursement of their fair share of Bayer CropScience Inc.'s past and future

15

response costs incurred at the BKK Class I facility, which Defendants failed to

16

satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2),

17

Stauffer Management Company LLC has paid compensation pursuant to CERCLA

18

to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous

19

substance, and is therefore subrogated to all rights, claims, and causes of action for

20

such damages and costs of removal that BKK Working Group member Bayer

21

CropScience, Inc. has under this chapter or any other law and seeks Defendants'

22

fair share of costs incurred by Stauffer Management Company LLC through its

23

payments made to satisfy Bayer CropScience's obligations.

24

1162.  Plaintiff Stauffer Management Company LLC, which has received

25

some reimbursement payments from Syngenta Crop Protection, LLC for costs

26

Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s

27

obligations for response costs relating to the BKK Class I Facility, has been

28

assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments.

63

1  Syngenta Crop Protection, LLC's payments were made to Stauffer Management
2  Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2),
3  42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances.
4  Therefore, Stauffer Management Company LLC, through assignment of Syngenta
5  Crop Protection, LLC's rights, is entitled to recover from Defendants their fair
6  share of those costs incurred by Syngenta Crop Protection, LLC in partially
7  reimbursing Stauffer Management Company LLC for the response costs Stauffer
8  Management Company LLC paid to satisfy the response cost obligations incurred
9  by Bayer CropScience Inc. relating to the BKK Class I Facility.

10      1163.   Some of the response costs incurred by Plaintiffs that are individual
11  members of the BKK Working Group may have been paid by or reimbursed by a
12  separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior
13  to the initiation of this litigation for reimbursement of their fair share of Plaintiffs'
14  past and future response costs incurred at the BKK Class I facility, which
15  Defendants failed to satisfy.  Thus, making them a claimant within the meaning of
16  Section 112(c).

17                    **FOURTH CLAIM FOR RELIEF**

18    **Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

19      1164.   Paragraphs 1-1163 are incorporated herein by reference.

20      1165.   CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent
21  part:

22          In any action described in this subsection the court shall
            enter a declaratory judgment on liability for response costs
23          or damages that will be binding on any subsequent action
            or actions to recover further response costs or damages.
24

25      1166.   Defendants are jointly and severally liable to Plaintiffs for the
26  reimbursement of necessary response costs, including site investigation expenses,
27  incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C.
28  § 9607(a).   Defendants are also severally liable to Plaintiffs under CERCLA §

113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring that Defendants are jointly and severally liable to Plaintiffs for reimbursement of their necessary response costs incurred consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of Plaintiffs' future responses costs incurred pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

## FIFTH CLAIM FOR RELIEF

### Contribution, Hazardous Substance Account Act, California Health and Safety Code section 25300 et seq.

1167.  Paragraphs 1-1166 are incorporated herein by reference.

1168.  The Plaintiffs bring their claim for contribution against all Defendants.

1169.  The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., provides a statutory right of contribution for those parties who clean up contaminated sites from those parties who are responsible for the contamination.

1170.  Section 25363(e) of the HSAA provides that "A person who has incurred response or corrective action costs in accordance with this chapter,

Chapter 6.5 (commencing with Section 25100) or [CERCLA] may seek contribution or indemnity from any person who is liable pursuant to this chapter."

1171.   A "liable person" is defined in section 25323.5(a)(1) of the HSAA as "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section 9607(a))."

1172.   Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

1173.   Defendants are each a "person" within the meaning of section 25319 and 25323.5(a) of the Health and Safety Code.

1174.   There have been releases or threatened releases from the BKK Class I Facility.

1175.   As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

1176.   Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 25363(d).

1177.   Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 25363 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

1178.   Paragraphs 1-1177 are incorporated herein by reference.

1179.   Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

1180.   The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

1181.   A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

1182.   As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Common Law Subrogation

1183.   Paragraphs 1-1182 are incorporated herein by reference.

1184.   As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

1185.   Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

COMPLAINT
(2:18-CV-05836)

## **EIGHTH CLAIM FOR RELIEF**

### **Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060**

1186.  Paragraphs 1-1185 are incorporated herein by reference.

1187.  Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a declaration of his or her rights and duties in the premises. . . . He or she may ask for a declaration of rights or duties either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

1188.  An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 107, 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

1189.  A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **NINTH CLAIM FOR RELIEF**

### **Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.**

1190.  Paragraphs 1-1189 are incorporated herein by reference.

1191.  The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides:

COMPLAINT
(2:18-CV-05836)

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought.

1192.  An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA §§ 107, 112 and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor Plaintiffs).

1193.  A declaratory judgment under the Declaratory Judgment Act for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    Recovery of all necessary response costs, cost of abatement, and damages incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.    Contribution of an equitable share of all necessary response costs incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.    A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future response costs Plaintiffs incur as a result of the release or threatened release of Hazardous

COMPLAINT
(2:18-CV-05836)

1   Substances at and from the BKK Class I Facility, and are severally liable for an

2   equitable share of all future response costs Plaintiffs incur pursuant to the First,

3   Second, Third Partial and Amended Third Partial Consent Decrees, and any future

4   consent decrees, to address the release or threatened release of Hazardous

5   Substances at and from the BKK Class I Facility;

6       4.    Indemnification for and/or contribution to all costs, damages and

7   liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result

8   of the release or threatened release of Hazardous Substances at and from the BKK

9   Class I Facility;

10       5.    Retention of jurisdiction over this action by this Court after entry of

11   the requested declaratory judgment to grant further relief as may be necessary or

12   proper;

13       6.    Attorney's fees and pre-judgment interest (as response costs); and

14       7.    Such other relief as the Court may deem just and appropriate.

15

16   Dated: July 3, 2018                HINSON GRAVELLE & ADAIR LLP

17

18                               By  /s/ Douglas A. Gravelle

19                                 Douglas A. Gravelle,
                              Attorneys for Plaintiffs

20                                 BKK WORKING GROUP, an
                              unincorporated association, and

21                                 individual members identified
                              above

22

23

24

25

26

27

28

COMPLAINT
(2:18-CV-05836)