**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
FAX: 661-294-0134

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN | Case No. 2:18-cv-05836-AB-Ex **FIRST AMENDED COMPLAINT FOR:** 1. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)] 2. CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)] 3. CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)] 4. CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)] 5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 25300, ET SEQ.] 6. EQUITABLE INDEMNIFICATION 7. COMMON LAW SUBROGATION 8. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060] 9. DECLARATORY RELIEF [28 U.S.C. § 2201] |

1  HONDA MOTOR CO., INC.;
2  HUNTINGTON BEACH
   COMPANY; LOCKHEED
3  MARTIN CORPORATION;
   MARS, INC. (FORMERLY
4  KNOWN AS KAL KAN FOODS
   INC.); MONTROSE CHEMICAL
5  CORPORATION OF
   CALIFORNIA; MORTELL
6  COMPANY; MORTON
   INTERNATIONAL, INC.;
7  NATIONAL STEEL AND
8  SHIPBUILDING COMPANY;
   NORTHROP GRUMMAN
9  SYSTEMS CORPORATION; OXY
10 USA, INC.; QUEMETCO, INC.;
   ROCKWELL AUTOMATION,
11 INC.; ROHM & HAAS
   COMPANY; ROHR, INC.; SAN
12 DIEGO GAS & ELECTRIC
   COMPANY; SMITH
13 INTERNATIONAL, INC.;
   SOUTHERN CALIFORNIA
14 EDISON COMPANY;
15 SOUTHERN CALIFORNIA GAS
   COMPANY; STAUFFER
16 MANAGEMENT COMPANY
   LLC; THE PROCTER &
17 GAMBLE MANUFACTURING
   COMPANY; THUMS LONG
18 BEACH COMPANY; UNION
   CARBIDE CORPORATION;
19 UNION PACIFIC
20 RAILROAD/SOUTHERN
   PACIFIC TRANSPORTATION
21 COMPANY; UNITED STATES
   STEEL CORPORATION;
22 UNITED TECHNOLOGIES
23 CORPORATION; UNIVAR USA
   INC.; AND AMERON
24 INTERNATIONAL
25 CORPORATION,

26            Plaintiffs,
27       vs.
28

ALBERTSONS COMPANIES, INC.;
ALCO INDUSTRIES, INC.;
ALLERGAN, INC.; AMERICAN
CAN COMPANY; AMPEX CORP.;
ANCO METAL IMPROVEMENT
CO.; ARDAGH GROUP S.A.; ARGO
PETROLEUM CORP.; AURUM
INDUSTRIES, INC.; BARRY
WRIGHT CONTROLS; BEAULIEU
OF AMERICA, INC.; BIRTCHER
PACIFIC; BROWNING FERRIS
INDUSTRIES; BFI XV REALTY
FUND LTD.; BYRON JACKSON
PUMPS, INC.; CAROL CABLE CO.;
CARLTON FORGE WORKS; CIBA
GEIGY CORP.; CLEVELAND
WRECKING CO.; COLUMBIA
PICTURES; COOPER INDUSTRIES,
INC.; COTY, INC.; CROWLEY INC.;
DESOTO INC.; DON KNOTT FORD;
DRESSER INDUSTRIES, INC.;
DUREX INC.; ELECTROFILM INC.;
EMHART INDUSTRIES, INC.;
FASSON CORP.; FEDERAL-MOGUL
CORP.; FEDERAL-MOGUL LLC;
FEDERAL RESERVE BANK;
FRICTION INC.; FRICTION
MATERIALS CORP.; FMC
CORPORATION; FORD
AEROSPACE AND
COMMUNICATIONS CORP.; FORD
MOTOR COMPANY; FOSTER-
FORBES GLASS CO.; GENERAL
MILLS, INC.; GLASS CONTAINERS
CORP.; GENSTAR BUILDING
MATERIALS CO.; GENSTAR
ROOFING PRODUCTS COMPANY,
INC.; GKN AEROSPACE CHEM-
TRONICS INC.; GLOBAL TUBE
CORPORATION; GWB (US), INC.;
HILL BROTHERS CHEMICAL CO.;
HI-SHEAR CORP.; HOLLYTEX
CARPET MILLS, INC.; HOUGHTON
INTERNATIONAL INC.; JEFFRIES
BANK NOTES CO.; JOHNSON
CONTROLS INC.; JOSLYN
MANUFACTURING & SUPPLY CO.;

3

1   KAISER FOUNDATION HEALTH
2   PLAN, INC.; LISI AEROSPACE
    NORTH AMERICA, INC.; LONG
3   BEACH TERMINAL COMPANY;
    MAX FACTOR CO.; MERCURY
4   AEROSPACE INC.; MERCURY
    AEROSPACE FASTENERS; MRC
5   HOLDINGS, INC.; NORTH
6   AMERICAN ENVIRONMENTAL;
    NORTHROP PACIFIC; OWENS-
7   ILLINOIS, INC.; PARAMOUNT
    PICTURES CORP.; PILLSBURY CO.;
8   PRICE PFISTER *NKA* PFISTER;
    REPUBLIC SERVICES, INC.; RIO
9   TINTO ALCAN INC.; SANDIA
10  METAL PROCESS, INC.; SANMINA-
    SCI CORP.; SEQUA
11  CORPORATION; SHUWA
    INVESTMENTS CORP.;
12  SIERRACIN; SIKA CORP.; SMITH &
13  CO.; SPS TECHNOLOGIES, INC.;
    STANLEY BLACK & DECKER,
14  INC.; STANLEY WORKS;
    STRUCTURAL COMPOSITE
15  INDUSTRIES; SUMITOMO LIFE
16  REALTY; SYNTHANE TAYLOR;
    TECHNICOLOR, INC.; THOMPSON
17  INDUSTRIES; THORPE
    INSULATION CO.; TTM
18  TECHNOLOGIES, INC.; VOUGHT
19  AIRCRAFT INDUSTRIES INC.;
    PARAMOUNT PETROLEUM
20  CORPORATION; and DOES 1-10,

21          Defendants.

22

23

24

25

26

27

28

4

1    Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

2    LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC; BAYER

3    CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY;

4    CALIFORNIA RESOURCES CORPORATION; CHEVRON

5    ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE

6    PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &

7    OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN

8    AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON

9    MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL

10    DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL

11    CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-

12    PACKARD COMPANY); AMERICAN HONDA MOTOR CO., INC.;

13    HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN

14    CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN

15    FOODS INC.); MONTROSE CHEMICAL CORPORATION OF

16    CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,

17    INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP

18    GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO,

19    INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;

20    ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

21    INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON

22    COMPANY;  SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER

23    MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE

24    MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;

25    UNION CARBIDE CORPORATION; UNION PACIFIC

26    RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY;

27    UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES

28    CORPORATION; UNIVAR USA INC.; AND AMERON INTERNATIONAL

CORPORATION (collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

## STATEMENT OF THE CASE

1.      This is a civil action for cost recovery under Section 107(a), an action for contribution under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.  The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment, which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[1] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.  The State of California has alleged in a series of three complaints filed against some or all of the Plaintiffs[2] that it has incurred response costs in connection with actions taken in response to releases or threatened

---

[1] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 1116, 1121 and 1126, respectively.

[2] The three complaints are described in more detail in paragraphs 1115, 1120, and 1125, *infra*.

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a defendant herein at paragraphs 61-148 and Does 1-10 (collectively referred to herein as "Defendants" or individually as "Defendant") generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.

2.      Plaintiffs seek to recover from each Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

3.      Plaintiffs also seek contribution from each Defendant pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary response costs incurred and to be incurred by Plaintiffs pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

4.      Plaintiffs further seek a declaration as to each Defendant's liability and associated allocation of past and future response costs in accordance with Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent action or actions brought by Plaintiffs against the Defendants to recover further response costs.

5.      Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 25300-25395, and Cal. Health and Safety Code § 25363 for past and future

1    necessary response costs incurred and to be incurred by Plaintiffs in a manner
2    consistent with the NCP to address releases or threatened releases of Hazardous
3    Substances at and from the BKK Class I Facility.

4        6.    Plaintiffs are also entitled to complete or partial indemnity from
5    Defendants for all response costs incurred or to be incurred at the BKK Class I
6    Facility, pursuant to the doctrine of equitable indemnification.

7        7.    A sub-set of Plaintiffs who allege they have reimbursed entities or
8    directly paid for and participated in directing response actions on behalf of other
9    entities (including other Plaintiffs) that have incurred past, necessary response
10   costs, including pursuant to the First, Second, Third Partial and Amended Third
11   Partial Consent Decrees in a manner consistent with the NCP, for response
12   activities undertaken at and in relation to the BKK Class I Facility, assert
13   subrogated cost recovery and contribution claims against each Defendant pursuant
14   to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common
15   law equitable subrogation.

16       8.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory
17   Judgment Act, 28 U.S.C. § 2201, *et seq.*, and California Code of Civil Procedure
18   §1060 setting forth the parties' rights and obligations toward one another for future
19   costs incurred to address contamination at or from the BKK Class I Facility

20       9.    Through mid-2017, the BKK Working Group has incurred or is
21   committed to incur approximately $249 million in costs associated with the BKK
22   Class I Facility, and the total cost of necessary response actions to fully remediate
23   the BKK Class I Facility was estimated by the State of California Department of
24   Toxic Substances Control ("DTSC") in 2010 at nearly $800 million.  Each
25   Defendant has declined Plaintiffs' request(s) to enter into a tolling agreement to
26   facilitate settlement discussions, necessitating this lawsuit to resolve Defendants'
27   liabilities.

28

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

## JURISDICTION

10.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331
and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction
over the subject matter of the claims made under state law in this action under 28
U.S.C. § 1367(a) because the claims under state law arise out of the same common
nucleus of facts as the federal question jurisdiction claims set forth in this First
Amended Complaint, and they are so closely related to the actions brought under
federal law that they form part of the same case or controversy.

## VENUE

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)
because a substantial part of the events giving rise to this action occurred within
this District, and because the BKK Class I Facility is located within this District.

12.    Venue is also proper in this District pursuant to Section 113(b) of
CERCLA, 42 U.S.C. § 9613(b), because both the releases and response costs at
issue occurred in this District.

## PLAINTIFFS

13.    The BKK Working Group, also known as the BKK Joint Defense
Group, is an unincorporated association of entities of the type described in Federal
Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The
BKK Working Group currently includes the Plaintiffs identified in paragraphs 14-
60 below as members, which assert the claims in this First Amended Complaint on
their own behalf and as assignees of the claims at the BKK Class I Facility of the
following entities that are also BKK Working Group members: Baker Petrolite
LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor
Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys
Corporation, and Wyeth Holdings, formerly known as American Cyanamid
(collectively referred to as the "Member Assignors"). The BKK Working Group is
also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility

of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred necessary response costs consistent with the NCP at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

14.     Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.   The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no allegations against the following Defendants:  Sun Exploration, the City of Carson, the City of Hermosa Beach, the City of Riverside, and the City of San Diego.

15.     Plaintiff Ashland LLC is a limited liability company organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland LLC is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the contractual indemnitor of Filtrol Corporation. Both companies were authorized to do business in California at all relevant times referred to herein.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.  Ashland LLC and Filtrol Corporation are members of the BKK Working Group and as members of the BKK

1    Working Group have incurred necessary response costs in a manner consistent with

2    the NCP at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims

3    and interests relevant hereto to Ashland LCC.

4         16.    Plaintiff Atlantic Richfield Company is a corporation organized under

5    the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

6    Company, or its corporate predecessor, was and is authorized to do business, and

7    was and is doing business, in California.  The State of California has alleged that

8    Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous

9    Substance at the BKK Class I Facility, as those terms are described in section

10   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a

11   member of the BKK Working Group and as a member of the BKK Working Group

12   has incurred necessary response costs in a manner consistent with the NCP at the

13   BKK Class I Facility.

14        17.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the

15   laws of the State of Delaware. At all times referred to herein, Bayer CropScience

16   Inc., or its corporate predecessor, was and is authorized to do business, and was and

17   is doing business, in California.  The State of California has alleged that Plaintiff

18   Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the

19   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

20   42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working

21   Group, has incurred necessary response costs in a manner consistent with the NCP

22   at the BKK Class I Facility.

23        18.    Plaintiff BHPI Service LLC is a corporation organized under the laws

24   of the State of Delaware. At all times referred to herein, BHPI Service LLC, or its

25   corporate predecessor, was and is authorized to do business, and was and is doing

26   business, in California.  The State of California has alleged that the assignee to the

27   successor in interest to certain liability of H.J. Heinz Company, arranged for the

28   disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1    described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff BHPI

2    Service LLC is a member of the BKK Working Group and as a member of the

3    BKK Working Group has incurred necessary response costs in a manner consistent

4    with the NCP at the BKK Class I Facility.

5         19.    Plaintiff The Boeing Company is a corporation organized under the

6    laws of the State of Delaware. At all times referred to herein, The Boeing

7    Company, or its corporate predecessor, was and is authorized to do business, and

8    was and is doing business, in California.  The State of California has alleged that

9    Plaintiff The Boeing Company arranged for the disposal of a Hazardous Substance

10   at the BKK Class I Facility, as those terms are described in section 107(a) of

11   CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the

12   BKK Working Group.  As a member of the BKK Working Group, and also prior to

13   becoming a member, The Boeing Company has incurred necessary response costs

14   in a manner consistent with the NCP at the BKK Class I Facility.

15        20.    Plaintiff California Resources Corporation is a corporation organized

16   under the laws of the State of Pennsylvania. At all times referred to herein,

17   California Resources Corporation, or its corporate predecessor, was and is

18   authorized to do business, and was and is doing business, in California.  The State

19   of California has alleged that Plaintiff California Resources Corporation arranged

20   for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

21   terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

22   California Resources Corporation is a member of the BKK Working Group and as a

23   member of the BKK Working Group has incurred necessary response costs in a

24   manner consistent with the NCP at the BKK Class I Facility

25        21.    Plaintiff Chevron Environmental Management Company is a

26   corporation organized under the laws of the State of California. At all times referred

27   to herein, Chevron Environmental Management Company, or its corporate

28   affiliate(s), was and is authorized to do business, and was and is doing business, in

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1   California.  The State of California has alleged that certain corporate affiliates of

2   Plaintiff Chevron Environmental Management Company arranged for the disposal

3   of a Hazardous Substance at the BKK Class I Facility, as those terms are described

4   in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron

5   Environmental Management Company is a member of the BKK Working Group

6   and as a member of the BKK Working Group has incurred necessary response costs

7   in a manner consistent with the NCP at the BKK Class I Facility.

8       22.   Plaintiff Chevron Marine Products LLC is a limited liability company

9   organized under the laws of the State of Delaware.  At all times referred to herein,

10  Chevron Marine Products LLC, or its corporate predecessor, was and is authorized

11  to do business, and was and is doing business, in California.  The State of

12  California has alleged that Plaintiff Chevron Marine Products LLC arranged for the

13  disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

14  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron

15  Marine Products LLC is a member of the BKK Working Group and as a member of

16  the BKK Working Group has incurred necessary response costs in a manner

17  consistent with the NCP at the BKK Class I Facility.

18      23.   Reserved.

19      24.   Plaintiff ConocoPhillips Company is a corporation organized under the

20  laws of the State of Delaware. At all times referred to herein, ConocoPhillips

21  Company, or its corporate predecessor, was and is authorized to do business, and

22  was and is doing business, in California.  The State of California has alleged that

23  Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous

24  Substance at the BKK Class I Facility, as those terms are described in section

25  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a

26  member of the BKK Working Group and as a member of the BKK Working Group

27  has incurred necessary response costs in a manner consistent with the NCP at the

28  BKK Class I Facility.

25.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

26.    Plaintiff The Dow Chemical Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Dow Chemical Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

27.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun Aerostructures, Inc. is a member of the BKK Working Group and as a member of

1    the BKK Working Group has incurred necessary response costs in a manner
2    consistent with the NCP at the BKK Class I Facility.

3        28.    Plaintiff Essex Chemical Corporation is a corporation organized under
4    the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical
5    Corporation, or its corporate predecessor, was and is authorized to do business, and
6    was and is doing business, in California.  The State of California has alleged that
7    Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous
8    Substance at the BKK Class I Facility, as those terms are described in section
9    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is
10   a member of the BKK Working Group and as a member of the BKK Working
11   Group has incurred necessary response costs in a manner consistent with the NCP
12   at the BKK Class I Facility.

13       29.    Plaintiff Exxon Mobil Corporation is a corporation organized under
14   the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil
15   Corporation, or its corporate predecessor, was and is authorized to do business, and
16   was and is doing business, in California.  The State of California has alleged that
17   Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous
18   Substance at the BKK Class I Facility, as those terms are described in section
19   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a
20   member of the BKK Working Group and as a member of the BKK Working Group
21   has incurred necessary response costs in a manner consistent with the NCP at the
22   BKK Class I Facility.

23       30.    Plaintiff Gemini Industries, Inc. is a corporation organized under the
24   laws of the State of California. At all times referred to herein, Gemini Industries,
25   Inc. or its corporate predecessor, was and is authorized to do business, and was and
26   is doing business, in California.  The State of California has alleged that Plaintiff
27   Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the
28   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

42 U.S.C. § 9607(a). Plaintiff Gemini Industries, Inc. is a member of the BKK Working Group. As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

31. Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware. During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California. The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

32. Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

33. Plaintiff HP Inc., formerly known as Hewlett-Packard Company, is a corporation organized under the laws of the State of Delaware. At all times referred

1  to herein, HP Inc., or its corporate predecessor, was and is authorized to do

2  business, and was and is doing business, in California.  The State of California has

3  alleged that Plaintiff HP Inc. any arranged for the disposal of a Hazardous

4  Substance at the BKK Class I Facility, as those terms are described in section

5  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff HP Inc. is a member of the

6  BKK Working Group and as a member of the BKK Working Group has incurred

7  necessary response costs in a manner consistent with the NCP at the BKK Class I

8  Facility.

9        34.    Plaintiff American Honda Motor Co., Inc. is a corporation organized

10  under the laws of the State of California. At all times referred to herein, American

11  Honda Motor Co., Inc. was and is authorized to do business, and was and is doing

12  business, in California.  The State of California has alleged that Plaintiff American

13  Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the

14  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

15  42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK

16  Working Group and as a member of the BKK Working Group has incurred

17  necessary response costs in a manner consistent with the NCP at the BKK Class I

18  Facility.

19        35.    Plaintiff Huntington Beach Company is a corporation organized under

20  the laws of the State of California. At all times referred to herein, Huntington Beach

21  Company, or its corporate predecessor, was and is authorized to do business, and

22  was and is doing business, in California.  The State of California has alleged that

23  Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous

24  Substance at the BKK Class I Facility, as those terms are described in section

25  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is

26  a member of the BKK Working Group and as a member of the BKK Working

27  Group has incurred necessary response costs in a manner consistent with the NCP

28  at the BKK Class I Facility.

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

36.     Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

37.     Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

38.     Plaintiff Montrose Chemical Corporation of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corporation of California, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corporation of California arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

9607(a).  Plaintiff Montrose Chemical Corporation of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

39.     Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

40.     Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

41.     Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff National Steel and Shipbuilding Company

1   arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

2   those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

3   Plaintiff National Steel and Shipbuilding Company is a member of the BKK

4   Working Group and as a member of the BKK Working Group has incurred

5   necessary response costs in a manner consistent with the NCP at the BKK Class I

6   Facility.

7          42.    Plaintiff Northrop Grumman Systems Corporation is a corporation

8   organized under the laws of the State of Delaware. At all times referred to herein,

9   Northrop Grumman Systems Corporation, or its corporate predecessor, was and is

10  authorized to do business, and was and is doing business, in California.  The State

11  of California has alleged that Plaintiff Northrop Grumman Systems Corporation

12  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

13  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

14  Plaintiff Northrop Grumman Systems Corporation is a member of the BKK

15  Working Group and as a member of the BKK Working Group has incurred

16  necessary response costs in a manner consistent with the NCP at the BKK Class I

17  Facility.

18         43.    Plaintiff OXY USA, Inc. is a corporation organized under the laws of

19  the State of Delaware. At all times referred to herein, OXY USA, Inc., or its

20  corporate predecessor, was and is authorized to do business, and was and is doing

21  business, in California.  The State of California has alleged that Plaintiff OXY

22  USA, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I

23  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

24  9607(a).  Plaintiff OXY USA, Inc. is a member of the BKK Working Group and as

25  a member of the BKK Working Group has incurred necessary response costs in a

26  manner consistent with the NCP at the BKK Class I Facility

27         44.    Plaintiff Quemetco, Inc. is a corporation organized under the laws of

28  the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

45.    Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

46.    Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

47.    Plaintiff Rohr, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

48.    Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

49.    Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

1 necessary response costs in a manner consistent with the NCP at the BKK Class I

2 Facility

3        50.    Plaintiff Southern California Edison Company is a corporation

4 organized under the laws of the State of California. At all times referred to herein,

5 Southern California Edison Company, or its corporate predecessor, was and is

6 authorized to do business, and was and is doing business, in California.  The State

7 of California has alleged that Plaintiff Southern California Edison Company

8 arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

9 those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10 Plaintiff Southern California Edison Company is a member of the BKK Working

11 Group and as a member of the BKK Working Group has incurred necessary

12 response costs in a manner consistent with the NCP at the BKK Class I Facility.

13        51.    Plaintiff Southern California Gas Company is a corporation organized

14 under the laws of the State of California. At all times referred to herein, Southern

15 California Gas Company, or its corporate predecessor, was and is authorized to do

16 business, and was and is doing business, in California.  The State of California has

17 alleged that Plaintiff Southern California Gas Company arranged for the disposal of

18 a Hazardous Substance at the BKK Class I Facility, as those terms are described in

19 section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas

20 Company is a member of the BKK Working Group and as a member of the BKK

21 Working Group has incurred necessary response costs in a manner consistent with

22 the NCP at the BKK Class I Facility.

23        52.    Plaintiff Stauffer Management Company LLC is a limited liability

24 corporation organized under the laws of the State of Delaware.  At all times referred

25 to herein, Stauffer Management Company LLC was and is authorized to do

26 business, and was and is doing business, in California.  Stauffer Management

27 Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

28 this legal obligation, has paid the response costs incurred by Bayer CropScience,

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

Inc. and has participated in directing remediation efforts as an agent for Bayer CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company LLC also is an assignee to the subrogation and other rights or causes of action Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as a result of reimbursements it has made to Stauffer Management Company LLC for response costs paid for by Stauffer Management Company LLC in connection with the BKK Class I Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer Management Company LLC submitted demands to Defendants as contemplated by CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is used in the statute.  Although Stauffer Management Company LLC and Syngenta Crop Protection, LLC are not members of the BKK Working Group, because the costs they have incurred result directly from Bayer CropScience's participation in the BKK Working Group, for purposes of the allegations in this First Amended Complaint relating to the incurrence of response costs, the term "BKK Working Group" includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

53.    Plaintiff The Procter & Gamble Manufacturing Company is a corporation organized under the laws of the State of Ohio.  At all times referred to herein, The Procter & Gamble Manufacturing Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Procter & Gamble Manufacturing Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

54.     Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

55.     Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

56.     Plaintiff Union Pacific Railroad, formerly known as Southern Pacific Transportation Company, is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a

member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

57.     Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff United States Steel Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

58.     Plaintiff United Technologies Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United Technologies Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff United Technologies Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United Technologies Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

59.     Plaintiff Univar USA Inc. (f/k/a Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar USA Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Univar USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in

1   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Univar USA Inc. is a

2   member of the BKK Working Group and as a member of the BKK Working Group

3   has incurred necessary response costs in a manner consistent with the NCP at the

4   BKK Class I Facility.

5        60.    Plaintiff Ameron International Corporation is a corporation organized

6   under the laws of the State of Delaware.  At all times referred to herein, Ameron

7   International Corporation, or its corporate predecessor, was and is authorized to do

8   business, and was and is doing business, in California.   The State of California has

9   alleged that Plaintiff Ameron International Corporation arranged for the disposal of

10  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

11  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International

12  Corporation is a member of the BKK Working Group and as a member of the BKK

13  Working Group has incurred necessary response costs in a manner consistent with

14  the NCP at the BKK Class I Facility.

15                          **DEFENDANTS**

16       61.    Defendants are: Albertsons Companies, Inc.; Alco Industries, Inc.;

17  Allergan, Inc.; American Can Company; Ampex Corp.; Anco Metal Improvement

18  Co.; Ardagh Group S.A.; Argo Petroleum Corp.; Aurum Industries, Inc.; Barry

19  Wright Controls; Beaulieu of America, Inc.; Birtcher Pacific; Browning Ferris

20  Industries; BFI XV Realty Fund Ltd.; Byron Jackson Pumps, Inc.; Carol Cable Co.;

21  Carlton Forge Works; Ciba Geigy Corp.; Cleveland Wrecking Co.; Columbia

22  Pictures; Cooper Industries, Inc.; Coty, Inc.; Crowley Inc.; Desoto Inc.; Don Knott

23  Ford; Dresser Industries, Inc.; Durex Inc.; Electrofilm Inc.; Emhart Industries, Inc.;

24  Fasson Corp.; Federal-Mogul Corp.; Federal-Mogul LLC; Federal Reserve Bank;

25  Friction Inc.; Friction Materials Corp.; FMC Corporation; Ford Aerospace and

26  Communications Corp.; Ford Motor Company; Foster-Forbes Glass Co.; General

27  Mills, Inc.; Glass Containers Corp.; Genstar Building Materials Co.; Genstar

28  Roofing Products Company, Inc.; GKN Aerospace Chem-Tronics Inc.; Global

1    Tube Corporation; GWB (US), Inc.; Hill Brothers Chemical Co.; Hi-Shear Corp.;

2    Hollytex Carpet Mills, Inc.; Houghton International Inc.; Jeffries Bank Notes Co.;

3    Johnson Controls Inc.; Joslyn Manufacturing & Supply Co.; Kaiser Foundation

4    Health Plan, Inc.; Lisi Aerospace North America, Inc.; Long Beach Terminal

5    Company; Max Factor Co.; Mercury Aerospace Inc.; Mercury Aerospace Fasteners;

6    MRC Holdings, Inc.; North American Environmental; Northrop Pacific; Owens-

7    Illinois, Inc.; Paramount Pictures Corp.; Pillsbury Co.; Price Pfister *nka* Pfister;

8    Republic Services, Inc.; Rio Tinto Alcan Inc.; Sandia Metal Process, Inc.; Sanmina-

9    SCI Corp.; Sequa Corporation; Shuwa Investments Corp.; Sierracin; Sika Corp.;

10   Smith & Co.; SPS Technologies, Inc.; Stanley Black & Decker, Inc.; Stanley

11   Works; Structural Composite Industries; Sumitomo Life Realty; Synthane Taylor;

12   Technicolor, Inc.; Thompson Industries; Thorpe Insulation Co.; TTM

13   Technologies, Inc.; Vought Aircraft Industries Inc.; Paramount Petroleum

14   Corporation; and Does 1-10.

15       62.    Upon information and belief, Defendant Albertsons Companies, Inc. is

16   the successor to Albertson's Inc. and/or otherwise liable for manifested waste that

17   was contributed to the BKK Class I Facility by Albertson's Inc.  According to

18   historical BKK Corp. records, Albertson's Inc. contributed manifested waste to the

19   BKK Class I Facility. This manifested waste contained Hazardous Substances that

20   Albertson's Inc. generated and/or arranged for its disposal at the BKK Class I

21   Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any

22   response costs at the BKK Class I Facility nor has it paid its fair share of response

23   costs incurred by the Plaintiffs at the BKK Class I Facility.

24       63.    Upon information and belief, Defendant Alco Industries, Inc. is the

25   successor to Synthane Taylor and/or otherwise liable for manifested waste that was

26   contributed to the BKK Class I Facility by Synthane Taylor.  According to

27   historical BKK Corp. records, Synthane Taylor contributed manifested waste to the

28   BKK Class I Facility. This manifested waste contained Hazardous Substances that

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1   Synthane Taylor generated and/or arranged for its disposal at the BKK Class I

2   Facility. To date, Defendant Alco Industries, Inc. has not incurred any response

3   costs at the BKK Class I Facility nor has it paid its fair share of response costs

4   incurred by the Plaintiffs at the BKK Class I Facility.

5       64.     According to historical BKK Corp. records, Defendant Allergan, Inc.

6   contributed manifested waste to the BKK Class I Facility.  This manifested waste

7   contained Hazardous Substances that Defendant Allergan, Inc. generated and/or

8   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Allergan,

9   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

10  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

11      65.     According to historical BKK Corp. records, Defendant American Can

12  Company contributed manifested waste to the BKK Class I Facility.  This

13  manifested waste contained Hazardous Substances that Defendant American Can

14  Company generated and/or arranged for its disposal at the BKK Class I Facility.

15  To date, Defendant American Can Company has not incurred any response costs at

16  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

17  the Plaintiffs at the BKK Class I Facility.

18      66.     According to historical BKK Corp. records, Defendant Ampex Corp.

19  contributed manifested waste to the BKK Class I Facility.  This manifested waste

20  contained Hazardous Substances that Defendant Ampex Corp. generated and/or

21  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ampex

22  Corp. has not incurred any response costs at the BKK Class I Facility nor has it

23  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

24  Facility.

25      67.     According to historical BKK Corp. records, Defendant Anco Metal

26  Improvement Co. contributed manifested waste to the BKK Class I Facility.  This

27  manifested waste contained Hazardous Substances that Defendant Anco Metal

28  Improvement Co. generated and/or arranged for its disposal at the BKK Class I

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

Facility.  To date, Defendant Anco Metal Improvement Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

68.    Upon information and belief, Defendant Ardagh Group S.A. is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Saint-Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp. records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh Group S.A. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

69.    According to historical BKK Corp. records, Defendant Argo Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Argo Petroleum Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Argo Petroleum Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.    According to historical BKK Corp. records, Defendant Aurum Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aurum Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aurum Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71. According to historical BKK Corp. records, Defendant Barry Wright Controls contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Barry Wright Controls generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Barry Wright Controls has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72. Upon information and belief, Defendant Beaulieu of America, Inc. is the successor to Hollytex Carpet Mills and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Hollytex Carpet Mills. According to historical BKK Corp. records, Hollytex Carpet Mills contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hollytex Carpet Mills generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beaulieu of America, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73. According to historical BKK Corp. records, Defendant Birtcher Pacific contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Birtcher Pacific generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Birtcher Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74. According to historical BKK Corp. records, Defendant Browning Ferris Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Browning Ferris Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Browning Ferris Industries has not incurred any response costs

31

1   at the BKK Class I Facility nor has it paid its fair share of response costs incurred
2   by the Plaintiffs at the BKK Class I Facility.

3         75.    According to historical BKK Corp. records, Defendant BFI XV Realty
4   Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This
5   manifested waste contained Hazardous Substances that Defendant BFI XV Realty
6   Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility.
7   To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at
8   the BKK Class I Facility nor has it paid its fair share of response costs incurred by
9   the Plaintiffs at the BKK Class I Facility.

10         76.    According to historical BKK Corp. records, Defendant Byron Jackson
11   Pumps, Inc. contributed manifested waste to the BKK Class I Facility.  This
12   manifested waste contained Hazardous Substances that Defendant Byron Jackson
13   Pumps, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.
14   To date, Defendant Byron Jackson Pumps has not incurred any response costs at the
15   BKK Class I Facility nor has it paid its fair share of response costs incurred by the
16   Plaintiffs at the BKK Class I Facility.

17         77.    According to historical BKK Corp. records, Defendant Carol Cable
18   Co. contributed manifested waste to the BKK Class I Facility.  This manifested
19   waste contained Hazardous Substances that Defendant Carol Cable Co. generated
20   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant
21   Carol Cable Co. has not incurred any response costs at the BKK Class I Facility nor
22   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
23   Class I Facility.

24         78.    According to historical BKK Corp. records, Defendant Carlton Forge
25   Works contributed manifested waste to the BKK Class I Facility.  This manifested
26   waste contained Hazardous Substances that Defendant Carlton Forge Works
27   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
28   Defendant Carlton Forge Works has not incurred any response costs at the BKK

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1  Class I Facility nor has it paid its fair share of response costs incurred by the

2  Plaintiffs at the BKK Class I Facility.

3        79.    According to historical BKK Corp. records, Defendant Ciba Geigy

4  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

5  waste contained Hazardous Substances that Defendant Ciba Geigy Corp. generated

6  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

7  Ciba Geigy Corp. has not incurred any response costs at the BKK Class I Facility

8  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

9  Class I Facility.

10        80.    According to historical BKK Corp. records, Defendant Cleveland

11  Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This

12  manifested waste contained Hazardous Substances that Defendant Cleveland

13  Wrecking Co. generated and/or arranged for its disposal at the BKK Class I

14  Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any

15  response costs at the BKK Class I Facility nor has it paid its fair share of response

16  costs incurred by the Plaintiffs at the BKK Class I Facility.

17        81.    According to historical BKK Corp. records, Defendant Columbia

18  Pictures contributed manifested waste to the BKK Class I Facility.  This manifested

19  waste contained Hazardous Substances that Defendant Columbia Pictures generated

20  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

21  Columbia Pictures has not incurred any response costs at the BKK Class I Facility

22  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

23  Class I Facility.

24        82.    According to historical BKK Corp. records, Defendant Cooper

25  Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

26  manifested waste contained Hazardous Substances that Defendant Cooper

27  Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

28  Facility.  To date, Defendant Cooper Industries, Inc. has not incurred any response

1  costs at the BKK Class I Facility nor has it paid its fair share of response costs

2  incurred by the Plaintiffs at the BKK Class I Facility.

3      83.    Upon information and belief, Defendant Coty, Inc. is the successor to

4  Max Factor Co. and/or otherwise liable for manifested waste that was contributed to

5  the BKK Class I Facility by Max Factor Co.  According to historical BKK Corp.

6  records, Max Factor Co. contributed manifested waste to the BKK Class I Facility.

7  This manifested waste contained Hazardous Substances that Max Factor Co.

8  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

9  Defendant Coty, Inc. has not incurred any response costs at the BKK Class I

10  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

11  the BKK Class I Facility.

12      84.    According to historical BKK Corp. records, Defendant Crowley Inc.

13  contributed manifested waste to the BKK Class I Facility.  This manifested waste

14  contained Hazardous Substances that Defendant Crowley Inc. generated and/or

15  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley

16  Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

17  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

18      85.    According to historical BKK Corp. records, Defendant Desoto Inc.

19  contributed manifested waste to the BKK Class I Facility.  This manifested waste

20  contained Hazardous Substances that Defendant Desoto Inc. generated and/or

21  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto

22  Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

23  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

24      86.    According to historical BKK Corp. records, Defendant Don Knott

25  Ford contributed manifested waste to the BKK Class I Facility.  This manifested

26  waste contained Hazardous Substances that Defendant Don Knott Ford generated

27  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

28  Don Knott Ford has not incurred any response costs at the BKK Class I Facility nor

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1  has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
2  Class I Facility.

3      87.    According to historical BKK Corp. records, Defendant Dresser
4  Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This
5  manifested waste contained Hazardous Substances that Defendant Dresser
6  Industries, Inc. generated and/or arranged for its disposal at the BKK Class I
7  Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any response
8  costs at the BKK Class I Facility nor has it paid its fair share of response costs
9  incurred by the Plaintiffs at the BKK Class I Facility.

10     88.    According to historical BKK Corp. records, Defendant Durex Inc.
11 contributed manifested waste to the BKK Class I Facility.  This manifested waste
12 contained Hazardous Substances that Defendant Durex Inc. generated and/or
13 arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex
14 Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid
15 its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

16     89.    According to historical BKK Corp. records, Defendant Electrofilm Inc.
17 contributed manifested waste to the BKK Class I Facility.  This manifested waste
18 contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or
19 arranged for its disposal at the BKK Class I Facility.  To date, Defendant
20 Electrofilm Inc. has not incurred any response costs at the BKK Class I Facility nor
21 has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
22 Class I Facility.

23     90.    According to historical BKK Corp. records, Defendant Emhart
24 Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This
25 manifested waste contained Hazardous Substances that Defendant Ehmart
26 Industries, Inc. generated and/or arranged for its disposal at the BKK Class I
27 Facility.  To date, Defendant Emhart Industries, Inc. has not incurred any response
28

costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

91.    According to historical BKK Corp. records, Defendant Fasson Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Fasson Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Fasson Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

92.    According to historical BKK Corp. records, Defendant Federal-Mogul Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal-Mogul Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal-Mogul Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

93.    Upon information and belief, Defendant Federal-Mogul LLC is the successor to Federal-Mogul Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Federal Mogul Corp.  According to historical BKK Corp. records, Federal-Mogul contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Federal-Mogul Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Federal-Mogul LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

94.    According to historical BKK Corp. records, Defendant Federal Reserve Bank contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal Reserve

36

Bank generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Federal Reserve Bank has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

95.     Upon information and belief, Defendant Friction Inc. is the successor to Friction Materials Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Friction Materials Corp. According to historical BKK Corp. records, Friction Materials Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Friction Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

96.     According to historical BKK Corp. records, Defendant Friction Materials Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Friction Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Friction Materials Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.     According to historical BKK Corp. records, Defendant FMC Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant FMC Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant FMC Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

98.    According to historical BKK Corp. records, Defendant Ford Aerospace and Communications Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ford Aerospace and Communications Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ford Aerospace and Communications Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

99.    According to historical BKK Corp. records, Defendant Ford Motor Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ford Motor Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ford Motor Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

100.   According to historical BKK Corp. records, Defendant Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Foster-Forbes Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

101.   Upon information and belief, Defendant General Mills, Inc. is the successor to Pillsbury Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pillsbury Co.  According to historical BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

Defendant General Mills, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

102.   According to historical BKK Corp. records, Defendant Glass Containers Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Glass Containers Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Glass Containers Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

103.   According to historical BKK Corp. records, Defendant Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

104.   Upon information and belief, Defendant Genstar Roofing Products Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Genstar Building Materials Co.  According to historical BKK Corp. records, Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

105.    Upon information and belief, Defendant GKN Aerospace Chem-Tronics Inc. is the successor to Chemtronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Chemtronics Inc.  According to historical BKK Corp. records, Chemtronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Chemtronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GKN Aerospace Chem-Tronics Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106.    According to historical BKK Corp. records, Defendant Global Tube Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Global Tube Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Global Tube Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.    Upon information and belief, Defendant GWB (US), Inc. is the successor to Networks Electronic and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Networks Electronic.  According to historical BKK Corp. records, Networks Electronic contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Networks Electronic generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GWB (US), Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.    According to historical BKK Corp. records, Defendant Hill Brothers Chemical Co. contributed manifested waste to the BKK Class I Facility.  This

manifested waste contained Hazardous Substances that Defendant Hill Brothers Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hill Brothers Chemical Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

109. According to historical BKK Corp. records, Defendant Hi-Shear Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hi-Shear Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

110. According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

111. Upon information and belief, Defendant Houghton International Inc. is the successor to EF Houghton and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by EF Houghton. According to historical BKK Corp. records, EF Houghton contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that EF Houghton generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Houghton International Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

112.   According to historical BKK Corp. records, Defendant Jeffries Bank Notes Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Jeffries Bank Notes Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Jeffries Bank Notes Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

113.   According to historical BKK Corp. records, Defendant Johnson Controls Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Johnson Controls Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Johnson Controls Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114.   According to historical BKK Corp. records, Defendant Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

115.   According to historical BKK Corp. records, Defendant Kaiser Foundation Health Plan, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Kaiser Foundation Health Plan, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Kaiser Foundation Health Plan, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

116.   Upon information and belief, Defendant Lisi Aerospace North America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

117.   According to historical BKK Corp. records, Defendant Long Beach Terminal Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Long Beach Terminal Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Long Beach Terminal Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

118.   According to historical BKK Corp. records, Defendant Max Factor Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Max Factor Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Max Factor Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

119.   Upon information and belief, Defendant Mercury Aerospace Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1  Fasteners contributed manifested waste to the BKK Class I Facility. This

2  manifested waste contained Hazardous Substances that Mercury Aerospace

3  Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To

4  date, Defendant Mercury Aerospace Inc. has not incurred any response costs at the

5  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

6  Plaintiffs at the BKK Class I Facility.

7      120.   According to historical BKK Corp. records, Defendant Mercury

8  Aerospace Fasteners contributed manifested waste to the BKK Class I Facility.

9  This manifested waste contained Hazardous Substances that Defendant Mercury

10  Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

11  Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any

12  response costs at the BKK Class I Facility nor has it paid its fair share of response

13  costs incurred by the Plaintiffs at the BKK Class I Facility.

14      121.   Upon information and belief, Defendant MRC Holdings, Inc. is the

15  successor to American Can Company and/or otherwise liable for manifested waste

16  that was contributed to the BKK Class I Facility by American Can Company.

17  According to historical BKK Corp. records, American Can Company contributed

18  manifested waste to the BKK Class I Facility. This manifested waste contained

19  Hazardous Substances that American Can Company generated and/or arranged for

20  its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc.

21  has not incurred any response costs at the BKK Class I Facility nor has it paid its

22  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

23      122.   According to historical BKK Corp. records, Defendant North

24  American Environmental contributed manifested waste to the BKK Class I Facility.

25  This manifested waste contained Hazardous Substances that Defendant North

26  American Environmental generated and/or arranged for its disposal at the BKK

27  Class I Facility.  To date, Defendant North American Environmental has not

28

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

2  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3        123.   According to historical BKK Corp. records, Defendant Northrop

4  Pacific contributed manifested waste to the BKK Class I Facility.  This manifested

5  waste contained Hazardous Substances that Defendant Northrop Pacific generated

6  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

7  Northrop Pacific has not incurred any response costs at the BKK Class I Facility

8  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

9  Class I Facility.

10        124.   According to historical BKK Corp. records, Defendant Owens-Illinois,

11  Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

12  waste contained Hazardous Substances that Defendant Owens-Illinois, Inc.

13  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

14  Defendant Owens-Illinois, Inc. has not incurred any response costs at the BKK

15  Class I Facility nor has it paid its fair share of response costs incurred by the

16  Plaintiffs at the BKK Class I Facility.

17        125.   According to historical BKK Corp. records, Defendant Paramount

18  Pictures Corp. contributed manifested waste to the BKK Class I Facility.  This

19  manifested waste contained Hazardous Substances that Defendant Paramount

20  Pictures Corp. generated and/or arranged for its disposal at the BKK Class I

21  Facility.  To date, Defendant Paramount Pictures Corp. has not incurred any

22  response costs at the BKK Class I Facility nor has it paid its fair share of response

23  costs incurred by the Plaintiffs at the BKK Class I Facility.

24        126.   According to historical BKK Corp. records, Defendant Pillsbury Co.

25  contributed manifested waste to the BKK Class I Facility.  This manifested waste

26  contained Hazardous Substances that Defendant Pillsbury Co. generated and/or

27  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury

28

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1  Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

2  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3       127.   According to historical BKK Corp. records, Defendant Price Pfister

4  *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

5  manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

6  Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

7  date, Defendant Price Pfister *nka* Pfister has not incurred any response costs at the

8  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

9  Plaintiffs at the BKK Class I Facility.

10      128.   Upon information and belief, Defendant Republic Services, Inc. is the

11  successor to Browning Ferris Industries and/or otherwise liable for manifested

12  waste that was contributed to the BKK Class I Facility by Browning Ferris

13  Industries.  According to historical BKK Corp. records, Browning Ferris Industries

14  contributed manifested waste to the BKK Class I Facility. This manifested waste

15  contained Hazardous Substances that Browning Ferris Industries generated and/or

16  arranged for its disposal at the BKK Class I Facility. To date, Defendant Republic

17  Services, Inc. has not incurred any response costs at the BKK Class I Facility nor

18  has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

19  Class I Facility.

20      129.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the

21  successor to American Can Company and/or otherwise liable for manifested waste

22  that was contributed to the BKK Class I Facility by American Can Company.

23  According to historical BKK Corp. records, American Can Company contributed

24  manifested waste to the BKK Class I Facility. This manifested waste contained

25  Hazardous Substances that American Can Company generated and/or arranged for

26  its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc.

27  has not incurred any response costs at the BKK Class I Facility nor has it paid its

28  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

130.    According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

131.    According to historical BKK Corp. records, Defendant Sanmina-SCI Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sanmina-SCI Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sanmina-SCI Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

132.    Upon information and belief, Defendant Sequa Corporation is the successor to Sun Chemical and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sun Chemical.  According to historical BKK Corp. records, Sun Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sun Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sequa Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

133.    According to historical BKK Corp. records, Defendant Shuwa Investments Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Shuwa Investments Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any

1   response costs at the BKK Class I Facility nor has it paid its fair share of response
2   costs incurred by the Plaintiffs at the BKK Class I Facility.

3       134.    According to historical BKK Corp. records, Defendant Sierracin
4   contributed manifested waste to the BKK Class I Facility.  This manifested waste
5   contained Hazardous Substances that Defendant Sierracin generated and/or
6   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sierracin
7   has not incurred any response costs at the BKK Class I Facility nor has it paid its
8   fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

9       135.    According to historical BKK Corp. records, Defendant Sika Corp.
10  contributed manifested waste to the BKK Class I Facility.  This manifested waste
11  contained Hazardous Substances that Defendant Sika Corp. generated and/or
12  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sika
13  Corp. has not incurred any response costs at the BKK Class I Facility nor has it
14  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
15  Facility.

16      136.    According to historical BKK Corp. records, Defendant Smith & Co.
17  contributed manifested waste to the BKK Class I Facility.  This manifested waste
18  contained Hazardous Substances that Defendant Smith & Co. generated and/or
19  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &
20  Co. has not incurred any response costs at the BKK Class I Facility nor has it paid
21  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

22      137.    According to historical BKK Corp. records, Defendant SPS
23  Technologies, Inc. contributed manifested waste to the BKK Class I Facility.  This
24  manifested waste contained Hazardous Substances that Defendant SPS
25  Technologies, Inc. generated and/or arranged for its disposal at the BKK Class I
26  Facility.  To date, Defendant SPS Technologies has not incurred any response costs
27  at the BKK Class I Facility nor has it paid its fair share of response costs incurred
28  by the Plaintiffs at the BKK Class I Facility.

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

138.   Upon information and belief, Defendant Stanley Black & Decker, Inc. is the successor to Emhart Industries, Inc. and/or Price Pfister *nka* Pfister and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Emhart Industries, Inc. and/or Price Pfister *nka* Pfister.  According to historical BKK Corp. records, both Emhart Industries, Inc. and Price Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Emhart Industries, Inc. and Price Pfister *nka* Pfister each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

139.   According to historical BKK Corp. records, Defendant Stanley Works contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Stanley Works generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Stanley Works has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

140.   According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Structural Composite Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

141.   According to historical BKK Corp. records, Defendant Sumitomo Life Realty contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sumitomo Life Realty

1   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

2   Defendant Sumitomo Life Realty has not incurred any response costs at the BKK

3   Class I Facility nor has it paid its fair share of response costs incurred by the

4   Plaintiffs at the BKK Class I Facility.

5          142.   According to historical BKK Corp. records, Defendant Synthane

6   Taylor contributed manifested waste to the BKK Class I Facility.  This manifested

7   waste contained Hazardous Substances that Defendant Synthane Taylor generated

8   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

9   Synthane Taylor has not incurred any response costs at the BKK Class I Facility

10  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

11  Class I Facility.

12         143.   According to historical BKK Corp. records, Defendant Technicolor,

13  Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

14  waste contained Hazardous Substances that Defendant Technicolor, Inc. generated

15  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

16  Technicolor, Inc. has not incurred any response costs at the BKK Class I Facility

17  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

18  Class I Facility.

19         144.   According to historical BKK Corp. records, Defendant Thompson

20  Industries contributed manifested waste to the BKK Class I Facility.  This

21  manifested waste contained Hazardous Substances that Defendant Thompson

22  Industries generated and/or arranged for its disposal at the BKK Class I Facility.

23  To date, Defendant Thompson Industries has not incurred any response costs at the

24  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

25  Plaintiffs at the BKK Class I Facility.

26         145.   According to historical BKK Corp. records, Defendant Thorpe

27  Insulation Co. contributed manifested waste to the BKK Class I Facility.  This

28  manifested waste contained Hazardous Substances that Defendant Thorpe

1   Insulation Co. generated and/or arranged for its disposal at the BKK Class I

2   Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any response

3   costs at the BKK Class I Facility nor has it paid its fair share of response costs

4   incurred by the Plaintiffs at the BKK Class I Facility.

5          146.   Upon information and belief, Defendant TTM Technologies, Inc. is the

6   successor to Tyco Electronics and/or otherwise liable for manifested waste that was

7   contributed to the BKK Class I Facility by Tyco Electronics.  According to

8   historical BKK Corp. records, Tyco Electronics contributed manifested waste to the

9   BKK Class I Facility. This manifested waste contained Hazardous Substances that

10  Tyco Electronics generated and/or arranged for its disposal at the BKK Class I

11  Facility. To date, Defendant TTM Technologies, Inc. has not incurred any response

12  costs at the BKK Class I Facility nor has it paid its fair share of response costs

13  incurred by the Plaintiffs at the BKK Class I Facility.

14         147.   According to historical BKK Corp. records, Defendant Vought

15  Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility.

16  This manifested waste contained Hazardous Substances that Defendant Vought

17  Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class

18  I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any

19  response costs at the BKK Class I Facility nor has it paid its fair share of response

20  costs incurred by the Plaintiffs at the BKK Class I Facility.

21         148.   According to historical BKK Corp. records, Defendant Paramount

22  Petroleum Corp. contributed manifested waste to the BKK Class I Facility. This

23  manifested waste contained Hazardous Substances that Defendant Paramount

24  Petroleum Corp. generated and/or arranged for its disposal at the BKK Class I

25  Facility. To date, Defendant Paramount Petroleum Corp. has not incurred any

26  response costs at the BKK Class I Facility nor has it paid its fair share of response

27  costs incurred by the Plaintiffs at the BKK Class I Facility.

28

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

149.   Paragraphs 149 to 1102 – Reserved (so that the following numbered paragraphs (1103 to 1195) are consistent with similar allegations in paragraphs 1103 to 1195 of the First Amended Complaint in the related case *BKK Working Group, et al. v. 1700 Santa Fe Ltd., et al.* (USDC Case #2:18-cv-05810-MWF-PLA) filed on July 23, 2018).

1103.   Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions.  A number of other PRPs at the BKK Class I Facility have entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to resolve the liabilities of those PRPs without litigation.

1104.   On information and belief, each Defendant, including any of its assignees, predecessors, successors in interest, or alter egos, is a "person" who either (a) by contract, agreement, or otherwise, arranged for disposal or treatment, or (b) arranged with a transporter for disposal or treatment, of Hazardous Substances at the BKK Class I Facility.

1105.   On information and belief, between approximately 1969 and 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the BKK Class I Facility.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

1106.   At all times relevant to this action, the BKK Class I Facility was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was also owned by BKK Corp. from approximately 1973 through the present.

1107.   Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

1108.   The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1109.  By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

1110.  On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

1111.  In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

1112.  The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

1113.  In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and each of its then-members incurred necessary response costs at the BKK Class I Facility that are consistent with the NCP.

1114.  The composition of the BKK Working Group has changed over time and continues to change.  New members pay an interim allocated share of past and

1    ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has

2    incurred necessary response costs consistent with the NCP.

3        1115.  On October 31, 2005, the State of California, through its agency

4    DTSC, filed a Complaint against certain members of the BKK Working Group in

5    case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site

6    Action").  In the Initial Site Action Complaint, the State of California sought

7    recovery of past response costs pursuant to Section 107 of CERCLA; declaratory

8    relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL.

9    HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working

10   Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was

11   filed concurrently with the lodging of a consent decree between certain members of

12   the BKK Working Group and DTSC that addressed conditions at the BKK Class I

13   Facility.

14       1116.  On February 8, 2006, the State of California, through its agency

15   DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial

16   Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered

17   on March 9, 2006.

18       1117.  Among other things, the First Consent Decree obligated certain

19   members of the BKK Working Group to perform environmental response actions at

20   the BKK Class I Facility, to reimburse DTSC for certain of its past response costs,

21   and to pay DTSC for its continuing oversight of the environmental response work

22   at the BKK Class I Facility.  The response actions have included investigation

23   activities.

24       1118.  The First Consent Decree also "resolves the liability of [the members

25   of the BKK Working Group] for Past Response Costs . . . " and provides members

26   of the BKK Working Group with "protection from contribution actions or claims as

27   provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters

28   addressed in [the First Consent Decree].  The matters addressed in [the First

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at ¶ 8.1.

1119.  Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC.  All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

1120.  On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint sought recovery of past response costs, including investigation costs, pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

1121.  At that same time, the State of California, through its agency DTSC, lodged a Second Consent Decree ("Second Consent Decree") with the Court, obligating the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including investigation costs, and to pay future oversight costs to DTSC on an ongoing basis.  The Second Consent Decree, attached hereto as **Exhibit D**, was entered on August 10, 2010.

1122.  Among other things, the Second Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions,

including investigation activities, at the BKK Class I Facility, to reimburse DTSC
for certain of its response costs, including investigation costs, to pay DTSC for its
continuing oversight of the environmental response work at the BKK Class I
Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the
BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA
Statement of Work).  The EE/CA is to propose a non-time critical removal action
that contributes to the efficient performance of any long-term remedial action for
the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility
study and remedial actions will be conducted at the BKK Class I Facility at the
conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate
response actions to be performed at the BKK Class Facility based on the EE/CA.

1123.  Among other things, the Second Consent Decree provides certain
members of the BKK Working Group with "protection from contribution actions or
claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for
matters addressed in the Second Consent Decree.  The matters addressed in the
Second Consent Decree are (a) the Work to be Performed by [the BKK Working
Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . .
." Second Consent Decree at ¶ 8.1.

1124.  From August 10, 2010 until the present, the BKK Working Group
performed and continues to perform environmental response work, including site
investigation, at the BKK Class I Facility under the Second Consent Decree.  All
work performed under the Second Consent Decree is deemed to be, and was,
necessary and performed in accordance with the NCP.

1125.  On February 2, 2015, the State of California, through its agency
DTSC, filed a third complaint against certain members of the BKK Working Group
in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site
Action").  Like the Initial and Second Site Action Complaints, the Third Site
Action Complaint sought recovery of past response costs pursuant to Section 107 of

CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

1126.  At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

1127.  Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including site investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the RI/FS includes the Class I Landfill and Class I Landfill operation areas, including but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station and truck wash; and wherever hazardous substances from such areas have or may come to be located.  It is anticipated that DTSC will select further appropriate response actions to be performed at and around the BKK Class I Facility based on the RI/FS.

1128.  Among other things, the Third Partial Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters addressed in the Third Partial Consent Decree are (a) the Work to be Performed by [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . .." Third Partial Consent Decree at ¶ 8.1.

1129.  As reflected in the BKK document archive maintained by DTSC, members of the BKK Working Group also entered into additional interim settlement agreements with DTSC to reimburse the State for its past response costs incurred consistent with the NCP at the BKK Class I Landfill.

1130.  On July 29, 2016, the State of California, through its agency DTSC, filed an amended third complaint, which joined as defendants five additional members of the BKK Working Group.

1131.  At that same time, the State of California, through its agency DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third Partial Consent Decree"), which added the five new defendants as additional Settling Defendants.   The Amended Third Partial Consent Decree, attached hereto as **Exhibit F**, was approved by the Court on October 18, 2016.

1132.  Among other things, the Amended Third Partial Consent Decree, like the Third Partial Consent Decree, obligates certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

1133.  From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

1134.  The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

1135.  Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility.  Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility, and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility.  This investigation for the purpose of identification of additional PRPs is ongoing.

1136.  The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

1    1137.  In 2010, DTSC estimated that necessary response actions to fully

2    remediate the BKK Class I Facility would cost nearly $800 million.

3    1138.  Through mid-2017, Plaintiffs have incurred or are committed to incur

4    approximately $250 million in costs associated with the BKK Class I Facility.

5    1139.  To date, Defendants have failed to participate in or contribute to any

6    response work or costs at the BKK Class I Facility.

## FIRST CLAIM FOR RELIEF

### Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))

9    1140.  Paragraphs 1-1139 are incorporated by reference.

10    1141.  Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in

11    pertinent part:

       (a)    Notwithstanding any other provision or rule of law, and subject

            only to the defenses set forth in subsection (b) of this section –

            * * * *

          (3)    any person who by contract, agreement, or otherwise

               arranged for disposal or treatment, or arranged with a

               transporter for transport for disposal or treatment of

               hazardous substances owned or possessed by such person

               . . . shall be liable for –

            * * * *

          (B)    any other necessary costs of response incurred by

               any other person consistent with the national

               contingency plan . . . .

24    1142.  Plaintiffs are each a "person" within the meaning of CERCLA

25    § 101(21), 42 U.S.C. § 9601(21).

26    1143.  Defendants are "persons" within the meaning of CERCLA § 101(21),

27    42 U.S.C. § 9601(21).

1144.  The BKK Class I Facility is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

1145.  Defendants arranged for disposal or treatment, or arranged with third-party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

1146.  Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

1147.  As a result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility, Plaintiffs have incurred and will continue to incur necessary costs of response pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).  Such response costs, including site investigation expenses, have been incurred and will continue to be incurred by Plaintiffs consistent with the NCP.

1148.  Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## **SECOND CLAIM FOR RELIEF**

### **Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))**

1149.  Paragraphs 1-1148 are incorporated by reference.

1150.  Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court

may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

1151.  Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

1152.  Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607:  the Initial Site Action, the Second Site Action, and the Third Site Action.

1153.  The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve some or all of the liability of the member Plaintiffs to the State of California for some or all of the response actions taken at the BKK Class I Facility, and for some or all of the costs of such response actions.

1154.  The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved some of the liability of those Plaintiffs to the State of California for some of the response actions taken at the BKK Class I Facility, and for some of the costs of such response actions.

1155.  Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

1156.  Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

1157.  Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

1158.  While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

1159.  Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

1160.  Upon filing this First Amended Complaint, Plaintiffs provided a copy of this First Amended Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

## **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

1161.  Paragraphs 1-1160 are incorporated herein by reference.

1162.  CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

1163.  Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility.

1  Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC

2  presented a written claim to Defendants prior to the initiation of this litigation for

3  reimbursement of their fair share of Bayer CropScience Inc.'s past and future

4  response costs incurred at the BKK Class I facility, which Defendants failed to

5  satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2),

6  Stauffer Management Company LLC has paid compensation pursuant to CERCLA

7  to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous

8  substance, and is therefore subrogated to all rights, claims, and causes of action for

9  such damages and costs of removal that BKK Working Group member Bayer

10  CropScience, Inc. has under this chapter or any other law and seeks Defendants'

11  fair share of costs incurred by Stauffer Management Company LLC through its

12  payments made to satisfy Bayer CropScience's obligations.

13      1164.  Plaintiff Stauffer Management Company LLC, which has received

14  some reimbursement payments from Syngenta Crop Protection, LLC for costs

15  Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s

16  obligations for response costs relating to the BKK Class I Facility, has been

17  assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments.

18  Syngenta Crop Protection, LLC's payments were made to Stauffer Management

19  Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2),

20  42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances.

21  Therefore, Stauffer Management Company LLC, through assignment of Syngenta

22  Crop Protection, LLC's rights, is entitled to recover from Defendants their fair

23  share of those costs incurred by Syngenta Crop Protection, LLC in partially

24  reimbursing Stauffer Management Company LLC for the response costs Stauffer

25  Management Company LLC paid to satisfy the response cost obligations incurred

26  by Bayer CropScience Inc. relating to the BKK Class I Facility.

27      1165.  Some of the response costs incurred by Plaintiffs that are individual

28  members of the BKK Working Group may have been paid by or reimbursed by a

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1    separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior

2    to the initiation of this litigation for reimbursement of their fair share of Plaintiffs'

3    past and future response costs incurred at the BKK Class I facility, which

4    Defendants failed to satisfy.  Thus, making them a claimant within the meaning of

5    Section 112(c).

6                              **FOURTH CLAIM FOR RELIEF**

7        **Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

8        1166.  Paragraphs 1-1165 are incorporated herein by reference.

9        1167.  CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent

10   part:

11           In any action described in this subsection the court shall
             enter a declaratory judgment on liability for response costs
12           or damages that will be binding on any subsequent action
             or actions to recover further response costs or damages.
13

14       1168.  Defendants are jointly and severally liable to Plaintiffs for the

15   reimbursement of necessary response costs, including site investigation expenses,

16   incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C.

17   § 9607(a).   Defendants are also severally liable to Plaintiffs under CERCLA §

18   113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. §

19   9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant

20   to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and

21   any future consent decrees, as a result of the release or threatened release of

22   Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

23   therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42

24   U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

25   Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

26   that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

27   their necessary response costs incurred consistent with the NCP under CERCLA

28   § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

1  Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

2  Partial and Amended Third Partial Consent Decrees, and any future consent

3  decrees, to address the release or threatened release of Hazardous Substances at and

4  from the BKK Class I Facility.

5  ## FIFTH CLAIM FOR RELIEF

6  ## Contribution, Hazardous Substance Account Act, California Health and

7  ## Safety Code section 25300 et seq.

8  1169.  Paragraphs 1-1168 are incorporated herein by reference.

9  1170.  The Plaintiffs bring their claim for contribution against all

10  Defendants.

11  1171.  The Carpenter-Presley-Tanner Hazardous Substance Account Act

12  ("HSAA"), California Health and Safety Code section 25300 et seq., provides a

13  statutory right of contribution for those parties who clean up contaminated sites

14  from those parties who are responsible for the contamination.

15  1172.  Section 25363(e) of the HSAA provides that "A person who has

16  incurred response or corrective action costs in accordance with this chapter,

17  Chapter 6.5 (commencing with Section 25100) or [CERCLA] may seek

18  contribution or indemnity from any person who is liable pursuant to this chapter."

19  1173.  A "liable person" is defined in section 25323.5(a)(1) of the HSAA as

20  "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section

21  9607(a))."

22  1174.  Section 107(a) of CERCLA describes, among others, "any person

23  who… arranged for disposal or treatment" of Hazardous Substances "owned or

24  possessed by such person," or "any person who accepts or accepted any" Hazardous

25  Substances "for transport to disposal or treatment facilities."

26  1175.  Defendants are each a "person" within the meaning of section 25319

27  and 25323.5(a) of the Health and Safety Code.

28

66

1176.   There have been releases or threatened releases from the BKK Class I Facility.

1177.   As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

1178.   Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 25363(d).

1179.   Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 25363 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

1180.   Paragraphs 1-1179 are incorporated herein by reference.

1181.   Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

1182.   The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

1183.   A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

1184.   As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

1

## SEVENTH CLAIM FOR RELIEF

2

### Common Law Subrogation

3

1185. Paragraphs 1-1184 are incorporated herein by reference.

4

1186. As a direct and proximate result of the actions of Defendants, Plaintiff

5

Stauffer Management Company LLC has incurred and paid amounts, damages,

6

costs, expenses and fees, and may in the future incur additional liabilities through

7

its payments of Bayer CropScience, Inc.'s obligations for response costs relating to

8

the BKK Class I Facility. It is therefore subrogated to all state and federal causes of

9

action Bayer CropScience, Inc. otherwise would have against Defendants.

10

1187. Through assignment, Plaintiff Stauffer Management Company LLC

11

has the right to recoup costs incurred by Syngenta Crop Protection, LLC in

12

reimbursing Stauffer Management Company LLC for response costs Stauffer

13

Management Company LLC incurred paying Bayer Crop Science, Inc.'s

14

obligations for response costs relating to the BKK Class I Facility. Based on those

15

reimbursement payments, and to the extent of those payments, Syngenta Crop

16

Protection, LLC is subrogated to all state and federal causes of action Bayer

17

CropScience, Inc. and/or Stauffer Management Company LLC otherwise would

18

have against Defendants.

19

## EIGHTH CLAIM FOR RELIEF

20

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

21

1188. Paragraphs 1-1187 are incorporated herein by reference.

22

1189. Cal. Code of Civil Procedure § 1060 provides in pertinent part:

23

Any person . . . who desires a declaration of his or her rights
or duties with respect to another, or in respect to property .

24

. . may, in a case of actual controversy relating to the legal
rights and duties of the respective parties, bring an original

25

action or cross-complaint in the superior court . . . for a
declaration of his or her rights and duties in the premises. .

26

. . He or she may ask for a declaration of rights or duties
either alone or with other relief; and the court may make a

27

binding declaration of these rights or duties, whether or not
further relief is claimed at the time.

28

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

1190.  An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 107, 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

1191.  A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **NINTH CLAIM FOR RELIEF**

### **Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.**

1192.  Paragraphs 1-1191 are incorporated herein by reference.

1193.  The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought.

1194.  An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA §§ 107, 112 and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor Plaintiffs).

1195.  A declaratory judgment under the Declaratory Judgment Act for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     Recovery of all necessary response costs, cost of abatement, and damages incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.     Contribution of an equitable share of all necessary response costs incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.     A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future response costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

4.     Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)

5.    Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

6.    Attorney's fees and pre-judgment interest (as response costs); and

7.    Such other relief as the Court may deem just and appropriate.


Dated: July 23, 2018                    HINSON GRAVELLE & ADAIR LLP


By  /s/ Douglas A. Gravelle
    Douglas A. Gravelle,
    Attorneys for Plaintiffs
    BKK WORKING GROUP, an
    unincorporated association, and
    individual members identified
    above

FIRST AMENDED COMPLAINT
(2:18-CV-05836-AB-Ex)