| | |
|---|---|
| 1 | **HINSON GRAVELLE & ADAIR LLP** |
| 2 | Douglas A. Gravelle (SBN 166110)<br>gravelle@hinsongravelle.com |
| 3 | K. Eric Adair (SBN 150650)<br>adair@hinsongravelle.com |
| 4 | 28470 Avenue Stanford, Suite 350<br>Valencia, CA 91355 |
| 5 | Telephone: 661-294-0116<br>FAX: 661-294-0134 |
| 6 | Attorneys for Plaintiffs |
| 7 | BKK WORKING GROUP, an unincorporated<br>association, and individual members identified |
| 8 | below |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN | | Case No. 2:18-cv-05836-MWF-PLA<br><br>**DECLARATION OF DOUGLAS GRAVELLE IN SUPPORT OF THIRD MOTION TO STAY AND EXTEND TIME TO SERVE DEFENDANTS** |

1

| | |
|---|---|
| 1 | HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORPORATION OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO, INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY; UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY; UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES CORPORATION; AND UNIVAR USA INC., |
| | Plaintiffs, |
| | vs. |
| | ALBERTSONS COMPANIES, INC.; ALCO INDUSTRIES, INC.; |

| | |
|---|---|
| 1 | ALLERGAN, INC.; AMERICAN CAN COMPANY; AMPEX CORP.; ANCO METAL IMPROVEMENT CO.; ARDAGH GROUP S.A.; ARGO PETROLEUM CORP.; AURUM INDUSTRIES, INC.; BARRY WRIGHT CONTROLS; BEAULIEU OF AMERICA, INC.; BIRTCHER PACIFIC; BROWNING FERRIS INDUSTRIES; BFI XV REALTY FUND LTD.; BYRON JACKSON PUMPS, INC.; CAROL CABLE CO.; CARLTON FORGE WORKS; CIBA GEIGY CORP.; CLEVELAND WRECKING CO.; COLUMBIA PICTURES; COOPER INDUSTRIES, INC.; COTY, INC.; CROWLEY INC.; DESOTO INC.; DON KNOTT FORD; DRESSER INDUSTRIES, INC.; DUREX INC.; ELECTROFILM INC.; EMHART INDUSTRIES, INC.; FASSON CORP.; FEDERAL-MOGUL CORP.; FEDERAL-MOGUL LLC; FEDERAL RESERVE BANK; FRICTION INC.; FRICTION MATERIALS CORP.; FMC CORPORATION; FORD AEROSPACE AND COMMUNICATIONS CORP.; FORD MOTOR COMPANY; FOSTER-FORBES GLASS CO.; GENERAL MILLS, INC.; GLASS CONTAINERS CORP.; GENSTAR BUILDING MATERIALS CO.; GENSTAR ROOFING PRODUCTS COMPANY, INC.; GKN AEROSPACE CHEM-TRONICS INC.; GLOBAL TUBE CORPORATION; GWB (US), INC.; HILL BROTHERS CHEMICAL CO.; HI-SHEAR CORP.; HOLLYTEX CARPET MILLS, INC.; HOUGHTON INTERNATIONAL INC.; JEFFRIES BANK NOTES CO.; JOHNSON CONTROLS INC.; JOSLYN MANUFACTURING & SUPPLY CO.; KAISER FOUNDATION HEALTH PLAN, INC.; LISI AEROSPACE |

| | |
|---|---|
| 1 | NORTH AMERICA, INC.; LONG BEACH TERMINAL COMPANY; MAX FACTOR CO.; MERCURY AEROSPACE INC.; MERCURY AEROSPACE FASTENERS; MRC HOLDINGS, INC.; NORTH AMERICAN ENVIRONMENTAL; NORTHROP PACIFIC; OWENS-ILLINOIS, INC.; PARAMOUNT PICTURES CORP.; PILLSBURY CO.; PRICE PFISTER *NKA* PFISTER; REPUBLIC SERVICES, INC.; RIO TINTO ALCAN INC.; SANDIA METAL PROCESS, INC.; SANMINA-SCI CORP.; SEQUA CORPORATION; SHUWA INVESTMENTS CORP.; SIERRACIN; SIKA CORP.; SMITH & CO.; SPS TECHNOLOGIES, INC.; STANLEY BLACK & DECKER, INC.; STANLEY WORKS; STRUCTURAL COMPOSITE INDUSTRIES; SUMITOMO LIFE REALTY; SYNTHANE TAYLOR; TECHNICOLOR, INC.; THOMPSON INDUSTRIES; THORPE INSULATION CO.; TTM TECHNOLOGIES, INC.; VOUGHT AIRCRAFT INDUSTRIES INC.; and DOES 1-10, |
| | Defendants. |

I, Douglas Gravelle, declare under penalty of perjury as follows:

1. I am an attorney with the law firm of Hinson Gravelle & Adair LLP and am one of the attorneys responsible for representing Plaintiffs BKK Working Group and the individual members making up the BKK Working Group (collectively, "Plaintiffs") in the above-captioned matter.

2. I make this Declaration in support of Plaintiffs' Third Motion to Stay and Extend Time to Serve Defendants. I have personal knowledge of the facts set forth in this Declaration, and I could and would testify competently thereto if called upon to do so.

3. Plaintiffs have been cooperating with the State of California through its agency, the Department of Toxic Substances Control ("DTSC"), to investigate the conditions at the BKK Class I Landfill in West Covina, California (hereinafter referred to as "BKK Class I Facility") through three judicially-approved consent decrees – the First, Second, Third Partial, and Amended Third Partial Consents Decrees. Under these Consent Decrees, Plaintiffs have been conducting necessary response cost activities at the BKK Class I Facility. As a result, the BKK Working Group, comprised of the Plaintiffs in this action, has incurred (or is committed to incur) nearly $250 million and is expected to continue to incur necessary response costs beyond that at the BKK Class I Facility.

4. Plaintiffs have also been cooperating with DTSC to identify other potentially responsible parties ("PRPs") at the BKK Class I Facility and have identified over ten thousand PRPs that generated, transported and/or arranged for disposal of materials containing hazardous substances to the BKK Facility. Plaintiffs have entered into tolling agreements with over 400 of these identified PRPs. Plaintiffs plan to initiate settlement negotiations with these tolled PRPs and do not anticipate the need at this time to include them in this lawsuit.

5. Prior to the filing of this action, approximately 1,000 PRPs had not entered into tolling agreements with Plaintiffs. To preserve their claims under Sections 107 and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. ("CERCLA"), Plaintiffs filed this action against 87 of those PRPs (and filed the related action *BKK Working Group, et al. v. 1700 Santa Fe Ltd., et al.*, Case No. 2:18-CV-05810-MWF-PLA, against almost another 1,000 PRPs). Plaintiffs' intent with respect to these Defendants (as well as the defendants in the related case) has always been to engage in settlement negotiations and issue settlement offers to all viable entities.

6. Since this action was filed on July 3, 2018, Plaintiffs have dismissed without prejudice 37 named Defendants in this action after successfully locating and entering into tolling agreement with such Defendants.

7. Plaintiffs are continuing to send out on a rolling basis written requests to the remaining named Defendants that can be located, advising them that entering into a tolling agreement with Plaintiffs would result in their dismissal from the action without prejudice. Plaintiffs are currently in negotiations with several named Defendants (or their corporate successors-in-interest) regarding dismissals, and I anticipate additional dismissals will be forthcoming. Plaintiffs' intent with respect to these Defendants is still to engage in settlement negotiations and issue settlement offers to all viable entities with respect to these Defendants. Due to the very large number of Defendants, the need to engage in often time-consuming efforts to determine any presently-existing successors-in-interest for many of the named Defendants, the age of records, and the need to coordinate with DTSC, however, additional time is necessary to effectuate these voluntary dismissals.

8. Certain of the Plaintiffs, as members of the BKK Working Group, were previously involved in a CERCLA case of this type in the United States District Court for the District of Columbia. *See BKK Joint Defense Group, et al. v.*

1    *FDIC*, Civil Action No. 09-948 (CKK) (D.C. District).  In that case, at said
2    Plaintiffs' request, the District Court granted an extension of time for service of the
3    complaint beyond the 90-day period provided for under Rule 4(m) of the Federal
4    Rules of Civil Procedure, to allow said plaintiffs to negotiate and finalize a
5    settlement with the defendants.  Settlement was successfully obtained, obviating the
6    need for active discovery and litigation and resulting in the contribution of $86
7    million towards investigation and cleanup of the BKK Class I Facility.

8          9.      The members of the BKK Working Group, including Plaintiffs, are
9    working cooperatively with DTSC to develop comprehensive settlement package
10   for PRPs at the Class I Facility, including Defendants.  Plaintiffs and DTSC have
11   made significant progress in developing this settlement package and finalized
12   several key documents including the Second Disbursement Amendment at the end
13   of February 2020.  Once the settlement package is finalized, Plaintiffs and DTSC
14   intend to send it to thousands of PRPs, including the Defendants in this case, in an
15   organized and systematic fashion over the course of a few years.  This is to ensure
16   that DTSC can timely respond to all Defendants and other PRPs.  Working with the
17   State of California will allow settling Defendants to obtain protections generally
18   provided by the government in CERCLA settlements.

19         10.     DTSC and Plaintiffs negotiated and finalized a Second Disbursement
20   Amendment to the prior Third Consent Decree.  This Amendment, among other
21   things, establishes an Escrow Account for any settlement funds collected and
22   facilitates the use of the account for Plaintiffs' and DTSC's joint settlement
23   initiative.  The Amendment also provides mechanics for how and when settlement
24   proceeds are to be deposited in the Escrow Account, and how the account will be
25   managed.  The Second Disbursement Amendment is subject to public comment.  I
26   understand that this is normally accomplished by making the Amendment available
27   at a public library near the BKK Class I Facility.  However, due to restrictions
28   associated with the current COVID-19 pandemic, this not possible.  Until the

1  Second Disbursement Amendment is finalized and executed, the settlement
2  initiative cannot move forward.
3      11.    DTSC and Plaintiffs have also been working together to finalize a
4  framework for communicating settlement offers to PRPs. The small volume parties
5  are those PRPs that DTSC determines are *de minimis* as defined in CERCLA
6  section 122(g).
7      12.    The COVID-19 pandemic dramatically impacted the State of
8  California and has created serious practical concerns effecting aspects of this case.
9  The collection of signatures from Plaintiffs has been complicated, as many
10 employees are teleworking and lack the requisite technology to provide needed
11 signatures. Additionally, finalizing and compiling thousands of settlement
12 packages would be greatly complicated while technical staff and counsel for DTSC
13 and Plaintiffs are working from home.
14     13.    During the requested stay, Plaintiffs will continue their efforts on
15 settling with as many remaining Defendants as possible and do not plan on filing
16 any pleadings other than voluntary dismissal notices of settling and non-viable
17 Defendants under Federal Rules of Civil Procedure 41(A)(1)(a).
18     I declare under penalty of perjury that the foregoing is true and correct, and
19 that this Declaration was executed on May 6, 2020 in San Francisco, California.

Dated: May 6, 2020                              HINSON GRAVELLE & ADAIR LLP

                                                  By  /s/ Douglas A. Gravelle
                                                        Douglas A. Gravelle,
                                                        Attorneys for Plaintiffs
                                                        BKK Working Group, et al.