**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
Fax: 661-294-0134

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated association, and individual members identified below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BKK WORKING GROUP; et al.,

Plaintiffs,

vs.

ALBERTSONS COMPANIES, INC.; et al.,

Defendants.

Case No. 2:18-cv-05836-MWF-PLA

Hon. Michael W. Fitzgerald

**MOTION TO LIFT THE STAY FOR THE LIMITED PURPOSE OF AMENDING PLAINTIFFS' FIRST AMENDED COMPLAINT; FOR AN ORDER GRANTING LEAVE TO AMEND PLAINTIFFS' FIRST AMENDED COMPLAINT; AND FOR AN ORDER AMENDING THE OPERATIVE STAY ORDER**

*[Declaration of Douglas A. Gravelle; and [Proposed] Order filed concurrently herewith]*

## I. INTRODUCTION

To facilitate the overarching goal of settlement and voluntary dismissal of Defendants from this Action and to ensure that the operative Complaint is accurate when eventually served on Defendants, Plaintiffs move to lift the stay for the limited purpose of amending Plaintiffs' First Amended Complaint and for an Order granting leave to amend Plaintiffs' First Amended Complaint. Specifically, Plaintiffs seek to amend the First Amended Complaint to:

1. Substitute Big Heart Pet Brands, Inc. ("BHPB, Inc.") in as a Plaintiff in lieu of Plaintiff BHPI Service LLC; and
2. Remove all Defendants which Plaintiffs previously dismissed without prejudice under Federal Rule of Civil Procedure ("Rule") 41.[1]

The Proposed Second Amended Complaint will not change any of the facts, allegations against any of the current Defendants, or claims of the First Amended Complaint. Instead, it will only substitute or remove parties. Additionally, and important for this Motion, due to the current stay and extension of time to serve Defendants, neither the Complaint (nor the First Amended Complaint) has been served on any Defendant in this Action. Thus, no Defendants will be prejudiced by the requested Order.

Further, Plaintiffs ask the Court to amend the operative Stay Order to allow them to add, as Defendants, newly-identified PRPs who refuse to enter into tolling agreements, as well as previously-identified PRPs who refuse to renew (extend) prior tolling agreements. While under the operative Stay Order, Plaintiffs can voluntarily dismiss certain named Defendants, they cannot add PRPs as Defendants without filing a motion to lift the stay for the limited purpose of amending the First Amended Complaint. *See* Order re: Plaintiffs' Third Motion to Stay ("Third Stay Order"), ECF No. 54. Without a stay in place, Plaintiffs would, under Rule 15, be able to amend

---

[1] *See* Plaintiffs' Notices of Dismissal, ECF Nos. 16, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 36, 37, 38, 39, 41, 42, 44, 45, 46, 47 and 48.

its pleadings as a matter of course, as neither the Complaint nor the First Amended Complaint has yet to be served on any Defendant. Like voluntarily dismissing certain Defendants, this amendment to the operative Stay Order will allow Plaintiffs to keep an accurate operative Complaint so that this Action can eventually be heard on its merits and it will preserve judicial resources.

## II. BACKGROUND

### A. The Current Action and the First Amended Complaint

The BKK Working Group, also known as the BKK Joint Defense Group ("BKK Working Group" or "Plaintiffs") is an unincorporated association of entities of the type described in Rule 17(b)(3)(A) and California Code of Civil Procedure Section 369.5 comprised of the individual Plaintiffs in this Action, as identified in Attachment A.[2] Since the Group's inception, Plaintiffs have cooperated with the State of California through its agency, the Department of Toxic Substances Control ("DTSC"), to investigate and remediate the conditions at the BKK Class I Landfill in West Covina, California (hereinafter referred to as the "BKK Class I Facility"). Declaration of Douglas A. Gravelle ("Gravelle Decl.") ¶¶ 4-5.

To further their goals of investigation and remediation, on July 3, 2018, Plaintiffs filed their initial Complaint against 87 named Defendants seeking cost recovery and contribution under Sections 107(a) and 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 *et seq*. ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(f) and the California Hazardous Waste and Hazardous Substances Account Act, Health & Safety Code Sections 25300, *et seq*., for past and future response costs incurred and to be incurred by Plaintiffs for response activities undertaken and to be undertaken relating to the release and/or threatened release of hazardous substances, as defined

---

[2] Attachment A provides a list of the current individual Plaintiffs before the proposed Plaintiff substitution is made.

in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances") from the BKK Class I Facility.[3] *See* Complaint, ECF No. 1. Plaintiffs also seek complete or partial indemnity from Defendants for all response costs incurred or to be incurred at the BKK Class I Facility, pursuant to the doctrine of equitable indemnification. First Amended Complaint, ¶¶ 1180-1184. The 87 Defendants originally named in Plaintiffs' Complaint had failed to enter into tolling agreements with Plaintiffs at the time this Action was filed. Gravelle Decl. ¶ 6. Accordingly, due to the applicable statutes of limitations for Plaintiffs' claims under both Sections 107 and 113 of CERCLA, Plaintiffs timely initiated this Action to preserve their claims against these Defendants. *Id.* However, Plaintiffs' intent with respect to these Defendants was always to coordinate with DTSC on settlement negotiations and settlement offers to all viable entities. *Id.*

To further the goal of settlement, the Court has stayed this litigation and extended the time to serve Defendants so that Plaintiffs can continue dismissing tolling Defendants and/or non-viable Defendants. *See* Third Stay Order. By granting the stay and extending the time to serve, the Court allowed Plaintiffs to continue to streamline this litigation and preserve judicial and party resources. Concurrently, Plaintiffs are filing another Motion to Stay and Extend Time to Serve Defendants until July 20, 2022 so that Plaintiffs can continue their on-going settlement negotiations with the remaining named Defendants, and dismiss tolling Defendants and/or otherwise non-viable Defendants.

**B. The Proposed Second Amended Complaint**

Plaintiffs seek an order from the Court granting leave to amend the First Amended Complaint. In the almost three years since filing the Complaint (and First Amended Complaint), Plaintiffs have diligently worked to remediate conditions at

---

[3] Plaintiffs filed their First Amended Complaint on July 23, 2018 for the exclusive purpose of including newly identified Defendants and updating certain Plaintiffs' names. *See* First Amended Complaint ("FAC"), ECF No. 14.

the BKK Class I Facility, to develop a joint framework for settlement with Defendants and other Potentially Responsible Parties ("PRPs"), to identify PRPs who generated, transported, and/or arranged for disposal of materials containing Hazardous Substances to the BKK Class I Facility, to negotiate and sign tolling agreements with Defendants and other PRPs, and to analyze records and documents to determine the volume of waste attributable to each PRP at the BKK Class I Facility. Gravelle Decl. ¶¶ 4-5. Inevitably, some PRPs either refuse to sign a tolling agreement or refuse to renew (extend) an existing tolling agreement. *Id.* ¶ 5. For this reason, Plaintiffs will seek to amend the operative Complaint from time to time as necessary to add such PRPs as Defendants.

Plaintiffs seek to maintain an accurate operative Complaint on file with the Court. Specifically, an updated and accurate operative Complaint will: (1) substitute in BHPB, Inc. for Plaintiff BHPI Service LLC; and (2) remove all Defendants who Plaintiffs have previously dismissed without prejudice under Rule 41. Importantly, Plaintiffs do not seek to add new issues to the First Amended Complaint. For reference, a copy of the Proposed Second Amended Complaint is attached as Exhibit 1 to the Gravelle Declaration.

Plaintiffs seek to substitute in BHPB, Inc. as a Plaintiff in the Proposed Second Amended Complaint in lieu of Plaintiff BHPI Service LLC. BHPB, Inc. is a wholly-owned subsidiary of the J.M. Smucker Company. *Id.* ¶ 9. Following a corporate restructuring, it was believed that the liabilities, claims, and interests associated with the BKK Class I Facility rested with BHPI Service LLC. *Id.* ¶ 8. Thus, in the First Amended Complaint, BHPI Service LLC was named as a Plaintiff. *Id*. However, during a file review following a change of counsel, it was discovered that the liabilities, claims, and interests associated with the BKK Class I Facility, in reality, rest with BHPB, Inc. and that it should be the named Plaintiff in the Proposed Second Amended Complaint. *Id*.

## III. LEGAL STANDARD

Rule 15 provides parties the means to amend pleadings and flexibility in presenting their claims and defenses. By allowing for amendments, the Rule assures that cases will be heard on their merits and it avoids the injustices which can result from strict adherence to technical pleading requirements. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 declares that leave to amend "shall be freely given when justice requires." *Id.*; Fed. R. Civ. P. 15(a). Indeed, federal policy strongly favors determination of cases on their merits and generally, "a court should liberally allow a party to amend its pleading." *Sonoma Cty Ass'n of Retired Emps. v. Sonoma Cty*, 708 F.3d 1109, 1117 (9th Cir. 2013). Absent an '"apparent or declared reason,' such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint." *Rosholm v. Byb Brands, Inc.*, No. SACV 15–1738 JVS (KESx), 2016 WL 1445592, at *2 (C.D. Cal. Feb. 22, 2016) (citing *Foman*, 371 U.S. at 182).

Relevant to Plaintiffs proposed substituting BHPB, Inc. in for BHPI Service LLC, Rule 15 also states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted" if certain requirements are met. Fed. R. Civ. P. 15(c)(1)(C). Specifically, an amended complaint must satisfy Rule 15(c)(1)(B), and the party to be brought in by the amendment must have, within the period provided by Rule 4(m), "received such notice of the action that it will not be prejudiced in defending on the merits"; and "knew of or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* Rule 15(c)(1)(B) is satisfied when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.* A claim relates back

where the original and amended pleadings "share a common core of operative facts . . ." *Martell v. Triology Ltd.*, 872 F.2d 322, 327 (9th Cir. 1989). "The relation back doctrine . . . is 'liberally applied.'" *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) (internal citation omitted).

## IV. ARGUMENT

### A. The Relation Back Doctrine Applies to Substitute Plaintiff BHPI, Inc.

Rule 15 allows parties to amend their pleadings "when the original plaintiff and the substituted plaintiff has sufficient identity of interests, relation back of the amendment is not prejudicial to the defendant." *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982) (adopting the reasoning of the Seventh Circuit in *Staren v. American National Bank & Trust Co.*, 529 F.2d 1257, 1263 (9th Cir. 1976)); *see also*, *Bowles v. Reade*, 198 F.3d 752, 762 (9th Cir. 1999). Courts hone in on two issues when deciding whether to allow such an amendment: (1) whether the substitution of a plaintiff alters the facts and issues on which the action is based; and (2) whether the substituted plaintiff shares an identity of interest with the plaintiff being substituted. Intertwined with these two issues is the Court's concern that defendants could suffer any prejudice in the event a plaintiff is substituted. Generally, "courts have freely upheld the filing of an amended complaint under these circumstances." *Staren*, 529 F.2d at 1263. "[W]here the defendant has had notice from the beginning that the plaintiff . . . is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist." *Fashion Novelty Corp. of N.J. v. Cocker Mach. & Foundry Co.*, 331 F. Supp. 960, 964 (D.N.J. 1971) (internal citations omitted) (identifying a "virtual identity" between the new and original plaintiffs).

Here, the elements of Rule 15 are satisfied and allow Plaintiffs to substitute in BHPB, Inc. in lieu of Plaintiff BHPI Service LLC in the Proposed Second Amended Complaint. Substituting this Plaintiff will not alter the facts and/or issues on which

the action is based - all the claims, facts, and issues in the Proposed Second Amended Complaint are identical to those of the current First Amended Complaint. Additionally, BHPI Service LLC and BHPB, Inc. share an identity of interests. Both entities are or were wholly-owned subsidiaries of the J.M. Smucker Company. Gravelle Decl. ¶ 9. After a corporate restructuring, it was believed that BHPI Service LLC possessed the liabilities, claims, and interests associated with the BKK Class I Facility, which stem from certain successor liability of the Heinz Company (Heinz), as alleged in the current First Amended Complaint. *Id.* ¶ 8. Recently, however, this was discovered to be incorrect. *Id*. Instead, BHPB, Inc. holds Heinz's successor liability, claims, and interests associated with the BKK Class I Facility. *Id*. Finally, under the Court's Third Stay Order, Plaintiffs have yet to serve the First Amended Complaint upon Defendants, and because the substance of the First Amended Complaint will remain, the Defendants in this Action will not be prejudiced if Plaintiffs are allowed to amend the First Amended Complaint as explained in this Motion.

**B. Lifting the Stay for This Limited Purpose Will Further the Goal of Settlement with the PRP Defendants & Will Allow this Action to be Heard Fully on its Merits.**

Since filing the Complaint (and First Amended Complaint) in July 2018, Plaintiffs have operated with the intent to offer settlement to all Defendant PRPs. *Id.* ¶ 6. In furtherance of this objective, the Court has stayed this litigation and has extended the time to serve Defendants. *See* Third Stay Order. Lifting the stay for the limited purpose of amending the First Amended Complaint would serve a similar purpose to voluntarily dismissing named Defendants. Amending the First Amended Complaint to correct one Plaintiff and remove certain dismissed Defendants will facilitate settlement and voluntary dismissal, as named Defendants will have an increased incentive to settle and negotiate. Settlement - and by extension voluntary dismissals - are "the heart of the Superfund process" and CERCLA itself commands government agencies to proceed by settlement whenever possible. *Atlantic Richfield*

*Company v. Christian*, 140 S.Ct. 1335, 1355 (2020); 42 U.S.C. § 9622(a) (proceed by settlement whenever possible "in order to expedite effective remedial actions and minimize litigation."). Further, clarity and accuracy in the operative Complaint is of utmost importance to all parties involved in this Action. For Plaintiffs and Defendants, it is important to have the correct parties named both in negotiating settlements and for when the operative Complaint is ultimately served on Defendants.

Further, granting this Motion will allow Plaintiffs to present an accurate, up to date operative Complaint so that this Action can be heard wholly on its merits. The Proposed Second Amended Complaint adds no new allegations, claims, or facts. Also, it would be unjust going forward to not add additional non-tolling PRPs who generated, transported, and/or arranged for disposal of hazardous waste at the BKK Class I Facility. Further, because Plaintiffs have not yet served Defendants with either the Complaint or the First Amended Complaint, there is no risk of undue prejudice to any Defendant in granting this Motion. Finally, Plaintiffs present this Motion in good faith, and as part of their efforts to maintain an accurate operative Complaint. This Motion goes hand-in-hand with Plaintiffs' dismissals of Defendants who enter into tolling agreements with the BKK Working Group.

## V. CONCLUSION

Plaintiffs seek leave to amend only for the limited purposes outlined in this Motion in order to ensure that their claims can be fully heard, and to further their intention of settlement and dismissal with all viable Defendants. Because this Motion is not brought in bad faith, to cause undue delay, and will not prejudice Defendants, Plaintiffs now respectfully move for an Order to lift the stay for the limited purpose of amending the First Amended Complaint; for an Order granting leave to amend the Complaint to accurately reflect the parties to avoid any confusion; and for an Order amending the operative Stay Order.

Dated: May 4, 2021

HINSON GRAVELLE & ADAIR LLP

By: /s/ Douglas A. Gravelle
Douglas A. Gravelle,
Attorneys for Plaintiff
BKK WORKING GROUP, an unincorporated association, and the individual members identified below

ATTACHMENT A

PLAINTIFFS[4]

BKK WORKING GROUP

ANADARKO E&P ONSHORE LLC

ATLANTIC RICHFIELD COMPANY

ASHLAND LLC.

BAYER CROPSCIENCE INC.

BHPI SERVICE LLC

THE BOEING COMPANY

CALIFORNIA RESOURCES CORPORATION

CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY

CHEVRON MARINE PRODUCTS LLC

CONOCOPHILLIPS COMPANY

CROSBY & OVERTON, INC.

THE DOW CHEMICAL COMPANY

DUCOMMUN AEROSTRUCTURES, INC.

ESSEX CHEMICAL CORPORATION

EXXON MOBIL CORPORATION

GEMINI INDUSTRIES, INC.

GENERAL DYNAMICS CORPORATION

GENERAL LATEX AND CHEMICAL CORPORATION

HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY)

AMERICAN HONDA MOTOR CO., INC.

HUNTINGTON BEACH COMPANY

LOCKHEED MARTIN CORPORATION

MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS INC.)

---

[4] This is the current list of Plaintiffs before Plaintiffs' proposed substitution.

MONTROSE CHEMICAL CORPORATION OF CALIFORNIA
MORTELL COMPANY
MORTON INTERNATIONAL, INC.
NATIONAL STEEL AND SHIPBUILDING COMPANY
NORTHROP GRUMMAN SYSTEMS CORPORATION
OXY USA, INC.
QUEMETCO, INC.
ROCKWELL AUTOMATION, INC.
ROHM & HAAS COMPANY
ROHR, INC.
SAN DIEGO GAS & ELECTRIC COMPANY
SMITH INTERNATIONAL, INC.
SOUTHERN CALIFORNIA EDISON COMPANY
SOUTHERN CALIFORNIA GAS COMPANY
STAUFFER MANAGEMENT COMPANY LLC
THE PROCTER & GAMBLE MANUFACTURING COMPANY
THUMS LONG BEACH COMPANY
UNION CARBIDE CORPORATION
UNION PACIFIC RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY
UNITED STATES STEEL CORPORATION
UNITED TECHNOLOGIES CORPORATION
UNIVAR USA INC.
AMERON INTERNATIONAL CORPORATION