**EXHIBIT 1**

**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
FAX: 661-294-0134

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN | Case No. 2:18-cv-05836-~~AB-Ex~~MWF-PLA

**[PROPOSED] SECOND~~FIRST~~ AMENDED COMPLAINT FOR:**

1.  CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)]
2.  CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)]
3.  CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)]
4.  CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)]
5.  HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 25300, ET SEQ.]
6.  EQUITABLE INDEMNIFICATION
7.  COMMON LAW SUBROGATION
8.  DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060]
9.  DECLARATORY RELIEF [28 U.S.C. § 2201] |

HONDA MOTOR CO., INC.;
HUNTINGTON BEACH
COMPANY; LOCKHEED
MARTIN CORPORATION;
MARS, INC. (FORMERLY
KNOWN AS KAL KAN FOODS
INC.); MONTROSE CHEMICAL
CORPORATION OF
CALIFORNIA; MORTELL
COMPANY; MORTON
INTERNATIONAL, INC.;
NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY
USA, INC.; QUEMETCO, INC.;
ROCKWELL AUTOMATION,
INC.; ROHM & HAAS
COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC
COMPANY; SMITH
INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA
EDISON COMPANY;
SOUTHERN CALIFORNIA GAS
COMPANY; STAUFFER
MANAGEMENT COMPANY
LLC; THE PROCTER &
GAMBLE MANUFACTURING
COMPANY; THUMS LONG
BEACH COMPANY; UNION
CARBIDE CORPORATION;
UNION PACIFIC
RAILROAD/SOUTHERN
PACIFIC TRANSPORTATION
COMPANY; UNITED STATES
STEEL CORPORATION;
UNITED TECHNOLOGIES
CORPORATION; UNIVAR USA
INC.; AND AMERON
INTERNATIONAL
CORPORATION,

Plaintiffs,

vs.

2

ALBERTSONS COMPANIES, INC.; ALCO INDUSTRIES, INC.; ALLERGAN, INC.; AMERICAN CAN COMPANY; AMPEX CORP.; ANCO METAL IMPROVEMENT CO.; ARDAGH GROUP S.A.; ARGO PETROLEUM CORP.; AURUM INDUSTRIES, INC.; BARRY WRIGHT CONTROLS; BEAULIEU OF AMERICA, INC.; BIRTCHER PACIFIC; BROWNING FERRIS INDUSTRIES; BFI XV REALTY FUND LTD.; BYRON JACKSON PUMPS, INC.; CAROL CABLE CO.; CARLTON FORGE WORKS; CIBA GEIGY CORP.; CLEVELAND WRECKING CO.; COLUMBIA PICTURES; COOPER INDUSTRIES, INC.; COTY, INC.; CROWLEY INC.; DESOTO INC.; DON KNOTT FORD; DRESSER INDUSTRIES, INC.; DUREX INC.; ELECTROFILM INC.; EMHART INDUSTRIES, INC.; FASSON CORP.; FEDERAL-MOGUL CORP.; FEDERAL-MOGUL LLC; FEDERAL RESERVE BANK; FRICTION INC.; FRICTION MATERIALS CORP.; FMC CORPORATION; FORD AEROSPACE AND COMMUNICATIONS CORP.; FORD MOTOR COMPANY; FOSTER-FORBES GLASS CO.; GENERAL MILLS, INC.; GLASS CONTAINERS CORP.; GENSTAR BUILDING MATERIALS CO.; GENSTAR ROOFING PRODUCTS COMPANY, INC.; GKN AEROSPACE CHEM-TRONICS INC.; GLOBAL TUBE CORPORATION; GWB (US), INC.; HILL BROTHERS CHEMICAL CO.; HI-SHEAR CORP.; HOLLYTEX CARPET MILLS, INC.; HOUGHTON INTERNATIONAL INC.; JEFFRIES BANK NOTES CO.; JOHNSON CONTROLS INC.; JOSLYN MANUFACTURING & SUPPLY CO.;

3

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

KAISER FOUNDATION HEALTH PLAN, INC.; LISI AEROSPACE NORTH AMERICA, INC.; LONG BEACH TERMINAL COMPANY; MAX FACTOR CO.; MERCURY AEROSPACE INC.; MERCURY AEROSPACE FASTENERS; MRC HOLDINGS, INC.; NORTH AMERICAN ENVIRONMENTAL; NORTHROP PACIFIC; OWENS-ILLINOIS, INC.; PARAMOUNT PICTURES CORP.; PILLSBURY CO.; PRICE PFISTER *NKA* PFISTER; REPUBLIC SERVICES, INC.; RIO TINTO ALCAN INC.; SANDIA METAL PROCESS, INC.; SANMINA-SCI CORP.; SEQUA CORPORATION; SHUWA INVESTMENTS CORP.; SIERRACIN; SIKA CORP.; SMITH & CO.; SPS TECHNOLOGIES, INC.; STANLEY BLACK & DECKER, INC.; STANLEY WORKS; STRUCTURAL COMPOSITE INDUSTRIES; SUMITOMO LIFE REALTY; SYNTHANE TAYLOR; TECHNICOLOR, INC.; THOMPSON INDUSTRIES; THORPE INSULATION CO.; TTM TECHNOLOGIES, INC.; VOUGHT AIRCRAFT INDUSTRIES INC.; PARAMOUNT PETROLEUM CORPORATION; and DOES 1-10,

Defendants.

~~FIRST~~SECOND AMENDED COMPLAINT
(2:18-CV-05836-~~MWF-PLA~~AB-Ex)

1     Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

2   LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC; BAYER

3   CROPSCIENCE INC.; ~~BHPI SERVICE LLC~~BIG HEART PET BRANDS,

4   INC.; THE BOEING COMPANY; CALIFORNIA RESOURCES

5   CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT

6   COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS

7   COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL

8   COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX

9   CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI

10   INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL

11   LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY

12   KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN HONDA

13   MOTOR CO., INC.; HUNTINGTON BEACH COMPANY; LOCKHEED

14   MARTIN CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL

15   KAN FOODS INC.); MONTROSE CHEMICAL CORPORATION OF

16   CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,

17   INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP

18   GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO,

19   INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;

20   ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

21   INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON

22   COMPANY;  SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER

23   MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE

24   MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;

25   UNION CARBIDE CORPORATION; UNION PACIFIC

26   RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY;

27   UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES

28   CORPORATION; UNIVAR USA INC.; AND AMERON INTERNATIONAL

1  CORPORATION (collectively referred to herein as "Plaintiffs" or

2  individually as "Plaintiff") allege as follows:

3  **STATEMENT OF THE CASE**

4       1.     This is a civil action for cost recovery under Section 107(a), an action

5  for contribution under Section 113 of the Comprehensive Environmental Response,

6  Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.*

7  ("CERCLA") and contribution under The Carpenter-Presley-Tanner Hazardous

8  Substance Account Act ("HSAA"), California Health and Safety Code section

9  25300 et seq., relating to the release and/or threatened release of hazardous

10  substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C.

11  § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I

12  Landfill.  The BKK Class I Landfill is located on a portion of a much larger 583-

13  acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles

14  County, California.  Other facilities located on this property include a closed Class

15  III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and

16  related pollution control equipment.  The BKK Class I Landfill and the LTP,

17  service roads, and related pollution control equipment, which serve it, are

18  collectively referred to hereinafter as the "BKK Class I Facility"[1] and are the

19  subject of this lawsuit.  The closed Class III municipal landfill is not the subject of

20  this lawsuit.  True and correct copies of the parcel maps describing the property are

21  attached hereto as **Exhibit A**.  The State of California has alleged in a series of

22  three complaints filed against some or all of the Plaintiffs[2] that it has incurred

23  response costs in connection with actions taken in response to releases or threatened

_____

25  [1] "BKK Class I Facility," as used herein, is equivalent to the term "Subject
    Property" as that term is used in the First, Second Third Partial and Amended Third
26  Partial Consent Decrees.  The First, Second Third Partial and Amended Third
    Partial Consent Decrees are defined *infra* at Paragraphs ~~1116, 1121 and 1126~~908,
27  913, 918 and 923, respectively.

28  [2] The three complaints are described in more detail in paragraphs ~~1115, 1120, and
    1125~~907, 912 and 917, *infra*.

1   releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties

2   named as a defendant herein at paragraphs 61-~~148~~113 and Does 1-10 (collectively

3   referred to herein as "Defendants" or individually as "Defendant") generated,

4   transported and/or arranged for disposal of materials containing Hazardous

5   Substances to the BKK Facility.

6       2.      Plaintiffs seek to recover from each Defendant pursuant to Section

7   107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs

8   incurred and to be incurred by Plaintiffs in a manner consistent with the National

9   Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities

10  undertaken and to be undertaken at and in relation to the BKK Class I Facility that

11  were caused by the release or threatened release of Hazardous Substances at and

12  from the BKK Class I Facility.

13      3.      Plaintiffs also seek contribution from each Defendant pursuant to

14  Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary

15  response costs incurred and to be incurred by Plaintiffs pursuant to the First,

16  Second, Third Partial and Amended Third Partial Consent Decrees in a manner

17  consistent with the NCP for response activities undertaken and to be undertaken at

18  and in relation to the BKK Class I Facility that were caused by the release or

19  threatened release of Hazardous Substances at and from the BKK Class I Facility.

20      4.      Plaintiffs further seek a declaration as to each Defendant's liability and

21  associated allocation of past and future response costs in accordance with Section

22  113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade

23  Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

24  action or actions brought by Plaintiffs against the Defendants to recover further

25  response costs.

26      5.      Plaintiffs additionally seek contribution from each Defendant pursuant

27  to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code

28  §§ 25300-25395, and Cal. Health and Safety Code § 25363 for past and future

7

1   necessary response costs incurred and to be incurred by Plaintiffs in a manner

2   consistent with the NCP to address releases or threatened releases of Hazardous

3   Substances at and from the BKK Class I Facility.

4       6.   Plaintiffs are also entitled to complete or partial indemnity from

5   Defendants for all response costs incurred or to be incurred at the BKK Class I

6   Facility, pursuant to the doctrine of equitable indemnification.

7       7.   A sub-set of Plaintiffs who allege they have reimbursed entities or

8   directly paid for and participated in directing response actions on behalf of other

9   entities (including other Plaintiffs) that have incurred past, necessary response

10   costs, including pursuant to the First, Second, Third Partial and Amended Third

11   Partial Consent Decrees in a manner consistent with the NCP, for response

12   activities undertaken at and in relation to the BKK Class I Facility, assert

13   subrogated cost recovery and contribution claims against each Defendant pursuant

14   to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common

15   law equitable subrogation.

16       8.   Plaintiffs also seek a declaratory judgment pursuant to the Declaratory

17   Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure

18   §1060 setting forth the parties' rights and obligations toward one another for future

19   costs incurred to address contamination at or from the BKK Class I Facility

20       9.   Through mid-2017, the BKK Working Group has incurred or is

21   committed to incur approximately $249 million in costs associated with the BKK

22   Class I Facility, and the total cost of necessary response actions to fully remediate

23   the BKK Class I Facility was estimated by the State of California Department of

24   Toxic Substances Control ("DTSC") in 2010 at nearly $800 million.  Each

25   Defendant has declined Plaintiffs' request(s) to enter into a tolling agreement to

26   facilitate settlement discussions, necessitating this lawsuit to resolve Defendants'

27   liabilities.

28

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

**JURISDICTION**

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this ~~First~~Second Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

**VENUE**

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District, and because the BKK Class I Facility is located within this District.

12.     Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases and response costs at issue occurred in this District.

**PLAINTIFFS**

13.     The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently includes the Plaintiffs identified in paragraphs 14-60 below as members, which assert the claims in this ~~First~~Second Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility

9

1  of the Member Assignors.  Plaintiffs are working together towards the common
2  objective of addressing conditions at the BKK Class I Facility in cooperation with
3  state and federal agencies.  Each Plaintiff has incurred necessary response costs
4  consistent with the NCP at the BKK Class I Facility.  The BKK Working Group,
5  and each of its individual members, is a "person" within the meaning of CERCLA
6  § 101(21), 42 U.S.C. § 9601(21).

7       14.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized
8  under the laws of the State of Delaware. At all times referred to herein, Anadarko
9  E&P Onshore LLC, or its corporate predecessor, was and is authorized to do
10 business, and was and is doing business, in California.   The State of California has
11 alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a
12 Hazardous Substance at the BKK Class I Facility, as those terms are described in
13 section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore
14 LLC is a member of the BKK Working Group and as a member of the BKK
15 Working Group has incurred necessary response costs in a manner consistent with
16 the NCP at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no
17 allegations against the following Defendants:  Sun Exploration, the City of Carson,
18 the City of Hermosa Beach, the City of Riverside, and the City of San Diego.

19      15.    Plaintiff Ashland LLC is a limited liability company organized under
20 the laws of the State of Kentucky and authorized to do business in the State of
21 California.  Ashland LLC is the corporate successor of Ashland Chemical Company
22 and, for the matters set forth herein, the contractual indemnitor of Filtrol
23 Corporation. Both companies were authorized to do business in California at all
24 relevant times referred to herein.  The State of California has alleged that Ashland
25 Chemical Company and Filtrol Corporation are Covered Persons, as described in
26 section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of
27 Hazardous Substances at the BKK Class I Facility.  Ashland LLC and Filtrol
28 Corporation are members of the BKK Working Group and as members of the BKK

1  Working Group have incurred necessary response costs in a manner consistent with

2  the NCP at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims

3  and interests relevant hereto to Ashland LCC.

4         16.    Plaintiff Atlantic Richfield Company is a corporation organized under

5  the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

6  Company, or its corporate predecessor, was and is authorized to do business, and

7  was and is doing business, in California.  The State of California has alleged that

8  Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous

9  Substance at the BKK Class I Facility, as those terms are described in section

10  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a

11  member of the BKK Working Group and as a member of the BKK Working Group

12  has incurred necessary response costs in a manner consistent with the NCP at the

13  BKK Class I Facility.

14         17.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the

15  laws of the State of Delaware. At all times referred to herein, Bayer CropScience

16  Inc., or its corporate predecessor, was and is authorized to do business, and was and

17  is doing business, in California.  The State of California has alleged that Plaintiff

18  Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the

19  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

20  42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working

21  Group, has incurred necessary response costs in a manner consistent with the NCP

22  at the BKK Class I Facility.

23         18.    Plaintiff ~~BHPI Service LLC~~Big Heart Pet Brands, Inc. is a corporation

24  organized under the laws of the State of Delaware. At all times referred to herein,

25  ~~BHPI Service LLC~~Big Heart Pet Brands, Inc., or its corporate predecessor, was and

26  is authorized to do business, and was and is doing business, in California.  The

27  State of California has alleged that the assignee to the successor in interest to

28  certain liability of H.J. Heinz Company, arranged for the disposal of a Hazardous

11

Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ~~BHPI Service LLC~~Big Heart Pet Brands, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

19.    Plaintiff The Boeing Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Boeing Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Boeing Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a member, The Boeing Company has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

20.    Plaintiff California Resources Corporation is a corporation organized under the laws of the State of Pennsylvania. At all times referred to herein, California Resources Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff California Resources Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff California Resources Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility

21.    Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred to herein, Chevron Environmental Management Company, or its corporate

affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that certain corporate affiliates of Plaintiff Chevron Environmental Management Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Environmental Management Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

22.    Plaintiff Chevron Marine Products LLC is a limited liability company organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Marine Products LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Chevron Marine Products LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Marine Products LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

23.    Reserved.

24.    Plaintiff ConocoPhillips Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, ConocoPhillips Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a member of the BKK Working Group and as a member of the BKK Working Group

1 has incurred necessary response costs in a manner consistent with the NCP at the
2 BKK Class I Facility.

3      25.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the
4 laws of the State of California. At all times referred to herein, Crosby & Overton,
5 Inc., or its corporate predecessor, was and is authorized to do business, and was and
6 is doing business, in California. The State of California has alleged that Plaintiff
7 Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the
8 BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,
9 42 U.S.C. § 9607(a). Plaintiff Crosby & Overton, Inc. is a member of the BKK
10 Working Group and as a member of the BKK Working Group has incurred
11 necessary response costs in a manner consistent with the NCP at the BKK Class I
12 Facility.

13      26.    Plaintiff The Dow Chemical Company is a corporation organized
14 under the laws of the State of Delaware. At all times referred to herein, The Dow
15 Chemical Company, or its corporate predecessor, was and is authorized to do
16 business, and was and is doing business, in California. The State of California has
17 alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a
18 Hazardous Substance at the BKK Class I Facility, as those terms are described in
19 section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff The Dow Chemical
20 Company is a member of the BKK Working Group and as a member of the BKK
21 Working Group has incurred necessary response costs in a manner consistent with
22 the NCP at the BKK Class I Facility.

23      27.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized
24 under the laws of the State of Delaware. At all times referred to herein, Ducommun
25 Aerostructures, Inc., or its corporate predecessor, was and is authorized to do
26 business, and was and is doing business, in California. The State of California has
27 alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a
28 Hazardous Substance at the BKK Class I Facility, as those terms are described in

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun

2   Aerostructures, Inc. is a member of the BKK Working Group and as a member of

3   the BKK Working Group has incurred necessary response costs in a manner

4   consistent with the NCP at the BKK Class I Facility.

5        28.    Plaintiff Essex Chemical Corporation is a corporation organized under

6   the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical

7   Corporation, or its corporate predecessor, was and is authorized to do business, and

8   was and is doing business, in California.  The State of California has alleged that

9   Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous

10  Substance at the BKK Class I Facility, as those terms are described in section

11  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is

12  a member of the BKK Working Group and as a member of the BKK Working

13  Group has incurred necessary response costs in a manner consistent with the NCP

14  at the BKK Class I Facility.

15       29.    Plaintiff Exxon Mobil Corporation is a corporation organized under

16  the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil

17  Corporation, or its corporate predecessor, was and is authorized to do business, and

18  was and is doing business, in California.  The State of California has alleged that

19  Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous

20  Substance at the BKK Class I Facility, as those terms are described in section

21  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a

22  member of the BKK Working Group and as a member of the BKK Working Group

23  has incurred necessary response costs in a manner consistent with the NCP at the

24  BKK Class I Facility.

25       30.    Plaintiff Gemini Industries, Inc. is a corporation organized under the

26  laws of the State of California. At all times referred to herein, Gemini Industries,

27  Inc. or its corporate predecessor, was and is authorized to do business, and was and

28  is doing business, in California.  The State of California has alleged that Plaintiff

15

1    Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the
2    BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,
3    42 U.S.C. § 9607(a).  Plaintiff Gemini Industries, Inc. is a member of the BKK
4    Working Group.  As a member of the BKK Working Group, and also prior to
5    becoming a Member, Gemini Industries, Inc. has incurred necessary response costs
6    in a manner consistent with the NCP at the BKK Class I Facility.

7           31.    Plaintiff General Dynamics Corporation is a corporation organized
8    under the laws of the State of Delaware.  During the years of operation of the BKK
9    Class I Landfill, specifically from approximately 1975 until 1984, General
10   Dynamics Corporation was authorized to do business, and was doing business, in
11   California.  The State of California has alleged that Plaintiff General Dynamics
12   Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I
13   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §
14   9607(a).  Plaintiff General Dynamics Corporation is a member of the BKK
15   Working Group and as a member of the BKK Working Group has incurred
16   necessary response costs in a manner consistent with the NCP at the BKK Class I
17   Facility.

18          32.    Plaintiff General Latex and Chemical Corporation is a corporation
19   organized under the laws of the State of Massachusetts. At all times referred to
20   herein, General Latex and Chemical Corporation, or its corporate predecessor, was
21   and is authorized to do business, and was and is doing business, in California.  The
22   State of California has alleged that Plaintiff General Latex and Chemical
23   Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I
24   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §
25   9607(a).  Plaintiff General Latex and Chemical Corporation is a member of the
26   BKK Working Group and as a member of the BKK Working Group has incurred
27   necessary response costs in a manner consistent with the NCP at the BKK Class I
28   Facility.

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

33.     Plaintiff HP Inc., formerly known as Hewlett-Packard Company, is a corporation organized under the laws of the State of Delaware. At all times referred to herein, HP Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff HP Inc. any arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff HP Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

34.     Plaintiff American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff American Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

35.     Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is a member of the BKK Working Group and as a member of the BKK Working

17

1    Group has incurred necessary response costs in a manner consistent with the NCP

2    at the BKK Class I Facility.

3         36.    Plaintiff Lockheed Martin Corporation is a corporation organized

4    under the laws of the State of Maryland. At all times referred to herein, Lockheed

5    Martin Corporation, or its corporate predecessor, was and is authorized to do

6    business, and was and is doing business, in California.  The State of California has

7    alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a

8    Hazardous Substance at the BKK Class I Facility, as those terms are described in

9    section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin

10   Corporation is a member of the BKK Working Group.  As a Member of the BKK

11   Working Group, and also prior to becoming a member, Lockheed Martin

12   Corporation has incurred necessary response costs in a manner consistent with the

13   NCP at the BKK Class I Facility.

14        37.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a

15   corporation organized under the laws of the State of Delaware. At all times referred

16   to herein, Mars, Inc., or its corporate predecessor, was and is authorized to do

17   business, and was and is doing business, in California.  The State of California has

18   alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance

19   at the BKK Class I Facility, as those terms are described in section 107(a) of

20   CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK

21   Working Group and as a member of the BKK Working Group has incurred

22   necessary response costs in a manner consistent with the NCP at the BKK Class I

23   Facility.

24        38.    Plaintiff Montrose Chemical Corporation of California is a corporation

25   organized under the laws of the State of Delaware. At all times referred to herein,

26   Montrose Chemical Corporation of California, or its corporate predecessor, was and

27   is authorized to do business, and was and is doing business, in California.  The

28   State of California has alleged that Plaintiff Montrose Chemical Corporation of

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1  California arranged for the disposal of a Hazardous Substance at the BKK Class I

2  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

3  9607(a).  Plaintiff Montrose Chemical Corporation of California is a member of the

4  BKK Working Group and as a member of the BKK Working Group has incurred

5  necessary response costs in a manner consistent with the NCP at the BKK Class I

6  Facility.

7      39.    Plaintiff Mortell Company is a corporation organized under the laws of

8  the State of Delaware.  At all times referred to herein, Mortell Company or its

9  corporate predecessor, was and is authorized to do business, and was and is doing

10  business, in California.  The State of California has alleged that Plaintiff Mortell

11  Company arranged for the disposal of a Hazardous Substance at the BKK Class I

12  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

13  9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and

14  as a member of the BKK Working Group has incurred necessary response costs in a

15  manner consistent with the NCP at the BKK Class I Facility.

16      40.    Plaintiff Morton International, Inc. is a corporation organized under

17  the laws of the State of Indiana. At all times referred to herein, Morton

18  International, Inc., or its corporate predecessor, was and is authorized to do

19  business, and was and is doing business, in California.  The State of California has

20  alleged that Plaintiff Morton International, Inc. arranged for the disposal of a

21  Hazardous Substance at the BKK Class I Facility, as those terms are described in

22  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International,

23  Inc. is a member of the BKK Working Group and as a member of the BKK

24  Working Group has incurred necessary response costs in a manner consistent with

25  the NCP at the BKK Class I Facility.

26      41.    Plaintiff National Steel and Shipbuilding Company is a corporation

27  organized under the laws of the State of Nevada. At all times referred to herein,

28  National Steel and Shipbuilding Company, or its corporate predecessor, was and is

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1   authorized to do business, and was and is doing business, in California.  The State

2   of California has alleged that Plaintiff National Steel and Shipbuilding Company

3   arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

4   those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

5   Plaintiff National Steel and Shipbuilding Company is a member of the BKK

6   Working Group and as a member of the BKK Working Group has incurred

7   necessary response costs in a manner consistent with the NCP at the BKK Class I

8   Facility.

9        42.    Plaintiff Northrop Grumman Systems Corporation is a corporation

10   organized under the laws of the State of Delaware. At all times referred to herein,

11   Northrop Grumman Systems Corporation, or its corporate predecessor, was and is

12   authorized to do business, and was and is doing business, in California.  The State

13   of California has alleged that Plaintiff Northrop Grumman Systems Corporation

14   arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

15   those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

16   Plaintiff Northrop Grumman Systems Corporation is a member of the BKK

17   Working Group and as a member of the BKK Working Group has incurred

18   necessary response costs in a manner consistent with the NCP at the BKK Class I

19   Facility.

20        43.    Plaintiff OXY USA, Inc. is a corporation organized under the laws of

21   the State of Delaware. At all times referred to herein, OXY USA, Inc., or its

22   corporate predecessor, was and is authorized to do business, and was and is doing

23   business, in California.  The State of California has alleged that Plaintiff OXY

24   USA, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I

25   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

26   9607(a).  Plaintiff OXY USA, Inc. is a member of the BKK Working Group and as

27   a member of the BKK Working Group has incurred necessary response costs in a

28   manner consistent with the NCP at the BKK Class I Facility

1    44.    Plaintiff Quemetco, Inc. is a corporation organized under the laws of

2    the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

3    corporate predecessor, was and is authorized to do business, and was and is doing

4    business, in California.  The State of California has alleged that Plaintiff Quemetco,

5    Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility,

6    as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

7    Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member

8    of the BKK Working Group has incurred necessary response costs in a manner

9    consistent with the NCP at the BKK Class I Facility.

10    45.    Plaintiff Rockwell Automation, Inc. is a corporation organized under

11    the laws of the State of Delaware.  At all times referred to herein, Rockwell

12    Automation, Inc., or its corporate predecessor, was and is authorized to do business,

13    and was and is doing business, in California.  The State of California has alleged

14    that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous

15    Substance at the BKK Class I Facility, as those terms are described in section

16    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a

17    member of the BKK Working Group and as a member of the BKK Working Group

18    has incurred necessary response costs in a manner consistent with the NCP at the

19    BKK Class I Facility.

20    46.    Plaintiff Rohm & Haas Company is a corporation organized under the

21    laws of the State of Delaware. At all times referred to herein, Rohm & Haas

22    Company, or its corporate predecessor, was and is authorized to do business, and

23    was and is doing business, in California.  The State of California has alleged that

24    Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous

25    Substance at the BKK Class I Facility, as those terms are described in section

26    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a

27    member of the BKK Working Group and as a member of the BKK Working Group

28

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1  has incurred necessary response costs in a manner consistent with the NCP at the

2  BKK Class I Facility.

3        47.    Plaintiff Rohr, Inc. is a corporation organized under the laws of the

4  State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate

5  predecessor, was and is authorized to do business, and was and is doing business, in

6  California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged for

7  the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

8  are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr,

9  Inc. is a member of the BKK Working Group and as a member of the BKK

10  Working Group has incurred necessary response costs in a manner consistent with

11  the NCP at the BKK Class I Facility.

12        48.    Plaintiff San Diego Gas & Electric Company is a corporation

13  organized under the laws of the State of California. At all times referred to herein,

14  San Diego Gas & Electric Company, or its corporate predecessor, was and is

15  authorized to do business, and was and is doing business, in California.  The State

16  of California has alleged that Plaintiff San Diego Gas & Electric Company arranged

17  for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

18  terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

19  San Diego Gas & Electric Company is a member of the BKK Working Group and

20  as a member of the BKK Working Group has incurred necessary response costs in a

21  manner consistent with the NCP at the BKK Class I Facility.

22        49.    Plaintiff Smith International, Inc. is a corporation organized under the

23  laws of the State of California. At all times referred to herein, Smith International,

24  Inc., or its corporate predecessor, was and is authorized to do business, and was and

25  is doing business, in California.  The State of California has alleged that Plaintiff

26  Smith International, Inc. arranged for the disposal of a Hazardous Substance at the

27  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

28  42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a member of the BKK

1   Working Group and as a member of the BKK Working Group has incurred

2   necessary response costs in a manner consistent with the NCP at the BKK Class I

3   Facility

4        50.    Plaintiff Southern California Edison Company is a corporation

5   organized under the laws of the State of California. At all times referred to herein,

6   Southern California Edison Company, or its corporate predecessor, was and is

7   authorized to do business, and was and is doing business, in California.  The State

8   of California has alleged that Plaintiff Southern California Edison Company

9   arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

10  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

11  Plaintiff Southern California Edison Company is a member of the BKK Working

12  Group and as a member of the BKK Working Group has incurred necessary

13  response costs in a manner consistent with the NCP at the BKK Class I Facility.

14       51.    Plaintiff Southern California Gas Company is a corporation organized

15  under the laws of the State of California. At all times referred to herein, Southern

16  California Gas Company, or its corporate predecessor, was and is authorized to do

17  business, and was and is doing business, in California.  The State of California has

18  alleged that Plaintiff Southern California Gas Company arranged for the disposal of

19  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

20  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas

21  Company is a member of the BKK Working Group and as a member of the BKK

22  Working Group has incurred necessary response costs in a manner consistent with

23  the NCP at the BKK Class I Facility.

24       52.    Plaintiff Stauffer Management Company LLC is a limited liability

25  corporation organized under the laws of the State of Delaware.  At all times referred

26  to herein, Stauffer Management Company LLC was and is authorized to do

27  business, and was and is doing business, in California.  Stauffer Management

28  Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

1   this legal obligation, has paid the response costs incurred by Bayer CropScience,

2   Inc. and has participated in directing remediation efforts as an agent for Bayer

3   CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company

4   LLC also is an assignee to the subrogation and other rights or causes of action

5   Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as

6   a result of reimbursements it has made to Stauffer Management Company LLC for

7   response costs paid for by Stauffer Management Company LLC in connection with

8   the BKK Class I Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and

9   Stauffer Management Company LLC submitted demands to Defendants as

10  contemplated by CERCLA § 112(b) and (c), thereby making them each a

11  "claimant" as that term is used in the statute.  Although Stauffer Management

12  Company LLC and Syngenta Crop Protection, LLC are not members of the BKK

13  Working Group, because the costs they have incurred result directly from Bayer

14  CropScience's participation in the BKK Working Group, for purposes of the

15  allegations in this ~~First~~Second Amended Complaint relating to the incurrence of

16  response costs, the term "BKK Working Group" includes Stauffer Management

17  Company LLC and Syngenta Crop Protection, LLC.

18      53.    Plaintiff The Procter & Gamble Manufacturing Company is a

19  corporation organized under the laws of the State of Ohio.  At all times referred to

20  herein, The Procter & Gamble Manufacturing Company, or its corporate

21  predecessor, was and is authorized to do business, and was and is doing business, in

22  California.  The State of California has alleged that Plaintiff The Procter & Gamble

23  Manufacturing Company arranged for the disposal of a Hazardous Substance at the

24  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

25  42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a

26  member of the BKK Working Group and as a member of the BKK Working Group

27  has incurred necessary response costs in a manner consistent with the NCP at the

28  BKK Class I Facility.

54.     Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

55.     Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

56.     Plaintiff Union Pacific Railroad, formerly known as Southern Pacific Transportation Company, is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a

1  member of the BKK Working Group has incurred necessary response costs in a

2  manner consistent with the NCP at the BKK Class I Facility.

3      57.    Plaintiff United States Steel Corporation is a corporation organized

4  under the laws of the State of Delaware. At all times referred to herein, United

5  States Steel Corporation, or its corporate predecessor, was and is authorized to do

6  business, and was and is doing business, in California.  The State of California has

7  alleged that Plaintiff United States Steel Corporation arranged for the disposal of a

8  Hazardous Substance at the BKK Class I Facility, as those terms are described in

9  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel

10  Corporation is a member of the BKK Working Group and as a member of the BKK

11  Working Group has incurred necessary response costs in a manner consistent with

12  the NCP at the BKK Class I Facility.

13      58.    Plaintiff United Technologies Corporation is a corporation organized

14  under the laws of the State of Delaware. At all times referred to herein, United

15  Technologies Corporation, or its corporate predecessor, was and is authorized to do

16  business, and was and is doing business, in California.  The State of California has

17  alleged that Plaintiff United Technologies Corporation arranged for the disposal of

18  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

19  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United Technologies

20  Corporation is a member of the BKK Working Group and as a member of the BKK

21  Working Group has incurred necessary response costs in a manner consistent with

22  the NCP at the BKK Class I Facility.

23      59.    Plaintiff Univar USA Inc. (f/k/a Van Waters & Rogers) is a

24  corporation organized under the laws of the State of Washington. At all times

25  referred to herein, Univar USA Inc., or its corporate predecessor, was and is

26  authorized to do business, and was and is doing business, in California.  The State

27  of California has alleged that Plaintiff Univar USA Inc. arranged for the disposal of

28  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

26

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Univar USA Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

60.     Plaintiff Ameron International Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ameron International Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.   The State of California has alleged that Plaintiff Ameron International Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

## DEFENDANTS

61.     Defendants are: ~~Albertsons Companies, Inc.; Alco Industries, Inc.;~~ Allergan, Inc.; American Can Company; Ampex Corp.; Anco Metal Improvement Co.; Ardagh Group S.A.; Argo Petroleum Corp.; Aurum Industries, Inc.; ~~Barry Wright Controls; Beaulieu of America, Inc.;~~ Birtcher Pacific; ~~Browning Ferris Industries; BFI XV Realty Fund Ltd.; Byron Jackson Pumps, Inc.; Carol Cable Co.; Carlton Forge Works; Ciba Geigy Corp.;~~ Cleveland Wrecking Co.; ~~Columbia Pictures; Cooper Industries, Inc.; Coty, Inc.;~~ Crowley Inc.; Desoto Inc.; Don Knott Ford; Dresser Industries, Inc.; Durex Inc.; Electrofilm Inc.; ~~Emhart Industries, Inc.; Fasson Corp.; Federal-Mogul Corp.; Federal-Mogul LLC;~~ Federal Reserve Bank; Friction Inc.; Friction Materials Corp.; FMC Corporation; Ford Aerospace and Communications Corp.; ~~Ford Motor Company;~~ Foster-Forbes Glass Co.; General Mills, Inc.; Glass Containers Corp.; Genstar Building Materials Co.; Genstar Roofing Products Company, Inc.; ~~GKN Aerospace Chem-Tronics Inc.;~~ Global

Tube Corporation; GWB (US), Inc.; Hill Brothers Chemical Co.; Hi-Shear Corp.; Hollytex Carpet Mills, Inc.; ~~Houghton International Inc.; Jeffries Bank Notes Co.;~~ Johnson Controls Inc.; Joslyn Manufacturing & Supply Co.; Kaiser Foundation Health Plan, Inc.; Lisi Aerospace North America, Inc.; ~~Long Beach Terminal Company; Max Factor Co.;~~ Mercury Aerospace Inc.; Mercury Aerospace Fasteners; MRC Holdings, Inc.; North American Environmental; Northrop Pacific; ~~Owens-Illinois, Inc.; Paramount Pictures Corp.;~~ Pillsbury Co.; Price Pfister *nka* Pfister; ~~Republic Services, Inc.;~~ Rio Tinto Alcan Inc.; Sandia Metal Process, Inc.; ~~Sanmina-SCI Corp.; Sequa Corporation;~~ Shuwa Investments Corp.; ~~Sierracin; Sika Corp.;~~ Smith & Co.; ~~SPS Technologies, Inc.;~~ Stanley Black & Decker, Inc.; ~~Stanley Works;~~ Structural Composite Industries; ~~Sumitomo Life Realty; Synthane Taylor; Technicolor, Inc.;~~ Thompson Industries; Thorpe Insulation Co.; ~~TTM Technologies, Inc.;~~ Vought Aircraft Industries Inc.; ~~Paramount Petroleum Corporation;~~ and Does 1-10.

~~62.    Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc.  According to historical BKK Corp. records, Albertson's Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.~~

~~63.    Upon information and belief, Defendant Alco Industries, Inc. is the successor to Synthane Taylor and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Synthane Taylor.  According to historical BKK Corp. records, Synthane Taylor contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that~~

1   ~~Synthane Taylor generated and/or arranged for its disposal at the BKK Class I~~
2   ~~Facility. To date, Defendant Alco Industries, Inc. has not incurred any response~~
3   ~~costs at the BKK Class I Facility nor has it paid its fair share of response costs~~
4   ~~incurred by the Plaintiffs at the BKK Class I Facility.~~

5   ~~64.~~62. According to historical BKK Corp. records, Defendant Allergan, Inc.
6   contributed manifested waste to the BKK Class I Facility.  This manifested waste
7   contained Hazardous Substances that Defendant Allergan, Inc. generated and/or
8   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Allergan,
9   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid
10  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

11  ~~65.~~63. According to historical BKK Corp. records, Defendant American Can
12  Company contributed manifested waste to the BKK Class I Facility.  This
13  manifested waste contained Hazardous Substances that Defendant American Can
14  Company generated and/or arranged for its disposal at the BKK Class I Facility.
15  To date, Defendant American Can Company has not incurred any response costs at
16  the BKK Class I Facility nor has it paid its fair share of response costs incurred by
17  the Plaintiffs at the BKK Class I Facility.

18  ~~66.~~64. According to historical BKK Corp. records, Defendant Ampex Corp.
19  contributed manifested waste to the BKK Class I Facility.  This manifested waste
20  contained Hazardous Substances that Defendant Ampex Corp. generated and/or
21  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ampex
22  Corp. has not incurred any response costs at the BKK Class I Facility nor has it
23  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
24  Facility.

25  ~~67.~~65. According to historical BKK Corp. records, Defendant Anco Metal
26  Improvement Co. contributed manifested waste to the BKK Class I Facility.  This
27  manifested waste contained Hazardous Substances that Defendant Anco Metal
28  Improvement Co. generated and/or arranged for its disposal at the BKK Class I

1    Facility.  To date, Defendant Anco Metal Improvement Co. has not incurred any

2    response costs at the BKK Class I Facility nor has it paid its fair share of response

3    costs incurred by the Plaintiffs at the BKK Class I Facility.

4         68.66. Upon information and belief, Defendant Ardagh Group S.A. is the

5    successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable

6    for manifested waste that was contributed to the BKK Class I Facility by Saint-

7    Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp.

8    records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested

9    waste to the BKK Class I Facility. This manifested waste contained Hazardous

10   Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or

11   arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh

12   Group S.A. has not incurred any response costs at the BKK Class I Facility nor has

13   it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

14   Facility.

15        69.67. According to historical BKK Corp. records, Defendant Argo

16   Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This

17   manifested waste contained Hazardous Substances that Defendant Argo Petroleum

18   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

19   date, Defendant Argo Petroleum Corp. has not incurred any response costs at the

20   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

21   Plaintiffs at the BKK Class I Facility.

22        70.68. According to historical BKK Corp. records, Defendant Aurum

23   Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

24   manifested waste contained Hazardous Substances that Defendant Aurum

25   Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

26   Facility.  To date, Defendant Aurum Industries, Inc. has not incurred any response

27   costs at the BKK Class I Facility nor has it paid its fair share of response costs

28   incurred by the Plaintiffs at the BKK Class I Facility.

1    71.    According to historical BKK Corp. records, Defendant Barry Wright
2    Controls contributed manifested waste to the BKK Class I Facility.  This
3    manifested waste contained Hazardous Substances that Defendant Barry Wright
4    Controls generated and/or arranged for its disposal at the BKK Class I Facility.  To
5    date, Defendant Barry Wright Controls has not incurred any response costs at the
6    BKK Class I Facility nor has it paid its fair share of response costs incurred by the
7    Plaintiffs at the BKK Class I Facility.

8    72.    Upon information and belief, Defendant Beaulieu of America, Inc. is
9    the successor to Hollytex Carpet Mills and/or otherwise liable for manifested waste
10   that was contributed to the BKK Class I Facility by Hollytex Carpet Mills.
11   According to historical BKK Corp. records, Hollytex Carpet Mills contributed
12   manifested waste to the BKK Class I Facility. This manifested waste contained
13   Hazardous Substances that Hollytex Carpet Mills generated and/or arranged for its
14   disposal at the BKK Class I Facility. To date, Defendant Beaulieu of America, Inc.
15   has not incurred any response costs at the BKK Class I Facility nor has it paid its
16   fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

17   73.69. According to historical BKK Corp. records, Defendant Birtcher Pacific
18   contributed manifested waste to the BKK Class I Facility.  This manifested waste
19   contained Hazardous Substances that Defendant Birtcher Pacific generated and/or
20   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher
21   Pacific has not incurred any response costs at the BKK Class I Facility nor has it
22   paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
23   Facility.

24   74.    According to historical BKK Corp. records, Defendant Browning
25   Ferris Industries contributed manifested waste to the BKK Class I Facility.  This
26   manifested waste contained Hazardous Substances that Defendant Browning Ferris
27   Industries generated and/or arranged for its disposal at the BKK Class I Facility.
28   To date, Defendant Browning Ferris Industries has not incurred any response costs

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1   at the BKK Class I Facility nor has it paid its fair share of response costs incurred

2   by the Plaintiffs at the BKK Class I Facility.

3       75.    According to historical BKK Corp. records, Defendant BFI XV Realty

4   Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This

5   manifested waste contained Hazardous Substances that Defendant BFI XV Realty

6   Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility.

7   To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at

8   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

9   the Plaintiffs at the BKK Class I Facility.

10      76.    According to historical BKK Corp. records, Defendant Byron Jackson

11  Pumps, Inc. contributed manifested waste to the BKK Class I Facility.  This

12  manifested waste contained Hazardous Substances that Defendant Byron Jackson

13  Pumps, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

14  To date, Defendant Byron Jackson Pumps has not incurred any response costs at the

15  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

16  Plaintiffs at the BKK Class I Facility.

17      77.    According to historical BKK Corp. records, Defendant Carol Cable

18  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

19  waste contained Hazardous Substances that Defendant Carol Cable Co. generated

20  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

21  Carol Cable Co. has not incurred any response costs at the BKK Class I Facility nor

22  has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

23  Class I Facility.

24      78.    According to historical BKK Corp. records, Defendant Carlton Forge

25  Works contributed manifested waste to the BKK Class I Facility.  This manifested

26  waste contained Hazardous Substances that Defendant Carlton Forge Works

27  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

28  Defendant Carlton Forge Works has not incurred any response costs at the BKK

1    Class I Facility nor has it paid its fair share of response costs incurred by the

2    Plaintiffs at the BKK Class I Facility.

3        79.   According to historical BKK Corp. records, Defendant Ciba Geigy

4    Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

5    waste contained Hazardous Substances that Defendant Ciba Geigy Corp. generated

6    and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

7    Ciba Geigy Corp. has not incurred any response costs at the BKK Class I Facility

8    nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

9    Class I Facility.

10       80.70.According to historical BKK Corp. records, Defendant Cleveland

11   Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This

12   manifested waste contained Hazardous Substances that Defendant Cleveland

13   Wrecking Co. generated and/or arranged for its disposal at the BKK Class I

14   Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any

15   response costs at the BKK Class I Facility nor has it paid its fair share of response

16   costs incurred by the Plaintiffs at the BKK Class I Facility.

17       81.   According to historical BKK Corp. records, Defendant Columbia

18   Pictures contributed manifested waste to the BKK Class I Facility.  This manifested

19   waste contained Hazardous Substances that Defendant Columbia Pictures generated

20   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

21   Columbia Pictures has not incurred any response costs at the BKK Class I Facility

22   nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

23   Class I Facility.

24       82.   According to historical BKK Corp. records, Defendant Cooper

25   Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

26   manifested waste contained Hazardous Substances that Defendant Cooper

27   Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

28   Facility.  To date, Defendant Cooper Industries, Inc. has not incurred any response

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1  ~~costs at the BKK Class I Facility nor has it paid its fair share of response costs~~
2  ~~incurred by the Plaintiffs at the BKK Class I Facility.~~

3  ~~83.   Upon information and belief, Defendant Coty, Inc. is the successor to~~
4  ~~Max Factor Co. and/or otherwise liable for manifested waste that was contributed to~~
5  ~~the BKK Class I Facility by Max Factor Co.  According to historical BKK Corp.~~
6  ~~records, Max Factor Co. contributed manifested waste to the BKK Class I Facility.~~
7  ~~This manifested waste contained Hazardous Substances that Max Factor Co.~~
8  ~~generated and/or arranged for its disposal at the BKK Class I Facility. To date,~~
9  ~~Defendant Coty, Inc. has not incurred any response costs at the BKK Class I~~
10 ~~Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at~~
11 ~~the BKK Class I Facility.~~

12 ~~84.~~71. According to historical BKK Corp. records, Defendant Crowley Inc.
13 contributed manifested waste to the BKK Class I Facility.  This manifested waste
14 contained Hazardous Substances that Defendant Crowley Inc. generated and/or
15 arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley
16 Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid
17 its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

18 ~~85.~~72. According to historical BKK Corp. records, Defendant Desoto Inc.
19 contributed manifested waste to the BKK Class I Facility.  This manifested waste
20 contained Hazardous Substances that Defendant Desoto Inc. generated and/or
21 arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto
22 Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid
23 its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

24 ~~86.~~73. According to historical BKK Corp. records, Defendant Don Knott
25 Ford contributed manifested waste to the BKK Class I Facility.  This manifested
26 waste contained Hazardous Substances that Defendant Don Knott Ford generated
27 and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant
28 Don Knott Ford has not incurred any response costs at the BKK Class I Facility nor

~~FIRST~~SECOND AMENDED COMPLAINT
(2:18-CV-05836-~~MWF-PLA~~AB-Ex)

1    has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

2    Class I Facility.

3        87.74. According to historical BKK Corp. records, Defendant Dresser

4    Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

5    manifested waste contained Hazardous Substances that Defendant Dresser

6    Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

7    Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any response

8    costs at the BKK Class I Facility nor has it paid its fair share of response costs

9    incurred by the Plaintiffs at the BKK Class I Facility.

10       88.75. According to historical BKK Corp. records, Defendant Durex Inc.

11   contributed manifested waste to the BKK Class I Facility.  This manifested waste

12   contained Hazardous Substances that Defendant Durex Inc. generated and/or

13   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex

14   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

15   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

16       89.76. According to historical BKK Corp. records, Defendant Electrofilm Inc.

17   contributed manifested waste to the BKK Class I Facility.  This manifested waste

18   contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or

19   arranged for its disposal at the BKK Class I Facility.  To date, Defendant

20   Electrofilm Inc. has not incurred any response costs at the BKK Class I Facility nor

21   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

22   Class I Facility.

23       90.77. According to historical BKK Corp. records, Defendant Emhart

24   Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

25   manifested waste contained Hazardous Substances that Defendant Ehmart

26   Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

27   Facility.  To date, Defendant Emhart Industries, Inc. has not incurred any response

28

1  costs at the BKK Class I Facility nor has it paid its fair share of response costs

2  incurred by the Plaintiffs at the BKK Class I Facility.

3      91.    According to historical BKK Corp. records, Defendant Fasson Corp.

4  contributed manifested waste to the BKK Class I Facility.  This manifested waste

5  contained Hazardous Substances that Defendant Fasson Corp. generated and/or

6  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Fasson

7  Corp. has not incurred any response costs at the BKK Class I Facility nor has it

8  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

9  Facility.

10      92.    According to historical BKK Corp. records, Defendant Federal-Mogul

11  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

12  waste contained Hazardous Substances that Defendant Federal-Mogul Corp.

13  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

14  Defendant Federal-Mogul Corp. has not incurred any response costs at the BKK

15  Class I Facility nor has it paid its fair share of response costs incurred by the

16  Plaintiffs at the BKK Class I Facility.

17      93.    Upon information and belief, Defendant Federal-Mogul LLC is the

18  successor to Federal-Mogul Corp. and/or otherwise liable for manifested waste that

19  was contributed to the BKK Class I Facility by Federal Mogul Corp.  According to

20  historical BKK Corp. records, Federal-Mogul contributed manifested waste to the

21  BKK Class I Facility. This manifested waste contained Hazardous Substances that

22  Federal-Mogul Corp. generated and/or arranged for its disposal at the BKK Class I

23  Facility. To date, Defendant Federal-Mogul LLC has not incurred any response

24  costs at the BKK Class I Facility nor has it paid its fair share of response costs

25  incurred by the Plaintiffs at the BKK Class I Facility.

26      94.78.According to historical BKK Corp. records, Defendant Federal

27  Reserve Bank contributed manifested waste to the BKK Class I Facility.  This

28  manifested waste contained Hazardous Substances that Defendant Federal Reserve

1  Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To

2  date, Defendant Federal Reserve Bank has not incurred any response costs at the

3  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

4  Plaintiffs at the BKK Class I Facility.

5        95.79. Upon information and belief, Defendant Friction Inc. is the successor

6  to Friction Materials Corp. and/or otherwise liable for manifested waste that was

7  contributed to the BKK Class I Facility by Friction Materials Corp.  According to

8  historical BKK Corp. records, Friction Materials Corp. contributed manifested

9  waste to the BKK Class I Facility. This manifested waste contained Hazardous

10  Substances that Friction Materials Corp. generated and/or arranged for its disposal

11  at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any

12  response costs at the BKK Class I Facility nor has it paid its fair share of response

13  costs incurred by the Plaintiffs at the BKK Class I Facility.

14        96.80. According to historical BKK Corp. records, Defendant Friction

15  Materials Corp. contributed manifested waste to the BKK Class I Facility.  This

16  manifested waste contained Hazardous Substances that Defendant Friction

17  Materials Corp. generated and/or arranged for its disposal at the BKK Class I

18  Facility.  To date, Defendant Friction Materials Corp. has not incurred any response

19  costs at the BKK Class I Facility nor has it paid its fair share of response costs

20  incurred by the Plaintiffs at the BKK Class I Facility.

21        97.81. According to historical BKK Corp. records, Defendant FMC

22  Corporation contributed manifested waste to the BKK Class I Facility.  This

23  manifested waste contained Hazardous Substances that Defendant FMC

24  Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

25  To date, Defendant FMC Corporation has not incurred any response costs at the

26  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

27  Plaintiffs at the BKK Class I Facility.

28

98.    According to historical BKK Corp. records, Defendant Ford Aerospace and Communications Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ford Aerospace and Communications Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ford Aerospace and Communications Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

99.82. According to historical BKK Corp. records, Defendant Ford Motor Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ford Motor Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ford Motor Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

100.83.    According to historical BKK Corp. records, Defendant Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Foster-Forbes Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

101.84.    Upon information and belief, Defendant General Mills, Inc. is the successor to Pillsbury Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pillsbury Co.  According to historical BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

1  Defendant General Mills, Inc. has not incurred any response costs at the BKK Class
2  I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at
3  the BKK Class I Facility.

4  ~~102.~~85.  According to historical BKK Corp. records, Defendant Glass
5  Containers Corp. contributed manifested waste to the BKK Class I Facility.  This
6  manifested waste contained Hazardous Substances that Defendant Glass Containers
7  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To
8  date, Defendant Glass Containers Corp. has not incurred any response costs at the
9  BKK Class I Facility nor has it paid its fair share of response costs incurred by the
10  Plaintiffs at the BKK Class I Facility.

11  ~~103.~~86.  According to historical BKK Corp. records, Defendant Genstar
12  Building Materials Co. contributed manifested waste to the BKK Class I Facility.
13  This manifested waste contained Hazardous Substances that Defendant Genstar
14  Building Materials Co. generated and/or arranged for its disposal at the BKK Class
15  I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any
16  response costs at the BKK Class I Facility nor has it paid its fair share of response
17  costs incurred by the Plaintiffs at the BKK Class I Facility.

18  ~~104.~~87.  Upon information and belief, Defendant Genstar Roofing
19  Products Company, Inc. is the successor to Genstar Building Materials Co. and/or
20  otherwise liable for manifested waste that was contributed to the BKK Class I
21  Facility by Genstar Building Materials Co.  According to historical BKK Corp.
22  records, Genstar Building Materials Co. contributed manifested waste to the BKK
23  Class I Facility. This manifested waste contained Hazardous Substances that
24  Genstar Building Materials Co. generated and/or arranged for its disposal at the
25  BKK Class I Facility. To date, Defendant Genstar Roofing Products Company, Inc.
26  has not incurred any response costs at the BKK Class I Facility nor has it paid its
27  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

28

~~FIRST~~SECOND AMENDED COMPLAINT
(2:18-CV-05836-~~MWF-PLA~~AB-Ex)

105.   Upon information and belief, Defendant GKN Aerospace Chem-Tronics Inc. is the successor to Chemtronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Chemtronics Inc.  According to historical BKK Corp. records, Chemtronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Chemtronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GKN Aerospace Chem-Tronics Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106.88.    According to historical BKK Corp. records, Defendant Global Tube Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Global Tube Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Global Tube Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.89.    Upon information and belief, Defendant GWB (US), Inc. is the successor to Networks Electronic and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Networks Electronic.  According to historical BKK Corp. records, Networks Electronic contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Networks Electronic generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GWB (US), Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.90.    According to historical BKK Corp. records, Defendant Hill Brothers Chemical Co. contributed manifested waste to the BKK Class I Facility.

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1  This manifested waste contained Hazardous Substances that Defendant Hill

2  Brothers Chemical Co. generated and/or arranged for its disposal at the BKK Class

3  I Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any

4  response costs at the BKK Class I Facility nor has it paid its fair share of response

5  costs incurred by the Plaintiffs at the BKK Class I Facility.

6       ~~109.~~91.    According to historical BKK Corp. records, Defendant Hi-Shear

7  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

8  waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated

9  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hi-

10  Shear Corp. has not incurred any response costs at the BKK Class I Facility nor has

11  it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

12  Facility.

13       ~~110.~~92.    According to historical BKK Corp. records, Defendant Hollytex

14  Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility.  This

15  manifested waste contained Hazardous Substances that Defendant Hollytex Carpet

16  Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

17  To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any response costs

18  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

19  by the Plaintiffs at the BKK Class I Facility.

20       ~~111.   Upon information and belief, Defendant Houghton International Inc. is~~

21  ~~the successor to EF Houghton and/or otherwise liable for manifested waste that was~~

22  ~~contributed to the BKK Class I Facility by EF Houghton.  According to historical~~

23  ~~BKK Corp. records, EF Houghton contributed manifested waste to the BKK Class I~~

24  ~~Facility. This manifested waste contained Hazardous Substances that EF Houghton~~

25  ~~generated and/or arranged for its disposal at the BKK Class I Facility. To date,~~

26  ~~Defendant Houghton International Inc. has not incurred any response costs at the~~

27  ~~BKK Class I Facility nor has it paid its fair share of response costs incurred by the~~

28  ~~Plaintiffs at the BKK Class I Facility.~~

~~FIRST~~SECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA~~AB-Ex~~)

112.   According to historical BKK Corp. records, Defendant Jeffries Bank Notes Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Jeffries Bank Notes Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Jeffries Bank Notes Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

113.93.       According to historical BKK Corp. records, Defendant Johnson Controls Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Johnson Controls Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Johnson Controls Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114.94.       According to historical BKK Corp. records, Defendant Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

115.95.       According to historical BKK Corp. records, Defendant Kaiser Foundation Health Plan, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Kaiser Foundation Health Plan, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Kaiser Foundation Health Plan, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

1    116.96.    Upon information and belief, Defendant Lisi Aerospace North

2    America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise

3    liable for manifested waste that was contributed to the BKK Class I Facility by

4    Mercury Aerospace Fasteners.  According to historical BKK Corp. records,

5    Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I

6    Facility. This manifested waste contained Hazardous Substances that Mercury

7    Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

8    Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred

9    any response costs at the BKK Class I Facility nor has it paid its fair share of

10   response costs incurred by the Plaintiffs at the BKK Class I Facility.

11   117.   According to historical BKK Corp. records, Defendant Long Beach

12   Terminal Co. contributed manifested waste to the BKK Class I Facility.  This

13   manifested waste contained Hazardous Substances that Defendant Long Beach

14   Terminal Co. generated and/or arranged for its disposal at the BKK Class I Facility.

15   To date, Defendant Long Beach Terminal Co. has not incurred any response costs

16   at the BKK Class I Facility nor has it paid its fair share of response costs incurred

17   by the Plaintiffs at the BKK Class I Facility.

18   118.   According to historical BKK Corp. records, Defendant Max Factor Co.

19   contributed manifested waste to the BKK Class I Facility.  This manifested waste

20   contained Hazardous Substances that Defendant Max Factor Co. generated and/or

21   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Max

22   Factor Co. has not incurred any response costs at the BKK Class I Facility nor has

23   it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

24   Facility.

25   119.97.    Upon information and belief, Defendant Mercury Aerospace

26   Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for

27   manifested waste that was contributed to the BKK Class I Facility by Mercury

28   Aerospace Fasteners.  According to historical BKK Corp. records, Mercury

43

Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mercury Aerospace Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

120.98.    According to historical BKK Corp. records, Defendant Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

121.99.    Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company. According to historical BKK Corp. records, American Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

122.100.    According to historical BKK Corp. records, Defendant North American Environmental contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Environmental generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Environmental has not

44

incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

123.101.    According to historical BKK Corp. records, Defendant Northrop Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Northrop Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Northrop Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

124.   According to historical BKK Corp. records, Defendant Owens-Illinois, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Owens-Illinois, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Owens-Illinois, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

125.   According to historical BKK Corp. records, Defendant Paramount Pictures Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Paramount Pictures Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Paramount Pictures Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

126.102.    According to historical BKK Corp. records, Defendant Pillsbury Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury Co. has not incurred any response costs at the BKK Class I Facility nor

1  has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

2  Class I Facility.

3      127.103.   According to historical BKK Corp. records, Defendant Price

4  Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

5  manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

6  Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

7  date, Defendant Price Pfister *nka* Pfister has not incurred any response costs at the

8  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

9  Plaintiffs at the BKK Class I Facility.

10     128.   Upon information and belief, Defendant Republic Services, Inc. is the

11 successor to Browning Ferris Industries and/or otherwise liable for manifested

12 waste that was contributed to the BKK Class I Facility by Browning Ferris

13 Industries.  According to historical BKK Corp. records, Browning Ferris Industries

14 contributed manifested waste to the BKK Class I Facility. This manifested waste

15 contained Hazardous Substances that Browning Ferris Industries generated and/or

16 arranged for its disposal at the BKK Class I Facility. To date, Defendant Republic

17 Services, Inc. has not incurred any response costs at the BKK Class I Facility nor

18 has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

19 Class I Facility.

20     129.104.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is

21 the successor to American Can Company and/or otherwise liable for manifested

22 waste that was contributed to the BKK Class I Facility by American Can Company.

23 According to historical BKK Corp. records, American Can Company contributed

24 manifested waste to the BKK Class I Facility. This manifested waste contained

25 Hazardous Substances that American Can Company generated and/or arranged for

26 its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc.

27 has not incurred any response costs at the BKK Class I Facility nor has it paid its

28 fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

130.105.    According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

131.   According to historical BKK Corp. records, Defendant Sanmina-SCI Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sanmina-SCI Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sanmina-SCI Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

132.106.    Upon information and belief, Defendant Sequa Corporation is the successor to Sun Chemical and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sun Chemical.  According to historical BKK Corp. records, Sun Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sun Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sequa Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

133.107.    According to historical BKK Corp. records, Defendant Shuwa Investments Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Shuwa Investments Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any

47

1  response costs at the BKK Class I Facility nor has it paid its fair share of response

2  costs incurred by the Plaintiffs at the BKK Class I Facility.

3  ~~134.   According to historical BKK Corp. records, Defendant Sierracin~~

4  ~~contributed manifested waste to the BKK Class I Facility.  This manifested waste~~

5  ~~contained Hazardous Substances that Defendant Sierracin generated and/or~~

6  ~~arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sierracin~~

7  ~~has not incurred any response costs at the BKK Class I Facility nor has it paid its~~

8  ~~fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.~~

9  ~~135.   According to historical BKK Corp. records, Defendant Sika Corp.~~

10  ~~contributed manifested waste to the BKK Class I Facility.  This manifested waste~~

11  ~~contained Hazardous Substances that Defendant Sika Corp. generated and/or~~

12  ~~arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sika~~

13  ~~Corp. has not incurred any response costs at the BKK Class I Facility nor has it~~

14  ~~paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I~~

15  ~~Facility.~~

16  ~~136.~~108.____   According to historical BKK Corp. records, Defendant Smith &

17  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

18  waste contained Hazardous Substances that Defendant Smith & Co. generated

19  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

20  Smith & Co. has not incurred any response costs at the BKK Class I Facility nor

21  has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

22  Class I Facility.

23  ~~137.   According to historical BKK Corp. records, Defendant SPS~~

24  ~~Technologies, Inc. contributed manifested waste to the BKK Class I Facility.  This~~

25  ~~manifested waste contained Hazardous Substances that Defendant SPS~~

26  ~~Technologies, Inc. generated and/or arranged for its disposal at the BKK Class I~~

27  ~~Facility.  To date, Defendant SPS Technologies has not incurred any response costs~~

28

1   at the BKK Class I Facility nor has it paid its fair share of response costs incurred

2   by the Plaintiffs at the BKK Class I Facility.

3   ~~138.~~109.    Upon information and belief, Defendant Stanley Black &

4   Decker, Inc. is the successor to Emhart Industries, Inc. and/or Price Pfister *nka*

5   Pfister and/or is otherwise liable for manifested waste that was contributed to the

6   BKK Class I Facility by Emhart Industries, Inc. and/or Price Pfister *nka* Pfister.

7   According to historical BKK Corp. records, both Emhart Industries, Inc. and Price

8   Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility. This

9   manifested waste contained Hazardous Substances that Emhart Industries, Inc. and

10  Price Pfister *nka* Pfister each generated and/or arranged for its disposal at the BKK

11  Class I Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred

12  any response costs at the BKK Class I Facility nor has it paid its fair share of

13  response costs incurred by the Plaintiffs at the BKK Class I Facility.

14  ~~139.   According to historical BKK Corp. records, Defendant Stanley Works~~

15  ~~contributed manifested waste to the BKK Class I Facility.  This manifested waste~~

16  ~~contained Hazardous Substances that Defendant Stanley Works generated and/or~~

17  ~~arranged for its disposal at the BKK Class I Facility.  To date, Defendant Stanley~~

18  ~~Works has not incurred any response costs at the BKK Class I Facility nor has it~~

19  ~~paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I~~

20  ~~Facility.~~

21  ~~140.~~110.    According to historical BKK Corp. records, Defendant

22  Structural Composite Industries contributed manifested waste to the BKK Class I

23  Facility.  This manifested waste contained Hazardous Substances that Defendant

24  Structural Composite Industries generated and/or arranged for its disposal at the

25  BKK Class I Facility.  To date, Defendant Structural Composite Industries has not

26  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

27  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

28

141.   According to historical BKK Corp. records, Defendant Sumitomo Life Realty contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sumitomo Life Realty generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sumitomo Life Realty has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

142.   According to historical BKK Corp. records, Defendant Synthane Taylor contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Synthane Taylor generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Synthane Taylor has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

143.   According to historical BKK Corp. records, Defendant Technicolor, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Technicolor, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Technicolor, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

144.111.   According to historical BKK Corp. records, Defendant Thompson Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Thompson Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Thompson Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

1   145.112.    According to historical BKK Corp. records, Defendant Thorpe

2   Insulation Co. contributed manifested waste to the BKK Class I Facility.  This

3   manifested waste contained Hazardous Substances that Defendant Thorpe

4   Insulation Co. generated and/or arranged for its disposal at the BKK Class I

5   Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any response

6   costs at the BKK Class I Facility nor has it paid its fair share of response costs

7   incurred by the Plaintiffs at the BKK Class I Facility.

8   146.   Upon information and belief, Defendant TTM Technologies, Inc. is the

9   successor to Tyco Electronics and/or otherwise liable for manifested waste that was

10  contributed to the BKK Class I Facility by Tyco Electronics.  According to

11  historical BKK Corp. records, Tyco Electronics contributed manifested waste to the

12  BKK Class I Facility. This manifested waste contained Hazardous Substances that

13  Tyco Electronics generated and/or arranged for its disposal at the BKK Class I

14  Facility. To date, Defendant TTM Technologies, Inc. has not incurred any response

15  costs at the BKK Class I Facility nor has it paid its fair share of response costs

16  incurred by the Plaintiffs at the BKK Class I Facility.

17  147.113.    According to historical BKK Corp. records, Defendant Vought

18  Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility.

19  This manifested waste contained Hazardous Substances that Defendant Vought

20  Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class

21  I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any

22  response costs at the BKK Class I Facility nor has it paid its fair share of response

23  costs incurred by the Plaintiffs at the BKK Class I Facility.

24  148.   According to historical BKK Corp. records, Defendant Paramount

25  Petroleum Corp. contributed manifested waste to the BKK Class I Facility. This

26  manifested waste contained Hazardous Substances that Defendant Paramount

27  Petroleum Corp. generated and/or arranged for its disposal at the BKK Class I

28  Facility. To date, Defendant Paramount Petroleum Corp. has not incurred any

1  ~~response costs at the BKK Class I Facility nor has it paid its fair share of response~~

2  ~~costs incurred by the Plaintiffs at the BKK Class I Facility.~~

3  ~~149.~~114.    Paragraphs ~~149~~114 to ~~1102~~894 – Reserved (so that the

4  following numbered paragraphs (~~1103~~895 to ~~1195~~987) are consistent with similar

5  allegations in paragraphs ~~1103~~895 to ~~1195~~987 of the ~~First~~Second Amended

6  Complaint in the related case *BKK Working Group, et al. v. 1700 Santa Fe Ltd., et*

7  *al.* (USDC Case #2:18-cv-05810-MWF-PLA) filed on ~~July 23,~~ May [X],

8  ~~2018~~2021).

9  ~~1103~~895.    Each Defendant has declined or not responded to Plaintiffs'

10 request(s) to enter into, or has otherwise not entered into, a tolling agreement to

11 facilitate settlement discussions.  A number of other PRPs at the BKK Class I

12 Facility have entered into tolling agreements with the Plaintiffs, and Plaintiffs will

13 attempt to resolve the liabilities of those PRPs without litigation.

14 ~~1104~~896.    On information and belief, each Defendant, including any of its

15 assignees, predecessors, successors in interest, or alter egos, is a "person" who

16 either (a) by contract, agreement, or otherwise, arranged for disposal or treatment,

17 or (b) arranged with a transporter for disposal or treatment, of Hazardous

18 Substances at the BKK Class I Facility.

19 ~~1105~~897.    On information and belief, between approximately 1969 and

20 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at

21 the BKK Class I Facility.

22              **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

23 ~~1106~~898.    At all times relevant to this action, the BKK Class I Facility

24 was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and

25 was also owned by BKK Corp. from approximately 1973 through the present.

26 ~~1107~~899.  Beginning in at least 1969 and continuing to approximately 1984,

27 the BKK Class I Facility accepted manifested waste, which included Hazardous

28

~~FIRST~~SECOND AMENDED COMPLAINT
(2:18-CV-05836-~~MWF-PLA~~AB-Ex)

Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

1108900.   The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

1109901.       By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

1110902.       On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

1111903.       In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

1112904.       The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

1113905.       In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the

1    BKK Class I Facility.  Prior to finalizing this settlement, the BKK Working Group
2    and each of its then-members incurred necessary response costs at the BKK Class I
3    Facility that are consistent with the NCP.

4        ~~114~~906.     The composition of the BKK Working Group has changed over
5    time and continues to change.  New members pay an interim allocated share of past
6    and ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has
7    incurred necessary response costs consistent with the NCP.

8        ~~115~~907.     On October 31, 2005, the State of California, through its agency
9    DTSC, filed a Complaint against certain members of the BKK Working Group in
10   case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site
11   Action").  In the Initial Site Action Complaint, the State of California sought
12   recovery of past response costs pursuant to Section 107 of CERCLA; declaratory
13   relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL.
14   HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working
15   Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was
16   filed concurrently with the lodging of a consent decree between certain members of
17   the BKK Working Group and DTSC that addressed conditions at the BKK Class I
18   Facility.

19       ~~116~~908.     On February 8, 2006, the State of California, through its agency
20   DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial
21   Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered
22   on March 9, 2006.

23       ~~117~~909.     Among other things, the First Consent Decree obligated certain
24   members of the BKK Working Group to perform environmental response actions at
25   the BKK Class I Facility, to reimburse DTSC for certain of its past response costs,
26   and to pay DTSC for its continuing oversight of the environmental response work
27   at the BKK Class I Facility.  The response actions have included investigation
28   activities.

1118910.     The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree].  The matters addressed in [the First Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at ¶ 8.1.

1119911.     Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC.  All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

1120912.     On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint sought recovery of past response costs, including investigation costs, pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

1121913.     At that same time, the State of California, through its agency DTSC, lodged a Second Consent Decree ("Second Consent Decree") with the Court, obligating the BKK Working Group to perform additional response actions,

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1   including investigation activities, at the BKK Class I Facility, to reimburse DTSC

2   for certain of its past response costs, including investigation costs, and to pay future

3   oversight costs to DTSC on an ongoing basis.  The Second Consent Decree,

4   attached hereto as **Exhibit D**, was entered on August 10, 2010.

5       ~~1122~~914.       Among other things, the Second Consent Decree obligates

6   certain members of the BKK Working Group to perform environmental response

7   actions, including investigation activities, at the BKK Class I Facility, to reimburse

8   DTSC for certain of its response costs, including investigation costs, to pay DTSC

9   for its continuing oversight of the environmental response work at the BKK Class I

10  Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the

11  BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA

12  Statement of Work).  The EE/CA is to propose a non-time critical removal action

13  that contributes to the efficient performance of any long-term remedial action for

14  the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility

15  study and remedial actions will be conducted at the BKK Class I Facility at the

16  conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate

17  response actions to be performed at the BKK Class Facility based on the EE/CA.

18      ~~1123~~915.       Among other things, the Second Consent Decree provides

19  certain members of the BKK Working Group with "protection from contribution

20  actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

21  9613(f)(2) for matters addressed in the Second Consent Decree.  The matters

22  addressed in the Second Consent Decree are (a) the Work to be Performed by [the

23  BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC

24  Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

25      ~~1124~~916.       From August 10, 2010 until the present, the BKK Working

26  Group performed and continues to perform environmental response work, including

27  site investigation, at the BKK Class I Facility under the Second Consent Decree.

28

1    All work performed under the Second Consent Decree is deemed to be, and was,

2    necessary and performed in accordance with the NCP.

3        1125917.    On February 2, 2015, the State of California, through its agency

4    DTSC, filed a third complaint against certain members of the BKK Working Group

5    in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site

6    Action").  Like the Initial and Second Site Action Complaints, the Third Site

7    Action Complaint sought recovery of past response costs pursuant to Section 107 of

8    CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive

9    relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of

10   the BKK Working Group relating to the BKK Class I Facility.

11       1126918.    At that same time, the State of California, through its agency

12   DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree")

13   with the Court, obligating certain members of the BKK Working Group to perform

14   additional response actions, including investigation activities, at the BKK Class I

15   Facility, to reimburse DTSC for certain of its past response costs, including site

16   investigation activities, and to pay future oversight costs to DTSC on an ongoing

17   basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered

18   on July 24, 2015.

19       1127919.    Among other things, the Third Partial Consent Decree obligates

20   certain members of the BKK Working Group to perform environmental response

21   actions, including investigation activities, at the BKK Class I Facility, to reimburse

22   DTSC for certain of its response costs, including site investigation costs, to pay

23   DTSC for its continuing oversight of the environmental response work at the BKK

24   Class I Facility, and to conduct a Remedial Investigation/Feasibility Study

25   ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third

26   Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree

27   (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the

28   RI/FS includes the Class I Landfill and Class I Landfill operation areas, including

1   but not limited to, "Trash Island" located on the north side of the landfill; the

2   leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP;

3   liquid piping and other liquid collection and conveyance systems associated with

4   the Class I Landfill; the fueling station and truck wash; and wherever hazardous

5   substances from such areas have or may come to be located.  It is anticipated that

6   DTSC will select further appropriate response actions to be performed at and

7   around the BKK Class I Facility based on the RI/FS.

8   ~~1128~~920.    Among other things, the Third Partial Consent Decree provides

9   certain members of the BKK Working Group with "protection from contribution

10  actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

11  9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters

12  addressed in the Third Partial Consent Decree are (a) the Work to be Performed by

13  [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c)

14  Future DTSC Oversight Costs . . .." Third Partial Consent Decree at ¶ 8.1.

15  ~~1129~~921.    As reflected in the BKK document archive maintained by

16  DTSC, members of the BKK Working Group also entered into additional interim

17  settlement agreements with DTSC to reimburse the State for its past response costs

18  incurred consistent with the NCP at the BKK Class I Landfill.

19  ~~1130~~922.    On July 29, 2016, the State of California, through its agency

20  DTSC, filed an amended third complaint, which joined as defendants five

21  additional members of the BKK Working Group.

22  ~~1131~~923.    At that same time, the State of California, through its agency

23  DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third

24  Partial Consent Decree"), which added the five new defendants as additional

25  Settling Defendants.   The Amended Third Partial Consent Decree, attached hereto

26  as **Exhibit F**, was approved by the Court on October 18, 2016.

27  ~~1132~~924.    Among other things, the Amended Third Partial Consent

28  Decree, like the Third Partial Consent Decree, obligates certain members of the

1  BKK Working Group to perform environmental response actions at the BKK Class

2  I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its

3  continuing oversight of the environmental response work at the BKK Class I

4  Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for

5  the groundwater beneath and around the BKK Class I Facility.  Amended Third

6  Partial Consent Decree at ¶ 4.1.3.

7      1133925.      From July 24, 2015 until the present, the BKK Working Group

8  performed and continues to perform environmental response work, including site

9  investigation, at the BKK Class I Facility under the Amended Third Partial Consent

10  Decree.  All work performed under the Amended Third Partial Consent Decree is

11  deemed to be, and was, necessary and performed in accordance with the NCP.

12      1134926.      The response costs, including site investigation costs, incurred

13  by the Plaintiffs are necessary to address the release and/or threatened release at the

14  BKK Class I Facility and are required by DTSC in the First, Second, Third Partial,

15  and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur

16  response costs, including site investigation expenses, to conduct response actions at

17  the BKK Class I Facility as required by DTSC.

18      1135927.      Plaintiffs have incurred, and continue to incur, necessary

19  response costs, including consulting and attorney fees, consistent with the NCP at

20  the BKK Class I Facility associated with efforts to identify potentially responsible

21  parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged

22  with third-party transporters for the disposal, of Hazardous Substances at the BKK

23  Class I Facility.  Such efforts include working with DTSC to recover handwritten

24  manifests and other waste records from the BKK Corp. warehouse and other

25  locations, information contained on the computer system utilized by BKK Corp. at

26  the BKK Class I Facility, and reviewing information available through the State of

27  California regarding manifested and other waste disposed at the BKK Class I

28

FIRSTSECOND AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLAAB-Ex)

1   Facility.  This investigation for the purpose of identification of additional PRPs is

2   ongoing.

3   ~~1136~~928.      The environmental conditions at the BKK Class I Facility, and

4   the attendant costs that have been and are continuing to be incurred by Plaintiffs are

5   the direct result of Defendants having arranged to dispose Hazardous Substances at

6   the BKK Class I Facility.

7   ~~1137~~929.      In 2010, DTSC estimated that necessary response actions to

8   fully remediate the BKK Class I Facility would cost nearly $800 million.

9   ~~1138~~930.      Through mid-2017, Plaintiffs have incurred or are committed to

10  incur approximately $250 million in costs associated with the BKK Class I Facility.

11  ~~1139~~931.      To date, Defendants have failed to participate in or contribute to

12  any response work or costs at the BKK Class I Facility.

13                    **FIRST CLAIM FOR RELIEF**

14              **Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))**

15  ~~1140~~932.      Paragraphs 1-~~1139~~931 are incorporated by reference.

16  ~~1141~~933.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in

17  pertinent part:

18              (a)     Notwithstanding any other provision or rule of law, and subject

19                      only to the defenses set forth in subsection (b) of this section –

20                              * * * *

21              (3)     any person who by contract, agreement, or otherwise

22                      arranged for disposal or treatment, or arranged with a

23                      transporter for transport for disposal or treatment of

24                      hazardous substances owned or possessed by such person

25                      . . . shall be liable for –

26                              * * * *

27              (B)     any other necessary costs of response incurred by

28                      any other person consistent with the national

1    contingency plan . . . .

2    ~~1142~~934.     Plaintiffs are each a "person" within the meaning of CERCLA

3    § 101(21), 42 U.S.C. § 9601(21).

4    ~~1143~~935.     Defendants are "persons" within the meaning of CERCLA

5    § 101(21), 42 U.S.C. § 9601(21).

6    ~~1144~~936.     The BKK Class I Facility is a "facility" within the meaning of

7    CERCLA § 101(9), 42 U.S.C. § 9601(9).

8    ~~1145~~937.     Defendants arranged for disposal or treatment, or arranged with

9    third-party transporters for the disposal or treatment, of hazardous substances

10   owned or possessed by Defendants at the BKK Class I Facility.

11   ~~1146~~938.     Hazardous Substances at the BKK Class I Facility have been

12   released and/or pose a threat of release within the meaning of CERCLA § 101(22),

13   42 U.S.C. § 9601(22).

14   ~~1147~~939.     As a result of a release or threatened release of Hazardous

15   Substances at and from the BKK Class I Facility, Plaintiffs have incurred and will

16   continue to incur necessary costs of response pursuant to CERCLA § 107(a), 42

17   U.S.C. § 9607(a).  Such response costs, including site investigation expenses, have

18   been incurred and will continue to be incurred by Plaintiffs consistent with the

19   NCP.

20   ~~1148~~940.     Defendants are liable jointly and severally to Plaintiffs pursuant

21   to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs,

22   including but not limited to, reasonable attorneys' fees and prejudgment interest,

23   incurred as a result of the release or threatened release of Hazardous Substances at

24   and from the BKK Class I Facility.  Such response costs have been incurred and

25   will continue to be incurred consistent with the NCP.

26                    **SECOND CLAIM FOR RELIEF**

27          **Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))**

28   ~~1149~~941.     Paragraphs 1-~~1148~~940 are incorporated by reference.

61

1150942.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

1151943.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

1152944.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607: the Initial Site Action, the Second Site Action, and the Third Site Action.

1153945.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve some or all of the liability of the member Plaintiffs to the State of California for some or all of the response actions taken at the BKK Class I Facility, and for some or all of the costs of such response actions.

1154946.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved some of the liability of those Plaintiffs to the State of California for some of the response actions taken at the BKK Class I Facility, and for some of the costs of such response actions.

1155947.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

1156948.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

1157949.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

1158950.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

1159951.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

1160952.    Upon filing this FirstSecond Amended Complaint, Plaintiffs provided a copy of this FirstSecond Amended Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

### **THIRD CLAIM FOR RELIEF**

**CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

1161953.    Paragraphs 1-1160952 are incorporated herein by reference.

1162954.    CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

Any  person...who  pays  compensation  pursuant  to  this

63

chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

~~1163~~955.    Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility.  Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

~~1164~~956.    Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances. Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair

64

1   share of those costs incurred by Syngenta Crop Protection, LLC in partially

2   reimbursing Stauffer Management Company LLC for the response costs Stauffer

3   Management Company LLC paid to satisfy the response cost obligations incurred

4   by Bayer CropScience Inc. relating to the BKK Class I Facility.

5   ~~1165~~957.   Some of the response costs incurred by Plaintiffs that are

6   individual members of the BKK Working Group may have been paid by or

7   reimbursed by a separate entity.  Therefore, Plaintiffs presented a written claim to

8   Defendants prior to the initiation of this litigation for reimbursement of their fair

9   share of Plaintiffs' past and future response costs incurred at the BKK Class I

10  facility, which Defendants failed to satisfy.  Thus, making them a claimant within

11  the meaning of Section 112(c).

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))

14  ~~1166~~958.   Paragraphs 1-~~1165~~957 are incorporated herein by reference.

15  ~~1167~~959.   CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in

16  pertinent part:

17  In any action described in this subsection the court shall
18  enter a declaratory judgment on liability for response costs
    or damages that will be binding on any subsequent action
19  or actions to recover further response costs or damages.

20  ~~1168~~960.   Defendants are jointly and severally liable to Plaintiffs for the

21  reimbursement of necessary response costs, including site investigation expenses,

22  incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C.

23  § 9607(a).   Defendants are also severally liable to Plaintiffs under CERCLA §

24  113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. §

25  9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant

26  to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and

27  any future consent decrees, as a result of the release or threatened release of

28  Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

1   therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42

2   U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

3   Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

4   that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

5   their necessary response costs incurred consistent with the NCP under CERCLA

6   § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

7   Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

8   Partial and Amended Third Partial Consent Decrees, and any future consent

9   decrees, to address the release or threatened release of Hazardous Substances at and

10   from the BKK Class I Facility.

11                          **FIFTH CLAIM FOR RELIEF**

12   **Contribution, Hazardous Substance Account Act, California Health and**

13                      **Safety Code section 25300 et seq.**

14        ~~1169~~961.     Paragraphs 1-~~1168~~960 are incorporated herein by reference.

15        ~~1170~~962.     The Plaintiffs bring their claim for contribution against all

16   Defendants.

17        ~~1171~~963.     The Carpenter-Presley-Tanner Hazardous Substance Account

18   Act ("HSAA"), California Health and Safety Code section 25300 et seq., provides a

19   statutory right of contribution for those parties who clean up contaminated sites

20   from those parties who are responsible for the contamination.

21        ~~1172~~964.     Section 25363(e) of the HSAA provides that "A person who has

22   incurred response or corrective action costs in accordance with this chapter,

23   Chapter 6.5 (commencing with Section 25100) or [CERCLA] may seek

24   contribution or indemnity from any person who is liable pursuant to this chapter."

25        ~~1173~~965.     A "liable person" is defined in section 25323.5(a)(1) of the

26   HSAA as "those persons described in section 107(a) of [CERCLA] (42 U.S.C.

27   Section 9607(a))."

28

1174966.     Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any Hazardous Substances "for transport to disposal or treatment facilities."

1175967.     Defendants are each a "person" within the meaning of section 25319 and 25323.5(a) of the Health and Safety Code.

1176968.     There have been releases or threatened releases from the BKK Class I Facility.

1177969.     As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

1178970.     Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 25363(d).

1179971.     Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 25363 of the Health and Safety Code, for all past, present and future necessary responses costs.

**SIXTH CLAIM FOR RELIEF**

**Equitable Indemnification**

1180972.     Paragraphs 1-1179971 are incorporated herein by reference.

1181973.     Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

1182974.     The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

1183975.     A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at

and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

~~1184~~976.     As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Common Law Subrogation

~~1185~~977.     Paragraphs 1-~~1184~~976 are incorporated herein by reference.

~~1186~~978.     As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

~~1187~~979.     Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

## EIGHTH CLAIM FOR RELIEF

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

~~1188~~980.     Paragraphs 1-~~1187~~979 are incorporated herein by reference.

~~1189~~981.     Cal. Code of Civil Procedure § 1060 provides in pertinent part:

~~FIRST~~SECOND AMENDED COMPLAINT
(2:18-CV-05836-~~MWF-PLA~~AB-Ex)

> Any person . . . who desires a declaration of his or her rights
> or duties with respect to another, or in respect to property .
> . . may, in a case of actual controversy relating to the legal
> rights and duties of the respective parties, bring an original
> action or cross-complaint in the superior court . . . for a
> declaration of his or her rights and duties in the premises. .
> . . He or she may ask for a declaration of rights or duties
> either alone or with other relief; and the court may make a
> binding declaration of these rights or duties, whether or not
> further relief is claimed at the time.

~~1190~~982.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 107, 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

~~1191~~983.    A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## NINTH CLAIM FOR RELIEF

### Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

~~1192~~984.    Paragraphs 1-~~1191~~983 are incorporated herein by reference.

~~1193~~985.    The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides:

> In a case of actual controversy within its jurisdiction . . .
> any court of the United States . . . may declare the rights

69

and other legal relations of any interested party seeking such declaration, whether or not further relief is sought.

~~1194~~986.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA §§ 107, 112 and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor Plaintiffs).

~~1195~~987.    A declaratory judgment under the Declaratory Judgment Act for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    Recovery of all necessary response costs, cost of abatement, and damages incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.    Contribution of an equitable share of all necessary response costs incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.    A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future response costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an

equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

4.      Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

5.      Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

6.      Attorney's fees and pre-judgment interest (as response costs); and

7.      Such other relief as the Court may deem just and appropriate.


Dated: ~~July 23, 2018~~May 4, 2021                    HINSON GRAVELLE & ADAIR LLP


By _____
     Douglas A. Gravelle,
     Attorneys for Plaintiffs
     BKK WORKING GROUP, an
     unincorporated association, and
     individual members identified
     above

71