**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
FAX: 661-294-0134

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN HONDA MOTOR CO., INC.; | Case No. 2:18-cv-05836-MWF-PLA <br><br> **[FILED PURSUANT TO PARAGRAPH #2 OF MAY 5, 2021 COURT ORDER [DKT. 62]]** <br><br> **THIRD AMENDED COMPLAINT FOR:** <br><br> 1. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)] <br> 2. CERCLA:  CONTRIBUTION [42 U.S.C. § 9613(f)] <br> 3. CERCLA:  SUBROGATION [42 U.S.C. § 9612(c)(2)] <br> 4. CERCLA:  DECLARATORY RELIEF [42 U.S.C. § 9613(g)] <br> 5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 25300, ET SEQ.] <br> 6. EQUITABLE INDEMNIFICATION <br> 7. COMMON LAW SUBROGATION <br> 8. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060] <br> 9. DECLARATORY RELIEF [28 U.S.C. § 2201] |

1  HUNTINGTON BEACH
2  COMPANY; LOCKHEED
   MARTIN CORPORATION;
3  MARS, INC. (FORMERLY
   KNOWN AS KAL KAN FOODS
4  INC.); MONTROSE CHEMICAL
   CORPORATION OF
5  CALIFORNIA; MORTELL
   COMPANY; MORTON
6  INTERNATIONAL, INC.;
7  NATIONAL STEEL AND
   SHIPBUILDING COMPANY;
8  NORTHROP GRUMMAN
   SYSTEMS CORPORATION; OXY
9  USA, INC.; QUEMETCO, INC.;
   ROCKWELL AUTOMATION,
10 INC.; ROHM & HAAS
   COMPANY; ROHR, INC.; SAN
11 DIEGO GAS & ELECTRIC
   COMPANY; SMITH
12 INTERNATIONAL, INC.;
   SOUTHERN CALIFORNIA
13 EDISON COMPANY;
   SOUTHERN CALIFORNIA GAS
14 COMPANY; STAUFFER
   MANAGEMENT COMPANY
15 LLC; THE PROCTER &
   GAMBLE MANUFACTURING
16 COMPANY; THUMS LONG
   BEACH COMPANY; UNION
17 CARBIDE CORPORATION;
   UNION PACIFIC
18 RAILROAD/SOUTHERN
   PACIFIC TRANSPORTATION
19 COMPANY; UNITED STATES
   STEEL CORPORATION;
20 UNITED TECHNOLOGIES
   CORPORATION; UNIVAR USA
21 INC.; AND AMERON
   INTERNATIONAL
22 CORPORATION,
23
24
25
                    Plaintiffs,
26
            vs.
27

28

ALBERTSONS COMPANIES, INC.; ALCO INDUSTRIES, INC.; ALLERGAN, INC.; AMERICAN CAN COMPANY; AMPEX CORP.; ANCO METAL IMPROVEMENT CO.; ARDAGH GROUP S.A.; ARGO PETROLEUM CORP.; AURUM INDUSTRIES, INC.; BARRY WRIGHT CONTROLS; BEAULIEU OF AMERICA, INC.; BIRTCHER PACIFIC; BROWNING FERRIS INDUSTRIES; BFI XV REALTY FUND LTD.; BYRON JACKSON PUMPS, INC.; CAROL CABLE CO.; CARLTON FORGE WORKS; CIBA GEIGY CORP.; CLEVELAND WRECKING CO.; COLUMBIA PICTURES; COOPER INDUSTRIES, INC.; COTY, INC.; CROWLEY INC.; DESOTO INC.; DON KNOTT FORD; DRESSER INDUSTRIES, INC.; DUREX INC.; ELECTROFILM INC.; EMHART INDUSTRIES, INC.; FASSON CORP.; FEDERAL-MOGUL CORP.; FEDERAL-MOGUL LLC; FEDERAL RESERVE BANK; FRICTION INC.; FRICTION MATERIALS CORP.; FMC CORPORATION; FORD AEROSPACE AND COMMUNICATIONS CORP.; FORD MOTOR COMPANY; FOSTER-FORBES GLASS CO.; GENERAL MILLS, INC.; GLASS CONTAINERS CORP.; GENSTAR BUILDING MATERIALS CO.; GENSTAR ROOFING PRODUCTS COMPANY, INC.; GKN AEROSPACE CHEM-TRONICS INC.; GLOBAL TUBE CORPORATION; GWB (US), INC.; HILL BROTHERS CHEMICAL CO.; HI-SHEAR CORP.; HOLLYTEX CARPET MILLS, INC.; HOUGHTON INTERNATIONAL INC.; JEFFRIES BANK NOTES CO.; JOHNSON CONTROLS INC.; JOSLYN MANUFACTURING & SUPPLY CO.;

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

KAISER FOUNDATION HEALTH
PLAN, INC.; LISI AEROSPACE
NORTH AMERICA, INC.; LONG
BEACH TERMINAL COMPANY;
MAX FACTOR CO.; MERCURY
AEROSPACE INC.; MERCURY
AEROSPACE FASTENERS; MRC
HOLDINGS, INC.; NORTH
AMERICAN ENVIRONMENTAL;
NORTHROP PACIFIC; OWENS-
ILLINOIS, INC.; PARAMOUNT
PICTURES CORP.; PILLSBURY CO.;
PRICE PFISTER *NKA* PFISTER;
REPUBLIC SERVICES, INC.; RIO
TINTO ALCAN INC.; SANDIA
METAL PROCESS, INC.; SANMINA-
SCI CORP.; SEQUA
CORPORATION; SHUWA
INVESTMENTS CORP.;
SIERRACIN; SIKA CORP.; SMITH &
CO.; SPS TECHNOLOGIES, INC.;
STANLEY BLACK & DECKER,
INC.; STANLEY WORKS;
STRUCTURAL COMPOSITE
INDUSTRIES; SUMITOMO LIFE
REALTY; SYNTHANE TAYLOR;
TECHNICOLOR, INC.; THOMPSON
INDUSTRIES; THORPE
INSULATION CO.; TTM
TECHNOLOGIES, INC.; VOUGHT
AIRCRAFT INDUSTRIES INC.;
PARAMOUNT PETROLEUM
CORPORATION; and DOES 1-10,

Defendants.

Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE
LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC; BAYER
CROPSCIENCE INC.; BIG HEART PET BRANDS, INC.; THE BOEING
COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON
ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE
PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &
OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN
AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON
MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL
CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-
PACKARD COMPANY); AMERICAN HONDA MOTOR CO., INC.;
HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN
CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN
FOODS INC.); MONTROSE CHEMICAL CORPORATION OF
CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,
INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP
GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO,
INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;
ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH
INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON
COMPANY;  SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER
MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE
MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;
UNION CARBIDE CORPORATION; UNION PACIFIC
RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY;
UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES
CORPORATION; UNIVAR USA INC.; AND AMERON INTERNATIONAL

CORPORATION (collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

### STATEMENT OF THE CASE

1.        This is a civil action for cost recovery under Section 107(a), an action for contribution under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.  The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment, which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[1] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.  The State of California has alleged in a series of three complaints filed against some or all of the Plaintiffs[2] that it has incurred response costs in connection with actions taken in response to releases or threatened

---

[1] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 908, 913, 918 and 923, respectively.

[2] The three complaints are described in more detail in paragraphs 907, 912 and 917, *infra*.

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties

2    named as a defendant herein at paragraphs 61-113 and Does 1-10 (collectively

3    referred to herein as "Defendants" or individually as "Defendant") generated,

4    transported and/or arranged for disposal of materials containing Hazardous

5    Substances to the BKK Facility.

6            2.      Plaintiffs seek to recover from each Defendant pursuant to Section

7    107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs

8    incurred and to be incurred by Plaintiffs in a manner consistent with the National

9    Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities

10   undertaken and to be undertaken at and in relation to the BKK Class I Facility that

11   were caused by the release or threatened release of Hazardous Substances at and

12   from the BKK Class I Facility.

13           3.      Plaintiffs also seek contribution from each Defendant pursuant to

14   Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary

15   response costs incurred and to be incurred by Plaintiffs pursuant to the First,

16   Second, Third Partial and Amended Third Partial Consent Decrees in a manner

17   consistent with the NCP for response activities undertaken and to be undertaken at

18   and in relation to the BKK Class I Facility that were caused by the release or

19   threatened release of Hazardous Substances at and from the BKK Class I Facility.

20           4.      Plaintiffs further seek a declaration as to each Defendant's liability and

21   associated allocation of past and future response costs in accordance with Section

22   113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade*

23   *Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

24   action or actions brought by Plaintiffs against the Defendants to recover further

25   response costs.

26           5.      Plaintiffs additionally seek contribution from each Defendant pursuant

27   to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code

28   §§ 25300-25395, and Cal. Health and Safety Code § 25363 for past and future

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  necessary response costs incurred and to be incurred by Plaintiffs in a manner

2  consistent with the NCP to address releases or threatened releases of Hazardous

3  Substances at and from the BKK Class I Facility.

4       6.    Plaintiffs are also entitled to complete or partial indemnity from

5  Defendants for all response costs incurred or to be incurred at the BKK Class I

6  Facility, pursuant to the doctrine of equitable indemnification.

7       7.    A sub-set of Plaintiffs who allege they have reimbursed entities or

8  directly paid for and participated in directing response actions on behalf of other

9  entities (including other Plaintiffs) that have incurred past, necessary response

10  costs, including pursuant to the First, Second, Third Partial and Amended Third

11  Partial Consent Decrees in a manner consistent with the NCP, for response

12  activities undertaken at and in relation to the BKK Class I Facility, assert

13  subrogated cost recovery and contribution claims against each Defendant pursuant

14  to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common

15  law equitable subrogation.

16       8.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory

17  Judgment Act, 28 U.S.C. § 2201, *et seq.*, and California Code of Civil Procedure

18  §1060 setting forth the parties' rights and obligations toward one another for future

19  costs incurred to address contamination at or from the BKK Class I Facility

20       9.    Through mid-2017, the BKK Working Group has incurred or is

21  committed to incur approximately $249 million in costs associated with the BKK

22  Class I Facility, and the total cost of necessary response actions to fully remediate

23  the BKK Class I Facility was estimated by the State of California Department of

24  Toxic Substances Control ("DTSC") in 2010 at nearly $800 million.  Each

25  Defendant has declined Plaintiffs' request(s) to enter into a tolling agreement to

26  facilitate settlement discussions, necessitating this lawsuit to resolve Defendants'

27  liabilities.

28

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

## JURISDICTION

10.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Third Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## VENUE

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District, and because the BKK Class I Facility is located within this District.

12.    Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases and response costs at issue occurred in this District.

## PLAINTIFFS

13.    The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently includes the Plaintiffs identified in paragraphs 14-60 below as members, which assert the claims in this Third Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred necessary response costs consistent with the NCP at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

14.     Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.   The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no allegations against the following Defendants:  Sun Exploration, the City of Carson, the City of Hermosa Beach, the City of Riverside, and the City of San Diego.

15.     Plaintiff Ashland LLC is a limited liability company organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland LLC is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the contractual indemnitor of Filtrol Corporation. Both companies were authorized to do business in California at all relevant times referred to herein.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.  Ashland LLC and Filtrol Corporation are members of the BKK Working Group and as members of the BKK

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Working Group have incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims and interests relevant hereto to Ashland LCC.

16.    Plaintiff Atlantic Richfield Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

17.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Bayer CropScience Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working Group, has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

18.    Plaintiff Big Heart Pet Brands, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that the assignee to the successor in interest to certain liability of H.J. Heinz Company, arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

11

1   those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

2   Plaintiff Big Heart Pet Brands, Inc. is a member of the BKK Working Group and as

3   a member of the BKK Working Group has incurred necessary response costs in a

4   manner consistent with the NCP at the BKK Class I Facility.

5        19.    Plaintiff The Boeing Company is a corporation organized under the

6   laws of the State of Delaware. At all times referred to herein, The Boeing

7   Company, or its corporate predecessor, was and is authorized to do business, and

8   was and is doing business, in California.  The State of California has alleged that

9   Plaintiff The Boeing Company arranged for the disposal of a Hazardous Substance

10  at the BKK Class I Facility, as those terms are described in section 107(a) of

11  CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the

12  BKK Working Group.  As a member of the BKK Working Group, and also prior to

13  becoming a member, The Boeing Company has incurred necessary response costs

14  in a manner consistent with the NCP at the BKK Class I Facility.

15       20.    Plaintiff California Resources Corporation is a corporation organized

16  under the laws of the State of Pennsylvania. At all times referred to herein,

17  California Resources Corporation, or its corporate predecessor, was and is

18  authorized to do business, and was and is doing business, in California.  The State

19  of California has alleged that Plaintiff California Resources Corporation arranged

20  for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

21  terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

22  California Resources Corporation is a member of the BKK Working Group and as a

23  member of the BKK Working Group has incurred necessary response costs in a

24  manner consistent with the NCP at the BKK Class I Facility

25       21.    Plaintiff Chevron Environmental Management Company is a

26  corporation organized under the laws of the State of California. At all times referred

27  to herein, Chevron Environmental Management Company, or its corporate

28  affiliate(s), was and is authorized to do business, and was and is doing business, in

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

California.  The State of California has alleged that certain corporate affiliates of
Plaintiff Chevron Environmental Management Company arranged for the disposal
of a Hazardous Substance at the BKK Class I Facility, as those terms are described
in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron
Environmental Management Company is a member of the BKK Working Group
and as a member of the BKK Working Group has incurred necessary response costs
in a manner consistent with the NCP at the BKK Class I Facility.

22.    Plaintiff Chevron Marine Products LLC is a limited liability company
organized under the laws of the State of Delaware.  At all times referred to herein,
Chevron Marine Products LLC, or its corporate predecessor, was and is authorized
to do business, and was and is doing business, in California.  The State of
California has alleged that Plaintiff Chevron Marine Products LLC arranged for the
disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are
described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron
Marine Products LLC is a member of the BKK Working Group and as a member of
the BKK Working Group has incurred necessary response costs in a manner
consistent with the NCP at the BKK Class I Facility.

23.    Reserved.

24.    Plaintiff ConocoPhillips Company is a corporation organized under the
laws of the State of Delaware. At all times referred to herein, ConocoPhillips
Company, or its corporate predecessor, was and is authorized to do business, and
was and is doing business, in California.  The State of California has alleged that
Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous
Substance at the BKK Class I Facility, as those terms are described in section
107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a
member of the BKK Working Group and as a member of the BKK Working Group
has incurred necessary response costs in a manner consistent with the NCP at the
BKK Class I Facility.

25.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

26.    Plaintiff The Dow Chemical Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Dow Chemical Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

27.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun Aerostructures, Inc. is a member of the BKK Working Group and as a member of

1  the BKK Working Group has incurred necessary response costs in a manner
2  consistent with the NCP at the BKK Class I Facility.

3      28.    Plaintiff Essex Chemical Corporation is a corporation organized under
4  the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical
5  Corporation, or its corporate predecessor, was and is authorized to do business, and
6  was and is doing business, in California.  The State of California has alleged that
7  Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous
8  Substance at the BKK Class I Facility, as those terms are described in section
9  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is
10  a member of the BKK Working Group and as a member of the BKK Working
11  Group has incurred necessary response costs in a manner consistent with the NCP
12  at the BKK Class I Facility.

13      29.    Plaintiff Exxon Mobil Corporation is a corporation organized under
14  the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil
15  Corporation, or its corporate predecessor, was and is authorized to do business, and
16  was and is doing business, in California.  The State of California has alleged that
17  Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous
18  Substance at the BKK Class I Facility, as those terms are described in section
19  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a
20  member of the BKK Working Group and as a member of the BKK Working Group
21  has incurred necessary response costs in a manner consistent with the NCP at the
22  BKK Class I Facility.

23      30.    Plaintiff Gemini Industries, Inc. is a corporation organized under the
24  laws of the State of California. At all times referred to herein, Gemini Industries,
25  Inc. or its corporate predecessor, was and is authorized to do business, and was and
26  is doing business, in California.  The State of California has alleged that Plaintiff
27  Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the
28  BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  42 U.S.C. § 9607(a).  Plaintiff Gemini Industries, Inc. is a member of the BKK

2  Working Group.  As a member of the BKK Working Group, and also prior to

3  becoming a Member, Gemini Industries, Inc. has incurred necessary response costs

4  in a manner consistent with the NCP at the BKK Class I Facility.

5       31.    Plaintiff General Dynamics Corporation is a corporation organized

6  under the laws of the State of Delaware.  During the years of operation of the BKK

7  Class I Landfill, specifically from approximately 1975 until 1984, General

8  Dynamics Corporation was authorized to do business, and was doing business, in

9  California.  The State of California has alleged that Plaintiff General Dynamics

10  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

11  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

12  9607(a).  Plaintiff General Dynamics Corporation is a member of the BKK

13  Working Group and as a member of the BKK Working Group has incurred

14  necessary response costs in a manner consistent with the NCP at the BKK Class I

15  Facility.

16       32.    Plaintiff General Latex and Chemical Corporation is a corporation

17  organized under the laws of the State of Massachusetts. At all times referred to

18  herein, General Latex and Chemical Corporation, or its corporate predecessor, was

19  and is authorized to do business, and was and is doing business, in California.  The

20  State of California has alleged that Plaintiff General Latex and Chemical

21  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

22  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

23  9607(a).  Plaintiff General Latex and Chemical Corporation is a member of the

24  BKK Working Group and as a member of the BKK Working Group has incurred

25  necessary response costs in a manner consistent with the NCP at the BKK Class I

26  Facility.

27       33.    Plaintiff HP Inc., formerly known as Hewlett-Packard Company, is a

28  corporation organized under the laws of the State of Delaware. At all times referred

to herein, HP Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff HP Inc. any arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff HP Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

34.    Plaintiff American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff American Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

35.    Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

36.     Plaintiff Lockheed Martin Corporation is a corporation organized
under the laws of the State of Maryland. At all times referred to herein, Lockheed
Martin Corporation, or its corporate predecessor, was and is authorized to do
business, and was and is doing business, in California.  The State of California has
alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a
Hazardous Substance at the BKK Class I Facility, as those terms are described in
section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin
Corporation is a member of the BKK Working Group.  As a Member of the BKK
Working Group, and also prior to becoming a member, Lockheed Martin
Corporation has incurred necessary response costs in a manner consistent with the
NCP at the BKK Class I Facility.

37.     Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a
corporation organized under the laws of the State of Delaware. At all times referred
to herein, Mars, Inc., or its corporate predecessor, was and is authorized to do
business, and was and is doing business, in California.  The State of California has
alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance
at the BKK Class I Facility, as those terms are described in section 107(a) of
CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK
Working Group and as a member of the BKK Working Group has incurred
necessary response costs in a manner consistent with the NCP at the BKK Class I
Facility.

38.     Plaintiff Montrose Chemical Corporation of California is a corporation
organized under the laws of the State of Delaware. At all times referred to herein,
Montrose Chemical Corporation of California, or its corporate predecessor, was and
is authorized to do business, and was and is doing business, in California.  The
State of California has alleged that Plaintiff Montrose Chemical Corporation of
California arranged for the disposal of a Hazardous Substance at the BKK Class I
Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

9607(a).  Plaintiff Montrose Chemical Corporation of California is a member of the

BKK Working Group and as a member of the BKK Working Group has incurred

necessary response costs in a manner consistent with the NCP at the BKK Class I

Facility.

39.    Plaintiff Mortell Company is a corporation organized under the laws of

the State of Delaware.  At all times referred to herein, Mortell Company or its

corporate predecessor, was and is authorized to do business, and was and is doing

business, in California.  The State of California has alleged that Plaintiff Mortell

Company arranged for the disposal of a Hazardous Substance at the BKK Class I

Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and

as a member of the BKK Working Group has incurred necessary response costs in a

manner consistent with the NCP at the BKK Class I Facility.

40.    Plaintiff Morton International, Inc. is a corporation organized under

the laws of the State of Indiana. At all times referred to herein, Morton

International, Inc., or its corporate predecessor, was and is authorized to do

business, and was and is doing business, in California.  The State of California has

alleged that Plaintiff Morton International, Inc. arranged for the disposal of a

Hazardous Substance at the BKK Class I Facility, as those terms are described in

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International,

Inc. is a member of the BKK Working Group and as a member of the BKK

Working Group has incurred necessary response costs in a manner consistent with

the NCP at the BKK Class I Facility.

41.    Plaintiff National Steel and Shipbuilding Company is a corporation

organized under the laws of the State of Nevada. At all times referred to herein,

National Steel and Shipbuilding Company, or its corporate predecessor, was and is

authorized to do business, and was and is doing business, in California.  The State

of California has alleged that Plaintiff National Steel and Shipbuilding Company

arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff National Steel and Shipbuilding Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

42.   Plaintiff Northrop Grumman Systems Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Northrop Grumman Systems Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Northrop Grumman Systems Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Northrop Grumman Systems Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

43.   Plaintiff OXY USA, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, OXY USA, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff OXY USA, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff OXY USA, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility

44.   Plaintiff Quemetco, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

45.    Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

46.    Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

47. Plaintiff Rohr, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohr, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

48. Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

49. Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Smith International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  necessary response costs in a manner consistent with the NCP at the BKK Class I

2  Facility

3      50.    Plaintiff Southern California Edison Company is a corporation

4  organized under the laws of the State of California. At all times referred to herein,

5  Southern California Edison Company, or its corporate predecessor, was and is

6  authorized to do business, and was and is doing business, in California.  The State

7  of California has alleged that Plaintiff Southern California Edison Company

8  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

9  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10  Plaintiff Southern California Edison Company is a member of the BKK Working

11  Group and as a member of the BKK Working Group has incurred necessary

12  response costs in a manner consistent with the NCP at the BKK Class I Facility.

13      51.    Plaintiff Southern California Gas Company is a corporation organized

14  under the laws of the State of California. At all times referred to herein, Southern

15  California Gas Company, or its corporate predecessor, was and is authorized to do

16  business, and was and is doing business, in California.  The State of California has

17  alleged that Plaintiff Southern California Gas Company arranged for the disposal of

18  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

19  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas

20  Company is a member of the BKK Working Group and as a member of the BKK

21  Working Group has incurred necessary response costs in a manner consistent with

22  the NCP at the BKK Class I Facility.

23      52.    Plaintiff Stauffer Management Company LLC is a limited liability

24  corporation organized under the laws of the State of Delaware.  At all times referred

25  to herein, Stauffer Management Company LLC was and is authorized to do

26  business, and was and is doing business, in California.  Stauffer Management

27  Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

28  this legal obligation, has paid the response costs incurred by Bayer CropScience,

Inc. and has participated in directing remediation efforts as an agent for Bayer

CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company

LLC also is an assignee to the subrogation and other rights or causes of action

Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as

a result of reimbursements it has made to Stauffer Management Company LLC for

response costs paid for by Stauffer Management Company LLC in connection with

the BKK Class I Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and

Stauffer Management Company LLC submitted demands to Defendants as

contemplated by CERCLA § 112(b) and (c), thereby making them each a

"claimant" as that term is used in the statute.  Although Stauffer Management

Company LLC and Syngenta Crop Protection, LLC are not members of the BKK

Working Group, because the costs they have incurred result directly from Bayer

CropScience's participation in the BKK Working Group, for purposes of the

allegations in this Third Amended Complaint relating to the incurrence of response

costs, the term "BKK Working Group" includes Stauffer Management Company

LLC and Syngenta Crop Protection, LLC.

53.    Plaintiff The Procter & Gamble Manufacturing Company is a

corporation organized under the laws of the State of Ohio.  At all times referred to

herein, The Procter & Gamble Manufacturing Company, or its corporate

predecessor, was and is authorized to do business, and was and is doing business, in

California.  The State of California has alleged that Plaintiff The Procter & Gamble

Manufacturing Company arranged for the disposal of a Hazardous Substance at the

BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a

member of the BKK Working Group and as a member of the BKK Working Group

has incurred necessary response costs in a manner consistent with the NCP at the

BKK Class I Facility.

54.    Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

55.    Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

56.    Plaintiff Union Pacific Railroad, formerly known as Southern Pacific Transportation Company, is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a

1    member of the BKK Working Group has incurred necessary response costs in a

2    manner consistent with the NCP at the BKK Class I Facility.

3          57.    Plaintiff United States Steel Corporation is a corporation organized

4    under the laws of the State of Delaware. At all times referred to herein, United

5    States Steel Corporation, or its corporate predecessor, was and is authorized to do

6    business, and was and is doing business, in California.  The State of California has

7    alleged that Plaintiff United States Steel Corporation arranged for the disposal of a

8    Hazardous Substance at the BKK Class I Facility, as those terms are described in

9    section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel

10    Corporation is a member of the BKK Working Group and as a member of the BKK

11    Working Group has incurred necessary response costs in a manner consistent with

12    the NCP at the BKK Class I Facility.

13          58.    Plaintiff United Technologies Corporation is a corporation organized

14    under the laws of the State of Delaware. At all times referred to herein, United

15    Technologies Corporation, or its corporate predecessor, was and is authorized to do

16    business, and was and is doing business, in California.  The State of California has

17    alleged that Plaintiff United Technologies Corporation arranged for the disposal of

18    a Hazardous Substance at the BKK Class I Facility, as those terms are described in

19    section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United Technologies

20    Corporation is a member of the BKK Working Group and as a member of the BKK

21    Working Group has incurred necessary response costs in a manner consistent with

22    the NCP at the BKK Class I Facility.

23          59.    Plaintiff Univar USA Inc. (f/k/a Van Waters & Rogers) is a

24    corporation organized under the laws of the State of Washington. At all times

25    referred to herein, Univar USA Inc., or its corporate predecessor, was and is

26    authorized to do business, and was and is doing business, in California.  The State

27    of California has alleged that Plaintiff Univar USA Inc. arranged for the disposal of

28    a Hazardous Substance at the BKK Class I Facility, as those terms are described in

1  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Univar USA Inc. is a

2  member of the BKK Working Group and as a member of the BKK Working Group

3  has incurred necessary response costs in a manner consistent with the NCP at the

4  BKK Class I Facility.

5        60.    Plaintiff Ameron International Corporation is a corporation organized

6  under the laws of the State of Delaware.  At all times referred to herein, Ameron

7  International Corporation, or its corporate predecessor, was and is authorized to do

8  business, and was and is doing business, in California.   The State of California has

9  alleged that Plaintiff Ameron International Corporation arranged for the disposal of

10  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

11  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International

12  Corporation is a member of the BKK Working Group and as a member of the BKK

13  Working Group has incurred necessary response costs in a manner consistent with

14  the NCP at the BKK Class I Facility.

15                     **DEFENDANTS**

16        61.    Defendants are: Albertsons Companies, Inc.; Air Liquide America LP;

17  Allergan, Inc.; American Can Company; Ampex Corp.; Anco Metal Improvement

18  Co.; Ardagh Group S.A.; Argo Petroleum Corp.; Aurum Industries, Inc.; Beazer

19  East, Inc; Beckman Coulter Inc.; Big Three Industries Inc.; Birtcher Pacific; Cargill

20  Inc.; Carrier Corporation; Cleveland Wrecking Co.; Coast Plating, Inc.; Crowley

21  Inc.; Crown Beverage Packaging; Desoto Inc.; Don Knott Ford; Dresser Industries,

22  Inc.; Durex Inc.; Electrofilm Inc.; Federal Reserve Bank; Friction Inc.; Friction

23  Materials Corp.; FMC Corporation; Ford Aerospace and Communications Corp.;

24  Foster-Forbes Glass Co.; GATX; GE Betz, Inc.; GE Engine Services, Inc.; General

25  Electronic International, Inc; General Electric Company; General Mills, Inc.; Glass

26  Containers Corp.; Genstar Building Materials Co.; Genstar Roofing Products

27  Company, Inc.; Global Tube Corporation; GWB (US), Inc.; Henry Soss & Co Inc.;

28  Hill Brothers Chemical Co.; Hi-Shear Corp.; Hollytex Carpet Mills, Inc.; ITT LLC;

Jersey Maid Milk Products Inc.; Johnson Controls Inc.; Joslyn Manufacturing & Supply Co.; Kaiser Foundation Health Plan, Inc.; Lisi Aerospace North America, Inc.; Mazda Motor of America, Inc.; Mazda North America; Mercury Aerospace Inc.; Mercury Aerospace Fasteners; MRC Holdings, Inc.; Nalco Chemical Company; North American Environmental; Northrop Pacific; Pactiv LLC; Pillsbury Co.; Price Pfister *nka* Pfister; Rexam Beverage Can Company; Ricoh Electronics, Inc.; Rio Tinto Alcan Inc.; Safeway Stores Inc.; Sandia Metal Process, Inc.; Shuwa Investments Corp.;  Smith & Co.; Sony Pictures Entertainment Inc.; Stanley Black & Decker, Inc.; Structural Composite Industries; TDY Industries, LLC; Thompson Industries; Thorpe Insulation Co.; Toyota Motor Manufacturing USA; Valspar Corporation; Vons Companies Inc.; Vought Aircraft Industries Inc.; and Does 1-10.

62.     Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc.  According to historical BKK Corp. records, Albertson's Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

63.     Upon information and belief, Defendant Air Liquide America LP is the successor to Big Three Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Big Three Industries Inc. According to historical BKK Corp. records, Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America LP has not incurred any response costs at the BKK Class I Facility nor has it paid

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

64.     According to historical BKK Corp. records, Defendant Allergan, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Allergan, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Allergan, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

65.     According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

66.     According to historical BKK Corp. records, Defendant Ampex Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ampex Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ampex Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

67.     According to historical BKK Corp. records, Defendant Anco Metal Improvement Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Anco Metal Improvement Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Anco Metal Improvement Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

68.    Upon information and belief, Defendant Ardagh Group S.A. is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Saint-Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp. records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh Group S.A. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

69.    According to historical BKK Corp. records, Defendant Argo Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Argo Petroleum Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Argo Petroleum Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.    According to historical BKK Corp. records, Defendant Aurum Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aurum Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aurum Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71.    According to historical BKK Corp. records, Defendant Beazer East, Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that

30

Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beazer East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.    According to historical BKK Corp. records, Defendant Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73.    According to historical BKK Corp. records, Defendant Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Big Three Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74.    According to historical BKK Corp. records, Defendant Birtcher Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Birtcher Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

75.    According to historical BKK Corp. records, Defendant Cargill Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste

1    contained Hazardous Substances that Defendant Cargill Inc. generated and/or

2    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill

3    Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

4    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5           76.    Upon information and belief, Defendant Carrier Corporation is the

6    successor to Henry Soss & Co. Inc. and/or otherwise liable for manifested waste

7    that was contributed to the BKK Class I Facility by Henry Soss & Co. Inc.

8    According to historical BKK Corp. records, Henry Soss & Co. Inc. contributed

9    manifested waste to the BKK Class I Facility. This manifested waste contained

10   Hazardous Substances that Henry Soss & Co. Inc. generated and/or arranged for its

11   disposal at the BKK Class I Facility. To date, Defendant Carrier Corporation has

12   not incurred any response costs at the BKK Class I Facility nor has it paid its fair

13   share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

14          77.    According to historical BKK Corp. records, Defendant Cleveland

15   Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This

16   manifested waste contained Hazardous Substances that Defendant Cleveland

17   Wrecking Co. generated and/or arranged for its disposal at the BKK Class I

18   Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any

19   response costs at the BKK Class I Facility nor has it paid its fair share of response

20   costs incurred by the Plaintiffs at the BKK Class I Facility.

21          78.    According to historical BKK Corp. records, Defendant Coast Plating,

22   Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

23   waste contained Hazardous Substances that Defendant Coast Plating, Inc. generated

24   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

25   Coast Plating, Inc. has not incurred any response costs at the BKK Class I Facility

26   nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

27   Class I Facility.

28

79.   According to historical BKK Corp. records, Defendant Crowley Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crowley Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

80.   According to historical BKK Corp. records, Defendant Crown Beverage Packaging contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crown Beverage Packaging generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crown Beverage Packaging has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

81.   According to historical BKK Corp. records, Defendant Desoto Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Desoto Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

82.   According to historical BKK Corp. records, Defendant Don Knott Ford contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Don Knott Ford generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Don Knott Ford has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

83.   According to historical BKK Corp. records, Defendant Dresser Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

1    manifested waste contained Hazardous Substances that Defendant Dresser

2    Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

3    Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any response

4    costs at the BKK Class I Facility nor has it paid its fair share of response costs

5    incurred by the Plaintiffs at the BKK Class I Facility.

6        84.    According to historical BKK Corp. records, Defendant Durex Inc.

7    contributed manifested waste to the BKK Class I Facility.  This manifested waste

8    contained Hazardous Substances that Defendant Durex Inc. generated and/or

9    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex

10   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

11   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

12       85.    According to historical BKK Corp. records, Defendant Electrofilm Inc.

13   contributed manifested waste to the BKK Class I Facility.  This manifested waste

14   contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or

15   arranged for its disposal at the BKK Class I Facility.  To date, Defendant

16   Electrofilm Inc. has not incurred any response costs at the BKK Class I Facility nor

17   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

18   Class I Facility.

19       86.    According to historical BKK Corp. records, Defendant Federal

20   Reserve Bank contributed manifested waste to the BKK Class I Facility.  This

21   manifested waste contained Hazardous Substances that Defendant Federal Reserve

22   Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To

23   date, Defendant Federal Reserve Bank has not incurred any response costs at the

24   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

25   Plaintiffs at the BKK Class I Facility.

26       87.    Upon information and belief, Defendant Friction Inc. is the successor

27   to Friction Materials Corp. and/or otherwise liable for manifested waste that was

28   contributed to the BKK Class I Facility by Friction Materials Corp.  According to

1  historical BKK Corp. records, Friction Materials Corp. contributed manifested
2  waste to the BKK Class I Facility. This manifested waste contained Hazardous
3  Substances that Friction Materials Corp. generated and/or arranged for its disposal
4  at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any
5  response costs at the BKK Class I Facility nor has it paid its fair share of response
6  costs incurred by the Plaintiffs at the BKK Class I Facility.

7       88.    According to historical BKK Corp. records, Defendant Friction
8  Materials Corp. contributed manifested waste to the BKK Class I Facility.  This
9  manifested waste contained Hazardous Substances that Defendant Friction
10  Materials Corp. generated and/or arranged for its disposal at the BKK Class I
11  Facility.  To date, Defendant Friction Materials Corp. has not incurred any response
12  costs at the BKK Class I Facility nor has it paid its fair share of response costs
13  incurred by the Plaintiffs at the BKK Class I Facility.

14       89.    According to historical BKK Corp. records, Defendant FMC
15  Corporation contributed manifested waste to the BKK Class I Facility.  This
16  manifested waste contained Hazardous Substances that Defendant FMC
17  Corporation generated and/or arranged for its disposal at the BKK Class I Facility.
18  To date, Defendant FMC Corporation has not incurred any response costs at the
19  BKK Class I Facility nor has it paid its fair share of response costs incurred by the
20  Plaintiffs at the BKK Class I Facility.

21       90.    According to historical BKK Corp. records, Defendant Ford Motor
22  Company contributed manifested waste to the BKK Class I Facility.  This
23  manifested waste contained Hazardous Substances that Defendant Ford Motor
24  Company generated and/or arranged for its disposal at the BKK Class I Facility.
25  To date, Defendant Ford Motor Company has not incurred any response costs at the
26  BKK Class I Facility nor has it paid its fair share of response costs incurred by the
27  Plaintiffs at the BKK Class I Facility.

28       91.    According to historical BKK Corp. records, Defendant Foster-Forbes

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Glass Co. contributed manifested waste to the BKK Class I Facility.  This

manifested waste contained Hazardous Substances that Defendant Foster-Forbes

Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at

the BKK Class I Facility nor has it paid its fair share of response costs incurred by

the Plaintiffs at the BKK Class I Facility.

92.    According to historical BKK Corp. records, Defendant GATX

contributed manifested waste to the BKK Class I Facility.  This manifested waste

contained Hazardous Substances that Defendant GATX generated and/or arranged

for its disposal at the BKK Class I Facility.  To date, Defendant GATX has not

incurred any response costs at the BKK Class I Facility nor has it paid its fair share

of response costs incurred by the Plaintiffs at the BKK Class I Facility.

93.    According to historical BKK Corp. records, Defendant GE Betz, Inc.

fka Betz Laboratories, Inc. contributed manifested waste to the BKK Class I

Facility.  This manifested waste contained Hazardous Substances that Defendant

GE Betz, Inc. fka Betz Laboratories, Inc. generated and/or arranged for its disposal

at the BKK Class I Facility.  To date, Defendant GE Betz, Inc. fka Betz

Laboratories, Inc. has not incurred any response costs at the BKK Class I Facility

nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

Class I Facility.

94.    According to historical BKK Corp. records, Defendant GE Engine

Services, Inc. contributed manifested waste to the BKK Class I Facility.  This

manifested waste contained Hazardous Substances that Defendant GE Engine

Services, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant GE Engine Services, Inc. has not incurred any response costs at

the BKK Class I Facility nor has it paid its fair share of response costs incurred by

the Plaintiffs at the BKK Class I Facility.

95.    According to historical BKK Corp. records, Defendant General

Electric Company and/or its predecessors, including GE Betz, Inc. (fka Betz Laboratories, Inc.), GE Engine Services, Inc. and General Electronic International, Inc., contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant General Electric Company and/or its predecessors generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant General Electric Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

96.    According to historical BKK Corp. records, Defendant General Electronic International, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant General Electronic International, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant General Electronic International, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.    Upon information and belief, Defendant General Mills, Inc. is the successor to Pillsbury Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pillsbury Co.  According to historical BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant General Mills, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

98.    According to historical BKK Corp. records, Defendant Glass Containers Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Glass Containers Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

1  date, Defendant Glass Containers Corp. has not incurred any response costs at the

2  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

3  Plaintiffs at the BKK Class I Facility.

4       99.   According to historical BKK Corp. records, Defendant Genstar

5  Building Materials Co. contributed manifested waste to the BKK Class I Facility.

6  This manifested waste contained Hazardous Substances that Defendant Genstar

7  Building Materials Co. generated and/or arranged for its disposal at the BKK Class

8  I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any

9  response costs at the BKK Class I Facility nor has it paid its fair share of response

10  costs incurred by the Plaintiffs at the BKK Class I Facility.

11       100.   Upon information and belief, Defendant Genstar Roofing Products

12  Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise

13  liable for manifested waste that was contributed to the BKK Class I Facility by

14  Genstar Building Materials Co.  According to historical BKK Corp. records,

15  Genstar Building Materials Co. contributed manifested waste to the BKK Class I

16  Facility. This manifested waste contained Hazardous Substances that Genstar

17  Building Materials Co. generated and/or arranged for its disposal at the BKK Class

18  I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not

19  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

20  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

21       101.   According to historical BKK Corp. records, Defendant Global Tube

22  Corporation contributed manifested waste to the BKK Class I Facility.  This

23  manifested waste contained Hazardous Substances that Defendant Global Tube

24  Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

25  To date, Defendant Global Tube Corporation has not incurred any response costs at

26  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

27  the Plaintiffs at the BKK Class I Facility.

28       102.   Upon information and belief, Defendant GWB (US), Inc. is the

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

successor to Networks Electronic and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Networks Electronic.  According to historical BKK Corp. records, Networks Electronic contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Networks Electronic generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GWB (US), Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

103.   According to historical BKK Corp. records, Defendant Henry Soss & Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Henry Soss & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Henry Soss & Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

104.   According to historical BKK Corp. records, Defendant Hill Brothers Chemical Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hill Brothers Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

105.   According to historical BKK Corp. records, Defendant Hi-Shear Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hi-Shear Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

Facility.

106.   According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.   According to historical BKK Corp. records, Defendant ITT LLC and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ITT LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.   According to historical BKK Corp. records, Defendant Jersey Maid Milk Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Jersey Maid Milk Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Jersey Maid Milk Products Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

109.   According to historical BKK Corp. records, Defendant Johnson Controls Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Johnson Controls Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Johnson Controls Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Plaintiffs at the BKK Class I Facility.

110.   According to historical BKK Corp. records, Defendant Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

111.   According to historical BKK Corp. records, Defendant Kaiser Foundation Health Plan, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Kaiser Foundation Health Plan, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Kaiser Foundation Health Plan, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

112.   Upon information and belief, Defendant Lisi Aerospace North America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

113.   Upon information and belief, Defendant Mazda Motor of America, Inc. is the successor to Mazda North America and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mazda North

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

America.  According to historical BKK Corp. records, Mazda North America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mazda North America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda Motor of America, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114.   According to historical BKK Corp. records, Defendant Mazda North America contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Mazda North America generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Mazda North America has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

115.   Upon information and belief, Defendant Mercury Aerospace Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mercury Aerospace Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

116.   According to historical BKK Corp. records, Defendant Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

117.   Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company. According to historical BKK Corp. records, American Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

118.   According to historical BKK Corp. records, Defendant Nalco Chemical Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Nalco Chemical Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Nalco Chemical Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

119.   According to historical BKK Corp. records, Defendant North American Environmental contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Environmental generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Environmental has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

120.   According to historical BKK Corp. records, Defendant Northrop Pacific contributed manifested waste to the BKK Class I Facility.  This manifested

1   waste contained Hazardous Substances that Defendant Northrop Pacific generated

2   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

3   Northrop Pacific has not incurred any response costs at the BKK Class I Facility

4   nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

5   Class I Facility.

6        121.   According to historical BKK Corp. records, Defendant Pactiv LLC

7   and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the

8   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

9   Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or

10   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv

11   LLC has not incurred any response costs at the BKK Class I Facility nor has it paid

12   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

13        122.   According to historical BKK Corp. records, Defendant Pillsbury Co.

14   contributed manifested waste to the BKK Class I Facility.  This manifested waste

15   contained Hazardous Substances that Defendant Pillsbury Co. generated and/or

16   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury

17   Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

18   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

19        123.   According to historical BKK Corp. records, Defendant Price Pfister

20   *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

21   manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

22   Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

23   date, Defendant Price Pfister *nka* Pfister has not incurred any response costs at the

24   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

25   Plaintiffs at the BKK Class I Facility.

26        124.   According to historical BKK Corp. records, Defendant Rexam

27   Beverage Can Company contributed manifested waste to the BKK Class I Facility.

28   This manifested waste contained Hazardous Substances that Defendant Rexam

1  Beverage Can Company generated and/or arranged for its disposal at the BKK

2  Class I Facility.  To date, Defendant Rexam Beverage Can Company has not

3  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

4  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5  125.   According to historical BKK Corp. records, Defendant Ricoh

6  Electronics, Inc. contributed manifested waste to the BKK Class I Facility.  This

7  manifested waste contained Hazardous Substances that Defendant Ricoh

8  Electronics, Inc. generated and/or arranged for its disposal at the BKK Class I

9  Facility.  To date, Defendant Ricoh Electronics, Inc. has not incurred any response

10  costs at the BKK Class I Facility nor has it paid its fair share of response costs

11  incurred by the Plaintiffs at the BKK Class I Facility.

12  126.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the

13  successor to American Can Company and/or otherwise liable for manifested waste

14  that was contributed to the BKK Class I Facility by American Can Company.

15  According to historical BKK Corp. records, American Can Company contributed

16  manifested waste to the BKK Class I Facility. This manifested waste contained

17  Hazardous Substances that American Can Company generated and/or arranged for

18  its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc.

19  has not incurred any response costs at the BKK Class I Facility nor has it paid its

20  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

21  127.   According to historical BKK Corp. records, Defendant Safeway Stores

22  Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

23  waste contained Hazardous Substances that Defendant Safeway Stores Inc.

24  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

25  Defendant Safeway Stores Inc. has not incurred any response costs at the BKK

26  Class I Facility nor has it paid its fair share of response costs incurred by the

27  Plaintiffs at the BKK Class I Facility.

28  128.   According to historical BKK Corp. records, Defendant Sandia Metal

Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

129.   According to historical BKK Corp. records, Defendant Shuwa Investments Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Shuwa Investments Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

130.   According to historical BKK Corp. records, Defendant Smith & Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Smith & Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith & Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

131.   Upon information and belief, Defendant Sony Pictures Entertainment Inc. is the successor to Columbia Pictures and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Columbia Pictures. According to historical BKK Corp. records, Columbia Pictures contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Columbia Pictures generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sony Pictures Entertainment Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Class I Facility.

132.   Upon information and belief, Defendant Stanley Black & Decker, Inc. is the successor to Emhart Industries, Inc. and/or Price Pfister *nka* Pfister and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Emhart Industries, Inc. and/or Price Pfister *nka* Pfister.  According to historical BKK Corp. records, both Emhart Industries, Inc. and Price Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Emhart Industries, Inc. and Price Pfister *nka* Pfister each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

133.   According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Structural Composite Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

134.   According to historical BKK Corp. records, Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant TDY Industries, LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

135.   According to historical BKK Corp. records, Defendant Thompson

Industries contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant Thompson
Industries generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Thompson Industries has not incurred any response costs at the
BKK Class I Facility nor has it paid its fair share of response costs incurred by the
Plaintiffs at the BKK Class I Facility.

136.   According to historical BKK Corp. records, Defendant Thorpe
Insulation Co. contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant Thorpe
Insulation Co. generated and/or arranged for its disposal at the BKK Class I
Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any response
costs at the BKK Class I Facility nor has it paid its fair share of response costs
incurred by the Plaintiffs at the BKK Class I Facility.

137.   According to historical BKK Corp. records, Defendant Toyota Motor
Manufacturing USA contributed manifested waste to the BKK Class I Facility.
This manifested waste contained Hazardous Substances that Defendant Toyota
Motor Manufacturing USA generated and/or arranged for its disposal at the BKK
Class I Facility.  To date, Defendant Toyota Motor Manufacturing USA has not
incurred any response costs at the BKK Class I Facility nor has it paid its fair share
of response costs incurred by the Plaintiffs at the BKK Class I Facility.

138.   According to historical BKK Corp. records, Defendant Valspar Corp.
and/or its predecessor McCloskey Varnish Co. contributed manifested waste to the
BKK Class I Facility.  This manifested waste contained Hazardous Substances that
Defendant Valspar Corp. and/or its predecessor McCloskey Varnish Co. generated
and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant
Valspar Corp. has not incurred any response costs at the BKK Class I Facility nor
has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
Class I Facility.

139.    According to historical BKK Corp. records, Defendant Vons Companies Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Vons Companies Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vons Companies Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

140.    According to historical BKK Corp. records, Defendant Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

141.    Paragraphs 141 to 894 – Reserved (so that the following numbered paragraphs (895 to 987) are consistent with similar allegations in paragraphs 895 to 987 of the Second Amended Complaint in the related case *BKK Working Group, et al. v. 1700 Santa Fe Ltd., et al*. (USDC Case #2:18-cv-05810-MWF-PLA) filed on June 3, 2021).

895.    Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions.  A number of other PRPs at the BKK Class I Facility have entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to resolve the liabilities of those PRPs without litigation.

896.    On information and belief, each Defendant, including any of its assignees, predecessors, successors in interest, or alter egos, is a "person" who either (a) by contract, agreement, or otherwise, arranged for disposal or treatment,

or (b) arranged with a transporter for disposal or treatment, of Hazardous Substances at the BKK Class I Facility.

897.    On information and belief, between approximately 1969 and 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the BKK Class I Facility.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

898.    At all times relevant to this action, the BKK Class I Facility was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was also owned by BKK Corp. from approximately 1973 through the present.

899.    Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

900.    The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

901.    By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004. As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No. I/SE-D 04/05-004 ("ISE Order"), 14.

902.    On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

903.    In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

904.    The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

905.    In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and each of its then-members incurred necessary response costs at the BKK Class I Facility that are consistent with the NCP.

906.    The composition of the BKK Working Group has changed over time and continues to change.  New members pay an interim allocated share of past and ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has incurred necessary response costs consistent with the NCP.

907.    On October 31, 2005, the State of California, through its agency DTSC, filed a Complaint against certain members of the BKK Working Group in case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site Action").  In the Initial Site Action Complaint, the State of California sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL. HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was filed concurrently with the lodging of a consent decree between certain members of the BKK Working Group and DTSC that addressed conditions at the BKK Class I Facility.

908.    On February 8, 2006, the State of California, through its agency DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered on March 9, 2006.

909.    Among other things, the First Consent Decree obligated certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, and to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility.  The response actions have included investigation activities.

910.    The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree].  The matters addressed in [the First Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at ¶ 8.1.

911.    Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC.  All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

912.    On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site
Action"). Like the Initial Site Action Complaint, the Second Site Action Complaint
sought recovery of past response costs, including investigation costs, pursuant to
Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA;
and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from
certain members of the BKK Working Group relating to the BKK Class I Facility.

913. At that same time, the State of California, through its agency DTSC,
lodged a Second Consent Decree ("Second Consent Decree") with the Court,
obligating the BKK Working Group to perform additional response actions,
including investigation activities, at the BKK Class I Facility, to reimburse DTSC
for certain of its past response costs, including investigation costs, and to pay future
oversight costs to DTSC on an ongoing basis. The Second Consent Decree,
attached hereto as **Exhibit D**, was entered on August 10, 2010.

914. Among other things, the Second Consent Decree obligates certain
members of the BKK Working Group to perform environmental response actions,
including investigation activities, at the BKK Class I Facility, to reimburse DTSC
for certain of its response costs, including investigation costs, to pay DTSC for its
continuing oversight of the environmental response work at the BKK Class I
Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the
BKK Class I Facility. Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA
Statement of Work). The EE/CA is to propose a non-time critical removal action
that contributes to the efficient performance of any long-term remedial action for
the BKK Class I Facility. It is anticipated that a remedial investigation/feasibility
study and remedial actions will be conducted at the BKK Class I Facility at the
conclusion of the EE/CA. It is anticipated that DTSC will select further appropriate
response actions to be performed at the BKK Class Facility based on the EE/CA.

915. Among other things, the Second Consent Decree provides certain
members of the BKK Working Group with "protection from contribution actions or

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Second Consent Decree. The matters addressed in the Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

916. From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree. All work performed under the Second Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

917. On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site Action"). Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

918. At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis. The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

919. Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response

actions, including investigation activities, at the BKK Class I Facility, to reimburse
DTSC for certain of its response costs, including site investigation costs, to pay
DTSC for its continuing oversight of the environmental response work at the BKK
Class I Facility, and to conduct a Remedial Investigation/Feasibility Study
("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third
Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree
(RI/FS Statement of Work).  The area of groundwater investigation pursuant to the
RI/FS includes the Class I Landfill and Class I Landfill operation areas, including
but not limited to, "Trash Island" located on the north side of the landfill; the
leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP;
liquid piping and other liquid collection and conveyance systems associated with
the Class I Landfill; the fueling station and truck wash; and wherever hazardous
substances from such areas have or may come to be located.  It is anticipated that
DTSC will select further appropriate response actions to be performed at and
around the BKK Class I Facility based on the RI/FS.

920.    Among other things, the Third Partial Consent Decree provides
certain members of the BKK Working Group with "protection from contribution
actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §
9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters
addressed in the Third Partial Consent Decree are (a) the Work to be Performed by
[members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c)
Future DTSC Oversight Costs . . .." Third Partial Consent Decree at ¶ 8.1.

921.    As reflected in the BKK document archive maintained by DTSC,
members of the BKK Working Group also entered into additional interim
settlement agreements with DTSC to reimburse the State for its past response costs
incurred consistent with the NCP at the BKK Class I Landfill.

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

922.    On July 29, 2016, the State of California, through its agency DTSC, filed an amended third complaint, which joined as defendants five additional members of the BKK Working Group.

923.    At that same time, the State of California, through its agency DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third Partial Consent Decree"), which added the five new defendants as additional Settling Defendants.   The Amended Third Partial Consent Decree, attached hereto as **Exhibit F**, was approved by the Court on October 18, 2016.

924.    Among other things, the Amended Third Partial Consent Decree, like the Third Partial Consent Decree, obligates certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

925.    From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

926.    The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

927.    Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility.  Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility, and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility.  This investigation for the purpose of identification of additional PRPs is ongoing.

928.    The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

929.    In 2010, DTSC estimated that necessary response actions to fully remediate the BKK Class I Facility would cost nearly $800 million.

930.    Through mid-2017, Plaintiffs have incurred or are committed to incur approximately $250 million in costs associated with the BKK Class I Facility.

931.    To date, Defendants have failed to participate in or contribute to any response work or costs at the BKK Class I Facility.

## **FIRST CLAIM FOR RELIEF**

### **Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))**

932.    Paragraphs 1-931 are incorporated by reference.

933.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

(a)    Notwithstanding any other provision or rule of law, and subject

only to the defenses set forth in subsection (b) of this section –

* * * *

(3)     any person who by contract, agreement, or otherwise
        arranged for disposal or treatment, or arranged with a
        transporter for transport for disposal or treatment of
        hazardous substances owned or possessed by such person
        . . . shall be liable for –

* * * *

(B)     any other necessary costs of response incurred by
        any other person consistent with the national
        contingency plan . . . .

934.    Plaintiffs are each a "person" within the meaning of CERCLA
§ 101(21), 42 U.S.C. § 9601(21).

935.    Defendants are "persons" within the meaning of CERCLA § 101(21),
42 U.S.C. § 9601(21).

936.    The BKK Class I Facility is a "facility" within the meaning of
CERCLA § 101(9), 42 U.S.C. § 9601(9).

937.    Defendants arranged for disposal or treatment, or arranged with third-
party transporters for the disposal or treatment, of hazardous substances owned or
possessed by Defendants at the BKK Class I Facility.

938.    Hazardous Substances at the BKK Class I Facility have been released
and/or pose a threat of release within the meaning of CERCLA § 101(22), 42
U.S.C. § 9601(22).

939.    As a result of a release or threatened release of Hazardous Substances
at and from the BKK Class I Facility, Plaintiffs have incurred and will continue to
incur necessary costs of response pursuant to CERCLA § 107(a), 42 U.S.C.
§ 9607(a).  Such response costs, including site investigation expenses, have been
incurred and will continue to be incurred by Plaintiffs consistent with the NCP.

940.    Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## SECOND CLAIM FOR RELIEF

### Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))

941.    Paragraphs 1-940 are incorporated by reference.

942.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

943.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

944.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607:  the Initial Site Action, the Second Site Action, and the Third Site Action.

945.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve some or all of the liability of the member Plaintiffs to the State of California for some or all of the response actions taken at the BKK Class I Facility, and for some or all of the costs of such response actions.

946.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved some of the liability of those Plaintiffs to the State of California for some of the response actions taken at the BKK Class I Facility, and for some of the costs of such response actions.

947.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

948.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

949.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

950.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

951.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

952.    Upon filing this Third Amended Complaint, Plaintiffs provided a copy of this Third Amended Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

## **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

953.    Paragraphs 1-952 are incorporated herein by reference.

954.    CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

955.    Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants'

1  fair share of costs incurred by Stauffer Management Company LLC through its

2  payments made to satisfy Bayer CropScience's obligations.

3      956.    Plaintiff Stauffer Management Company LLC, which has received

4  some reimbursement payments from Syngenta Crop Protection, LLC for costs

5  Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s

6  obligations for response costs relating to the BKK Class I Facility, has been

7  assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments.

8  Syngenta Crop Protection, LLC's payments were made to Stauffer Management

9  Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2),

10  42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances.

11  Therefore, Stauffer Management Company LLC, through assignment of Syngenta

12  Crop Protection, LLC's rights, is entitled to recover from Defendants their fair

13  share of those costs incurred by Syngenta Crop Protection, LLC in partially

14  reimbursing Stauffer Management Company LLC for the response costs Stauffer

15  Management Company LLC paid to satisfy the response cost obligations incurred

16  by Bayer CropScience Inc. relating to the BKK Class I Facility.

17      957.    Some of the response costs incurred by Plaintiffs that are individual

18  members of the BKK Working Group may have been paid by or reimbursed by a

19  separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior

20  to the initiation of this litigation for reimbursement of their fair share of Plaintiffs'

21  past and future response costs incurred at the BKK Class I facility, which

22  Defendants failed to satisfy.  Thus, making them a claimant within the meaning of

23  Section 112(c).

**FOURTH CLAIM FOR RELIEF**

**Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

26      958.    Paragraphs 1-957 are incorporated herein by reference.

27      959.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent

28  part:

> In any action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

960.    Defendants are jointly and severally liable to Plaintiffs for the reimbursement of necessary response costs, including site investigation expenses, incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a).   Defendants are also severally liable to Plaintiffs under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring that Defendants are jointly and severally liable to Plaintiffs for reimbursement of their necessary response costs incurred consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of Plaintiffs' future responses costs incurred pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

## **FIFTH CLAIM FOR RELIEF**

## **Contribution, Hazardous Substance Account Act, California Health and Safety Code section 25300 et seq.**

961.    Paragraphs 1-960 are incorporated herein by reference.

962.    The Plaintiffs bring their claim for contribution against all Defendants.

963.    The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., provides a statutory right of contribution for those parties who clean up contaminated sites from those parties who are responsible for the contamination.

964.    Section 25363(e) of the HSAA provides that "A person who has incurred response or corrective action costs in accordance with this chapter, Chapter 6.5 (commencing with Section 25100) or [CERCLA] may seek contribution or indemnity from any person who is liable pursuant to this chapter."

965.    A "liable person" is defined in section 25323.5(a)(1) of the HSAA as "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section 9607(a))."

966.    Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

967.    Defendants are each a "person" within the meaning of section 25319 and 25323.5(a) of the Health and Safety Code.

968.    There have been releases or threatened releases from the BKK Class I Facility.

969.    As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

970.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 25363(d).

971.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 25363 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

972.    Paragraphs 1-971 are incorporated herein by reference.

973.    Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

974.    The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

975.    A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

976.    As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Common Law Subrogation

977.    Paragraphs 1-976 are incorporated herein by reference.

978.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

979.    Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

## EIGHTH CLAIM FOR RELIEF

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

980.    Paragraphs 1-979 are incorporated herein by reference.

981.    Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a declaration of his or her rights and duties in the premises. . . . He or she may ask for a declaration of rights or duties either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

982.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 107, 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

983.    A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## NINTH CLAIM FOR RELIEF

### Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

984.    Paragraphs 1-983 are incorporated herein by reference.

985.    The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought.

986.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA §§ 107, 112 and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor Plaintiffs).

987.    A declaratory judgment under the Declaratory Judgment Act for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1.     Recovery of all necessary response costs, cost of abatement, and damages incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.     Contribution of an equitable share of all necessary response costs incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.     A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future response costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

4.     Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

5.     Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

6.     Attorney's fees and pre-judgment interest (as response costs); and

7.     Such other relief as the Court may deem just and appropriate.

1    Dated: September 20, 2021                    HINSON GRAVELLE & ADAIR LLP

2

3                                         By  s/Douglas A. Gravelle

4                                            Douglas A. Gravelle,
                                             Attorneys for Plaintiffs
5                                            BKK WORKING GROUP, an
                                             unincorporated association, and
6                                            individual members identified
                                             above

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)