1 | **HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
2 | gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
3 | adair@hinsongravelle.com
27240 Turnberry Lane, Suite 200
4 | Valencia, CA 91355
Telephone: 661-294-0116
5 |
6 | Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
7 | association, and individual members identified
below
8 |
9 | UNITED STATES DISTRICT COURT
10 | CENTRAL DISTRICT OF CALIFORNIA
11 |

| | |
|---|---|
| 12 — BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC.; BAYER CROPSCIENCE INC.; BHPI SERVICE LLC; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-PACKARD COMPANY); AMERICAN HONDA MOTOR CO., INC.; | Case No. 2:18-cv-05836-MWF-PLA

**[FILED PURSUANT TO PARAGRAPH #1 OF MAY 19, 2023 COURT ORDER [DKT. 85]]**

**SIXTH AMENDED COMPLAINT FOR:**

1. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)]
2. CERCLA:  CONTRIBUTION [42 U.S.C. § 9613(f)]
3. CERCLA:  SUBROGATION [42 U.S.C. § 9612(c)(2)]
4. CERCLA:  DECLARATORY RELIEF [42 U.S.C. § 9613(g)]
5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 25300, ET SEQ.]
6. EQUITABLE INDEMNIFICATION
7. COMMON LAW SUBROGATION
8. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060]
9. DECLARATORY RELIEF [28 U.S.C. § 2201] |

1   HUNTINGTON BEACH
2   COMPANY; LOCKHEED
    MARTIN CORPORATION;
3   MARS, INC. (FORMERLY
    KNOWN AS KAL KAN FOODS
4   INC.); MONTROSE CHEMICAL
    CORPORATION OF
5   CALIFORNIA; MORTELL
    COMPANY; MORTON
6   INTERNATIONAL, INC.;
7   NATIONAL STEEL AND
    SHIPBUILDING COMPANY;
8   NORTHROP GRUMMAN
    SYSTEMS CORPORATION; OXY
9   USA, INC.; QUEMETCO, INC.;
10  ROCKWELL AUTOMATION,
    INC.; ROHM & HAAS
11  COMPANY; ROHR, INC.; SAN
    DIEGO GAS & ELECTRIC
12  COMPANY; SMITH
    INTERNATIONAL, INC.;
13  SOUTHERN CALIFORNIA
14  EDISON COMPANY;
    SOUTHERN CALIFORNIA GAS
15  COMPANY; STAUFFER
    MANAGEMENT COMPANY
16  LLC; THE PROCTER &
17  GAMBLE MANUFACTURING
    COMPANY; THUMS LONG
18  BEACH COMPANY; UNION
    CARBIDE CORPORATION;
19  UNION PACIFIC
    RAILROAD/SOUTHERN
20  PACIFIC TRANSPORTATION
    COMPANY; UNITED STATES
21  STEEL CORPORATION;
22  UNITED TECHNOLOGIES
    CORPORATION; UNIVAR USA
23  INC.; AND AMERON
    INTERNATIONAL
24  CORPORATION,

25

26                    Plaintiffs,

27          vs.

28

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

ALBERTSONS COMPANIES, INC.;
ALCO INDUSTRIES, INC.;
ALLERGAN, INC.; AMERICAN
CAN COMPANY; AMPEX CORP.;
ANCO METAL IMPROVEMENT
CO.; ARDAGH GROUP S.A.; ARGO
PETROLEUM CORP.; AURUM
INDUSTRIES, INC.; BARRY
WRIGHT CONTROLS; BEAULIEU
OF AMERICA, INC.; BIRTCHER
PACIFIC; BROWNING FERRIS
INDUSTRIES; BFI XV REALTY
FUND LTD.; BYRON JACKSON
PUMPS, INC.; CAROL CABLE CO.;
CARLTON FORGE WORKS; CIBA
GEIGY CORP.; CLEVELAND
WRECKING CO.; COLUMBIA
PICTURES; COOPER INDUSTRIES,
INC.; COTY, INC.; CROWLEY INC.;
DESOTO INC.; DON KNOTT FORD;
DRESSER INDUSTRIES, INC.;
DUREX INC.; ELECTROFILM INC.;
EMHART INDUSTRIES, INC.;
FASSON CORP.; FEDERAL-MOGUL
CORP.; FEDERAL-MOGUL LLC;
FEDERAL RESERVE BANK;
FRICTION INC.; FRICTION
MATERIALS CORP.; FMC
CORPORATION; FORD
AEROSPACE AND
COMMUNICATIONS CORP.; FORD
MOTOR COMPANY; FOSTER-
FORBES GLASS CO.; GENERAL
MILLS, INC.; GLASS CONTAINERS
CORP.; GENSTAR BUILDING
MATERIALS CO.; GENSTAR
ROOFING PRODUCTS COMPANY,
INC.; GKN AEROSPACE CHEM-
TRONICS INC.; GLOBAL TUBE
CORPORATION; GWB (US), INC.;
HILL BROTHERS CHEMICAL CO.;
HI-SHEAR CORP.; HOLLYTEX
CARPET MILLS, INC.; HOUGHTON
INTERNATIONAL INC.; JEFFRIES
BANK NOTES CO.; JOHNSON
CONTROLS INC.; JOSLYN
MANUFACTURING & SUPPLY CO.;

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  KAISER FOUNDATION HEALTH
2  PLAN, INC.; LISI AEROSPACE
   NORTH AMERICA, INC.; LONG
3  BEACH TERMINAL COMPANY;
   MAX FACTOR CO.; MERCURY
4  AEROSPACE INC.; MERCURY
   AEROSPACE FASTENERS; MRC
5  HOLDINGS, INC.; NORTH
   AMERICAN ENVIRONMENTAL;
6  NORTHROP PACIFIC; OWENS-
   ILLINOIS, INC.; PARAMOUNT
7  PICTURES CORP.; PILLSBURY CO.;
   PRICE PFISTER *NKA* PFISTER;
8  REPUBLIC SERVICES, INC.; RIO
   TINTO ALCAN INC.; SANDIA
9  METAL PROCESS, INC.; SANMINA-
   SCI CORP.; SEQUA
10  CORPORATION; SHUWA
    INVESTMENTS CORP.;
11  SIERRACIN; SIKA CORP.; SMITH &
    CO.; SPS TECHNOLOGIES, INC.;
12  STANLEY BLACK & DECKER,
    INC.; STANLEY WORKS;
13  STRUCTURAL COMPOSITE
    INDUSTRIES; SUMITOMO LIFE
14  REALTY; SYNTHANE TAYLOR;
    TECHNICOLOR, INC.; THOMPSON
15  INDUSTRIES; THORPE
    INSULATION CO.; TTM
16  TECHNOLOGIES, INC.; VOUGHT
    AIRCRAFT INDUSTRIES INC.;
17  PARAMOUNT PETROLEUM
    CORPORATION; and DOES 1-10,
18
19          Defendants.
20
21
22
23
24
25
26
27
28

4

1   Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

2 LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND LLC; BAYER

3 CROPSCIENCE INC.; BIG HEART PET BRANDS, INC.; THE BOEING

4 COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON

5 ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE

6 PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &

7 OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN

8 AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON

9 MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL

10 DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL

11 CORPORATION; HP INC. (FORMERLY KNOWN AS HEWLETT-

12 PACKARD COMPANY); AMERICAN HONDA MOTOR CO., INC.;

13 HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN

14 CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN

15 FOODS INC.); MONTROSE CHEMICAL CORPORATION OF

16 CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,

17 INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP

18 GRUMMAN SYSTEMS CORPORATION; OXY USA, INC.; QUEMETCO,

19 INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;

20 ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

21 INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON

22 COMPANY;  SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER

23 MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE

24 MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;

25 UNION CARBIDE CORPORATION; UNION PACIFIC

26 RAILROAD/SOUTHERN PACIFIC TRANSPORTATION COMPANY;

27 UNITED STATES STEEL CORPORATION; UNITED TECHNOLOGIES

28 CORPORATION; UNIVAR USA INC.; AND AMERON INTERNATIONAL

CORPORATION (collectively referred to herein as "Plaintiffs" or

individually as "Plaintiff") allege as follows:

## STATEMENT OF THE CASE

1.      This is a civil action for cost recovery under Section 107(a), an action

for contribution under Section 113 of the Comprehensive Environmental Response,

Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.*

("CERCLA") and contribution under The Carpenter-Presley-Tanner Hazardous

Substance Account Act ("HSAA"), California Health and Safety Code section

25300 et seq., relating to the release and/or threatened release of hazardous

substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C.

§ 9601 ("Hazardous Substances"), from a facility known as the BKK Class I

Landfill.  The BKK Class I Landfill is located on a portion of a much larger 583-

acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles

County, California.  Other facilities located on this property include a closed Class

III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and

related pollution control equipment.  The BKK Class I Landfill and the LTP,

service roads, and related pollution control equipment, which serve it, are

collectively referred to hereinafter as the "BKK Class I Facility"[1] and are the

subject of this lawsuit.  The closed Class III municipal landfill is not the subject of

this lawsuit.  True and correct copies of the parcel maps describing the property are

attached hereto as **Exhibit A**.  The State of California has alleged in a series of

three complaints filed against some or all of the Plaintiffs[2] that it has incurred

response costs in connection with actions taken in response to releases or threatened

---

[1] "BKK Class I Facility," as used herein, is equivalent to the term "Subject
Property" as that term is used in the First, Second Third Partial and Amended Third
Partial Consent Decrees.  The First, Second Third Partial and Amended Third
Partial Consent Decrees are defined *infra* at Paragraphs 921, 926, 931 and 936,
respectively.

[2] The three complaints are described in more detail in paragraphs 920, 925 and 930,
*infra*.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

releases of Hazardous Substances at the BKK Class I Facility. Each of the parties named as a defendant herein at paragraphs 61-297 and Does 1-10 (collectively referred to herein as "Defendants" or individually as "Defendant") generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.

2.     Plaintiffs seek to recover from each Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

3.     Plaintiffs also seek contribution from each Defendant pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary response costs incurred and to be incurred by Plaintiffs pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

4.     Plaintiffs further seek a declaration as to each Defendant's liability and associated allocation of past and future response costs in accordance with Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent action or actions brought by Plaintiffs against the Defendants to recover further response costs.

5.     Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 25300-25395, and Cal. Health and Safety Code § 25363 for past and future

1   necessary response costs incurred and to be incurred by Plaintiffs in a manner

2   consistent with the NCP to address releases or threatened releases of Hazardous

3   Substances at and from the BKK Class I Facility.

4         6.    Plaintiffs are also entitled to complete or partial indemnity from

5   Defendants for all response costs incurred or to be incurred at the BKK Class I

6   Facility, pursuant to the doctrine of equitable indemnification.

7         7.    A sub-set of Plaintiffs who allege they have reimbursed entities or

8   directly paid for and participated in directing response actions on behalf of other

9   entities (including other Plaintiffs) that have incurred past, necessary response

10  costs, including pursuant to the First, Second, Third Partial and Amended Third

11  Partial Consent Decrees in a manner consistent with the NCP, for response

12  activities undertaken at and in relation to the BKK Class I Facility, assert

13  subrogated cost recovery and contribution claims against each Defendant pursuant

14  to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common

15  law equitable subrogation.

16        8.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory

17  Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure

18  §1060 setting forth the parties' rights and obligations toward one another for future

19  costs incurred to address contamination at or from the BKK Class I Facility

20        9.    Through mid-2017, the BKK Working Group has incurred or is

21  committed to incur approximately $249 million in costs associated with the BKK

22  Class I Facility, and the total cost of necessary response actions to fully remediate

23  the BKK Class I Facility was estimated by the State of California Department of

24  Toxic Substances Control ("DTSC") in 2010 at nearly $800 million.  Each

25  Defendant has declined Plaintiffs' request(s) to enter into a tolling agreement to

26  facilitate settlement discussions, necessitating this lawsuit to resolve Defendants'

27  liabilities.

28

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

**JURISDICTION**

10.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Sixth Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

**VENUE**

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District, and because the BKK Class I Facility is located within this District.

12.    Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases and response costs at issue occurred in this District.

**PLAINTIFFS**

13.    The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently includes the Plaintiffs identified in paragraphs 14-60 below as members, which assert the claims in this Sixth Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility

of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred necessary response costs consistent with the NCP at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

14.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.   The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no allegations against the following Defendants:  Sun Exploration, the City of Carson, the City of Hermosa Beach, the City of Riverside, and the City of San Diego.

15.    Plaintiff Ashland LLC is a limited liability company organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland LLC is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the contractual indemnitor of Filtrol Corporation. Both companies were authorized to do business in California at all relevant times referred to herein.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.  Ashland LLC and Filtrol Corporation are members of the BKK Working Group and as members of the BKK

Working Group have incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims and interests relevant hereto to Ashland LCC.

16.    Plaintiff Atlantic Richfield Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

17.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Bayer CropScience Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working Group, has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

18.    Plaintiff Big Heart Pet Brands, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that the assignee to the successor in interest to certain liability of H.J. Heinz Company, arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Big Heart Pet Brands, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

19.     Plaintiff The Boeing Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Boeing Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Boeing Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a member, The Boeing Company has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

20.     Plaintiff California Resources Corporation is a corporation organized under the laws of the State of Pennsylvania. At all times referred to herein, California Resources Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff California Resources Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff California Resources Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility

21.     Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred to herein, Chevron Environmental Management Company, or its corporate affiliate(s), was and is authorized to do business, and was and is doing business, in

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

California.  The State of California has alleged that certain corporate affiliates of Plaintiff Chevron Environmental Management Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Environmental Management Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

22.    Plaintiff Chevron Marine Products LLC is a limited liability company organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Marine Products LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Chevron Marine Products LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Marine Products LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

23.    Reserved.

24.    Plaintiff ConocoPhillips Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, ConocoPhillips Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    25.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the

2    laws of the State of California. At all times referred to herein, Crosby & Overton,

3    Inc., or its corporate predecessor, was and is authorized to do business, and was and

4    is doing business, in California.  The State of California has alleged that Plaintiff

5    Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the

6    BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

7    42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK

8    Working Group and as a member of the BKK Working Group has incurred

9    necessary response costs in a manner consistent with the NCP at the BKK Class I

10   Facility.

11   26.    Plaintiff The Dow Chemical Company is a corporation organized

12   under the laws of the State of Delaware. At all times referred to herein, The Dow

13   Chemical Company, or its corporate predecessor, was and is authorized to do

14   business, and was and is doing business, in California.  The State of California has

15   alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a

16   Hazardous Substance at the BKK Class I Facility, as those terms are described in

17   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical

18   Company is a member of the BKK Working Group and as a member of the BKK

19   Working Group has incurred necessary response costs in a manner consistent with

20   the NCP at the BKK Class I Facility.

21   27.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized

22   under the laws of the State of Delaware. At all times referred to herein, Ducommun

23   Aerostructures, Inc., or its corporate predecessor, was and is authorized to do

24   business, and was and is doing business, in California.  The State of California has

25   alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a

26   Hazardous Substance at the BKK Class I Facility, as those terms are described in

27   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun

28   Aerostructures, Inc. is a member of the BKK Working Group and as a member of

1    the BKK Working Group has incurred necessary response costs in a manner

2    consistent with the NCP at the BKK Class I Facility.

3        28.    Plaintiff Essex Chemical Corporation is a corporation organized under

4    the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical

5    Corporation, or its corporate predecessor, was and is authorized to do business, and

6    was and is doing business, in California.  The State of California has alleged that

7    Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous

8    Substance at the BKK Class I Facility, as those terms are described in section

9    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is

10   a member of the BKK Working Group and as a member of the BKK Working

11   Group has incurred necessary response costs in a manner consistent with the NCP

12   at the BKK Class I Facility.

13       29.    Plaintiff Exxon Mobil Corporation is a corporation organized under

14   the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil

15   Corporation, or its corporate predecessor, was and is authorized to do business, and

16   was and is doing business, in California.  The State of California has alleged that

17   Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous

18   Substance at the BKK Class I Facility, as those terms are described in section

19   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a

20   member of the BKK Working Group and as a member of the BKK Working Group

21   has incurred necessary response costs in a manner consistent with the NCP at the

22   BKK Class I Facility.

23       30.    Plaintiff Gemini Industries, Inc. is a corporation organized under the

24   laws of the State of California. At all times referred to herein, Gemini Industries,

25   Inc. or its corporate predecessor, was and is authorized to do business, and was and

26   is doing business, in California.  The State of California has alleged that Plaintiff

27   Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the

28   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

42 U.S.C. § 9607(a). Plaintiff Gemini Industries, Inc. is a member of the BKK Working Group. As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

31.  Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware. During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California. The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

32.  Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

33.  Plaintiff HP Inc., formerly known as Hewlett-Packard Company, is a corporation organized under the laws of the State of Delaware. At all times referred

to herein, HP Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff HP Inc. any arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff HP Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

34.    Plaintiff American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff American Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff American Honda Motor Co. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

35.    Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Huntington Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

36.     Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

37.     Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

38.     Plaintiff Montrose Chemical Corporation of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corporation of California, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corporation of California arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

9607(a). Plaintiff Montrose Chemical Corporation of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

39. Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mortell Company or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

40. Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

41. Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff National Steel and Shipbuilding Company

arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff National Steel and Shipbuilding Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

42.   Plaintiff Northrop Grumman Systems Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Northrop Grumman Systems Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Northrop Grumman Systems Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Northrop Grumman Systems Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

43.   Plaintiff OXY USA, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, OXY USA, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff OXY USA, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff OXY USA, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility

44.   Plaintiff Quemetco, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

45. Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

46. Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

47.    Plaintiff Rohr, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

48.    Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

49.    Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

1  necessary response costs in a manner consistent with the NCP at the BKK Class I

2  Facility

3      50.    Plaintiff Southern California Edison Company is a corporation

4  organized under the laws of the State of California. At all times referred to herein,

5  Southern California Edison Company, or its corporate predecessor, was and is

6  authorized to do business, and was and is doing business, in California.  The State

7  of California has alleged that Plaintiff Southern California Edison Company

8  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

9  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10  Plaintiff Southern California Edison Company is a member of the BKK Working

11  Group and as a member of the BKK Working Group has incurred necessary

12  response costs in a manner consistent with the NCP at the BKK Class I Facility.

13      51.    Plaintiff Southern California Gas Company is a corporation organized

14  under the laws of the State of California. At all times referred to herein, Southern

15  California Gas Company, or its corporate predecessor, was and is authorized to do

16  business, and was and is doing business, in California.  The State of California has

17  alleged that Plaintiff Southern California Gas Company arranged for the disposal of

18  a Hazardous Substance at the BKK Class I Facility, as those terms are described in

19  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas

20  Company is a member of the BKK Working Group and as a member of the BKK

21  Working Group has incurred necessary response costs in a manner consistent with

22  the NCP at the BKK Class I Facility.

23      52.    Plaintiff Stauffer Management Company LLC is a limited liability

24  corporation organized under the laws of the State of Delaware.  At all times referred

25  to herein, Stauffer Management Company LLC was and is authorized to do

26  business, and was and is doing business, in California.  Stauffer Management

27  Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

28  this legal obligation, has paid the response costs incurred by Bayer CropScience,

Inc. and has participated in directing remediation efforts as an agent for Bayer
CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company
LLC also is an assignee to the subrogation and other rights or causes of action
Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as
a result of reimbursements it has made to Stauffer Management Company LLC for
response costs paid for by Stauffer Management Company LLC in connection with
the BKK Class I Facility.   Prior to filing this lawsuit, Bayer CropScience, Inc. and
Stauffer Management Company LLC submitted demands to Defendants as
contemplated by CERCLA § 112(b) and (c), thereby making them each a
"claimant" as that term is used in the statute.  Although Stauffer Management
Company LLC and Syngenta Crop Protection, LLC are not members of the BKK
Working Group, because the costs they have incurred result directly from Bayer
CropScience's participation in the BKK Working Group, for purposes of the
allegations in this Sixth Amended Complaint relating to the incurrence of response
costs, the term "BKK Working Group" includes Stauffer Management Company
LLC and Syngenta Crop Protection, LLC.

53.     Plaintiff The Procter & Gamble Manufacturing Company is a
corporation organized under the laws of the State of Ohio.  At all times referred to
herein, The Procter & Gamble Manufacturing Company, or its corporate
predecessor, was and is authorized to do business, and was and is doing business, in
California.  The State of California has alleged that Plaintiff The Procter & Gamble
Manufacturing Company arranged for the disposal of a Hazardous Substance at the
BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,
42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a
member of the BKK Working Group and as a member of the BKK Working Group
has incurred necessary response costs in a manner consistent with the NCP at the
BKK Class I Facility.

54.    Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

55.    Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

56.    Plaintiff Union Pacific Railroad, formerly known as Southern Pacific Transportation Company, is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a

member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

57.    Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff United States Steel Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

58.    Plaintiff United Technologies Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United Technologies Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff United Technologies Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff United Technologies Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

59.    Plaintiff Univar USA Inc. (f/k/a Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar USA Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Univar USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Univar USA Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

60.    Plaintiff Ameron International Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ameron International Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California.   The State of California has alleged that Plaintiff Ameron International Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred necessary response costs in a manner consistent with the NCP at the BKK Class I Facility.

## **DEFENDANTS**

61.    Defendants are: A.B. Dick Co.; Aamco Transmissions; Abbott Power Corp.; Ace Industries; ACH Food Companies, Inc.; Aerosol Services Co. Inc.; Air Industries Corp.; Air Liquide America LP; Albertsons Companies, Inc.; Alkid Corporation; American Can Company; American Chemical & Refining; American Scientific Products; Ameripride Services, LLC; Ampex Corp.; Anchor Post Products Inc.; Anco Metal Improvement Co.; Apex International Alloys; Ardagh Group S.A.; Argo Petroleum Corp.; Arnold Electronics Inc.; Atlantic Oil Company; Atlas Fabricators; Aurum Industries, Inc.; Axel Johnson, Inc.; BAE Systems San Diego Ship Repair Inc.; Bausch Health Americas, Inc.; Baxter International Inc.; Beatrice Hunt Wesson Inc.; Beazer East, Inc; Beckman Coulter Inc.; Becton, Dickinson and Company; Bernard Epps & Co.; Big Three Industries Inc.; Birtcher Pacific; Bridgestone Americas, Inc.; C&D Technologies, Inc.; Cali-Blok; Calprotech Inc.; Cargill Inc.; Carrier Corporation; Circuit One Div. of LH Research

1  Inc.; Cleveland Wrecking Co.; Coast Plating, Inc.; Cognis Corp.; Conagra Brands,
2  Inc.; Cragar Industries; Crow Family, Inc.; Crowley Inc.; Crown Beverage
3  Packaging; Crown Zellerbach Co.; CSX Transportation; Cyclo Chemical Co.;
4  Cytec Industries Inc.; Darnell Corporate Ltd.; Davis Investment Co.; Densco
5  Products and Services Americas, Inc.; Desoto Inc.; Don Knott Ford; Dowty
6  Propellers Americas; Drackett Co.; Dresser Industries, Inc.; Durex Inc.; El Fab;
7  Electrofilm Inc.; Electrotech Circuits Inc.; EME Corp.; Emery Industries Inc.;
8  Energy & Environment Research Corp.; Environmental Control Systems Inc.;
9  Fairchild Industries; Federal Reserve Bank; Fiberite West Coast Corp.; Firestone
10 Tire & Rubber Co.; Fletcher Oil & Refining Co.; Flight Accessory Service;
11 Flowserve Corporation; Fotomat Labs Inc.; Frazee Industries; Friction Inc.; Friction
12 Materials Corp.; FMC Corporation; Ford Aerospace and Communications Corp.;
13 Foster-Forbes Glass Co.; Gates Admiral; GATX; GE Betz, Inc.; GE Engine
14 Services, Inc.; General Electric Company; General Electronic International, Inc;
15 General Mills, Inc.; Georgia-Pacific LLC; Gerald California LLC; Genstar Building
16 Materials Co.; Genstar Roofing Products Company, Inc.; Glass Containers Corp.;
17 Global Tube Corporation; Griffon Corp.; GWB (US), Inc.; Halstead Enterprises;
18 Handy & Harman; Harsco Corporation; Hawker Pacific Aerospace; Henry Soss &
19 Co Inc.; Hill Brothers Chemical Co.; Hi-Shear Corp.; Hoffman Electronics;
20 Hollytex Carpet Mills, Inc.; HR Textron Inc.; HTW Industries Inc.; Humco
21 Products; Hydraulic Units Inc.; Hydrochem Industrial Services Inc.; ICN
22 Pharmaceuticals; Imco Services; Industrial Circuits; Industrial Tectonics Bearings;
23 ITT LLC; J.C. Inc.; JCI Environmental Services; Jeld-Wen, Inc.; Jersey Maid Milk
24 Products Inc.; Johnson Controls Inc.; Joslyn Manufacturing & Supply Co.; Kaiser
25 Foundation Health Plan, Inc.; Kaiser Rollmet Inc.; Kinder Morgan Energy Partners,
26 L.P.; Knudsen Corp.; Konica Photo Service U.S.A., Inc.; Korbel Capital LLC;
27 Krazy Glue Inc.; Lilly Industrial Coatings Inc.; Lisi Aerospace North America, Inc.;
28 Long Beach Fabricators Inc.; Loral Space & Communications Inc.; Los Angeles

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Plating Co.; Lucky Stores Inc.; Lumidor Manufacturing Co.; M-I L.L.C. *aka* and/or *dba* M-I Swaco; Macdermid Printing Solutions; Maersk Line, Limited (MLL); Marco Chemical Co.; Mark Andy Inc.; Marten Management Co.; Mazda Motor of America, Inc.; Mazda North America; MCA Laboratories; McKay Chemical Co.; Mercury Aerospace Inc.; Mercury Aerospace Fasteners; MGF Industries; Mica Corp.; MRC Holdings, Inc.; NavCom Defense Electronics, Inc.; Newell Brands Inc.; New Fashion Cleaners; Nippondenso of Los Angeles; North American Environmental; Northrop Pacific; Pacific Intermountain Express; Pacific Southwest Airlines; Packaging Corp. of America; Pactiv LLC; Paint & Coatings Corp.; Parsons Corporation; PCC Rollmet, Inc.; Peairs Engineers; Peat Manufacturing Co.; PGP Industries Inc.; Pillsbury Co.; Pratt & Lambert Paint Inc.; Precision Castparts Corp.; Price Pfister *nka* Pfister; Printed Circuits, Inc.; PSC Industrial Holdings Corp.; Purex Corp.; Ralph M. Parsons Co.; Register Properties Inc.; Reisner Metals; Replacement Parts Manufacturing; Rexam Beverage Can Company; Ricoh Electronics, Inc.; Rio Tinto Alcan Inc.; Roberts Manufacturing Co.; S.C. Johnson & Son, Inc.; San Diego Pipe Line Co.; Safeway Stores Inc.; Sandia Metal Process, Inc.; Sargent Fletcher Inc.; Schlumberger N.V.; Sea Land Service Inc.; Service Chemical Co.; Shuwa Investments Corp.; Smith & Co.; Sony Pictures Entertainment Inc.; South West Forest Products; Southern Pacific Pipe Lines, Inc.; Southwest Steel Rolling Mills; Sta Rite Industries Inc.; Standard Industrial Towel & Uniform; Stanley Black & Decker, Inc.; Structural Composite Industries; TDY Industries, LLC; Tenneco Oil Co.; Thompson Industries; Thorpe Insulation Co.; Times Mirror Press; Tooley & Co. Inc.; Toppan Printing Company (America), Inc.; Toyota Motor Manufacturing USA; Transequip Pacific Inc.; TRE Corp.; Treatolite Corp.; Tribune Publishing Company; Trojan Battery Co.; U.S. Borax & Chemical Corp.; U.S. Brass Division; United States Lime & Minerals, Inc.; Valco; Valspar Corporation; Vest, Inc.; VF Corporation; Vons Companies Inc.; Vought Aircraft Industries Inc.; Weber Aircraft; Weslock Corp.; West Valley

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Toyota; Western Kraft Corp.; Western Synthetic Felt Co.; Westminster Ceramics Inc.; Windowmaster Products; Woodward HRT, Inc.; Xtra Energy; Zimmers Truck Stop; and Does 1-10.

62.    According to historical BKK Corp. records, Defendant A. B. Dick Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant A. B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant A. B. Dick Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

63.    According to historical BKK Corp. records, Defendant Aamco Transmissions contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Aamco Transmissions generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Aamco Transmissions has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

64.    According to historical BKK Corp. records, Defendant Abbott Power Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Abbott Power Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Abbott Power Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

65.    According to historical BKK Corp. records, Defendant Ace Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ace Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ace

1  Industries has not incurred any response costs at the BKK Class I Facility nor has it

2  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

3  Facility.

4      66.    Upon information and belief, Defendant ACH Food Companies, Inc. is

5  the successor to Humco Products and/or otherwise liable for manifested waste that

6  was contributed to the BKK Class I Facility by Humco Products.  According to

7  historical BKK Corp. records, Humco Products contributed manifested waste to the

8  BKK Class I Facility. This manifested waste contained Hazardous Substances that

9  Humco Products generated and/or arranged for its disposal at the BKK Class I

10  Facility. To date, Defendant ACH Food Companies, Inc. has not incurred any

11  response costs at the BKK Class I Facility nor has it paid its fair share of response

12  costs incurred by the Plaintiffs at the BKK Class I Facility.

13      67.    According to historical BKK Corp. records, Defendant Aerosol

14  Services Co. Inc. contributed manifested waste to the BKK Class I Facility.  This

15  manifested waste contained Hazardous Substances that Defendant Aerosol Services

16  Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To

17  date, Defendant Aerosol Services Co. Inc. has not incurred any response costs at the

18  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

19  Plaintiffs at the BKK Class I Facility.

20      68.    According to historical BKK Corp. records, Defendant Air Industries

21  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

22  waste contained Hazardous Substances that Defendant Air Industries Corp.

23  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

24  Defendant Air Industries Corp. has not incurred any response costs at the BKK

25  Class I Facility nor has it paid its fair share of response costs incurred by the

26  Plaintiffs at the BKK Class I Facility.

27      69.    Upon information and belief, Defendant Air Liquide America LP is the

28  successor to Big Three Industries Inc. and/or otherwise liable for manifested waste

that was contributed to the BKK Class I Facility by Big Three Industries Inc. According to historical BKK Corp. records, Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America LP has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.    Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc.  According to historical BKK Corp. records, Albertson's Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71.    Upon information and belief, Defendant Alkid Corporation is the successor to Peat Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Peat Manufacturing Co. According to historical BKK Corp. records, Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alkid Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.    According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Can

1  Company generated and/or arranged for its disposal at the BKK Class I Facility.

2  To date, Defendant American Can Company has not incurred any response costs at

3  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

4  the Plaintiffs at the BKK Class I Facility.

5          73.     According to historical BKK Corp. records, Defendant American

6  Chemical & Refining contributed manifested waste to the BKK Class I Facility.

7  This manifested waste contained Hazardous Substances that Defendant American

8  Chemical & Refining generated and/or arranged for its disposal at the BKK Class I

9  Facility. To date, Defendant American Chemical & Refining has not incurred any

10 response costs at the BKK Class I Facility nor has it paid its fair share of response

11 costs incurred by the Plaintiffs at the BKK Class I Facility.

12         74.     According to historical BKK Corp. records, Defendant American

13 Scientific Products contributed manifested waste to the BKK Class I Facility. This

14 manifested waste contained Hazardous Substances that Defendant American

15 Scientific Products generated and/or arranged for its disposal at the BKK Class I

16 Facility. To date, Defendant American Scientific Products has not incurred any

17 response costs at the BKK Class I Facility nor has it paid its fair share of response

18 costs incurred by the Plaintiffs at the BKK Class I Facility.

19         75.     Upon information and belief, Defendant Ameripride Services, LLC is

20 the successor to Gates Admiral and/or New Fashion Cleaners and/or otherwise

21 liable for manifested waste that was contributed to the BKK Class I Facility by

22 Gates Admiral and/or New Fashion Cleaners.  According to historical BKK Corp.

23 records, Gates Admiral and New Fashion Cleaners contributed manifested waste to

24 the BKK Class I Facility. This manifested waste contained Hazardous Substances

25 that Gates Admiral and New Fashion Cleaners generated and/or arranged for its

26 disposal at the BKK Class I Facility. To date, Ameripride Services, LLC has not

27 incurred any response costs at the BKK Class I Facility nor has it paid its fair share

28 of response costs incurred by the Plaintiffs at the BKK Class I Facility.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

76.     According to historical BKK Corp. records, Defendant Ampex Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ampex Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ampex Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

77.     According to historical BKK Corp. records, Defendant Anchor Post Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Anchor Post Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Anchor Post Products Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

78.     According to historical BKK Corp. records, Defendant Anco Metal Improvement Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Anco Metal Improvement Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anco Metal Improvement Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

79.     According to historical BKK Corp. records, Defendant Apex International Alloys contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Apex International Alloys generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Apex International Alloys has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

80.     Upon information and belief, Defendant Ardagh Group S.A. is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Saint-Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp. records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh Group S.A. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

81.     According to historical BKK Corp. records, Defendant Argo Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Argo Petroleum Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Argo Petroleum Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

82.     According to historical BKK Corp. records, Defendant Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Electronics Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

83.     According to historical BKK Corp. records, Defendant Atlantic Oil Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Atlantic Oil

Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atlantic Oil Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

84.     According to historical BKK Corp. records, Defendant Atlas Fabricators contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Atlas Fabricators generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atlas Fabricators has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

85.     According to historical BKK Corp. records, Defendant Aurum Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aurum Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aurum Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

86.     Upon information and belief, Defendant Axel Johnson, Inc. is the successor to Industrial Tectonics Bearings and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Tectonics Bearings.  According to historical BKK Corp. records, Industrial Tectonics Bearings contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Tectonics Bearings generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Axel Johnson, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

87.     Upon information and belief, Defendant BAE Systems San Diego Ship Repair Inc. is the successor to Southwest Marine, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwest Marine, Inc.  According to historical BKK Corp. records, Southwest Marine, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southwest Marine, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BAE Systems San Diego Ship Repair Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

88.     Upon information and belief, Defendant Bausch Health Americas, Inc. is the successor to ICN Pharmaceuticals and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by ICN Pharmaceuticals. According to historical BKK Corp. records, ICN Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that ICN Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bausch Health Americas, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

89.     Upon information and belief, Defendant Baxter International Inc. is the successor to American Scientific Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Scientific Products.  According to historical BKK Corp. records, American Scientific Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Scientific Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Baxter International Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

the BKK Class I Facility.

90.     According to historical BKK Corp. records, Defendant Beatrice Hunt Wesson Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Beatrice Hunt Wesson Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beatrice Hunt Wesson Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

91.     According to historical BKK Corp. records, Defendant Beazer East, Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beazer East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

92.     According to historical BKK Corp. records, Defendant Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

93.     According to historical BKK Corp. records, Defendant Becton, Dickinson and Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Becton, Dickinson and Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Becton, Dickinson and Company has not

incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

94.    According to historical BKK Corp. records, Defendant Bernard Epps & Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Bernard Epps & Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bernard Epps & Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

95.    According to historical BKK Corp. records, Defendant Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Big Three Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

96.    According to historical BKK Corp. records, Defendant Birtcher Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Birtcher Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.    Upon information and belief, Defendant Bridgestone Americas, Inc. is the successor to Firestone Tire & Rubber Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Firestone Tire & Rubber Co.  According to historical BKK Corp. records, Firestone Tire & Rubber Co. contributed manifested waste to the BKK Class I Facility. This manifested waste

1    contained Hazardous Substances that Firestone Tire & Rubber Co. generated and/or
2    arranged for its disposal at the BKK Class I Facility. To date, Defendant
3    Bridgestone Americas, Inc. has not incurred any response costs at the BKK Class I
4    Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at
5    the BKK Class I Facility.

6        98.    Upon information and belief, Defendant C&D Technologies, Inc. is
7    the successor to Circuit One Div. of LH Research Inc. and/or Trojan Battery Co.
8    and/or otherwise liable for manifested waste that was contributed to the BKK Class
9    I Facility by Circuit One Div. of LH Research Inc. and/or Trojan Battery Co.
10   According to historical BKK Corp. records, Circuit One Div. of LH Research Inc.
11   and Trojan Battery Co. contributed manifested waste to the BKK Class I Facility.
12   This manifested waste contained Hazardous Substances that Circuit One Div. of LH
13   Research Inc. and Trojan Battery Co. generated and/or arranged for its disposal at
14   the BKK Class I Facility. To date, Defendant C&D Technologies, Inc. has not
15   incurred any response costs at the BKK Class I Facility nor has it paid its fair share
16   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

17       99.    According to historical BKK Corp. records, Defendant Cali-Blok
18   contributed manifested waste to the BKK Class I Facility. This manifested waste
19   contained Hazardous Substances that Defendant Cali-Blok generated and/or
20   arranged for its disposal at the BKK Class I Facility. To date, Defendant Cali-Blok
21   has not incurred any response costs at the BKK Class I Facility nor has it paid its
22   fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

23       100.   According to historical BKK Corp. records, Defendant Calprotech Inc.
24   contributed manifested waste to the BKK Class I Facility. This manifested waste
25   contained Hazardous Substances that Defendant Calprotech Inc. generated and/or
26   arranged for its disposal at the BKK Class I Facility. To date, Defendant Calprotech
27   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid
28   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

101.    According to historical BKK Corp. records, Defendant Cargill Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cargill Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

102.    Upon information and belief, Defendant Carrier Corporation is the successor to Henry Soss & Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Henry Soss & Co. Inc. According to historical BKK Corp. records, Henry Soss & Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Henry Soss & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Carrier Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

103.    According to historical BKK Corp. records, Defendant Circuit One Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Circuit One Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Circuit One Div. of LH Research Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

104.    According to historical BKK Corp. records, Defendant Cleveland Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cleveland Wrecking Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response

costs incurred by the Plaintiffs at the BKK Class I Facility.

105.    According to historical BKK Corp. records, Defendant Coast Plating, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Coast Plating, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Coast Plating, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106.    According to historical BKK Corp. records, Defendant Cognis Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cognis Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cognis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.    Upon information and belief, Defendant Conagra Brands, Inc. is the successor to Beatrice Hunt Wesson Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Beatrice Hunt Wesson Inc.  According to historical BKK Corp. records, Beatrice Hunt Wesson Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Beatrice Hunt Wesson Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Conagra Brands, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.    According to historical BKK Corp. records, Defendant Cragar Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cragar Industries

1    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

2    Defendant Cragar Industries has not incurred any response costs at the BKK Class I

3    Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

4    the BKK Class I Facility.

5         109.   Upon information and belief, Defendant Crow Family, Inc. is the

6    successor to Tooley & Co. Inc. and/or otherwise liable for manifested waste that

7    was contributed to the BKK Class I Facility by Tooley & Co. Inc.  According to

8    historical BKK Corp. records, Tooley & Co. Inc. contributed manifested waste to

9    the BKK Class I Facility. This manifested waste contained Hazardous Substances

10   that Tooley & Co. Inc. generated and/or arranged for its disposal at the BKK Class I

11   Facility. To date, Defendant Crow Family, Inc. has not incurred any response costs

12   at the BKK Class I Facility nor has it paid its fair share of response costs incurred

13   by the Plaintiffs at the BKK Class I Facility.

14        110.   According to historical BKK Corp. records, Defendant Crowley Inc.

15   contributed manifested waste to the BKK Class I Facility.  This manifested waste

16   contained Hazardous Substances that Defendant Crowley Inc. generated and/or

17   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley

18   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

19   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

20        111.   According to historical BKK Corp. records, Defendant Crown

21   Beverage Packaging contributed manifested waste to the BKK Class I Facility.

22   This manifested waste contained Hazardous Substances that Defendant Crown

23   Beverage Packaging generated and/or arranged for its disposal at the BKK Class I

24   Facility.  To date, Defendant Crown Beverage Packaging has not incurred any

25   response costs at the BKK Class I Facility nor has it paid its fair share of response

26   costs incurred by the Plaintiffs at the BKK Class I Facility.

27        112.   According to historical BKK Corp. records, Defendant Crown

28   Zellerbach Co. contributed manifested waste to the BKK Class I Facility. This

1  manifested waste contained Hazardous Substances that Defendant Crown

2  Zellerbach Co. generated and/or arranged for its disposal at the BKK Class I

3  Facility. To date, Defendant Crown Zellerbach Co. has not incurred any response

4  costs at the BKK Class I Facility nor has it paid its fair share of response costs

5  incurred by the Plaintiffs at the BKK Class I Facility.

6      113.  Upon information and belief, Defendant CSX Transportation is the

7  successor to Sea Land Service Inc. and/or otherwise liable for manifested waste that

8  was contributed to the BKK Class I Facility by Sea Land Service Inc.  According to

9  historical BKK Corp. records, Sea Land Service Inc. contributed manifested waste

10  to the BKK Class I Facility. This manifested waste contained Hazardous

11  Substances that Sea Land Service Inc. generated and/or arranged for its disposal at

12  the BKK Class I Facility. To date, Defendant CSX Transportation has not incurred

13  any response costs at the BKK Class I Facility nor has it paid its fair share of

14  response costs incurred by the Plaintiffs at the BKK Class I Facility.

15      114.  According to historical BKK Corp. records, Defendant Cyclo

16  Chemical Co. contributed manifested waste to the BKK Class I Facility. This

17  manifested waste contained Hazardous Substances that Defendant Cyclo Chemical

18  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

19  Defendant Cyclo Chemical Co. has not incurred any response costs at the BKK

20  Class I Facility nor has it paid its fair share of response costs incurred by the

21  Plaintiffs at the BKK Class I Facility.

22      115.  Upon information and belief, Defendant Cytec Industries Inc. is the

23  successor to Fiberite West Coast Corp. and/or otherwise liable for manifested waste

24  that was contributed to the BKK Class I Facility by Fiberite West Coast Corp.

25  According to historical BKK Corp. records, Fiberite West Coast Corp. contributed

26  manifested waste to the BKK Class I Facility. This manifested waste contained

27  Hazardous Substances that Fiberite West Coast Corp. generated and/or arranged for

28  its disposal at the BKK Class I Facility. To date, Defendant Cytec Industries Inc.

1    has not incurred any response costs at the BKK Class I Facility nor has it paid its

2    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3         116.   According to historical BKK Corp. records, Defendant Darnell

4    Corporate Ltd. contributed manifested waste to the BKK Class I Facility. This

5    manifested waste contained Hazardous Substances that Defendant Darnell

6    Corporate Ltd. generated and/or arranged for its disposal at the BKK Class I

7    Facility. To date, Defendant Darnell Corporate Ltd. has not incurred any response

8    costs at the BKK Class I Facility nor has it paid its fair share of response costs

9    incurred by the Plaintiffs at the BKK Class I Facility.

10        117.   According to historical BKK Corp. records, Defendant Davis

11   Investment Co. contributed manifested waste to the BKK Class I Facility. This

12   manifested waste contained Hazardous Substances that Defendant Davis

13   Investment Co. generated and/or arranged for its disposal at the BKK Class I

14   Facility. To date, Defendant Davis Investment Co. has not incurred any response

15   costs at the BKK Class I Facility nor has it paid its fair share of response costs

16   incurred by the Plaintiffs at the BKK Class I Facility.

17        118.   Upon information and belief, Defendant Densco Products and Services

18   Americas, Inc. is the successor to Nippondenso of Los Angeles and/or otherwise

19   liable for manifested waste that was contributed to the BKK Class I Facility by

20   Nippondenso of Los Angeles.  According to historical BKK Corp. records,

21   Nippondenso of Los Angeles contributed manifested waste to the BKK Class I

22   Facility. This manifested waste contained Hazardous Substances that Nippondenso

23   of Los Angeles generated and/or arranged for its disposal at the BKK Class I

24   Facility. To date, Defendant Densco Products and Services Americas, Inc. has not

25   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

26   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

27        119.   According to historical BKK Corp. records, Defendant Desoto Inc.

28   contributed manifested waste to the BKK Class I Facility.  This manifested waste

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    contained Hazardous Substances that Defendant Desoto Inc. generated and/or

2    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto

3    Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

4    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5        120.   According to historical BKK Corp. records, Defendant Don Knott

6    Ford contributed manifested waste to the BKK Class I Facility.  This manifested

7    waste contained Hazardous Substances that Defendant Don Knott Ford generated

8    and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

9    Don Knott Ford has not incurred any response costs at the BKK Class I Facility nor

10   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

11   Class I Facility.

12       121.   Upon information and belief, Defendant Dowty Propellers Americas is

13   the successor to Hydraulic Units Inc. and/or otherwise liable for manifested waste

14   that was contributed to the BKK Class I Facility by Hydraulic Units Inc.

15   According to historical BKK Corp. records, Hydraulic Units Inc. contributed

16   manifested waste to the BKK Class I Facility. This manifested waste contained

17   Hazardous Substances that Hydraulic Units Inc. generated and/or arranged for its

18   disposal at the BKK Class I Facility. To date, Defendant Dowty Propellers

19   Americas has not incurred any response costs at the BKK Class I Facility nor has it

20   paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

21   Facility.

22       122.   According to historical BKK Corp. records, Defendant Drackett Co.

23   contributed manifested waste to the BKK Class I Facility. This manifested waste

24   contained Hazardous Substances that Defendant Drackett Co. generated and/or

25   arranged for its disposal at the BKK Class I Facility. To date, Defendant Drackett

26   Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

27   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

28       123.   According to historical BKK Corp. records, Defendant Dresser

Industries, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Dresser Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Dresser Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

124. According to historical BKK Corp. records, Defendant Durex Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Durex Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Durex Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

125. According to historical BKK Corp. records, Defendant El Fab contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant El Fab generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant El Fab has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

126. According to historical BKK Corp. records, Defendant Electrofilm Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electrofilm Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

127. According to historical BKK Corp. records, Defendant Electrotech Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electrotech

Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electrotech Circuits Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

128.   According to historical BKK Corp. records, Defendant EME Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant EME Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant EME Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

129.   According to historical BKK Corp. records, Defendant Emery Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Emery Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Emery Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

130.   According to historical BKK Corp. records, Defendant Energy & Environment Research Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Energy & Environment Research Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Energy & Environment Research Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

131.   According to historical BKK Corp. records, Defendant Environmental Control Systems Inc. contributed manifested waste to the BKK Class I Facility.

This manifested waste contained Hazardous Substances that Defendant Environmental Control Systems Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Environmental Control Systems Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

132.   According to historical BKK Corp. records, Defendant Fairchild Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fairchild Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fairchild Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

133.   According to historical BKK Corp. records, Defendant Federal Reserve Bank contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal Reserve Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal Reserve Bank has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

134.   According to historical BKK Corp. records, Defendant Fiberite West Coast Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fiberite West Coast Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fiberite West Coast Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

135.   According to historical BKK Corp. records, Defendant Firestone Tire & Rubber Co. contributed manifested waste to the BKK Class I Facility. This

1  manifested waste contained Hazardous Substances that Defendant Firestone Tire &

2  Rubber Co. generated and/or arranged for its disposal at the BKK Class I Facility.

3  To date, Defendant Firestone Tire & Rubber Co. has not incurred any response

4  costs at the BKK Class I Facility nor has it paid its fair share of response costs

5  incurred by the Plaintiffs at the BKK Class I Facility.

6      136.   According to historical BKK Corp. records, Defendant Fletcher Oil &

7  Refining Co. contributed manifested waste to the BKK Class I Facility. This

8  manifested waste contained Hazardous Substances that Defendant Fletcher Oil &

9  Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility.

10 To date, Defendant Fletcher Oil & Refining Co. has not incurred any response costs

11 at the BKK Class I Facility nor has it paid its fair share of response costs incurred

12 by the Plaintiffs at the BKK Class I Facility.

13     137.   According to historical BKK Corp. records, Defendant Flight

14 Accessory Service contributed manifested waste to the BKK Class I Facility. This

15 manifested waste contained Hazardous Substances that Defendant Flight Accessory

16 Service generated and/or arranged for its disposal at the BKK Class I Facility. To

17 date, Defendant Flight Accessory Service has not incurred any response costs at the

18 BKK Class I Facility nor has it paid its fair share of response costs incurred by the

19 Plaintiffs at the BKK Class I Facility.

20     138.   According to historical BKK Corp. records, Defendant Flowserve

21 Corporation contributed manifested waste to the BKK Class I Facility. This

22 manifested waste contained Hazardous Substances that Defendant Flowserve

23 Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

24 To date, Defendant Flowserve Corporation has not incurred any response costs at

25 the BKK Class I Facility nor has it paid its fair share of response costs incurred by

26 the Plaintiffs at the BKK Class I Facility.

27     139.   According to historical BKK Corp. records, Defendant Fotomat Labs

28 Inc. contributed manifested waste to the BKK Class I Facility. This manifested

waste contained Hazardous Substances that Defendant Fotomat Labs Inc. generated
and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
Fotomat Labs Inc. has not incurred any response costs at the BKK Class I Facility
nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
Class I Facility.

140.   According to historical BKK Corp. records, Defendant Frazee
Industries contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Frazee Industries
generated and/or arranged for its disposal at the BKK Class I Facility. To date,
Defendant Frazee Industries has not incurred any response costs at the BKK Class I
Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at
the BKK Class I Facility.

141.   Upon information and belief, Defendant Friction Inc. is the successor
to Friction Materials Corp. and/or otherwise liable for manifested waste that was
contributed to the BKK Class I Facility by Friction Materials Corp.  According to
historical BKK Corp. records, Friction Materials Corp. contributed manifested
waste to the BKK Class I Facility. This manifested waste contained Hazardous
Substances that Friction Materials Corp. generated and/or arranged for its disposal
at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any
response costs at the BKK Class I Facility nor has it paid its fair share of response
costs incurred by the Plaintiffs at the BKK Class I Facility.

142.   According to historical BKK Corp. records, Defendant Friction
Materials Corp. contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant Friction
Materials Corp. generated and/or arranged for its disposal at the BKK Class I
Facility.  To date, Defendant Friction Materials Corp. has not incurred any response
costs at the BKK Class I Facility nor has it paid its fair share of response costs
incurred by the Plaintiffs at the BKK Class I Facility.

1    143.    According to historical BKK Corp. records, Defendant FMC

2    Corporation contributed manifested waste to the BKK Class I Facility.  This

3    manifested waste contained Hazardous Substances that Defendant FMC

4    Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

5    To date, Defendant FMC Corporation has not incurred any response costs at the

6    BKK Class I Facility nor has it paid its fair share of response costs incurred by the

7    Plaintiffs at the BKK Class I Facility.

8    144.    According to historical BKK Corp. records, Defendant Ford

9    Aerospace and Communications Corp. contributed manifested waste to the BKK

10    Class I Facility.  This manifested waste contained Hazardous Substances that

11    Defendant Ford Aerospace and Communications Corp. generated and/or arranged

12    for its disposal at the BKK Class I Facility.  To date, Defendant Ford Aerospace

13    and Communications Corp. has not incurred any response costs at the BKK Class I

14    Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

15    the BKK Class I Facility.

16    145.    According to historical BKK Corp. records, Defendant Foster-Forbes

17    Glass Co. contributed manifested waste to the BKK Class I Facility.  This

18    manifested waste contained Hazardous Substances that Defendant Foster-Forbes

19    Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility.

20    To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at

21    the BKK Class I Facility nor has it paid its fair share of response costs incurred by

22    the Plaintiffs at the BKK Class I Facility.

23    146.    According to historical BKK Corp. records, Defendant Gates Admiral

24    contributed manifested waste to the BKK Class I Facility. This manifested waste

25    contained Hazardous Substances that Defendant Gates Admiral generated and/or

26    arranged for its disposal at the BKK Class I Facility. To date, Defendant Gates

27    Admiral has not incurred any response costs at the BKK Class I Facility nor has it

28    paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Facility.

147.   According to historical BKK Corp. records, Defendant GATX contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GATX generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant GATX has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

148.   According to historical BKK Corp. records, Defendant GE Betz, Inc. fka Betz Laboratories, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GE Betz, Inc. fka Betz Laboratories, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant GE Betz, Inc. fka Betz Laboratories, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

149.   According to historical BKK Corp. records, Defendant GE Engine Services, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GE Engine Services, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GE Engine Services, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

150.   According to historical BKK Corp. records, Defendant General Electric Company and/or its predecessors, including GE Betz, Inc. (fka Betz Laboratories, Inc.), GE Engine Services, Inc., General Electronic International, Inc. and Treatolite Corp., contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant General Electric Company and/or its predecessors generated and/or arranged for its disposal

1    at the BKK Class I Facility.  To date, Defendant General Electric Company has not

2    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

3    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

4        151.   According to historical BKK Corp. records, Defendant General

5    Electronic International, Inc. and/or its predecessors, including Energy &

6    Environment Research Corp., contributed manifested waste to the BKK Class I

7    Facility.  This manifested waste contained Hazardous Substances that Defendant

8    General Electronic International, Inc. and/or its predecessors generated and/or

9    arranged for its disposal at the BKK Class I Facility.  To date, Defendant General

10    Electronic International, Inc. has not incurred any response costs at the BKK Class I

11    Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

12    the BKK Class I Facility.

13        152.   Upon information and belief, Defendant General Mills, Inc. is the

14    successor to Pillsbury Co. and/or otherwise liable for manifested waste that was

15    contributed to the BKK Class I Facility by Pillsbury Co.  According to historical

16    BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I

17    Facility. This manifested waste contained Hazardous Substances that Pillsbury Co.

18    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

19    Defendant General Mills, Inc. has not incurred any response costs at the BKK Class

20    I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

21    the BKK Class I Facility.

22        153.   Upon information and belief, Defendant Georgia-Pacific LLC is the

23    successor to Crown Zellerbach Co. and/or otherwise liable for manifested waste

24    that was contributed to the BKK Class I Facility by Crown Zellerbach Co.

25    According to historical BKK Corp. records, Crown Zellerbach Co. contributed

26    manifested waste to the BKK Class I Facility. This manifested waste contained

27    Hazardous Substances that Crown Zellerbach Co. generated and/or arranged for its

28    disposal at the BKK Class I Facility. To date, Defendant Georgia-Pacific LLC has

1  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

2  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3      154.   Upon information and belief, Defendant Gerald California LLC is the

4  successor to PGP Industries Inc. and/or otherwise liable for manifested waste that

5  was contributed to the BKK Class I Facility by PGP Industries Inc.  According to

6  historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to

7  the BKK Class I Facility. This manifested waste contained Hazardous Substances

8  that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class

9  I Facility. To date, Gerald California LLC has not incurred any response costs at the

10  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

11  Plaintiffs at the BKK Class I Facility.

12      155.   According to historical BKK Corp. records, Defendant Genstar

13  Building Materials Co. contributed manifested waste to the BKK Class I Facility.

14  This manifested waste contained Hazardous Substances that Defendant Genstar

15  Building Materials Co. generated and/or arranged for its disposal at the BKK Class

16  I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any

17  response costs at the BKK Class I Facility nor has it paid its fair share of response

18  costs incurred by the Plaintiffs at the BKK Class I Facility.

19      156.   Upon information and belief, Defendant Genstar Roofing Products

20  Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise

21  liable for manifested waste that was contributed to the BKK Class I Facility by

22  Genstar Building Materials Co.  According to historical BKK Corp. records,

23  Genstar Building Materials Co. contributed manifested waste to the BKK Class I

24  Facility. This manifested waste contained Hazardous Substances that Genstar

25  Building Materials Co. generated and/or arranged for its disposal at the BKK Class

26  I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not

27  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

28  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

157.   According to historical BKK Corp. records, Defendant Glass Containers Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Glass Containers Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Glass Containers Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

158.   According to historical BKK Corp. records, Defendant Global Tube Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Global Tube Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Global Tube Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

159.   Upon information and belief, Defendant Griffon Corp. is the successor to Western Synthetic Felt Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Synthetic Felt Co.  According to historical BKK Corp. records, Western Synthetic Felt Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Synthetic Felt Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Griffon Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

160.   Upon information and belief, Defendant GWB (US), Inc. is the successor to Networks Electronic and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Networks Electronic.  According to historical BKK Corp. records, Networks Electronic contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances

1    that Networks Electronic generated and/or arranged for its disposal at the BKK

2    Class I Facility. To date, Defendant GWB (US), Inc. has not incurred any response

3    costs at the BKK Class I Facility nor has it paid its fair share of response costs

4    incurred by the Plaintiffs at the BKK Class I Facility.

5        161.   According to historical BKK Corp. records, Defendant Halstead

6    Enterprises contributed manifested waste to the BKK Class I Facility. This

7    manifested waste contained Hazardous Substances that Defendant Halstead

8    Enterprises generated and/or arranged for its disposal at the BKK Class I Facility.

9    To date, Defendant Halstead Enterprises has not incurred any response costs at the

10   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

11   Plaintiffs at the BKK Class I Facility.

12       162.   Upon information and belief, Defendant Handy & Harman is the

13   successor to American Chemical & Refining and/or otherwise liable for manifested

14   waste that was contributed to the BKK Class I Facility by American Chemical &

15   Refining.  According to historical BKK Corp. records, American Chemical &

16   Refining contributed manifested waste to the BKK Class I Facility. This manifested

17   waste contained Hazardous Substances that American Chemical & Refining

18   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

19   Defendant Handy & Harman has not incurred any response costs at the BKK Class

20   I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

21   the BKK Class I Facility.

22       163.   Upon information and belief, Defendant Harsco Corporation is the

23   successor to Structural Composite Industries and/or otherwise liable for manifested

24   waste that was contributed to the BKK Class I Facility by Structural Composite

25   Industries.  According to historical BKK Corp. records, Structural Composite

26   Industries contributed manifested waste to the BKK Class I Facility. This

27   manifested waste contained Hazardous Substances that Structural Composite

28   Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    date, Defendant Harsco Corporation has not incurred any response costs at the BKK
2    Class I Facility nor has it paid its fair share of response costs incurred by the
3    Plaintiffs at the BKK Class I Facility.

4        164.    Upon information and belief, Defendant Hawker Pacific Aerospace is
5    the successor to Flight Accessory Service and/or otherwise liable for manifested
6    waste that was contributed to the BKK Class I Facility by Flight Accessory Service.
7    According to historical BKK Corp. records, Flight Accessor Service contributed
8    manifested waste to the BKK Class I Facility. This manifested waste contained
9    Hazardous Substances that Flight Accessory Service generated and/or arranged for
10   its disposal at the BKK Class I Facility. To date, Defendant Hawker Pacific
11   Aerospace has not incurred any response costs at the BKK Class I Facility nor has
12   it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
13   Facility.

14       165.    According to historical BKK Corp. records, Defendant Henry Soss &
15   Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested
16   waste contained Hazardous Substances that Defendant Henry Soss & Co. Inc.
17   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
18   Defendant Henry Soss & Co. Inc. has not incurred any response costs at the BKK
19   Class I Facility nor has it paid its fair share of response costs incurred by the
20   Plaintiffs at the BKK Class I Facility.

21       166.    According to historical BKK Corp. records, Defendant Hill Brothers
22   Chemical Co. contributed manifested waste to the BKK Class I Facility.  This
23   manifested waste contained Hazardous Substances that Defendant Hill Brothers
24   Chemical Co. generated and/or arranged for its disposal at the BKK Class I
25   Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any
26   response costs at the BKK Class I Facility nor has it paid its fair share of response
27   costs incurred by the Plaintiffs at the BKK Class I Facility.

28       167.    According to historical BKK Corp. records, Defendant Hi-Shear Corp.

contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hi-Shear Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

168.    According to historical BKK Corp. records, Defendant Hoffman Electronics contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hoffman Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoffman Electronics has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

169.    According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

170.    According to historical BKK Corp. records, Defendant HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant HR Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HR Textron Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

171.    Upon information and belief, Defendant HTW Industries Inc. is the

1  successor to Durex Inc. and/or otherwise liable for manifested waste that was

2  contributed to the BKK Class I Facility by Durex Inc.  According to historical BKK

3  Corp. records, Durex Inc. contributed manifested waste to the BKK Class I Facility.

4  This manifested waste contained Hazardous Substances that Durex Inc. generated

5  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

6  HTW Industries Inc. has not incurred any response costs at the BKK Class I

7  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

8  the BKK Class I Facility.

9       172.   According to historical BKK Corp. records, Defendant Humco

10  Products contributed manifested waste to the BKK Class I Facility. This manifested

11  waste contained Hazardous Substances that Defendant Humco Products generated

12  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

13  Humco Products has not incurred any response costs at the BKK Class I Facility

14  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

15  Class I Facility.

16       173.   According to historical BKK Corp. records, Defendant Hydraulic

17  Units Inc. contributed manifested waste to the BKK Class I Facility. This

18  manifested waste contained Hazardous Substances that Defendant Hydraulic Units

19  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

20  Defendant Hydraulic Units Inc. has not incurred any response costs at the BKK

21  Class I Facility nor has it paid its fair share of response costs incurred by the

22  Plaintiffs at the BKK Class I Facility.

23       174.   According to historical BKK Corp. records, Defendant Hydrochem

24  Industrial Services Inc. contributed manifested waste to the BKK Class I Facility.

25  This manifested waste contained Hazardous Substances that Defendant Hydrochem

26  Industrial Services Inc. generated and/or arranged for its disposal at the BKK Class

27  I Facility. To date, Defendant Hydrochem Industrial Services Inc. has not incurred

28  any response costs at the BKK Class I Facility nor has it paid its fair share of

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    response costs incurred by the Plaintiffs at the BKK Class I Facility.

2    175.   According to historical BKK Corp. records, Defendant ICN

3    Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This

4    manifested waste contained Hazardous Substances that Defendant ICN

5    Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I

6    Facility. To date, Defendant ICN Pharmaceuticals has not incurred any response

7    costs at the BKK Class I Facility nor has it paid its fair share of response costs

8    incurred by the Plaintiffs at the BKK Class I Facility.

9    176.   According to historical BKK Corp. records, Defendant Imco Services

10    contributed manifested waste to the BKK Class I Facility. This manifested waste

11    contained Hazardous Substances that Defendant Imco Services generated and/or

12    arranged for its disposal at the BKK Class I Facility. To date, Defendant Imco

13    Services has not incurred any response costs at the BKK Class I Facility nor has it

14    paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

15    Facility.

16    177.   According to historical BKK Corp. records, Defendant Industrial

17    Circuits contributed manifested waste to the BKK Class I Facility. This manifested

18    waste contained Hazardous Substances that Defendant Industrial Circuits generated

19    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

20    Industrial Circuits has not incurred any response costs at the BKK Class I Facility

21    nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

22    Class I Facility.

23    178.   According to historical BKK Corp. records, Defendant Industrial

24    Tectonics Bearings contributed manifested waste to the BKK Class I Facility. This

25    manifested waste contained Hazardous Substances that Defendant Industrial

26    Tectonics Bearings generated and/or arranged for its disposal at the BKK Class I

27    Facility. To date, Defendant Industrial Tectonics Bearings has not incurred any

28    response costs at the BKK Class I Facility nor has it paid its fair share of response

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

costs incurred by the Plaintiffs at the BKK Class I Facility.

179. According to historical BKK Corp. records, Defendant ITT LLC and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ITT LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

180. According to historical BKK Corp. records, Defendant J.C. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant J.C. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant J.C. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

181. Upon information and belief, Defendant JCI Environmental Services is the successor to J.C. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by J.C. Inc. According to historical BKK Corp. records, J.C. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that J.C. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant JCI Environmental Services has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

182. Upon information and belief, Defendant Jeld-Wen, Inc. is the successor to Windowmaster Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Windowmaster Products. According to historical BKK Corp. records, Windowmaster Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained

1    Hazardous Substances that Windowmaster Products generated and/or arranged for

2    its disposal at the BKK Class I Facility. To date, Defendant Jeld-Wen, Inc. has not

3    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

4    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5        183.  According to historical BKK Corp. records, Defendant Jersey Maid

6    Milk Products Inc. contributed manifested waste to the BKK Class I Facility.  This

7    manifested waste contained Hazardous Substances that Defendant Jersey Maid

8    Milk Products Inc. generated and/or arranged for its disposal at the BKK Class I

9    Facility.  To date, Defendant Jersey Maid Milk Products Inc. has not incurred any

10   response costs at the BKK Class I Facility nor has it paid its fair share of response

11   costs incurred by the Plaintiffs at the BKK Class I Facility.

12       184.  According to historical BKK Corp. records, Defendant Johnson

13   Controls Inc. contributed manifested waste to the BKK Class I Facility.  This

14   manifested waste contained Hazardous Substances that Defendant Johnson Controls

15   Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

16   Defendant Johnson Controls Inc. has not incurred any response costs at the BKK

17   Class I Facility nor has it paid its fair share of response costs incurred by the

18   Plaintiffs at the BKK Class I Facility.

19       185.  According to historical BKK Corp. records, Defendant Joslyn

20   Manufacturing & Supply Co. contributed manifested waste to the BKK Class I

21   Facility.  This manifested waste contained Hazardous Substances that Defendant

22   Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at

23   the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co.

24   has not incurred any response costs at the BKK Class I Facility nor has it paid its

25   fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

26       186.  According to historical BKK Corp. records, Defendant Kaiser

27   Foundation Health Plan, Inc. contributed manifested waste to the BKK Class I

28   Facility.  This manifested waste contained Hazardous Substances that Defendant

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Kaiser Foundation Health Plan, Inc. generated and/or arranged for its disposal at the

2  BKK Class I Facility.  To date, Defendant Kaiser Foundation Health Plan, Inc. has

3  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

4  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5          187.   According to historical BKK Corp. records, Defendant Kaiser Rollmet

6  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

7  waste contained Hazardous Substances that Defendant Kaiser Rollmet Inc.

8  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

9  Defendant Kaiser Rollmet Inc. has not incurred any response costs at the BKK

10  Class I Facility nor has it paid its fair share of response costs incurred by the

11  Plaintiffs at the BKK Class I Facility.

12          188.   Upon information and belief, Defendant Kinder Morgan Energy

13  Partners, L.P. is the successor to Southern Pacific Pipe Lines, Inc. and/or otherwise

14  liable for manifested waste that was contributed to the BKK Class I Facility by

15  Southern Pacific Pipe Lines, Inc.  According to historical BKK Corp. records,

16  Southern Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I

17  Facility. This manifested waste contained Hazardous Substances that Southern

18  Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class

19  I Facility. To date, Defendant Kinder Morgan Energy Partners, L.P. has not

20  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

21  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

22          189.   According to historical BKK Corp. records, Defendant Knudsen Corp.

23  contributed manifested waste to the BKK Class I Facility. This manifested waste

24  contained Hazardous Substances that Defendant Knudsen Corp. generated and/or

25  arranged for its disposal at the BKK Class I Facility. To date, Defendant Knudsen

26  Corp. has not incurred any response costs at the BKK Class I Facility nor has it

27  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

28  Facility.

1    190.   Upon information and belief, Defendant Konica Photo Service U.S.A.,
2    Inc. is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested
3    waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc.
4    According to historical BKK Corp. records, Fotomat Labs Inc. contributed
5    manifested waste to the BKK Class I Facility. This manifested waste contained
6    Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its
7    disposal at the BKK Class I Facility. To date, Defendant Konica Photo Service
8    U.S.A., Inc. has not incurred any response costs at the BKK Class I Facility nor has
9    it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
10   Facility.

11    191.   Upon information and belief, Defendant Korbel Capital LLC is the
12   successor to Davis Investment Co. and/or otherwise liable for manifested waste that
13   was contributed to the BKK Class I Facility by Davis Investment Co.  According to
14   historical BKK Corp. records, Davis Investment Co. contributed manifested waste
15   to the BKK Class I Facility. This manifested waste contained Hazardous
16   Substances that Davis Investment Co. generated and/or arranged for its disposal at
17   the BKK Class I Facility. To date, Defendant Korbel Capital LLC has not incurred
18   any response costs at the BKK Class I Facility nor has it paid its fair share of
19   response costs incurred by the Plaintiffs at the BKK Class I Facility.

20    192.   According to historical BKK Corp. records, Defendant Krazy Glue
21   Inc. contributed manifested waste to the BKK Class I Facility. This manifested
22   waste contained Hazardous Substances that Defendant Krazy Glue Inc. generated
23   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
24   Krazy Glue Inc. has not incurred any response costs at the BKK Class I Facility nor
25   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
26   Class I Facility.

27    193.   According to historical BKK Corp. records, Defendant Lilly Industrial
28   Coatings Inc. contributed manifested waste to the BKK Class I Facility. This

1  manifested waste contained Hazardous Substances that Defendant Lilly Industrial

2  Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

3  To date, Defendant Lilly Industrial Coatings Inc. has not incurred any response

4  costs at the BKK Class I Facility nor has it paid its fair share of response costs

5  incurred by the Plaintiffs at the BKK Class I Facility.

6      194.   Upon information and belief, Defendant Lisi Aerospace North

7  America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise

8  liable for manifested waste that was contributed to the BKK Class I Facility by

9  Mercury Aerospace Fasteners.  According to historical BKK Corp. records,

10 Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I

11 Facility. This manifested waste contained Hazardous Substances that Mercury

12 Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

13 Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred

14 any response costs at the BKK Class I Facility nor has it paid its fair share of

15 response costs incurred by the Plaintiffs at the BKK Class I Facility.

16     195.   According to historical BKK Corp. records, Defendant Long Beach

17 Fabricators Inc. contributed manifested waste to the BKK Class I Facility. This

18 manifested waste contained Hazardous Substances that Defendant Long Beach

19 Fabricators Inc. generated and/or arranged for its disposal at the BKK Class I

20 Facility. To date, Defendant Long Beach Fabricators Inc. has not incurred any

21 response costs at the BKK Class I Facility nor has it paid its fair share of response

22 costs incurred by the Plaintiffs at the BKK Class I Facility.

23     196.   Upon information and belief, Defendant Loral Space &

24 Communications Inc. is the successor to Ford Aerospace and Communications

25 Corp. and/or otherwise liable for manifested waste that was contributed to the BKK

26 Class I Facility by Ford Aerospace and Communications Corp.  According to

27 historical BKK Corp. records, Ford Aerospace and Communications Corp.

28 contributed manifested waste to the BKK Class I Facility. This manifested waste

contained Hazardous Substances that Ford Aerospace and Communications Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Loral Space & Communications Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

197.    According to historical BKK Corp. records, Defendant Los Angeles Plating Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Los Angeles Plating Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Los Angeles Plating Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

198.    According to historical BKK Corp. records, Defendant Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lucky Stores Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

199.    According to historical BKK Corp. records, Defendant Lumidor Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lumidor Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lumidor Manufacturing Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

200.    Upon information and belief, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco is the successor to Imco Services and/or otherwise liable for manifested

waste that was contributed to the BKK Class I Facility by Imco Services. According to historical BKK Corp. records, Imco Services contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Imco Services generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

201. According to historical BKK Corp. records, Defendant Macdermid Printing Solutions contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Macdermid Printing Solutions generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Macdermid Printing Solutions has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

202. Upon information and belief, Defendant Maersk Line, Limited (MLL) is the successor to Sea Land Service Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sea Land Service Inc. According to historical BKK Corp. records, Sea Land Service Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sea Land Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Maersk Line, Limited (MLL) has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

203. According to historical BKK Corp. records, Defendant Marco Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Marco Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

Defendant Marco Chemical Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

204.    Upon information and belief, Defendant Mark Andy Inc. is the successor to A.B. Dick Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by A.B. Dick Co.  According to historical BKK Corp. records, A.B. Dick Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that A.B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mark Andy Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

205.    According to historical BKK Corp. records, Defendant Marten Management Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Marten Management Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Marten Management Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

206.    Upon information and belief, Defendant Mazda Motor of America, Inc. is the successor to Mazda North America and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mazda North America.  According to historical BKK Corp. records, Mazda North America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mazda North America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda Motor of America, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

1  the BKK Class I Facility.

2      207.   According to historical BKK Corp. records, Defendant Mazda North

3  America contributed manifested waste to the BKK Class I Facility.  This

4  manifested waste contained Hazardous Substances that Defendant Mazda North

5  America generated and/or arranged for its disposal at the BKK Class I Facility.  To

6  date, Defendant Mazda North America has not incurred any response costs at the

7  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

8  Plaintiffs at the BKK Class I Facility.

9      208.   According to historical BKK Corp. records, Defendant MCA

10  Laboratories contributed manifested waste to the BKK Class I Facility. This

11  manifested waste contained Hazardous Substances that Defendant MCA

12  Laboratories generated and/or arranged for its disposal at the BKK Class I Facility.

13  To date, Defendant MCA Laboratories has not incurred any response costs at the

14  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16      209.   According to historical BKK Corp. records, Defendant McKay

17  Chemical Co. contributed manifested waste to the BKK Class I Facility. This

18  manifested waste contained Hazardous Substances that Defendant McKay

19  Chemical Co. generated and/or arranged for its disposal at the BKK Class I

20  Facility. To date, Defendant McKay Chemical Co. has not incurred any response

21  costs at the BKK Class I Facility nor has it paid its fair share of response costs

22  incurred by the Plaintiffs at the BKK Class I Facility.

23      210.   Upon information and belief, Defendant Mercury Aerospace Inc. is the

24  successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested

25  waste that was contributed to the BKK Class I Facility by Mercury Aerospace

26  Fasteners.  According to historical BKK Corp. records, Mercury Aerospace

27  Fasteners contributed manifested waste to the BKK Class I Facility. This

28  manifested waste contained Hazardous Substances that Mercury Aerospace

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mercury Aerospace Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

211.   According to historical BKK Corp. records, Defendant Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

212.   According to historical BKK Corp. records, Defendant MGF Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant MGF Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MGF Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

213.   According to historical BKK Corp. records, Defendant Mica Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mica Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mica Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

214.   Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company.

1    According to historical BKK Corp. records, American Can Company contributed

2    manifested waste to the BKK Class I Facility. This manifested waste contained

3    Hazardous Substances that American Can Company generated and/or arranged for

4    its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc.

5    has not incurred any response costs at the BKK Class I Facility nor has it paid its

6    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

7        215.   Upon information and belief, Defendant NavCom Defense Electronics,

8    Inc. is the successor to Hoffman Electronics and/or otherwise liable for manifested

9    waste that was contributed to the BKK Class I Facility by Hoffman Electronics.

10   According to historical BKK Corp. records, Hoffman Electronics contributed

11   manifested waste to the BKK Class I Facility. This manifested waste contained

12   Hazardous Substances that Hoffman Electronics generated and/or arranged for its

13   disposal at the BKK Class I Facility. To date, Defendant NavCom Defense

14   Electronics, Inc. has not incurred any response costs at the BKK Class I Facility nor

15   has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

16   Class I Facility.

17       216.   Upon information and belief, Defendant Newell Brands Inc. is the

18   successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was

19   contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical

20   BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK

21   Class I Facility. This manifested waste contained Hazardous Substances that Krazy

22   Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

23   date, Defendant Newell Brands Inc. has not incurred any response costs at the BKK

24   Class I Facility nor has it paid its fair share of response costs incurred by the

25   Plaintiffs at the BKK Class I Facility.

26       217.   According to historical BKK Corp. records, Defendant New Fashion

27   Cleaners contributed manifested waste to the BKK Class I Facility. This manifested

28   waste contained Hazardous Substances that Defendant New Fashion Cleaners

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

2  Defendant New Fashion Cleaners has not incurred any response costs at the BKK

3  Class I Facility nor has it paid its fair share of response costs incurred by the

4  Plaintiffs at the BKK Class I Facility.

5      218.   According to historical BKK Corp. records, Defendant Nippondenso

6  of Los Angeles contributed manifested waste to the BKK Class I Facility. This

7  manifested waste contained Hazardous Substances that Defendant Nippondenso of

8  Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility.

9  To date, Defendant Nippondenso of Los Angeles has not incurred any response

10  costs at the BKK Class I Facility nor has it paid its fair share of response costs

11  incurred by the Plaintiffs at the BKK Class I Facility.

12      219.   According to historical BKK Corp. records, Defendant North

13  American Environmental contributed manifested waste to the BKK Class I Facility.

14  This manifested waste contained Hazardous Substances that Defendant North

15  American Environmental generated and/or arranged for its disposal at the BKK

16  Class I Facility.  To date, Defendant North American Environmental has not

17  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

18  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

19      220.   According to historical BKK Corp. records, Defendant Northrop

20  Pacific contributed manifested waste to the BKK Class I Facility.  This manifested

21  waste contained Hazardous Substances that Defendant Northrop Pacific generated

22  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

23  Northrop Pacific has not incurred any response costs at the BKK Class I Facility

24  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

25  Class I Facility.

26      221.   According to historical BKK Corp. records, Defendant Pacific

27  Intermountain Express contributed manifested waste to the BKK Class I Facility.

28  This manifested waste contained Hazardous Substances that Defendant Pacific

Intermountain Express generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Intermountain Express has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

222.   According to historical BKK Corp. records, Defendant Pacific Southwest Airlines contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific Southwest Airlines generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Southwest Airlines has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

223.   According to historical BKK Corp. records, Defendant Packaging Corp. of America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Packaging Corp. of America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Packaging Corp. of America has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

224.   According to historical BKK Corp. records, Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

225.   According to historical BKK Corp. records, Defendant Paint & Coatings Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Paint & Coatings

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

2    date, Defendant Paint & Coatings Corp. has not incurred any response costs at the

3    BKK Class I Facility nor has it paid its fair share of response costs incurred by the

4    Plaintiffs at the BKK Class I Facility.

5        226.   Upon information and belief, Defendant Parsons Corporation is the

6    successor to Ralph M. Parsons Co. and/or otherwise liable for manifested waste that

7    was contributed to the BKK Class I Facility by Ralph M. Parsons Co.  According to

8    historical BKK Corp. records, Ralph M. Parsons Co. contributed manifested waste

9    to the BKK Class I Facility. This manifested waste contained Hazardous

10   Substances that Ralph M. Parsons Co. generated and/or arranged for its disposal at

11   the BKK Class I Facility. To date, Defendant Parsons Corporation has not incurred

12   any response costs at the BKK Class I Facility nor has it paid its fair share of

13   response costs incurred by the Plaintiffs at the BKK Class I Facility.

14       227.   Upon information and belief, Defendant PCC Rollmet, Inc. is the

15   successor to Kaiser Rollmet Inc. and/or otherwise liable for manifested waste that

16   was contributed to the BKK Class I Facility by Kaiser Rollmet Inc.  According to

17   historical BKK Corp. records, Kaiser Rollmet Inc. contributed manifested waste to

18   the BKK Class I Facility. This manifested waste contained Hazardous Substances

19   that Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class

20   I Facility. To date, Defendant PCC Rollmet, Inc. has not incurred any response

21   costs at the BKK Class I Facility nor has it paid its fair share of response costs

22   incurred by the Plaintiffs at the BKK Class I Facility.

23       228.   According to historical BKK Corp. records, Defendant Peairs

24   Engineers contributed manifested waste to the BKK Class I Facility. This

25   manifested waste contained Hazardous Substances that Defendant Peairs Engineers

26   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27   Defendant Peairs Engineers has not incurred any response costs at the BKK Class I

28   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

1 the BKK Class I Facility.

2   229. According to historical BKK Corp. records, Defendant Peat

3 Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This

4 manifested waste contained Hazardous Substances that Defendant Peat

5 Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I

6 Facility. To date, Defendant Peat Manufacturing Co. has not incurred any response

7 costs at the BKK Class I Facility nor has it paid its fair share of response costs

8 incurred by the Plaintiffs at the BKK Class I Facility.

9   230. According to historical BKK Corp. records, Defendant PGP Industries

10 Inc. contributed manifested waste to the BKK Class I Facility. This manifested

11 waste contained Hazardous Substances that Defendant PGP Industries Inc.

12 generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13 Defendant PGP Industries Inc. has not incurred any response costs at the BKK

14 Class I Facility nor has it paid its fair share of response costs incurred by the

15 Plaintiffs at the BKK Class I Facility.

16   231. According to historical BKK Corp. records, Defendant Pillsbury Co.

17 contributed manifested waste to the BKK Class I Facility.  This manifested waste

18 contained Hazardous Substances that Defendant Pillsbury Co. generated and/or

19 arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury

20 Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

21 its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

22   232. According to historical BKK Corp. records, Defendant Pratt &

23 Lambert Paint Inc. contributed manifested waste to the BKK Class I Facility. This

24 manifested waste contained Hazardous Substances that Defendant Pratt & Lambert

25 Paint Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

26 date, Defendant Pratt & Lambert Paint Inc. has not incurred any response costs at

27 the BKK Class I Facility nor has it paid its fair share of response costs incurred by

28 the Plaintiffs at the BKK Class I Facility.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

233.   Upon information and belief, Defendant Precision Castparts Corp. is the successor to Reisner Metals and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Reisner Metals.  According to historical BKK Corp. records, Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Precision Castparts Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

234.   According to historical BKK Corp. records, Defendant Price Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Price Pfister *nka* Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Price Pfister *nka* Pfister has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

235.   Upon information and belief, Defendant Printed Circuits, Inc. is the successor to Electrotech Circuits Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electrotech Circuits Inc. According to historical BKK Corp. records, Electrotech Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electrotech Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Printed Circuits, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

236.   Upon information and belief, Defendant PSC Industrial Holdings Corp. is the successor to Hydrochem Industrial Services Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Hydrochem Industrial Services Inc.  According to historical BKK Corp. records,

2   Hydrochem Industrial Services Inc. contributed manifested waste to the BKK Class

3   I Facility. This manifested waste contained Hazardous Substances that Hydrochem

4   Industrial Services Inc. generated and/or arranged for its disposal at the BKK Class

5   I Facility. To date, Defendant PSC Industrial Holdings Corp. has not incurred any

6   response costs at the BKK Class I Facility nor has it paid its fair share of response

7   costs incurred by the Plaintiffs at the BKK Class I Facility.

8       237.   According to historical BKK Corp. records, Defendant Purex Corp.

9   contributed manifested waste to the BKK Class I Facility. This manifested waste

10  contained Hazardous Substances that Defendant Purex Corp. generated and/or

11  arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex

12  Corp. has not incurred any response costs at the BKK Class I Facility nor has it

13  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

14  Facility.

15      238.   According to historical BKK Corp. records, Defendant Ralph M.

16  Parsons Co. contributed manifested waste to the BKK Class I Facility. This

17  manifested waste contained Hazardous Substances that Defendant Ralph M.

18  Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility.

19  To date, Defendant Ralph M. Parsons Co. has not incurred any response costs at the

20  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

21  Plaintiffs at the BKK Class I Facility.

22      239.   According to historical BKK Corp. records, Defendant Register

23  Properties Inc. contributed manifested waste to the BKK Class I Facility. This

24  manifested waste contained Hazardous Substances that Defendant Register

25  Properties Inc. generated and/or arranged for its disposal at the BKK Class I

26  Facility. To date, Defendant Register Properties Inc. has not incurred any response

27  costs at the BKK Class I Facility nor has it paid its fair share of response costs

28  incurred by the Plaintiffs at the BKK Class I Facility.

240.    According to historical BKK Corp. records, Defendant Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Reisner Metals has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

241.    According to historical BKK Corp. records, Defendant Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Replacement Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Replacement Parts Manufacturing has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

242.    According to historical BKK Corp. records, Defendant Rexam Beverage Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Rexam Beverage Can Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Rexam Beverage Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

243.    According to historical BKK Corp. records, Defendant Ricoh Electronics, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ricoh Electronics, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ricoh Electronics, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

244.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the successor to American Can Company and/or U.S. Borax & Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company and/or U.S. Borax & Chemical Corp. According to historical BKK Corp. records, American Can Company and U.S. Borax & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company and U.S. Borax and Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

245.   According to historical BKK Corp. records, Defendant Roberts Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Roberts Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Roberts Manufacturing Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

246.   Upon information and belief, Defendant S.C. Johnson & Son, Inc. is the successor to Drackett Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Drackett Co.  According to historical BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant S.C. Johnson & Son, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

247.   According to historical BKK Corp. records, Defendant San Diego Pipe

Line Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant San Diego Pipe Line Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant San Diego Pipe Line Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

248.   According to historical BKK Corp. records, Defendant Safeway Stores Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Safeway Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Safeway Stores Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

249.   According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

250.   According to historical BKK Corp. records, Defendant Sargent Fletcher Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Fletcher Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Fletcher Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

251.   Upon information and belief, Defendant Schlumberger N.V. is the

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

successor to Xtra Energy and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Xtra Energy. According to historical BKK Corp. records, Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger N.V. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

252.   According to historical BKK Corp. records, Defendant Sea Land Service Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sea Land Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sea Land Service Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

253.   According to historical BKK Corp. records, Defendant Service Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Service Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Service Chemical Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

254.   According to historical BKK Corp. records, Defendant Shuwa Investments Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Shuwa Investments Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Shuwa Investments Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response

1   costs incurred by the Plaintiffs at the BKK Class I Facility.

2       255.   According to historical BKK Corp. records, Defendant Smith & Co.

3   contributed manifested waste to the BKK Class I Facility.  This manifested waste

4   contained Hazardous Substances that Defendant Smith & Co. generated and/or

5   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &

6   Co. has not incurred any response costs at the BKK Class I Facility nor has it paid

7   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

8       256.   Upon information and belief, Defendant Sony Pictures Entertainment

9   Inc. is the successor to Columbia Pictures and/or otherwise liable for manifested

10  waste that was contributed to the BKK Class I Facility by Columbia Pictures.

11  According to historical BKK Corp. records, Columbia Pictures contributed

12  manifested waste to the BKK Class I Facility. This manifested waste contained

13  Hazardous Substances that Columbia Pictures generated and/or arranged for its

14  disposal at the BKK Class I Facility. To date, Defendant Sony Pictures

15  Entertainment Inc. has not incurred any response costs at the BKK Class I Facility

16  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18      257.   According to historical BKK Corp. records, Defendant South West

19  Forest Products contributed manifested waste to the BKK Class I Facility. This

20  manifested waste contained Hazardous Substances that Defendant South West

21  Forest Products generated and/or arranged for its disposal at the BKK Class I

22  Facility. To date, Defendant South West Forest Products has not incurred any

23  response costs at the BKK Class I Facility nor has it paid its fair share of response

24  costs incurred by the Plaintiffs at the BKK Class I Facility.

25      258.   According to historical BKK Corp. records, Defendant Southern

26  Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility.

27  This manifested waste contained Hazardous Substances that Defendant Southern

28  Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    I Facility. To date, Defendant Southern Pacific Pipe Lines, Inc. has not incurred any

2    response costs at the BKK Class I Facility nor has it paid its fair share of response

3    costs incurred by the Plaintiffs at the BKK Class I Facility.

4        259.    According to historical BKK Corp. records, Defendant Southwest

5    Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This

6    manifested waste contained Hazardous Substances that Defendant Southwest Steel

7    Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility.

8    To date, Defendant Southwest Steel Rolling Mills has not incurred any response

9    costs at the BKK Class I Facility nor has it paid its fair share of response costs

10    incurred by the Plaintiffs at the BKK Class I Facility.

11        260.    According to historical BKK Corp. records, Defendant Sta Rite

12    Industries Inc. contributed manifested waste to the BKK Class I Facility. This

13    manifested waste contained Hazardous Substances that Defendant Sta Rite

14    Industries Inc. generated and/or arranged for its disposal at the BKK Class I

15    Facility. To date, Defendant Sta Rite Industries Inc. has not incurred any response

16    costs at the BKK Class I Facility nor has it paid its fair share of response costs

17    incurred by the Plaintiffs at the BKK Class I Facility.

18        261.    According to historical BKK Corp. records, Defendant Standard

19    Industrial Towel & Uniform contributed manifested waste to the BKK Class I

20    Facility. This manifested waste contained Hazardous Substances that Defendant

21    Standard Industrial Towel & Uniform generated and/or arranged for its disposal at

22    the BKK Class I Facility. To date, Defendant Standard Industrial Towel & Uniform

23    has not incurred any response costs at the BKK Class I Facility nor has it paid its

24    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

25        262.    Upon information and belief, Defendant Stanley Black & Decker, Inc.

26    is the successor to Emhart Industries, Inc. and/or Price Pfister *nka* Pfister and/or is

27    otherwise liable for manifested waste that was contributed to the BKK Class I

28    Facility by Emhart Industries, Inc. and/or Price Pfister *nka* Pfister.  According to

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

historical BKK Corp. records, both Emhart Industries, Inc. and Price Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Emhart Industries, Inc. and Price Pfister *nka* Pfister each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

263.    According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Structural Composite Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

264.    According to historical BKK Corp. records, Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant TDY Industries, LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

265.    According to historical BKK Corp. records, Defendant Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Tenneco Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Tenneco Oil Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

Class I Facility.

266.   According to historical BKK Corp. records, Defendant Thompson Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thompson Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Thompson Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

267.   According to historical BKK Corp. records, Defendant Thorpe Insulation Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thorpe Insulation Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

268.   According to historical BKK Corp. records, Defendant Times Mirror Press contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Times Mirror Press generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Times Mirror Press has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

269.   According to historical BKK Corp. records, Defendant Tooley & Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Tooley & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Tooley & Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

Class I Facility.

270.   Upon information and belief, Defendant Toppan Printing Company (America), Inc. is the successor to Industrial Circuits and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Circuits.  According to historical BKK Corp. records, Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Toppan Printing Company (America), Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

271.   According to historical BKK Corp. records, Defendant Toyota Motor Manufacturing USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Toyota Motor Manufacturing USA generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Toyota Motor Manufacturing USA has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

272.   According to historical BKK Corp. records, Defendant Transequip Pacific Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Transequip Pacific Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Transequip Pacific Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

273.   According to historical BKK Corp. records, Defendant TRE Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant TRE Corp. generated and/or

1    arranged for its disposal at the BKK Class I Facility. To date, Defendant TRE Corp.

2    has not incurred any response costs at the BKK Class I Facility nor has it paid its

3    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

4    274.   According to historical BKK Corp. records, Defendant Treatolite

5    Corp. contributed manifested waste to the BKK Class I Facility. This manifested

6    waste contained Hazardous Substances that Defendant Treatolite Corp. generated

7    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

8    Treatolite Corp. has not incurred any response costs at the BKK Class I Facility nor

9    has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

10   Class I Facility.

11   275.   Upon information and belief, Defendant Tribune Publishing Company

12   is the successor to Times Mirror Press and/or otherwise liable for manifested waste

13   that was contributed to the BKK Class I Facility by Times Mirror Press.  According

14   to historical BKK Corp. records, Times Mirror Press contributed manifested waste

15   to the BKK Class I Facility. This manifested waste contained Hazardous

16   Substances that Times Mirror Press generated and/or arranged for its disposal at the

17   BKK Class I Facility. To date, Defendant Tribune Publishing Company has not

18   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

19   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

20   276.   According to historical BKK Corp. records, Defendant Trojan Battery

21   Co. contributed manifested waste to the BKK Class I Facility. This manifested

22   waste contained Hazardous Substances that Defendant Trojan Battery Co.

23   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

24   Defendant Trojan Battery Co. has not incurred any response costs at the BKK Class

25   I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

26   the BKK Class I Facility.

27   277.   According to historical BKK Corp. records, Defendant U.S. Borax &

28   Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

1   manifested waste contained Hazardous Substances that Defendant U.S. Borax &
2   Chemical Corp. generated and/or arranged for its disposal at the BKK Class I
3   Facility. To date, Defendant U.S. Borax & Chemical Corp. has not incurred any
4   response costs at the BKK Class I Facility nor has it paid its fair share of response
5   costs incurred by the Plaintiffs at the BKK Class I Facility.

6       278.   According to historical BKK Corp. records, Defendant U.S. Brass
7   Division contributed manifested waste to the BKK Class I Facility. This manifested
8   waste contained Hazardous Substances that Defendant U.S. Brass Division
9   generated and/or arranged for its disposal at the BKK Class I Facility. To date,
10  Defendant U.S. Brass Division has not incurred any response costs at the BKK
11  Class I Facility nor has it paid its fair share of response costs incurred by the
12  Plaintiffs at the BKK Class I Facility.

13      279.   Upon information and belief, Defendant United States Lime &
14  Minerals, Inc. is the successor to Roberts Manufacturing Co. and/or otherwise
15  liable for manifested waste that was contributed to the BKK Class I Facility by
16  Roberts Manufacturing Co.  According to historical BKK Corp. records, Roberts
17  Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This
18  manifested waste contained Hazardous Substances that Roberts Manufacturing Co.
19  generated and/or arranged for its disposal at the BKK Class I Facility. To date,
20  Defendant United States Lime & Minerals, Inc. has not incurred any response costs
21  at the BKK Class I Facility nor has it paid its fair share of response costs incurred
22  by the Plaintiffs at the BKK Class I Facility.

23      280.   According to historical BKK Corp. records, Defendant Valco
24  contributed manifested waste to the BKK Class I Facility. This manifested waste
25  contained Hazardous Substances that Defendant Valco generated and/or arranged
26  for its disposal at the BKK Class I Facility. To date, Defendant Valco has not
27  incurred any response costs at the BKK Class I Facility nor has it paid its fair share
28  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

281.    According to historical BKK Corp. records, Defendant Valspar Corp. and/or its predecessor McCloskey Varnish Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Valspar Corp. and/or its predecessor McCloskey Varnish Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Valspar Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

282.    Upon information and belief, Defendant Vest, Inc. is the successor to Bernard Epps & Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Bernard Epps & Co.  According to historical BKK Corp. records, Bernard Epps & Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Bernard Epps & Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Vest, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

283.    Upon information and belief, Defendant VF Corporation is the successor to Standard Industrial Towel & Uniform and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Standard Industrial Towel & Uniform.  According to historical BKK Corp. records, Standard Industrial Towel & Uniform contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Standard Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant VF Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

284.    According to historical BKK Corp. records, Defendant Vons

Companies Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Vons Companies Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vons Companies Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

285.   According to historical BKK Corp. records, Defendant Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

286.   According to historical BKK Corp. records, Defendant Weber Aircraft contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Weber Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Weber Aircraft has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

287.   According to historical BKK Corp. records, Defendant Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Weslock Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Weslock Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

288.   According to historical BKK Corp. records, Defendant West Valley

1    Toyota contributed manifested waste to the BKK Class I Facility. This manifested
2    waste contained Hazardous Substances that Defendant West Valley Toyota
3    generated and/or arranged for its disposal at the BKK Class I Facility. To date,
4    Defendant West Valley Toyota has not incurred any response costs at the BKK
5    Class I Facility nor has it paid its fair share of response costs incurred by the
6    Plaintiffs at the BKK Class I Facility.

7         289.   According to historical BKK Corp. records, Defendant Western Kraft
8    Corp. contributed manifested waste to the BKK Class I Facility. This manifested
9    waste contained Hazardous Substances that Defendant Western Kraft Corp.
10   generated and/or arranged for its disposal at the BKK Class I Facility. To date,
11   Defendant Western Kraft Corp. has not incurred any response costs at the BKK
12   Class I Facility nor has it paid its fair share of response costs incurred by the
13   Plaintiffs at the BKK Class I Facility.

14        290.   According to historical BKK Corp. records, Defendant Western
15   Synthetic Felt Co. contributed manifested waste to the BKK Class I Facility. This
16   manifested waste contained Hazardous Substances that Defendant Western
17   Synthetic Felt Co. generated and/or arranged for its disposal at the BKK Class I
18   Facility. To date, Defendant Western Synthetic Felt Co. has not incurred any
19   response costs at the BKK Class I Facility nor has it paid its fair share of response
20   costs incurred by the Plaintiffs at the BKK Class I Facility.

21        291.   According to historical BKK Corp. records, Defendant Westminster
22   Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This
23   manifested waste contained Hazardous Substances that Defendant Westminster
24   Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I
25   Facility. To date, Defendant Westminster Ceramics Inc. has not incurred any
26   response costs at the BKK Class I Facility nor has it paid its fair share of response
27   costs incurred by the Plaintiffs at the BKK Class I Facility.

28        292.   According to historical BKK Corp. records, Defendant Windowmaster

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Products contributed manifested waste to the BKK Class I Facility. This manifested

2  waste contained Hazardous Substances that Defendant Windowmaster Products

3  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

4  Defendant Windowmaster Products has not incurred any response costs at the BKK

5  Class I Facility nor has it paid its fair share of response costs incurred by the

6  Plaintiffs at the BKK Class I Facility.

7  293.   Upon information and belief, Defendant Woodward HRT, Inc. is the

8  successor to HR Textron Inc. and/or otherwise liable for manifested waste that was

9  contributed to the BKK Class I Facility by HR Textron Inc.  According to historical

10  BKK Corp. records, HR Textron Inc. contributed manifested waste to the BKK

11  Class I Facility. This manifested waste contained Hazardous Substances that HR

12  Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

13  To date, Defendant Woodward HRT, Inc. has not incurred any response costs at the

14  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16  294.   According to historical BKK Corp. records, Defendant Xtra Energy

17  contributed manifested waste to the BKK Class I Facility. This manifested waste

18  contained Hazardous Substances that Defendant Xtra Energy generated and/or

19  arranged for its disposal at the BKK Class I Facility. To date, Defendant Xtra

20  Energy has not incurred any response costs at the BKK Class I Facility nor has it

21  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

22  Facility.

23  295.   According to historical BKK Corp. records, Defendant Zimmers Truck

24  Stop contributed manifested waste to the BKK Class I Facility. This manifested

25  waste contained Hazardous Substances that Defendant Zimmers Truck Stop

26  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27  Defendant Zimmers Truck Stop has not incurred any response costs at the BKK

28  Class I Facility nor has it paid its fair share of response costs incurred by the

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Plaintiffs at the BKK Class I Facility.

2      296.   Paragraphs 297 to 907 are reserved (so that the following numbered

3  paragraphs (908 to 1000) are consistent with similar allegations in paragraphs 908

4  to 1000 of the Fifth Amended Complaint in the related case *BKK Working Group,*

5  *et al. v. 1700 Santa Fe Ltd., et al.* (USDC Case #2:18-cv-05810-MWF-PLA) filed

6  on September 1, 2022).

7      908.   Each Defendant has declined or not responded to Plaintiffs' request(s)

8  to enter into, or has otherwise not entered into, a tolling agreement to facilitate

9  settlement discussions.  A number of other PRPs at the BKK Class I Facility have

10  entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to

11  resolve the liabilities of those PRPs without litigation.

12      909.   On information and belief, each Defendant, including any of its

13  assignees, predecessors, successors in interest, or alter egos, is a "person" who

14  either (a) by contract, agreement, or otherwise, arranged for disposal or treatment,

15  or (b) arranged with a transporter for disposal or treatment, of Hazardous

16  Substances at the BKK Class I Facility.

17      910.   On information and belief, between approximately 1969 and 1987,

18  Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the

19  BKK Class I Facility.

20          **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

21      911.   At all times relevant to this action, the BKK Class I Facility was

22  operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was

23  also owned by BKK Corp. from approximately 1973 through the present.

24      912.  Beginning in at least 1969 and continuing to approximately 1984, the

25  BKK Class I Facility accepted manifested waste, which included Hazardous

26  Substances, for disposal. After 1984, the BKK Class I Facility continued accepting

27  municipal waste, including asbestos.

28

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

913. The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

914. By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004. As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No. I/SE-D 04/05-004 ("ISE Order"), 14.

915. On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility. A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

916. In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

917. The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

918. In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility. Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility. Prior to finalizing this settlement, the BKK Working Group and each of its then-members incurred necessary response costs at the BKK Class I Facility that are consistent with the NCP.

919.    The composition of the BKK Working Group has changed over time and continues to change.  New members pay an interim allocated share of past and ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has incurred necessary response costs consistent with the NCP.

920.    On October 31, 2005, the State of California, through its agency DTSC, filed a Complaint against certain members of the BKK Working Group in case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site Action").  In the Initial Site Action Complaint, the State of California sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL. HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was filed concurrently with the lodging of a consent decree between certain members of the BKK Working Group and DTSC that addressed conditions at the BKK Class I Facility.

921.    On February 8, 2006, the State of California, through its agency DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered on March 9, 2006.

922.    Among other things, the First Consent Decree obligated certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, and to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility.  The response actions have included investigation activities.

923.    The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as

1  provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters

2  addressed in [the First Consent Decree].  The matters addressed in [the First

3  Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . .

4  . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC

5  Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and

6  (f) compliance with the ISE Order from its effective date through the date on which

7  it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at

8  ¶ 8.1.

9       924.    Upon entry of the First Consent Decree, the BKK Working Group

10  began performing environmental response work, including site investigation, at the

11  BKK Class I Facility under the oversight of DTSC.  All work performed under the

12  First Consent Decree is deemed to be, and was, necessary and performed in

13  accordance with the NCP.

14       925.    On May 5, 2010, the State of California, through its agency DTSC,

15  filed a second complaint against certain members of the BKK Working Group in

16  case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site

17  Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint

18  sought recovery of past response costs, including investigation costs, pursuant to

19  Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA;

20  and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from

21  certain members of the BKK Working Group relating to the BKK Class I Facility.

22       926.    At that same time, the State of California, through its agency DTSC,

23  lodged a Second Consent Decree ("Second Consent Decree") with the Court,

24  obligating the BKK Working Group to perform additional response actions,

25  including investigation activities, at the BKK Class I Facility, to reimburse DTSC

26  for certain of its past response costs, including investigation costs, and to pay future

27  oversight costs to DTSC on an ongoing basis.  The Second Consent Decree,

28  attached hereto as **Exhibit D**, was entered on August 10, 2010.

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

927.   Among other things, the Second Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA Statement of Work).  The EE/CA is to propose a non-time critical removal action that contributes to the efficient performance of any long-term remedial action for the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility study and remedial actions will be conducted at the BKK Class I Facility at the conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate response actions to be performed at the BKK Class Facility based on the EE/CA.

928.   Among other things, the Second Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Second Consent Decree.  The matters addressed in the Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

929.   From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree.  All work performed under the Second Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

930.   On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site

Action").  Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

931.    At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

932.    Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including site investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the RI/FS includes the Class I Landfill and Class I Landfill operation areas, including but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station and truck wash; and wherever hazardous substances from such areas have or may come to be located.  It is anticipated that

1    DTSC will select further appropriate response actions to be performed at and

2    around the BKK Class I Facility based on the RI/FS.

3         933.    Among other things, the Third Partial Consent Decree provides

4    certain members of the BKK Working Group with "protection from contribution

5    actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

6    9613(f)(2) for matters addressed in the Third Partial Consent Decree. The matters

7    addressed in the Third Partial Consent Decree are (a) the Work to be Performed by

8    [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c)

9    Future DTSC Oversight Costs . . ." Third Partial Consent Decree at ¶ 8.1.

10        934.    As reflected in the BKK document archive maintained by DTSC,

11   members of the BKK Working Group also entered into additional interim

12   settlement agreements with DTSC to reimburse the State for its past response costs

13   incurred consistent with the NCP at the BKK Class I Landfill.

14        935.    On July 29, 2016, the State of California, through its agency DTSC,

15   filed an amended third complaint, which joined as defendants five additional

16   members of the BKK Working Group.

17        936.    At that same time, the State of California, through its agency DTSC,

18   lodged a First Amended Third Partial Consent Decree ("Amended Third Partial

19   Consent Decree"), which added the five new defendants as additional Settling

20   Defendants.  The Amended Third Partial Consent Decree, attached hereto as

21   **Exhibit F**, was approved by the Court on October 18, 2016.

22        937.    Among other things, the Amended Third Partial Consent Decree, like

23   the Third Partial Consent Decree, obligates certain members of the BKK Working

24   Group to perform environmental response actions at the BKK Class I Facility, to

25   reimburse DTSC for certain of its response costs, to pay DTSC for its continuing

26   oversight of the environmental response work at the BKK Class I Facility, and to

27   conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater

28

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

938.    From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

939.    The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

940.    Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility.  Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility, and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility.  This investigation for the purpose of identification of additional PRPs is ongoing.

941.    The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the

1  direct result of Defendants having arranged to dispose Hazardous Substances at the

2  BKK Class I Facility.

3      942.    In 2010, DTSC estimated that necessary response actions to fully

4  remediate the BKK Class I Facility would cost nearly $800 million.

5      943.    Through mid-2017, Plaintiffs have incurred or are committed to incur

6  approximately $250 million in costs associated with the BKK Class I Facility.

7      944.    To date, Defendants have failed to participate in or contribute to any

8  response work or costs at the BKK Class I Facility.

9  **FIRST CLAIM FOR RELIEF**

10  **Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))**

11      945.    Paragraphs 1-944 are incorporated by reference.

12      946.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in

13  pertinent part:

14          (a)    Notwithstanding any other provision or rule of law, and subject

15              only to the defenses set forth in subsection (b) of this section –

16                              * * * *

17          (3)    any person who by contract, agreement, or otherwise

18              arranged for disposal or treatment, or arranged with a

19              transporter for transport for disposal or treatment of

20              hazardous substances owned or possessed by such person

21              . . . shall be liable for –

22                              * * * *

23          (B)    any other necessary costs of response incurred by

24              any other person consistent with the national

25              contingency plan . . . .

26      947.    Plaintiffs are each a "person" within the meaning of CERCLA

27  § 101(21), 42 U.S.C. § 9601(21).

28

948.    Defendants are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

949.    The BKK Class I Facility is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

950.    Defendants arranged for disposal or treatment, or arranged with third-party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

951.    Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

952.    As a result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility, Plaintiffs have incurred and will continue to incur necessary costs of response pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).  Such response costs, including site investigation expenses, have been incurred and will continue to be incurred by Plaintiffs consistent with the NCP.

953.    Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## SECOND CLAIM FOR RELIEF

### Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))

954.    Paragraphs 1-953 are incorporated by reference.

955.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section

9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

956.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

957.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607:  the Initial Site Action, the Second Site Action, and the Third Site Action.

958.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve some or all of the liability of the member Plaintiffs to the State of California for some or all of the response actions taken at the BKK Class I Facility, and for some or all of the costs of such response actions.

959.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved some of the liability of those Plaintiffs to the State of California for some of the response actions taken at the BKK Class I Facility, and for some of the costs of such response actions.

960.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

961.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

962.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

963.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

964.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

965.    Upon filing this Sixth Amended Complaint, Plaintiffs provided a copy of this Sixth Amended Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

**THIRD CLAIM FOR RELIEF**

**CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

966.    Paragraphs 1-965 are incorporated herein by reference.

967.    CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this

chapter or any other law.

968.    Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

969.    Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances. Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair share of those costs incurred by Syngenta Crop Protection, LLC in partially reimbursing Stauffer Management Company LLC for the response costs Stauffer

Management Company LLC paid to satisfy the response cost obligations incurred by Bayer CropScience Inc. relating to the BKK Class I Facility.

970.    Some of the response costs incurred by Plaintiffs that are individual members of the BKK Working Group may have been paid by or reimbursed by a separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Plaintiffs' past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Thus, making them a claimant within the meaning of Section 112(c).

**FOURTH CLAIM FOR RELIEF**

**Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

971.    Paragraphs 1-970 are incorporated herein by reference.

972.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

973.    Defendants are jointly and severally liable to Plaintiffs for the reimbursement of necessary response costs, including site investigation expenses, incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a).  Defendants are also severally liable to Plaintiffs under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

1  Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

2  that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

3  their necessary response costs incurred consistent with the NCP under CERCLA

4  § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

5  Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

6  Partial and Amended Third Partial Consent Decrees, and any future consent

7  decrees, to address the release or threatened release of Hazardous Substances at and

8  from the BKK Class I Facility.

9  **FIFTH CLAIM FOR RELIEF**

10  **Contribution, Hazardous Substance Account Act, California Health and**

11  **Safety Code section 25300 et seq.**

12    974.   Paragraphs 1-973 are incorporated herein by reference.

13    975.   The Plaintiffs bring their claim for contribution against all

14  Defendants.

15    976.   The Carpenter-Presley-Tanner Hazardous Substance Account Act

16  ("HSAA"), California Health and Safety Code section 25300 et seq., provides a

17  statutory right of contribution for those parties who clean up contaminated sites

18  from those parties who are responsible for the contamination.

19    977.   Section 25363(e) of the HSAA provides that "A person who has

20  incurred response or corrective action costs in accordance with this chapter,

21  Chapter 6.5 (commencing with Section 25100) or [CERCLA] may seek

22  contribution or indemnity from any person who is liable pursuant to this chapter."

23    978.   A "liable person" is defined in section 25323.5(a)(1) of the HSAA as

24  "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section

25  9607(a))."

26    979.   Section 107(a) of CERCLA describes, among others, "any person

27  who… arranged for disposal or treatment" of Hazardous Substances "owned or

28

possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

980.    Defendants are each a "person" within the meaning of section 25319 and 25323.5(a) of the Health and Safety Code.

981.    There have been releases or threatened releases from the BKK Class I Facility.

982.    As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

983.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 25363(d).

984.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 25363 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

985.    Paragraphs 1-984 are incorporated herein by reference.

986.    Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

987.    The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

988.    A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

989.    As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Common Law Subrogation

990.    Paragraphs 1-989 are incorporated herein by reference.

991.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

992.    Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

## EIGHTH CLAIM FOR RELIEF

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

993.    Paragraphs 1-992 are incorporated herein by reference.

994.    Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

declaration of his or her rights and duties in the premises. . . .  He or she may ask for a declaration of rights or duties either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

995.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 107, 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

996.    A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## NINTH CLAIM FOR RELIEF

### Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

997.    Paragraphs 1-996 are incorporated herein by reference.

998.    The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides:

In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought.

999.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA §§ 107, 112

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

and 113, the Hazardous Substances Account Act, California Health and Safety Code § 25300 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor Plaintiffs).

1000.   A declaratory judgment under the Declaratory Judgment Act for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      Recovery of all necessary response costs, cost of abatement, and damages incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.      Contribution of an equitable share of all necessary response costs incurred by Plaintiffs consistent with the NCP as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.      A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future response costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

4.      Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result

1  of the release or threatened release of Hazardous Substances at and from the BKK
2  Class I Facility;

3      5.      Retention of jurisdiction over this action by this Court after entry of
4  the requested declaratory judgment to grant further relief as may be necessary or
5  proper;

6      6.      Attorney's fees and pre-judgment interest (as response costs); and

7      7.      Such other relief as the Court may deem just and appropriate.

8

9  Dated: November 3, 2023                    HINSON GRAVELLE & ADAIR LLP

10

11                                          By  s/Douglas A. Gravelle
12                                              Douglas A. Gravelle,
                                                Attorneys for Plaintiffs
13                                              BKK WORKING GROUP, an
                                                unincorporated association, and
14                                              individual members identified
                                                above

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIXTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)