**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: 661-294-0116

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BKK WORKING GROUP;
ANADARKO E&P ONSHORE
LLC; ATLANTIC RICHFIELD
COMPANY; ASHLAND INC.;
BAYER CROPSCIENCE INC.;
BIG HEART PET BRANDS; THE
BOEING COMPANY;
CALIFORNIA RESOURCES
CORPORATION; CHEVRON
ENVIRONMENTAL
MANAGEMENT COMPANY;
CHEVRON MARINE PRODUCTS
LLC; CONOCOPHILLIPS
COMPANY; CROSBY &
OVERTON, INC.; THE DOW
CHEMICAL COMPANY;
DUCOMMUN
AEROSTRUCTURES, INC.;
ESSEX CHEMICAL
CORPORATION; EXXON MOBIL
CORPORATION; GEMINI
INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION;
GENERAL LATEX AND
CHEMICAL CORPORATION;
HEWLETT-PACKARD
COMPANY; AMERICAN
HONDA MOTOR CO., INC.;
HUNTINGTON BEACH
COMPANY; LOCKHEED

Case No. 2:18-cv-05836-MWF-PLA

**[FILED PURSUANT TO CMO #1 [DKT. 101]]**

**NINTH AMENDED COMPLAINT FOR:**

1. CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)]
2. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)]
3. CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)]
4. CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)]
5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 78000, ET SEQ.]
6. EQUITABLE INDEMNIFICATION
7. EQUITABLE CONTRIBUTION
8. COMMON LAW SUBROGATION
9. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060]

1 MARTIN CORPORATION;
2 MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS
3 INC.); MONTROSE CHEMICAL CORP. OF CALIFORNIA;
4 MORTELL COMPANY;
5 MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND
6 SHIPBUILDING COMPANY; NORTHROP GRUMMAN
7 SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO, INC.;
8 ROCKWELL AUTOMATION, INC.; ROHM & HAAS
9 COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC
10 COMPANY; SMITH
11 INTERNATIONAL, INC.; SOUTHERN CALIFORNIA
12 EDISON COMPANY; SOUTHERN CALIFORNIA GAS
13 COMPANY; STAUFFER
14 MANAGEMENT COMPANY LLC; THE PROCTER &
15 GAMBLE MANUFACTURING COMPANY; THUMS LONG
16 BEACH COMPANY; UNION CARBIDE CORPORATION;
17 UNION PACIFIC RAILROAD (FORMERLY KNOWN AS
18 SOUTHERN PACIFIC TRANSPORTATION
19 COMPANY); UNITED STATES STEEL CORPORATION; RTX
20 CORPORATION; UNIVAR SOLUTIONS USA LLC;
21 AMERON INTERNATIONAL CORPORATION; AND XEROX
22 CORPORATION,
23
24                    Plaintiffs,
25          vs.
26 ALBERTSONS COMPANIES, INC.;
27 AAMCO TRANSMISSIONS; AAR CORP.; A.B. DICK CO.; ABBOTT
28 POWER CORP; ACE INDUSTRIES;

ACH FOOD COMPANIES, INC.;
ADVANCED COATING INC.;
AEROSOL SERVICES CO. INC.; AIR
INDUSTRIES CORP.; AIR LIQUIDE
AMERICA LP; AIRPORT CONSULT
GROUP LLC; ALCO CAD NICKEL
PLATING CORP.; ALCO WELL
SERVICE INC.; ALKID
CORPORATION; ALPHA
CORPORATION; ALUMINUM
PRECISION PRODUCTS INC.;
AMERICAN APPLIANCE
MANUFACTURING CORP.;
AMERICAN CAN COMPANY;
AMERICAN CHEMICAL &
REFINING; AMERICAN PACIFIC
INTERNATIONAL INC.;
AMERICAN SCIENTIFIC
PRODUCTS; AMERICAN TOOL &
ENGINEERING CORP.;
AMERIPRIDE SERVICES, LLC;
AMF TUBESCOPE INC.; ANCHOR
POST PRODUCTS INC.; ANCO
METAL IMPROVEMENT CO.;
ANDREW CALIFORNIA CORP.;
ANODYNE INC.; APEX
INTERNATIONAL ALLOYS;
APOLLO MANUFACTURING CO.;
APPLIED MAGNETICS CORP.;
ARDAGH GROUP S.A.; ARGO
PETROLEUM CORP.;
ARROWHEAD MOUNTAIN SPRING
WATER COMPANY; ARMSTRONG
WORLD INDUSTRIES, INC.;
ARNOLD CIRCUITS, INC.;
ARNOLD ELECTRONICS INC.;
ARNOLD ENGINEERING CO.;
ATLAS FABRICATORS; ATOMICA
CORP.; AURUM INDUSTRIES, INC.;
AXEL JOHNSON, INC.; B. JADOW
AND SONS, INC.; B.P. JOHN
FURNITURE CO.; BAE SYSTEMS
SAN DIEGO SHIP REPAIR INC.;
BALSER TRUCKING; BARRY
WRIGHT CONTROLS; BAUSCH
HEALTH AMERICAS, INC.;
BAXTER INTERNATIONAL INC.;

BEATRICE HUNT WESSON INC.;
BEAZER EAST, INC.; BECKMAN
COULTER INC.; BECTON
DICKINSON AND COMPANY;
BERNARD EPPS & CO.;
BETHLEHEM STEEL CORP.;
BEVERLY HILLS OIL COMPANY;
BFI XV REALTY FUND LTD.; BIG
THREE INDUSTRIES INC.;
BIRTCHER PACIFIC; BLUE
TRITON BRANDS, INC.; BOSTIK,
INC.; BPJ INTERNATIONAL, INC.;
BRIDGESTONE AMERICAS, INC.;
BROOKS & PERKINS BROWNLINE
DIVISION; BYRON JACKSON
PUMPS; C&D TECHNOLOGIES,
INC.; CAL CHEM CLEANING CO.;
CAL NEV PIPELINE CO.; CAL
STYLE FURNITURE
MANUFACTURING CO.; CALI-
BLOK; CALBIOCHEM-BEHRING
CORP.; CALIFORNIA CARPET CO.;
CALPROTECH INC.; CAPITAL
PARADE USA, INC.; CARGILL
INC.; CARRIER CORPORATION;
CERRO CORPORATION; CHB
FOODS; CIA MINERA DE
CANANEA SA; CIRCUIT ONE DIV.
OF LH RESEARCH INC.;
CLEVELAND WRECKING CO.;
COAST PLATING, INC.; COGNIS
CORP.; COLUMBIA PICTURES;
CONAGRA BRANDS, INC.;
CONTROL COMPONENTS INC.;
CRAGAR INDUSTRIES; CRAIN
WESTERN, INC.; CRE
LIQUIDATION LLC; CROCKETT
CONTAINER CORP.; CROWLEY
INC.; CROWN BEVERAGE
PACKAGING; CROWN CENTRAL
LLC; CROWN CENTRAL
PETROLEUM CORPORATION;
CROWN DISPOSAL INC.; CROWN
ZELLERBACH CO.; CSX
TRANSPORTATION; CUMMINS
SERVICE & SALES INC.; CYCLO
CHEMICAL CO.; CYTEC

INDUSTRIES INC.; DAIWA CORP.;
DARNELL CORPORATE LTD.;
DATA PRODUCTS CORP.; DAVIS
INVESTMENT CO.; DECRATREND
CORP.; DENSCO PRODUCTS AND
SERVICES AMERICAS, INC.;
DESOTO INC.; DEVON ENERGY
CORP.; DISPOSAL CONTROL; DON
KOTT FORD; DOUGLAS
FURNITURE OF CALIFORNIA;
DOWTY PROPELLERS AMERICAS;
DRACKETT CO.; DRESSER
INDUSTRIES, INC.; DUREX INC.;
E.T.C. CARPET MILLS, LTD.; EAST
COAST OCEANVIEW, LLC; EL
FAB; ELECTROFILM INC.;
ELECTRONIC MATERIALS CORP.;
ELETRCOTECH CIRCUITS INC.;
ELEVATE TEXTILES; EME CORP.;
EMERALD EQUITIES; EMERSON
ELECTRIC CO.; EMERY
INDUSTRIES INC.;
EMPLOYBRIDGE LLC; EMRISE
ELECTRONICS CORP.; ENERGY
DEVELOPMENT CO. INC.;
ENVIRONMENTAL CONTROL
SYSTEMS INC.; EPEC OIL CO.
LIQUIDATING TRUST; FAIRCHILD
INDUSTRIES; FEDERAL EXPRESS
CORPORATION; FEDERAL
RESERVE BANK; FIBERITE WEST
COAST CORP.; FIRESTONE TIRE &
RUBBER CO.; FLETCHER OIL &
REFINING CO.; FLIGHT
ACCESORY SERVICE;
FLOWSERVE CORPORATION;
FOTOMAT LABS INC.; FLYING
TIGERS LINE; FRANCISCAN
CERAMICS INC.; FRAZEE
INDUSTRIES; FRICTION INC.;
FRICTION MATERIALS CORP.;
FMC CORPORATION; FORD
AEROSPACE AND
COMMUNICATIONS CORP.; FORT
JAMES LLC; FOSTER-FORBES
GLASS CO.; FRONTIER
CALIFORNIA, INC.; GATES

5

ADMIRAL; GATX; GATX CORP.; GATX TERMINALS CORP.; GE BETZ, INC.; GENERAL BATTERY CORP.; GENERAL MILLS, INC.; GENERAL TELEPHONE CO.; GENSTAR BUILDING MATERIALS CO.; GENSTAR ROOFING PRODUCTS COMPANY, INC.; GEORGIA-PACIFIC LLC; GERALD CALIFORNIA LLC; GERALD METALS, INC.; GLASS CONTAINERS CORP.; GLASTEEL; GLOBAL TUBE CORPORATION; GRAY TRUCK LINES; GREER HYDRAULICS INC.; GRUPO MEXICO SAB DE CV; GUARANTEED PRODUCTS INC.; GWB (US), INC.; HALLMARK CIRCUITS INC.; HALSTEAD ENTERPRISES; HANDY & HARMAN; HARSCO CORPORATION; HAWKER-PACIFIC AEROSPACE; HEINZ FOODS; HEIST MAINTENANCE SERVICES INC.; HENRY SOSS & CO. INC.; HESS CORPORATION; HILL BROTHERS CHEMICAL CO.; HILLCREST BEVERLY OIL CORP.; HI-SHEAR CORP.; HOFFMAN ELECTRONICS; HOLLYTEX CARPET MILLS, INC.; HOWMET AEROSPACE INC.; HOYA CORPORATION USA; HR TEXTRON INC.; HTW INDUSTRIES INC.; HUMCO PRODUCTS; HUTCHINSON AEROSPACE & INDUSTRY, INC.; HYDRAULIC UNITS INC.; ICN PHARMACEUTICALS; ICX INDUSTRIES, INC.; ICX NATIONAL, INC.; IMCO SERVICES; IMI CRITICAL ENGINEERING LLC; INDUSTRIAL CIRCUITS; INDUSTRIAL INSULATIONS INCORPORATED; INDUSTRIAL TECTONIC BEARINGS; INLAND CONTAINER CORP.; INLAND

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

PAPERBOARD AND PACKAGING, INC.; INTERNATIONAL POLYMER CORP.; I.T. CORP.; ITT LLC; J.C. INC.; JCI ENVIRONMENTAL SERVICES; JCX; JELD-WEN, INC.; JERSEY MAID MILK PRODUCTS INC.; JOHNSON CONTROLS INC.; JOHNSTON PUMP CO.; JONATHAN MANUFACTURING CORP.; JOSLYN MANUFACTURING & SUPPLY CO.; KAISER FOUNDATION HEALTH PLAN, INC.; KAISER ROLLMET INC.; KAYNAR MANUFACTURING CO.; KERR-MCGEE CHEMICAL WORLWIDE LLC; KEUFFEL & ESSER CO.; KINDER MORGAN ENERGY PARTNERS, L.P.; KNUDSEN CORP.; KONICA PHOTO SERVICE U.S.A., INC.; KORBEL CAPITAL LLC; KRAZY GLUE INC.; L'OREAL USA, INC.; LANXESS CORPORATION; LIQUID WASTE MANAGEMENT; LISI AEROSPACE NORTH AMERICA, INC.; LONG BEACH FABRICATORS INC.; LONZA INC.; LORAL SPACE & COMMUNICATIONS INC.; LOS ANGLES GAUGE CO.; LOS ANGLES PLATING CO.; LUCKY STORES INC.; LUMIDOR MANUFACTURING CO.; M-I L.L.C. AKA AND/OR DBA M-I SWACO; MACDERMID PRINTING SOLUTIONS; MACK TRUCKS INC.; MAERSK LINE, LIMITED (MLL); MARCO CHEMICAL CO; MARTEN MANAGEMENT CO.; MAXWELL LABORATORIES INC.; MAZDA MOTOR OF AMERICA, INC.; MAZDA NORTH AMERICA; MCA LABORATORIES; MCKAY CHEMICAL CO.; MEAD JOHNSON & COMPANY; MERCURY AEROSPACE INC.; MERCURY AEROSPACE FASTENERS; MEREL CO. INC.; METAL BOX CAN; MGF

INDUSTRIES; MR. GASKET COMPANY; MRC HOLDINGS, INC.; NARCO CHEMICAL; NARCO CORPORATION; NARMCO MATERIALS INC.; NATIONAL OILWELL VARCO; NAVCOM DEFENSE ELECTRONICS, INC.; NEWELL BRANDS INC.; NEW FASHION CLEANERS; NIPPONDENSO OF LOS ANGELES; NORTH AMERICAN CAR CORP.; NORTH AMERICAN ENVIRONMENTAL; NORTHROP PACIFIC; NORWEST EQUITY PARTNERS; NOVARTIS CORP.; OLD QUAKER PAINT CO.; ORANGE COUNTY SANITATION DISTRICT; ORYX ENERGY COMPANY; PACIFIC ANCHOR CHEMICAL CORP.; PACIFIC INTERMOUNTAIN EXPRESS; PACIFIC SOUTHWEST AIRLINES; PACKAING CORP. OF AMERICA; PACTIV LLC; PAINT & COATINGS CORP.; PANEL AIR CORP.; PARSONS CORPORATION; PAULEY PETROLEUM CO.; PCC ROLLMET, INC.; PEAIRS ENGINEERS; PEAT MANUFACUTURING CO.; PENSKE LOGISTICS CORP.; PER-OLOF LOOF FAMILY FOUNDATION, INC.; PERVO INTERNATIONAL, INC.; PERVO PAINT COMPANY; PGP INDUSTRIES INC.; PILLSBURY CO.; PRC–DESOTO INTERNATIONAL INC.; PRE DELIVERY SERVICE; PRECISION CASTPARTS CORP.; PRICE PFISTER *NKA* PFISTER; PRINTED CIRCUITS, INC.; PRODUCTS RESEARCH & CHEMICAL CORP.; PROTO TOOL; PURE SOURCE LLC; PUREX CORP.; PUREX INDUSTRIES, INC.; RALPH M. PARSONS CO.; REDKEN LABORATORIES INC.; REGISTER

PROPERTIES INC.; REISNER
METALS; REPLACEMENT PARTS
MANUFACTURING; REXAM
BEVERAGE CAN COMPANY;
RICOH ELECTRONICS, INC.;
RICOH PRINTING SYSTEMS
AMERICA INC.; RIO TINTO ALCAN
INC.; ROBERTS MANUFACTURING
CO.; ROYAL ALUMINUM CO.;
RYDER SYSTEM, INC.; ROLLER
BEARING COMPANY OF
AMERICA, INC.; S.J. JOHNSON &
SON, INC.; SAN DIEGO PIPE LINE
CO.; SAFEWAY STORES INC.; SAN
FERNANDO LABORATORIES;
SANDIA METAL PROCESS, INC.;
SARGENT FLETCHER INC.;
SARGENT INDUSTRIES;
SCHLUMBERGER, LTD.;
SCHLUMBERGER N.V.; SEA LAND
SERVICE INC.; SERVICE
CHEMICAL CO.; SHUWA
INVESTMENTS CORP.; SMITH &
CO.; SOMACIS INC.; SONY
PICTURES ENTERTAINMENT INC.;
SOUTH WEST FOREST PRODUCTS;
SOUTHERN CALIFORNIA
CHEMICAL; SOUTHERN PACIFIC
PIPE LINES, INC.; SOUTHWEST
STEEL ROLLING MILLS;
SOUTHWESTERN ENGINEERING;
STANDARD MOTOR PRODUCTS,
INC.; STANDARD INDUSTRIAL
TOWEL & UNIFORM; STANLEY
BLACK & DECKER, INC.;
STRUCTURAL COMPOSITE
INDUSTRIES; SUN EXPLORATION;
SUN CAPITAL PARTNERS, INC.;
SWECO, INC.; T.P. INDUSTRIAL
INC.; TDY INDUSTRIES, LLC;
TELAIR US LLC; TENNECO INC.;
TENNECO OIL CO.; TESLA, INC.;
THE SAVE MART COMPANIES,
LLC; THOMPSON INDUSTRIES;
THORPE INSULATION CO.; TIMES
MIRROR PRESS; TOOLEY & CO.
INC.; TOPPAN PRINTING

1  COMPANY (AMERICA), INC.;
2  TOYOTA MOTOR
   MANUFACTURING USA;
3  TRAMMEL CROW COMPANY;
   TRANSEQUIP PACIFIC INC.; TRE
4  CORP.; TREATOLITE CORP.;
   TRIBUNE PUBLISHING COMPANY;
5  TRIMAS CORPORATION;
   TRIUMPH GROUP OPERATIONS;
6  TRIZEC PROPERTIES; TROJAN
7  BATTERY CO; TRUCK
   TRANSPORT; TRZ HOLDINGS LLC;
8  TURKISH PRODUCTS, INC.; U.S.
   BORAX & CHEMICAL CORP.; U.S.
9  BRASS DIVISION; U.S. FILTERS;
10 U.S. REDUCTION CO.; ULTRAMAR
   INC.; UNITED COATINGS INC.;
11 VALCO; VALENTEC
   INTERNATIONAL CORP.; VALERO
12 ENERGY CORPORATION; VAN DE
   KAMP; VARCO INTERNATIONAL;
13 VEOLIA ENVIRONMENTAL
14 SERVICES NORTH AMERICA, LLC;
   VERIZON NEW YORK INC.; VEST,
15 INC. VF CORPORATION; VONS
   COMPANIES INC.; VOUGHT
16 AIRCRAFT INDUSTRIES INC.; WM
17 HEALTHCARE SOLUTIONS, INC.;
   W. SMITH CO.; W. SMITH CO.
18 CONTAINER RECONDITIONING;
   WEBER AIRCRAFT; WELLS
19 FARGO RAIL CORPORATION;
   WELLS MARINE INC.; WESLOCK
20 CORP.; WEST VALLEY TOYOTA;
21 WESTERN KRAFT CORP.;
   WESTERN LITHOGRAPH;
22 WESTERN SYNTHETIC FELT CO.;
   WESTMINSTER CERAMICS INC.;
23 WHITTAKER CORP.;
24 WINDOWMASTER PRODUCTS;
   WOODWARD HRT, INC.; XTRA
25 ENERGY; YOPLAIT USA;
   ZIMMERS TRUCK STOP; and DOES
26 1-10,

27                      Defendants.

28

                                                 10

Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HEWLETT-PACKARD COMPANY; AMERICAN HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORP. OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO, INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY; UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD (FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION COMPANY); UNITED STATES STEEL CORPORATION; RTX CORPORATION; UNIVAR SOLUTIONS USA LLC; AMERON INTERNATIONAL CORPORATION; AND XEROX CORPORATION

(collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

## STATEMENT OF THE CASE

1.      This is a civil action for cost recovery and contribution under Sections 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and for contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 78000 et seq.,[1] relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.

2.      The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[2] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.

---

[1] Effective January 1, 2024, the California Legislature recodified and reorganized the HSAA without substantive changes. (2022 Cal. Legis. Serv. Ch. 257 (Assem. Bill No. 2293).
[2] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 820, 825, 830 and 835, respectively.

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

3.     The State of California has alleged in a series of three complaints filed against some or all of the Plaintiffs[3] that it has incurred response costs in connection with actions taken in response to releases or threatened releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a defendant herein at paragraphs 64 - 475 and Does 1-10 (collectively referred to herein as "Defendants" or individually as "Defendant") generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.

4.     Plaintiffs seek to recover from each Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

5.     Plaintiffs also seek contribution from each Defendant pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary response costs incurred and to be incurred by Plaintiffs pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

6.     Plaintiffs further seek a declaration as to each Defendant's liability and associated allocation of past and future response costs in accordance with Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

---

[3] The three complaints are described in more detail in paragraphs 819, 824 and 829, *infra*.

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

action or actions brought by Plaintiffs against the Defendants to recover further response costs.

7.    Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 78000 et seq., and Cal. Health and Safety Code § 79670 for past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the NCP to address releases or threatened releases of Hazardous Substances at and from the BKK Class I Facility.

8.    Plaintiffs are also entitled to complete or partial indemnity from Defendants for all costs incurred or to be incurred at the BKK Class I Facility, pursuant to the doctrine of equitable indemnification.

9.    A sub-set of Plaintiffs who allege they have reimbursed entities or directly paid for and participated in directing response actions on behalf of other entities (including other Plaintiffs) that have incurred past, necessary response costs, including pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP, for response activities undertaken at and in relation to the BKK Class I Facility, assert subrogated cost recovery and contribution claims against each Defendant pursuant to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common law equitable subrogation.

10.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure §1060 setting forth the parties' rights and obligations toward one another for future costs incurred to address contamination at or from the BKK Class I Facility.

11.    The BKK Working Group has incurred or is committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility, and the total cost of necessary response actions to fully remediate the BKK Class I Facility was estimated by the State of California Department of Toxic

Substances Control ("DTSC") in 2020 to be $869,286.436. Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions, necessitating this lawsuit to resolve Defendants' liabilities.

## JURISDICTION

12.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b). This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Ninth Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## VENUE

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District and because the BKK Class I Facility is located within this District.

14.     Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases occurred and the response costs were occurred in this District.

## PLAINTIFFS

15.     The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5. The BKK Working Group currently includes the Plaintiffs identified in paragraphs 16-63 below as members, which assert the claims in this Ninth Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

16.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs in a manner consistent with the NCP, at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no allegations against the following Defendants:  Sun Exploration, Kerr-McGee Chemical Worldwide LLC (on the basis of it being the successor to or otherwise being liable for manifested waste from Sun Exploration).

17.    Plaintiff Ashland Inc. is a corporation organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland Inc. is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the assignee of Filtrol's claims in the litigation.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are

Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility. Ashland Inc. and Filtrol Corporation are members of the BKK Working Group and as members of the BKK Working Group have incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims and interests relevant hereto to Ashland Inc.

18.    Plaintiff Atlantic Richfield Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

19.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Bayer CropScience Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working Group, has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

20.    Plaintiff Big Heart Pet Brands is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands, or its corporate predecessor(s), was and is authorized to do business, and was and is

doing business, in California.  The State of California has alleged that the assignee to the successor in interest to certain liability of H.J. Heinz Company, arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Big Heart Pet Brands is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

21.    Plaintiff The Boeing Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Boeing Company, or its corporate predecessor(s) or affiliates, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Boeing Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a member, The Boeing Company has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

22.    Plaintiff California Resources Corporation is a corporation organized under the laws of the State of Pennsylvania. At all times referred to herein, California Resources Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff California Resources Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff California Resources Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

23.    Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred to herein, Chevron Environmental Management Company, or its corporate affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that certain corporate affiliates of Plaintiff Chevron Environmental Management Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Environmental Management Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

24.    Plaintiff Chevron Marine Products LLC is a limited liability company organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Marine Products LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Chevron Marine Products LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Marine Products LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

25.    Reserved.

26.    Plaintiff ConocoPhillips Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, ConocoPhillips Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section

107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

27.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

28.    Plaintiff The Dow Chemical Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Dow Chemical Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

29.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun Aerostructures, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

30.    Plaintiff Essex Chemical Corporation is a corporation organized under the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

31.    Plaintiff Exxon Mobil Corporation is a corporation organized under the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

32.    Plaintiff Gemini Industries, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Gemini Industries,

Inc. or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Gemini Industries, Inc. is a member of the BKK Working Group. As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

33. Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware. During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California. The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

34. Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

1    costs, including response costs consistent with the NCP, at the BKK Class I

2    Facility.

3        35.    Plaintiff Hewlett-Packard Company is a corporation organized under

4    the laws of the State of Delaware. At all times referred to herein, Hewlett-Packard

5    Company, or its corporate predecessor(s), was and is authorized to do business, and

6    was and is doing business, in California.  The State of California has alleged that

7    Plaintiff Hewlett-Packard Company arranged for the disposal of a Hazardous

8    Substance at the BKK Class I Facility, as those terms are described in section

9    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Hewlett-Packard Company is a

10    member of the BKK Working Group and as a member of the BKK Working Group

11    has incurred costs, including response costs consistent with the NCP, at the BKK

12    Class I Facility.

13        36.    Plaintiff American Honda Motor Co., Inc. is a corporation organized

14    under the laws of the State of California. At all times referred to herein, American

15    Honda Motor Co., Inc. was and is authorized to do business, and was and is doing

16    business, in California.  The State of California has alleged that Plaintiff American

17    Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the

18    BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

19    42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK

20    Working Group and as a member of the BKK Working Group has incurred costs,

21    including response costs consistent with the NCP, at the BKK Class I Facility.

22        37.    Plaintiff Huntington Beach Company is a corporation organized under

23    the laws of the State of California. At all times referred to herein, Huntington Beach

24    Company, or its corporate predecessor(s), was and is authorized to do business, and

25    was and is doing business, in California.  The State of California has alleged that

26    Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous

27    Substance at the BKK Class I Facility, as those terms are described in section

28    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is

a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

38.    Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

39.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

40.    Plaintiff Montrose Chemical Corp. of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corp. of California, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corp. of California

arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Montrose Chemical Corp. of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

41.    Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

42.    Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

43.    Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The

1   State of California has alleged that Plaintiff National Steel and Shipbuilding

2   Company arranged for the disposal of a Hazardous Substance at the BKK Class I

3   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

4   9607(a).  Plaintiff National Steel and Shipbuilding Company is a member of the

5   BKK Working Group and as a member of the BKK Working Group has incurred

6   costs, including response costs consistent with the NCP, at the BKK Class I

7   Facility.

8          44.    Plaintiff Northrop Grumman Systems Corporation is a corporation

9   organized under the laws of the State of Delaware. At all times referred to herein,

10  Northrop Grumman Systems Corporation, or its corporate predecessor(s), was and

11  is authorized to do business, and was and is doing business, in California.  The

12  State of California has alleged that Plaintiff Northrop Grumman Systems

13  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

14  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

15  9607(a).  Plaintiff Northrop Grumman Systems Corporation is a member of the

16  BKK Working Group and as a member of the BKK Working Group has incurred

17  costs, including response costs consistent with the NCP, at the BKK Class I

18  Facility.

19         45.    Plaintiff Oxy USA Inc. is a corporation organized under the laws of

20  the State of Delaware. At all times referred to herein, Oxy USA Inc., or its

21  corporate predecessor(s), was and is authorized to do business, and was and is

22  doing business, in California.  The State of California has alleged that Plaintiff Oxy

23  USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I

24  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

25  9607(a).  Plaintiff Oxy USA Inc. is a member of the BKK Working Group and as a

26  member of the BKK Working Group has incurred costs, including response costs

27  consistent with the NCP, at the BKK Class I Facility

28

46.     Plaintiff Quemetco, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Quemetco, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

47.     Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

48.     Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group

has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

49.     Plaintiff Rohr, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

50.     Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

51.     Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a

1  member of the BKK Working Group and as a member of the BKK Working Group

2  has incurred costs, including response costs consistent with the NCP, at the BKK

3  Class I Facility

4      52.    Plaintiff Southern California Edison Company is a corporation

5  organized under the laws of the State of California. At all times referred to herein,

6  Southern California Edison Company, or its corporate predecessor(s), was and is

7  authorized to do business, and was and is doing business, in California.  The State

8  of California has alleged that Plaintiff Southern California Edison Company

9  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

10  those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

11  Plaintiff Southern California Edison Company is a member of the BKK Working

12  Group and as a member of the BKK Working Group has incurred costs, including

13  response costs consistent with the NCP, at the BKK Class I Facility.

14      53.    Plaintiff Southern California Gas Company is a corporation organized

15  under the laws of the State of California. At all times referred to herein, Southern

16  California Gas Company, or its corporate predecessor(s), was and is authorized to

17  do business, and was and is doing business, in California.  The State of California

18  has alleged that Plaintiff Southern California Gas Company arranged for the

19  disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

20  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern

21  California Gas Company is a member of the BKK Working Group and as a member

22  of the BKK Working Group has incurred costs, including response costs consistent

23  with the NCP, at the BKK Class I Facility.

24      54.    Plaintiff Stauffer Management Company LLC is a limited liability

25  corporation organized under the laws of the State of Delaware.  At all times referred

26  to herein, Stauffer Management Company LLC was and is authorized to do

27  business, and was and is doing business, in California.  Stauffer Management

28  Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

1   this legal obligation, has paid the costs incurred by Bayer CropScience, Inc. and has

2   participated in directing remediation efforts as an agent for Bayer CropScience, Inc.

3   at the BKK Class I Facility.  Stauffer Management Company LLC also is an

4   assignee to the subrogation and other rights or causes of action Syngenta Crop

5   Protection, LLC, a Delaware limited liability company, may have as a result of

6   reimbursements it has made to Stauffer Management Company LLC for costs paid

7   for by Stauffer Management Company LLC in connection with the BKK Class I

8   Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer

9   Management Company LLC submitted demands to Defendants as contemplated by

10  CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is

11  used in the statute.  Although Stauffer Management Company LLC and Syngenta

12  Crop Protection, LLC are not members of the BKK Working Group, because the

13  costs they have incurred result directly from Bayer CropScience's participation in

14  the BKK Working Group, for purposes of the allegations in this Ninth Amended

15  Complaint relating to the incurrence of costs, the term "BKK Working Group"

16  includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

17          55.     Plaintiff The Procter & Gamble Manufacturing Company is a

18  corporation organized under the laws of the State of Ohio.  At all times referred to

19  herein, The Procter & Gamble Manufacturing Company, or its corporate

20  predecessor(s), was and is authorized to do business, and was and is doing business,

21  in California.  The State of California has alleged that Plaintiff The Procter &

22  Gamble Manufacturing Company arranged for the disposal of a Hazardous

23  Substance at the BKK Class I Facility, as those terms are described in section

24  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble

25  Manufacturing Company is a member of the BKK Working Group and as a

26  member of the BKK Working Group has incurred costs, including response costs

27  consistent with the NCP, at the BKK Class I Facility.

28

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

56.     Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

57.     Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

58.     Plaintiff Union Pacific Railroad (formerly known as Southern Pacific Transportation Company) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Pacific Railroad is a member of the BKK Working Group

and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

59.    Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff United States Steel Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

60.    Plaintiff RTX Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, RTX Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff RTX Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff RTX Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

61.    Plaintiff Univar Solutions USA LLC (f/k/a Univar Solutions USA Inc. and Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar Solutions USA Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Univar USA LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

1   U.S.C. § 9607(a).  Plaintiff Univar Solutions USA LLC is a member of the BKK
2   Working Group and as a member of the BKK Working Group has incurred costs,
3   including response costs consistent with the NCP, at the BKK Class I Facility.

4         62.    Plaintiff Ameron International Corporation is a corporation organized
5   under the laws of the State of Delaware.  At all times referred to herein, Ameron
6   International Corporation, or its corporate predecessor(s), was and is authorized to
7   do business, and was and is doing business, in California.  The State of California
8   has alleged that Plaintiff Ameron International Corporation arranged for the
9   disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are
10  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron
11  International Corporation is a member of the BKK Working Group and as a
12  member of the BKK Working Group has incurred costs, including response costs
13  consistent with the NCP, at the BKK Class I Facility.

14        63.    Plaintiff Xerox Corporation is a corporation organized under the laws
15  of the State of New York.  At all times referred to herein, Xerox Corporation, or its
16  corporate predecessor(s), was and is authorized to do business, and was and is
17  doing business, in California.  The State of California has alleged that Plaintiff
18  Xerox  Corporation arranged for the disposal of a Hazardous Substance at the BKK
19  Class I Facility, as those terms are described in section 107(a) of CERCLA, 42
20  U.S.C. § 9607(a).  Plaintiff Xerox Corporation is a member of the BKK Working
21  Group and as a member of the BKK Working Group has incurred costs, including
22  response costs consistent with the NCP, at the BKK Class I Facility.

23                              **DEFENDANTS**

24        64.    Defendants are: A.B. Dick Co.; Aamco Transmissions; AAR Corp.;
25  Abbott Power Corp.; Ace Industries; ACH Food Companies, Inc.; Advanced
26  Coating Inc.; Aerosol Services Co. Inc.; Air Industries Corp.; Air Liquide America
27  LP; Airport Consult Group LLC; Albertsons Companies, Inc.; Alco Cad Nickel
28  Plating Corp.; Alco Well Service Inc.; Alkid Corporation; Alpha Corporation;

1   Aluminum Precision Products Inc.; American Appliance Manufacturing Corp.;
2   American Can Company; American Chemical & Refining; American Pacific
3   International Inc.; American Scientific Products; American Tool & Engineering
4   Corp.; Ameripride Services, LLC; AMF Tubescope Inc.; Anchor Post Products
5   Inc.; Anco Metal Improvement Co.; Andrew California Corp.; Anodyne Inc.; Apex
6   International Alloys; Apollo Manufacturing Co.; Applied Magnetics Corp.; Ardagh
7   Group S.A.; Argo Petroleum Corp.; Arrowhead Mountain Spring Water Company;
8   Armstrong World Industries, Inc.; Arnold Circuits, Inc.; Arnold Electronics Inc.;
9   Arnold Engineering Co.; Atlas Fabricators; Atomica Corp.; Aurum Industries, Inc.;
10  Axel Johnson, Inc.; B. Jadow and Sons, Inc.; B.P. John Furniture Co.; BAE
11  Systems San Diego Ship Repair Inc.; Balser Trucking; Barry Wright Controls;
12  Bausch Health Americas, Inc.; Baxter International Inc.; Beatrice Hunt Wesson
13  Inc.; Beazer East, Inc; Beckman Coulter Inc.; Becton, Dickinson and Company;
14  Bernard Epps & Co.; Bethlehem Steel Corp.; Beverly Hills Oil Company; BFI XV
15  Realty Fund Ltd.; Big Three Industries Inc.; Birtcher Pacific; Blue Triton Brands,
16  Inc.; Bostik, Inc.; BPJ International, Inc.; Bridgestone Americas, Inc.; Brooks &
17  Perkins Brownline Division; Byron Jackson Pumps; C&D Technologies, Inc.; Cal
18  Chem Cleaning Co.; Cal Nev Pipeline Co.; Cal Style Furniture Manufacturing Co.;
19  Cali-Blok; Calbiochem-Behring Corp.; California Carpet Co.; Calprotech Inc.;
20  Capital Parade USA, Inc.; Cargill Inc.; Carrier Corporation; Cerro Corporation;
21  CHB Foods; Cia Minera De Cananea SA; Circuit One Div. of LH Research Inc.;
22  Cleveland Wrecking Co.; Coast Plating, Inc.; Cognis Corp.; Columbia Pictures;
23  Conagra Brands, Inc.; Control Components Inc.; Cragar Industries; Crain Western,
24  Inc.; CRE Liquidation LLC; Crockett Container Corp.; Crowley Inc.; Crown
25  Beverage Packaging; Crown Central LLC; Crown Central Petroleum Corporation;
26  Crown Disposal Inc.; Crown Zellerbach Co.; CSX Transportation; Cummins
27  Service & Sales Inc.; Cyclo Chemical Co.; Cytec Industries Inc.; Daiwa Corp.;
28  Darnell Corporate Ltd.; Data Products Corp.; Davis Investment Co.; Decratrend

Corp.; Densco Products and Services Americas, Inc.; Desoto Inc.; Devon Energy Corp.; Disposal Control; Don Kott Ford; Douglas Furniture of California; Dowty Propellers Americas; Drackett Co.; Dresser Industries, Inc.; Durex Inc.; E.T.C. Carpet Mills, Ltd.; East Coast Oceanview, LLC; El Fab; Electrofilm Inc.; Electronic Materials Corp.; Electrotech Circuits Inc.; Elevate Textiles; EME Corp.; Emerald Equities; Emerson Electric Co.; Emery Industries Inc.; Employbridge LLC; Emrise Electronics Corp.; Energy Development Co. Inc.; Environmental Control Systems Inc.; Epec Oil Co. Liquidating Trust; Fairchild Industries; Federal Express Corporation; Federal Reserve Bank; Fiberite West Coast Corp.; Firestone Tire & Rubber Co.; Fletcher Oil & Refining Co.; Flight Accessory Service; Flowserve Corporation; Fotomat Labs Inc.; Flying Tigers Line; Franciscan Ceramics Inc.; Frazee Industries; Friction Inc.; Friction Materials Corp.; FMC Corporation; Ford Aerospace and Communications Corp.; Fort James LLC; Foster-Forbes Glass Co.; Frontier California, Inc.; Gates Admiral; GATX; GATX Corp.; GATX Terminals Corp.; GE Betz, Inc.; General Battery Corp.; General Mills, Inc.; General Telephone Co.; Genstar Building Materials Co.; Genstar Roofing Products Company, Inc.; Georgia-Pacific LLC; Gerald California LLC; Gerald Metals, Inc.; Glass Containers Corp.; Glasteel; Global Tube Corporation; Gray Truck Lines; Greer Hydraulics Inc.; Grupo Mexico SAB de CV; Guaranteed Products Inc.; GWB (US), Inc.; Hallmark Circuits Inc.; Halstead Enterprises; Handy & Harman; Harsco Corporation; Hawker Pacific Aerospace; Heinz Foods; Heist Maintenance Services Inc.; Henry Soss & Co. Inc.; Hess Corporation; Hill Brothers Chemical Co.; Hillcrest Beverly Oil Corp.; Hi-Shear Corp.; Hoffman Electronics; Hollytex Carpet Mills, Inc.; Howmet Aerospace Inc.; Hoya Corporation USA; HR Textron Inc.; HTW Industries Inc.; Humco Products; Hutchinson Aerospace & Industry, Inc.; Hydraulic Units Inc.; ICN Pharmaceuticals; ICX Industries, Inc.; ICX National, Inc.; Imco Services; IMI Critical Engineering LLC; Industrial Circuits; Industrial Insulations Incorporated; Industrial Tectonics Bearings; Inland Container Corp.;

1  Inland Paperboard and Packaging, Inc.; International Polymer Corp.; I.T. Corp.;

2  ITT LLC; J.C. Inc.; JCI Environmental Services; JCX; Jeld-Wen, Inc.; Jersey Maid

3  Milk Products Inc.; Johnson Controls Inc.; Johnston Pump Co.; Jonathan

4  Manufacturing Corp.; Joslyn Manufacturing & Supply Co.; Kaiser Foundation

5  Health Plan, Inc.; Kaiser Rollmet Inc.; Kaynar Manufacturing Co.; Kerr-McGee

6  Chemical Worldwide LLC; Keuffel & Esser Co.; Kinder Morgan Energy Partners,

7  L.P.; Knudsen Corp.; Konica Photo Service U.S.A., Inc.; Korbel Capital LLC;

8  Krazy Glue Inc.; L'Oreal USA, Inc.; Lanxess Corporation; Liquid Waste

9  Management; Lisi Aerospace North America, Inc.; Long Beach Fabricators Inc.;

10  Lonza Inc.; Loral Space & Communications Inc.; Los Angeles Gauge Co.; Los

11  Angeles Plating Co.; Lucky Stores Inc.; Lumidor Manufacturing Co.; M-I L.L.C.

12  *aka* and/or *dba* M-I Swaco; Macdermid Printing Solutions; Mack Trucks Inc.;

13  Maersk Line, Limited (MLL); Marco Chemical Co.; Marten Management Co.;

14  Maxwell Laboratories Inc.; Mazda Motor of America, Inc.; Mazda North America;

15  MCA Laboratories; McKay Chemical Co.; Mead Johnson & Company; Mercury

16  Aerospace Inc.; Mercury Aerospace Fasteners; Merel Co. Inc.; Metal Box Can;

17  MGF Industries; Mr. Gasket Company; MRC Holdings, Inc.; Narco Chemical;

18  Narco Corporation; Narmco Materials Inc.; National Oilwell Varco; NavCom

19  Defense Electronics, Inc.; Newell Brands Inc.; New Fashion Cleaners;

20  Nippondenso of Los Angeles; North American Car Corp.; North American

21  Environmental; Northrop Pacific; Norwest Equity Partners; Novartis Corp.; Old

22  Quaker Paint Co.; Orange County Sanitation District; Oryx Energy Company;

23  Pacific Anchor Chemical Corp.; Pacific Intermountain Express; Pacific Southwest

24  Airlines; Packaging Corp. of America; Pactiv LLC; Paint & Coatings Corp.; Panel

25  Air Corp.; Parsons Corporation; Pauley Petroleum Co.; PCC Rollmet, Inc.; Peairs

26  Engineers; Peat Manufacturing Co.; Penske Logistics Corp.; Per-Olof Loof Family

27  Foundation, Inc.; Pervo International, Inc.; Pervo Paint Company; PGP Industries

28  Inc.; Pillsbury Co.; PRC–DeSoto International Inc.; Pre Delivery Service; Precision

Castparts Corp.; Price Pfister *nka* Pfister; Printed Circuits, Inc.; Products Research & Chemical Corp.; Proto Tool; Pure Source LLC; Purex Corp.; Purex Industries, Inc.; Ralph M. Parsons Co.; Redken Laboratories Inc.; Register Properties Inc.; Reisner Metals; Replacement Parts Manufacturing; Rexam Beverage Can Company; Ricoh Electronics, Inc.; Ricoh Printing Systems America Inc.; Rio Tinto Alcan Inc.; Roberts Manufacturing Co.; Royal Aluminum Co.; Ryder System, Inc.; Roller Bearing Company of America, Inc.; S.C. Johnson & Son, Inc.; San Diego Pipe Line Co.; Safeway Stores Inc.; San Fernando Laboratories; Sandia Metal Process, Inc.; Sargent Fletcher Inc.; Sargent Industries; Schlumberger, Ltd.; Schlumberger N.V.; Sea Land Service Inc.; Service Chemical Co.; Shuwa Investments Corp.; Smith & Co.; Somacis Inc.; Sony Pictures Entertainment Inc.; South West Forest Products; Southern California Chemical; Southern Pacific Pipe Lines, Inc.; Southwest Steel Rolling Mills; Southwestern Engineering; Standard Industrial Towel & Uniform; Standard Motor Products, Inc.; Stanley Black & Decker, Inc.; Structural Composite Industries; Sun Exploration; Sun Capital Partners, Inc.; Sweco, Inc.; T.P. Industrial Inc.; TDY Industries, LLC; Telair US LLC; Tenneco Inc.; Tenneco Oil Co.; Tesla, Inc.; The Save Mart Companies, LLC; Thompson Industries; Thorpe Insulation Co.; Times Mirror Press; Tooley & Co. Inc.; Toppan Printing Company (America), Inc.; Toyota Motor Manufacturing USA; Trammel Crow Company; Transequip Pacific Inc.; TRE Corp.; Treatolite Corp.; Tribune Publishing Company; TriMas Corporation; Triumph Group Operations; Trizec Properties; Trojan Battery Co.; TRZ Holdings LLC; Turkish Products, Inc.; U.S. Borax & Chemical Corp.; Truck Transport; U.S. Brass Division; U.S. Filters; U.S. Reduction Co.; Ultramar Inc.; United Coatings Inc.; Valco; Valentec International Corp.; Valero Energy Corporation; Van De Kamp; Varco International; Veolia Environmental Services North America, LLC; Verizon New York Inc.; Vest, Inc.; VF Corporation; Vons Companies Inc.; Vought Aircraft Industries Inc.; WM Healthcare Solutions, Inc.; W. Smith Co.; W. Smith Co.

Container Recondioning; Weber Aircraft; Wells Fargo Rail Corporation; Wells Marine Inc.; Weslock Corp.; West Valley Toyota; Western Kraft Corp.; Western Lithograph; Western Synthetic Felt Co.; Westminster Ceramics Inc.; Whittaker Corp.; Windowmaster Products; Woodward HRT, Inc.; Xtra Energy; Yoplait USA; Zimmers Truck Stop; and Does 1-10.

65.    According to historical BKK Corp. records, Defendant A. B. Dick Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant A. B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant A. B. Dick Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

66.    According to historical BKK Corp. records, Defendant Aamco Transmissions contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aamco Transmissions generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aamco Transmissions has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

67.    Upon information and belief, Defendant AAR Corp. is the successor to Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant AAR Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

the BKK Class I Facility.

68.    According to historical BKK Corp. records, Defendant Abbott Power Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Abbott Power Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Abbott Power Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

69.    According to historical BKK Corp. records, Defendant Ace Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ace Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ace Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.    Upon information and belief, Defendant ACH Food Companies, Inc. is the successor to Humco Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Humco Products.  According to historical BKK Corp. records, Humco Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Humco Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ACH Food Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71.    According to historical BKK Corp. records, Defendant Advanced Coating Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Advanced Coating Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant Advanced Coating Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.    According to historical BKK Corp. records, Defendant Aerosol Services Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aerosol Services Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73.    According to historical BKK Corp. records, Defendant Air Industries Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Air Industries Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Air Industries Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74.    Upon information and belief, Defendant Air Liquide America LP is the successor to Big Three Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Big Three Industries Inc. According to historical BKK Corp. records, Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America LP has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

75.    Upon information and belief, Defendant Airport Consult Group LLC is the successor to Cal Style Furniture Manufacturing Co. and/or otherwise liable for

manifested waste that was contributed to the BKK Class I Facility by Cal Style Furniture Manufacturing Co.  According to historical BKK Corp. records, Cal Style Furniture Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Airport Consult Group LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

76.    Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or Lucky Stores Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc. and/or Lucky Stores Inc.  According to historical BKK Corp. records, Albertson's Inc. and Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. and Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

77.    According to historical BKK Corp. records, Defendant Alco Cad Nickel Plating Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Alco Cad Nickel Plating Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Alco Cad Nickel Plating Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

78.    According to historical BKK Corp. records, Defendant Alco Well Service Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Alco Well

41

1  Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

2  To date, Defendant Alco Well Service Inc. has not incurred any response costs at

3  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

4  the Plaintiffs at the BKK Class I Facility.

5       79.    Upon information and belief, Defendant Alkid Corporation is the

6  successor to Peat Manufacturing Co. and/or Cragar Industries and/or otherwise

7  liable for manifested waste that was contributed to the BKK Class I Facility by Peat

8  Manufacturing Co. and/or Cragar Industries.  According to historical BKK Corp.

9  records, Peat Manufacturing Co. and Cragar Industries contributed manifested

10  waste to the BKK Class I Facility. This manifested waste contained Hazardous

11  Substances that Peat Manufacturing Co. and Cragar Industries generated and/or

12  arranged for its disposal at the BKK Class I Facility. To date, Defendant Alkid

13  Corporation has not incurred any response costs at the BKK Class I Facility nor has

14  it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

15  Facility.

16       80.    Upon information and belief, Defendant Alpha Corporation is the

17  successor to Glasteel and/or otherwise liable for manifested waste that was

18  contributed to the BKK Class I Facility by Glasteel.  According to historical BKK

19  Corp. records, Glasteel contributed manifested waste to the BKK Class I Facility.

20  This manifested waste contained Hazardous Substances that Glasteel generated

21  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

22  Alpha Corporation has not incurred any response costs at the BKK Class I Facility

23  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

24  Class I Facility.

25       81.    According to historical BKK Corp. records, Defendant Aluminum

26  Precision Products Inc. contributed manifested waste to the BKK Class I Facility.

27  This manifested waste contained Hazardous Substances that Defendant Aluminum

28  Precision Products Inc. generated and/or arranged for its disposal at the BKK Class

I Facility.  To date, Defendant Aluminum Precision Products Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

82.    According to historical BKK Corp. records, Defendant American Appliance Manufacturing Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Appliance Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant American Appliance Manufacturing Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

83.    According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

84.    According to historical BKK Corp. records, Defendant American Chemical & Refining contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Chemical & Refining generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Chemical & Refining has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

85.    According to historical BKK Corp. records, Defendant American Pacific International Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American

Pacific International Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Pacific International Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

86.     According to historical BKK Corp. records, Defendant American Scientific Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Scientific Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Scientific Products has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

87.     According to historical BKK Corp. records, Defendant American Tool & Engineering Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Tool & Engineering Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Tool & Engineering Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

88.     Upon information and belief, Defendant Ameripride Services, LLC is the successor to Gates Admiral and/or New Fashion Cleaners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Gates Admiral and/or New Fashion Cleaners.  According to historical BKK Corp. records, Gates Admiral and New Fashion Cleaners contributed manifested waste to the BKK Class I facility. This manifested waste contained Hazardous Substances that Gates Admiral and New Fashion Cleaners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Ameripride Services, LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

89.     According to historical BKK Corp. records, Defendant AMF Tubescope Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant AMF Tubescope Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant AMF Tubescope Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

90.     According to historical BKK Corp. records, Defendant Anchor Post Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Anchor Post Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Anchor Post Products Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

91.     According to historical BKK Corp. records, Defendant Anco Metal Improvement Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Anco Metal Improvement Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anco Metal Improvement Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

92.     According to historical BKK Corp. records, Defendant Andrew California Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Andrew California Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Andrew California Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

93.    According to historical BKK Corp. records, Defendant Anodyne Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Anodyne Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anodyne Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

94.    According to historical BKK Corp. records, Defendant Apex International Alloys contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Apex International Alloys generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Apex International Alloys has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

95.    According to historical BKK Corp. records, Defendant Apollo Manufacturing Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Apollo Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Apollo Manufacturing Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

96.    According to historical BKK Corp. records, Defendant Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Applied Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Applied Magnetics Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.    Upon information and belief, Defendant Ardagh Group S.A. is the

1   successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable

2   for manifested waste that was contributed to the BKK Class I Facility by Saint-

3   Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp.

4   records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested

5   waste to the BKK Class I Facility. This manifested waste contained Hazardous

6   Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or

7   arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh

8   Group S.A. has not incurred any response costs at the BKK Class I Facility nor has

9   it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

10  Facility.

11          98.    According to historical BKK Corp. records, Defendant Argo

12  Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This

13  manifested waste contained Hazardous Substances that Defendant Argo Petroleum

14  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

15  date, Defendant Argo Petroleum Corp. has not incurred any response costs at the

16  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

17  Plaintiffs at the BKK Class I Facility.

18          99.    According to historical BKK Corp. records, Defendant Arrowhead

19  Mountain Spring Water Company contributed manifested waste to the BKK Class I

20  Facility.  This manifested waste contained Hazardous Substances that Defendant

21  Arrowhead Mountain Spring Water Company generated and/or arranged for its

22  disposal at the BKK Class I Facility.  To date, Defendant Arrowhead Mountain

23  Spring Water Company has not incurred any response costs at the BKK Class I

24  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

25  the BKK Class I Facility.

26          100.   According to historical BKK Corp. records, Defendant Armstrong

27  World Industries, Inc. contributed manifested waste to the BKK Class I Facility.

28  This manifested waste contained Hazardous Substances (including Hazardous

Substances other than asbestos) that Defendant Armstrong World Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Armstrong World Industries, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

101.   According to historical BKK Corp. records, Defendant Arnold Circuits, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Arnold Circuits, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

102.   Upon information and belief, Defendant Arnold Circuits, Inc. is the successor to Arnold Electronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arnold Electronics Inc. According to historical BKK Corp. records, Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

103.   According to historical BKK Corp. records, Defendant Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Electronics Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

104. According to historical BKK Corp. records, Defendant Arnold Engineering Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Arnold Engineering Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Engineering Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

105. Upon information and belief, Defendant Arnold Engineering Co. is the successor to Arnold Electronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arnold Electronics Inc. According to historical BKK Corp. records, Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Engineering Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106. According to historical BKK Corp. records, Defendant Atlas Fabricators contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Atlas Fabricators generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atlas Fabricators has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107. Upon information and belief, Defendant Atomica Corp. is the successor to Applied Magnetics Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Applied Magnetics Corp. According to historical BKK Corp. records, Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained

1    Hazardous Substances that Applied Magnetics Corp. generated and/or arranged for

2    its disposal at the BKK Class I Facility. To date, Defendant Atomica Corp. has not

3    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

4    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5        108.   According to historical BKK Corp. records, Defendant Aurum

6    Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

7    manifested waste contained Hazardous Substances that Defendant Aurum

8    Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

9    Facility.  To date, Defendant Aurum Industries, Inc. has not incurred any response

10   costs at the BKK Class I Facility nor has it paid its fair share of response costs

11   incurred by the Plaintiffs at the BKK Class I Facility.

12       109.   Upon information and belief, Defendant Axel Johnson, Inc. is the

13   successor to Industrial Tectonics Bearings and/or otherwise liable for manifested

14   waste that was contributed to the BKK Class I Facility by Industrial Tectonics

15   Bearings.  According to historical BKK Corp. records, Industrial Tectonics

16   Bearings contributed manifested waste to the BKK Class I Facility. This manifested

17   waste contained Hazardous Substances that Industrial Tectonics Bearings generated

18   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

19   Axel Johnson, Inc. has not incurred any response costs at the BKK Class I Facility

20   nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

21   Class I Facility.

22       110.   Upon information and belief, Defendant B. Jadow and Sons, Inc. is the

23   successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was

24   contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical

25   BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK

26   Class I Facility. This manifested waste contained Hazardous Substances that Krazy

27   Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

28   date, Defendant B. Jadow and Sons, Inc. has not incurred any response costs at the

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    BKK Class I Facility nor has it paid its fair share of response costs incurred by the

2    Plaintiffs at the BKK Class I Facility.

3         111.    According to historical BKK Corp. records, Defendant B.P. John

4    Furniture Co. contributed manifested waste to the BKK Class I Facility.  This

5    manifested waste contained Hazardous Substances that Defendant B.P. John

6    Furniture Co. generated and/or arranged for its disposal at the BKK Class I Facility.

7    To date, Defendant B.P. John Furniture Co. has not incurred any response costs at

8    the BKK Class I Facility nor has it paid its fair share of response costs incurred by

9    the Plaintiffs at the BKK Class I Facility.

10        112.    Upon information and belief, Defendant BAE Systems San Diego Ship

11   Repair Inc. is the successor to Southwest Marine, Inc. and/or otherwise liable for

12   manifested waste that was contributed to the BKK Class I Facility by Southwest

13   Marine, Inc.  According to historical BKK Corp. records, Southwest Marine, Inc.

14   contributed manifested waste to the BKK Class I Facility. This manifested waste

15   contained Hazardous Substances that Southwest Marine, Inc. generated and/or

16   arranged for its disposal at the BKK Class I Facility. To date, Defendant BAE

17   Systems San Diego Ship Repair Inc. has not incurred any response costs at the

18   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

19   Plaintiffs at the BKK Class I Facility.

20        113.    According to historical BKK Corp. records, Defendant Balser

21   Trucking contributed manifested waste to the BKK Class I Facility.  This

22   manifested waste contained Hazardous Substances that Defendant Balser Trucking

23   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

24   Defendant Balser Trucking has not incurred any costs at the BKK Class I Facility

25   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

26   Facility.

27        114.    According to historical BKK Corp. records, Defendant Barry Wright

28   Controls contributed manifested waste to the BKK Class I Facility.  This

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    manifested waste contained Hazardous Substances that Defendant Barry Wright
2    Controls generated and/or arranged for its disposal at the BKK Class I Facility.  To
3    date, Defendant Barry Wright Controls has not incurred any response costs at the
4    BKK Class I Facility nor has it paid its fair share of response costs incurred by the
5    Plaintiffs at the BKK Class I Facility.

6        115.   Upon information and belief, Defendant Bausch Health Americas, Inc.
7    is the successor to ICN Pharmaceuticals and/or otherwise liable for manifested
8    waste that was contributed to the BKK Class I Facility by ICN Pharmaceuticals.
9    According to historical BKK Corp. records, ICN Pharmaceuticals contributed
10   manifested waste to the BKK Class I Facility. This manifested waste contained
11   Hazardous Substances that ICN Pharmaceuticals generated and/or arranged for its
12   disposal at the BKK Class I Facility. To date, Defendant Bausch Health Americas,
13   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid
14   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

15       116.   Upon information and belief, Defendant Baxter International Inc. is the
16   successor to American Scientific Products and/or otherwise liable for manifested
17   waste that was contributed to the BKK Class I Facility by American Scientific
18   Products.  According to historical BKK Corp. records, American Scientific
19   Products contributed manifested waste to the BKK Class I Facility. This manifested
20   waste contained Hazardous Substances that American Scientific Products generated
21   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
22   Baxter International Inc. has not incurred any response costs at the BKK Class I
23   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at
24   the BKK Class I Facility.

25       117.   According to historical BKK Corp. records, Defendant Beatrice Hunt
26   Wesson Inc. contributed manifested waste to the BKK Class I Facility. This
27   manifested waste contained Hazardous Substances that Defendant Beatrice Hunt
28   Wesson Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant Beatrice Hunt Wesson Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

118.   According to historical BKK Corp. records, Defendant Beazer East, Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beazer East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

119.   According to historical BKK Corp. records, Defendant Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

120.   According to historical BKK Corp. records, Defendant Becton, Dickinson and Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Becton, Dickinson and Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Becton, Dickinson and Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

121.   According to historical BKK Corp. records, Defendant Bernard Epps & Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Bernard Epps & Co.

generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bernard Epps & Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

122.   According to historical BKK Corp. records, Defendant Bethlehem Steel Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bethlehem Steel Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Bethlehem Steel Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

123.   According to historical BKK Corp. records, Defendant Beverly Hills Oil Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beverly Hills Oil Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beverly Hills Oil Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

124.   According to historical BKK Corp. records, Defendant BFI XV Realty Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant BFI XV Realty Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

125.   According to historical BKK Corp. records, Defendant Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Big Three

1  Industries Inc. generated and/or arranged for its disposal at the BKK Class I

2  Facility.  To date, Defendant Big Three Industries Inc. has not incurred any

3  response costs at the BKK Class I Facility nor has it paid its fair share of response

4  costs incurred by the Plaintiffs at the BKK Class I Facility.

5       126.   According to historical BKK Corp. records, Defendant Birtcher Pacific

6  contributed manifested waste to the BKK Class I Facility.  This manifested waste

7  contained Hazardous Substances that Defendant Birtcher Pacific generated and/or

8  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher

9  Pacific has not incurred any response costs at the BKK Class I Facility nor has it

10  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

11  Facility.

12       127.   Upon information and belief, Defendant Blue Triton Brands, Inc. is the

13  successor to Arrowhead Mountain Spring Water Company and/or otherwise liable

14  for manifested waste that was contributed to the BKK Class I Facility by

15  Arrowhead Mountain Spring Water Company.  According to historical BKK Corp.

16  records, Arrowhead Mountain Spring Water Company contributed manifested

17  waste to the BKK Class I Facility. This manifested waste contained Hazardous

18  Substances that Arrowhead Mountain Spring Water Company generated and/or

19  arranged for its disposal at the BKK Class I Facility. To date, Defendant Blue

20  Triton Brands, Inc. has not incurred any response costs at the BKK Class I Facility

21  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

22  Class I Facility.

23       128.   Upon information and belief, Defendant Bostik, Inc. is the successor to

24  R. & D. Latex Co. and/or otherwise liable for manifested waste that was

25  contributed to the BKK Class I Facility by R. & D. Latex Co.  According to

26  historical BKK Corp. records, R. & D. Latex Co. contributed manifested waste to

27  the BKK Class I Facility. This manifested waste contained Hazardous Substances

28  that R. & D. Latex Co. generated and/or arranged for its disposal at the BKK Class

I Facility. To date, Defendant Bostik, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

129.   Upon information and belief, Defendant BPJ International, Inc. is the successor to B.P. John Furniture Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by B.P. John Furniture Co. According to historical BKK Corp. records, B.P. John Furniture Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that B.P. John Furniture Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BPJ International, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

130.   Upon information and belief, Defendant Bridgestone Americas, Inc. is the successor to Firestone Tire & Rubber Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Firestone Tire & Rubber Co.  According to historical BKK Corp. records, Firestone Tire & Rubber Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Firestone Tire & Rubber Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bridgestone Americas, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

131.   According to historical BKK Corp. records, Defendant Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Brooks & Perkins Brownline Division has not incurred any response costs at the BKK Class I Facility nor has it

paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

132.   According to historical BKK Corp. records, Defendant Byron Jackson Pumps contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Byron Jackson Pumps generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Byron Jackson Pumps has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

133.   Upon information and belief, Defendant C&D Technologies, Inc. is the successor to Circuit One Div. of LH Research Inc. and/or Trojan Battery Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Circuit One Div. of LH Research Inc. and/or Trojan Battery Co. According to historical BKK Corp. records, Circuit One Div. of LH Research Inc. and Trojan Battery Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Circuit One Div. of LH Research Inc. and Trojan Battery Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant C&D Technologies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

134.   According to historical BKK Corp. records, Defendant Cal Chem Cleaning Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cal Chem Cleaning Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cal Chem Cleaning Co. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

135.   According to historical BKK Corp. records, Defendant Cal Nev

57

1  Pipeline Co. contributed manifested waste to the BKK Class I Facility.  This
2  manifested waste contained Hazardous Substances that Defendant Cal Nev Pipeline
3  Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
4  Defendant Cal Nev Pipeline Co. has not incurred any response costs at the BKK
5  Class I Facility nor has it paid its fair share of response costs incurred by the
6  Plaintiffs at the BKK Class I Facility.

7          136.    According to historical BKK Corp. records, Defendant Cal Style
8  Furniture Manufacturing Co. contributed manifested waste to the BKK Class I
9  Facility. This manifested waste contained Hazardous Substances that Defendant Cal
10 Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the
11 BKK Class I Facility. To date, Defendant Cal Style Furniture Manufacturing Co.
12 has not incurred any response costs at the BKK Class I Facility nor has it paid its
13 fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

14         137.    According to historical BKK Corp. records, Defendant Cali-Blok
15 contributed manifested waste to the BKK Class I Facility. This manifested waste
16 contained Hazardous Substances that Defendant Cali-Blok generated and/or
17 arranged for its disposal at the BKK Class I Facility. To date, Defendant Cali-Blok
18 has not incurred any response costs at the BKK Class I Facility nor has it paid its
19 fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

20         138.    According to historical BKK Corp. records, Defendant Calbiochem-
21 Behring Corp. contributed manifested waste to the BKK Class I Facility.  This
22 manifested waste contained Hazardous Substances that Defendant Calbiochem-
23 Behring Corp. generated and/or arranged for its disposal at the BKK Class I
24 Facility.  To date, Defendant Calbiochem-Behring Corp. has not incurred any
25 response costs at the BKK Class I Facility nor has it paid its fair share of response
26 costs incurred by the Plaintiffs at the BKK Class I Facility.

27         139.    According to historical BKK Corp. records, Defendant California
28 Carpet Co. contributed manifested waste to the BKK Class I Facility. This

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    manifested waste contained Hazardous Substances that Defendant California Carpet

2    Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

3    Defendant California Carpet Co. has not incurred any response costs at the BKK

4    Class I Facility nor has it paid its fair share of response costs incurred by the

5    Plaintiffs at the BKK Class I Facility.

6        140.    According to historical BKK Corp. records, Defendant Calprotech Inc.

7    contributed manifested waste to the BKK Class I Facility. This manifested waste

8    contained Hazardous Substances that Defendant Calprotech Inc. generated and/or

9    arranged for its disposal at the BKK Class I Facility. To date, Defendant Calprotech

10   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

11   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

12       141.    Upon information and belief, Defendant Capital Parade USA, Inc. is

13   the successor to Circuit One Div. of LH Research Inc. and/or otherwise liable for

14   manifested waste that was contributed to the BKK Class I Facility by Circuit One

15   Div. of LH Research Inc.  According to historical BKK Corp. records, Circuit One

16   Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility.

17   This manifested waste contained Hazardous Substances that Circuit One Div. of LH

18   Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

19   To date, Defendant Capital Parade USA, Inc. has not incurred any response costs at

20   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

21   the Plaintiffs at the BKK Class I Facility.

22       142.    According to historical BKK Corp. records, Defendant Cargill Inc.

23   contributed manifested waste to the BKK Class I Facility.  This manifested waste

24   contained Hazardous Substances that Defendant Cargill Inc. generated and/or

25   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill

26   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

27   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

28       143.    According to historical BKK Corp. records, Defendant Carrier

Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Carrier Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Carrier Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

144.    Upon information and belief, Defendant Carrier Corporation is the successor to Henry Soss & Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Henry Soss & Co. Inc. According to historical BKK Corp. records, Henry Soss & Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Henry Soss & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Carrier Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

145.    Upon information and belief, Defendant Cerro Corporation is the successor to JCX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by JCX. According to historical BKK Corp. records, JCX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that JCX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cerro Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

146.    According to historical BKK Corp. records, Defendant CHB Foods (identified in the related case as "CHP Foods") contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant CHB Foods (identified in the related case as "CHP Foods") generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    CHB Foods (identified in the related case as "CHP Foods") has not incurred any

2    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

3    the Plaintiffs at the BKK Class I Facility.

4          147.    According to historical BKK Corp. records, Defendant Cia Minera De

5    Cananea SA contributed manifested waste to the BKK Class I Facility.  This

6    manifested waste contained Hazardous Substances that Defendant Cia Minera De

7    Cananea SA generated and/or arranged for its disposal at the BKK Class I Facility.

8    To date, Defendant Cia Minera De Cananea SA has not incurred any response costs

9    at the BKK Class I Facility nor has it paid its fair share of response costs incurred

10   by the Plaintiffs at the BKK Class I Facility.

11         148.    According to historical BKK Corp. records, Defendant Circuit One

12   Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility.

13   This manifested waste contained Hazardous Substances that Defendant Circuit One

14   Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK

15   Class I Facility. To date, Defendant Circuit One Div. of LH Research Inc. has not

16   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

17   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

18         149.    According to historical BKK Corp. records, Defendant Cleveland

19   Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This

20   manifested waste contained Hazardous Substances that Defendant Cleveland

21   Wrecking Co. generated and/or arranged for its disposal at the BKK Class I

22   Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any costs at

23   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

24   Plaintiffs at the BKK Class I Facility.

25         150.    According to historical BKK Corp. records, Defendant Coast Plating,

26   Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

27   waste contained Hazardous Substances that Defendant Coast Plating, Inc. generated

28   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

Coast Plating, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

151.    According to historical BKK Corp. records, Defendant Cognis Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cognis Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cognis Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

152.    Upon information and belief, Defendant Conagra Brands, Inc. is the successor to Beatrice Hunt Wesson Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Beatrice Hunt Wesson Inc.  According to historical BKK Corp. records, Beatrice Hunt Wesson Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Beatrice Hunt Wesson Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Conagra Brands, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

153.    According to historical BKK Corp. records, Defendant Control Components Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Control Components Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Control Components Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

154.    According to historical BKK Corp. records, Defendant Cragar Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cragar Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date,

1    Defendant Cragar Industries has not incurred any costs at the BKK Class I Facility
2    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
3    Facility.

4         155.    According to historical BKK Corp. records, Defendant Crain Western,
5    Inc. contributed manifested waste to the BKK Class I Facility. This manifested
6    waste contained Hazardous Substances that Defendant Crain Western, Inc.
7    generated and/or arranged for its disposal at the BKK Class I Facility. To date,
8    Defendant Crain Western, Inc. has not incurred any costs at the BKK Class I
9    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
10   Class I Facility.

11        156.    Upon information and belief, Defendant CRE Liquidation LLC is the
12   successor to Cal Style Furniture Manufacturing Co. and/or otherwise liable for
13   manifested waste that was contributed to the BKK Class I Facility by Cal Style
14   Furniture Manufacturing Co.  According to historical BKK Corp. records, Cal Style
15   Furniture Manufacturing Co. contributed manifested waste to the BKK Class I
16   Facility. This manifested waste contained Hazardous Substances that Cal Style
17   Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK
18   Class I Facility. To date, Defendant CRE Liquidation LLC has not incurred any
19   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
20   the Plaintiffs at the BKK Class I Facility.

21        157.    According to historical BKK Corp. records, Defendant Crockett
22   Container Corp. contributed manifested waste to the BKK Class I Facility.  This
23   manifested waste contained Hazardous Substances that Defendant Crockett
24   Container Corp. generated and/or arranged for its disposal at the BKK Class I
25   Facility.  To date, Defendant Crockett Container Corp. has not incurred any costs at
26   the BKK Class I Facility nor has it paid its fair share of costs incurred by the
27   Plaintiffs at the BKK Class I Facility.

28        158.    According to historical BKK Corp. records, Defendant Crowley Inc.

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  contributed manifested waste to the BKK Class I Facility.  This manifested waste

2  contained Hazardous Substances that Defendant Crowley Inc. generated and/or

3  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley

4  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

5  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

6      159.   According to historical BKK Corp. records, Defendant Crown

7  Beverage Packaging contributed manifested waste to the BKK Class I Facility.

8  This manifested waste contained Hazardous Substances that Defendant Crown

9  Beverage Packaging generated and/or arranged for its disposal at the BKK Class I

10  Facility.  To date, Defendant Crown Beverage Packaging has not incurred any costs

11  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

12  Plaintiffs at the BKK Class I Facility.

13      160.   Upon information and belief, Defendant Crown Central LLC is the

14  successor to Crown Central Petroleum Corporation and/or otherwise liable for

15  manifested waste that was contributed to the BKK Class I Facility by Crown

16  Central Petroleum Corporation.  According to historical BKK Corp. records, Crown

17  Central Petroleum Corporation contributed manifested waste to the BKK Class I

18  Facility. This manifested waste contained Hazardous Substances that Crown

19  Central Petroleum Corporation generated and/or arranged for its disposal at the

20  BKK Class I Facility. To date, Defendant Crown Central LLC has not incurred any

21  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22  the Plaintiffs at the BKK Class I Facility.

23      161.   According to historical BKK Corp. records, Defendant Crown Central

24  Petroleum Corporation contributed manifested waste to the BKK Class I Facility.

25  This manifested waste contained Hazardous Substances that Defendant Crown

26  Central Petroleum Corporation generated and/or arranged for its disposal at the

27  BKK Class I Facility.  To date, Defendant Crown Central Petroleum Corporation

28  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

of costs incurred by the Plaintiffs at the BKK Class I Facility.

162.   According to historical BKK Corp. records, Defendant Crown Disposal Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crown Disposal Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crown Disposal Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

163.   Upon information and belief, Defendant Crown Disposal Inc. is the successor to Liquid Waste Management and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Liquid Waste Management.  According to historical BKK Corp. records, Liquid Waste Management contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Liquid Waste Management generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crown Disposal Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

164.   According to historical BKK Corp. records, Defendant Crown Zellerbach Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Crown Zellerbach Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crown Zellerbach Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

165.   Upon information and belief, Defendant CSX Transportation is the successor to Sea Land Service Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sea Land Service Inc.  According to

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  historical BKK Corp. records, Sea Land Service Inc. contributed manifested waste

2  to the BKK Class I Facility. This manifested waste contained Hazardous

3  Substances that Sea Land Service Inc. generated and/or arranged for its disposal at

4  the BKK Class I Facility. To date, Defendant CSX Transportation has not incurred

5  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

6  by the Plaintiffs at the BKK Class I Facility.

7      166.   According to historical BKK Corp. records, Defendant Cummins

8  Service & Sales Inc. contributed manifested waste to the BKK Class I Facility.

9  This manifested waste contained Hazardous Substances that Defendant Cummins

10  Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I

11  Facility.  To date, Defendant Cummins Service & Sales Inc. has not incurred any

12  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

13  the Plaintiffs at the BKK Class I Facility.

14      167.   According to historical BKK Corp. records, Defendant Cyclo

15  Chemical Co. contributed manifested waste to the BKK Class I Facility. This

16  manifested waste contained Hazardous Substances that Defendant Cyclo Chemical

17  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

18  Defendant Cyclo Chemical Co. has not incurred any costs at the BKK Class I

19  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

20  Class I Facility.

21      168.   Upon information and belief, Defendant Cytec Industries Inc. is the

22  successor to Fiberite West Coast Corp. and/or otherwise liable for manifested waste

23  that was contributed to the BKK Class I Facility by Fiberite West Coast Corp.

24  According to historical BKK Corp. records, Fiberite West Coast Corp. contributed

25  manifested waste to the BKK Class I Facility. This manifested waste contained

26  Hazardous Substances that Fiberite West Coast Corp. generated and/or arranged for

27  its disposal at the BKK Class I Facility. To date, Defendant Cytec Industries Inc.

28  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

of costs incurred by the Plaintiffs at the BKK Class I Facility.

169.   According to historical BKK Corp. records, Defendant Daiwa Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Daiwa Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Daiwa Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

170.   According to historical BKK Corp. records, Defendant Darnell Corporate Ltd. Contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Darnell Corporate Ltd. Generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell Corporate Ltd. Has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

171.   According to historical BKK Corp. records, Defendant Data Products Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Data Products Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Data Products Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

172.   According to historical BKK Corp. records, Defendant Davis Investment Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Davis Investment Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Davis Investment Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

173.    According to historical BKK Corp. records, Defendant Decratrend Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Decratrend Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Decratrend Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

174.    Upon information and belief, Defendant Densco Products and Services Americas, Inc. is the successor to Nippondenso of Los Angeles and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Nippondenso of Los Angeles.  According to historical BKK Corp. records, Nippondenso of Los Angeles contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Nippondenso of Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Densco Products and Services Americas, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

175.    According to historical BKK Corp. records, Defendant Desoto Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Desoto Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

176.    Upon information and belief, Defendant Devon Energy Corp. is the successor to Pauley Petroleum Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pauley Petroleum Co.  According to historical BKK Corp. records, Pauley Petroleum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pauley Petroleum Co. generated and/or arranged for its disposal at

the BKK Class I Facility. To date, Defendant Devon Energy Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

177.   According to historical BKK Corp. records, Defendant Disposal Control contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Disposal Control generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Disposal Control has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

178.   According to historical BKK Corp. records, Defendant Don Kott Ford (previously identified as Don Knott Ford) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Don Kott Ford (previously identified as Don Knott Ford) generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Don Kott Ford (previously identified as Don Knott Ford) has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

179.   According to historical BKK Corp. records, Defendant Douglas Furniture of California contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Douglas Furniture of California generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Douglas Furniture of California has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

180.   Upon information and belief, Defendant Dowty Propellers Americas is the successor to Hydraulic Units Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Hydraulic Units Inc. According to historical BKK Corp. records, Hydraulic Units Inc. contributed

manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hydraulic Units Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Dowty Propellers Americas has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

181.    According to historical BKK Corp. records, Defendant Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Drackett Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

182.    According to historical BKK Corp. records, Defendant Dresser Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Dresser Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

183.    According to historical BKK Corp. records, Defendant Durex Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Durex Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

184.    Upon information and belief, Defendant E.T.C. Carpet Mills, Ltd. is the successor to California Carpet Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by California Carpet Co. According to historical BKK Corp. records, California Carpet Co. contributed

1    manifested waste to the BKK Class I Facility. This manifested waste contained

2    Hazardous Substances that California Carpet Co. generated and/or arranged for its

3    disposal at the BKK Class I Facility. To date, Defendant E.T.C. Carpet Mills, Ltd.

4    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

5    of costs incurred by the Plaintiffs at the BKK Class I Facility.

6            185.    Upon information and belief, Defendant East Coast Oceanview, LLC

7    is the successor to Wells Marine Inc. and/or otherwise liable for manifested waste

8    that was contributed to the BKK Class I Facility by Wells Marine Inc.  According

9    to historical BKK Corp. records, Wells Marine Inc. contributed manifested waste to

10   the BKK Class I Facility. This manifested waste contained Hazardous Substances

11   that Wells Marine Inc. generated and/or arranged for its disposal at the BKK Class I

12   Facility. To date, Defendant East Coast Oceanview, LLC has not incurred any costs

13   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

14   Plaintiffs at the BKK Class I Facility.

15           186.    According to historical BKK Corp. records, Defendant El Fab

16   contributed manifested waste to the BKK Class I Facility. This manifested waste

17   contained Hazardous Substances that Defendant El Fab generated and/or arranged

18   for its disposal at the BKK Class I Facility. To date, Defendant El Fab has not

19   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

20   incurred by the Plaintiffs at the BKK Class I Facility.

21           187.    According to historical BKK Corp. records, Defendant Electrofilm Inc.

22   contributed manifested waste to the BKK Class I Facility.  This manifested waste

23   contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or

24   arranged for its disposal at the BKK Class I Facility.  To date, Defendant

25   Electrofilm Inc. has not incurred any costs at the BKK Class I Facility nor has it

26   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27           188.    According to historical BKK Corp. records, Defendant Electronic

28   Materials Corp. contributed manifested waste to the BKK Class I Facility.  This

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

manifested waste contained Hazardous Substances that Defendant Electronic Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Electronic Materials Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

189.   According to historical BKK Corp. records, Defendant Electrotech Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electrotech Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electrotech Circuits Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

190.   Upon information and belief, Defendant Elevate Textiles is the successor to Wells Marine Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Wells Marine Inc.  According to historical BKK Corp. records, Wells Marine Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Wells Marine Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Elevate Textiles has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

191.   According to historical BKK Corp. records, Defendant EME Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant EME Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant EME Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

192.   Upon information and belief, Defendant Emerald Equities is the

1  successor to Merel Co. Inc. and/or otherwise liable for manifested waste that was

2  contributed to the BKK Class I Facility by Merel Co. Inc.  According to historical

3  BKK Corp. records, Merel Co. Inc. contributed manifested waste to the BKK Class

4  I Facility. This manifested waste contained Hazardous Substances that Merel Co.

5  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

6  Defendant Emerald Equities has not incurred any costs at the BKK Class I Facility

7  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

8  Facility.

9        193.  According to historical BKK Corp. records, Defendant Emerson

10  Electric Co. contributed manifested waste to the BKK Class I Facility. This

11  manifested waste contained Hazardous Substances that Defendant Emerson Electric

12  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13  Defendant Emerson Electric Co. has not incurred any costs at the BKK Class I

14  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

15  Class I Facility.

16        194.  Upon information and belief, Defendant Emerson Electric Co. is the

17  successor to Beckman Coulter Inc. and/or otherwise liable for manifested waste that

18  was contributed to the BKK Class I Facility by Beckman Coulter Inc.  According to

19  historical BKK Corp. records, Beckman Coulter Inc. contributed manifested waste

20  to the BKK Class I Facility. This manifested waste contained Hazardous

21  Substances that Beckman Coulter Inc. generated and/or arranged for its disposal at

22  the BKK Class I Facility. To date, Defendant Emerson Electric Co. has not incurred

23  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

24  by the Plaintiffs at the BKK Class I Facility.

25        195.  According to historical BKK Corp. records, Defendant Emery

26  Industries Inc. contributed manifested waste to the BKK Class I Facility. This

27  manifested waste contained Hazardous Substances that Defendant Emery Industries

28  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

1  Defendant Emery Industries Inc. has not incurred any costs at the BKK Class I
2  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
3  Class I Facility.

4      196.   Upon information and belief, Defendant Employbridge LLC is the
5  successor to Heist Maintenance Services Inc. and/or otherwise liable for manifested
6  waste that was contributed to the BKK Class I Facility by Heist Maintenance
7  Services Inc.  According to historical BKK Corp. records, Heist Maintenance
8  Services Inc. contributed manifested waste to the BKK Class I Facility. This
9  manifested waste contained Hazardous Substances that Heist Maintenance Services
10  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
11  Defendant Employbridge LLC has not incurred any response costs at the BKK
12  Class I Facility nor has it paid its fair share of response costs incurred by the
13  Plaintiffs at the BKK Class I Facility.

14      197.   Upon information and belief, Defendant Emrise Electronics Corp. is
15  the successor to Arnold Circuits, Inc. and/or Arnold Electronics Inc. and/or
16  otherwise liable for manifested waste that was contributed to the BKK Class I
17  Facility by Arnold Circuits, Inc. and/or Arnold Electronics Inc.  According to
18  historical BKK Corp. records, Arnold Circuits, Inc. and Arnold Electronics Inc.
19  contributed manifested waste to the BKK Class I Facility. This manifested waste
20  contained Hazardous Substances that Arnold Circuits, Inc. and Arnold Electronics
21  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
22  Defendant Emrise Electronics Corp. has not incurred any costs at the BKK Class I
23  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
24  Class I Facility.

25      198.   According to historical BKK Corp. records, Defendant Energy
26  Development Co. Inc. contributed manifested waste to the BKK Class I Facility.
27  This manifested waste contained Hazardous Substances that Defendant Energy
28  Development Co. Inc. generated and/or arranged for its disposal at the BKK Class I

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Facility. To date, Defendant Energy Development Co. Inc. has not incurred any

2    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

3    the Plaintiffs at the BKK Class I Facility.

4         199.   According to historical BKK Corp. records, Defendant Environmental

5    Control Systems Inc. contributed manifested waste to the BKK Class I Facility.

6    This manifested waste contained Hazardous Substances that Defendant

7    Environmental Control Systems Inc. generated and/or arranged for its disposal at

8    the BKK Class I Facility. To date, Defendant Environmental Control Systems Inc.

9    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

10   of costs incurred by the Plaintiffs at the BKK Class I Facility.

11        200.   Upon information and belief, Defendant Epec Oil Co. Liquidating

12   Trust is the successor to Tenneco Oil Co. and/or otherwise liable for manifested

13   waste that was contributed to the BKK Class I Facility by Tenneco Oil Co.

14   According to historical BKK Corp. records, Tenneco Oil Co. contributed

15   manifested waste to the BKK Class I Facility. This manifested waste contained

16   Hazardous Substances that Tenneco Oil Co. generated and/or arranged for its

17   disposal at the BKK Class I Facility. To date, Defendant Epec Oil Co. Liquidating

18   Trust has not incurred any costs at the BKK Class I Facility nor has it paid its fair

19   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20        201.   According to historical BKK Corp. records, Defendant Fairchild

21   Industries contributed manifested waste to the BKK Class I Facility. This

22   manifested waste contained Hazardous Substances that Defendant Fairchild

23   Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

24   date, Defendant Fairchild Industries has not incurred any costs at the BKK Class I

25   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

26   Class I Facility.

27        202.   According to historical BKK Corp. records, Defendant Federal

28   Express Corporation contributed manifested waste to the BKK Class I Facility.

This manifested waste contained Hazardous Substances that Defendant Federal Express Corporation generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal Express Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

203.   Upon information and belief, Defendant Federal Express Corporation is the successor to Flying Tigers Line and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Flying Tigers Line.  According to historical BKK Corp. records, Flying Tigers Line contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Flying Tigers Line generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Federal Express Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

204.   According to historical BKK Corp. records, Defendant Federal Reserve Bank contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal Reserve Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal Reserve Bank has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

205.   According to historical BKK Corp. records, Defendant Fiberite West Coast Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fiberite West Coast Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fiberite West Coast Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

206.   According to historical BKK Corp. records, Defendant Firestone Tire & Rubber Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Firestone Tire & Rubber Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Firestone Tire & Rubber Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

207.   According to historical BKK Corp. records, Defendant Fletcher Oil & Refining Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fletcher Oil & Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fletcher Oil & Refining Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

208.   According to historical BKK Corp. records, Defendant Flight Accessory Service contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Flight Accessory Service generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Flight Accessory Service has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

209.   Upon information and belief, Defendant Flowserve Corporation is the successor to Byron Jackson Pumps and/or Borg Warner and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Byron Jackson Pumps and/or Borg Warner.  According to historical BKK Corp. records, Byron Jackson Pumps and Borg Warner contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Byron Jackson Pumps and Borg Warner generated and/or arranged for its disposal at the

1    BKK Class I Facility. To date, Defendant Flowserve Corporation has not incurred

2    any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

3    by the Plaintiffs at the BKK Class I Facility.

4        210.   According to historical BKK Corp. records, Defendant Fotomat Labs

5    Inc. contributed manifested waste to the BKK Class I Facility. This manifested

6    waste contained Hazardous Substances that Defendant Fotomat Labs Inc. generated

7    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

8    Fotomat Labs Inc. has not incurred any costs at the BKK Class I Facility nor has it

9    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10       211.   According to historical BKK Corp. records, Defendant Flying Tigers

11   Line contributed manifested waste to the BKK Class I Facility. This manifested

12   waste contained Hazardous Substances that Defendant Flying Tigers Line generated

13   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

14   Flying Tigers Line has not incurred any costs at the BKK Class I Facility nor has it

15   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16       212.   According to historical BKK Corp. records, Defendant Franciscan

17   Ceramics Inc. contributed manifested waste to the BKK Class I Facility.  This

18   manifested waste contained Hazardous Substances that Defendant Franciscan

19   Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

20   Facility.  To date, Defendant Franciscan Ceramics Inc. has not incurred any costs at

21   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

22   Plaintiffs at the BKK Class I Facility.

23       213.   According to historical BKK Corp. records, Defendant Frazee

24   Industries contributed manifested waste to the BKK Class I Facility. This

25   manifested waste contained Hazardous Substances that Defendant Frazee Industries

26   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27   Defendant Frazee Industries has not incurred any costs at the BKK Class I Facility

28   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

Facility.

214.    Upon information and belief, Defendant Friction Inc. is the successor to Friction Materials Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Friction Materials Corp.  According to historical BKK Corp. records, Friction Materials Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Friction Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

215.    According to historical BKK Corp. records, Defendant Friction Materials Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Friction Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Friction Materials Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

216.    According to historical BKK Corp. records, Defendant FMC Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant FMC Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant FMC Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

217.    According to historical BKK Corp. records, Defendant Ford Aerospace and Communications Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ford Aerospace and Communications Corp. generated and/or arranged

for its disposal at the BKK Class I Facility.  To date, Defendant Ford Aerospace and Communications Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

218.   Upon information and belief, Defendant Fort James LLC is the successor to Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Lithograph.  According to historical BKK Corp. records, Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fort James LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

219.   According to historical BKK Corp. records, Defendant Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Foster-Forbes Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

220.   Upon information and belief, Defendant Frontier California, Inc. is the successor to General Telephone Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by General Telephone Co. According to historical BKK Corp. records, General Telephone Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that General Telephone Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Frontier California, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

of costs incurred by the Plaintiffs at the BKK Class I Facility.

221.   According to historical BKK Corp. records, Defendant Gates Admiral contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Gates Admiral generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Gates Admiral has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

222.   According to historical BKK Corp. records, Defendant GATX contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GATX generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant GATX has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

223.   Upon information and belief, Defendant GATX Corp. is the successor to GATX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by GATX.  According to historical BKK Corp. records, GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

224.   Upon information and belief, Defendant GATX Terminals Corp. is the successor to GATX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by GATX.  According to historical BKK Corp. records, GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX Terminals Corp. has not incurred any costs at the BKK Class I Facility nor

1    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2    Facility.

3        225.   According to historical BKK Corp. records, Defendant GE Betz, Inc.

4    fka Betz Laboratories, Inc. contributed manifested waste to the BKK Class I

5    Facility.  This manifested waste contained Hazardous Substances that Defendant

6    GE Betz, Inc. fka Betz Laboratories, Inc. generated and/or arranged for its disposal

7    at the BKK Class I Facility.  To date, Defendant GE Betz, Inc. fka Betz

8    Laboratories, Inc. has not incurred any costs at the BKK Class I Facility nor has it

9    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10        226.   According to historical BKK Corp. records, Defendant General

11    Battery Corp. contributed manifested waste to the BKK Class I Facility.  This

12    manifested waste contained Hazardous Substances that Defendant General Battery

13    Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

14    date, Defendant General Battery Corp. has not incurred any costs at the BKK Class

15    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

16    Class I Facility.

17        227.   Upon information and belief, Defendant General Mills, Inc. is the

18    successor to Pillsbury Co. and/or otherwise liable for manifested waste that was

19    contributed to the BKK Class I Facility by Pillsbury Co.  According to historical

20    BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I

21    Facility. This manifested waste contained Hazardous Substances that Pillsbury Co.

22    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

23    Defendant General Mills, Inc. has not incurred any costs at the BKK Class I

24    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

25    Class I Facility.

26        228.   Upon information and belief, Defendant General Mills, Inc. is the

27    successor to Yoplait USA and/or otherwise liable for manifested waste that was

28    contributed to the BKK Class I Facility by Yoplait USA.  According to historical

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

BKK Corp. records, Yoplait USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Yoplait USA generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant General Mills, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

229.   According to historical BKK Corp. records, Defendant General Telephone Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant General Telephone Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant General Telephone Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

230.   According to historical BKK Corp. records, Defendant Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

231.   Upon information and belief, Defendant Genstar Roofing Products Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Genstar Building Materials Co.  According to historical BKK Corp. records, Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
2  incurred by the Plaintiffs at the BKK Class I Facility.

3      232.   Upon information and belief, Defendant Georgia-Pacific LLC is the
4  successor to Crown Zellerbach Co. and/or otherwise liable for manifested waste
5  that was contributed to the BKK Class I Facility by Crown Zellerbach Co.
6  According to historical BKK Corp. records, Crown Zellerbach Co. contributed
7  manifested waste to the BKK Class I Facility. This manifested waste contained
8  Hazardous Substances that Crown Zellerbach Co. generated and/or arranged for its
9  disposal at the BKK Class I Facility. To date, Defendant Georgia-Pacific LLC has
10  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
11  costs incurred by the Plaintiffs at the BKK Class I Facility.

12      233.   Upon information and belief, Defendant Georgia-Pacific LLC is the
13  successor to Western Lithograph and/or otherwise liable for manifested waste that
14  was contributed to the BKK Class I Facility by Western Lithograph  According to
15  historical BKK Corp. records, Western Lithograph contributed manifested waste to
16  the BKK Class I Facility. This manifested waste contained Hazardous Substances
17  that Western Lithograph generated and/or arranged for its disposal at the BKK
18  Class I Facility. To date, Defendant Georgia-Pacific LLC has not incurred any costs
19  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
20  Plaintiffs at the BKK Class I Facility.

21      234.   Upon information and belief, Defendant Gerald California LLC is the
22  successor to PGP Industries Inc. and/or otherwise liable for manifested waste that
23  was contributed to the BKK Class I Facility by PGP Industries Inc.  According to
24  historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to
25  the BKK Class I Facility. This manifested waste contained Hazardous Substances
26  that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class
27  I Facility. To date, Gerald California LLC has not incurred any costs at the BKK
28  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

1    BKK Class I Facility.

2         235.   Upon information and belief, Defendant Gerald Metals, Inc. is the

3    successor to PGP Industries Inc. and/or otherwise liable for manifested waste that

4    was contributed to the BKK Class I Facility by PGP Industries Inc.  According to

5    historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to

6    the BKK Class I Facility. This manifested waste contained Hazardous Substances

7    that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class

8    I Facility. To date, Gerald Metals, Inc. has not incurred any costs at the BKK Class

9    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10   Class I Facility.

11        236.   According to historical BKK Corp. records, Defendant Glass

12   Containers Corp. contributed manifested waste to the BKK Class I Facility.  This

13   manifested waste contained Hazardous Substances that Defendant Glass Containers

14   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

15   date, Defendant Glass Containers Corp. has not incurred any costs at the BKK

16   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

17   BKK Class I Facility.

18        237.   According to historical BKK Corp. records, Defendant Glasteel

19   contributed manifested waste to the BKK Class I Facility.  This manifested waste

20   contained Hazardous Substances that Defendant Glasteel generated and/or arranged

21   for its disposal at the BKK Class I Facility.  To date, Defendant Glasteel has not

22   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

23   incurred by the Plaintiffs at the BKK Class I Facility.

24        238.   According to historical BKK Corp. records, Defendant Global Tube

25   Corporation contributed manifested waste to the BKK Class I Facility.  This

26   manifested waste contained Hazardous Substances that Defendant Global Tube

27   Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

28   To date, Defendant Global Tube Corporation has not incurred any costs at the BKK

1    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

2    BKK Class I Facility.

3         239.   According to historical BKK Corp. records, Defendant Gray Truck

4    Lines contributed manifested waste to the BKK Class I Facility.  This manifested

5    waste contained Hazardous Substances that Defendant Gray Truck Lines generated

6    and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

7    Gray Truck Lines has not incurred any costs at the BKK Class I Facility nor has it

8    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

9         240.   According to historical BKK Corp. records, Defendant Greer

10   Hydraulics Inc. contributed manifested waste to the BKK Class I Facility.  This

11   manifested waste contained Hazardous Substances that Defendant Greer Hydraulics

12   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

13   date, Defendant Greer Hydraulics Corp. has not incurred any response costs at the

14   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15   Plaintiffs at the BKK Class I Facility.

16        241.   Reserved.

17        242.   Upon information and belief, Defendant Grupo Mexico SAB de CV is

18   the successor to Cia Minera De Cananea SA and/or otherwise liable for manifested

19   waste that was contributed to the BKK Class I Facility by Cia Minera De Cananea

20   SA.  According to historical BKK Corp. records, Cia Minera De Cananea SA

21   contributed manifested waste to the BKK Class I Facility. This manifested waste

22   contained Hazardous Substances that Cia Minera De Cananea SA generated and/or

23   arranged for its disposal at the BKK Class I Facility. To date, Defendant Grupo

24   Mexico SAB de CV has not incurred any costs at the BKK Class I Facility nor has

25   it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26        243.   According to historical BKK Corp. records, Defendant Guaranteed

27   Products Inc. contributed manifested waste to the BKK Class I Facility.  This

28   manifested waste contained Hazardous Substances that Defendant Guaranteed

1    Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

2    To date, Defendant Guaranteed Products Inc. has not incurred any costs at the BKK

3    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

4    BKK Class I Facility.

5         244.   Upon information and belief, Defendant GWB (US), Inc. is the

6    successor to Networks Electronic and/or otherwise liable for manifested waste that

7    was contributed to the BKK Class I Facility by Networks Electronic.  According to

8    historical BKK Corp. records, Networks Electronic contributed manifested waste to

9    the BKK Class I Facility. This manifested waste contained Hazardous Substances

10   that Networks Electronic generated and/or arranged for its disposal at the BKK

11   Class I Facility. To date, Defendant GWB (US), Inc. has not incurred any costs at

12   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

13   Plaintiffs at the BKK Class I Facility.

14        245.   According to historical BKK Corp. records, Defendant Hallmark

15   Circuits Inc. contributed manifested waste to the BKK Class I Facility.  This

16   manifested waste contained Hazardous Substances that Defendant Hallmark

17   Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

18   To date, Defendant Hallmark Circuits Inc. has not incurred any costs at the BKK

19   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

20   BKK Class I Facility.

21        246.   According to historical BKK Corp. records, Defendant Halstead

22   Enterprises contributed manifested waste to the BKK Class I Facility. This

23   manifested waste contained Hazardous Substances that Defendant Halstead

24   Enterprises generated and/or arranged for its disposal at the BKK Class I Facility.

25   To date, Defendant Halstead Enterprises has not incurred any costs at the BKK

26   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

27   BKK Class I Facility.

28        247.   Upon information and belief, Defendant Handy & Harman is the

1    successor to American Chemical & Refining and/or otherwise liable for manifested

2    waste that was contributed to the BKK Class I Facility by American Chemical &

3    Refining.  According to historical BKK Corp. records, American Chemical &

4    Refining contributed manifested waste to the BKK Class I Facility. This manifested

5    waste contained Hazardous Substances that American Chemical & Refining

6    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

7    Defendant Handy & Harman has not incurred any costs at the BKK Class I Facility

8    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

9    Facility.

10        248.   Upon information and belief, Defendant Harsco Corporation is the

11    successor to Structural Composite Industries and/or otherwise liable for manifested

12    waste that was contributed to the BKK Class I Facility by Structural Composite

13    Industries.  According to historical BKK Corp. records, Structural Composite

14    Industries contributed manifested waste to the BKK Class I Facility. This

15    manifested waste contained Hazardous Substances that Structural Composite

16    Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

17    date, Defendant Harsco Corporation has not incurred any costs at the BKK Class I

18    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

19    Class I Facility.

20        249.   Upon information and belief, Defendant Hawker Pacific Aerospace is

21    the successor to Flight Accessory Service and/or otherwise liable for manifested

22    waste that was contributed to the BKK Class I Facility by Flight Accessory Service.

23    According to historical BKK Corp. records, Flight Accessor Service contributed

24    manifested waste to the BKK Class I Facility. This manifested waste contained

25    Hazardous Substances that Flight Accessory Service generated and/or arranged for

26    its disposal at the BKK Class I Facility. To date, Defendant Hawker Pacific

27    Aerospace has not incurred any costs at the BKK Class I Facility nor has it paid its

28    fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

250.   Upon information and belief, Defendant Heinz Foods is the successor to CHB Foods and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by CHB Foods.  According to historical BKK Corp. records, CHB Foods contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that CHB Foods generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Heinz Foods has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

251.   According to historical BKK Corp. records, Defendant Heist Maintenance Services Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Heist Maintenance Services Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Heist Maintenance Services Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

252.   According to historical BKK Corp. records, Defendant Henry Soss & Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Henry Soss & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Henry Soss & Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

253.   Upon information and belief, Defendant Hess Corporation is the successor to American Pacific International Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Pacific International Inc.  According to historical BKK Corp. records, American Pacific International Inc. contributed manifested waste to the BKK Class I Facility.

1   This manifested waste contained Hazardous Substances that American Pacific
2   International Inc. generated and/or arranged for its disposal at the BKK Class I
3   Facility. To date, Defendant Hess Corporation has not incurred any costs at the
4   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
5   at the BKK Class I Facility.

6       254.   According to historical BKK Corp. records, Defendant Hill Brothers
7   Chemical Co. contributed manifested waste to the BKK Class I Facility.  This
8   manifested waste contained Hazardous Substances that Defendant Hill Brothers
9   Chemical Co. generated and/or arranged for its disposal at the BKK Class I
10  Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any costs
11  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
12  Plaintiffs at the BKK Class I Facility.

13      255.   According to historical BKK Corp. records, Defendant Hillcrest
14  Beverly Oil Corp. contributed manifested waste to the BKK Class I Facility.  This
15  manifested waste contained Hazardous Substances that Defendant Hillcrest Beverly
16  Oil Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To
17  date, Defendant Hillcrest Beverly Oil Corp. has not incurred any costs at the BKK
18  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
19  BKK Class I Facility.

20      256.   According to historical BKK Corp. records, Defendant Hi-Shear Corp.
21  contributed manifested waste to the BKK Class I Facility.  This manifested waste
22  contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or
23  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hi-Shear
24  Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
25  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26      257.   According to historical BKK Corp. records, Defendant Hoffman
27  Electronics contributed manifested waste to the BKK Class I Facility. This
28  manifested waste contained Hazardous Substances that Defendant Hoffman

Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoffman Electronics has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

258.    According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

259.    Upon information and belief, Defendant Howmet Aerospace Inc. is the successor to Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. According to historical BKK Corp. records, Kaynar Manufacturing Co., TRE Corp. and Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaynar Manufacturing Co., TRE Corp. and Weslock generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Howmet Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

260.    Upon information and belief, Defendant Hoya Corporation USA is the successor to Electronic Materials Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electronic Materials Corp.  According to historical BKK Corp. records, Electronic Materials Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electronic Materials Corp. generated and/or

1  arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoya

2  Corporation USA has not incurred any costs at the BKK Class I Facility nor has it

3  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      261.   According to historical BKK Corp. records, Defendant HR Textron

5  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

6  waste contained Hazardous Substances that Defendant HR Textron Inc. generated

7  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HR

8  Textron Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

9  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10      262.   Upon information and belief, Defendant HTW Industries Inc. is the

11  successor to Durex Inc. and/or otherwise liable for manifested waste that was

12  contributed to the BKK Class I Facility by Durex Inc.  According to historical BKK

13  Corp. records, Durex Inc. contributed manifested waste to the BKK Class I Facility.

14  This manifested waste contained Hazardous Substances that Durex Inc. generated

15  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16  HTW Industries Inc. has not incurred any costs at the BKK Class I Facility nor has

17  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18      263.   According to historical BKK Corp. records, Defendant Humco

19  Products contributed manifested waste to the BKK Class I Facility. This manifested

20  waste contained Hazardous Substances that Defendant Humco Products generated

21  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

22  Humco Products has not incurred any costs at the BKK Class I Facility nor has it

23  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24      264.   Upon information and belief, Defendant Hutchinson Aerospace &

25  Industry, Inc. is the successor to Barry Wright Controls and/or otherwise liable for

26  manifested waste that was contributed to the BKK Class I Facility by Barry Wright

27  Controls.  According to historical BKK Corp. records, Barry Wright Controls

28  contributed manifested waste to the BKK Class I Facility. This manifested waste

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

contained Hazardous Substances that Barry Wright Controls generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hutchinson Aerospace & Industry, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

265.   According to historical BKK Corp. records, Defendant Hydraulic Units Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hydraulic Units Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hydraulic Units Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

266.   According to historical BKK Corp. records, Defendant ICN Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant ICN Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ICN Pharmaceuticals has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

267.   Upon information and belief, Defendant ICX Industries, Inc. is the successor to JCX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by JCX.  According to historical BKK Corp. records, JCX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that JCX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ICX Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

268.   Upon information and belief, Defendant ICX National, Inc. is the

1    successor to JCX and/or otherwise liable for manifested waste that was contributed

2    to the BKK Class I Facility by JCX.  According to historical BKK Corp. records,

3    JCX contributed manifested waste to the BKK Class I Facility. This manifested

4    waste contained Hazardous Substances that JCX generated and/or arranged for its

5    disposal at the BKK Class I Facility. To date, Defendant ICX National, Inc. has not

6    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

7    incurred by the Plaintiffs at the BKK Class I Facility.

8          269.   According to historical BKK Corp. records, Defendant Imco Services

9    contributed manifested waste to the BKK Class I Facility. This manifested waste

10   contained Hazardous Substances that Defendant Imco Services generated and/or

11   arranged for its disposal at the BKK Class I Facility. To date, Defendant Imco

12   Services has not incurred any costs at the BKK Class I Facility nor has it paid its

13   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14         270.   Upon information and belief, Defendant IMI Critical Engineering LLC

15   is the successor to Control Components Inc. and/or otherwise liable for manifested

16   waste that was contributed to the BKK Class I Facility by Control Components Inc.

17   According to historical BKK Corp. records, Control Components Inc. contributed

18   manifested waste to the BKK Class I Facility. This manifested waste contained

19   Hazardous Substances that Control Components Inc. generated and/or arranged for

20   its disposal at the BKK Class I Facility. To date, Defendant IMI Critical

21   Engineering LLC. has not incurred any costs at the BKK Class I Facility nor has it

22   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23         271.   According to historical BKK Corp. records, Defendant Industrial

24   Circuits contributed manifested waste to the BKK Class I Facility. This manifested

25   waste contained Hazardous Substances that Defendant Industrial Circuits generated

26   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27   Industrial Circuits has not incurred any costs at the BKK Class I Facility nor has it

28   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

272.   According to historical BKK Corp. records, Defendant Industrial Insulations Incorporated contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Insulations Incorporated generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Insulations Incorporated has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

273.   According to historical BKK Corp. records, Defendant Industrial Tectonics Bearings contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Tectonics Bearings generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Tectonics Bearings has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

274.   According to historical BKK Corp. records, Defendant Inland Container Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Inland Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Inland Container Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

275.   Upon information and belief, Defendant Inland Paperboard and Packaging, Inc. is the successor to Inland Container Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Inland Container Corp.  According to historical BKK Corp. records, Inland Container Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Inland Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

1    Inland Paperboard and Packaging, Inc. has not incurred any costs at the BKK Class
2    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
3    Class I Facility.

4        276.    According to historical BKK Corp. records, Defendant International
5    Polymer Corp. contributed manifested waste to the BKK Class I Facility.  This
6    manifested waste contained Hazardous Substances that Defendant International
7    Polymer Corp. generated and/or arranged for its disposal at the BKK Class I
8    Facility.  To date, Defendant International Polymer Corp. has not incurred any
9    response costs at the BKK Class I Facility nor has it paid its fair share of response
10   costs incurred by the Plaintiffs at the BKK Class I Facility.

11       277.    According to historical BKK Corp. records, Defendant I.T. Corp.
12   contributed manifested waste to the BKK Class I Facility. This manifested waste
13   contained Hazardous Substances that Defendant I.T. Corp. generated and/or
14   arranged for its disposal at the BKK Class I Facility. To date, Defendant I.T. Corp.
15   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
16   of costs incurred by the Plaintiffs at the BKK Class I Facility.

17       278.    According to historical BKK Corp. records, Defendant ITT LLC
18   and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I
19   Facility.  This manifested waste contained Hazardous Substances that Defendant
20   ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its
21   disposal at the BKK Class I Facility.  To date, Defendant ITT LLC has not incurred
22   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred
23   by the Plaintiffs at the BKK Class I Facility.

24       279.    According to historical BKK Corp. records, Defendant J.C. Inc.
25   contributed manifested waste to the BKK Class I Facility. This manifested waste
26   contained Hazardous Substances that Defendant J.C. Inc. generated and/or arranged
27   for its disposal at the BKK Class I Facility. To date, Defendant J.C. Inc. has not
28   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    incurred by the Plaintiffs at the BKK Class I Facility.

2          280.   Upon information and belief, Defendant JCI Environmental Services is

3    the successor to J.C. Inc. and/or otherwise liable for manifested waste that was

4    contributed to the BKK Class I Facility by J.C. Inc.  According to historical BKK

5    Corp. records, J.C. Inc. contributed manifested waste to the BKK Class I Facility.

6    This manifested waste contained Hazardous Substances that J.C. Inc. generated

7    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant JCI

8    Environmental Services has not incurred any costs at the BKK Class I Facility nor

9    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

10   Facility.

11         281.   According to historical BKK Corp. records, Defendant JCX

12   contributed manifested waste to the BKK Class I Facility. This manifested waste

13   contained Hazardous Substances that Defendant JCX generated and/or arranged for

14   its disposal at the BKK Class I Facility. To date, Defendant JCX has not incurred

15   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

16   by the Plaintiffs at the BKK Class I Facility.

17         282.   Upon information and belief, Defendant Jeld-Wen, Inc. is the

18   successor to Windowmaster Products and/or otherwise liable for manifested waste

19   that was contributed to the BKK Class I Facility by Windowmaster Products.

20   According to historical BKK Corp. records, Windowmaster Products contributed

21   manifested waste to the BKK Class I Facility. This manifested waste contained

22   Hazardous Substances that Windowmaster Products generated and/or arranged for

23   its disposal at the BKK Class I Facility. To date, Defendant Jeld-Wen, Inc. has not

24   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

25   incurred by the Plaintiffs at the BKK Class I Facility.

26         283.   According to historical BKK Corp. records, Defendant Jersey Maid

27   Milk Products Inc. contributed manifested waste to the BKK Class I Facility.  This

28   manifested waste contained Hazardous Substances that Defendant Jersey Maid

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Milk Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Jersey Maid Milk Products Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

284. According to historical BKK Corp. records, Defendant Johnson Controls Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Johnson Controls Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Johnson Controls Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

285. According to historical BKK Corp. records, Defendant Johnston Pump Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Johnston Pump Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Johnston Pump Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

286. According to historical BKK Corp. records, Defendant Jonathan Manufacturing Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Jonathan Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Jonathan Manufacturing Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

287. According to historical BKK Corp. records, Defendant Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant

Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Joslyn Manufacturing & Supply Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

288. According to historical BKK Corp. records, Defendant Kaiser Foundation Health Plan, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaiser Foundation Health Plan, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaiser Foundation Health Plan, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

289. According to historical BKK Corp. records, Defendant Kaiser Rollmet Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaiser Rollmet Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

290. According to historical BKK Corp. records, Defendant Kaynar Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaynar Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaynar Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

291. Upon information and belief, Defendant Kerr-McGee Chemical Worldwide LLC is the successor to Sun Exploration and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sun

Exploration. According to historical BKK Corp. records, Sun Exploration contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sun Exploration generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kerr-McGee Chemical Worldwide LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

292.  According to historical BKK Corp. records, Defendant Keuffel & Esser Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Keuffel & Esser Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

293.  According to historical BKK Corp. records, Defendant Kinder Morgan Energy Partners, L.P. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kinder Morgan Energy Partners, L.P. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Kinder Morgan Energy Partners, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

294.  Upon information and belief, Defendant Kinder Morgan Energy Partners, L.P. is the successor to Cal Nev Pipeline Co., GATX, GATX Terminals Corp., Southern Pacific Pipe Lines, Inc. and/or Tenneco Oil Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Nev Pipeline Co., GATX, GATX Terminals Corp. Southern Pacific Pipe Lines, Inc. and/or Tenneco Oil Co  According to historical BKK Corp. records, Cal Nev Pipeline Co., GATX, GATX Terminals Corp., Southern Pacific Pipe Lines, Inc. and

1    Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility. This

2    manifested waste contained Hazardous Substances that Cal Nev Pipeline Co.,

3    GATX, GATX Terminals Corp., Southern Pacific Pipe Lines, Inc. and Tenneco Oil

4    Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

5    Defendant Kinder Morgan Energy Partners, L.P. has not incurred any costs at the

6    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

7    at the BKK Class I Facility.

8         295.   According to historical BKK Corp. records, Defendant Knudsen Corp.

9    contributed manifested waste to the BKK Class I Facility. This manifested waste

10   contained Hazardous Substances that Defendant Knudsen Corp. generated and/or

11   arranged for its disposal at the BKK Class I Facility. To date, Defendant Knudsen

12   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

13   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14        296.   Upon information and belief, Defendant Konica Photo Service U.S.A.,

15   Inc. is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested

16   waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc.

17   According to historical BKK Corp. records, Fotomat Labs Inc. contributed

18   manifested waste to the BKK Class I Facility. This manifested waste contained

19   Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its

20   disposal at the BKK Class I Facility. To date, Defendant Konica Photo Service

21   U.S.A., Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its

22   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23        297.   Upon information and belief, Defendant Korbel Capital LLC is the

24   successor to Davis Investment Co. and/or otherwise liable for manifested waste that

25   was contributed to the BKK Class I Facility by Davis Investment Co.  According to

26   historical BKK Corp. records, Davis Investment Co. contributed manifested waste

27   to the BKK Class I Facility. This manifested waste contained Hazardous

28   Substances that Davis Investment Co. generated and/or arranged for its disposal at

the BKK Class I Facility. To date, Defendant Korbel Capital LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

298.   According to historical BKK Corp. records, Defendant Krazy Glue Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Krazy Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Krazy Glue Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

299.   Upon information and belief, Defendant L'Oreal USA, Inc. is the successor to Redken Laboratories Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Redken Laboratories Inc. According to historical BKK Corp. records, Redken Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Redken Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant L'Oreal USA, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

300.   Upon information and belief, Defendant Lanxess Corporation is the successor to Purex Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Purex Corp.  According to historical BKK Corp. records, Purex Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Purex Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lanxess Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

301.   According to historical BKK Corp. records, Defendant Liquid Waste

1   Management contributed manifested waste to the BKK Class I Facility. This

2   manifested waste contained Hazardous Substances that Defendant Liquid Waste

3   Management generated and/or arranged for its disposal at the BKK Class I Facility.

4   To date, Defendant Liquid Waste Management has not incurred any costs at the

5   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

6   at the BKK Class I Facility.

7           302.   Upon information and belief, Defendant Lisi Aerospace North

8   America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise

9   liable for manifested waste that was contributed to the BKK Class I Facility by

10  Mercury Aerospace Fasteners.  According to historical BKK Corp. records,

11  Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I

12  Facility. This manifested waste contained Hazardous Substances that Mercury

13  Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

14  Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred

15  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

16  by the Plaintiffs at the BKK Class I Facility.

17          303.   According to historical BKK Corp. records, Defendant Long Beach

18  Fabricators Inc. contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Defendant Long Beach

20  Fabricators Inc. generated and/or arranged for its disposal at the BKK Class I

21  Facility. To date, Defendant Long Beach Fabricators Inc. has not incurred any costs

22  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

23  Plaintiffs at the BKK Class I Facility.

24          304.   According to historical BKK Corp. records, Defendant Lonza Inc.

25  contributed manifested waste to the BKK Class I Facility. This manifested waste

26  contained Hazardous Substances that Defendant Lonza Inc. generated and/or

27  arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc.

28  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

1    of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        305.   Upon information and belief, Defendant Lonza Inc. is the successor to

3    Cyclo Chemical Co., Balenco Enterprises and/or Pacific Anchor Chemical Corp.

4    and/or otherwise liable for manifested waste that was contributed to the BKK Class

5    I Facility by Cyclo Chemical Co., Balenco Enterprises and/or Pacific Anchor

6    Chemical Corp.  According to historical BKK Corp. records, Cyclo Chemical Co.,

7    Balenco Enterprises and Pacific Anchor Chemical Corp. contributed manifested

8    waste to the BKK Class I Facility. This manifested waste contained Hazardous

9    Substances that Cyclo Chemical Co., Balenco Enterprises and Pacific Anchor

10   Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

11   Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class

12   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13   Class I Facility.

14       306.   Upon information and belief, Defendant Loral Space &

15   Communications Inc. is the successor to Ford Aerospace and Communications

16   Corp. and/or otherwise liable for manifested waste that was contributed to the BKK

17   Class I Facility by Ford Aerospace and Communications Corp.  According to

18   historical BKK Corp. records, Ford Aerospace and Communications Corp.

19   contributed manifested waste to the BKK Class I Facility. This manifested waste

20   contained Hazardous Substances that Ford Aerospace and Communications Corp.

21   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

22   Defendant Loral Space & Communications Inc. has not incurred any costs at the

23   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

24   at the BKK Class I Facility.

25       307.   According to historical BKK Corp. records, Defendant Los Angeles

26   Gauge Co. contributed manifested waste to the BKK Class I Facility. This

27   manifested waste contained Hazardous Substances that Defendant Los Angeles

28   Gauge Co. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant Los Angeles Gauge Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

308.    According to historical BKK Corp. records, Defendant Los Angeles Plating Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Los Angeles Plating Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Los Angeles Plating Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

309.    According to historical BKK Corp. records, Defendant Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lucky Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

310.    According to historical BKK Corp. records, Defendant Lumidor Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lumidor Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lumidor Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

311.    Upon information and belief, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco is the successor to Imco Services and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Imco Services. According to historical BKK Corp. records, Imco Services contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous

1    Substances that Imco Services generated and/or arranged for its disposal at the

2    BKK Class I Facility. To date, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco has

3    not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

4    costs incurred by the Plaintiffs at the BKK Class I Facility.

5         312.   According to historical BKK Corp. records, Defendant Macdermid

6    Printing Solutions contributed manifested waste to the BKK Class I Facility. This

7    manifested waste contained Hazardous Substances that Defendant Macdermid

8    Printing Solutions generated and/or arranged for its disposal at the BKK Class I

9    Facility. To date, Defendant Macdermid Printing Solutions has not incurred any

10   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

11   the Plaintiffs at the BKK Class I Facility.

12        313.  According to historical BKK Corp. records, Defendant Mack Trucks

13   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

14   waste contained Hazardous Substances that Defendant Mack Trucks Inc. generated

15   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16   Mack Trucks Inc. has not incurred any costs at the BKK Class I Facility nor has it

17   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18        314.   Upon information and belief, Defendant Maersk Line, Limited (MLL)

19   is the successor to Sea Land Service Inc. and/or otherwise liable for manifested

20   waste that was contributed to the BKK Class I Facility by Sea Land Service Inc.

21   According to historical BKK Corp. records, Sea Land Service Inc. contributed

22   manifested waste to the BKK Class I Facility. This manifested waste contained

23   Hazardous Substances that Sea Land Service Inc. generated and/or arranged for its

24   disposal at the BKK Class I Facility. To date, Defendant Maersk Line, Limited

25   (MLL) has not incurred any costs at the BKK Class I Facility nor has it paid its fair

26   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27        315.   According to historical BKK Corp. records, Defendant Marco

28   Chemical Co. contributed manifested waste to the BKK Class I Facility. This

manifested waste contained Hazardous Substances that Defendant Marco Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Marco Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

316.   According to historical BKK Corp. records, Defendant Marten Management Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Marten Management Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Marten Management Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

317.   According to historical BKK Corp. records, Defendant Maxwell Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Maxwell Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Maxwell Laboratories Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

318.   Upon information and belief, Defendant Mazda Motor of America, Inc. is the successor to Mazda North America and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mazda North America.  According to historical BKK Corp. records, Mazda North America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mazda North America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda Motor of America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

1    Facility.

2        319.   According to historical BKK Corp. records, Defendant Mazda North

3    America contributed manifested waste to the BKK Class I Facility.  This

4    manifested waste contained Hazardous Substances that Defendant Mazda North

5    America generated and/or arranged for its disposal at the BKK Class I Facility.  To

6    date, Defendant Mazda North America has not incurred any costs at the BKK Class

7    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8    Class I Facility.

9        320.   According to historical BKK Corp. records, Defendant MCA

10   Laboratories contributed manifested waste to the BKK Class I Facility. This

11   manifested waste contained Hazardous Substances that Defendant MCA

12   Laboratories generated and/or arranged for its disposal at the BKK Class I Facility.

13   To date, Defendant MCA Laboratories has not incurred any costs at the BKK Class

14   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

15   Class I Facility.

16       321.   According to historical BKK Corp. records, Defendant McKay

17   Chemical Co. contributed manifested waste to the BKK Class I Facility. This

18   manifested waste contained Hazardous Substances that Defendant McKay

19   Chemical Co. generated and/or arranged for its disposal at the BKK Class I

20   Facility. To date, Defendant McKay Chemical Co. has not incurred any costs at the

21   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

22   at the BKK Class I Facility.

23       322.   Upon information and belief, Defendant Mead Johnson & Company is

24   the successor to Drackett Co. and/or otherwise liable for manifested waste that was

25   contributed to the BKK Class I Facility by Drackett Co.  According to historical

26   BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I

27   Facility. This manifested waste contained Hazardous Substances that Drackett Co.

28   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Defendant Mead Johnson & Company has not incurred any costs at the BKK Class
2  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
3  Class I Facility.

4      323.  Upon information and belief, Defendant Mercury Aerospace Inc. is the
5  successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested
6  waste that was contributed to the BKK Class I Facility by Mercury Aerospace
7  Fasteners.  According to historical BKK Corp. records, Mercury Aerospace
8  Fasteners contributed manifested waste to the BKK Class I Facility. This
9  manifested waste contained Hazardous Substances that Mercury Aerospace
10  Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To
11  date, Defendant Mercury Aerospace Inc. has not incurred any costs at the BKK
12  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
13  BKK Class I Facility.

14      324.  According to historical BKK Corp. records, Defendant Mercury
15  Aerospace Fasteners contributed manifested waste to the BKK Class I Facility.
16  This manifested waste contained Hazardous Substances that Defendant Mercury
17  Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I
18  Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any
19  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
20  the Plaintiffs at the BKK Class I Facility.

21      325.  According to historical BKK Corp. records, Defendant Merel Co. Inc.
22  contributed manifested waste to the BKK Class I Facility.  This manifested waste
23  contained Hazardous Substances that Defendant Merel Co. Inc. generated and/or
24  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Merel Co.
25  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
26  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27      326.  According to historical BKK Corp. records, Defendant Metal Box Can
28  contributed manifested waste to the BKK Class I Facility.  This manifested waste

contained Hazardous Substances that Defendant Metal Box Can generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Metal Box Can has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

327.   According to historical BKK Corp. records, Defendant MGF Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant MGF Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MGF Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

328.   Upon information and belief, Defendant Mr. Gasket Company is the successor to Cragar Industries and/or Peat Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cragar Industries and/or Peat Manufacturing Co.  According to historical BKK Corp. records, Cragar Industries and/or Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cragar Industries and/or Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mr. Gasket Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

329.   Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company. According to historical BKK Corp. records, American Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company generated and/or arranged for

its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

330.    Upon information and belief, Defendant Narco Chemical is the successor to Narco Corporation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Narco Corporation.  According to historical BKK Corp. records, Narco Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Narco Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Narco Chemical has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

331.    According to historical BKK Corp. records, Defendant Narco Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Narco Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Narco Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

332.    According to historical BKK Corp. records, Defendant Narmco Materials Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Narmco Materials Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Narmco Materials Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

333.    Upon information and belief, Defendant National Oilwell Varco is the successor to AMF Tubescope Inc. and/or Varco International and/or otherwise

liable for manifested waste that was contributed to the BKK Class I Facility by AMF Tubescope Inc. and/or Varco International.  According to historical BKK Corp. records, AMF Tubescope Inc. and Varco International contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that AMF Tubescope Inc. and Varco International generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant National Oilwell Varco has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

334.    Upon information and belief, Defendant NavCom Defense Electronics, Inc. is the successor to Hoffman Electronics and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Hoffman Electronics. According to historical BKK Corp. records, Hoffman Electronics contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hoffman Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant NavCom Defense Electronics, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

335.    Upon information and belief, Defendant Newell Brands Inc. is the successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Krazy Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Newell Brands Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

336.    According to historical BKK Corp. records, Defendant New Fashion Cleaners contributed manifested waste to the BKK Class I Facility. This manifested

waste contained Hazardous Substances that Defendant New Fashion Cleaners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant New Fashion Cleaners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

337.   According to historical BKK Corp. records, Defendant Nippondenso of Los Angeles contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Nippondenso of Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Nippondenso of Los Angeles has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

338.   According to historical BKK Corp. records, Defendant North American Car Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Car Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Car Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

339.   According to historical BKK Corp. records, Defendant North American Environmental contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Environmental generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Environmental has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

340.   According to historical BKK Corp. records, Defendant Northrop Pacific contributed manifested waste to the BKK Class I Facility.  This manifested

waste contained Hazardous Substances that Defendant Northrop Pacific generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Northrop Pacific has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

341. Upon information and belief, Defendant Norwest Equity Partners is the successor to Douglas Furniture of California and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Douglas Furniture of California. According to historical BKK Corp. records, Douglas Furniture of California contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Douglas Furniture of California generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Norwest Equity Partners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

342. Upon information and belief, Defendant Novartis Corp. is the successor to Panel Air Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Panel Air Corp. According to historical BKK Corp. records, Panel Air Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Panel Air Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Novartis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

343. According to historical BKK Corp. records, Defendant Old Quaker Paint Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Old Quaker Paint Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Old Quaker Paint Co. has not incurred any costs at the BKK Class I

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
Class I Facility.

344.   According to historical BKK Corp. records, Defendant Orange County
Sanitation District contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Orange County
Sanitation District generated and/or arranged for its disposal at the BKK Class I
Facility. To date, Defendant Orange County Sanitation District has not incurred any
costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
the Plaintiffs at the BKK Class I Facility.

345.   Upon information and belief, Defendant Oryx Energy Company is the
successor to Sun Exploration and/or otherwise liable for manifested waste that was
contributed to the BKK Class I Facility by Sun Exploration. According to historical
BKK Corp. records, Sun Exploration contributed manifested waste to the BKK
Class I Facility. This manifested waste contained Hazardous Substances that Sun
Exploration generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Oryx Energy Company has not incurred any costs at the BKK
Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
BKK Class I Facility.

346.   According to historical BKK Corp. records, Defendant Pacific Anchor
Chemical Corp. contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Pacific Anchor
Chemical Corp. generated and/or arranged for its disposal at the BKK Class I
Facility. To date, Defendant Pacific Anchor Chemical Corp. has not incurred any
costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
the Plaintiffs at the BKK Class I Facility.

347.   According to historical BKK Corp. records, Defendant Pacific
Intermountain Express contributed manifested waste to the BKK Class I Facility.
This manifested waste contained Hazardous Substances that Defendant Pacific

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Intermountain Express generated and/or arranged for its disposal at the BKK Class
2  I Facility. To date, Defendant Pacific Intermountain Express has not incurred any
3  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
4  the Plaintiffs at the BKK Class I Facility.

5      348.   According to historical BKK Corp. records, Defendant Pacific
6  Southwest Airlines contributed manifested waste to the BKK Class I Facility. This
7  manifested waste contained Hazardous Substances that Defendant Pacific
8  Southwest Airlines generated and/or arranged for its disposal at the BKK Class I
9  Facility. To date, Defendant Pacific Southwest Airlines has not incurred any costs
10  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
11  Plaintiffs at the BKK Class I Facility.

12      349.   According to historical BKK Corp. records, Defendant Packaging
13  Corp. of America contributed manifested waste to the BKK Class I Facility. This
14  manifested waste contained Hazardous Substances that Defendant Packaging Corp.
15  of America generated and/or arranged for its disposal at the BKK Class I Facility.
16  To date, Defendant Packaging Corp. of America has not incurred any costs at the
17  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
18  at the BKK Class I Facility.

19      350.   According to historical BKK Corp. records, Defendant Pactiv LLC
20  and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the
21  BKK Class I Facility.  This manifested waste contained Hazardous Substances that
22  Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or
23  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv
24  LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair
25  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26      351.   According to historical BKK Corp. records, Defendant Paint &
27  Coatings Corp. contributed manifested waste to the BKK Class I Facility. This
28  manifested waste contained Hazardous Substances that Defendant Paint & Coatings

1   Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

2   date, Defendant Paint & Coatings Corp. has not incurred any costs at the BKK

3   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

4   BKK Class I Facility.

5       352.   According to historical BKK Corp. records, Defendant Panel Air Corp.

6   contributed manifested waste to the BKK Class I Facility.  This manifested waste

7   contained Hazardous Substances that Defendant Panel Air Corp. generated and/or

8   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Panel Air

9   Corp. has not incurred any response costs at the BKK Class I Facility nor has it

10  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

11  Facility.

12      353.   Upon information and belief, Defendant Parsons Corporation is the

13  successor to Ralph M. Parsons Co. and/or otherwise liable for manifested waste that

14  was contributed to the BKK Class I Facility by Ralph M. Parsons Co.  According to

15  historical BKK Corp. records, Ralph M. Parsons Co. contributed manifested waste

16  to the BKK Class I Facility. This manifested waste contained Hazardous

17  Substances that Ralph M. Parsons Co. generated and/or arranged for its disposal at

18  the BKK Class I Facility. To date, Defendant Parsons Corporation has not incurred

19  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

20  by the Plaintiffs at the BKK Class I Facility.

21      354.   According to historical BKK Corp. records, Defendant Pauley

22  Petroleum Co. contributed manifested waste to the BKK Class I Facility. This

23  manifested waste contained Hazardous Substances that Defendant Pauley

24  Petroleum Co. generated and/or arranged for its disposal at the BKK Class I

25  Facility. To date, Defendant Pauley Petroleum Co. has not incurred any costs at the

26  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

27  at the BKK Class I Facility.

28      355.   Upon information and belief, Defendant PCC Rollmet, Inc. is the

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

successor to Kaiser Rollmet Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaiser Rollmet Inc.  According to historical BKK Corp. records, Kaiser Rollmet Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PCC Rollmet, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

356.   According to historical BKK Corp. records, Defendant Peairs Engineers contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peairs Engineers generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peairs Engineers has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

357.   According to historical BKK Corp. records, Defendant Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peat Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

358.   Upon information and belief, Defendant Penske Logistics Corp. is the successor to Balser Trucking and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Balser Trucking.  According to historical BKK Corp. records, Balser Trucking contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Balser Trucking generated and/or arranged for its disposal at the BKK Class I Facility. To

date, Defendant Penske Logistics Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

359.   Upon information and belief, Defendant Per-Olof Loof Family Foundation, Inc. is the successor to Wells Marine Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Wells Marine Inc.  According to historical BKK Corp. records, Wells Marine Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Wells Marine Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Per-Olof Loof Family Foundation, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

360.   Upon information and belief, Defendant Pervo International, Inc. is the successor to Pervo Paint Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pervo Paint Company.  According to historical BKK Corp. records, Pervo Paint Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pervo Paint Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pervo International, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

361.   According to historical BKK Corp. records, Defendant Pervo Paint Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pervo Paint Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pervo Paint Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

362.   According to historical BKK Corp. records, Defendant PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PGP Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

363.   According to historical BKK Corp. records, Defendant Pillsbury Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

364.   Upon information and belief, Defendant PRC–DeSoto International Inc. is the successor to International Polymer Corp. and/or Products Research & Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by International Polymer Corp. and/or Products Research & Chemical Corp.  According to historical BKK Corp. records, International Polymer Corp. and Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that International Polymer Corp. and Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PRC–DeSoto International Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

365.   According to historical BKK Corp. records, Defendant Pre Delivery Service contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pre Delivery Service

1  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

2  Defendant Pre Delivery Service has not incurred any response costs at the BKK

3  Class I Facility nor has it paid its fair share of response costs incurred by the

4  Plaintiffs at the BKK Class I Facility.

5      366.    Upon information and belief, Defendant Precision Castparts Corp. is

6  the successor to Reisner Metals and/or otherwise liable for manifested waste that

7  was contributed to the BKK Class I Facility by Reisner Metals.  According to

8  historical BKK Corp. records, Reisner Metals contributed manifested waste to the

9  BKK Class I Facility. This manifested waste contained Hazardous Substances that

10 Reisner Metals generated and/or arranged for its disposal at the BKK Class I

11 Facility. To date, Defendant Precision Castparts Corp. has not incurred any costs at

12 the BKK Class I Facility nor has it paid its fair share of costs incurred by the

13 Plaintiffs at the BKK Class I Facility.

14     367.    According to historical BKK Corp. records, Defendant Price Pfister

15 *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

16 manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

17 Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

18 date, Defendant Price Pfister *nka* Pfister has not incurred any costs at the BKK

19 Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

20 BKK Class I Facility.

21     368.    Upon information and belief, Defendant Printed Circuits, Inc. is the

22 successor to Electrotech Circuits Inc. and/or otherwise liable for manifested waste

23 that was contributed to the BKK Class I Facility by Electrotech Circuits Inc.

24 According to historical BKK Corp. records, Electrotech Circuits Inc. contributed

25 manifested waste to the BKK Class I Facility. This manifested waste contained

26 Hazardous Substances that Electrotech Circuits Inc. generated and/or arranged for

27 its disposal at the BKK Class I Facility. To date, Defendant Printed Circuits, Inc.

28 has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

1    of costs incurred by the Plaintiffs at the BKK Class I Facility.

2         369.   According to historical BKK Corp. records, Defendant Products

3    Research & Chemical Corp. contributed manifested waste to the BKK Class I

4    Facility. This manifested waste contained Hazardous Substances that Defendant

5    Products Research & Chemical Corp. generated and/or arranged for its disposal at

6    the BKK Class I Facility. To date, Defendant Products Research & Chemical Corp.

7    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

8    of costs incurred by the Plaintiffs at the BKK Class I Facility.

9         370.   According to historical BKK Corp. records, Defendant Proto Tool

10   contributed manifested waste to the BKK Class I Facility. This manifested waste

11   contained Hazardous Substances that Defendant Proto Tool generated and/or

12   arranged for its disposal at the BKK Class I Facility. To date, Defendant Proto Tool

13   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

14   of costs incurred by the Plaintiffs at the BKK Class I Facility.

15        371.   Upon information and belief, Defendant Pure Source LLC is the

16   successor to Cal Chem Cleaning Co. and/or otherwise liable for manifested waste

17   that was contributed to the BKK Class I Facility by Cal Chem Cleaning Co.

18   According to historical BKK Corp. records, Cal Chem Cleaning Co. contributed

19   manifested waste to the BKK Class I Facility. This manifested waste contained

20   Hazardous Substances that Cal Chem Cleaning Co. generated and/or arranged for

21   its disposal at the BKK Class I Facility. To date, Defendant Pure Source LLC has

22   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

23   costs incurred by the Plaintiffs at the BKK Class I Facility.

24        372.   According to historical BKK Corp. records, Defendant Purex Corp.

25   contributed manifested waste to the BKK Class I Facility. This manifested waste

26   contained Hazardous Substances that Defendant Purex Corp. generated and/or

27   arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex

28   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

1    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2         373.    Upon information and belief, Defendant Purex Industries, Inc. is the

3    successor to T.P. Industrial Inc. and/or otherwise liable for manifested waste that

4    was contributed to the BKK Class I Facility by T.P. Industrial Inc.  According to

5    historical BKK Corp. records, T.P. Industrial Inc. contributed manifested waste to

6    the BKK Class I Facility. This manifested waste contained Hazardous Substances

7    that T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class

8    I Facility. To date, Defendant Purex Industries, Inc. has not incurred any costs at

9    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

10   Plaintiffs at the BKK Class I Facility.

11        374.    According to historical BKK Corp. records, Defendant Ralph M.

12   Parsons Co. contributed manifested waste to the BKK Class I Facility. This

13   manifested waste contained Hazardous Substances that Defendant Ralph M.

14   Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility.

15   To date, Defendant Ralph M. Parsons Co. has not incurred any costs at the BKK

16   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

17   BKK Class I Facility.

18        375.    According to historical BKK Corp. records, Defendant Redken

19   Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This

20   manifested waste contained Hazardous Substances that Defendant Redken

21   Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I

22   Facility. To date, Defendant Redken Laboratories Inc. has not incurred any costs at

23   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

24   Plaintiffs at the BKK Class I Facility.

25        376.    According to historical BKK Corp. records, Defendant Register

26   Properties Inc. contributed manifested waste to the BKK Class I Facility. This

27   manifested waste contained Hazardous Substances that Defendant Register

28   Properties Inc. generated and/or arranged for its disposal at the BKK Class I

Facility. To date, Defendant Register Properties Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

377.   According to historical BKK Corp. records, Defendant Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Reisner Metals has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

378.   According to historical BKK Corp. records, Defendant Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Replacement Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Replacement Parts Manufacturing has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

379.   According to historical BKK Corp. records, Defendant Rexam Beverage Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Rexam Beverage Can Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Rexam Beverage Can Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

380.   According to historical BKK Corp. records, Defendant Ricoh Electronics, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ricoh Electronics, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ricoh Electronics, Inc. has not incurred any costs at

1 the BKK Class I Facility nor has it paid its fair share of costs incurred by the

2 Plaintiffs at the BKK Class I Facility.

3      381. Upon information and belief, Defendant Ricoh Printing Systems

4 America Inc. is the successor to Data Products Corp. and/or otherwise liable for

5 manifested waste that was contributed to the BKK Class I Facility by Data Products

6 Corp.  According to historical BKK Corp. records, Data Products Corp. contributed

7 manifested waste to the BKK Class I Facility. This manifested waste contained

8 Hazardous Substances that Data Products Corp. generated and/or arranged for its

9 disposal at the BKK Class I Facility. To date, Defendant Ricoh Printing Systems

10 America Inc. has not incurred any response costs at the BKK Class I Facility nor

11 has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

12 Class I Facility.

13      382. Upon information and belief, Defendant Rio Tinto Alcan Inc. is the

14 successor to American Can Company and/or U.S. Borax & Chemical Corp. and/or

15 otherwise liable for manifested waste that was contributed to the BKK Class I

16 Facility by American Can Company and/or U.S. Borax & Chemical Corp.

17 According to historical BKK Corp. records, American Can Company and U.S.

18 Borax & Chemical Corp. contributed manifested waste to the BKK Class I Facility.

19 This manifested waste contained Hazardous Substances that American Can

20 Company and U.S. Borax and Chemical Corp. generated and/or arranged for its

21 disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc. has

22 not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

23 costs incurred by the Plaintiffs at the BKK Class I Facility.

24      383. According to historical BKK Corp. records, Defendant Roberts

25 Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This

26 manifested waste contained Hazardous Substances that Defendant Roberts

27 Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I

28 Facility. To date, Defendant Roberts Manufacturing Co. has not incurred any costs

at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

384.   Upon information and belief, Defendant Roller Bearing Company of America, Inc. is the successor to Sargent Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sargent Industries.  According to historical BKK Corp. records, Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Roller Bearing Company of America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

385.   According to historical BKK Corp. records, Defendant Royal Aluminum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Royal Aluminum Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Royal Aluminum Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

386.   Upon information and belief, Defendant Ryder System, Inc. is the successor to Pacific Intermountain Express and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pacific Intermountain Express.  According to historical BKK Corp. records, Pacific Intermountain Express contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pacific Intermountain Express generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ryder System, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

1  Class I Facility.

2      387.   Upon information and belief, Defendant S.C. Johnson & Son, Inc. is

3  the successor to Drackett Co. and/or otherwise liable for manifested waste that was

4  contributed to the BKK Class I Facility by Drackett Co.  According to historical

5  BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I

6  Facility. This manifested waste contained Hazardous Substances that Drackett Co.

7  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8  Defendant S.C. Johnson & Son, Inc. has not incurred any costs at the BKK Class I

9  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10  Class I Facility.

11      388.   According to historical BKK Corp. records, Defendant San Diego Pipe

12  Line Co. contributed manifested waste to the BKK Class I Facility. This manifested

13  waste contained Hazardous Substances that Defendant San Diego Pipe Line Co.

14  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

15  Defendant San Diego Pipe Line Co. has not incurred any costs at the BKK Class I

16  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18      389.   According to historical BKK Corp. records, Defendant Safeway Stores

19  Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

20  waste contained Hazardous Substances that Defendant Safeway Stores Inc.

21  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

22  Defendant Safeway Stores Inc. has not incurred any costs at the BKK Class I

23  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

24  Class I Facility.

25      390.   According to historical BKK Corp. records, Defendant San Fernando

26  Laboratories contributed manifested waste to the BKK Class I Facility.  This

27  manifested waste contained Hazardous Substances that Defendant San Fernando

28  Laboratories generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant San Fernando Laboratories has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

391.   According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

392.   According to historical BKK Corp. records, Defendant Sargent Fletcher Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Fletcher Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Fletcher Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

393.   According to historical BKK Corp. records, Defendant Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

394.   Upon information and belief, Defendant Schlumberger, Ltd. is the successor to I.T. Corp., and/or Joy Petroleum Equipment and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by I.T. Corp. and/or Joy Petroleum Equipment.  According to historical BKK Corp. records, I.T.

Corp. and Joy Petroleum Equipment contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that I.T. Corp. and Joy Petroleum Equipment generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger, Ltd. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

395.   Upon information and belief, Defendant Schlumberger N.V. is the successor to Xtra Energy and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Xtra Energy.  According to historical BKK Corp. records, Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger N.V. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

396.   According to historical BKK Corp. records, Defendant Sea Land Service Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sea Land Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sea Land Service Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

397.   According to historical BKK Corp. records, Defendant Service Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Service Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Service Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

1  at the BKK Class I Facility.

2      398.  According to historical BKK Corp. records, Defendant Shuwa

3  Investments Corp. contributed manifested waste to the BKK Class I Facility.  This

4  manifested waste contained Hazardous Substances that Defendant Shuwa

5  Investments Corp. generated and/or arranged for its disposal at the BKK Class I

6  Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any costs at

7  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

8  Plaintiffs at the BKK Class I Facility.

9      399.  According to historical BKK Corp. records, Defendant Smith & Co.

10  contributed manifested waste to the BKK Class I Facility.  This manifested waste

11  contained Hazardous Substances that Defendant Smith & Co. generated and/or

12  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &

13  Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

14  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15      400.  Upon information and belief, Defendant Somacis Inc. is the successor

16  to Hallmark Circuits Inc. and/or otherwise liable for manifested waste that was

17  contributed to the BKK Class I Facility by Hallmark Circuits Inc.  According to

18  historical BKK Corp. records, Hallmark Circuits Inc. contributed manifested waste

19  to the BKK Class I Facility. This manifested waste contained Hazardous

20  Substances that Hallmark Circuits Inc. generated and/or arranged for its disposal at

21  the BKK Class I Facility. To date, Defendant Somacis Inc. has not incurred any

22  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

23  the Plaintiffs at the BKK Class I Facility.

24      401.  Upon information and belief, Defendant Sony Pictures Entertainment

25  Inc. is the successor to Columbia Pictures and/or otherwise liable for manifested

26  waste that was contributed to the BKK Class I Facility by Columbia Pictures.

27  According to historical BKK Corp. records, Columbia Pictures contributed

28  manifested waste to the BKK Class I Facility. This manifested waste contained

1   Hazardous Substances that Columbia Pictures generated and/or arranged for its

2   disposal at the BKK Class I Facility. To date, Defendant Sony Pictures

3   Entertainment Inc. has not incurred any costs at the BKK Class I Facility nor has it

4   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        402.   According to historical BKK Corp. records, Defendant South West

6   Forest Products contributed manifested waste to the BKK Class I Facility. This

7   manifested waste contained Hazardous Substances that Defendant South West

8   Forest Products generated and/or arranged for its disposal at the BKK Class I

9   Facility. To date, Defendant South West Forest Products has not incurred any costs

10   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

11   Plaintiffs at the BKK Class I Facility.

12        403.   According to historical BKK Corp. records, Defendant Southern

13   California Chemical (*aka* Southern California Chemicals) contributed manifested

14   waste to the BKK Class I Facility. This manifested waste contained Hazardous

15   Substances that Defendant Southern California Chemical generated and/or arranged

16   for its disposal at the BKK Class I Facility. To date, Defendant Southern California

17   Chemical has not incurred any costs at the BKK Class I Facility nor has it paid its

18   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19        404.   According to historical BKK Corp. records, Defendant Southern

20   Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility.

21   This manifested waste contained Hazardous Substances that Defendant Southern

22   Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class

23   I Facility. To date, Defendant Southern Pacific Pipe Lines, Inc. has not incurred any

24   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

25   the Plaintiffs at the BKK Class I Facility.

26        405.   According to historical BKK Corp. records, Defendant Southwest

27   Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This

28   manifested waste contained Hazardous Substances that Defendant Southwest Steel

1    Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility.

2    To date, Defendant Southwest Steel Rolling Mills has not incurred any costs at the

3    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

4    at the BKK Class I Facility.

5        406.   According to historical BKK Corp. records, Defendant Southwestern

6    Engineering contributed manifested waste to the BKK Class I Facility. This

7    manifested waste contained Hazardous Substances that Defendant Southwestern

8    Engineering generated and/or arranged for its disposal at the BKK Class I Facility.

9    To date, Defendant Southwestern Engineering has not incurred any costs at the

10   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

11   at the BKK Class I Facility.

12       407.   According to historical BKK Corp. records, Defendant Standard

13   Industrial Towel & Uniform contributed manifested waste to the BKK Class I

14   Facility. This manifested waste contained Hazardous Substances that Defendant

15   Standard Industrial Towel & Uniform generated and/or arranged for its disposal at

16   the BKK Class I Facility. To date, Defendant Standard Industrial Towel & Uniform

17   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

18   of costs incurred by the Plaintiffs at the BKK Class I Facility.

19       408.   Upon information and belief, Defendant Standard Motor Products, Inc.

20   is the successor to Cali-Blok and/or otherwise liable for manifested waste that was

21   contributed to the BKK Class I Facility by Cali-Blok.  According to historical BKK

22   Corp. records, Cali-Blok contributed manifested waste to the BKK Class I Facility.

23   This manifested waste contained Hazardous Substances that Cali-Blok generated

24   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

25   Standard Motor Products, Inc. has not incurred any costs at the BKK Class I

26   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

27   Class I Facility.

28       409.   Upon information and belief, Defendant Stanley Black & Decker, Inc.

1   is the successor to Emhart Industries, Inc., American Tool & Engineering Corp.,

2   Black & Decker, Price Pfister *nka* Pfister, Proto Tool and/or Stanley Home

3   Products and/or is otherwise liable for manifested waste that was contributed to the

4   BKK Class I Facility by Emhart Industries, Inc., American Tool & Engineering

5   Corp., Black & Decker, Price Pfister *nka* Pfister, Proto Tool and/or Stanley Home

6   Products.  According to historical BKK Corp. records, Emhart Industries, Inc.,

7   American Tool & Engineering Corp., Black & Decker, Price Pfister *nka* Pfister,

8   Proto Tool and Stanley Home Products contributed manifested waste to the BKK

9   Class I Facility. This manifested waste contained Hazardous Substances that

10  Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker,

11  Price Pfister *nka* Pfister, Proto Tool and Stanley Home Products each generated

12  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

13  Stanley Black & Decker, Inc. has not incurred any costs at the BKK Class I Facility

14  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

15  Facility.

16         410.   According to historical BKK Corp. records, Defendant Structural

17  Composite Industries contributed manifested waste to the BKK Class I Facility.

18  This manifested waste contained Hazardous Substances that Defendant Structural

19  Composite Industries generated and/or arranged for its disposal at the BKK Class I

20  Facility.  To date, Defendant Structural Composite Industries has not incurred any

21  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22  the Plaintiffs at the BKK Class I Facility.

23         411.   According to historical BKK Corp. records, Defendant Sun

24  Exploration contributed manifested waste to the BKK Class I Facility.  This

25  manifested waste contained Hazardous Substances that Defendant Sun Exploration

26  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

27  Defendant Sun Exploration has not incurred any costs at the BKK Class I Facility

28  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

1    Facility.

2        412.   Upon information and belief, Defendant Sun Capital Partners, Inc. is

3    the successor to Keuffel & Esser Co. and/or Royal Aluminum Co. and/or otherwise

4    liable for manifested waste that was contributed to the BKK Class I Facility by

5    Keuffel & Esser Co. and/or Royal Aluminum Co.  According to historical BKK

6    Corp. records, Keuffel & Esser Co. and Royal Aluminum Co. contributed

7    manifested waste to the BKK Class I Facility. This manifested waste contained

8    Hazardous Substances that Keuffel & Esser Co. and Royal Aluminum Co.

9    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

10   Defendant Sun Capital Partners, Inc. has not incurred any costs at the BKK Class I

11   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

12   Class I Facility.

13       413.   According to historical BKK Corp. records, Defendant Sweco, Inc.

14   contributed manifested waste to the BKK Class I Facility. This manifested waste

15   contained Hazardous Substances that Defendant Sweco, Inc. generated and/or

16   arranged for its disposal at the BKK Class I Facility. To date, Defendant Sweco,

17   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

18   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19       414.   Upon information and belief, Defendant Sweco, Inc. is the successor to

20   Southwestern Engineering and/or otherwise liable for manifested waste that was

21   contributed to the BKK Class I Facility by Southwestern Engineering.  According

22   to historical BKK Corp. records, Southwestern Engineering contributed manifested

23   waste to the BKK Class I Facility. This manifested waste contained Hazardous

24   Substances that Southwestern Engineering generated and/or arranged for its

25   disposal at the BKK Class I Facility. To date, Defendant Sweco, Inc. has not

26   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

27   incurred by the Plaintiffs at the BKK Class I Facility.

28       415.   According to historical BKK Corp. records, Defendant T.P. Industrial

1   Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

2   waste contained Hazardous Substances that Defendant T.P. Industrial Inc.

3   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

4   Defendant T.P. Industrial Inc. has not incurred any costs at the BKK Class I

5   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6   Class I Facility.

7        416.   According to historical BKK Corp. records, Defendant TDY

8   Industries, LLC and/or its predecessor TDY Industries, Inc. contributed manifested

9   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

10  Substances that Defendant TDY Industries, LLC and/or its predecessor TDY

11  Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

12  Facility.  To date, Defendant TDY Industries, LLC has not incurred any costs at the

13  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

14  at the BKK Class I Facility.

15       417.   Upon information and belief, Defendant Telair US LLC is the

16  successor to Brooks & Perkins Brownline Division and/or otherwise liable for

17  manifested waste that was contributed to the BKK Class I Facility by Brooks &

18  Perkins Brownline Division.  According to historical BKK Corp. records, Brooks &

19  Perkins Brownline Division contributed manifested waste to the BKK Class I

20  Facility. This manifested waste contained Hazardous Substances that Brooks &

21  Perkins Brownline Division generated and/or arranged for its disposal at the BKK

22  Class I Facility. To date, Defendant Telair US LLC has not incurred any costs at the

23  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

24  at the BKK Class I Facility.

25       418.   Upon information and belief, Defendant Tenneco Inc. is the successor

26  to Packaging Corp. of America and/or otherwise liable for manifested waste that

27  was contributed to the BKK Class I Facility by Packaging Corp. of America.

28  According to historical BKK Corp. records, Packaging Corp. of America

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Packaging Corp. of America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Tenneco Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

419.   According to historical BKK Corp. records, Defendant Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Tenneco Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Tenneco Oil Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

420.   Upon information and belief, Defendant Tesla, Inc. is the successor to Maxwell Laboratories Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Maxwell Laboratories Inc.  According to historical BKK Corp. records, Maxwell Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Maxwell Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Tesla, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

421.   Upon information and belief, Defendant The Save Mart Companies, LLC is the successor to Lucky Stores Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Lucky Stores Inc. According to historical BKK Corp. records, Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant The Save Mart Companies, LLC has not incurred any costs at the BKK Class I Facility nor has it

1    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        422.    According to historical BKK Corp. records, Defendant Thompson

3    Industries contributed manifested waste to the BKK Class I Facility.  This

4    manifested waste contained Hazardous Substances that Defendant Thompson

5    Industries generated and/or arranged for its disposal at the BKK Class I Facility.

6    To date, Defendant Thompson Industries has not incurred any costs at the BKK

7    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

8    BKK Class I Facility.

9        423.    According to historical BKK Corp. records, Defendant Thorpe

10   Insulation Co. contributed manifested waste to the BKK Class I Facility.  This

11   manifested waste contained Hazardous Substances that Defendant Thorpe

12   Insulation Co. generated and/or arranged for its disposal at the BKK Class I

13   Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any costs at the

14   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

15   at the BKK Class I Facility.

16       424.    According to historical BKK Corp. records, Defendant Times Mirror

17   Press contributed manifested waste to the BKK Class I Facility. This manifested

18   waste contained Hazardous Substances that Defendant Times Mirror Press

19   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

20   Defendant Times Mirror Press has not incurred any costs at the BKK Class I

21   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

22   Class I Facility.

23       425.    According to historical BKK Corp. records, Defendant Tooley & Co.

24   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

25   waste contained Hazardous Substances that Defendant Tooley & Co. Inc. generated

26   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27   Tooley & Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it

28   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

426.   Upon information and belief, Defendant Toppan Printing Company (America), Inc. is the successor to Industrial Circuits and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Circuits.  According to historical BKK Corp. records, Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Toppan Printing Company (America), Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

427.   According to historical BKK Corp. records, Defendant Toyota Motor Manufacturing USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Toyota Motor Manufacturing USA generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Toyota Motor Manufacturing USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

428.   According to historical BKK Corp. records, Defendant Trammel Crow Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trammel Crow Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trammel Crow Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

429.   Upon information and belief, Defendant Trammel Crow Company is the successor to Tooley & Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Tooley & Co. Inc. According to historical BKK Corp. records, Tooley & Co. Inc. contributed manifested waste to

the BKK Class I Facility. This manifested waste contained Hazardous Substances that Tooley & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trammel Crow Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

430.   According to historical BKK Corp. records, Defendant Transequip Pacific Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Transequip Pacific Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Transequip Pacific Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

431.   According to historical BKK Corp. records, Defendant TRE Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant TRE Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant TRE Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

432.   According to historical BKK Corp. records, Defendant Treatolite Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Treatolite Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Treatolite Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

433.   Upon information and belief, Defendant Tribune Publishing Company is the successor to Times Mirror Press and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Times Mirror Press.  According to historical BKK Corp. records, Times Mirror Press contributed manifested waste

1  to the BKK Class I Facility. This manifested waste contained Hazardous

2  Substances that Times Mirror Press generated and/or arranged for its disposal at the

3  BKK Class I Facility. To date, Defendant Tribune Publishing Company has not

4  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

5  incurred by the Plaintiffs at the BKK Class I Facility.

6      434.   Upon information and belief, Defendant TriMas Corporation is the

7  successor to Price Pfister *nka* Pfister and/or is otherwise liable for manifested waste

8  that was contributed to the BKK Class I Facility by Price Pfister *nka* Pfister.

9  According to historical BKK Corp. records, Price Pfister *nka* Pfister contributed

10 manifested waste to the BKK Class I Facility. This manifested waste contained

11 Hazardous Substances that Price Pfister *nka* Pfister generated and/or arranged for

12 its disposal at the BKK Class I Facility. To date, Defendant TriMas Corporation has

13 not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

14 costs incurred by the Plaintiffs at the BKK Class I Facility.

15     435.   Upon information and belief, Defendant Triumph Group Operations is

16 the successor to Los Angeles Gauge Co. and/or is otherwise liable for manifested

17 waste that was contributed to the BKK Class I Facility by Los Angeles Gauge Co.

18 According to historical BKK Corp. records, Los Angeles Gauge Co. contributed

19 manifested waste to the BKK Class I Facility. This manifested waste contained

20 Hazardous Substances that Los Angeles Gauge Co. generated and/or arranged for

21 its disposal at the BKK Class I Facility. To date, Defendant Triumph Group

22 Operations has not incurred any costs at the BKK Class I Facility nor has it paid its

23 fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24     436.   According to historical BKK Corp. records, Defendant Trizec

25 Properties contributed manifested waste to the BKK Class I Facility. This

26 manifested waste contained Hazardous Substances that Defendant Trizec Properties

27 generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28 Defendant Trizec Properties has not incurred any costs at the BKK Class I Facility

nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

437.    According to historical BKK Corp. records, Defendant Trojan Battery Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trojan Battery Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trojan Battery Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

438.    According to historical BKK Corp. records, Defendant Truck Transport contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Truck Transport generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Truck Transport has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

439.    Upon information and belief, Defendant TRZ Holdings LLC is the successor to Trizec Properties and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Trizec Properties.  According to historical BKK Corp. records, Trizec Properties contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Trizec Properties generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant TRZ Holdings LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

440.    Upon information and belief, Defendant Turkish Products, Inc. is the successor to Purex Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Purex Corp.  According to historical

1  BKK Corp. records, Purex Corp. contributed manifested waste to the BKK Class I

2  Facility. This manifested waste contained Hazardous Substances that Purex Corp.

3  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

4  Defendant Turkish Products, Inc. has not incurred any costs at the BKK Class I

5  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6  Class I Facility.

7      441.   According to historical BKK Corp. records, Defendant U.S. Borax &

8  Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

9  manifested waste contained Hazardous Substances that Defendant U.S. Borax &

10  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

11  Facility. To date, Defendant U.S. Borax & Chemical Corp. has not incurred any

12  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

13  the Plaintiffs at the BKK Class I Facility.

14      442.   According to historical BKK Corp. records, Defendant U.S. Brass

15  Division contributed manifested waste to the BKK Class I Facility. This manifested

16  waste contained Hazardous Substances that Defendant U.S. Brass Division

17  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

18  Defendant U.S. Brass Division has not incurred any costs at the BKK Class I

19  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

20  Class I Facility.

21      443.   According to historical BKK Corp. records, Defendant U.S. Filters

22  contributed manifested waste to the BKK Class I Facility.  This manifested waste

23  contained Hazardous Substances that Defendant U.S. Filters. generated and/or

24  arranged for its disposal at the BKK Class I Facility.  To date, Defendant U.S.

25  Filters has not incurred any costs at the BKK Class I Facility nor has it paid its fair

26  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27      444.   According to historical BKK Corp. records, Defendant U.S. Reduction

28  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

1    waste contained Hazardous Substances that Defendant U.S. Reduction Co.

2    generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

3    Defendant U.S. Reduction Co. has not incurred any costs at the BKK Class I

4    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

5    Class I Facility.

6        445.   According to historical BKK Corp. records, Defendant Ultramar Inc.

7    contributed manifested waste to the BKK Class I Facility. This manifested waste

8    contained Hazardous Substances that Defendant Ultramar Inc. generated and/or

9    arranged for its disposal at the BKK Class I Facility. To date, Defendant Ultramar

10   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

11   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12       446.   According to historical BKK Corp. records, Defendant United

13   Coatings Inc. contributed manifested waste to the BKK Class I Facility.  This

14   manifested waste contained Hazardous Substances that Defendant United Coatings

15   Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

16   Defendant United Coatings Inc. has not incurred any costs at the BKK Class I

17   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

18   Class I Facility.

19       447.   According to historical BKK Corp. records, Defendant Valco

20   contributed manifested waste to the BKK Class I Facility. This manifested waste

21   contained Hazardous Substances that Defendant Valco generated and/or arranged

22   for its disposal at the BKK Class I Facility. To date, Defendant Valco has not

23   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

24   incurred by the Plaintiffs at the BKK Class I Facility.

25       448.   According to historical BKK Corp. records, Defendant Valentec

26   International Corp. contributed manifested waste to the BKK Class I Facility.  This

27   manifested waste contained Hazardous Substances that Defendant Valentec

28   International Corp. generated and/or arranged for its disposal at the BKK Class I

1   Facility.  To date, Defendant Valentec International Corp. has not incurred any

2   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

3   the Plaintiffs at the BKK Class I Facility.

4        449.   Upon information and belief, Defendant Valero Energy Corporation is

5   the successor to Ultramar Inc. and/or otherwise liable for manifested waste that was

6   contributed to the BKK Class I Facility by Ultramar Inc.  According to historical

7   BKK Corp. records, Ultramar Inc. contributed manifested waste to the BKK Class I

8   Facility. This manifested waste contained Hazardous Substances that Ultramar Inc.

9   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

10   Defendant Valero Energy Corporation has not incurred any costs at the BKK Class

11   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

12   Class I Facility.

13        450.   According to historical BKK Corp. records, Defendant Van De Kamp

14   contributed manifested waste to the BKK Class I Facility.  This manifested waste

15   contained Hazardous Substances that Defendant Van De Kamp generated and/or

16   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Van De

17   Kamp has not incurred any costs at the BKK Class I Facility nor has it paid its fair

18   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19        451.   According to historical BKK Corp. records, Defendant Varco

20   International contributed manifested waste to the BKK Class I Facility. This

21   manifested waste contained Hazardous Substances that Defendant Varco

22   International generated and/or arranged for its disposal at the BKK Class I Facility.

23   To date, Defendant Varco International has not incurred any costs at the BKK Class

24   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

25   Class I Facility.

26        452.   Upon information and belief, Defendant Veolia Environmental

27   Services North America, LLC is the successor to Heist Maintenance Services Inc.

28   and/or otherwise liable for manifested waste that was contributed to the BKK Class

1    I Facility by Heist Maintenance Services Inc.  According to historical BKK Corp.

2    records, Heist Maintenance Services Inc. contributed manifested waste to the BKK

3    Class I Facility. This manifested waste contained Hazardous Substances that Heist

4    Maintenance Services Inc. generated and/or arranged for its disposal at the BKK

5    Class I Facility. To date, Defendant Veolia Environmental Services North America,

6    LLC has not incurred any response costs at the BKK Class I Facility nor has it paid

7    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

8        453.   Upon information and belief, Defendant Verizon New York Inc. is the

9    successor to Greer Hydraulics Inc. and/or otherwise liable for manifested waste that

10   was contributed to the BKK Class I Facility by Greer Hydraulics Inc.  According to

11   historical BKK Corp. records, Greer Hydraulics Inc. contributed manifested waste

12   to the BKK Class I Facility. This manifested waste contained Hazardous

13   Substances that Greer Hydraulics Inc. generated and/or arranged for its disposal at

14   the BKK Class I Facility. To date, Defendant Verizon New York Inc. has not

15   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

16   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

17       454.   Upon information and belief, Defendant Vest, Inc. is the successor to

18   Bernard Epps & Co. and/or otherwise liable for manifested waste that was

19   contributed to the BKK Class I Facility by Bernard Epps & Co.  According to

20   historical BKK Corp. records, Bernard Epps & Co. contributed manifested waste to

21   the BKK Class I Facility. This manifested waste contained Hazardous Substances

22   that Bernard Epps & Co. generated and/or arranged for its disposal at the BKK

23   Class I Facility. To date, Defendant Vest, Inc. has not incurred any costs at the

24   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

25   at the BKK Class I Facility.

26       455.   Upon information and belief, Defendant VF Corporation is the

27   successor to Standard Industrial Towel & Uniform and/or otherwise liable for

28   manifested waste that was contributed to the BKK Class I Facility by Standard

1   Industrial Towel & Uniform.  According to historical BKK Corp. records, Standard
2   Industrial Towel & Uniform contributed manifested waste to the BKK Class I
3   Facility. This manifested waste contained Hazardous Substances that Standard
4   Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK
5   Class I Facility. To date, Defendant VF Corporation has not incurred any costs at
6   the BKK Class I Facility nor has it paid its fair share of costs incurred by the
7   Plaintiffs at the BKK Class I Facility.

8       456.   According to historical BKK Corp. records, Defendant Vons
9   Companies Inc. contributed manifested waste to the BKK Class I Facility.  This
10  manifested waste contained Hazardous Substances that Defendant Vons Companies
11  Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
12  Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I
13  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
14  Class I Facility.

15      457.   According to historical BKK Corp. records, Defendant Vought
16  Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility.
17  This manifested waste contained Hazardous Substances that Defendant Vought
18  Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class
19  I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any
20  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
21  the Plaintiffs at the BKK Class I Facility.

22      458.   Upon information and belief, Defendant WM Healthcare Solutions,
23  Inc. is the successor to Gray Truck Lines and/or otherwise liable for manifested
24  waste that was contributed to the BKK Class I Facility by Gray Truck Lines.
25  According to historical BKK Corp. records, Gray Truck Lines contributed
26  manifested waste to the BKK Class I Facility. This manifested waste contained
27  Hazardous Substances that Gray Truck Lines generated and/or arranged for its
28  disposal at the BKK Class I Facility. To date, Defendant WM Healthcare Solutions,

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

459. According to historical BKK Corp. records, Defendant W. Smith Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant W. Smith Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant W. Smith Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

460. According to historical BKK Corp. records, Defendant W. Smith Co. Container Reconditioning contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant W. Smith Co. Container Reconditioning generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant W. Smith Co. Container Reconditioning has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

461. According to historical BKK Corp. records, Defendant Weber Aircraft contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Weber Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Weber Aircraft has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

462. Upon information and belief, Defendant Wells Fargo Rail Corporation is the successor to North American Car Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by North American Car Corp. According to historical BKK Corp. records, North American Car Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that North American Car Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Wells

1    Fargo Rail Corporation has not incurred any costs at the BKK Class I Facility nor

2    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

3    Facility.

4        463.    According to historical BKK Corp. records, Defendant Wells Marine

5    Inc. contributed manifested waste to the BKK Class I Facility. This manifested

6    waste contained Hazardous Substances that Defendant Wells Marine Inc. generated

7    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

8    Wells Marine Inc. has not incurred any costs at the BKK Class I Facility nor has it

9    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10       464.    According to historical BKK Corp. records, Defendant Weslock Corp.

11   contributed manifested waste to the BKK Class I Facility. This manifested waste

12   contained Hazardous Substances that Defendant Weslock Corp. generated and/or

13   arranged for its disposal at the BKK Class I Facility. To date, Defendant Weslock

14   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

15   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16       465.    According to historical BKK Corp. records, Defendant West Valley

17   Toyota contributed manifested waste to the BKK Class I Facility. This manifested

18   waste contained Hazardous Substances that Defendant West Valley Toyota

19   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

20   Defendant West Valley Toyota has not incurred any costs at the BKK Class I

21   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

22   Class I Facility.

23       466.    According to historical BKK Corp. records, Defendant Western Kraft

24   Corp. contributed manifested waste to the BKK Class I Facility. This manifested

25   waste contained Hazardous Substances that Defendant Western Kraft Corp.

26   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27   Defendant Western Kraft Corp. has not incurred any costs at the BKK Class I

28   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Class I Facility.

2  467.  According to historical BKK Corp. records, Defendant Western

3  Lithograph contributed manifested waste to the BKK Class I Facility. This

4  manifested waste contained Hazardous Substances that Defendant Western

5  Lithograph generated and/or arranged for its disposal at the BKK Class I Facility.

6  To date, Defendant Western Lithograph has not incurred any costs at the BKK

7  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

8  BKK Class I Facility.

9  468.  According to historical BKK Corp. records, Defendant Western

10  Synthetic Felt Co. contributed manifested waste to the BKK Class I Facility. This

11  manifested waste contained Hazardous Substances that Defendant Western

12  Synthetic Felt Co. generated and/or arranged for its disposal at the BKK Class I

13  Facility. To date, Defendant Western Synthetic Felt Co. has not incurred any costs

14  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16  469.  According to historical BKK Corp. records, Defendant Westminster

17  Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This

18  manifested waste contained Hazardous Substances that Defendant Westminster

19  Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

20  Facility. To date, Defendant Westminster Ceramics Inc. has not incurred any costs

21  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

22  Plaintiffs at the BKK Class I Facility.

23  470.  According to historical BKK Corp. records, Defendant Whittaker

24  Corp. contributed manifested waste to the BKK Class I Facility. This manifested

25  waste contained Hazardous Substances that Defendant Whittaker Corp. generated

26  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27  Whittaker Corp. has not incurred any costs at the BKK Class I Facility nor has it

28  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

471.    According to historical BKK Corp. records, Defendant Windowmaster Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Windowmaster Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Windowmaster Products has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

472.    Upon information and belief, Defendant Woodward HRT, Inc. is the successor to HR Textron Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by HR Textron Inc.  According to historical BKK Corp. records, HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that HR Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Woodward HRT, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

473.    According to historical BKK Corp. records, Defendant Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Xtra Energy has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

474.    According to historical BKK Corp. records, Defendant Yoplait USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Yoplait USA generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Yoplait USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

475.   According to historical BKK Corp. records, Defendant Zimmers Truck Stop contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Zimmers Truck Stop generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Zimmers Truck Stop has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

476.   Paragraphs 476 to 806 are reserved.

807.   Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions.  A number of other PRPs at the BKK Class I Facility have entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to resolve the liabilities of those PRPs without litigation.

808.   On information and belief, each Defendant, including any of its assignees, predecessors, successors in interest, or alter egos, is a "person" who either (a) by contract, agreement, or otherwise, arranged for disposal or treatment, or (b) arranged with a transporter for disposal or treatment, of Hazardous Substances at the BKK Class I Facility.

809.   On information and belief, between approximately 1969 and 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the BKK Class I Facility but have not incurred any costs, nor have they paid their fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

810.   At all times relevant to this action, the BKK Class I Facility was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was also owned by BKK Corp. from approximately 1973 through the present.

811.  Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous

Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

812.   The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

813.   By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004. As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No. I/SE-D 04/05-004 ("ISE Order"), 14.

814.   On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility. A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

815.   In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

816.   The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

817.   In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility. Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility. Prior to finalizing this settlement, the BKK Working Group and

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   each of its then-members incurred necessary response costs at the BKK Class I
2   Facility that are consistent with the NCP.

3        818.    The composition of the BKK Working Group has changed over time
4   and continues to change.  New members pay an interim allocated share of past and
5   ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has
6   incurred necessary response costs consistent with the NCP.

7        819.    On October 31, 2005, the State of California, through its agency
8   DTSC, filed a Complaint against certain members of the BKK Working Group in
9   case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site
10  Action").  In the Initial Site Action Complaint, the State of California sought
11  recovery of past response costs pursuant to Section 107 of CERCLA; declaratory
12  relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL.
13  HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working
14  Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was
15  filed concurrently with the lodging of a consent decree between certain members of
16  the BKK Working Group and DTSC that addressed conditions at the BKK Class I
17  Facility.

18       820.    On February 8, 2006, the State of California, through its agency
19  DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial
20  Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered
21  on March 9, 2006.

22       821.    Among other things, the First Consent Decree obligated certain
23  members of the BKK Working Group to perform environmental response actions at
24  the BKK Class I Facility, to reimburse DTSC for certain of its past response costs,
25  and to pay DTSC for its continuing oversight of the environmental response work
26  at the BKK Class I Facility.  The response actions have included investigation
27  activities.

28

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

822.    The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree]. The matters addressed in [the First Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]." First Consent Decree at ¶ 8.1.

823.    Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC. All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

824.    On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action"). Like the Initial Site Action Complaint, the Second Site Action Complaint sought recovery of past response costs, including investigation costs, pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

825.    At that same time, the State of California, through its agency DTSC, lodged a Second Consent Decree ("Second Consent Decree") with the Court, obligating the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC

1  for certain of its past response costs, including investigation costs, and to pay future

2  oversight costs to DTSC on an ongoing basis.  The Second Consent Decree,

3  attached hereto as **Exhibit D**, was entered on August 10, 2010.

4      826.    Among other things, the Second Consent Decree obligates certain

5  members of the BKK Working Group to perform environmental response actions,

6  including investigation activities, at the BKK Class I Facility, to reimburse DTSC

7  for certain of its response costs, including investigation costs, to pay DTSC for its

8  continuing oversight of the environmental response work at the BKK Class I

9  Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the

10  BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA

11  Statement of Work).  The EE/CA is to propose a non-time critical removal action

12  that contributes to the efficient performance of any long-term remedial action for

13  the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility

14  study and remedial actions will be conducted at the BKK Class I Facility at the

15  conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate

16  response actions to be performed at the BKK Class Facility based on the EE/CA.

17      827.    Among other things, the Second Consent Decree provides certain

18  members of the BKK Working Group with "protection from contribution actions or

19  claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for

20  matters addressed in the Second Consent Decree.  The matters addressed in the

21  Second Consent Decree are (a) the Work to be Performed by [the BKK Working

22  Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . .

23  ." Second Consent Decree at ¶ 8.1.

24      828.    From August 10, 2010 until the present, the BKK Working Group

25  performed and continues to perform environmental response work, including site

26  investigation, at the BKK Class I Facility under the Second Consent Decree.  All

27  work performed under the Second Consent Decree is deemed to be, and was,

28  necessary and performed in accordance with the NCP.

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

829.    On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site Action").  Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

830.    At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

831.    Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including site investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the RI/FS includes the Class I Landfill and Class I Landfill operation areas, including but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP;

1  liquid piping and other liquid collection and conveyance systems associated with

2  the Class I Landfill; the fueling station and truck wash; and wherever hazardous

3  substances from such areas have or may come to be located.  It is anticipated that

4  DTSC will select further appropriate response actions to be performed at and

5  around the BKK Class I Facility based on the RI/FS.

6      832.    Among other things, the Third Partial Consent Decree provides

7  certain members of the BKK Working Group with "protection from contribution

8  actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

9  9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters

10  addressed in the Third Partial Consent Decree are (a) the Work to be Performed by

11  [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c)

12  Future DTSC Oversight Costs . . ." Third Partial Consent Decree at ¶ 8.1.

13      833.    As reflected in the BKK document archive maintained by DTSC,

14  members of the BKK Working Group also entered into additional interim

15  settlement agreements with DTSC to reimburse the State for its past response costs

16  incurred consistent with the NCP at the BKK Class I Landfill.

17      834.    On July 29, 2016, the State of California, through its agency DTSC,

18  filed an amended third complaint, which joined as defendants five additional

19  members of the BKK Working Group.

20      835.    At that same time, the State of California, through its agency DTSC,

21  lodged a First Amended Third Partial Consent Decree ("Amended Third Partial

22  Consent Decree"), which added the five new defendants as additional Settling

23  Defendants.  The Amended Third Partial Consent Decree, attached hereto as

24  **Exhibit F**, was approved by the Court on October 18, 2016.

25      836.    Among other things, the Amended Third Partial Consent Decree, like

26  the Third Partial Consent Decree, obligates certain members of the BKK Working

27  Group to perform environmental response actions at the BKK Class I Facility, to

28  reimburse DTSC for certain of its response costs, to pay DTSC for its continuing

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility. Amended Third Partial Consent Decree at ¶ 4.1.3.

837.    From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree. All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

838.    The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees. Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

839.    Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility. Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility. This investigation for the purpose of identification of additional PRPs is ongoing.

840.    The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

841.    In 2020, DTSC estimated that necessary response actions to fully remediate the BKK Class I Facility would cost $869,286.436.

842.    Plaintiffs have incurred or are committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility.

843.    To date, Defendants have failed to participate in or contribute to any work or costs at the BKK Class I Facility.

## **FIRST CLAIM FOR RELIEF**

### **Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))**

844.    Paragraphs 1-843 are incorporated by reference.

845.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

846.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

847.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607: the Initial Site Action, the Second Site Action, and the Third Site Action.

848.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve liability of the member Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

849.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved liability of those Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

850.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

851.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

852.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

853.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

854.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result

1    of the release or any threatened release of Hazardous Substances at and from the

2    BKK Class I Facility.

3        855.   Plaintiffs previously notified the Attorney General of the United

4    States and the Administrator of the United States Environmental Protection Agency

5    pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

6    **SECOND CLAIM FOR RELIEF**

7    **Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))**

8        856.   Paragraphs 1-855 are incorporated by reference.

9        857.   Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent

10   part:

11         (a)   Notwithstanding any other provision or rule of law, and subject

12            only to the defenses set forth in subsection (b) of this section –

13              * * * *

14           (3)   any person who by contract, agreement, or otherwise

15              arranged for disposal or treatment, or arranged with a

16              transporter for transport for disposal or treatment of

17              hazardous substances owned or possessed by such person

18              . . . shall be liable for –

19              * * * *

20             (B)   any other necessary costs of response incurred by

21                any other person consistent with the national

22                contingency plan . . . .

23       858.   Plaintiffs are each a "person" within the meaning of CERCLA

24   § 101(21), 42 U.S.C. § 9601(21).

25       859.   Defendants are "persons" within the meaning of CERCLA § 101(21),

26   42 U.S.C. § 9601(21).

27       860.   The BKK Class I Facility is a "facility" within the meaning of

28   CERCLA § 101(9), 42 U.S.C. § 9601(9).

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

861.    Defendants arranged for disposal or treatment, or arranged with third-party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

862.    Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

863.    Separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees in resolution of Plaintiffs' CERCLA liability to the State of California, Plaintiffs also voluntarily have incurred certain additional response costs as result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

864.    Such costs include, but are not limited to, the costs of response for installation of certain new equipment at the site, costs of response for the replacement of certain aging equipment at the site necessary to facilitate further cleanup actions, and costs of further site investigations, all of which have been incurred and will continue to be incurred pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) and are consistent with the NCP.

865.    Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

866.    Paragraphs 1-865 are incorporated herein by reference.

867.    CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

868.    Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

869.    Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances. Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair

1    share of those costs incurred by Syngenta Crop Protection, LLC in partially

2    reimbursing Stauffer Management Company LLC for the response costs Stauffer

3    Management Company LLC paid to satisfy the response cost obligations incurred

4    by Bayer CropScience Inc. relating to the BKK Class I Facility.

5        870.    Response costs incurred by Plaintiffs that are individual members of

6    the BKK Working Group may have been paid by or reimbursed by a separate

7    entity.  Therefore, Plaintiffs presented a written claim to Defendants prior to the

8    initiation of this litigation for reimbursement of their fair share of Plaintiffs' past

9    and future response costs incurred at the BKK Class I facility, which Defendants

10   failed to satisfy.  Thus, making them a claimant within the meaning of Section

11   112(c).

12                    **FOURTH CLAIM FOR RELIEF**

13        **Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

14       871.    Paragraphs 1-870 are incorporated herein by reference.

15       872.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent

16   part:

17           In any action described in this subsection the court shall
             enter a declaratory judgment on liability for response costs
18           or damages that will be binding on any subsequent action
             or actions to recover further response costs or damages.
19

20       873.    Defendants are jointly and severally liable to Plaintiffs for the

21   reimbursement of necessary response costs, including site investigation expenses,

22   incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C.

23   § 9607(a).  Defendants are also severally liable to Plaintiffs under CERCLA §

24   113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. §

25   9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant

26   to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and

27   any future consent decrees, as a result of the release or threatened release of

28   Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42

2  U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

3  Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

4  that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

5  their necessary response costs incurred consistent with the NCP under CERCLA

6  § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

7  Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

8  Partial and Amended Third Partial Consent Decrees, and any future consent

9  decrees, to address the release or threatened release of Hazardous Substances at and

10  from the BKK Class I Facility.

**FIFTH CLAIM FOR RELIEF**

**Contribution, Hazardous Substance Account Act, California Health and Safety Code Sections 78000 et seq.**

14  874.   Paragraphs 1-873 are incorporated herein by reference.

15  875.   The Plaintiffs bring their claim for contribution against all Defendants

16  except the following: Orange County Sanitation District.

17  876.   The Carpenter-Presley-Tanner Hazardous Substance Account Act

18  ("HSAA"), California Health and Safety Code sections 78000 et seq., provides a

19  statutory right of contribution for those parties who clean up contaminated sites

20  from those parties who are responsible for the contamination.

21  877.   Section 79670(a) of the HSAA provides that "A person who has

22  incurred response or corrective action costs in accordance with this chapter,

23  Chapter 6.5 (commencing with Section 25100 [sic]) or [CERCLA] may seek

24  contribution or indemnity from any person who is liable pursuant to this chapter."

25  878.   A "liable person" is defined in section 78145(a)(1) of the HSAA as

26  "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section

27  9607(a))."

28

879.    Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

880.    Defendants are each a "person" within the meaning of sections 78085 and 78145(a)(1) of the Health and Safety Code.

881.    There have been releases or threatened releases from the BKK Class I Facility.

882.    As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

883.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 79670(c).

884.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 79670 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

885.    Paragraphs 1-884 are incorporated herein by reference.

886.    Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

887.    The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

888.    A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from

the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

889.    As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Equitable Contribution

890.    Paragraphs 1-889 are incorporated herein by reference.

891.    Plaintiffs have been required to pay environmental cleanup and other costs at the BKK Class I Facility, and a money judgment has been or will be rendered jointly against Plaintiffs and Defendants.

892.    Plaintiffs have discharged or will discharge the joint judgment and/or have paid or will pay more than Plaintiffs' equitable pro rata share of the joint judgment.

893.    As a result, Plaintiffs are entitled to contribution from Defendants for the excess paid over the Plaintiffs' equitable pro rata shares of the joint judgment.

## EIGHTH CLAIM FOR RELIEF

### Common Law Subrogation

894.    Paragraphs 1-893 are incorporated herein by reference.

895.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

896.    Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer

Management Company LLC incurred paying Bayer Crop Science, Inc.'s

obligations for response costs relating to the BKK Class I Facility.  Based on those

reimbursement payments, and to the extent of those payments, Syngenta Crop

Protection, LLC is subrogated to all state and federal causes of action Bayer

CropScience, Inc. and/or Stauffer Management Company LLC otherwise would

have against Defendants.

## NINTH CLAIM FOR RELIEF

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

897.    Paragraphs 1-896 are incorporated herein by reference.

898.    Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights
> or duties with respect to another, or in respect to property .
> . . may, in a case of actual controversy relating to the legal
> rights and duties of the respective parties, bring an original
> action or cross-complaint in the superior court . . . for a
> declaration of his or her rights and duties in the premises. .
> . . He or she may ask for a declaration of rights or duties
> either alone or with other relief; and the court may make a
> binding declaration of these rights or duties, whether or not
> further relief is claimed at the time.

899.    An actual controversy now exists between Plaintiffs and Defendants

regarding Defendants' liability for any and all costs and damages incurred and to be

incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs

contend that Defendants' liability in this regard is based on CERCLA § § 112, and

113, the Hazardous Substances Account Act, California Health and Safety Code §

78000 et seq., the common law theory of equitable indemnification, and the

common law theory of equitable subrogation (for the indemnitor plaintiffs).

900.    A declaratory judgment under California Code of Civil Procedure §

1060 for recovery of such costs and damages is appropriate and in the public

interest because: it will prevent the need for multiple lawsuits as the Plaintiffs

continue to incur future costs; it will provide a final resolution of the issues of

1   liability for those costs; and it will insure a prompt and effective response to

2   environmental conditions at the BKK Class I Facility.

3                          **JURY TRIAL DEMANDED**

4          901.   Plaintiffs demand trial by jury pursuant to Federal Rule of Civil

5   Procedure 38 on all causes and issues so triable under Section 16 of Article I of the

6   California Constitution, the Seventh Amendment to the Constitution, or as may be

7   guaranteed by statute.

8                          **PRAYER FOR RELIEF**

9          WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

10         1.     Recovery of all costs, cost of abatement, and damages incurred by

11  Plaintiffs, including response costs consistent with the NCP, as a result of any

12  release or threatened release of Hazardous Substances at and from the BKK Class I

13  Facility;

14         2.     Contribution of an equitable share of all costs, including response costs

15  incurred by Plaintiffs consistent with the NCP, as a result of any release or

16  threatened release of Hazardous Substances at and from the BKK Class I Facility;

17         3.     A declaration binding in any subsequent action or actions brought by

18  Plaintiffs, that Defendants are jointly and severally liable for all future costs

19  Plaintiffs incur as a result of the release or threatened release of Hazardous

20  Substances at and from the BKK Class I Facility, and are severally liable for an

21  equitable share of all future response costs Plaintiffs incur pursuant to the First,

22  Second, Third Partial and Amended Third Partial Consent Decrees, and any future

23  consent decrees, to address the release or threatened release of Hazardous

24  Substances at and from the BKK Class I Facility;

25         4.     Indemnification for and/or contribution to all costs, damages and

26  liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result

27  of the release or threatened release of Hazardous Substances at and from the BKK

28  Class I Facility;

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

5.     Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

6.     Attorney's fees and pre-judgment interest (as response costs); and

7.     Such other relief as the Court may deem just and appropriate.


Dated: April 29, 2024                                    HINSON GRAVELLE & ADAIR LLP


By  s/Douglas A. Gravelle
Douglas A. Gravelle,
Attorneys for Plaintiffs
BKK WORKING GROUP, an
unincorporated association, and
individual members identified
herein

NINTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)