**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
gravelle@hinsongravelle.com
K. Eric Adair (SBN 150650)
adair@hinsongravelle.com
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: 661-294-0116

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HEWLETT-PACKARD COMPANY; AMERICAN HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY; LOCKHEED | Case No. 2:18-cv-05836-MWF-PLA<br><br>**[FILED PURSUANT TO 8/19/24 MINUTE ORDER [DKT. 126]]**<br><br>**TENTH AMENDED COMPLAINT FOR:**<br><br>1. CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)]<br>2. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)]<br>3. CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)]<br>4. CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)]<br>5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 78000, ET SEQ.]<br>6. EQUITABLE INDEMNIFICATION<br>7. EQUITABLE CONTRIBUTION<br>8. COMMON LAW SUBROGATION<br>9. DECLARATORY RELIEF [CAL. CIV. PROC. CODE §1060] |

1  MARTIN CORPORATION;
2  MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS
3  INC.); MONTROSE CHEMICAL CORP. OF CALIFORNIA;
4  MORTELL COMPANY;
5  MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND
6  SHIPBUILDING COMPANY; NORTHROP GRUMMAN
7  SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO, INC.;
8  ROCKWELL AUTOMATION, INC.; ROHM & HAAS
9  COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC
10 COMPANY; SMITH
11 INTERNATIONAL, INC.; SOUTHERN CALIFORNIA
12 EDISON COMPANY; SOUTHERN CALIFORNIA GAS
13 COMPANY; STAUFFER MANAGEMENT COMPANY
14 LLC; THE PROCTER & GAMBLE MANUFACTURING
15 COMPANY; THUMS LONG BEACH COMPANY; UNION
16 CARBIDE CORPORATION; UNION PACIFIC RAILROAD
17 (FORMERLY KNOWN AS SOUTHERN PACIFIC
18 TRANSPORTATION COMPANY); UNITED STATES
19 STEEL CORPORATION; RTX CORPORATION; UNIVAR
20 SOLUTIONS USA LLC; AMERON INTERNATIONAL
21 CORPORATION; AND XEROX CORPORATION,
22
23
24                Plaintiffs,
25
26          vs.
27
28 ALBERTSONS COMPANIES, INC.; AAMCO TRANSMISSIONS; AAR CORP.; A.B. DICK CO.; ABBOTT POWER CORP.; ACE INDUSTRIES;

ACH FOOD COMPANIES, INC.;
ADVANCED COATINGS INC.;
AEROSOL SERVICES CO. INC.; AIR
INDUSTRIES CORP.; AIR LIQUIDE
AMERICA LP; AIRPORT CONSULT
GROUP LLC; ALCO CAD NICKEL
PLATING CORP.; ALCO PLATING
CORPORATION LIQUIDATING
TRUST; ALCO WELL SERVICE
INC.; ALKID CORPORATION;
ALPHA TECHNOLOGIES GROUP,
INC.; AMERICAN APPLIANCE
MANUFACTURING CORP.;
AMERICAN CAN COMPANY;
AMERICAN CHEMICAL &
REFINING; AMERICAN PACIFIC
INTERNATIONAL INC.;
AMERICAN PROMOTIONAL
EVENTS, INC. -WEST; AMERICAN
SCIENTIFIC PRODUCTS;
AMERICAN TOOL &
ENGINEERING CORP.;
AMERIPRIDE SERVICES, LLC;
AMF TUBESCOPE INC.; ANCHOR
POST PRODUCTS INC.; ANCO
METAL IMPROVEMENT CO.;
ANDREW CALIFORNIA CORP.;
ANGELICA TEXTILE SERVICES
INC.; ANODYNE INC.; APEX
INTERNATIONAL ALLOYS;
APOLLO MANUFACTURING CO.;
APPLIED MAGNETICS CORP.;
ARAKELIAN ENTERPRISES, INC.;
ARDAGH GROUP S.A.; ARGO
PETROLEUM CORP.;
ARROWHEAD MOUNTAIN SPRING
WATER COMPANY;  ARNOLD
CIRCUITS, INC.; ARNOLD
ELECTRONICS INC.; ARNOLD
ENGINEERING CO.; ATLAS
FABRICATORS; ATOMICA CORP.;
AXEL JOHNSON, INC.; AZON
CORPORATION; B. JADOW AND
SONS, INC.; B.P. JOHN FURNITURE
CO.; BAE SYSTEMS SAN DIEGO
SHIP REPAIR INC.; BALSER
TRUCKING; BAUSCH HEALTH

3

1  AMERICAS, INC.; BAXTER
2  INTERNATIONAL INC.; BEATRICE
   HUNT WESSON INC.; BEAZER
3  EAST, INC.; BECKMAN COULTER
   INC.; BECTON, DICKINSON AND
4  COMPANY; BERNARD EPPS & CO.;
   BETHLEHEM STEEL CORP.;
5  BEVERLY HILLS OIL COMPANY;
6  BFI XV REALTY FUND LTD.; BI
   TECHNOLOGIES CORPORATION;
7  BIG THREE INDUSTRIES INC.;
   BINGO TRUCK STOP; BIRTCHER
8  PACIFIC; BLUE SEAL LINEN
   SUPPLY;  BOSTIK, INC.; BPJ
9  INTERNATIONAL, INC.;
10 BRIDGESTONE AMERICAS, INC.;
   BROOKS & PERKINS BROWNLINE
11 DIVISION; BUNGE GLOBAL
   MARKETS, INC.; BYRON JACKSON
12 PUMPS; CADET UNIFORM &
13 LINEN SUPPLY CO.; CAL-AURUM
   INDUSTRIES; CAL-CHEM
14 CLEANING CO., INC.; CAL NEV
   PIPELINE CO.; CAL STYLE
15 FURNITURE MANUFACTURING
16 CO.; CALI-BLOK; CALBIOCHEM-
   BEHRING CORP.; CALIFORNIA
17 CARPET CO.; CALGON CARBON
   CORPORATION; CALPROTECH
18 INC.; CAPITAL PARADE USA, INC.;
19 CARGILL INC.; CASTLE & COOKE,
   INC.; CELANESE CORPORATION;
20 CERRO CORPORATION;
   CERTIFIED GROCERS OF CAL.;
21 CHB FOODS; CHEMWARE; CIA
   MINERA DE CANANEA SA;
22 CIRCUIT ONE DIV. OF LH
23 RESEARCH INC.; CLEVELAND
   WRECKING CO.; COAST PLATING,
24 INC.; COGNIS CORP.; COLUMBIA
   PICTURES; CONAGRA BRANDS,
25 INC.; CONTROL COMPONENTS
   INC.; COSCOL PETROLEUM
26 CORPORATION; CRAGAR
27 INDUSTRIES; CRAIN INDUSTRIES,
   INC.; CRAIN WESTERN, INC.; CRE
28 LIQUIDATION LLC; CRESCENT

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

TRANSPORTATION; CRITON CORPORATION; CROCKETT CONTAINER CORP.; CROWLEY INC.; CROWN CENTRAL LLC; CROWN CENTRAL PETROLEUM CORPORATION; CROWN DISPOSAL INC.; CROWN ZELLERBACH CO.; CS&M, INC.; CUMMINS SERVICE & SALES INC.; CYCLO CHEMICAL CO.; CYTEC INDUSTRIES INC.; DAIWA CORP.; DARNELL CORP..; DARNELL-ROSE; DATA DEVICE CORP.; DATA PRODUCTS CORP.; DAVIS INVESTMENT CO.; DECRATREND CORP.; DELAWARE OUTSOURCING SERVICES GROUP, INC.; DENSO PRODUCTS AND SERVICES AMERICAS, INC.; DESOTO INC.; DEVON ENERGY CORP.; DIAMOND INTERNATIONAL CORP.; DIAMOND PLASTICS; DISPOSAL CONTROL SERVICE, INC.; DIVERSIFIED COATING SYSTEMS, INC.; DON KOTT FORD; DOUGLAS FURNITURE OF CALIFORNIA; DRACKETT CO.; DRESSER INDUSTRIES, INC.; DUREX INC.; E.T.C. CARPET MILLS, LTD.; EAST COAST OCEANVIEW, LLC; ELFAB CORP.; ELECTROFILM INC.; ELECTRONIC MATERIALS CORP.; ELECTRONIC RECLAMATION SERVICE;  ELECTRO-ETCH CIRCUITS INC.; ELEVATE TEXTILES, INC.; EME CORP.; EMERALD EQUITIES; EMERY INDUSTRIES INC.; EMERY OLEOCHEMICALS LLC; EMPLOYBRIDGE LLC; EMRISE ELECTRONICS CORP.; ENERGY DEVELOPMENT CO. INC.; ENLIVEN MARKETING TECHNOLOGIES CORPORATION; ENVIRONMENTAL CONTROL SYSTEMS INC.; EPEC OIL CO.

LIQUIDATING TRUST;EVERGREEN PACIFIC PARTNERS; FAIRCHILD HOLDING CORP.; FAIRCHILD INDUSTRIES; FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.; FEDERAL EXPRESS CORPORATION; FEDERAL RESERVE BANK; FIBERITE WEST COAST CORP.; FIRESTONE TIRE & RUBBER CO.; FLETCHER OIL & REFINING CO.; FLIGHT ACCESORY SERVICE; FLOWSERVE CORPORATION; FOTOMAT LABS INC.; FLYING TIGERS LINE; FORCO LIQUIDATION TRUST; FRANCISCAN CERAMICS INC.; FRAZEE INDUSTRIES; FREEPORT-MCMORAN INC.; FRICTION INC.; FRICTION MATERIALS CORP.; FMC CORPORATION; FORD AEROSPACE AND COMMUNICATIONS CORP.; FORT JAMES LLC; FOSTER-FORBES GLASS CO.; FRONTIER CALIFORNIA, INC.; G.W.A. INC.; GATES ADMIRAL; GATX; GATX CORP.; GATX TERMINALS CORP.; GE BETZ, INC.; GENERAL BATTERY CORP.; GENERAL MILLS, INC.; GENERAL TELEPHONE CO.; GENSTAR BUILDING MATERIALS CO.; GENSTAR ROOFING PRODUCTS COMPANY, INC.; GEORGIA-PACIFIC LLC; GERALD CALIFORNIA LLC; GERALD METALS, INC.; GLASS CONTAINERS CORP.; GLOBAL TUBE CORPORATION; GOLD PACK MEAT CO.; GRAY TRUCK LINES; GREER HYDRAULICS INC.; GRUPO MEXICO SAB DE CV; GUARANTEED PRODUCTS INC.; HALLMARK CIRCUITS INC.; HALSTEAD ENTERPRISES; HANDY & HARMAN; HARSCO

6

CORPORATION; HAWKER-PACIFIC AEROSPACE; HEINZ FOODS; HEIDELBERG MATERIALS US, INC.; HEIST MAINTENANCE SERVICES INC.; HENRY COMPANY LLC; HENRY SOSS & CO. INC.; HERCO TECHNOLOGY CORP.; HERU INDUSTRIES, INC.; HESS CORPORATION; HEXCEL CORPORATION; HILL BROTHERS CHEMICAL CO.; HILLCREST BEVERLY OIL CORP.; HI-SHEAR CORP.; HOFFMAN ELECTRONICS; HOLLYTEX CARPET MILLS, INC.; HOWMET AEROSPACE INC.; HOYA CORPORATION USA; HR TEXTRON INC.; HTW INDUSTRIES INC.; HUMKO PRODUCTS; HUNTINGTON/PACIFIC CERAMICS, INC.; HUSQVARNA CONSTRUCTION PRODUCTS NORTH AMERICA, INC.; HUTCHINSON AEROSPACE & INDUSTRY, INC.; ICN PHARMACEUTICALS; ICX INDUSTRIES, INC.; ICX NATIONAL, INC.; IMCO SERVICES; IMI CRITICAL ENGINEERING LLC; INDUSTRIAL CIRCUITS; INDUSTRIAL INSULATIONS INCORPORATED; INDUSTRIAL TECTONICS BEARINGS CORPORATION; INLAND CONTAINER CORP.; INLAND PAPERBOARD AND PACKAGING, INC.; INTERNATIONAL POLYMER CORP.; I.T. CORP.; ITT LLC; J.C. INC.; JCI ENVIRONMENTAL SERVICES; JCX; JELD-WEN, INC.; JERSEY MAID MILK PRODUCTS INC.; JOHNSON CONTROLS INC.; JOHNSTON PUMP CO.; JONATHAN MANUFACTURING CORP.; JOSLYN MANUFACTURING & SUPPLY CO.; JOSLYN MANUFACTURING COMPANY, LLC; KAISER ROLLMET INC.;

KAYNAR MANUFACTURING CO.; KELLY SERVICES, INC.; KERR-MCGEE CHEMICAL WORLWIDE LLC; KEUFFEL & ESSER CO.; KINDER MORGAN ENERGY PARTNERS, L.P.; KNUDSEN CORP.; KOCH ASPHALT CO. OIL; KONICA PHOTO SERVICE U.S.A., INC.; KORBEL CAPITAL LLC; KRAFT HEINZ FOODS COMPANY; KRAZY GLUE INC.; LANXESS CORPORATION; LIQUID WASTE MANAGEMENT; LISI AEROSPACE NORTH AMERICA, INC.; LOCKHART INDUSTRIES; LONG BEACH FABRICATORS INC.; LONZA INC.; LOS ANGLES GAUGE CO.; LOS ANGLES PLATING CO.; LUCKY STORES INC.; LUMIDOR MANUFACTURING CO.; M-I L.L.C. AKA AND/OR DBA M-I SWACO; MACDERMID PRINTING SOLUTIONS; MACK TRUCKS INC.; MAERSK LINE, LIMITED (MLL); MANHATTAN BEACH HOLDING CORP.; MARCO CHEMICAL CO.; MARTEN MANAGEMENT CO.; MASCO CORPORATION;MAZDA MOTOR OF AMERICA, INC.; MAZDA NORTH AMERICA; MCA LABORATORIES; MCCULLOCH CORP.; MCKAY CHEMICAL CO.; MEAD JOHNSON & COMPANY; MERCHANTS METALS LLC; MERCURY AEROSPACE INC.; MERCURY AEROSPACE FASTENERS; MEREL CO. INC.; METAL BOX CAN; MGF INDUSTRIES; MISSION SYSTEMS DAVENPORT INC.; MONOGRAM/PEACOCK MANUFACTURING; MR. GASKET COMPANY; MRC HOLDINGS, INC.; NARCO CHEMICAL; NARCO CORPORATION; NARMCO MATERIALS INC.; NAVCOM DEFENSE ELECTRONICS, INC.;

NEC LIQUIDATION CORP.; NEW BRISTOL FARMS, INC.; NEWELL BRANDS INC.; NEW FASHION CLEANERS; NIPPONDENSO OF LOS ANGELES; NORTH AMERICAN CAR CORP.; NORTH AMERICAN ENVIRONMENTAL; NORTHROP PACIFIC; NORWEST EQUITY PARTNERS; NOVARTIS CORP.; OLD QUAKER PAINT CO.; ORANGE COUNTY SANITATION DISTRICT; ORYX ENERGY COMPANY; PACIFIC ANCHOR CHEMICAL CORP.; PACIFIC INTERMOUNTAIN EXPRESS; PACIFIC SOUTHWEST AIRLINES; PACKAING CORP. OF AMERICA; PACTIV LLC; PAINT & COATINGS CORP.; PANEL AIR CORP.; PARSONS CORPORATION; PAULEY PETROLEUM CO.; PCC ROLLMET, INC.; PEAIRS ENGINEERS; PEAT MANUFACUTURING CO.; PENSKE LOGISTICS CORP.; PER-OLOF LOOF FAMILY FOUNDATION, INC.; PERVO INTERNATIONAL, INC.; PERVO PAINT COMPANY; PETRO LEWIS CORP.; PGP INDUSTRIES INC.; PIONEER ELECTRONICS (USA) INC.; PILLSBURY CO.; PRC–DESOTO INTERNATIONAL INC.; PRE DELIVERY SERVICE; PRECISION CASTPARTS CORP.; PRESSTEK, LLC; PRICE PFISTER *NKA* PFISTER; PRINTED CIRCUITS, INC.; PRODUCTS RESEARCH & CHEMICAL CORP.; PROTO TOOL; PURE SOURCE LLC; PUREX CORP.; PUREX INDUSTRIES, INC.; QARBON AEROSPACE INC.; RALPH M. PARSONS CO.; RB&W CORP.; REDKEN LABORATORIES INC.; REGISTER PROPERTIES INC.; REISNER METALS; REPLACEMENT PARTS

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

MANUFACTURING; REXAM
BEVERAGE CAN COMPANY;
RICHARDSON & HOLLAND;
RICOH ELECTRONICS, INC.;
RICOH PRINTING SYSTEMS
AMERICA INC.; RIO TINTO ALCAN
INC.; RIVERSIDE CEMENT CO.;
ROBERTS MANUFACTURING CO.;
ROLLER BEARING COMPANY OF
AMERICA, INC.; ROYAL
ALUMINUM CO.; RUSSELL
BURDSALL & WARD INC.; RYDER
SYSTEM, INC.; S.J. JOHNSON &
SON, INC.; SAFEWAY STORES
INC.; SAFRAN SEATS USA LLC;
SAN DIEGO PIPE LINE CO.; SAN
FERNANDO LABORATORIES;
SANDIA METAL PROCESS, INC.;
SARGENT FLETCHER INC.;
SARGENT INDUSTRIES;
SCHLUMBERGER, LTD.;
SCHLUMBERGER N.V.; SEA LAND
SERVICE INC.; SEMGROUP
CORPORATION; SERVICE
CHEMICAL CO.; SHUWA
INVESTMENTS CORP.; SIERRA
PACIFIC CONTAINER CORP.;
SMITH & CO.; SOMACIS INC.;
SONY PICTURES
ENTERTAINMENT INC.; SOUTH
WEST FOREST PRODUCTS;
SOUTHERN CALIFORNIA
CHEMICAL; SOUTHERN PACIFIC
PIPE LINES, INC.; SOUTHWEST
PETRO CHEMICAL; SOUTHWEST
STEEL ROLLING MILLS;
SOUTHWESTERN ENGINEERING;
STANDARD BRANDS PAINT CO.
INC.; STANDARD INDUSTRIAL
TOWEL & UNIFORM; STANDARD
INDUSTRIES HOLDINGS, INC.;
STANDARD MOTOR PRODUCTS,
INC.; STANLEY BLACK &
DECKER, INC.; STRUCTURAL
COMPOSITE INDUSTRIES; SUN
EXPLORATION; SUN CAPITAL
PARTNERS, INC.; SWECO, INC.;

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  T.P. INDUSTRIAL INC.; TDY
2  INDUSTRIES, LLC; TECH-ETCH,
   INC.; TELAIR US LLC; TENNECO
3  INC.; TENNECO OIL CO.; TFI
   INTERNATIONAL INC.; THE
4  MARMON GROUP LLC; THE SAVE
   MART COMPANIES, LLC; THE
5  SHAW GROUP; THE TERMO
6  COMPANY; THOMPSON
   INDUSTRIES; THOMPSON
7  DRILLING; THORPE INSULATION
   CO.; TIMES MIRROR PRESS;
8  TOOLEY & CO. INC.; TOPPAN
   PRINTING COMPANY (AMERICA),
9  INC.; TOYOTA MOTOR
10 MANUFACTURING USA; TRABON
   REALTY CORP.; TRAMMEL CROW
11 COMPANY; TRANSEQUIP PACIFIC
   INC.; TRE CORP.;  TRIBUNE
12 PUBLISHING COMPANY; TRIMAS
13 CORPORATION; TRIUMPH GROUP
   OPERATIONS; TRIUMPH
14 THERMAL SYSTEMS, LLC; TRIZEC
   PROPERTIES; TROJAN BATTERY
15 CO; TRUCK TRANSPORT; TRZ
16 HOLDINGS IV LLC; U.S. BORAX &
   CHEMICAL CORP.; U.S. BORAX,
17 INC.; U.S. BRASS DIVISION; U.S.
   FILTERS; U.S. REDUCTION CO.;
18 ULTRAMAR INC.; UNFI GROCERS
   DISTRIBUTION, INC.; UNITED
19 COATINGS INC.; USG
20 CORPORATION; VALCO; VALCO
   AUTOMOTIVE PRODUCTS;
21 VALENTEC INTERNATIONAL
   CORP.; VALERO ENERGY
22 CORPORATION; VAN DE KAMP;
   VARCO INTERNATIONAL;
23 VEOLIA ENVIRONMENTAL
24 SERVICES NORTH AMERICA, LLC;
   VERIZON NEW YORK INC.; VEST,
25 INC. VF CORPORATION; VOI
   SHAN; VONS COMPANIES INC.;
26 VOUGHT AIRCRAFT INDUSTRIES
27 INC.; W. SMITH CO.; W. SMITH CO.
   CONTAINER RECONDITIONING;
28 W.L. CHAPMAN CO.; WEBER

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1 | AIRCRAFT; WELLS FARGO RAIL
2 | CORPORATION; WELLS MARINE INC.; WESLOCK CORP.; WEST
3 | VALLEY TOYOTA; WESTERN KRAFT CORP.; WESTERN
4 | LITHOGRAPH; WESTERN SYNTHETIC FELT CO.;
5 | WESTMINSTER CERAMICS INC.; WHICO MACHINE, INC.;
6 | WHITTAKER CORP.; WIRETECH, INC.; WINDOWMASTER
7 | PRODUCTS; WITCO CORPORATION; WOODWARD
8 | HRT, INC.; WYMAN-GORDON COMPANY; XTRA ENERGY;
9 | YOPLAIT USA; ZIMMERS TRUCK STOP; and DOES 1-10,
10 |
11 |             Defendants.
12 |

1    Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

2    LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER

3    CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING

4    COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON

5    ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE

6    PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &

7    OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN

8    AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON

9    MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL

10   DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL

11   CORPORATION; HEWLETT-PACKARD COMPANY; AMERICAN

12   HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY;

13   LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY

14   KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORP.

15   OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,

16   INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP

17   GRUMMAN SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO,

18   INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;

19   ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

20   INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON

21   COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER

22   MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE

23   MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;

24   UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD

25   (FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION

26   COMPANY); UNITED STATES STEEL CORPORATION; RTX

27   CORPORATION; UNIVAR SOLUTIONS USA LLC; AMERON

28   INTERNATIONAL CORPORATION; AND XEROX CORPORATION

(collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

## STATEMENT OF THE CASE

1.     This is a civil action for cost recovery and contribution under Sections 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and for contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 78000 et seq.,[1] relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.

2.     The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[2] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.

---

[1] Effective January 1, 2024, the California Legislature recodified and reorganized the HSAA without substantive changes. (2022 Cal. Legis. Serv. Ch. 257 (Assem. Bill No. 2293).

[2] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 820, 825, 830 and 835, respectively.

3.      The State of California has alleged in a series of three complaints filed against some or all of the Plaintiffs[3] that it has incurred response costs in connection with actions taken in response to releases or threatened releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a defendant herein at paragraphs 64 - 541 and Does 1-10 (collectively referred to herein as "Defendants" or individually as "Defendant") generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.

4.      Plaintiffs seek to recover from each Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

5.      Plaintiffs also seek contribution from each Defendant pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary response costs incurred and to be incurred by Plaintiffs pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

6.      Plaintiffs further seek a declaration as to each Defendant's liability and associated allocation of past and future response costs in accordance with Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

---

[3] The three complaints are described in more detail in paragraphs 819, 824 and 829, *infra*.

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

action or actions brought by Plaintiffs against the Defendants to recover further response costs.

7.    Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 78000 et seq., and Cal. Health and Safety Code § 79670 for past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the NCP to address releases or threatened releases of Hazardous Substances at and from the BKK Class I Facility.

8.    Plaintiffs are also entitled to complete or partial indemnity from Defendants for all costs incurred or to be incurred at the BKK Class I Facility, pursuant to the doctrine of equitable indemnification.

9.    A sub-set of Plaintiffs who allege they have reimbursed entities or directly paid for and participated in directing response actions on behalf of other entities (including other Plaintiffs) that have incurred past, necessary response costs, including pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP, for response activities undertaken at and in relation to the BKK Class I Facility, assert subrogated cost recovery and contribution claims against each Defendant pursuant to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common law equitable subrogation.

10.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure §1060 setting forth the parties' rights and obligations toward one another for future costs incurred to address contamination at or from the BKK Class I Facility.

11.    The BKK Working Group has incurred or is committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility, and the total cost of necessary response actions to fully remediate the BKK Class I Facility was estimated by the State of California Department of Toxic

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Substances Control ("DTSC") in 2020 to be $869,286.436. Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions, necessitating this lawsuit to resolve Defendants' liabilities.

## JURISDICTION

12.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b). This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Tenth Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## VENUE

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District and because the BKK Class I Facility is located within this District.

14.    Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases occurred and the response costs were occurred in this District.

## PLAINTIFFS

15.    The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5. The BKK Working Group currently includes the Plaintiffs identified in paragraphs 16-63 below as members, which assert the claims in this Tenth Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

16.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs in a manner consistent with the NCP, at the BKK Class I Facility.  Anadarko E&P Onshore LLC asserts no allegations against the following Defendants:  Sun Exploration, Kerr-McGee Chemical Worldwide LLC (on the basis of it being the successor to or otherwise being liable for manifested waste from Sun Exploration).

17.    Plaintiff Ashland Inc. is a corporation organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland Inc. is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the assignee of Filtrol's claims in the litigation.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility. Ashland Inc. and Filtrol Corporation are members of the BKK Working Group and as members of the BKK Working Group have incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  Filtrol has assigned all of its rights, claims and interests relevant hereto to Ashland Inc.

18.    Plaintiff Atlantic Richfield Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

19.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Bayer CropScience Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working Group, has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

20.    Plaintiff Big Heart Pet Brands is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands, or its corporate predecessor(s), was and is authorized to do business, and was and is

1    doing business, in California.  The State of California has alleged that the assignee

2    to the successor in interest to certain liability of H.J. Heinz Company, arranged for

3    the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

4    are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Big

5    Heart Pet Brands is a member of the BKK Working Group and as a member of the

6    BKK Working Group has incurred costs, including response costs consistent with

7    the NCP, at the BKK Class I Facility.

8        21.    Plaintiff The Boeing Company is a corporation organized under the

9    laws of the State of Delaware. At all times referred to herein, The Boeing

10   Company, or its corporate predecessor(s) or affiliates, was and is authorized to do

11   business, and was and is doing business, in California.  The State of California has

12   alleged that Plaintiff The Boeing Company, or its corporate predecessor(s) in

13   interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the

14   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,

15   42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK

16   Working Group.  As a member of the BKK Working Group, and also prior to

17   becoming a member, The Boeing Company has incurred costs, including response

18   costs consistent with the NCP, at the BKK Class I Facility.

19       22.    Plaintiff California Resources Corporation is a corporation organized

20   under the laws of the State of Pennsylvania. At all times referred to herein,

21   California Resources Corporation, or its corporate predecessor(s), was and is

22   authorized to do business, and was and is doing business, in California.  The State

23   of California has alleged that Plaintiff California Resources Corporation arranged

24   for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

25   terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

26   California Resources Corporation is a member of the BKK Working Group and as a

27   member of the BKK Working Group has incurred costs, including response costs

28   consistent with the NCP, at the BKK Class I Facility

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

23.     Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred to herein, Chevron Environmental Management Company, or its corporate affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that certain corporate affiliates of Plaintiff Chevron Environmental Management Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Environmental Management Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

24.     Plaintiff Chevron Marine Products LLC is a limited liability company organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Marine Products LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Chevron Marine Products LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Marine Products LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

25.     Reserved.

26.     Plaintiff ConocoPhillips Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, ConocoPhillips Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section

107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

27.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

28.    Plaintiff The Dow Chemical Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Dow Chemical Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

29.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has

alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun Aerostructures, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

30.     Plaintiff Essex Chemical Corporation is a corporation organized under the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

31.     Plaintiff Exxon Mobil Corporation is a corporation organized under the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

32.     Plaintiff Gemini Industries, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Gemini Industries,

Inc. or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Gemini Industries, Inc. is a member of the BKK Working Group. As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

33.    Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware. During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California. The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

34.    Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

costs, including response costs consistent with the NCP, at the BKK Class I Facility.

35. Plaintiff Hewlett-Packard Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Hewlett-Packard Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Hewlett-Packard Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Hewlett-Packard Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

36. Plaintiff American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff American Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff American Honda Motor Co. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

37. Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Huntington Beach Company is

a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

38.    Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

39.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

40.    Plaintiff Montrose Chemical Corp. of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corp. of California, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corp. of California

arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Montrose Chemical Corp. of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

41.    Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

42.    Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

43.    Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The

State of California has alleged that Plaintiff National Steel and Shipbuilding Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff National Steel and Shipbuilding Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

44.    Plaintiff Northrop Grumman Systems Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Northrop Grumman Systems Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Northrop Grumman Systems Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Northrop Grumman Systems Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

45.    Plaintiff Oxy USA Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Oxy USA Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Oxy USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Oxy USA Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

46.   Plaintiff Quemetco, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Quemetco, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

47.   Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

48.   Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group

1  has incurred costs, including response costs consistent with the NCP, at the BKK
2  Class I Facility.

3      49.    Plaintiff Rohr, Inc. is a corporation organized under the laws of the
4  State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate
5  predecessor(s), was and is authorized to do business, and was and is doing business,
6  in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged
7  for the disposal of a Hazardous Substance at the BKK Class I Facility, as those
8  terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff
9  Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK
10  Working Group has incurred costs, including response costs consistent with the
11  NCP, at the BKK Class I Facility.

12      50.    Plaintiff San Diego Gas & Electric Company is a corporation
13  organized under the laws of the State of California. At all times referred to herein,
14  San Diego Gas & Electric Company, or its corporate predecessor(s), was and is
15  authorized to do business, and was and is doing business, in California.  The State
16  of California has alleged that Plaintiff San Diego Gas & Electric Company arranged
17  for the disposal of a Hazardous Substance at the BKK Class I Facility, as those
18  terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff
19  San Diego Gas & Electric Company is a member of the BKK Working Group and
20  as a member of the BKK Working Group has incurred costs, including response
21  costs consistent with the NCP, at the BKK Class I Facility.

22      51.    Plaintiff Smith International, Inc. is a corporation organized under the
23  laws of the State of California. At all times referred to herein, Smith International,
24  Inc., or its corporate predecessor(s), was and is authorized to do business, and was
25  and is doing business, in California.  The State of California has alleged that
26  Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous
27  Substance at the BKK Class I Facility, as those terms are described in section
28  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a

1  member of the BKK Working Group and as a member of the BKK Working Group

2  has incurred costs, including response costs consistent with the NCP, at the BKK

3  Class I Facility

4        52.    Plaintiff Southern California Edison Company is a corporation

5  organized under the laws of the State of California. At all times referred to herein,

6  Southern California Edison Company, or its corporate predecessor(s), was and is

7  authorized to do business, and was and is doing business, in California.  The State

8  of California has alleged that Plaintiff Southern California Edison Company

9  arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

10 those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

11 Plaintiff Southern California Edison Company is a member of the BKK Working

12 Group and as a member of the BKK Working Group has incurred costs, including

13 response costs consistent with the NCP, at the BKK Class I Facility.

14       53.    Plaintiff Southern California Gas Company is a corporation organized

15 under the laws of the State of California. At all times referred to herein, Southern

16 California Gas Company, or its corporate predecessor(s), was and is authorized to

17 do business, and was and is doing business, in California.  The State of California

18 has alleged that Plaintiff Southern California Gas Company arranged for the

19 disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

20 described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern

21 California Gas Company is a member of the BKK Working Group and as a member

22 of the BKK Working Group has incurred costs, including response costs consistent

23 with the NCP, at the BKK Class I Facility.

24       54.    Plaintiff Stauffer Management Company LLC is a limited liability

25 corporation organized under the laws of the State of Delaware.  At all times referred

26 to herein, Stauffer Management Company LLC was and is authorized to do

27 business, and was and is doing business, in California.  Stauffer Management

28 Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

31

1   this legal obligation, has paid the costs incurred by Bayer CropScience, Inc. and has

2   participated in directing remediation efforts as an agent for Bayer CropScience, Inc.

3   at the BKK Class I Facility.  Stauffer Management Company LLC also is an

4   assignee to the subrogation and other rights or causes of action Syngenta Crop

5   Protection, LLC, a Delaware limited liability company, may have as a result of

6   reimbursements it has made to Stauffer Management Company LLC for costs paid

7   for by Stauffer Management Company LLC in connection with the BKK Class I

8   Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer

9   Management Company LLC submitted demands to Defendants as contemplated by

10  CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is

11  used in the statute.  Although Stauffer Management Company LLC and Syngenta

12  Crop Protection, LLC are not members of the BKK Working Group, because the

13  costs they have incurred result directly from Bayer CropScience's participation in

14  the BKK Working Group, for purposes of the allegations in this Tenth Amended

15  Complaint relating to the incurrence of costs, the term "BKK Working Group"

16  includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

17       55.    Plaintiff The Procter & Gamble Manufacturing Company is a

18  corporation organized under the laws of the State of Ohio.  At all times referred to

19  herein, The Procter & Gamble Manufacturing Company, or its corporate

20  predecessor(s), was and is authorized to do business, and was and is doing business,

21  in California.  The State of California has alleged that Plaintiff The Procter &

22  Gamble Manufacturing Company arranged for the disposal of a Hazardous

23  Substance at the BKK Class I Facility, as those terms are described in section

24  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble

25  Manufacturing Company is a member of the BKK Working Group and as a

26  member of the BKK Working Group has incurred costs, including response costs

27  consistent with the NCP, at the BKK Class I Facility.

28

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

56.    Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

57.    Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

58.    Plaintiff Union Pacific Railroad (formerly known as Southern Pacific Transportation Company) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Pacific Railroad is a member of the BKK Working Group

and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

59.     Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff United States Steel Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

60.     Plaintiff RTX Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, RTX Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff RTX Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff RTX Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

61.     Plaintiff Univar Solutions USA LLC (f/k/a Univar Solutions USA Inc. and Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar Solutions USA Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Univar USA LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

U.S.C. § 9607(a).  Plaintiff Univar Solutions USA LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

62.    Plaintiff Ameron International Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ameron International Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ameron International Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

63.    Plaintiff Xerox Corporation is a corporation organized under the laws of the State of New York.  At all times referred to herein, Xerox Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Xerox  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Xerox Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

## **DEFENDANTS**

64.    Defendants are: A.B. Dick Co.; Aamco Transmissions; AAR Corp.; Abbott Power Corp.; Ace Industries; ACH Food Companies, Inc.; Advanced Coatings Inc.; Aerosol Services Co. Inc.; Air Industries Corp.; Air Liquide America LP; Airport Consult Group LLC; Albertsons Companies, Inc.; Alco Cad Nickel Plating Corp.; Alco Plating Corporation Liquidating Trust; Alco Well Service Inc.;

Alkid Corporation; Alpha Technologies Group, Inc.; American Appliance Manufacturing Corp.; American Can Company; American Chemical & Refining; American Pacific International Inc.; American Promotional Events, Inc. – West; American Scientific Products; American Tool & Engineering Corp.; Ameripride Services, LLC; AMF Tubescope Inc.; Anchor Post Products Inc.; Anco Metal Improvement Co.; Andrew California Corp.; Angelica Textile Services Inc.; Anodyne Inc.; Apex International Alloys; Apollo Manufacturing Co.; Applied Magnetics Corp.; Arakelian Enterprises, Inc.; Ardagh Group S.A.; Argo Petroleum Corp.; Arrowhead Mountain Spring Water Company; Arnold Circuits, Inc.; Arnold Electronics Inc.; Arnold Engineering Co.; Atlas Fabricators; Atomica Corp.; Axel Johnson, Inc.; AZON Corporation; B. Jadow and Sons, Inc.; B.P. John Furniture Co.; BAE Systems San Diego Ship Repair Inc.; Balser Trucking; Bausch Health Americas, Inc.; Baxter International Inc.; Beatrice Hunt Wesson Inc.; Beazer East, Inc.; Beckman Coulter Inc.; Becton, Dickinson and Company; Bernard Epps & Co.; Bethlehem Steel Corp.; Beverly Hills Oil Company; BFI XV Realty Fund Ltd.; BI Technologies Corporation; Big Three Industries Inc.; Bingo Truck Stop; Birtcher Pacific; Blue Seal Linen Supply; Bostik, Inc.; BPJ International, Inc.; Bridgestone Americas, Inc.; Brooks & Perkins Brownline Division; Bunge Global Markets, Inc.; Byron Jackson Pumps; Cadet Uniform & Linen Supply Co.; Cal-Aurum Industries; Cal-Chem Cleaning Co., Inc.; Cal Nev Pipeline Co.; Cal Style Furniture Manufacturing Co.; Cali-Blok; Calbiochem-Behring Corp.; California Carpet Co.; Calgon Carbon Corporation; Calprotech Inc.; Capital Parade USA, Inc.; Cargill Inc.; Castle & Cooke, Inc.; Celanese Corporation; Cerro Corporation; Certified Grocers of Cal.; CHB Foods; Chemware; Cia Minera De Cananea SA; Circuit One Div. of LH Research Inc.; Cleveland Wrecking Co.; Coast Plating, Inc.; Cognis Corp.; Columbia Pictures; Conagra Brands, Inc.; Control Components Inc.; Coscol Petroleum Corporation; Cragar Industries; Crain Industries, Inc. Crain Western, Inc.; CRE Liquidation LLC; Crescent Transportation; Criton Corporation; Crockett

1    Container Corp.; Crowley Inc.; Crown Central LLC; Crown Central Petroleum
2    Corporation; Crown Disposal Inc.; Crown Zellerbach Co.; CS&M, Inc.; Cummins
3    Service & Sales Inc.; Cyclo Chemical Co.; Cytec Industries Inc.; Daiwa Corp.;
4    Darnell Corp.; Darnell-Rose; Data Device Corp.; Data Products Corp.; Davis
5    Investment Co.; Decratrend Corp.; Delaware Outsourcing Services Group, Inc.;
6    Denso Products and Services Americas, Inc.; Desoto Inc.; Devon Energy Corp.;
7    Diamond International Corp.; Diamond Plastics; Disposal Control Service, Inc.;
8    Diversified Coating Systems, Inc.; Don Kott Ford; Douglas Furniture of California;
9    Drackett Co.; Dresser Industries, Inc.; Durex Inc.; E.T.C. Carpet Mills, Ltd.; East
10   Coast Oceanview, LLC; ElFab Corp.; Electrofilm Inc.; Electronic Materials Corp.;
11   Electronic Reclamation Service; Electro-Etch Circuits Inc.; Elevate Textiles, Inc.;
12   EME Corp.; Emerald Equities; Emery Industries Inc.; Emery Oleochemicals LLC;
13   Employbridge LLC; Emrise Electronics Corp.; Energy Development Co. Inc.;
14   Enliven Marketing Technologies Corporation; Environmental Control Systems Inc.;
15   Epec Oil Co. Liquidating Trust; Evergreen Pacific Partners; Fairchild Holding
16   Corp.; Fairchild Industries; Fairchild Semiconductor International, Inc.; Federal
17   Express Corporation; Federal Reserve Bank; Fiberite West Coast Corp.; Firestone
18   Tire & Rubber Co.; Fletcher Oil & Refining Co.; Flight Accessory Service;
19   Flowserve Corporation; Fotomat Labs Inc.; Flying Tigers Line; FORCO
20   Liquidation Trust; Franciscan Ceramics Inc.; Frazee Industries; Freeport-McMoran
21   Inc.; Friction Inc.; Friction Materials Corp.; FMC Corporation; Ford Aerospace and
22   Communications Corp.; Fort James LLC; Foster-Forbes Glass Co.; Frontier
23   California, Inc.; G.W.A. Inc.; Gates Admiral; GATX; GATX Corp.; GATX
24   Terminals Corp.; GE Betz, Inc.; General Battery Corp.; General Mills, Inc.; General
25   Telephone Co.; Genstar Building Materials Co.; Genstar Roofing Products
26   Company, Inc.; Georgia-Pacific LLC; Gerald California LLC; Gerald Metals, Inc.;
27   Glass Containers Corp.; Global Tube Corporation; Gold Pack Meat Co.; Gray
28   Truck Lines; Greer Hydraulics Inc.; Grupo Mexico SAB de CV; Guaranteed

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Products Inc.; Hallmark Circuits Inc.; Halstead Enterprises; Handy & Harman;

2   Harsco Corporation; Hawker Pacific Aerospace; Heinz Foods; Heidelberg

3   Materials US, Inc.; Heist Maintenance Services Inc.; Henry Company LLC; Henry

4   Soss & Co. Inc.; Herco Technology Corp.; Heru Industries, Inc.; Hess Corporation;

5   Hexcel Corporation; Hill Brothers Chemical Co.; Hillcrest Beverly Oil Corp.; Hi-

6   Shear Corp.; Hoffman Electronics; Hollytex Carpet Mills, Inc.; Howmet Aerospace

7   Inc.; Hoya Corporation USA; HR Textron Inc.; HTW Industries Inc.; Humko

8   Products; Huntington/Pacific Ceramics, Inc.; Husqvarna Construction Products

9   North America, Inc.; Hutchinson Aerospace & Industry, Inc.; ICN Pharmaceuticals;

10  ICX Industries, Inc.; ICX National, Inc.; Imco Services; IMI Critical Engineering

11  LLC; Industrial Circuits; Industrial Insulations Incorporated; Industrial Tectonics

12  Bearings Corporation; Inland Container Corp.; Inland Paperboard and Packaging,

13  Inc.; International Polymer Corp.; I.T. Corp.; ITT LLC; J.C. Inc.; JCI

14  Environmental Services; JCX; Jeld-Wen, Inc.; Jersey Maid Milk Products Inc.;

15  Johnson Controls Inc.; Johnston Pump Co.; Jonathan Manufacturing Corp.; Joslyn

16  Manufacturing & Supply Co.; Joslyn Manufacturing Company, LLC; Kaiser

17  Rollmet Inc.; Kaynar Manufacturing Co.; Kelly Services, Inc.; Kerr-McGee

18  Chemical Worldwide LLC; Keuffel & Esser Co.; Kinder Morgan Energy Partners,

19  L.P.; Knudsen Corp.; Koch Asphalt Co. Oil; Konica Photo Service U.S.A., Inc.;

20  Korbel Capital LLC; Kraft Heinz Foods Company; Krazy Glue Inc.; Lanxess

21  Corporation; Liquid Waste Management; Lisi Aerospace North America, Inc.;

22  Lockhart Industries; Long Beach Fabricators Inc.; Lonza Inc.; Los Angeles Gauge

23  Co.; Los Angeles Plating Co.; Lucky Stores Inc.; Lumidor Manufacturing Co.; M-I

24  L.L.C. *aka* and/or *dba* M-I Swaco; Macdermid Printing Solutions; Mack Trucks

25  Inc.; Maersk Line, Limited (MLL); Manhattan Beach Holding Corp.; Marco

26  Chemical Co.; Marten Management Co.; Masco Corporation; Mazda Motor of

27  America, Inc.; Mazda North America; MCA Laboratories; McCulloch Corp.;

28  McKay Chemical Co.; Mead Johnson & Company; Merchants Metals LLC;

Mercury Aerospace Inc.; Mercury Aerospace Fasteners; Merel Co. Inc.; Metal Box Can; MGF Industries; Mission Systems Davenport Inc.; Monogram/Peacock Manufacturing; Mr. Gasket Company; MRC Holdings, Inc.; Narco Chemical; Narco Corporation; Narmco Materials Inc.; NavCom Defense Electronics, Inc.; NEC Liquidation Corp.; New Bristol Farms, Inc.; Newell Brands Inc.; New Fashion Cleaners; Nippondenso of Los Angeles; North American Car Corp.; North American Environmental; Northrop Pacific; Norwest Equity Partners; Novartis Corp.; Old Quaker Paint Co.; Orange County Sanitation District; Oryx Energy Company; Pacific Anchor Chemical Corp.; Pacific Intermountain Express; Pacific Southwest Airlines; Packaging Corp. of America; Pactiv LLC; Paint & Coatings Corp.; Panel Air Corp.; Parsons Corporation; Pauley Petroleum Co.; PCC Rollmet, Inc.; Peairs Engineers; Peat Manufacturing Co.; Penske Logistics Corp.; Per-Olof Loof Family Foundation, Inc.; Pervo International, Inc.; Pervo Paint Company; Petro Lewis Corp.; PGP Industries Inc.; Pioneer Electronics (USA) Inc.; Pillsbury Co.; PRC–DeSoto International Inc.; Pre Delivery Service; Precision Castparts Corp.; Presstek, LLC; Price Pfister *nka* Pfister; Printed Circuits, Inc.; Products Research & Chemical Corp.; Proto Tool; Pure Source LLC; Purex Corp.; Purex Industries, Inc.; Qarbon Aerospace Inc.; Ralph M. Parsons Co.; RB&W Corp.; Redken Laboratories Inc.; Register Properties Inc.; Reisner Metals; Replacement Parts Manufacturing; Rexam Beverage Can Company; Richardson & Holland; Ricoh Electronics, Inc.; Ricoh Printing Systems America Inc.; Rio Tinto Alcan Inc.; Riverside Cement Co.; Roberts Manufacturing Co.; Roller Bearing Company of America, Inc.; Royal Aluminum Co.; Russell Burdsall & Ward Inc.; Ryder System, Inc.; S.C. Johnson & Son, Inc.; Safeway Stores Inc.; Safran Seats USA LLC; San Diego Pipe Line Co.; San Fernando Laboratories; Sandia Metal Process, Inc.; Sargent Fletcher Inc.; Sargent Industries; Schlumberger, Ltd.; Schlumberger N.V.; Sea Land Service Inc.; SemGroup Corporation; Service Chemical Co.; Shuwa Investments Corp.; Sierra Pacific Container Corp.; Smith & Co.; Somacis

Inc.; Sony Pictures Entertainment Inc.; South West Forest Products; Southern California Chemical; Southern Pacific Pipe Lines, Inc.; Southwest Petro Chemical; Southwest Steel Rolling Mills; Southwestern Engineering; Standard Brands Paint Co. Inc.; Standard Industrial Towel & Uniform; Standard Industries Holdings, Inc.; Standard Motor Products, Inc.; Stanley Black & Decker, Inc.; Structural Composite Industries; Sun Exploration; Sun Capital Partners, Inc.; Sweco, Inc.; T.P. Industrial Inc.; TDY Industries, LLC; Tech-Etch, Inc.; Telair US LLC; Tenneco Inc.; Tenneco Oil Co.; TFI International Inc.; The Marmon Group LLC; The Save Mart Companies, LLC; The Shaw Group; The Termo Company; Thompson Industries; Thompson Drilling; Thorpe Insulation Co.; Times Mirror Press; Tooley & Co. Inc.; Toppan Printing Company (America), Inc.; Toyota Motor Manufacturing USA; Trabon Realty Corp.; Trammel Crow Company; Transequip Pacific Inc.; TRE Corp.; Tribune Publishing Company; TriMas Corporation; Triumph Group Operations; Triumph Thermal Systems, LLC; Trizec Properties; Trojan Battery Co.; TRZ Holdings IV LLC; U.S. Borax & Chemical Corp.; U.S. Borax, Inc.; Truck Transport; U.S. Brass Division; U.S. Filters; U.S. Reduction Co.; Ultramar Inc.; UNFI Grocers Distribution, Inc.; United Coatings Inc.; USG Corporation; Valco; Valco Automotive Products; Valentec International Corp.; Valero Energy Corporation; Van De Kamp; Varco International; Veolia Environmental Services North America, LLC; Verizon New York Inc.; Vest, Inc.; VF Corporation; Voi Shan; Vons Companies Inc.; Vought Aircraft Industries Inc.; W. Smith Co.; W. Smith Co. Container Reconditioning; W.L. Chapman Co.; Weber Aircraft; Wells Fargo Rail Corporation; Wells Marine Inc.; Weslock Corp.; West Valley Toyota; Western Kraft Corp.; Western Lithograph; Western Synthetic Felt Co.; Westminster Ceramics Inc.; Whico Machine, Inc.; Whittaker Corp.; Wiretech, Inc.; Windowmaster Products; Witco Corporation; Woodward HRT, Inc.; Wyman-Gordon Company; Xtra Energy; Yoplait USA; Zimmers Truck Stop; and Does 1-10.

65.     According to historical BKK Corp. records, Defendant A. B. Dick Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant A. B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant A. B. Dick Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

66.     According to historical BKK Corp. records, Defendant Aamco Transmissions contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aamco Transmissions generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aamco Transmissions has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

67.     Upon information and belief, Defendant AAR Corp. is the successor to Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant AAR Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

68.     According to historical BKK Corp. records, Defendant Abbott Power Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Abbott Power Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

Defendant Abbott Power Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

69.    According to historical BKK Corp. records, Defendant Ace Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ace Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ace Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.    Upon information and belief, Defendant ACH Food Companies, Inc. is the successor to Humko Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Humko Products.  According to historical BKK Corp. records, Humko Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Humko Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ACH Food Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71.    According to historical BKK Corp. records, Defendant Advanced Coatings Inc. (previously identified in this action and the related action as Advanced Coating Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Advanced Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Advanced Coatings Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.    According to historical BKK Corp. records, Defendant Aerosol

Services Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Aerosol Services Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73.     According to historical BKK Corp. records, Defendant Air Industries Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Air Industries Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Air Industries Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74.     Upon information and belief, Defendant Air Liquide America LP is the successor to Big Three Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Big Three Industries Inc. According to historical BKK Corp. records, Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America LP has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

75.     Upon information and belief, Defendant Airport Consult Group LLC is the successor to Cal Style Furniture Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Style Furniture Manufacturing Co. According to historical BKK Corp. records, Cal Style Furniture Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Style

Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Airport Consult Group LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

76.  Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or Lucky Stores Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc. and/or Lucky Stores Inc.  According to historical BKK Corp. records, Albertson's Inc. and Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. and Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

77.  According to historical BKK Corp. records, Defendant Alco Cad Nickel Plating Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Alco Cad Nickel Plating Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Alco Cad Nickel Plating Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

78.  Upon information and belief, Defendant Alco Plating Corporation Liquidating Trust is the successor to Alco Cad Nickel Plating Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Alco Cad Nickel Plating Corp.  According to historical BKK Corp. records, Alco Cad Nickel Plating Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Alco Cad Nickel Plating Corp. generated and/or arranged for its disposal at the BKK

Class I Facility. To date, Defendant Alco Plating Corporation Liquidating Trust has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

79.    According to historical BKK Corp. records, Defendant Alco Well Service Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Alco Well Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alco Well Service Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

80.    Upon information and belief, Defendant Alkid Corporation is the successor to Peat Manufacturing Co. and/or Cragar Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Peat Manufacturing Co. and/or Cragar Industries.  According to historical BKK Corp. records, Peat Manufacturing Co. and Cragar Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peat Manufacturing Co. and Cragar Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alkid Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

81.    Upon information and belief, Defendant Alpha Technologies Group, Inc. is the successor to Lockhart Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Lockhart Industries. According to historical BKK Corp. records, Lockhart Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alpha Technologies

Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

82.    According to historical BKK Corp. records, Defendant American Appliance Manufacturing Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Appliance Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant American Appliance Manufacturing Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

83.    According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

84.    According to historical BKK Corp. records, Defendant American Chemical & Refining contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Chemical & Refining generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Chemical & Refining has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

85.    According to historical BKK Corp. records, Defendant American Pacific International Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Pacific International Inc. generated and/or arranged for its disposal at the BKK

1    Class I Facility. To date, Defendant American Pacific International Inc. has not

2    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

3    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

4          86.    Upon information and belief, Defendant American Promotional

5    Events, Inc. – West is the successor to Apollo Manufacturing Co. and/or otherwise

6    liable for manifested waste that was contributed to the BKK Class I Facility by

7    Apollo Manufacturing Co.  According to historical BKK Corp. records, Apollo

8    Manufacturing Co. contributed manifested waste to the BKK Class I facility. This

9    manifested waste contained Hazardous Substances that Apollo Manufacturing Co.

10   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

11   American Promotional Events, Inc. – West has not incurred any response costs at

12   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

13   the Plaintiffs at the BKK Class I Facility.

14         87.    According to historical BKK Corp. records, Defendant American

15   Scientific Products contributed manifested waste to the BKK Class I Facility. This

16   manifested waste contained Hazardous Substances that Defendant American

17   Scientific Products generated and/or arranged for its disposal at the BKK Class I

18   Facility. To date, Defendant American Scientific Products has not incurred any

19   response costs at the BKK Class I Facility nor has it paid its fair share of response

20   costs incurred by the Plaintiffs at the BKK Class I Facility.

21         88.    According to historical BKK Corp. records, Defendant American Tool

22   & Engineering Corp. contributed manifested waste to the BKK Class I Facility.

23   This manifested waste contained Hazardous Substances that Defendant American

24   Tool & Engineering Corp. generated and/or arranged for its disposal at the BKK

25   Class I Facility. To date, Defendant American Tool & Engineering Corp. has not

26   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

27   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

28         89.    Upon information and belief, Defendant Ameripride Services, LLC is

the successor to Gates Admiral and/or New Fashion Cleaners and/or otherwise
liable for manifested waste that was contributed to the BKK Class I Facility by
Gates Admiral and/or New Fashion Cleaners.  According to historical BKK Corp.
records, Gates Admiral and New Fashion Cleaners contributed manifested waste to
the BKK Class I facility. This manifested waste contained Hazardous Substances
that Gates Admiral and New Fashion Cleaners generated and/or arranged for its
disposal at the BKK Class I Facility. To date, Ameripride Services, LLC has not
incurred any response costs at the BKK Class I Facility nor has it paid its fair share
of response costs incurred by the Plaintiffs at the BKK Class I Facility.

90.    According to historical BKK Corp. records, Defendant AMF
Tubescope Inc. contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant AMF Tubescope
Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
Defendant AMF Tubescope Inc. has not incurred any response costs at the BKK
Class I Facility nor has it paid its fair share of response costs incurred by the
Plaintiffs at the BKK Class I Facility.

91.    According to historical BKK Corp. records, Defendant Anchor Post
Products Inc. contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Anchor Post
Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Anchor Post Products Inc. has not incurred any response costs
at the BKK Class I Facility nor has it paid its fair share of response costs incurred
by the Plaintiffs at the BKK Class I Facility.

92.    According to historical BKK Corp. records, Defendant Anco Metal
Improvement Co. contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant Anco Metal
Improvement Co. generated and/or arranged for its disposal at the BKK Class I
Facility.  To date, Defendant Anco Metal Improvement Co. has not incurred any

1  response costs at the BKK Class I Facility nor has it paid its fair share of response

2  costs incurred by the Plaintiffs at the BKK Class I Facility.

3       93.    According to historical BKK Corp. records, Defendant Andrew

4  California Corp. contributed manifested waste to the BKK Class I Facility.  This

5  manifested waste contained Hazardous Substances that Defendant Andrew

6  California Corp. generated and/or arranged for its disposal at the BKK Class I

7  Facility.  To date, Defendant Andrew California Corp. has not incurred any

8  response costs at the BKK Class I Facility nor has it paid its fair share of response

9  costs incurred by the Plaintiffs at the BKK Class I Facility.

10      94.    Upon information and belief, Defendant Angelica Textile Services Inc.

11  is the successor to Blue Seal Linen Supply and/or otherwise liable for manifested

12  waste that was contributed to the BKK Class I Facility by Blue Seal Linen Supply.

13  According to historical BKK Corp. records, Blue Seal Linen Supply contributed

14  manifested waste to the BKK Class I Facility. This manifested waste contained

15  Hazardous Substances that Blue Seal Linen Supply generated and/or arranged for

16  its disposal at the BKK Class I Facility. To date, Defendant Angelica Textile

17  Services Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

18  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19      95.    According to historical BKK Corp. records, Defendant Anodyne Inc.

20  contributed manifested waste to the BKK Class I Facility.  This manifested waste

21  contained Hazardous Substances that Defendant Anodyne Inc. generated and/or

22  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anodyne

23  Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

24  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

25      96.    According to historical BKK Corp. records, Defendant Apex

26  International Alloys contributed manifested waste to the BKK Class I Facility. This

27  manifested waste contained Hazardous Substances that Defendant Apex

28  International Alloys generated and/or arranged for its disposal at the BKK Class I

Facility. To date, Defendant Apex International Alloys has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97. According to historical BKK Corp. records, Defendant Apollo Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Apollo Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Apollo Manufacturing Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

98. According to historical BKK Corp. records, Defendant Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Applied Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Applied Magnetics Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

99. Upon information and belief, Defendant Arakelian Enterprises, Inc. is the successor to Crown Disposal Inc. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crown Disposal Inc. According to historical BKK Corp. records, Crown Disposal Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crown Disposal Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arakelian Enterprises, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

100. Upon information and belief, Defendant Ardagh Group S.A. is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable

1    for manifested waste that was contributed to the BKK Class I Facility by Saint-

2    Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp.

3    records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested

4    waste to the BKK Class I Facility. This manifested waste contained Hazardous

5    Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or

6    arranged for its disposal at the BKK Class I Facility. To date, Defendant Ardagh

7    Group S.A. has not incurred any response costs at the BKK Class I Facility nor has

8    it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

9    Facility.

10        101.   According to historical BKK Corp. records, Defendant Argo

11    Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This

12    manifested waste contained Hazardous Substances that Defendant Argo Petroleum

13    Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

14    date, Defendant Argo Petroleum Corp. has not incurred any response costs at the

15    BKK Class I Facility nor has it paid its fair share of response costs incurred by the

16    Plaintiffs at the BKK Class I Facility.

17        102.   According to historical BKK Corp. records, Defendant Arrowhead

18    Mountain Spring Water Company contributed manifested waste to the BKK Class I

19    Facility.  This manifested waste contained Hazardous Substances that Defendant

20    Arrowhead Mountain Spring Water Company generated and/or arranged for its

21    disposal at the BKK Class I Facility.  To date, Defendant Arrowhead Mountain

22    Spring Water Company has not incurred any response costs at the BKK Class I

23    Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

24    the BKK Class I Facility.

25        103.   According to historical BKK Corp. records, Defendant Arnold

26    Circuits, Inc. contributed manifested waste to the BKK Class I Facility. This

27    manifested waste contained Hazardous Substances that Defendant Arnold Circuits,

28    Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK
Class I Facility nor has it paid its fair share of response costs incurred by the
Plaintiffs at the BKK Class I Facility.

104.   Upon information and belief, Defendant Arnold Circuits, Inc. is the
successor to Arnold Electronics Inc. and/or otherwise liable for manifested waste
that was contributed to the BKK Class I Facility by Arnold Electronics Inc.
According to historical BKK Corp. records, Arnold Electronics Inc. contributed
manifested waste to the BKK Class I Facility. This manifested waste contained
Hazardous Substances that Arnold Electronics Inc. generated and/or arranged for its
disposal at the BKK Class I Facility. To date, Defendant Arnold Circuits, Inc. has
not incurred any response costs at the BKK Class I Facility nor has it paid its fair
share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

105.   According to historical BKK Corp. records, Defendant Arnold
Electronics Inc. contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Arnold
Electronics Inc. generated and/or arranged for its disposal at the BKK Class I
Facility. To date, Defendant Arnold Electronics Inc. has not incurred any response
costs at the BKK Class I Facility nor has it paid its fair share of response costs
incurred by the Plaintiffs at the BKK Class I Facility.

106.   According to historical BKK Corp. records, Defendant Arnold
Engineering Co. contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Arnold
Engineering Co. generated and/or arranged for its disposal at the BKK Class I
Facility. To date, Defendant Arnold Engineering Co. has not incurred any response
costs at the BKK Class I Facility nor has it paid its fair share of response costs
incurred by the Plaintiffs at the BKK Class I Facility.

107.   Upon information and belief, Defendant Arnold Engineering Co. is the
successor to Arnold Electronics Inc. and/or otherwise liable for manifested waste

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

that was contributed to the BKK Class I Facility by Arnold Electronics Inc. According to historical BKK Corp. records, Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Engineering Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.   According to historical BKK Corp. records, Defendant Atlas Fabricators contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Atlas Fabricators generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atlas Fabricators has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

109.   Upon information and belief, Defendant Atomica Corp. is the successor to Applied Magnetics Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Applied Magnetics Corp. According to historical BKK Corp. records, Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Applied Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atomica Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

110.   Upon information and belief, Defendant Axel Johnson, Inc. is the successor to Industrial Tectonics Bearings Corporation (previously identified in this action and the related action as Industrial Tectonics Bearings) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Tectonics Bearings Corporation.  According to historical BKK Corp.

1    records, Industrial Tectonics Bearings Corporation contributed manifested waste to

2    the BKK Class I Facility. This manifested waste contained Hazardous Substances

3    that Industrial Tectonics Bearings Corporation generated and/or arranged for its

4    disposal at the BKK Class I Facility. To date, Defendant Axel Johnson, Inc. has not

5    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

6    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

7        111.   Upon information and belief, Defendant AZON Corporation is the

8    successor to Keuffel & Esser Co. and/or otherwise liable for manifested waste that

9    was contributed to the BKK Class I Facility by Keuffel & Esser Co.  According to

10   historical BKK Corp. records, Keuffel & Esser Co. contributed manifested waste to

11   the BKK Class I Facility. This manifested waste contained Hazardous Substances

12   that Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK

13   Class I Facility. To date, Defendant AZON Corporation has not incurred any

14   response costs at the BKK Class I Facility nor has it paid its fair share of response

15   costs incurred by the Plaintiffs at the BKK Class I Facility.

16       112.   Upon information and belief, Defendant B. Jadow and Sons, Inc. is the

17   successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was

18   contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical

19   BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK

20   Class I Facility. This manifested waste contained Hazardous Substances that Krazy

21   Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

22   date, Defendant B. Jadow and Sons, Inc. has not incurred any response costs at the

23   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

24   Plaintiffs at the BKK Class I Facility.

25       113.   According to historical BKK Corp. records, Defendant B.P. John

26   Furniture Co. contributed manifested waste to the BKK Class I Facility.  This

27   manifested waste contained Hazardous Substances that Defendant B.P. John

28   Furniture Co. generated and/or arranged for its disposal at the BKK Class I Facility.

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

To date, Defendant B.P. John Furniture Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114. Upon information and belief, Defendant BAE Systems San Diego Ship Repair Inc. is the successor to Southwest Marine, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwest Marine, Inc. According to historical BKK Corp. records, Southwest Marine, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southwest Marine, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BAE Systems San Diego Ship Repair Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

115. According to historical BKK Corp. records, Defendant Balser Trucking contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Balser Trucking generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Balser Trucking has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

116. Upon information and belief, Defendant Bausch Health Americas, Inc. is the successor to ICN Pharmaceuticals and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by ICN Pharmaceuticals. According to historical BKK Corp. records, ICN Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that ICN Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bausch Health Americas, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

1   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

2        117.   Upon information and belief, Defendant Baxter International Inc. is the

3   successor to American Scientific Products and/or otherwise liable for manifested

4   waste that was contributed to the BKK Class I Facility by American Scientific

5   Products.  According to historical BKK Corp. records, American Scientific

6   Products contributed manifested waste to the BKK Class I Facility. This manifested

7   waste contained Hazardous Substances that American Scientific Products generated

8   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

9   Baxter International Inc. has not incurred any response costs at the BKK Class I

10   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

11   the BKK Class I Facility.

12        118.   According to historical BKK Corp. records, Defendant Beatrice Hunt

13   Wesson Inc. contributed manifested waste to the BKK Class I Facility. This

14   manifested waste contained Hazardous Substances that Defendant Beatrice Hunt

15   Wesson Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

16   To date, Defendant Beatrice Hunt Wesson Inc. has not incurred any response costs

17   at the BKK Class I Facility nor has it paid its fair share of response costs incurred

18   by the Plaintiffs at the BKK Class I Facility.

19        119.   According to historical BKK Corp. records, Defendant Beazer East,

20   Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the

21   BKK Class I Facility.  This manifested waste contained Hazardous Substances that

22   Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or

23   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beazer

24   East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it

25   paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

26   Facility.

27        120.   According to historical BKK Corp. records, Defendant Beckman

28   Coulter Inc. contributed manifested waste to the BKK Class I Facility.  This

1  manifested waste contained Hazardous Substances that Defendant Beckman

2  Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

3  To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the

4  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

5  Plaintiffs at the BKK Class I Facility.

6       121.   According to historical BKK Corp. records, Defendant Becton,

7  Dickinson and Company (either itself or via its division Digitran aka Digitran

8  Company) contributed manifested waste to the BKK Class I Facility.  This

9  manifested waste contained Hazardous Substances that Defendant Becton,

10  Dickinson and Company (or its division Digitran aka Digitran Company) generated

11  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

12  Becton, Dickinson and Company has not incurred any response costs at the BKK

13  Class I Facility nor has it paid its fair share of response costs incurred by the

14  Plaintiffs at the BKK Class I Facility.

15       122.   Upon information and belief, Defendant Becton, Dickinson and

16  Company is the successor to Digitran aka Digitran Company and/or otherwise

17  liable for manifested waste that was contributed to the BKK Class I Facility by

18  Digitran aka Digitran Company.  According to historical BKK Corp. records,

19  Digitran aka Digitran Company contributed manifested waste to the BKK Class I

20  Facility. This manifested waste contained Hazardous Substances that Digitran aka

21  Digitran Company generated and/or arranged for its disposal at the BKK Class I

22  Facility. To date, Defendant Becton, Dickinson and Company has not incurred any

23  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

24  the Plaintiffs at the BKK Class I Facility.

25       123.   According to historical BKK Corp. records, Defendant Bernard Epps

26  & Co. contributed manifested waste to the BKK Class I Facility. This manifested

27  waste contained Hazardous Substances that Defendant Bernard Epps & Co.

28  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

1  Defendant Bernard Epps & Co. has not incurred any response costs at the BKK

2  Class I Facility nor has it paid its fair share of response costs incurred by the

3  Plaintiffs at the BKK Class I Facility.

4      124.   According to historical BKK Corp. records, Defendant Bethlehem

5  Steel Corp. contributed manifested waste to the BKK Class I Facility.  This

6  manifested waste contained Hazardous Substances that Defendant Bethlehem Steel

7  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

8  date, Defendant Bethlehem Steel Corp. has not incurred any response costs at the

9  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

10  Plaintiffs at the BKK Class I Facility.

11      125.   According to historical BKK Corp. records, Defendant Beverly Hills

12  Oil Company contributed manifested waste to the BKK Class I Facility.  This

13  manifested waste contained Hazardous Substances that Defendant Beverly Hills Oil

14  Company generated and/or arranged for its disposal at the BKK Class I Facility.

15  To date, Defendant Beverly Hills Oil Company has not incurred any response costs

16  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

17  by the Plaintiffs at the BKK Class I Facility.

18      126.   According to historical BKK Corp. records, Defendant BFI XV Realty

19  Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This

20  manifested waste contained Hazardous Substances that Defendant BFI XV Realty

21  Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility.

22  To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at

23  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

24  the Plaintiffs at the BKK Class I Facility.

25      127.   Upon information and belief, Defendant BI Technologies Corporation

26  is the successor to Beckman Coulter Inc. and/or otherwise liable for manifested

27  waste that was contributed to the BKK Class I Facility by Beckman Coulter Inc.

28  According to historical BKK Corp. records, Beckman Coulter Inc. contributed

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  manifested waste to the BKK Class I Facility. This manifested waste contained

2  Hazardous Substances that Beckman Coulter Inc. generated and/or arranged for its

3  disposal at the BKK Class I Facility. To date, Defendant BI Technologies

4  Corporation has not incurred any costs at the BKK Class I Facility nor has it paid

5  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

6      128.   According to historical BKK Corp. records, Defendant Big Three

7  Industries Inc. contributed manifested waste to the BKK Class I Facility.  This

8  manifested waste contained Hazardous Substances that Defendant Big Three

9  Industries Inc. generated and/or arranged for its disposal at the BKK Class I

10  Facility.  To date, Defendant Big Three Industries Inc. has not incurred any

11  response costs at the BKK Class I Facility nor has it paid its fair share of response

12  costs incurred by the Plaintiffs at the BKK Class I Facility.

13      129.   According to historical BKK Corp. records, Defendant Bingo Truck

14  Stop contributed manifested waste to the BKK Class I Facility.  This manifested

15  waste contained Hazardous Substances that Defendant Bingo Truck Stop generated

16  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

17  Bingo Truck Stop has not incurred any response costs at the BKK Class I Facility

18  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

19  Class I Facility.

20      130.   According to historical BKK Corp. records, Defendant Birtcher Pacific

21  contributed manifested waste to the BKK Class I Facility.  This manifested waste

22  contained Hazardous Substances that Defendant Birtcher Pacific generated and/or

23  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher

24  Pacific has not incurred any response costs at the BKK Class I Facility nor has it

25  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

26  Facility.

27      131.   According to historical BKK Corp. records, Defendant Blue Seal

28  Linen Supply contributed manifested waste to the BKK Class I Facility.  This

1  manifested waste contained Hazardous Substances that Defendant Blue Seal Linen

2  Supply generated and/or arranged for its disposal at the BKK Class I Facility.  To

3  date, Defendant Blue Seal Linen Supply has not incurred any response costs at the

4  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

5  Plaintiffs at the BKK Class I Facility.

6       132.  Upon information and belief, Defendant Bostik, Inc. is the successor to

7  R. & D. Latex Co. and/or otherwise liable for manifested waste that was

8  contributed to the BKK Class I Facility by R. & D. Latex Co.  According to

9  historical BKK Corp. records, R. & D. Latex Co. contributed manifested waste to

10  the BKK Class I Facility. This manifested waste contained Hazardous Substances

11  that R. & D. Latex Co. generated and/or arranged for its disposal at the BKK Class

12  I Facility. To date, Defendant Bostik, Inc. has not incurred any response costs at the

13  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

14  Plaintiffs at the BKK Class I Facility.

15       133.  Upon information and belief, Defendant BPJ International, Inc. is the

16  successor to B.P. John Furniture Co. and/or otherwise liable for manifested waste

17  that was contributed to the BKK Class I Facility by B.P. John Furniture Co.

18  According to historical BKK Corp. records, B.P. John Furniture Co. contributed

19  manifested waste to the BKK Class I Facility. This manifested waste contained

20  Hazardous Substances that B.P. John Furniture Co. generated and/or arranged for

21  its disposal at the BKK Class I Facility. To date, Defendant BPJ International, Inc.

22  has not incurred any response costs at the BKK Class I Facility nor has it paid its

23  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

24       134.  Upon information and belief, Defendant Bridgestone Americas, Inc. is

25  the successor to Firestone Tire & Rubber Co. and/or otherwise liable for manifested

26  waste that was contributed to the BKK Class I Facility by Firestone Tire & Rubber

27  Co.  According to historical BKK Corp. records, Firestone Tire & Rubber Co.

28  contributed manifested waste to the BKK Class I Facility. This manifested waste

1  contained Hazardous Substances that Firestone Tire & Rubber Co. generated and/or

2  arranged for its disposal at the BKK Class I Facility. To date, Defendant

3  Bridgestone Americas, Inc. has not incurred any response costs at the BKK Class I

4  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

5  the BKK Class I Facility.

6    135. According to historical BKK Corp. records, Defendant Brooks &

7  Perkins Brownline Division contributed manifested waste to the BKK Class I

8  Facility.  This manifested waste contained Hazardous Substances that Defendant

9  Brooks & Perkins Brownline Division generated and/or arranged for its disposal at

10  the BKK Class I Facility.  To date, Defendant Brooks & Perkins Brownline

11  Division has not incurred any response costs at the BKK Class I Facility nor has it

12  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

13  Facility.

14    136. Upon information and belief, Defendant Bunge Global Markets, Inc. is

15  the successor to Richardson & Holland and/or otherwise liable for manifested waste

16  that was contributed to the BKK Class I Facility by Richardson & Holland.

17  According to historical BKK Corp. records, Richardson & Holland contributed

18  manifested waste to the BKK Class I Facility. This manifested waste contained

19  Hazardous Substances that Richardson & Holland generated and/or arranged for its

20  disposal at the BKK Class I Facility. To date, Defendant Bunge Global Markets,

21  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

22  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23    137. According to historical BKK Corp. records, Defendant Byron Jackson

24  Pumps contributed manifested waste to the BKK Class I Facility.  This manifested

25  waste contained Hazardous Substances that Defendant Byron Jackson Pumps

26  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

27  Defendant Byron Jackson Pumps has not incurred any response costs at the BKK

28  Class I Facility nor has it paid its fair share of response costs incurred by the

Plaintiffs at the BKK Class I Facility.

138.   According to historical BKK Corp. records, Defendant Cadet Uniform & Linen Supply Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cadet Uniform & Linen Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cadet Uniform & Linen Supply Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

139.   According to historical BKK Corp. records, Defendant Cal-Aurum Industries (previously identified in this action as Aurum Industries, Inc.) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cal-Aurum Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cal-Aurum Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

140.   According to historical BKK Corp. records, Defendant Cal-Chem Cleaning Co., Inc. (previously identified in this action and the related action as Cal Chem Cleaning Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cal-Chem Cleaning Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cal-Chem Cleaning Co., Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

141.   According to historical BKK Corp. records, Defendant Cal Nev Pipeline Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cal Nev Pipeline Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

1   Defendant Cal Nev Pipeline Co. has not incurred any response costs at the BKK

2   Class I Facility nor has it paid its fair share of response costs incurred by the

3   Plaintiffs at the BKK Class I Facility.

4       142.   According to historical BKK Corp. records, Defendant Cal Style

5   Furniture Manufacturing Co. contributed manifested waste to the BKK Class I

6   Facility. This manifested waste contained Hazardous Substances that Defendant Cal

7   Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the

8   BKK Class I Facility. To date, Defendant Cal Style Furniture Manufacturing Co.

9   has not incurred any response costs at the BKK Class I Facility nor has it paid its

10  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

11      143.   According to historical BKK Corp. records, Defendant Cali-Blok

12  contributed manifested waste to the BKK Class I Facility. This manifested waste

13  contained Hazardous Substances that Defendant Cali-Blok generated and/or

14  arranged for its disposal at the BKK Class I Facility. To date, Defendant Cali-Blok

15  has not incurred any response costs at the BKK Class I Facility nor has it paid its

16  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

17      144.   According to historical BKK Corp. records, Defendant Calbiochem-

18  Behring Corp. contributed manifested waste to the BKK Class I Facility.  This

19  manifested waste contained Hazardous Substances that Defendant Calbiochem-

20  Behring Corp. generated and/or arranged for its disposal at the BKK Class I

21  Facility.  To date, Defendant Calbiochem-Behring Corp. has not incurred any

22  response costs at the BKK Class I Facility nor has it paid its fair share of response

23  costs incurred by the Plaintiffs at the BKK Class I Facility.

24      145.   According to historical BKK Corp. records, Defendant California

25  Carpet Co. contributed manifested waste to the BKK Class I Facility. This

26  manifested waste contained Hazardous Substances that Defendant California Carpet

27  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28  Defendant California Carpet Co. has not incurred any response costs at the BKK

Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

146.    Upon information and belief, Defendant Calgon Carbon Corporation is the successor to Calgon Corporation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Calgon Corporation. According to historical BKK Corp. records, Calgon Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Calgon Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Calgon Carbon Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

147.    According to historical BKK Corp. records, Defendant Calprotech Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Calprotech Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Calprotech Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

148.    Upon information and belief, Defendant Capital Parade USA, Inc. is the successor to Circuit One Div. of LH Research Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Circuit One Div. of LH Research Inc.  According to historical BKK Corp. records, Circuit One Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Circuit One Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Capital Parade USA, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

149.   According to historical BKK Corp. records, Defendant Cargill Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cargill Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

150.   Upon information and belief, Defendant Castle & Cooke, Inc. is the successor to Westminster Ceramics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Westminster Ceramics Inc.  According to historical BKK Corp. records, Westminster Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Westminster Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Castle & Cooke, Inc. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

151.   Upon information and belief, Defendant Celanese Corporation is the successor to Calbiochem-Behring Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Calbiochem-Behring Corp.  According to historical BKK Corp. records, Calbiochem-Behring Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Calbiochem-Behring Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Celanese Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

152.   Upon information and belief, Defendant Cerro Corporation is the successor to JCX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by JCX.  According to historical BKK Corp. records,

1  JCX contributed manifested waste to the BKK Class I Facility. This manifested

2  waste contained Hazardous Substances that JCX generated and/or arranged for its

3  disposal at the BKK Class I Facility. To date, Defendant Cerro Corporation has not

4  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

5  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

6      153.  According to historical BKK Corp. records, Defendant Certified

7  Grocers of Cal. contributed manifested waste to the BKK Class I Facility.  This

8  manifested waste contained Hazardous Substances that Defendant Certified Grocers

9  of Cal. generated and/or arranged for its disposal at the BKK Class I Facility.  To

10  date, Defendant Certified Grocers of Cal. has not incurred any response costs at the

11  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

12  Plaintiffs at the BKK Class I Facility.

13      154.  According to historical BKK Corp. records, Defendant CHB Foods

14  (identified in the related case as "CHP Foods") contributed manifested waste to the

15  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

16  Defendant CHB Foods (identified in the related case as "CHP Foods") generated

17  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

18  CHB Foods (identified in the related case as "CHP Foods") has not incurred any

19  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

20  the Plaintiffs at the BKK Class I Facility.

21      155.  According to historical BKK Corp. records, Defendant Chemware

22  contributed manifested waste to the BKK Class I Facility.  This manifested waste

23  contained Hazardous Substances that Defendant Chemware generated and/or

24  arranged for its disposal at the BKK Class I Facility.  To date, Defendant

25  Chemware has not incurred any response costs at the BKK Class I Facility nor has

26  it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

27  Facility.

28      156.  According to historical BKK Corp. records, Defendant Cia Minera De

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Cananea SA contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cia Minera De Cananea SA generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cia Minera De Cananea SA has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

157.    According to historical BKK Corp. records, Defendant Circuit One Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Circuit One Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Circuit One Div. of LH Research Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

158.    According to historical BKK Corp. records, Defendant Cleveland Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cleveland Wrecking Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

159.    According to historical BKK Corp. records, Defendant Coast Plating, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Coast Plating, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Coast Plating, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

160.    According to historical BKK Corp. records, Defendant Cognis Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste

1  contained Hazardous Substances that Defendant Cognis Corp. generated and/or

2  arranged for its disposal at the BKK Class I Facility. To date, Defendant Cognis

3  Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

4  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5       161.   Upon information and belief, Defendant Conagra Brands, Inc. is the

6  successor to Beatrice Hunt Wesson Inc. and/or otherwise liable for manifested

7  waste that was contributed to the BKK Class I Facility by Beatrice Hunt Wesson

8  Inc.  According to historical BKK Corp. records, Beatrice Hunt Wesson Inc.

9  contributed manifested waste to the BKK Class I Facility. This manifested waste

10  contained Hazardous Substances that Beatrice Hunt Wesson Inc. generated and/or

11  arranged for its disposal at the BKK Class I Facility. To date, Defendant Conagra

12  Brands, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

13  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14       162.   According to historical BKK Corp. records, Defendant Control

15  Components Inc. contributed manifested waste to the BKK Class I Facility. This

16  manifested waste contained Hazardous Substances that Defendant Control

17  Components Inc. generated and/or arranged for its disposal at the BKK Class I

18  Facility. To date, Defendant Control Components Inc. has not incurred any costs at

19  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

20  Plaintiffs at the BKK Class I Facility.

21       163.   Upon information and belief, Defendant Coscol Petroleum

22  Corporation is the successor to Western Fuel Oil Company and/or otherwise liable

23  for manifested waste that was contributed to the BKK Class I Facility by Western

24  Fuel Oil Company  According to historical BKK Corp. records, Western Fuel Oil

25  Company contributed manifested waste to the BKK Class I Facility. This

26  manifested waste contained Hazardous Substances that Western Fuel Oil Company

27  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28  Defendant Coscol Petroleum Corporation has not incurred any costs at the BKK

Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

164. According to historical BKK Corp. records, Defendant Cragar Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cragar Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cragar Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

165. Upon information and belief, Defendant Crain Industries, Inc. is the successor to Crain Western, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crain Western, Inc. According to historical BKK Corp. records, Crain Western, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crain Western, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crain Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

166. According to historical BKK Corp. records, Defendant Crain Western, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Crain Western, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crain Western, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

167. Upon information and belief, Defendant CRE Liquidation LLC is the successor to Cal Style Furniture Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Style

1   Furniture Manufacturing Co.  According to historical BKK Corp. records, Cal Style
2   Furniture Manufacturing Co. contributed manifested waste to the BKK Class I
3   Facility. This manifested waste contained Hazardous Substances that Cal Style
4   Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK
5   Class I Facility. To date, Defendant CRE Liquidation LLC has not incurred any
6   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
7   the Plaintiffs at the BKK Class I Facility.

8       168.   According to historical BKK Corp. records, Defendant Crescent
9   Transportation contributed manifested waste to the BKK Class I Facility.  This
10  manifested waste contained Hazardous Substances that Defendant Crescent
11  Transportation generated and/or arranged for its disposal at the BKK Class I
12  Facility.  To date, Defendant Crescent Transportation has not incurred any response
13  costs at the BKK Class I Facility nor has it paid its fair share of response costs
14  incurred by the Plaintiffs at the BKK Class I Facility.

15      169.   Upon information and belief, Defendant Criton Corporation is the
16  successor to Sandia Metal Process, Inc. and/or otherwise liable for manifested
17  waste that was contributed to the BKK Class I Facility by Sandia Metal Process,
18  Inc.  According to historical BKK Corp. records, Sandia Metal Process, Inc.
19  contributed manifested waste to the BKK Class I Facility. This manifested waste
20  contained Hazardous Substances that Sandia Metal Process, Inc. generated and/or
21  arranged for its disposal at the BKK Class I Facility. To date, Defendant Criton
22  Corporation has not incurred any costs at the BKK Class I Facility nor has it paid
23  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24      170.   According to historical BKK Corp. records, Defendant Crockett
25  Container Corp. contributed manifested waste to the BKK Class I Facility.  This
26  manifested waste contained Hazardous Substances that Defendant Crockett
27  Container Corp. generated and/or arranged for its disposal at the BKK Class I
28  Facility.  To date, Defendant Crockett Container Corp. has not incurred any costs at

1  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

2  Plaintiffs at the BKK Class I Facility.

3      171.   According to historical BKK Corp. records, Defendant Crowley Inc.

4  contributed manifested waste to the BKK Class I Facility.  This manifested waste

5  contained Hazardous Substances that Defendant Crowley Inc. generated and/or

6  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley

7  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

8  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

9      172.   Upon information and belief, Defendant Crown Central LLC is the

10  successor to Crown Central Petroleum Corporation and/or otherwise liable for

11  manifested waste that was contributed to the BKK Class I Facility by Crown

12  Central Petroleum Corporation.  According to historical BKK Corp. records, Crown

13  Central Petroleum Corporation contributed manifested waste to the BKK Class I

14  Facility. This manifested waste contained Hazardous Substances that Crown

15  Central Petroleum Corporation generated and/or arranged for its disposal at the

16  BKK Class I Facility. To date, Defendant Crown Central LLC has not incurred any

17  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

18  the Plaintiffs at the BKK Class I Facility.

19      173.   According to historical BKK Corp. records, Defendant Crown Central

20  Petroleum Corporation contributed manifested waste to the BKK Class I Facility.

21  This manifested waste contained Hazardous Substances that Defendant Crown

22  Central Petroleum Corporation generated and/or arranged for its disposal at the

23  BKK Class I Facility.  To date, Defendant Crown Central Petroleum Corporation

24  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

25  of costs incurred by the Plaintiffs at the BKK Class I Facility.

26      174.   According to historical BKK Corp. records, Defendant Crown

27  Disposal Inc. contributed manifested waste to the BKK Class I Facility.  This

28  manifested waste contained Hazardous Substances that Defendant Crown Disposal

71

1    Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

2    Defendant Crown Disposal Inc. has not incurred any costs at the BKK Class I

3    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

4    Class I Facility.

5        175.   Upon information and belief, Defendant Crown Disposal Inc. is the

6    successor to Liquid Waste Management and/or otherwise liable for manifested

7    waste that was contributed to the BKK Class I Facility by Liquid Waste

8    Management.  According to historical BKK Corp. records, Liquid Waste

9    Management contributed manifested waste to the BKK Class I Facility. This

10   manifested waste contained Hazardous Substances that Liquid Waste Management

11   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

12   Defendant Crown Disposal Inc. has not incurred any costs at the BKK Class I

13   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

14   Class I Facility.

15       176.   According to historical BKK Corp. records, Defendant Crown

16   Zellerbach Co. contributed manifested waste to the BKK Class I Facility. This

17   manifested waste contained Hazardous Substances that Defendant Crown

18   Zellerbach Co. generated and/or arranged for its disposal at the BKK Class I

19   Facility. To date, Defendant Crown Zellerbach Co. has not incurred any costs at the

20   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21   at the BKK Class I Facility.

22       177.   Upon information and belief, Defendant CS&M, Inc. is the successor

23   to Diamond Plastics and/or otherwise liable for manifested waste that was

24   contributed to the BKK Class I Facility by Diamond Plastics.  According to

25   historical BKK Corp. records, Diamond Plastics contributed manifested waste to

26   the BKK Class I Facility. This manifested waste contained Hazardous Substances

27   that Diamond Plastics generated and/or arranged for its disposal at the BKK Class I

28   Facility. To date, Defendant CS&M, Inc. has not incurred any costs at the BKK

Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

178. According to historical BKK Corp. records, Defendant Cummins Service & Sales Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cummins Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cummins Service & Sales Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

179. According to historical BKK Corp. records, Defendant Cyclo Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cyclo Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cyclo Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

180. Upon information and belief, Defendant Cytec Industries Inc. is the successor to Fiberite West Coast Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fiberite West Coast Corp. According to historical BKK Corp. records, Fiberite West Coast Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fiberite West Coast Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cytec Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

181. According to historical BKK Corp. records, Defendant Daiwa Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Daiwa Corp. generated and/or

1    arranged for its disposal at the BKK Class I Facility. To date, Defendant Daiwa

2    Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

3    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4        182.   According to historical BKK Corp. records, Defendant Darnell Corp.

5    (previously identified in this action and the related action as Darnell Corporate Ltd.)

6    contributed manifested waste to the BKK Class I Facility. This manifested waste

7    contained Hazardous Substances that Defendant Darnell Corp. generated and/or

8    arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell

9    Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

10    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11        183.   Upon information and belief, Defendant Darnell-Rose is the successor

12    to Darnell Corp. and/or otherwise liable for manifested waste that was contributed

13    to the BKK Class I Facility by Darnell Corp.  According to historical BKK Corp.

14    records, Darnell Corp. contributed manifested waste to the BKK Class I Facility.

15    This manifested waste contained Hazardous Substances that Darnell Corp.

16    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17    Defendant Darnell-Rose has not incurred any costs at the BKK Class I Facility nor

18    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

19    Facility.

20        184.   Upon information and belief, Defendant Data Device Corp. is the

21    successor to Arnold Circuits, Inc. and/or Arnold Electronics Inc. and/or otherwise

22    liable for manifested waste that was contributed to the BKK Class I Facility by

23    Arnold Circuits, Inc. and/or Arnold Electronics Inc.  According to historical BKK

24    Corp. records, Arnold Circuits, Inc. and Arnold Electronics Inc. contributed

25    manifested waste to the BKK Class I Facility. This manifested waste contained

26    Hazardous Substances that Arnold Circuits, Inc. and Arnold Electronics Inc.

27    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28    Defendant Data Device Corp. has not incurred any costs at the BKK Class I Facility

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2  Facility.

3      185.   According to historical BKK Corp. records, Defendant Data Products

4  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

5  waste contained Hazardous Substances that Defendant Data Products Corp.

6  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

7  Defendant Data Products Corp. has not incurred any response costs at the BKK

8  Class I Facility nor has it paid its fair share of response costs incurred by the

9  Plaintiffs at the BKK Class I Facility.

10      186.   According to historical BKK Corp. records, Defendant Davis

11  Investment Co. contributed manifested waste to the BKK Class I Facility. This

12  manifested waste contained Hazardous Substances that Defendant Davis

13  Investment Co. generated and/or arranged for its disposal at the BKK Class I

14  Facility. To date, Defendant Davis Investment Co. has not incurred any costs at the

15  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

16  at the BKK Class I Facility.

17      187.   According to historical BKK Corp. records, Defendant Decratrend

18  Corp. contributed manifested waste to the BKK Class I Facility. This manifested

19  waste contained Hazardous Substances that Defendant Decratrend Corp. generated

20  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

21  Decratrend Corp. has not incurred any costs at the BKK Class I Facility nor has it

22  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23      188.   Upon information and belief, Defendant Delaware Outsourcing

24  Services Group, Inc. is the successor to Aerosol Services Co. Inc. and/or otherwise

25  liable for manifested waste that was contributed to the BKK Class I Facility by

26  Aerosol Services Co. Inc.  According to historical BKK Corp. records, Aerosol

27  Services Co. Inc. contributed manifested waste to the BKK Class I Facility. This

28  manifested waste contained Hazardous Substances that Aerosol Services Co. Inc.

1  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

2  Defendant Delaware Outsourcing Services Group, Inc. has not incurred any costs at

3  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

4  Plaintiffs at the BKK Class I Facility.

5  189.   Upon information and belief, Defendant Denso Products and Services

6  Americas, Inc. (previously identified in this action as Densco Products and Services

7  Americas, Inc.) is the successor to Nippondenso of Los Angeles and/or otherwise

8  liable for manifested waste that was contributed to the BKK Class I Facility by

9  Nippondenso of Los Angeles.  According to historical BKK Corp. records,

10  Nippondenso of Los Angeles contributed manifested waste to the BKK Class I

11  Facility. This manifested waste contained Hazardous Substances that Nippondenso

12  of Los Angeles generated and/or arranged for its disposal at the BKK Class I

13  Facility. To date, Defendant Denso Products and Services Americas, Inc. has not

14  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

15  incurred by the Plaintiffs at the BKK Class I Facility.

16  190.   According to historical BKK Corp. records, Defendant Desoto Inc.

17  contributed manifested waste to the BKK Class I Facility.  This manifested waste

18  contained Hazardous Substances that Defendant Desoto Inc. generated and/or

19  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto

20  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

21  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

22  191.   Upon information and belief, Defendant Devon Energy Corp. is the

23  successor to Pauley Petroleum Co. and/or otherwise liable for manifested waste that

24  was contributed to the BKK Class I Facility by Pauley Petroleum Co.  According to

25  historical BKK Corp. records, Pauley Petroleum Co. contributed manifested waste

26  to the BKK Class I Facility. This manifested waste contained Hazardous

27  Substances that Pauley Petroleum Co. generated and/or arranged for its disposal at

28  the BKK Class I Facility. To date, Defendant Devon Energy Corp. has not incurred

any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

192.    Upon information and belief, Defendant Diamond International Corp. is the successor to Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Lithograph. According to historical BKK Corp. records, Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Diamond International Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

193.    According to historical BKK Corp. records, Defendant Diamond Plastics contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Diamond Plastics generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Diamond Plastics has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

194.    According to historical BKK Corp. records, Defendant Disposal Control Service, Inc. (previously identified in this action and the related action as Disposal Control) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Disposal Control Service, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Disposal Control Service, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

195.    Upon information and belief, Defendant Diversified Coating Systems, Inc. is the successor to Advanced Coatings Inc. (previously identified in this action

1  and the related action as Advanced Coating Inc.) and/or otherwise liable for

2  manifested waste that was contributed to the BKK Class I Facility by Advanced

3  Coatings Inc.  According to historical BKK Corp. records, Advanced Coatings Inc.

4  contributed manifested waste to the BKK Class I Facility. This manifested waste

5  contained Hazardous Substances that Advanced Coatings Inc. generated and/or

6  arranged for its disposal at the BKK Class I Facility. To date, Defendant Diversified

7  Coating Systems, Inc. has not incurred any costs at the BKK Class I Facility nor

8  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

9  Facility.

10      196.    According to historical BKK Corp. records, Defendant Don Kott Ford

11  (previously identified in this action as Don Knott Ford) contributed manifested

12  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

13  Substances that Defendant Don Kott Ford generated and/or arranged for its disposal

14  at the BKK Class I Facility.  To date, Defendant Don Kott Ford has not incurred

15  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

16  by the Plaintiffs at the BKK Class I Facility.

17      197.    According to historical BKK Corp. records, Defendant Douglas

18  Furniture of California contributed manifested waste to the BKK Class I Facility.

19  This manifested waste contained Hazardous Substances that Defendant Douglas

20  Furniture of California generated and/or arranged for its disposal at the BKK Class

21  I Facility. To date, Defendant Douglas Furniture of California has not incurred any

22  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

23  the Plaintiffs at the BKK Class I Facility.

24      198.    According to historical BKK Corp. records, Defendant Drackett Co.

25  contributed manifested waste to the BKK Class I Facility. This manifested waste

26  contained Hazardous Substances that Defendant Drackett Co. generated and/or

27  arranged for its disposal at the BKK Class I Facility. To date, Defendant Drackett

28  Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

1    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        199.   According to historical BKK Corp. records, Defendant Dresser

3    Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

4    manifested waste contained Hazardous Substances that Defendant Dresser

5    Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

6    Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any costs at

7    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

8    Plaintiffs at the BKK Class I Facility.

9        200.   According to historical BKK Corp. records, Defendant Durex Inc.

10   contributed manifested waste to the BKK Class I Facility.  This manifested waste

11   contained Hazardous Substances that Defendant Durex Inc. generated and/or

12   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex

13   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

14   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15       201.   According to historical BKK Corp. records, Defendant E.T.C. Carpet

16   Mills, Ltd. contributed manifested waste to the BKK Class I Facility.  This

17   manifested waste contained Hazardous Substances that Defendant E.T.C. Carpet

18   Mills, Ltd. generated and/or arranged for its disposal at the BKK Class I Facility.

19   To date, Defendant E.T.C. Carpet Mills, Ltd. has not incurred any costs at the BKK

20   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at

21   BKK Class I Facility.

22       202.   Upon information and belief, Defendant E.T.C. Carpet Mills, Ltd. is

23   the successor to California Carpet Co. and/or otherwise liable for manifested waste

24   that was contributed to the BKK Class I Facility by California Carpet Co.

25   According to historical BKK Corp. records, California Carpet Co. contributed

26   manifested waste to the BKK Class I Facility. This manifested waste contained

27   Hazardous Substances that California Carpet Co. generated and/or arranged for its

28   disposal at the BKK Class I Facility. To date, Defendant E.T.C. Carpet Mills, Ltd.

has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

203.   Upon information and belief, Defendant East Coast Oceanview, LLC is the successor to Wells Marine Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Wells Marine Inc.  According to historical BKK Corp. records, Wells Marine Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Wells Marine Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant East Coast Oceanview, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

204.   According to historical BKK Corp. records, Defendant Elfab Corp. (previously identified in this action and the related action as El Fab) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Elfab Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Elfab Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

205.   According to historical BKK Corp. records, Defendant Electrofilm Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Electrofilm Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Electrofilm Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

206.   According to historical BKK Corp. records, Defendant Electronic Materials Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Electronic Materials Corp. generated and/or arranged for its disposal at the BKK Class I

Facility.  To date, Defendant Electronic Materials Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

207.   According to historical BKK Corp. records, Defendant Electronic Reclamation Service contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electronic Reclamation Service generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Electronic Reclamation Service has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

208.   According to historical BKK Corp. records, Defendant Electro-Etch Circuits Inc. (previously identified in this action and the related action as Electrotech Circuits Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electro-Etch Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electro-Etch Circuits Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

209.   Upon information and belief, Defendant Elevate Textiles, Inc. (previously identified in this action as Elevate Textiles) is the successor to Wells Marine Inc. and Valentec International Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Wells Marine Inc. and Valentec International Corp.  According to historical BKK Corp. records, Wells Marine Inc. and Valentec International Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Wells Marine Inc. and Valentec International Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Elevate Textiles, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

1    of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        210.    According to historical BKK Corp. records, Defendant EME Corp.

3    contributed manifested waste to the BKK Class I Facility. This manifested waste

4    contained Hazardous Substances that Defendant EME Corp. generated and/or

5    arranged for its disposal at the BKK Class I Facility. To date, Defendant EME

6    Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

7    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8        211.    Upon information and belief, Defendant Emerald Equities is the

9    successor to Merel Co. Inc. and/or otherwise liable for manifested waste that was

10   contributed to the BKK Class I Facility by Merel Co. Inc.  According to historical

11   BKK Corp. records, Merel Co. Inc. contributed manifested waste to the BKK Class

12   I Facility. This manifested waste contained Hazardous Substances that Merel Co.

13   Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

14   Defendant Emerald Equities has not incurred any costs at the BKK Class I Facility

15   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

16   Facility.

17       212.    According to historical BKK Corp. records, Defendant Emery

18   Industries Inc. contributed manifested waste to the BKK Class I Facility. This

19   manifested waste contained Hazardous Substances that Defendant Emery Industries

20   Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

21   Defendant Emery Industries Inc. has not incurred any costs at the BKK Class I

22   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

23   Class I Facility.

24       213.    Upon information and belief, Defendant Emery Oleochemicals LLC is

25   the successor to Emery Industries Inc. and/or otherwise liable for manifested waste

26   that was contributed to the BKK Class I Facility by Emery Industries Inc.

27   According to historical BKK Corp. records, Emery Industries Inc. contributed

28   manifested waste to the BKK Class I Facility. This manifested waste contained

1   Hazardous Substances that Emery Industries Inc. generated and/or arranged for its

2   disposal at the BKK Class I Facility. To date, Defendant Emery Oleochemicals

3   LLC has not incurred any response costs at the BKK Class I Facility nor has it paid

4   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5       214.   Upon information and belief, Defendant Employbridge LLC is the

6   successor to Heist Maintenance Services Inc. and/or otherwise liable for manifested

7   waste that was contributed to the BKK Class I Facility by Heist Maintenance

8   Services Inc.  According to historical BKK Corp. records, Heist Maintenance

9   Services Inc. contributed manifested waste to the BKK Class I Facility. This

10  manifested waste contained Hazardous Substances that Heist Maintenance Services

11  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

12  Defendant Employbridge LLC has not incurred any response costs at the BKK

13  Class I Facility nor has it paid its fair share of response costs incurred by the

14  Plaintiffs at the BKK Class I Facility.

15      215.   Upon information and belief, Defendant Emrise Electronics Corp. is

16  the successor to Arnold Circuits, Inc. and/or Arnold Electronics Inc. and/or

17  otherwise liable for manifested waste that was contributed to the BKK Class I

18  Facility by Arnold Circuits, Inc. and/or Arnold Electronics Inc.  According to

19  historical BKK Corp. records, Arnold Circuits, Inc. and Arnold Electronics Inc.

20  contributed manifested waste to the BKK Class I Facility. This manifested waste

21  contained Hazardous Substances that Arnold Circuits, Inc. and Arnold Electronics

22  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

23  Defendant Emrise Electronics Corp. has not incurred any costs at the BKK Class I

24  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

25  Class I Facility.

26      216.   According to historical BKK Corp. records, Defendant Energy

27  Development Co. Inc. contributed manifested waste to the BKK Class I Facility.

28  This manifested waste contained Hazardous Substances that Defendant Energy

1  Development Co. Inc. generated and/or arranged for its disposal at the BKK Class I

2  Facility. To date, Defendant Energy Development Co. Inc. has not incurred any

3  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

4  the Plaintiffs at the BKK Class I Facility.

5      217.  Upon information and belief, Defendant Enliven Marketing

6  Technologies Corporation is the successor to Fotomat Labs Inc. and/or otherwise

7  liable for manifested waste that was contributed to the BKK Class I Facility by

8  Fotomat Labs Inc.  According to historical BKK Corp. records, Fotomat Labs Inc.

9  contributed manifested waste to the BKK Class I Facility. This manifested waste

10  contained Hazardous Substances that Fotomat Labs Inc. generated and/or arranged

11  for its disposal at the BKK Class I Facility. To date, Defendant Enliven Marketing

12  Technologies Corporation has not incurred any costs at the BKK Class I Facility

13  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

14  Facility.

15      218.  According to historical BKK Corp. records, Defendant Environmental

16  Control Systems Inc. contributed manifested waste to the BKK Class I Facility.

17  This manifested waste contained Hazardous Substances that Defendant

18  Environmental Control Systems Inc. generated and/or arranged for its disposal at

19  the BKK Class I Facility. To date, Defendant Environmental Control Systems Inc.

20  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

21  of costs incurred by the Plaintiffs at the BKK Class I Facility.

22      219.  Upon information and belief, Defendant Epec Oil Co. Liquidating

23  Trust is the successor to Tenneco Oil Co. and/or otherwise liable for manifested

24  waste that was contributed to the BKK Class I Facility by Tenneco Oil Co.

25  According to historical BKK Corp. records, Tenneco Oil Co. contributed

26  manifested waste to the BKK Class I Facility. This manifested waste contained

27  Hazardous Substances that Tenneco Oil Co. generated and/or arranged for its

28  disposal at the BKK Class I Facility. To date, Defendant Epec Oil Co. Liquidating

1  Trust has not incurred any costs at the BKK Class I Facility nor has it paid its fair

2  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3       220.   Upon information and belief, Defendant Evergreen Pacific Partners is

4  the successor to Marcor Environmental West, Inc. (aka and/or previously identified

5  in this action and the related action as Marco Chemical Co.) and/or otherwise liable

6  for manifested waste that was contributed to the BKK Class I Facility by Marcor

7  Environmental West, Inc.  According to historical BKK Corp. records, Marcor

8  Environmental West, Inc. contributed manifested waste to the BKK Class I Facility.

9  This manifested waste contained Hazardous Substances that Marcor Environmental

10  West, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

11  date, Defendant Evergreen Pacific Partners has not incurred any costs at the BKK

12  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

13  BKK Class I Facility.

14       221.   Upon information and belief, Defendant Fairchild Holding Corp. is the

15  successor to Voi Shan and/or otherwise liable for manifested waste that was

16  contributed to the BKK Class I Facility by Voi Shan.  According to historical BKK

17  Corp. records, Voi Shan contributed manifested waste to the BKK Class I Facility.

18  This manifested waste contained Hazardous Substances that Voi Shan generated

19  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

20  Fairchild Holding Corp. has not incurred any costs at the BKK Class I Facility nor

21  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

22  Facility.

23       222.   According to historical BKK Corp. records, Defendant Fairchild

24  Industries contributed manifested waste to the BKK Class I Facility. This

25  manifested waste contained Hazardous Substances that Defendant Fairchild

26  Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

27  date, Defendant Fairchild Industries has not incurred any costs at the BKK Class I

28  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

1    Class I Facility.

2         223.   According to historical BKK Corp. records, Defendant Fairchild

3    Semiconductor International, Inc. contributed manifested waste to the BKK Class I

4    Facility. This manifested waste contained Hazardous Substances that Defendant

5    Fairchild Semiconductor International, Inc. generated and/or arranged for its

6    disposal at the BKK Class I Facility. To date, Defendant Fairchild Semiconductor

7    International, Inc. has not incurred any costs at the BKK Class I Facility nor has it

8    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

9         224.   According to historical BKK Corp. records, Defendant Federal

10   Express Corporation contributed manifested waste to the BKK Class I Facility.

11   This manifested waste contained Hazardous Substances that Defendant Federal

12   Express Corporation generated and/or arranged for its disposal at the BKK Class I

13   Facility.  To date, Defendant Federal Express Corporation has not incurred any

14   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

15   the Plaintiffs at the BKK Class I Facility.

16        225.   Upon information and belief, Defendant Federal Express Corporation

17   is the successor to Flying Tigers Line and/or otherwise liable for manifested waste

18   that was contributed to the BKK Class I Facility by Flying Tigers Line.  According

19   to historical BKK Corp. records, Flying Tigers Line contributed manifested waste

20   to the BKK Class I Facility. This manifested waste contained Hazardous

21   Substances that Flying Tigers Line generated and/or arranged for its disposal at the

22   BKK Class I Facility. To date, Defendant Federal Express Corporation has not

23   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

24   incurred by the Plaintiffs at the BKK Class I Facility.

25        226.   According to historical BKK Corp. records, Defendant Federal

26   Reserve Bank contributed manifested waste to the BKK Class I Facility.  This

27   manifested waste contained Hazardous Substances that Defendant Federal Reserve

28   Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To

date, Defendant Federal Reserve Bank has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

227.    According to historical BKK Corp. records, Defendant Fiberite West Coast Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fiberite West Coast Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fiberite West Coast Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

228.    According to historical BKK Corp. records, Defendant Firestone Tire & Rubber Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Firestone Tire & Rubber Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Firestone Tire & Rubber Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

229.    According to historical BKK Corp. records, Defendant Fletcher Oil & Refining Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fletcher Oil & Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fletcher Oil & Refining Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

230.    According to historical BKK Corp. records, Defendant Flight Accessory Service contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Flight Accessory Service generated and/or arranged for its disposal at the BKK Class I Facility. To

date, Defendant Flight Accessory Service has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

231.   Upon information and belief, Defendant Flowserve Corporation is the successor to Byron Jackson Pumps and/or Borg Warner and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Byron Jackson Pumps and/or Borg Warner.  According to historical BKK Corp. records, Byron Jackson Pumps and Borg Warner contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Byron Jackson Pumps and Borg Warner generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Flowserve Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

232.   According to historical BKK Corp. records, Defendant Fotomat Labs Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fotomat Labs Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fotomat Labs Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

233.   According to historical BKK Corp. records, Defendant Flying Tigers Line contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Flying Tigers Line generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Flying Tigers Line has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

234.   Upon information and belief, Defendant FORCO Liquidation Trust is the successor to Fletcher Oil & Refining Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fletcher Oil & Refining

Co.  According to historical BKK Corp. records, Fletcher Oil & Refining Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fletcher Oil & Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant FORCO Liquidation Trust has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

235.   According to historical BKK Corp. records, Defendant Franciscan Ceramics Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Franciscan Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Franciscan Ceramics Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

236.   According to historical BKK Corp. records, Defendant Frazee Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Frazee Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Frazee Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

237.   Upon information and belief, Defendant Freeport-McMoran Inc. is the successor to Petro Lewis Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Petro Lewis Corp.  According to historical BKK Corp. records, Petro Lewis Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Freeport-McMoran Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

Plaintiffs at the BKK Class I Facility.

238.   Upon information and belief, Defendant Friction Inc. is the successor to Friction Materials Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Friction Materials Corp.  According to historical BKK Corp. records, Friction Materials Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Friction Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Friction Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

239.   According to historical BKK Corp. records, Defendant Friction Materials Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Friction Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Friction Materials Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

240.   According to historical BKK Corp. records, Defendant FMC Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant FMC Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant FMC Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

241.   According to historical BKK Corp. records, Defendant Ford Aerospace and Communications Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Ford Aerospace and Communications Corp. generated and/or arranged

for its disposal at the BKK Class I Facility.  To date, Defendant Ford Aerospace and Communications Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

242.   Upon information and belief, Defendant Fort James LLC is the successor to Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Lithograph.  According to historical BKK Corp. records, Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fort James LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

243.   According to historical BKK Corp. records, Defendant Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Foster-Forbes Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

244.   Upon information and belief, Defendant Frontier California, Inc. is the successor to General Telephone Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by General Telephone Co. According to historical BKK Corp. records, General Telephone Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that General Telephone Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Frontier California, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

of costs incurred by the Plaintiffs at the BKK Class I Facility.

245.   Upon information and belief, Defendant G.W.A. Inc. is the successor to Crescent Transportation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crescent Transportation.  According to historical BKK Corp. records, Crescent Transportation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crescent Transportation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant G.W.A. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

246.   According to historical BKK Corp. records, Defendant Gates Admiral contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Gates Admiral generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Gates Admiral has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

247.   According to historical BKK Corp. records, Defendant GATX contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GATX generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant GATX has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

248.   Upon information and belief, Defendant GATX Corp. is the successor to GATX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by GATX.  According to historical BKK Corp. records, GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX Corp. has not

1    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

2    incurred by the Plaintiffs at the BKK Class I Facility.

3         249.    Upon information and belief, Defendant GATX Terminals Corp. is the

4    successor to GATX and/or otherwise liable for manifested waste that was

5    contributed to the BKK Class I Facility by GATX.  According to historical BKK

6    Corp. records, GATX contributed manifested waste to the BKK Class I Facility.

7    This manifested waste contained Hazardous Substances that GATX generated

8    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

9    GATX Terminals Corp. has not incurred any costs at the BKK Class I Facility nor

10   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

11   Facility.

12        250.    According to historical BKK Corp. records, Defendant GE Betz, Inc.

13   fka Betz Laboratories, Inc. contributed manifested waste to the BKK Class I

14   Facility.  This manifested waste contained Hazardous Substances that Defendant

15   GE Betz, Inc. fka Betz Laboratories, Inc. generated and/or arranged for its disposal

16   at the BKK Class I Facility.  To date, Defendant GE Betz, Inc. fka Betz

17   Laboratories, Inc. has not incurred any costs at the BKK Class I Facility nor has it

18   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19        251.    According to historical BKK Corp. records, Defendant General

20   Battery Corp. contributed manifested waste to the BKK Class I Facility.  This

21   manifested waste contained Hazardous Substances that Defendant General Battery

22   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

23   date, Defendant General Battery Corp. has not incurred any costs at the BKK Class

24   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

25   Class I Facility.

26        252.    Upon information and belief, Defendant General Mills, Inc. is the

27   successor to Pillsbury Co. and/or otherwise liable for manifested waste that was

28   contributed to the BKK Class I Facility by Pillsbury Co.  According to historical

1    BKK Corp. records, Pillsbury Co. contributed manifested waste to the BKK Class I

2    Facility. This manifested waste contained Hazardous Substances that Pillsbury Co.

3    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

4    Defendant General Mills, Inc. has not incurred any costs at the BKK Class I

5    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6    Class I Facility.

7          253.    Upon information and belief, Defendant General Mills, Inc. is the

8    successor to Yoplait USA and/or otherwise liable for manifested waste that was

9    contributed to the BKK Class I Facility by Yoplait USA.  According to historical

10   BKK Corp. records, Yoplait USA contributed manifested waste to the BKK Class I

11   Facility. This manifested waste contained Hazardous Substances that Yoplait USA

12   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13   Defendant General Mills, Inc. has not incurred any costs at the BKK Class I

14   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

15   Class I Facility.

16         254.    According to historical BKK Corp. records, Defendant General

17   Telephone Co. contributed manifested waste to the BKK Class I Facility.  This

18   manifested waste contained Hazardous Substances that Defendant General

19   Telephone Co. generated and/or arranged for its disposal at the BKK Class I

20   Facility.  To date, Defendant General Telephone Co. has not incurred any costs at

21   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

22   Plaintiffs at the BKK Class I Facility.

23         255.    According to historical BKK Corp. records, Defendant Genstar

24   Building Materials Co. contributed manifested waste to the BKK Class I Facility.

25   This manifested waste contained Hazardous Substances that Defendant Genstar

26   Building Materials Co. generated and/or arranged for its disposal at the BKK Class

27   I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any

28   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    the Plaintiffs at the BKK Class I Facility.

2        256.   Upon information and belief, Defendant Genstar Roofing Products

3    Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise

4    liable for manifested waste that was contributed to the BKK Class I Facility by

5    Genstar Building Materials Co.  According to historical BKK Corp. records,

6    Genstar Building Materials Co. contributed manifested waste to the BKK Class I

7    Facility. This manifested waste contained Hazardous Substances that Genstar

8    Building Materials Co. generated and/or arranged for its disposal at the BKK Class

9    I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not

10   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

11   incurred by the Plaintiffs at the BKK Class I Facility.

12       257.   Upon information and belief, Defendant Georgia-Pacific LLC is the

13   successor to Crown Zellerbach Co. and/or otherwise liable for manifested waste

14   that was contributed to the BKK Class I Facility by Crown Zellerbach Co.

15   According to historical BKK Corp. records, Crown Zellerbach Co. contributed

16   manifested waste to the BKK Class I Facility. This manifested waste contained

17   Hazardous Substances that Crown Zellerbach Co. generated and/or arranged for its

18   disposal at the BKK Class I Facility. To date, Defendant Georgia-Pacific LLC has

19   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

20   costs incurred by the Plaintiffs at the BKK Class I Facility.

21       258.   Upon information and belief, Defendant Georgia-Pacific LLC is the

22   successor to Western Lithograph and/or otherwise liable for manifested waste that

23   was contributed to the BKK Class I Facility by Western Lithograph  According to

24   historical BKK Corp. records, Western Lithograph contributed manifested waste to

25   the BKK Class I Facility. This manifested waste contained Hazardous Substances

26   that Western Lithograph generated and/or arranged for its disposal at the BKK

27   Class I Facility. To date, Defendant Georgia-Pacific LLC has not incurred any costs

28   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

Plaintiffs at the BKK Class I Facility.

259.   Upon information and belief, Defendant Gerald California LLC is the successor to PGP Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by PGP Industries Inc.  According to historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Gerald California LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

260.   Upon information and belief, Defendant Gerald Metals, Inc. is the successor to PGP Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by PGP Industries Inc.  According to historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Gerald Metals, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

261.   According to historical BKK Corp. records, Defendant Glass Containers Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Glass Containers Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Glass Containers Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

262.   According to historical BKK Corp. records, Defendant Global Tube Corporation contributed manifested waste to the BKK Class I Facility.  This

manifested waste contained Hazardous Substances that Defendant Global Tube Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Global Tube Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

263.   According to historical BKK Corp. records, Defendant Gold Pack Meat Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Gold Pack Meat Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Gold Pack Meat Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

264.   According to historical BKK Corp. records, Defendant Gray Truck Lines contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Gray Truck Lines generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Gray Truck Lines has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

265.   According to historical BKK Corp. records, Defendant Greer Hydraulics Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Greer Hydraulics Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Greer Hydraulics Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

266.   Upon information and belief, Defendant Grupo Mexico SAB de CV is the successor to Cia Minera De Cananea SA and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cia Minera De Cananea

SA.  According to historical BKK Corp. records, Cia Minera De Cananea SA
contributed manifested waste to the BKK Class I Facility. This manifested waste
contained Hazardous Substances that Cia Minera De Cananea SA generated and/or
arranged for its disposal at the BKK Class I Facility. To date, Defendant Grupo
Mexico SAB de CV has not incurred any costs at the BKK Class I Facility nor has
it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

267.  According to historical BKK Corp. records, Defendant Guaranteed
Products Inc. contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant Guaranteed
Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Guaranteed Products Inc. has not incurred any costs at the BKK
Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
BKK Class I Facility.

268.  According to historical BKK Corp. records, Defendant Hallmark
Circuits Inc. contributed manifested waste to the BKK Class I Facility.  This
manifested waste contained Hazardous Substances that Defendant Hallmark
Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Hallmark Circuits Inc. has not incurred any costs at the BKK
Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
BKK Class I Facility.

269.  According to historical BKK Corp. records, Defendant Halstead
Enterprises contributed manifested waste to the BKK Class I Facility. This
manifested waste contained Hazardous Substances that Defendant Halstead
Enterprises generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Halstead Enterprises has not incurred any costs at the BKK
Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
BKK Class I Facility.

270.  Upon information and belief, Defendant Handy & Harman is the

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  successor to American Chemical & Refining and/or otherwise liable for manifested

2  waste that was contributed to the BKK Class I Facility by American Chemical &

3  Refining.  According to historical BKK Corp. records, American Chemical &

4  Refining contributed manifested waste to the BKK Class I Facility. This manifested

5  waste contained Hazardous Substances that American Chemical & Refining

6  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

7  Defendant Handy & Harman has not incurred any costs at the BKK Class I Facility

8  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

9  Facility.

10      271.   Upon information and belief, Defendant Harsco Corporation is the

11  successor to Structural Composite Industries and/or otherwise liable for manifested

12  waste that was contributed to the BKK Class I Facility by Structural Composite

13  Industries.  According to historical BKK Corp. records, Structural Composite

14  Industries contributed manifested waste to the BKK Class I Facility. This

15  manifested waste contained Hazardous Substances that Structural Composite

16  Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

17  date, Defendant Harsco Corporation has not incurred any costs at the BKK Class I

18  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

19  Class I Facility.

20      272.   Upon information and belief, Defendant Hawker Pacific Aerospace is

21  the successor to Flight Accessory Service and/or otherwise liable for manifested

22  waste that was contributed to the BKK Class I Facility by Flight Accessory Service.

23  According to historical BKK Corp. records, Flight Accessor Service contributed

24  manifested waste to the BKK Class I Facility. This manifested waste contained

25  Hazardous Substances that Flight Accessory Service generated and/or arranged for

26  its disposal at the BKK Class I Facility. To date, Defendant Hawker Pacific

27  Aerospace has not incurred any costs at the BKK Class I Facility nor has it paid its

28  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

273.   Upon information and belief, Defendant Heinz Foods is the successor to CHB Foods and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by CHB Foods.  According to historical BKK Corp. records, CHB Foods contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that CHB Foods generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Heinz Foods has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

274.   Upon information and belief, Defendant Heidelberg Materials US, Inc. is the successor to Riverside Cement Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Riverside Cement Co. According to historical BKK Corp. records, Riverside Cement Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Riverside Cement Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Heidelberg Materials US, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

275.   According to historical BKK Corp. records, Defendant Heist Maintenance Services Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Heist Maintenance Services Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Heist Maintenance Services Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

276.   Upon information and belief, Defendant Henry Company LLC is the successor to Henry Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Henry Company.  According to

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

historical BKK Corp. records, Henry Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Henry Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Henry Company LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

277.    According to historical BKK Corp. records, Defendant Henry Soss & Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Henry Soss & Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Henry Soss & Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

278.    Upon information and belief, Defendant Herco Technology Corp. is the successor to Industrial Circuits and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Circuits.  According to historical BKK Corp. records, Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Herco Technology Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

279.    Upon information and belief, Defendant Heru Industries, Inc. is the successor to Electronic Reclamation Service and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electronic Reclamation Service.  According to historical BKK Corp. records, Electronic Reclamation Service contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electronic Reclamation Service

1  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

2  Defendant Heru Industries, Inc. has not incurred any costs at the BKK Class I

3  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

4  Class I Facility.

5      280.   Upon information and belief, Defendant Hess Corporation is the

6  successor to American Pacific International Inc. and/or otherwise liable for

7  manifested waste that was contributed to the BKK Class I Facility by American

8  Pacific International Inc.  According to historical BKK Corp. records, American

9  Pacific International Inc. contributed manifested waste to the BKK Class I Facility.

10  This manifested waste contained Hazardous Substances that American Pacific

11  International Inc. generated and/or arranged for its disposal at the BKK Class I

12  Facility. To date, Defendant Hess Corporation has not incurred any costs at the

13  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

14  at the BKK Class I Facility.

15      281.   Upon information and belief, Defendant Hexcel Corporation is the

16  successor to Panel Air Corp. and/or otherwise liable for manifested waste that was

17  contributed to the BKK Class I Facility by Panel Air Corp.  According to historical

18  BKK Corp. records, Panel Air Corp. contributed manifested waste to the BKK

19  Class I Facility. This manifested waste contained Hazardous Substances that Panel

20  Air Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

21  date, Defendant Hexcel Corporation has not incurred any costs at the BKK Class I

22  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

23  Class I Facility.

24      282.   According to historical BKK Corp. records, Defendant Hill Brothers

25  Chemical Co. contributed manifested waste to the BKK Class I Facility.  This

26  manifested waste contained Hazardous Substances that Defendant Hill Brothers

27  Chemical Co. generated and/or arranged for its disposal at the BKK Class I

28  Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any costs

at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

283. According to historical BKK Corp. records, Defendant Hillcrest Beverly Oil Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hillcrest Beverly Oil Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hillcrest Beverly Oil Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

284. According to historical BKK Corp. records, Defendant Hi-Shear Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hi-Shear Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

285. According to historical BKK Corp. records, Defendant Hoffman Electronics contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hoffman Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoffman Electronics has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

286. According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

at the BKK Class I Facility.

287.   Upon information and belief, Defendant Howmet Aerospace Inc. is the successor to Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. According to historical BKK Corp. records, Kaynar Manufacturing Co., TRE Corp. and Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaynar Manufacturing Co., TRE Corp. and Weslock generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Howmet Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

288.   Upon information and belief, Defendant Hoya Corporation USA is the successor to Electronic Materials Corp. and Hoya Lens of America Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electronic Materials Corp. and Hoya Lens of America Inc.  According to historical BKK Corp. records, Electronic Materials Corp. and Hoya Lens of America Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electronic Materials Corp. and Hoya Lens of America Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoya Corporation USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

289.   According to historical BKK Corp. records, Defendant HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant HR Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HR Textron Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

290.   Upon information and belief, Defendant HTW Industries Inc. is the successor to Durex Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Durex Inc.  According to historical BKK Corp. records, Durex Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Durex Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HTW Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

291.   According to historical BKK Corp. records, Defendant Humko Products (previously identified in this action and the related action as Humco Products) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Humko Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Humko Products has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

292.   Upon information and belief, Defendant Huntington/Pacific Ceramics, Inc. is the successor to Westminster Ceramics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Westminster Ceramics Inc.  According to historical BKK Corp. records, Westminster Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Westminster Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Huntington/Pacific Ceramics, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

293.   Upon information and belief, Defendant Husqvarna Construction

1  Products North America, Inc. is the successor to McCulloch Corp. and/or otherwise
2  liable for manifested waste that was contributed to the BKK Class I Facility by
3  McCulloch Corp.  According to historical BKK Corp. records, McCulloch Corp.
4  contributed manifested waste to the BKK Class I Facility. This manifested waste
5  contained Hazardous Substances that McCulloch Corp. generated and/or arranged
6  for its disposal at the BKK Class I Facility. To date, Defendant Husqvarna
7  Construction Products North America, Inc. has not incurred any costs at the BKK
8  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
9  BKK Class I Facility.

10      294.   Upon information and belief, Defendant Hutchinson Aerospace &
11 Industry, Inc. is the successor to Barry Wright Controls and/or otherwise liable for
12 manifested waste that was contributed to the BKK Class I Facility by Barry Wright
13 Controls.  According to historical BKK Corp. records, Barry Wright Controls
14 contributed manifested waste to the BKK Class I Facility. This manifested waste
15 contained Hazardous Substances that Barry Wright Controls generated and/or
16 arranged for its disposal at the BKK Class I Facility. To date, Defendant
17 Hutchinson Aerospace & Industry, Inc. has not incurred any costs at the BKK Class
18 I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
19 Class I Facility.

20      295.   According to historical BKK Corp. records, Defendant ICN
21 Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This
22 manifested waste contained Hazardous Substances that Defendant ICN
23 Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I
24 Facility. To date, Defendant ICN Pharmaceuticals has not incurred any costs at the
25 BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
26 at the BKK Class I Facility.

27      296.   Upon information and belief, Defendant ICX Industries, Inc. is the
28 successor to JCX and/or otherwise liable for manifested waste that was contributed

1    to the BKK Class I Facility by JCX. According to historical BKK Corp. records,
2    JCX contributed manifested waste to the BKK Class I Facility. This manifested
3    waste contained Hazardous Substances that JCX generated and/or arranged for its
4    disposal at the BKK Class I Facility. To date, Defendant ICX Industries, Inc. has
5    not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
6    costs incurred by the Plaintiffs at the BKK Class I Facility.

7        297.   Upon information and belief, Defendant ICX National, Inc. is the
8    successor to JCX and/or otherwise liable for manifested waste that was contributed
9    to the BKK Class I Facility by JCX. According to historical BKK Corp. records,
10   JCX contributed manifested waste to the BKK Class I Facility. This manifested
11   waste contained Hazardous Substances that JCX generated and/or arranged for its
12   disposal at the BKK Class I Facility. To date, Defendant ICX National, Inc. has not
13   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
14   incurred by the Plaintiffs at the BKK Class I Facility.

15       298.   According to historical BKK Corp. records, Defendant Imco Services
16   contributed manifested waste to the BKK Class I Facility. This manifested waste
17   contained Hazardous Substances that Defendant Imco Services generated and/or
18   arranged for its disposal at the BKK Class I Facility. To date, Defendant Imco
19   Services has not incurred any costs at the BKK Class I Facility nor has it paid its
20   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

21       299.   Upon information and belief, Defendant IMI Critical Engineering LLC
22   is the successor to Control Components Inc. and/or otherwise liable for manifested
23   waste that was contributed to the BKK Class I Facility by Control Components Inc.
24   According to historical BKK Corp. records, Control Components Inc. contributed
25   manifested waste to the BKK Class I Facility. This manifested waste contained
26   Hazardous Substances that Control Components Inc. generated and/or arranged for
27   its disposal at the BKK Class I Facility. To date, Defendant IMI Critical
28   Engineering LLC. has not incurred any costs at the BKK Class I Facility nor has it

1    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        300.    According to historical BKK Corp. records, Defendant Industrial

3    Circuits contributed manifested waste to the BKK Class I Facility. This manifested

4    waste contained Hazardous Substances that Defendant Industrial Circuits generated

5    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

6    Industrial Circuits has not incurred any costs at the BKK Class I Facility nor has it

7    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8        301.    According to historical BKK Corp. records, Defendant Industrial

9    Insulations Incorporated contributed manifested waste to the BKK Class I Facility.

10    This manifested waste contained Hazardous Substances that Defendant Industrial

11    Insulations Incorporated generated and/or arranged for its disposal at the BKK

12    Class I Facility. To date, Defendant Industrial Insulations Incorporated has not

13    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

14    incurred by the Plaintiffs at the BKK Class I Facility.

15        302.    According to historical BKK Corp. records, Defendant Industrial

16    Tectonics Bearings Corporation (previously identified in this action and the related

17    action as Industrial Tectonics Bearings) contributed manifested waste to the BKK

18    Class I Facility. This manifested waste contained Hazardous Substances that

19    Defendant Industrial Tectonics Bearings Corporation generated and/or arranged for

20    its disposal at the BKK Class I Facility. To date, Defendant Industrial Tectonics

21    Bearings Corporation has not incurred any costs at the BKK Class I Facility nor has

22    it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23        303.    According to historical BKK Corp. records, Defendant Inland

24    Container Corp. contributed manifested waste to the BKK Class I Facility. This

25    manifested waste contained Hazardous Substances that Defendant Inland Container

26    Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

27    date, Defendant Inland Container Corp. has not incurred any costs at the BKK

28    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

1  BKK Class I Facility.

2      304.   Upon information and belief, Defendant Inland Paperboard and

3  Packaging, Inc. is the successor to Inland Container Corp. and/or otherwise liable

4  for manifested waste that was contributed to the BKK Class I Facility by Inland

5  Container Corp.  According to historical BKK Corp. records, Inland Container

6  Corp. contributed manifested waste to the BKK Class I Facility. This manifested

7  waste contained Hazardous Substances that Inland Container Corp. generated

8  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

9  Inland Paperboard and Packaging, Inc. has not incurred any costs at the BKK Class

10  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

11  Class I Facility.

12      305.   According to historical BKK Corp. records, Defendant International

13  Polymer Corp. contributed manifested waste to the BKK Class I Facility.  This

14  manifested waste contained Hazardous Substances that Defendant International

15  Polymer Corp. generated and/or arranged for its disposal at the BKK Class I

16  Facility.  To date, Defendant International Polymer Corp. has not incurred any

17  response costs at the BKK Class I Facility nor has it paid its fair share of response

18  costs incurred by the Plaintiffs at the BKK Class I Facility.

19      306.   According to historical BKK Corp. records, Defendant I.T. Corp.

20  contributed manifested waste to the BKK Class I Facility. This manifested waste

21  contained Hazardous Substances that Defendant I.T. Corp. generated and/or

22  arranged for its disposal at the BKK Class I Facility. To date, Defendant I.T. Corp.

23  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

24  of costs incurred by the Plaintiffs at the BKK Class I Facility.

25      307.   According to historical BKK Corp. records, Defendant ITT LLC

26  and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I

27  Facility.  This manifested waste contained Hazardous Substances that Defendant

28  ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  disposal at the BKK Class I Facility.  To date, Defendant ITT LLC has not incurred

2  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

3  by the Plaintiffs at the BKK Class I Facility.

4      308.   According to historical BKK Corp. records, Defendant J.C. Inc.

5  contributed manifested waste to the BKK Class I Facility. This manifested waste

6  contained Hazardous Substances that Defendant J.C. Inc. generated and/or arranged

7  for its disposal at the BKK Class I Facility. To date, Defendant J.C. Inc. has not

8  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

9  incurred by the Plaintiffs at the BKK Class I Facility.

10      309.   Upon information and belief, Defendant JCI Environmental Services is

11  the successor to J.C. Inc. and/or otherwise liable for manifested waste that was

12  contributed to the BKK Class I Facility by J.C. Inc.  According to historical BKK

13  Corp. records, J.C. Inc. contributed manifested waste to the BKK Class I Facility.

14  This manifested waste contained Hazardous Substances that J.C. Inc. generated

15  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant JCI

16  Environmental Services has not incurred any costs at the BKK Class I Facility nor

17  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

18  Facility.

19      310.   According to historical BKK Corp. records, Defendant JCX

20  contributed manifested waste to the BKK Class I Facility. This manifested waste

21  contained Hazardous Substances that Defendant JCX generated and/or arranged for

22  its disposal at the BKK Class I Facility. To date, Defendant JCX has not incurred

23  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

24  by the Plaintiffs at the BKK Class I Facility.

25      311.   Upon information and belief, Defendant Jeld-Wen, Inc. is the

26  successor to Windowmaster Products and/or otherwise liable for manifested waste

27  that was contributed to the BKK Class I Facility by Windowmaster Products.

28  According to historical BKK Corp. records, Windowmaster Products contributed

1  manifested waste to the BKK Class I Facility. This manifested waste contained

2  Hazardous Substances that Windowmaster Products generated and/or arranged for

3  its disposal at the BKK Class I Facility. To date, Defendant Jeld-Wen, Inc. has not

4  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

5  incurred by the Plaintiffs at the BKK Class I Facility.

6      312.   According to historical BKK Corp. records, Defendant Jersey Maid

7  Milk Products Inc. contributed manifested waste to the BKK Class I Facility.  This

8  manifested waste contained Hazardous Substances that Defendant Jersey Maid

9  Milk Products Inc. generated and/or arranged for its disposal at the BKK Class I

10  Facility.  To date, Defendant Jersey Maid Milk Products Inc. has not incurred any

11  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

12  the Plaintiffs at the BKK Class I Facility.

13      313.   According to historical BKK Corp. records, Defendant Johnson

14  Controls Inc. contributed manifested waste to the BKK Class I Facility.  This

15  manifested waste contained Hazardous Substances that Defendant Johnson Controls

16  Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

17  Defendant Johnson Controls Inc. has not incurred any costs at the BKK Class I

18  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

19  Class I Facility.

20      314.   According to historical BKK Corp. records, Defendant Johnston Pump

21  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

22  waste contained Hazardous Substances that Defendant Johnston Pump Co.

23  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

24  Defendant Johnston Pump Co. has not incurred any costs at the BKK Class I

25  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

26  Class I Facility.

27      315.   According to historical BKK Corp. records, Defendant Jonathan

28  Manufacturing Corp. contributed manifested waste to the BKK Class I Facility.

1    This manifested waste contained Hazardous Substances that Defendant Jonathan

2    Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I

3    Facility.  To date, Defendant Jonathan Manufacturing Corp. has not incurred any

4    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

5    the Plaintiffs at the BKK Class I Facility.

6        316.   According to historical BKK Corp. records, Defendant Joslyn

7    Manufacturing & Supply Co. contributed manifested waste to the BKK Class I

8    Facility.  This manifested waste contained Hazardous Substances that Defendant

9    Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at

10   the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co.

11   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

12   of costs incurred by the Plaintiffs at the BKK Class I Facility.

13       317.   Upon information and belief, Defendant Joslyn Manufacturing

14   Company, LLC is the successor to Joslyn Manufacturing & Supply Co. and/or

15   otherwise liable for manifested waste that was contributed to the BKK Class I

16   Facility by Joslyn Manufacturing & Supply Co.  According to historical BKK Corp.

17   records, Joslyn Manufacturing & Supply Co. contributed manifested waste to the

18   BKK Class I Facility. This manifested waste contained Hazardous Substances that

19   Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at

20   the BKK Class I Facility. To date, Defendant Joslyn Manufacturing Company, LLC

21   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

22   of costs incurred by the Plaintiffs at the BKK Class I Facility.

23       318.   According to historical BKK Corp. records, Defendant Kaiser Rollmet

24   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

25   waste contained Hazardous Substances that Defendant Kaiser Rollmet Inc.

26   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27   Defendant Kaiser Rollmet Inc. has not incurred any costs at the BKK Class I

28   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

Class I Facility.

319.   According to historical BKK Corp. records, Defendant Kaynar Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaynar Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaynar Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

320.   Upon information and belief, Defendant Kelly Services, Inc. is the successor to Knudsen Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Knudsen Corp. According to historical BKK Corp. records, Knudsen Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Knudsen Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kelly Services, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

321.   Upon information and belief, Defendant Kerr-McGee Chemical Worldwide LLC is the successor to Sun Exploration and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sun Exploration. According to historical BKK Corp. records, Sun Exploration contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sun Exploration generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kerr-McGee Chemical Worldwide LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

322.   According to historical BKK Corp. records, Defendant Keuffel &

Esser Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Keuffel & Esser Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

323.   According to historical BKK Corp. records, Defendant Kinder Morgan Energy Partners, L.P. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kinder Morgan Energy Partners, L.P. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Kinder Morgan Energy Partners, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

324.   Upon information and belief, Defendant Kinder Morgan Energy Partners, L.P. is the successor to Cal Nev Pipeline Co., GATX, GATX Terminals Corp., San Diego Pipe Line Co., Southern Pacific Pipe Lines, Inc. and/or Tenneco Oil Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Nev Pipeline Co., GATX, GATX Terminals Corp., San Diego Pipe Line Co., Southern Pacific Pipe Lines, Inc. and/or Tenneco Oil Co. According to historical BKK Corp. records, Cal Nev Pipeline Co., GATX, GATX Terminals Corp., San Diego Pipe Line Co., Southern Pacific Pipe Lines, Inc. and Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Nev Pipeline Co., GATX, GATX Terminals Corp., San Diego Pipe Line Co., Southern Pacific Pipe Lines, Inc. and Tenneco Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kinder Morgan Energy Partners, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

325.   According to historical BKK Corp. records, Defendant Knudsen Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Knudsen Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Knudsen Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

326.   According to historical BKK Corp. records, Defendant Koch Asphalt Co. Oil contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Koch Asphalt Co. Oil generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Koch Asphalt Co. Oil has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

327.   Upon information and belief, Defendant Konica Photo Service U.S.A., Inc. is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc. According to historical BKK Corp. records, Fotomat Labs Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Konica Photo Service U.S.A., Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

328.   Upon information and belief, Defendant Korbel Capital LLC is the successor to Davis Investment Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Davis Investment Co.  According to historical BKK Corp. records, Davis Investment Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Davis Investment Co. generated and/or arranged for its disposal at

the BKK Class I Facility. To date, Defendant Korbel Capital LLC has not incurred
any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred
by the Plaintiffs at the BKK Class I Facility.

329.    Upon information and belief, Defendant Kraft Heinz Foods Company
is the successor to Humko Products (previously identified in this action and the
related action as Humco Products) and/or otherwise liable for manifested waste that
was contributed to the BKK Class I Facility by Humko Products.  According to
historical BKK Corp. records, Humko Products contributed manifested waste to the
BKK Class I Facility. This manifested waste contained Hazardous Substances that
Humko Products generated and/or arranged for its disposal at the BKK Class I
Facility. To date, Defendant Kraft Heinz Foods Company has not incurred any
response costs at the BKK Class I Facility nor has it paid its fair share of response
costs incurred by the Plaintiffs at the BKK Class I Facility.

330.    According to historical BKK Corp. records, Defendant Krazy Glue
Inc. contributed manifested waste to the BKK Class I Facility. This manifested
waste contained Hazardous Substances that Defendant Krazy Glue Inc. generated
and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
Krazy Glue Inc. has not incurred any costs at the BKK Class I Facility nor has it
paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

331.    Upon information and belief, Defendant Lanxess Corporation is the
successor to Purex Corp. and/or otherwise liable for manifested waste that was
contributed to the BKK Class I Facility by Purex Corp.  According to historical
BKK Corp. records, Purex Corp. contributed manifested waste to the BKK Class I
Facility. This manifested waste contained Hazardous Substances that Purex Corp.
generated and/or arranged for its disposal at the BKK Class I Facility. To date,
Defendant Lanxess Corporation has not incurred any costs at the BKK Class I
Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
Class I Facility.

332.   According to historical BKK Corp. records, Defendant Liquid Waste Management contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Liquid Waste Management generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Liquid Waste Management has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

333.   Upon information and belief, Defendant Lisi Aerospace North America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

334.   According to historical BKK Corp. records, Defendant Lockhart Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lockhart Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

335.   According to historical BKK Corp. records, Defendant Long Beach Fabricators Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Long Beach Fabricators Inc. generated and/or arranged for its disposal at the BKK Class I

Facility. To date, Defendant Long Beach Fabricators Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

336. According to historical BKK Corp. records, Defendant Lonza Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lonza Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

337. Upon information and belief, Defendant Lonza Inc. is the successor to Cyclo Chemical Co., Balenco Enterprises and/or Pacific Anchor Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cyclo Chemical Co., Balenco Enterprises and/or Pacific Anchor Chemical Corp. According to historical BKK Corp. records, Cyclo Chemical Co., Balenco Enterprises and Pacific Anchor Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cyclo Chemical Co., Balenco Enterprises and Pacific Anchor Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

338. According to historical BKK Corp. records, Defendant Los Angeles Gauge Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Los Angeles Gauge Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Los Angeles Gauge Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

339.   According to historical BKK Corp. records, Defendant Los Angeles Plating Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Los Angeles Plating Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Los Angeles Plating Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

340.   According to historical BKK Corp. records, Defendant Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lucky Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

341.   According to historical BKK Corp. records, Defendant Lumidor Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lumidor Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lumidor Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

342.   Upon information and belief, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco is the successor to Imco Services and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Imco Services. According to historical BKK Corp. records, Imco Services contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Imco Services generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

costs incurred by the Plaintiffs at the BKK Class I Facility.

343.    According to historical BKK Corp. records, Defendant Macdermid Printing Solutions contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Macdermid Printing Solutions generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Macdermid Printing Solutions has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

344.    According to historical BKK Corp. records, Defendant Mack Trucks Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mack Trucks Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mack Trucks Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

345.    Upon information and belief, Defendant Maersk Line, Limited (MLL) is the successor to Sea Land Service Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sea Land Service Inc. According to historical BKK Corp. records, Sea Land Service Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sea Land Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Maersk Line, Limited (MLL) has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

346.    Upon information and belief, Defendant Manhattan Beach Holding Corp. is the successor to Fairchild Industries and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fairchild Industries.  According to historical BKK Corp. records, Fairchild Industries contributed manifested waste to the BKK Class I Facility. This manifested waste

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    contained Hazardous Substances that Fairchild Industries generated and/or arranged

2    for its disposal at the BKK Class I Facility. To date, Defendant Manhattan Beach

3    Holding Corp. has not incurred any costs at the BKK Class I Facility nor has it paid

4    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        347.   According to historical BKK Corp. records, Defendant Marco Chemical Co.

6    Chemical Co. contributed manifested waste to the BKK Class I Facility. This

7    manifested waste contained Hazardous Substances that Defendant Marco Chemical

8    Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

9    Defendant Marco Chemical Co. has not incurred any costs at the BKK Class I

10   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

11   Class I Facility.

12       348.   According to historical BKK Corp. records, Defendant Marten

13   Management Co. contributed manifested waste to the BKK Class I Facility. This

14   manifested waste contained Hazardous Substances that Defendant Marten

15   Management Co. generated and/or arranged for its disposal at the BKK Class I

16   Facility. To date, Defendant Marten Management Co. has not incurred any costs at

17   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

18   Plaintiffs at the BKK Class I Facility.

19       349.   Upon information and belief, Defendant Masco Corporation is the

20   successor to Standard Brands Paint Co. Inc. and/or otherwise liable for manifested

21   waste that was contributed to the BKK Class I Facility by Standard Brands Paint

22   Co. Inc.  According to historical BKK Corp. records, Standard Brands Paint Co.

23   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

24   waste contained Hazardous Substances that Standard Brands Paint Co. Inc.

25   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

26   Defendant Masco Corporation has not incurred any costs at the BKK Class I

27   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28   Class I Facility.

1      350.   Upon information and belief, Defendant Mazda Motor of America,

2   Inc. is the successor to Mazda North America and/or otherwise liable for

3   manifested waste that was contributed to the BKK Class I Facility by Mazda North

4   America.  According to historical BKK Corp. records, Mazda North America

5   contributed manifested waste to the BKK Class I Facility. This manifested waste

6   contained Hazardous Substances that Mazda North America generated and/or

7   arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda

8   Motor of America, Inc. has not incurred any costs at the BKK Class I Facility nor

9   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

10  Facility.

11     351.   According to historical BKK Corp. records, Defendant Mazda North

12  America contributed manifested waste to the BKK Class I Facility.  This

13  manifested waste contained Hazardous Substances that Defendant Mazda North

14  America generated and/or arranged for its disposal at the BKK Class I Facility.  To

15  date, Defendant Mazda North America has not incurred any costs at the BKK Class

16  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18     352.   According to historical BKK Corp. records, Defendant MCA

19  Laboratories contributed manifested waste to the BKK Class I Facility. This

20  manifested waste contained Hazardous Substances that Defendant MCA

21  Laboratories generated and/or arranged for its disposal at the BKK Class I Facility.

22  To date, Defendant MCA Laboratories has not incurred any costs at the BKK Class

23  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

24  Class I Facility.

25     353.   According to historical BKK Corp. records, Defendant McCulloch

26  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

27  waste contained Hazardous Substances that Defendant McCulloch Corp. generated

28  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

1  McCulloch Corp. has not incurred any response costs at the BKK Class I Facility

2  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

3  Class I Facility.

4      354.   According to historical BKK Corp. records, Defendant McKay

5  Chemical Co. contributed manifested waste to the BKK Class I Facility. This

6  manifested waste contained Hazardous Substances that Defendant McKay

7  Chemical Co. generated and/or arranged for its disposal at the BKK Class I

8  Facility. To date, Defendant McKay Chemical Co. has not incurred any costs at the

9  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

10  at the BKK Class I Facility.

11     355.   Upon information and belief, Defendant Mead Johnson & Company is

12  the successor to Drackett Co. and/or otherwise liable for manifested waste that was

13  contributed to the BKK Class I Facility by Drackett Co.  According to historical

14  BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I

15  Facility. This manifested waste contained Hazardous Substances that Drackett Co.

16  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17  Defendant Mead Johnson & Company has not incurred any costs at the BKK Class

18  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

19  Class I Facility.

20     356.   Upon information and belief, Defendant Merchants Metals LLC is the

21  successor to Anchor Post Products Inc. and/or otherwise liable for manifested waste

22  that was contributed to the BKK Class I Facility by Anchor Post Products Inc.

23  According to historical BKK Corp. records, Anchor Post Products Inc. contributed

24  manifested waste to the BKK Class I Facility. This manifested waste contained

25  Hazardous Substances that Anchor Post Products Inc. generated and/or arranged for

26  its disposal at the BKK Class I Facility. To date, Defendant Merchants Metals LLC

27  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

28  of costs incurred by the Plaintiffs at the BKK Class I Facility.

357.   Upon information and belief, Defendant Mercury Aerospace Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mercury Aerospace Fasteners.  According to historical BKK Corp. records, Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mercury Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

358.   According to historical BKK Corp. records, Defendant Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mercury Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

359.   According to historical BKK Corp. records, Defendant Merel Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Merel Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Merel Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

360.   According to historical BKK Corp. records, Defendant Metal Box Can contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Metal Box Can generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Metal Box Can has not incurred any costs at the BKK Class I Facility nor has it paid its

1  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2      361.   According to historical BKK Corp. records, Defendant MGF

3  Industries contributed manifested waste to the BKK Class I Facility. This

4  manifested waste contained Hazardous Substances that Defendant MGF Industries

5  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

6  Defendant MGF Industries has not incurred any costs at the BKK Class I Facility

7  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

8  Facility.

9      362.   Upon information and belief, Defendant Mission Systems Davenport

10  Inc. is the successor to Sargent Fletcher Inc. and/or otherwise liable for manifested

11  waste that was contributed to the BKK Class I Facility by Sargent Fletcher Inc.

12  According to historical BKK Corp. records, Sargent Fletcher Inc. contributed

13  manifested waste to the BKK Class I Facility. This manifested waste contained

14  Hazardous Substances that Sargent Fletcher Inc. generated and/or arranged for its

15  disposal at the BKK Class I Facility. To date, Defendant Mission Systems

16  Davenport Inc. has not incurred any costs at the BKK Class I Facility nor has it

17  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18      363.   According to historical BKK Corp. records, Defendant

19  Monogram/Peacock Manufacturing contributed manifested waste to the BKK Class

20  I Facility.  This manifested waste contained Hazardous Substances that Defendant

21  Monogram/Peacock Manufacturing generated and/or arranged for its disposal at the

22  BKK Class I Facility.  To date, Defendant Monogram/Peacock Manufacturing has

23  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

24  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

25      364.   Upon information and belief, Defendant Mr. Gasket Company is the

26  successor to Cragar Industries and/or Peat Manufacturing Co. and/or otherwise

27  liable for manifested waste that was contributed to the BKK Class I Facility by

28  Cragar Industries and/or Peat Manufacturing Co.  According to historical BKK

Corp. records, Cragar Industries and/or Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cragar Industries and/or Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mr. Gasket Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

365.   Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or U.S. Reduction Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company and/or U.S. Reduction Co..  According to historical BKK Corp. records, American Can Company and U.S. Reduction Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company and U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

366.   Upon information and belief, Defendant Narco Chemical is the successor to Narco Corporation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Narco Corporation.  According to historical BKK Corp. records, Narco Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Narco Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Narco Chemical has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

367.   According to historical BKK Corp. records, Defendant Narco

1   Corporation contributed manifested waste to the BKK Class I Facility. This
2   manifested waste contained Hazardous Substances that Defendant Narco
3   Corporation generated and/or arranged for its disposal at the BKK Class I Facility.
4   To date, Defendant Narco Corporation has not incurred any costs at the BKK Class
5   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
6   Class I Facility.

7        368.   According to historical BKK Corp. records, Defendant Narmco
8   Materials Inc. contributed manifested waste to the BKK Class I Facility. This
9   manifested waste contained Hazardous Substances that Defendant Narmco
10  Materials Inc. generated and/or arranged for its disposal at the BKK Class I
11  Facility. To date, Defendant Narmco Materials Inc. has not incurred any costs at the
12  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
13  at the BKK Class I Facility.

14       369.   Upon information and belief, Defendant NavCom Defense Electronics,
15  Inc. is the successor to Hoffman Electronics and/or otherwise liable for manifested
16  waste that was contributed to the BKK Class I Facility by Hoffman Electronics.
17  According to historical BKK Corp. records, Hoffman Electronics contributed
18  manifested waste to the BKK Class I Facility. This manifested waste contained
19  Hazardous Substances that Hoffman Electronics generated and/or arranged for its
20  disposal at the BKK Class I Facility. To date, Defendant NavCom Defense
21  Electronics, Inc. has not incurred any costs at the BKK Class I Facility nor has it
22  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23       370.   Upon information and belief, Defendant NEC Liquidation Corp.
24  (previously identified in this action as GWB (US), Inc.) is the successor to
25  Networks Electronic and/or otherwise liable for manifested waste that was
26  contributed to the BKK Class I Facility by Networks Electronic.  According to
27  historical BKK Corp. records, Networks Electronic contributed manifested waste to
28  the BKK Class I Facility. This manifested waste contained Hazardous Substances

that Networks Electronic generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant NEC Liquidation Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

371.   Upon information and belief, Defendant New Bristol Farms, Inc. is the successor to Gold Pack Meat Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Gold Pack Meat Co.  According to historical BKK Corp. records, Gold Pack Meat Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Gold Pack Meat Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant New Bristol Farms, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

372.   Upon information and belief, Defendant Newell Brands Inc. is the successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Krazy Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Newell Brands Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

373.   According to historical BKK Corp. records, Defendant New Fashion Cleaners contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant New Fashion Cleaners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant New Fashion Cleaners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

128

Class I Facility.

374.   According to historical BKK Corp. records, Defendant Nippondenso of Los Angeles contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Nippondenso of Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Nippondenso of Los Angeles has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

375.   According to historical BKK Corp. records, Defendant North American Car Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Car Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Car Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

376.   According to historical BKK Corp. records, Defendant North American Environmental contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant North American Environmental generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant North American Environmental has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

377.   According to historical BKK Corp. records, Defendant Northrop Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Northrop Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Northrop Pacific has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

378.   Upon information and belief, Defendant Norwest Equity Partners is the successor to Douglas Furniture of California and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Douglas Furniture of California.  According to historical BKK Corp. records, Douglas Furniture of California contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Douglas Furniture of California generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Norwest Equity Partners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

379.   Upon information and belief, Defendant Novartis Corp. is the successor to Panel Air Corp., M&T Chemicals, Furane Products Company, and/or Deco Manufacturing and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Panel Air Corp, M&T Chemicals, Furane Products Company and Deco Manufacturing.  According to historical BKK Corp. records, Panel Air Corp., M&T Chemicals, Furane Products Company and Deco Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Panel Air Corp., M&T Chemicals, Furane Products Company and Deco Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Novartis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

380.   According to historical BKK Corp. records, Defendant Old Quaker Paint Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Old Quaker Paint Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Old Quaker Paint Co. has not incurred any costs at the BKK Class I

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

381.    According to historical BKK Corp. records, Defendant Orange County Sanitation District contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Orange County Sanitation District generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Orange County Sanitation District has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

382.    Upon information and belief, Defendant Oryx Energy Company is the successor to Sun Exploration and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sun Exploration. According to historical BKK Corp. records, Sun Exploration contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sun Exploration generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Oryx Energy Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

383.    According to historical BKK Corp. records, Defendant Pacific Anchor Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific Anchor Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Anchor Chemical Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

384.    According to historical BKK Corp. records, Defendant Pacific Intermountain Express contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific

1    Intermountain Express generated and/or arranged for its disposal at the BKK Class
2    I Facility. To date, Defendant Pacific Intermountain Express has not incurred any
3    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
4    the Plaintiffs at the BKK Class I Facility.

5        385.   According to historical BKK Corp. records, Defendant Pacific
6    Southwest Airlines contributed manifested waste to the BKK Class I Facility. This
7    manifested waste contained Hazardous Substances that Defendant Pacific
8    Southwest Airlines generated and/or arranged for its disposal at the BKK Class I
9    Facility. To date, Defendant Pacific Southwest Airlines has not incurred any costs
10   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
11   Plaintiffs at the BKK Class I Facility.

12       386.   According to historical BKK Corp. records, Defendant Packaging
13   Corp. of America contributed manifested waste to the BKK Class I Facility. This
14   manifested waste contained Hazardous Substances that Defendant Packaging Corp.
15   of America generated and/or arranged for its disposal at the BKK Class I Facility.
16   To date, Defendant Packaging Corp. of America has not incurred any costs at the
17   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
18   at the BKK Class I Facility.

19       387.   According to historical BKK Corp. records, Defendant Pactiv LLC
20   and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the
21   BKK Class I Facility.  This manifested waste contained Hazardous Substances that
22   Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or
23   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv
24   LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair
25   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26       388.   According to historical BKK Corp. records, Defendant Paint &
27   Coatings Corp. contributed manifested waste to the BKK Class I Facility. This
28   manifested waste contained Hazardous Substances that Defendant Paint & Coatings

1  Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

2  date, Defendant Paint & Coatings Corp. has not incurred any costs at the BKK

3  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

4  BKK Class I Facility.

5      389.  According to historical BKK Corp. records, Defendant Panel Air Corp.

6  contributed manifested waste to the BKK Class I Facility.  This manifested waste

7  contained Hazardous Substances that Defendant Panel Air Corp. generated and/or

8  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Panel Air

9  Corp. has not incurred any response costs at the BKK Class I Facility nor has it

10  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

11  Facility.

12      390.  Upon information and belief, Defendant Parsons Corporation is the

13  successor to Ralph M. Parsons Co. and/or otherwise liable for manifested waste that

14  was contributed to the BKK Class I Facility by Ralph M. Parsons Co.  According to

15  historical BKK Corp. records, Ralph M. Parsons Co. contributed manifested waste

16  to the BKK Class I Facility. This manifested waste contained Hazardous

17  Substances that Ralph M. Parsons Co. generated and/or arranged for its disposal at

18  the BKK Class I Facility. To date, Defendant Parsons Corporation has not incurred

19  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

20  by the Plaintiffs at the BKK Class I Facility.

21      391.  According to historical BKK Corp. records, Defendant Pauley

22  Petroleum Co. contributed manifested waste to the BKK Class I Facility. This

23  manifested waste contained Hazardous Substances that Defendant Pauley

24  Petroleum Co. generated and/or arranged for its disposal at the BKK Class I

25  Facility. To date, Defendant Pauley Petroleum Co. has not incurred any costs at the

26  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

27  at the BKK Class I Facility.

28      392.  Upon information and belief, Defendant PCC Rollmet, Inc. is the

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

successor to Kaiser Rollmet Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaiser Rollmet Inc.  According to historical BKK Corp. records, Kaiser Rollmet Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PCC Rollmet, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

393.   According to historical BKK Corp. records, Defendant Peairs Engineers contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peairs Engineers generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peairs Engineers has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

394.   According to historical BKK Corp. records, Defendant Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peat Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

395.   Upon information and belief, Defendant Penske Logistics Corp. is the successor to Balser Trucking and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Balser Trucking.  According to historical BKK Corp. records, Balser Trucking contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Balser Trucking generated and/or arranged for its disposal at the BKK Class I Facility. To

134

1  date, Defendant Penske Logistics Corp. has not incurred any response costs at the

2  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

3  Plaintiffs at the BKK Class I Facility.

4      396.   Upon information and belief, Defendant Per-Olof Loof Family

5  Foundation, Inc. is the successor to Wells Marine Inc. and/or otherwise liable for

6  manifested waste that was contributed to the BKK Class I Facility by Wells Marine

7  Inc.  According to historical BKK Corp. records, Wells Marine Inc. contributed

8  manifested waste to the BKK Class I Facility. This manifested waste contained

9  Hazardous Substances that Wells Marine Inc. generated and/or arranged for its

10  disposal at the BKK Class I Facility. To date, Defendant Per-Olof Loof Family

11  Foundation, Inc. has not incurred any costs at the BKK Class I Facility nor has it

12  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

13      397.   Upon information and belief, Defendant Pervo International, Inc. is the

14  successor to Pervo Paint Company and/or otherwise liable for manifested waste that

15  was contributed to the BKK Class I Facility by Pervo Paint Company.  According

16  to historical BKK Corp. records, Pervo Paint Company contributed manifested

17  waste to the BKK Class I Facility. This manifested waste contained Hazardous

18  Substances that Pervo Paint Company generated and/or arranged for its disposal at

19  the BKK Class I Facility. To date, Defendant Pervo International, Inc. has not

20  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

21  incurred by the Plaintiffs at the BKK Class I Facility.

22      398.   According to historical BKK Corp. records, Defendant Pervo Paint

23  Company contributed manifested waste to the BKK Class I Facility. This

24  manifested waste contained Hazardous Substances that Defendant Pervo Paint

25  Company generated and/or arranged for its disposal at the BKK Class I Facility. To

26  date, Defendant Pervo Paint Company has not incurred any costs at the BKK Class

27  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28  Class I Facility.

399.   According to historical BKK Corp. records, Defendant Petro Lewis Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Petro Lewis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

400.   According to historical BKK Corp. records, Defendant PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PGP Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

401.   Upon information and belief, Defendant Pioneer Electronics (USA) Inc. is the successor to MCA Laboratories and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by MCA Laboratories. According to historical BKK Corp. records, MCA Laboratories contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that MCA Laboratories generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pioneer Electronics (USA) Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

402.   According to historical BKK Corp. records, Defendant Pillsbury Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

share of costs incurred by the Plaintiffs at the BKK Class I Facility.

403.   Upon information and belief, Defendant PRC–DeSoto International Inc. is the successor to International Polymer Corp. and/or Products Research & Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by International Polymer Corp. and/or Products Research & Chemical Corp.  According to historical BKK Corp. records, International Polymer Corp. and Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that International Polymer Corp. and Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PRC–DeSoto International Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

404.   According to historical BKK Corp. records, Defendant Pre Delivery Service contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pre Delivery Service generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pre Delivery Service has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

405.   Upon information and belief, Defendant Precision Castparts Corp. is the successor to Reisner Metals and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Reisner Metals.  According to historical BKK Corp. records, Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Precision Castparts Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

1  Plaintiffs at the BKK Class I Facility.

2    406.   Upon information and belief, Defendant Presstek, LLC is the successor

3  to A.B. Dick Co. and/or otherwise liable for manifested waste that was contributed

4  to the BKK Class I Facility by A.B. Dick Co.  According to historical BKK Corp.

5  records, A.B. Dick Co. contributed manifested waste to the BKK Class I Facility.

6  This manifested waste contained Hazardous Substances that A.B. Dick Co.

7  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8  Defendant Presstek, LLC has not incurred any costs at the BKK Class I Facility nor

9  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

10  Facility.

11    407.   According to historical BKK Corp. records, Defendant Price Pfister

12  *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

13  manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

14  Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

15  date, Defendant Price Pfister *nka* Pfister has not incurred any costs at the BKK

16  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

17  BKK Class I Facility.

18    408.   Upon information and belief, Defendant Printed Circuits, Inc. is the

19  successor to Electro-Etch Circuits Inc. (previously identified in this action and the

20  related action as Electrotech Circuits Inc.) and/or otherwise liable for manifested

21  waste that was contributed to the BKK Class I Facility by Electro-Etch Circuits Inc.

22  According to historical BKK Corp. records, Electro-Etch Circuits Inc. contributed

23  manifested waste to the BKK Class I Facility. This manifested waste contained

24  Hazardous Substances that Electro-Etch Circuits Inc. generated and/or arranged for

25  its disposal at the BKK Class I Facility. To date, Defendant Printed Circuits, Inc.

26  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

27  of costs incurred by the Plaintiffs at the BKK Class I Facility.

28    409.   According to historical BKK Corp. records, Defendant Products

138

Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Products Research & Chemical Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

410. According to historical BKK Corp. records, Defendant Proto Tool contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Proto Tool generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Proto Tool has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

411. Upon information and belief, Defendant Pure Source LLC is the successor to Cal Chem Cleaning Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Chem Cleaning Co. According to historical BKK Corp. records, Cal Chem Cleaning Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Chem Cleaning Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pure Source LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

412. According to historical BKK Corp. records, Defendant Purex Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Purex Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

413. Upon information and belief, Defendant Purex Industries, Inc. is the

successor to T.P. Industrial Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by T.P. Industrial Inc. According to historical BKK Corp. records, T.P. Industrial Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

414. Upon information and belief, Defendant Qarbon Aerospace Inc. is the successor to Vought Aircraft Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Vought Aircraft Industries Inc. According to historical BKK Corp. records, Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Qarbon Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

415. According to historical BKK Corp. records, Defendant Ralph M. Parsons Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ralph M. Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ralph M. Parsons Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

416. Upon information and belief, Defendant RB&W Corp. is the successor to Russell Burdsall & Ward Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Russell Burdsall & Ward Inc.

According to historical BKK Corp. records, Russell Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Russell Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant RB&W Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

417.   According to historical BKK Corp. records, Defendant Redken Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Redken Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Redken Laboratories Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

418.   According to historical BKK Corp. records, Defendant Register Properties Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Register Properties Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Register Properties Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

419.   According to historical BKK Corp. records, Defendant Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Reisner Metals has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

420.   According to historical BKK Corp. records, Defendant Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This

1  manifested waste contained Hazardous Substances that Defendant Replacement

2  Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I

3  Facility. To date, Defendant Replacement Parts Manufacturing has not incurred any

4  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

5  the Plaintiffs at the BKK Class I Facility.

6      421.   According to historical BKK Corp. records, Defendant Rexam

7  Beverage Can Company contributed manifested waste to the BKK Class I Facility.

8  This manifested waste contained Hazardous Substances that Defendant Rexam

9  Beverage Can Company generated and/or arranged for its disposal at the BKK

10  Class I Facility.  To date, Defendant Rexam Beverage Can Company has not

11  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

12  incurred by the Plaintiffs at the BKK Class I Facility.

13      422.   According to historical BKK Corp. records, Defendant Richardson &

14  Holland contributed manifested waste to the BKK Class I Facility.  This manifested

15  waste contained Hazardous Substances that Defendant Richardson & Holland

16  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

17  Defendant Richardson & Holland has not incurred any response costs at the BKK

18  Class I Facility nor has it paid its fair share of response costs incurred by the

19  Plaintiffs at the BKK Class I Facility.

20      423.   According to historical BKK Corp. records, Defendant Ricoh

21  Electronics, Inc. contributed manifested waste to the BKK Class I Facility.  This

22  manifested waste contained Hazardous Substances that Defendant Ricoh

23  Electronics, Inc. generated and/or arranged for its disposal at the BKK Class I

24  Facility.  To date, Defendant Ricoh Electronics, Inc. has not incurred any costs at

25  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

26  Plaintiffs at the BKK Class I Facility.

27      424.   Upon information and belief, Defendant Ricoh Printing Systems

28  America Inc. is the successor to Data Products Corp. and/or otherwise liable for

manifested waste that was contributed to the BKK Class I Facility by Data Products Corp.  According to historical BKK Corp. records, Data Products Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Data Products Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ricoh Printing Systems America Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

425.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the successor to American Can Company, U.S. Borax & Chemical Corp. and/or U.S. Reduction Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company, U.S. Borax & Chemical Corp. and/or U.S. Reduction Co.  According to historical BKK Corp. records, American Can Company, U.S. Borax & Chemical Corp. and U.S. Reduction Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company, U.S. Borax and Chemical Corp. and U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

426.   According to historical BKK Corp. records, Defendant Riverside Cement Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Riverside Cement Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Riverside Cement Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

427.   According to historical BKK Corp. records, Defendant Roberts

1    Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This

2    manifested waste contained Hazardous Substances that Defendant Roberts

3    Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I

4    Facility. To date, Defendant Roberts Manufacturing Co. has not incurred any costs

5    at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

6    Plaintiffs at the BKK Class I Facility.

7         428.   Upon information and belief, Defendant Roller Bearing Company of

8    America, Inc. is the successor to Sargent Industries and/or otherwise liable for

9    manifested waste that was contributed to the BKK Class I Facility by Sargent

10   Industries.  According to historical BKK Corp. records, Sargent Industries

11   contributed manifested waste to the BKK Class I Facility. This manifested waste

12   contained Hazardous Substances that Sargent Industries generated and/or arranged

13   for its disposal at the BKK Class I Facility. To date, Defendant Roller Bearing

14   Company of America, Inc. has not incurred any costs at the BKK Class I Facility

15   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

16   Facility.

17        429.   According to historical BKK Corp. records, Defendant Royal

18   Aluminum Co. contributed manifested waste to the BKK Class I Facility. This

19   manifested waste contained Hazardous Substances that Defendant Royal Aluminum

20   Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

21   Defendant Royal Aluminum Co. has not incurred any costs at the BKK Class I

22   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

23   Class I Facility.

24        430.   According to historical BKK Corp. records, Defendant Russell

25   Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility.

26   This manifested waste contained Hazardous Substances that Defendant Russell

27   Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I

28   Facility. To date, Defendant Russell Burdsall & Ward Inc. has not incurred any

costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

431.   Upon information and belief, Defendant Ryder System, Inc. is the successor to Pacific Intermountain Express and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pacific Intermountain Express.  According to historical BKK Corp. records, Pacific Intermountain Express contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pacific Intermountain Express generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ryder System, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

432.   Upon information and belief, Defendant S.C. Johnson & Son, Inc. is the successor to Drackett Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Drackett Co.  According to historical BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant S.C. Johnson & Son, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

433.   According to historical BKK Corp. records, Defendant San Diego Pipe Line Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant San Diego Pipe Line Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant San Diego Pipe Line Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

434.   According to historical BKK Corp. records, Defendant Safeway Stores Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Safeway Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Safeway Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

435.   Upon information and belief, Defendant Safran Seats USA LLC is the successor to Weber Aircraft and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Weber Aircraft.  According to historical BKK Corp. records, Weber Aircraft contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Weber Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Safran Seats USA LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

436.   According to historical BKK Corp. records, Defendant San Fernando Laboratories contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant San Fernando Laboratories generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant San Fernando Laboratories has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

437.   According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any costs at the

BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

438.   According to historical BKK Corp. records, Defendant Sargent Fletcher Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Fletcher Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Fletcher Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

439.   According to historical BKK Corp. records, Defendant Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

440.   Upon information and belief, Defendant Schlumberger, Ltd. is the successor to I.T. Corp., and/or Joy Petroleum Equipment and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by I.T. Corp. and/or Joy Petroleum Equipment.  According to historical BKK Corp. records, I.T. Corp. and Joy Petroleum Equipment contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that I.T. Corp. and Joy Petroleum Equipment generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger, Ltd. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

441.   Upon information and belief, Defendant Schlumberger N.V. is the successor to Fairchild Semiconductor International, Inc. and Xtra Energy and/or

otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fairchild Semiconductor International, Inc. and Xtra Energy. According to historical BKK Corp. records, Fairchild Semiconductor International, Inc. and Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fairchild Semiconductor International, Inc. and Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger N.V. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

442.   According to historical BKK Corp. records, Defendant Sea Land Service Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sea Land Service Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sea Land Service Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

443.   Upon information and belief, Defendant SemGroup Corporation is the successor to Koch Asphalt Co. Oil and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Koch Asphalt Co. Oil. According to historical BKK Corp. records, Koch Asphalt Co. Oil contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Koch Asphalt Co. Oil generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant SemGroup Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

444.   According to historical BKK Corp. records, Defendant Service Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Service

1   Chemical Co. generated and/or arranged for its disposal at the BKK Class I
2   Facility. To date, Defendant Service Chemical Co. has not incurred any costs at the
3   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
4   at the BKK Class I Facility.

5   445.   According to historical BKK Corp. records, Defendant Shuwa
6   Investments Corp. contributed manifested waste to the BKK Class I Facility.  This
7   manifested waste contained Hazardous Substances that Defendant Shuwa
8   Investments Corp. generated and/or arranged for its disposal at the BKK Class I
9   Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any costs at
10  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
11  Plaintiffs at the BKK Class I Facility.

12  446.   According to historical BKK Corp. records, Defendant Sierra Pacific
13  Container Corp. contributed manifested waste to the BKK Class I Facility.  This
14  manifested waste contained Hazardous Substances that Defendant Sierra Pacific
15  Container Corp. generated and/or arranged for its disposal at the BKK Class I
16  Facility.  To date, Defendant Sierra Pacific Container Corp. has not incurred any
17  response costs at the BKK Class I Facility nor has it paid its fair share of response
18  costs incurred by the Plaintiffs at the BKK Class I Facility.

19  447.   According to historical BKK Corp. records, Defendant Smith & Co.
20  contributed manifested waste to the BKK Class I Facility.  This manifested waste
21  contained Hazardous Substances that Defendant Smith & Co. generated and/or
22  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &
23  Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
24  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25  448.   Upon information and belief, Defendant Somacis Inc. is the successor
26  to Hallmark Circuits Inc. and/or otherwise liable for manifested waste that was
27  contributed to the BKK Class I Facility by Hallmark Circuits Inc.  According to
28  historical BKK Corp. records, Hallmark Circuits Inc. contributed manifested waste

1  to the BKK Class I Facility. This manifested waste contained Hazardous
2  Substances that Hallmark Circuits Inc. generated and/or arranged for its disposal at
3  the BKK Class I Facility. To date, Defendant Somacis Inc. has not incurred any
4  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
5  the Plaintiffs at the BKK Class I Facility.

6       449.   Upon information and belief, Defendant Sony Pictures Entertainment
7  Inc. is the successor to Columbia Pictures and/or otherwise liable for manifested
8  waste that was contributed to the BKK Class I Facility by Columbia Pictures.
9  According to historical BKK Corp. records, Columbia Pictures contributed
10 manifested waste to the BKK Class I Facility. This manifested waste contained
11 Hazardous Substances that Columbia Pictures generated and/or arranged for its
12 disposal at the BKK Class I Facility. To date, Defendant Sony Pictures
13 Entertainment Inc. has not incurred any costs at the BKK Class I Facility nor has it
14 paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15      450.   According to historical BKK Corp. records, Defendant South West
16 Forest Products contributed manifested waste to the BKK Class I Facility. This
17 manifested waste contained Hazardous Substances that Defendant South West
18 Forest Products generated and/or arranged for its disposal at the BKK Class I
19 Facility. To date, Defendant South West Forest Products has not incurred any costs
20 at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
21 Plaintiffs at the BKK Class I Facility.

22      451.   According to historical BKK Corp. records, Defendant Southern
23 California Chemical (*aka* Southern California Chemicals) contributed manifested
24 waste to the BKK Class I Facility. This manifested waste contained Hazardous
25 Substances that Defendant Southern California Chemical generated and/or arranged
26 for its disposal at the BKK Class I Facility. To date, Defendant Southern California
27 Chemical has not incurred any costs at the BKK Class I Facility nor has it paid its
28 fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

452. According to historical BKK Corp. records, Defendant Southern Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southern Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southern Pacific Pipe Lines, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

453. According to historical BKK Corp. records, Defendant Southwest Petro Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwest Petro Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwest Petro Chemical has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

454. According to historical BKK Corp. records, Defendant Southwest Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwest Steel Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwest Steel Rolling Mills has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

455. According to historical BKK Corp. records, Defendant Southwestern Engineering contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwestern Engineering generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwestern Engineering has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

456.    According to historical BKK Corp. records, Defendant Standard Brands Paint Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Standard Brands Paint Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Standard Brands Paint Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

457.    According to historical BKK Corp. records, Defendant Standard Industrial Towel & Uniform contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Standard Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Standard Industrial Towel & Uniform has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

458.    Upon information and belief, Defendant Standard Industries Holdings, Inc. is the successor to Marco Chemical Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Marco Chemical Co. According to historical BKK Corp. records, Marco Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Marco Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Standard Industries Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

459.    Upon information and belief, Defendant Standard Motor Products, Inc. is the successor to Cali-Blok and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cali-Blok.  According to historical BKK Corp. records, Cali-Blok contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cali-Blok generated

1  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

2  Standard Motor Products, Inc. has not incurred any costs at the BKK Class I

3  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

4  Class I Facility.

5      460.   Upon information and belief, Defendant Stanley Black & Decker, Inc.

6  is the successor to Emhart Industries, Inc., American Tool & Engineering Corp.,

7  Black & Decker, Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises,

8  Lumidor Manufacturing Co. and/or Stanley Home Products and/or is otherwise

9  liable for manifested waste that was contributed to the BKK Class I Facility by

10 Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker,

11 Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing

12 Co. and/or Stanley Home Products.  According to historical BKK Corp. records,

13 Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker,

14 Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing

15 Co. and Stanley Home Products contributed manifested waste to the BKK Class I

16 Facility. This manifested waste contained Hazardous Substances that Emhart

17 Industries, Inc., American Tool & Engineering Corp., Black & Decker, Price Pfister

18 *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing and Stanley

19 Home Products each generated and/or arranged for its disposal at the BKK Class I

20 Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred any

21 costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22 the Plaintiffs at the BKK Class I Facility.

23     461.   According to historical BKK Corp. records, Defendant Structural

24 Composite Industries contributed manifested waste to the BKK Class I Facility.

25 This manifested waste contained Hazardous Substances that Defendant Structural

26 Composite Industries generated and/or arranged for its disposal at the BKK Class I

27 Facility.  To date, Defendant Structural Composite Industries has not incurred any

28 costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

the Plaintiffs at the BKK Class I Facility.

462.    According to historical BKK Corp. records, Defendant Sun Exploration contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sun Exploration generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sun Exploration has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

463.    Upon information and belief, Defendant Sun Capital Partners, Inc. is the successor to Keuffel & Esser Co. and/or Royal Aluminum Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Keuffel & Esser Co. and/or Royal Aluminum Co.  According to historical BKK Corp. records, Keuffel & Esser Co. and Royal Aluminum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Keuffel & Esser Co. and Royal Aluminum Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sun Capital Partners, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

464.    According to historical BKK Corp. records, Defendant Sweco, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sweco, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sweco, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

465.    Upon information and belief, Defendant Sweco, Inc. is the successor to Southwestern Engineering and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwestern Engineering.  According

1  to historical BKK Corp. records, Southwestern Engineering contributed manifested

2  waste to the BKK Class I Facility. This manifested waste contained Hazardous

3  Substances that Southwestern Engineering generated and/or arranged for its

4  disposal at the BKK Class I Facility. To date, Defendant Sweco, Inc. has not

5  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

6  incurred by the Plaintiffs at the BKK Class I Facility.

7      466.   According to historical BKK Corp. records, Defendant T.P. Industrial

8  Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

9  waste contained Hazardous Substances that Defendant T.P. Industrial Inc.

10  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

11  Defendant T.P. Industrial Inc. has not incurred any costs at the BKK Class I

12  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13  Class I Facility.

14      467.   According to historical BKK Corp. records, Defendant TDY

15  Industries, LLC and/or its predecessor TDY Industries, Inc. contributed manifested

16  waste to the BKK Class I Facility.  This manifested waste contained Hazardous

17  Substances that Defendant TDY Industries, LLC and/or its predecessor TDY

18  Industries, Inc. generated and/or arranged for its disposal at the BKK Class I

19  Facility.  To date, Defendant TDY Industries, LLC has not incurred any costs at the

20  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21  at the BKK Class I Facility.

22      468.   Upon information and belief, Defendant Tech-Etch, Inc. is the

23  successor to Merel Co. Inc. and/or otherwise liable for manifested waste that was

24  contributed to the BKK Class I Facility by Merel Co. Inc.  According to historical

25  BKK Corp. records, Merel Co. Inc. contributed manifested waste to the BKK Class

26  I Facility. This manifested waste contained Hazardous Substances that Merel Co.

27  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28  Defendant Tech-Etch, Inc. has not incurred any costs at the BKK Class I Facility

1    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2    Facility.

3        469.    Upon information and belief, Defendant Telair US LLC is the

4    successor to Brooks & Perkins Brownline Division and/or otherwise liable for

5    manifested waste that was contributed to the BKK Class I Facility by Brooks &

6    Perkins Brownline Division.  According to historical BKK Corp. records, Brooks &

7    Perkins Brownline Division contributed manifested waste to the BKK Class I

8    Facility. This manifested waste contained Hazardous Substances that Brooks &

9    Perkins Brownline Division generated and/or arranged for its disposal at the BKK

10   Class I Facility. To date, Defendant Telair US LLC has not incurred any costs at the

11   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

12   at the BKK Class I Facility.

13       470.    Upon information and belief, Defendant Tenneco Inc. is the successor

14   to Packaging Corp. of America and/or otherwise liable for manifested waste that

15   was contributed to the BKK Class I Facility by Packaging Corp. of America.

16   According to historical BKK Corp. records, Packaging Corp. of America

17   contributed manifested waste to the BKK Class I Facility. This manifested waste

18   contained Hazardous Substances that Packaging Corp. of America generated and/or

19   arranged for its disposal at the BKK Class I Facility. To date, Defendant Tenneco

20   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

21   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

22       471.    According to historical BKK Corp. records, Defendant Tenneco Oil

23   Co. contributed manifested waste to the BKK Class I Facility.  This manifested

24   waste contained Hazardous Substances that Defendant Tenneco Oil Co. generated

25   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

26   Tenneco Oil Co. has not incurred any costs at the BKK Class I Facility nor has it

27   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

28       472.    Upon information and belief, Defendant TFI International Inc. is the

156

1    successor to Truck Transport and/or otherwise liable for manifested waste that was

2    contributed to the BKK Class I Facility by Truck Transport.  According to

3    historical BKK Corp. records, Truck Transport contributed manifested waste to the

4    BKK Class I Facility. This manifested waste contained Hazardous Substances that

5    Truck Transport generated and/or arranged for its disposal at the BKK Class I

6    Facility. To date, Defendant TFI International Inc. has not incurred any costs at the

7    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

8    at the BKK Class I Facility.

9        473.   Upon information and belief, Defendant The Marmon Group LLC is

10   the successor to JCX and/or otherwise liable for manifested waste that was

11   contributed to the BKK Class I Facility by JCX.  According to historical BKK

12   Corp. records, JCX contributed manifested waste to the BKK Class I Facility. This

13   manifested waste contained Hazardous Substances that JCX generated and/or

14   arranged for its disposal at the BKK Class I Facility. To date, Defendant The

15   Marmon Group LLC has not incurred any response costs at the BKK Class I

16   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

17   the BKK Class I Facility.

18       474.   Upon information and belief, Defendant The Save Mart Companies,

19   LLC is the successor to Lucky Stores Inc. and/or otherwise liable for manifested

20   waste that was contributed to the BKK Class I Facility by Lucky Stores Inc.

21   According to historical BKK Corp. records, Lucky Stores Inc. contributed

22   manifested waste to the BKK Class I Facility. This manifested waste contained

23   Hazardous Substances that Lucky Stores Inc. generated and/or arranged for its

24   disposal at the BKK Class I Facility. To date, Defendant The Save Mart

25   Companies, LLC has not incurred any costs at the BKK Class I Facility nor has it

26   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27       475.   Upon information and belief, Defendant The Shaw Group is the

28   successor to I.T. Corp. and/or otherwise liable for manifested waste that was

157

contributed to the BKK Class I Facility by I.T. Corp. According to historical BKK Corp. records, I.T. Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that I.T. Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant The Shaw Group has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

476.   According to historical BKK Corp. records, Defendant The Termo Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant The Termo Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant The Termo Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

477.   According to historical BKK Corp. records, Defendant Thompson Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thompson Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Thompson Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

478.   According to historical BKK Corp. records, Defendant Thompson Drilling contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thompson Drilling generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Thompson Drilling has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

479.   According to historical BKK Corp. records, Defendant Thorpe

1    Insulation Co. contributed manifested waste to the BKK Class I Facility.  This

2    manifested waste contained Hazardous Substances that Defendant Thorpe

3    Insulation Co. generated and/or arranged for its disposal at the BKK Class I

4    Facility.  To date, Defendant Thorpe Insulation Co. has not incurred any costs at the

5    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

6    at the BKK Class I Facility.

7        480.   According to historical BKK Corp. records, Defendant Times Mirror

8    Press contributed manifested waste to the BKK Class I Facility. This manifested

9    waste contained Hazardous Substances that Defendant Times Mirror Press

10   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

11   Defendant Times Mirror Press has not incurred any costs at the BKK Class I

12   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13   Class I Facility.

14       481.   According to historical BKK Corp. records, Defendant Tooley & Co.

15   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

16   waste contained Hazardous Substances that Defendant Tooley & Co. Inc. generated

17   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

18   Tooley & Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it

19   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20       482.   Upon information and belief, Defendant Toppan Printing Company

21   (America), Inc. is the successor to Industrial Circuits and/or otherwise liable for

22   manifested waste that was contributed to the BKK Class I Facility by Industrial

23   Circuits.  According to historical BKK Corp. records, Industrial Circuits

24   contributed manifested waste to the BKK Class I Facility. This manifested waste

25   contained Hazardous Substances that Industrial Circuits generated and/or arranged

26   for its disposal at the BKK Class I Facility. To date, Defendant Toppan Printing

27   Company (America), Inc. has not incurred any costs at the BKK Class I Facility nor

28   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Facility.

483.   According to historical BKK Corp. records, Defendant Toyota Motor Manufacturing USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Toyota Motor Manufacturing USA generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Toyota Motor Manufacturing USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

484.   Upon information and belief, Defendant Trabon Realty Corp. is the successor to Cadet Uniform & Linen Supply Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cadet Uniform & Linen Supply Co.  According to historical BKK Corp. records, Cadet Uniform & Linen Supply Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cadet Uniform & Linen Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trabon Realty Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

485.   According to historical BKK Corp. records, Defendant Trammel Crow Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trammel Crow Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trammel Crow Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

486.   Upon information and belief, Defendant Trammel Crow Company is the successor to Tooley & Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Tooley & Co. Inc. According to

1    historical BKK Corp. records, Tooley & Co. Inc. contributed manifested waste to

2    the BKK Class I Facility. This manifested waste contained Hazardous Substances

3    that Tooley & Co. Inc. generated and/or arranged for its disposal at the BKK Class I

4    Facility. To date, Defendant Trammel Crow Company has not incurred any costs at

5    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

6    Plaintiffs at the BKK Class I Facility.

7            487.    According to historical BKK Corp. records, Defendant Transequip

8    Pacific Inc. contributed manifested waste to the BKK Class I Facility. This

9    manifested waste contained Hazardous Substances that Defendant Transequip

10   Pacific Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

11   To date, Defendant Transequip Pacific Inc. has not incurred any costs at the BKK

12   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

13   BKK Class I Facility.

14          488.    According to historical BKK Corp. records, Defendant TRE Corp.

15   contributed manifested waste to the BKK Class I Facility. This manifested waste

16   contained Hazardous Substances that Defendant TRE Corp. generated and/or

17   arranged for its disposal at the BKK Class I Facility. To date, Defendant TRE Corp.

18   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

19   of costs incurred by the Plaintiffs at the BKK Class I Facility.

20          489.    Upon information and belief, Defendant Tribune Publishing Company

21   is the successor to Times Mirror Press and/or otherwise liable for manifested waste

22   that was contributed to the BKK Class I Facility by Times Mirror Press.  According

23   to historical BKK Corp. records, Times Mirror Press contributed manifested waste

24   to the BKK Class I Facility. This manifested waste contained Hazardous

25   Substances that Times Mirror Press generated and/or arranged for its disposal at the

26   BKK Class I Facility. To date, Defendant Tribune Publishing Company has not

27   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

28   incurred by the Plaintiffs at the BKK Class I Facility.

161

1    490.    Upon information and belief, Defendant TriMas Corporation is the

2    successor to Price Pfister *nka* Pfister and U.S. Filters and/or is otherwise liable for

3    manifested waste that was contributed to the BKK Class I Facility by Price Pfister

4    *nka* Pfister and U.S. Filters.  According to historical BKK Corp. records, Price

5    Pfister *nka* Pfister and U.S. Filters contributed manifested waste to the BKK Class I

6    Facility. This manifested waste contained Hazardous Substances that Price Pfister

7    *nka* Pfister and U.S. Filters generated and/or arranged for its disposal at the BKK

8    Class I Facility. To date, Defendant TriMas Corporation has not incurred any costs

9    at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

10    Plaintiffs at the BKK Class I Facility.

11    491.    Upon information and belief, Defendant Triumph Group Operations is

12    the successor to Los Angeles Gauge Co. and/or is otherwise liable for manifested

13    waste that was contributed to the BKK Class I Facility by Los Angeles Gauge Co.

14    According to historical BKK Corp. records, Los Angeles Gauge Co. contributed

15    manifested waste to the BKK Class I Facility. This manifested waste contained

16    Hazardous Substances that Los Angeles Gauge Co. generated and/or arranged for

17    its disposal at the BKK Class I Facility. To date, Defendant Triumph Group

18    Operations has not incurred any costs at the BKK Class I Facility nor has it paid its

19    fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20    492.    Upon information and belief, Defendant Triumph Thermal Systems,

21    LLC is the successor to Fairchild Industries and/or is otherwise liable for

22    manifested waste that was contributed to the BKK Class I Facility by Fairchild

23    Industries.  According to historical BKK Corp. records, Fairchild Industries

24    contributed manifested waste to the BKK Class I Facility. This manifested waste

25    contained Hazardous Substances that Fairchild Industries generated and/or arranged

26    for its disposal at the BKK Class I Facility. To date, Defendant Triumph Thermal

27    Systems, LLC has not incurred any costs at the BKK Class I Facility nor has it paid

28    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

493.   According to historical BKK Corp. records, Defendant Trizec Properties contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trizec Properties generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trizec Properties has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

494.   According to historical BKK Corp. records, Defendant Trojan Battery Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trojan Battery Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trojan Battery Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

495.   According to historical BKK Corp. records, Defendant Truck Transport contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Truck Transport generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Truck Transport has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

496.   Upon information and belief, Defendant TRZ Holdings IV LLC (previously identified in this action as TRZ Holdings LLC) is the successor to Trizec Properties and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Trizec Properties.  According to historical BKK Corp. records, Trizec Properties contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Trizec Properties generated and/or arranged for its disposal at the BKK Class I Facility. To

1  date, Defendant TRZ Holdings IV LLC has not incurred any costs at the BKK

2  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

3  BKK Class I Facility.

4      497.    According to historical BKK Corp. records, Defendant U.S. Borax &

5  Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

6  manifested waste contained Hazardous Substances that Defendant U.S. Borax &

7  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

8  Facility. To date, Defendant U.S. Borax & Chemical Corp. has not incurred any

9  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

10 the Plaintiffs at the BKK Class I Facility.

11     498.    Upon information and belief, Defendant U.S. Borax, Inc. is the

12 successor to U.S. Borax & Chemical Corp. and/or otherwise liable for manifested

13 waste that was contributed to the BKK Class I Facility by U.S. Borax & Chemical

14 Corp.  According to historical BKK Corp. records, U.S. Borax & Chemical Corp.

15 contributed manifested waste to the BKK Class I Facility. This manifested waste

16 contained Hazardous Substances that U.S. Borax and Chemical Corp. generated

17 and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

18 U.S. Borax, Inc. has not incurred any costs at the BKK Class I Facility nor has it

19 paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20     499.    According to historical BKK Corp. records, Defendant U.S. Brass

21 Division contributed manifested waste to the BKK Class I Facility. This manifested

22 waste contained Hazardous Substances that Defendant U.S. Brass Division

23 generated and/or arranged for its disposal at the BKK Class I Facility. To date,

24 Defendant U.S. Brass Division has not incurred any costs at the BKK Class I

25 Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

26 Class I Facility.

27     500.    According to historical BKK Corp. records, Defendant U.S. Filters

28 contributed manifested waste to the BKK Class I Facility.  This manifested waste

contained Hazardous Substances that Defendant U.S. Filters. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant U.S. Filters has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

501. According to historical BKK Corp. records, Defendant U.S. Reduction Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant U.S. Reduction Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

502. According to historical BKK Corp. records, Defendant Ultramar Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ultramar Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ultramar Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

503. Upon information and belief, Defendant Ultramar Inc. is the successor to Bingo Truck Stop and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Bingo Truck Stop. According to historical BKK Corp. records, Bingo Truck Stop contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Bingo Truck Stop generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ultramar Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

504. Upon information and belief, Defendant UNFI Grocers Distribution, Inc. is the successor to Certified Grocers of Cal. and/or otherwise liable for

manifested waste that was contributed to the BKK Class I Facility by Certified Grocers of Cal.  According to historical BKK Corp. records, Certified Grocers of Cal. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Certified Grocers of Cal. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant UNFI Grocers Distribution, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

505.   According to historical BKK Corp. records, Defendant United Coatings Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant United Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant United Coatings Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

506.   Upon information and belief, Defendant USG Corporation is the successor to Hollytex Carpet Mills, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Hollytex Carpet Mills, Inc.  According to historical BKK Corp. records, Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant USG Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

507.   According to historical BKK Corp. records, Defendant Valco (aka Valco Automotive Products) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Valco (aka Valco Automotive Products) generated and/or arranged for its disposal

at the BKK Class I Facility. To date, Defendant Valco (aka Valco Automotive Products) has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

508.   According to historical BKK Corp. records, Defendant Valentec International Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Valentec International Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Valentec International Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

509.   Upon information and belief, Defendant Valero Energy Corporation is the successor to Ultramar Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Ultramar Inc.  According to historical BKK Corp. records, Ultramar Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Ultramar Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Valero Energy Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

510.   According to historical BKK Corp. records, Defendant Van De Kamp contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Van De Kamp generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Van De Kamp has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

511.   According to historical BKK Corp. records, Defendant Varco International contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Varco

International generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Varco International has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

512.   Upon information and belief, Defendant Veolia Environmental Services North America, LLC is the successor to Heist Maintenance Services Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Heist Maintenance Services Inc.  According to historical BKK Corp. records, Heist Maintenance Services Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Heist Maintenance Services Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Veolia Environmental Services North America, LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

513.   Upon information and belief, Defendant Verizon New York Inc. is the successor to Greer Hydraulics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Greer Hydraulics Inc.  According to historical BKK Corp. records, Greer Hydraulics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Greer Hydraulics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Verizon New York Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

514.   Upon information and belief, Defendant Vest, Inc. is the successor to Bernard Epps & Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Bernard Epps & Co.  According to historical BKK Corp. records, Bernard Epps & Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances

1    that Bernard Epps & Co. generated and/or arranged for its disposal at the BKK

2    Class I Facility. To date, Defendant Vest, Inc. has not incurred any costs at the

3    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

4    at the BKK Class I Facility.

5        515.   Upon information and belief, Defendant VF Corporation is the

6    successor to Standard Industrial Towel & Uniform and/or otherwise liable for

7    manifested waste that was contributed to the BKK Class I Facility by Standard

8    Industrial Towel & Uniform.  According to historical BKK Corp. records, Standard

9    Industrial Towel & Uniform contributed manifested waste to the BKK Class I

10    Facility. This manifested waste contained Hazardous Substances that Standard

11    Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK

12    Class I Facility. To date, Defendant VF Corporation has not incurred any costs at

13    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

14    Plaintiffs at the BKK Class I Facility.

15        516.   According to historical BKK Corp. records, Defendant Voi Shan

16    contributed manifested waste to the BKK Class I Facility.  This manifested waste

17    contained Hazardous Substances that Defendant Voi Shan generated and/or

18    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Voi Shan

19    has not incurred any response costs at the BKK Class I Facility nor has it paid its

20    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

21        517.   According to historical BKK Corp. records, Defendant Vons

22    Companies Inc. contributed manifested waste to the BKK Class I Facility.  This

23    manifested waste contained Hazardous Substances that Defendant Vons Companies

24    Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

25    Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I

26    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

27    Class I Facility.

28        518.   Upon information and belief, Defendant Vons Companies Inc. is the

successor to Jersey Maid Milk Products Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Jersey Maid Milk Products Inc.  According to historical BKK Corp. records, Jersey Maid Milk Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Jersey Maid Milk Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

519.   According to historical BKK Corp. records, Defendant Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

520.   According to historical BKK Corp. records, Defendant W. Smith Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant W. Smith Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant W. Smith Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

521.   According to historical BKK Corp. records, Defendant W. Smith Co. Container Reconditioning contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant W. Smith Co. Container Reconditioning generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant W. Smith Co. Container Reconditioning has not incurred any costs at the BKK Class I Facility nor has it

1  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2      522.  According to historical BKK Corp. records, Defendant W.L. Chapman

3  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

4  waste contained Hazardous Substances that Defendant W.L. Chapman Co.

5  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

6  Defendant W.L. Chapman Co. has not incurred any response costs at the BKK

7  Class I Facility nor has it paid its fair share of response costs incurred by the

8  Plaintiffs at the BKK Class I Facility.

9      523.  According to historical BKK Corp. records, Defendant Weber Aircraft

10  contributed manifested waste to the BKK Class I Facility. This manifested waste

11  contained Hazardous Substances that Defendant Weber Aircraft generated and/or

12  arranged for its disposal at the BKK Class I Facility. To date, Defendant Weber

13  Aircraft has not incurred any costs at the BKK Class I Facility nor has it paid its

14  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15      524.  Upon information and belief, Defendant Wells Fargo Rail Corporation

16  is the successor to North American Car Corp. and/or otherwise liable for manifested

17  waste that was contributed to the BKK Class I Facility by North American Car

18  Corp.  According to historical BKK Corp. records, North American Car Corp.

19  contributed manifested waste to the BKK Class I Facility. This manifested waste

20  contained Hazardous Substances that North American Car Corp. generated and/or

21  arranged for its disposal at the BKK Class I Facility. To date, Defendant Wells

22  Fargo Rail Corporation has not incurred any costs at the BKK Class I Facility nor

23  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

24  Facility.

25      525.  According to historical BKK Corp. records, Defendant Wells Marine

26  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

27  waste contained Hazardous Substances that Defendant Wells Marine Inc. generated

28  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

Wells Marine Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

526.    According to historical BKK Corp. records, Defendant Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Weslock Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Weslock Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

527.    According to historical BKK Corp. records, Defendant West Valley Toyota contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant West Valley Toyota generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant West Valley Toyota has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

528.    According to historical BKK Corp. records, Defendant Western Kraft Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Western Kraft Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Western Kraft Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

529.    According to historical BKK Corp. records, Defendant Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Western Lithograph has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

1    BKK Class I Facility.

2         530.   According to historical BKK Corp. records, Defendant Western

3    Synthetic Felt Co. contributed manifested waste to the BKK Class I Facility. This

4    manifested waste contained Hazardous Substances that Defendant Western

5    Synthetic Felt Co. generated and/or arranged for its disposal at the BKK Class I

6    Facility. To date, Defendant Western Synthetic Felt Co. has not incurred any costs

7    at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

8    Plaintiffs at the BKK Class I Facility.

9         531.   According to historical BKK Corp. records, Defendant Westminster

10   Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This

11   manifested waste contained Hazardous Substances that Defendant Westminster

12   Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

13   Facility. To date, Defendant Westminster Ceramics Inc. has not incurred any costs

14   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

15   Plaintiffs at the BKK Class I Facility.

16        532.   Upon information and belief, Defendant Whico Machine, Inc. is the

17   successor to Replacement Parts Manufacturing and/or otherwise liable for

18   manifested waste that was contributed to the BKK Class I Facility by Replacement

19   Parts Manufacturing.  According to historical BKK Corp. records, Replacement

20   Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This

21   manifested waste contained Hazardous Substances that Replacement Parts

22   Manufacturing generated and/or arranged for its disposal at the BKK Class I

23   Facility. To date, Defendant Whico Machine, Inc. has not incurred any costs at the

24   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

25   at the BKK Class I Facility.

26        533.   According to historical BKK Corp. records, Defendant Whittaker

27   Corp. contributed manifested waste to the BKK Class I Facility. This manifested

28   waste contained Hazardous Substances that Defendant Whittaker Corp. generated

1  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

2  Whittaker Corp. has not incurred any costs at the BKK Class I Facility nor has it

3  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      534.    Upon information and belief, Defendant Wiretech, Inc. is the successor

5  to MGF Industries and/or otherwise liable for manifested waste that was

6  contributed to the BKK Class I Facility by MGF Industries.  According to historical

7  BKK Corp. records, MGF Industries contributed manifested waste to the BKK

8  Class I Facility. This manifested waste contained Hazardous Substances that MGF

9  Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

10  date, Defendant Wiretech, Inc. has not incurred any costs at the BKK Class I

11  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

12  Class I Facility.

13      535.    According to historical BKK Corp. records, Defendant Windowmaster

14  Products contributed manifested waste to the BKK Class I Facility. This manifested

15  waste contained Hazardous Substances that Defendant Windowmaster Products

16  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17  Defendant Windowmaster Products has not incurred any costs at the BKK Class I

18  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

19  Class I Facility.

20      536.    Upon information and belief, Defendant Witco Corporation is the

21  successor to Southwest Petro Chemical and/or otherwise liable for manifested

22  waste that was contributed to the BKK Class I Facility by Southwest Petro

23  Chemical.  According to historical BKK Corp. records, Southwest Petro Chemical

24  contributed manifested waste to the BKK Class I Facility. This manifested waste

25  contained Hazardous Substances that Southwest Petro Chemical generated and/or

26  arranged for its disposal at the BKK Class I Facility. To date, Defendant Witco

27  Corporation has not incurred any costs at the BKK Class I Facility nor has it paid

28  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

537.   Upon information and belief, Defendant Woodward HRT, Inc. is the successor to HR Textron Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by HR Textron Inc.  According to historical BKK Corp. records, HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that HR Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Woodward HRT, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

538.   Upon information and belief, Defendant Wyman-Gordon Company is the successor to W.L. Chapman Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by W.L. Chapman Co.  According to historical BKK Corp. records, W.L. Chapman Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that W.L. Chapman Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Wyman-Gordon Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

539.   According to historical BKK Corp. records, Defendant Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Xtra Energy has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

540.   According to historical BKK Corp. records, Defendant Yoplait USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Yoplait USA generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Yoplait

USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair

share of costs incurred by the Plaintiffs at the BKK Class I Facility.

541.   According to historical BKK Corp. records, Defendant Zimmers Truck

Stop contributed manifested waste to the BKK Class I Facility. This manifested

waste contained Hazardous Substances that Defendant Zimmers Truck Stop

generated and/or arranged for its disposal at the BKK Class I Facility. To date,

Defendant Zimmers Truck Stop has not incurred any costs at the BKK Class I

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

Class I Facility.

542.   Paragraphs 543 to 806 are reserved.

807.   Each Defendant has declined or not responded to Plaintiffs' request(s)

to enter into, or has otherwise not entered into, a tolling agreement to facilitate

settlement discussions.  A number of other PRPs at the BKK Class I Facility have

entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to

resolve the liabilities of those PRPs without litigation.

808.   On information and belief, each Defendant, including any of its

assignees, predecessors, successors in interest, or alter egos, is a "person" who

either (a) by contract, agreement, or otherwise, arranged for disposal or treatment,

or (b) arranged with a transporter for disposal or treatment, of Hazardous

Substances at the BKK Class I Facility.

809.   On information and belief, between approximately 1969 and 1987,

Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the

BKK Class I Facility but have not incurred any costs, nor have they paid their fair

share of costs incurred by the Plaintiffs at the BKK Class I Facility.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

810.   At all times relevant to this action, the BKK Class I Facility was

operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was

also owned by BKK Corp. from approximately 1973 through the present.

811.  Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

812.  The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

813.    By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

814.    On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

815.    In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

816.    The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

817.    In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC

1  commenced negotiations to seek a settlement to address conditions at the BKK

2  Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and

3  each of its then-members incurred necessary response costs at the BKK Class I

4  Facility that are consistent with the NCP.

5      818.    The composition of the BKK Working Group has changed over time

6  and continues to change.  New members pay an interim allocated share of past and

7  ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has

8  incurred necessary response costs consistent with the NCP.

9      819.    On October 31, 2005, the State of California, through its agency

10  DTSC, filed a Complaint against certain members of the BKK Working Group in

11  case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site

12  Action").  In the Initial Site Action Complaint, the State of California sought

13  recovery of past response costs pursuant to Section 107 of CERCLA; declaratory

14  relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL.

15  HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working

16  Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was

17  filed concurrently with the lodging of a consent decree between certain members of

18  the BKK Working Group and DTSC that addressed conditions at the BKK Class I

19  Facility.

20      820.    On February 8, 2006, the State of California, through its agency

21  DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial

22  Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered

23  on March 9, 2006.

24      821.    Among other things, the First Consent Decree obligated certain

25  members of the BKK Working Group to perform environmental response actions at

26  the BKK Class I Facility, to reimburse DTSC for certain of its past response costs,

27  and to pay DTSC for its continuing oversight of the environmental response work

28

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    at the BKK Class I Facility.  The response actions have included investigation

2    activities.

3        822.    The First Consent Decree also "resolves the liability of [the members

4    of the BKK Working Group] for Past Response Costs . . . " and provides members

5    of the BKK Working Group with "protection from contribution actions or claims as

6    provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters

7    addressed in [the First Consent Decree].  The matters addressed in [the First

8    Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . .

9    . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC

10   Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and

11   (f) compliance with the ISE Order from its effective date through the date on which

12   it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at

13   ¶ 8.1.

14       823.    Upon entry of the First Consent Decree, the BKK Working Group

15   began performing environmental response work, including site investigation, at the

16   BKK Class I Facility under the oversight of DTSC.  All work performed under the

17   First Consent Decree is deemed to be, and was, necessary and performed in

18   accordance with the NCP.

19       824.    On May 5, 2010, the State of California, through its agency DTSC,

20   filed a second complaint against certain members of the BKK Working Group in

21   case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site

22   Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint

23   sought recovery of past response costs, including investigation costs, pursuant to

24   Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA;

25   and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from

26   certain members of the BKK Working Group relating to the BKK Class I Facility.

27       825.    At that same time, the State of California, through its agency DTSC,

28   lodged a Second Consent Decree ("Second Consent Decree") with the Court,

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

obligating the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including investigation costs, and to pay future oversight costs to DTSC on an ongoing basis.  The Second Consent Decree, attached hereto as **Exhibit D**, was entered on August 10, 2010.

826.    Among other things, the Second Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA Statement of Work).  The EE/CA is to propose a non-time critical removal action that contributes to the efficient performance of any long-term remedial action for the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility study and remedial actions will be conducted at the BKK Class I Facility at the conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate response actions to be performed at the BKK Class Facility based on the EE/CA.

827.    Among other things, the Second Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Second Consent Decree.  The matters addressed in the Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

828.    From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree.  All

1    work performed under the Second Consent Decree is deemed to be, and was,

2    necessary and performed in accordance with the NCP.

3        829.    On February 2, 2015, the State of California, through its agency

4    DTSC, filed a third complaint against certain members of the BKK Working Group

5    in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site

6    Action").  Like the Initial and Second Site Action Complaints, the Third Site

7    Action Complaint sought recovery of past response costs pursuant to Section 107 of

8    CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive

9    relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of

10    the BKK Working Group relating to the BKK Class I Facility.

11        830.    At that same time, the State of California, through its agency DTSC,

12    lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the

13    Court, obligating certain members of the BKK Working Group to perform

14    additional response actions, including investigation activities, at the BKK Class I

15    Facility, to reimburse DTSC for certain of its past response costs, including site

16    investigation activities, and to pay future oversight costs to DTSC on an ongoing

17    basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered

18    on July 24, 2015.

19        831.    Among other things, the Third Partial Consent Decree obligates

20    certain members of the BKK Working Group to perform environmental response

21    actions, including investigation activities, at the BKK Class I Facility, to reimburse

22    DTSC for certain of its response costs, including site investigation costs, to pay

23    DTSC for its continuing oversight of the environmental response work at the BKK

24    Class I Facility, and to conduct a Remedial Investigation/Feasibility Study

25    ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third

26    Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree

27    (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the

28    RI/FS includes the Class I Landfill and Class I Landfill operation areas, including

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station and truck wash; and wherever hazardous substances from such areas have or may come to be located.  It is anticipated that DTSC will select further appropriate response actions to be performed at and around the BKK Class I Facility based on the RI/FS.

832.    Among other things, the Third Partial Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters addressed in the Third Partial Consent Decree are (a) the Work to be Performed by [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . ." Third Partial Consent Decree at ¶ 8.1.

833.    As reflected in the BKK document archive maintained by DTSC, members of the BKK Working Group also entered into additional interim settlement agreements with DTSC to reimburse the State for its past response costs incurred consistent with the NCP at the BKK Class I Landfill.

834.    On July 29, 2016, the State of California, through its agency DTSC, filed an amended third complaint, which joined as defendants five additional members of the BKK Working Group.

835.    At that same time, the State of California, through its agency DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third Partial Consent Decree"), which added the five new defendants as additional Settling Defendants.  The Amended Third Partial Consent Decree, attached hereto as **Exhibit F**, was approved by the Court on October 18, 2016.

836.    Among other things, the Amended Third Partial Consent Decree, like the Third Partial Consent Decree, obligates certain members of the BKK Working

Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility. Amended Third Partial Consent Decree at ¶ 4.1.3.

837. From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree. All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

838. The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees. Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

839. Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility. Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I

1  Facility.  This investigation for the purpose of identification of additional PRPs is

2  ongoing.

3      840.    The environmental conditions at the BKK Class I Facility, and the

4  attendant costs that have been and are continuing to be incurred by Plaintiffs are the

5  direct result of Defendants having arranged to dispose Hazardous Substances at the

6  BKK Class I Facility.

7      841.    In 2020, DTSC estimated that necessary response actions to fully

8  remediate the BKK Class I Facility would cost $869,286.436.

9      842.    Plaintiffs have incurred or are committed to incur not less than

10  approximately $250 million in costs associated with the BKK Class I Facility.

11      843.    To date, Defendants have failed to participate in or contribute to any

12  work or costs at the BKK Class I Facility.

13                **FIRST CLAIM FOR RELIEF**

14          **Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))**

15      844.   Paragraphs 1-843 are incorporated by reference.

16      845.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in

17  pertinent part:

18          Any person may seek contribution from any other person
           who is liable or potentially liable under section 9607(a) of
19          this title, during or following any civil action under section
           9606 of this title or under section 9607 of this title.  Such
20          claims shall be brought in accordance with this section and
           the Federal Rules of Civil Procedure, and shall be governed
21          by Federal law.  In resolving contribution claims, the court
           may allocate response costs among liable parties using
22          such equitable factors as the court determines are
           appropriate.
23

24      846.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B),

25  provides in pertinent part:

26          A person who has resolved its liability to the United States
           or a State for some or all of a response action or for some
27          or all of the costs of such action in an administrative or
           judicially approved settlement may seek contribution from
28          any person who is not party to a settlement referred to in

                            184                  TENTH AMENDED COMPLAINT
                                                   (2:18-CV-05836-MWF-PLA)

paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

847.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607:  the Initial Site Action, the Second Site Action, and the Third Site Action.

848.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve liability of the member Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

849.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved liability of those Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

850.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

851.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

852.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

853.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

854.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

855.    Plaintiffs previously notified the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

## SECOND CLAIM FOR RELIEF

### Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))

856.    Paragraphs 1-855 are incorporated by reference.

857.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> (a)    Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
> * * * *
>
> (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous substances owned or possessed by such person . . . shall be liable for –
>
> * * * *
>
> (B)    any other necessary costs of response incurred by any other person consistent with the national contingency plan . . . .

858.    Plaintiffs are each a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

859.    Defendants are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

860.    The BKK Class I Facility is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

861.    Defendants arranged for disposal or treatment, or arranged with third-party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

862.    Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

863.    Separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees in resolution of Plaintiffs' CERCLA liability to the State of California, Plaintiffs also voluntarily have incurred certain additional response costs as result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

864.    Such costs include, but are not limited to, the costs of response for installation of certain new equipment at the site, costs of response for the replacement of certain aging equipment at the site necessary to facilitate further cleanup actions, and costs of further site investigations, all of which have been incurred and will continue to be incurred pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) and are consistent with the NCP.

865.    Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

### **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

866.    Paragraphs 1-865 are incorporated herein by reference.

867.   CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

868.   Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

869.   Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances.

Therefore, Stauffer Management Company LLC, through assignment of Syngenta
Crop Protection, LLC's rights, is entitled to recover from Defendants their fair
share of those costs incurred by Syngenta Crop Protection, LLC in partially
reimbursing Stauffer Management Company LLC for the response costs Stauffer
Management Company LLC paid to satisfy the response cost obligations incurred
by Bayer CropScience Inc. relating to the BKK Class I Facility.

870.    Response costs incurred by Plaintiffs that are individual members of
the BKK Working Group may have been paid by or reimbursed by a separate
entity.  Therefore, Plaintiffs presented a written claim to Defendants prior to the
initiation of this litigation for reimbursement of their fair share of Plaintiffs' past
and future response costs incurred at the BKK Class I facility, which Defendants
failed to satisfy.  Thus, making them a claimant within the meaning of Section
112(c).

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))

871.    Paragraphs 1-870 are incorporated herein by reference.

872.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent
part:

> In any action described in this subsection the court shall
> enter a declaratory judgment on liability for response costs
> or damages that will be binding on any subsequent action
> or actions to recover further response costs or damages.

873.    Defendants are jointly and severally liable to Plaintiffs for the
reimbursement of necessary response costs, including site investigation expenses,
incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C.
§ 9607(a).  Defendants are also severally liable to Plaintiffs under CERCLA §
113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. §
9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant
to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and

1  any future consent decrees, as a result of the release or threatened release of

2  Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

3  therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42

4  U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

5  Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

6  that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

7  their necessary response costs incurred consistent with the NCP under CERCLA

8  § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

9  Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

10 Partial and Amended Third Partial Consent Decrees, and any future consent

11 decrees, to address the release or threatened release of Hazardous Substances at and

12 from the BKK Class I Facility.

### FIFTH CLAIM FOR RELIEF

### Contribution, Hazardous Substance Account Act, California Health and Safety Code Sections 78000 et seq.

16 874.    Paragraphs 1-873 are incorporated herein by reference.

17 875.    The Plaintiffs bring their claim for contribution against all Defendants

18 except the following: Orange County Sanitation District.

19 876.    The Carpenter-Presley-Tanner Hazardous Substance Account Act

20 ("HSAA"), California Health and Safety Code sections 78000 et seq., provides a

21 statutory right of contribution for those parties who clean up contaminated sites

22 from those parties who are responsible for the contamination.

23 877.    Section 79670(a) of the HSAA provides that "A person who has

24 incurred response or corrective action costs in accordance with this chapter,

25 Chapter 6.5 (commencing with Section 25100 [sic]) or [CERCLA] may seek

26 contribution or indemnity from any person who is liable pursuant to this chapter."

27

28

878.    A "liable person" is defined in section 78145(a)(1) of the HSAA as "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section 9607(a))."

879.    Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

880.    Defendants are each a "person" within the meaning of sections 78085 and 78145(a)(1) of the Health and Safety Code.

881.    There have been releases or threatened releases from the BKK Class I Facility.

882.    As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

883.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 79670(c).

884.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 79670 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

885.    Paragraphs 1-884 are incorporated herein by reference.

886.    Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

887.    The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

888.    A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

889.    As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Equitable Contribution

890.    Paragraphs 1-889 are incorporated herein by reference.

891.    Plaintiffs have been required to pay environmental cleanup and other costs at the BKK Class I Facility, and a money judgment has been or will be rendered jointly against Plaintiffs and Defendants.

892.    Plaintiffs have discharged or will discharge the joint judgment and/or have paid or will pay more than Plaintiffs' equitable pro rata share of the joint judgment.

893.    As a result, Plaintiffs are entitled to contribution from Defendants for the excess paid over the Plaintiffs' equitable pro rata shares of the joint judgment.

## EIGHTH CLAIM FOR RELIEF

### Common Law Subrogation

894.    Paragraphs 1-893 are incorporated herein by reference.

895.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

896.    Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

## NINTH CLAIM FOR RELIEF

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

897.    Paragraphs 1-896 are incorporated herein by reference.

898.    Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a declaration of his or her rights and duties in the premises. . . . He or she may ask for a declaration of rights or duties either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

899.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 78000 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

TENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

900.    A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## **JURY TRIAL DEMANDED**

901.    Plaintiffs demand trial by jury pursuant to Federal Rule of Civil Procedure 38 on all causes and issues so triable under Section 16 of Article I of the California Constitution, the Seventh Amendment to the Constitution, or as may be guaranteed by statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    Recovery of all costs, cost of abatement, and damages incurred by Plaintiffs, including response costs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.    Contribution of an equitable share of all costs, including response costs incurred by Plaintiffs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.    A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

1    4.    Indemnification for and/or contribution to all costs, damages and

2    liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result

3    of the release or threatened release of Hazardous Substances at and from the BKK

4    Class I Facility;

5    5.    Retention of jurisdiction over this action by this Court after entry of

6    the requested declaratory judgment to grant further relief as may be necessary or

7    proper;

8    6.    Attorney's fees and pre-judgment interest (as response costs); and

9    7.    Such other relief as the Court may deem just and appropriate.

10

11    Dated: August 28, 2024                HINSON GRAVELLE & ADAIR LLP

12

13                                By  s/Douglas A. Gravelle
14                                    Douglas A. Gravelle,
                                    Attorneys for Plaintiffs
15                                    BKK WORKING GROUP, an
                                    unincorporated association, and
16                                    individual members identified
                                    herein

17

18

19

20

21

22

23

24

25

26

27

28

195