1

**HINSON GRAVELLE & ADAIR LLP**
2  Douglas A. Gravelle (SBN 166110)
   gravelle@hinsongravelle.com
3  K. Eric Adair (SBN 150650)
   adair@hinsongravelle.com
4  27240 Turnberry Lane, Suite 200
   Valencia, CA 91355
5  Telephone: 661-294-0116

6  Attorneys for Plaintiffs
   BKK WORKING GROUP, an unincorporated
7  association, and individual members identified
   below

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  BKK WORKING GROUP;              Case No. 2:18-cv-05836-MWF-PLA
    ANADARKO E&P ONSHORE
12  LLC; ATLANTIC RICHFIELD         **[FILED PURSUANT TO 11/15/24**
    COMPANY; ASHLAND INC.;          **ORDER [DKT. 172]]**
13  BAYER CROPSCIENCE INC.;
    BIG HEART PET BRANDS; THE       **ELEVENTH AMENDED**
14  BOEING COMPANY;                 **COMPLAINT FOR:**
    CALIFORNIA RESOURCES
15  CORPORATION; CHEVRON            1. CERCLA: CONTRIBUTION [42
    ENVIRONMENTAL                      U.S.C. § 9613(f)]
16  MANAGEMENT COMPANY;             2. CERCLA:  COST RECOVERY
    CHEVRON MARINE PRODUCTS            [42 U.S.C. § 9607(a)]
17  LLC; CONOCOPHILLIPS
    COMPANY; CROSBY &               3. CERCLA:  SUBROGATION
18  OVERTON, INC.; THE DOW             [42 U.S.C. § 9612(c)(2)]
    CHEMICAL COMPANY;               4. CERCLA:  DECLARATORY
19  DUCOMMUN                           RELIEF
    AEROSTRUCTURES, INC.;              [42 U.S.C. § 9613(g)]
20  ESSEX CHEMICAL
    CORPORATION; EXXON MOBIL        5. HSAA: CONTRIBUTION
21  CORPORATION; GEMINI               [HEALTH AND SAFETY CODE
    INDUSTRIES, INC.; GENERAL         §§ 78000, ET SEQ.]
22  DYNAMICS CORPORATION;           6. EQUITABLE
    GENERAL LATEX AND                  INDEMNIFICATION
23  CHEMICAL CORPORATION;
    HEWLETT-PACKARD                 7. EQUITABLE CONTRIBUTION
24  COMPANY; AMERICAN
    HONDA MOTOR CO., INC.;          8. COMMON LAW
25  HUNTINGTON BEACH                   SUBROGATION
    COMPANY; LOCKHEED
26                                  9. DECLARATORY RELIEF
                                       [CAL. CIV. PROC. CODE §1060]
27

28

MARTIN CORPORATION;
MARS, INC. (FORMERLY
KNOWN AS KAL KAN FOODS
INC.); MONTROSE CHEMICAL
CORP. OF CALIFORNIA;
MORTELL COMPANY;
MORTON INTERNATIONAL,
INC.; NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY
USA INC.; QUEMETCO, INC.;
ROCKWELL AUTOMATION,
INC.; ROHM & HAAS
COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC
COMPANY; SMITH
INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA
EDISON COMPANY;
SOUTHERN CALIFORNIA GAS
COMPANY; STAUFFER
MANAGEMENT COMPANY
LLC; THE PROCTER &
GAMBLE MANUFACTURING
COMPANY; THUMS LONG
BEACH COMPANY; UNION
CARBIDE CORPORATION;
UNION PACIFIC RAILROAD
(FORMERLY KNOWN AS
SOUTHERN PACIFIC
TRANSPORTATION
COMPANY); UNITED STATES
STEEL CORPORATION; RTX
CORPORATION; UNIVAR
SOLUTIONS USA LLC;
AMERON INTERNATIONAL
CORPORATION; AND XEROX
CORPORATION,

                    Plaintiffs,

            vs.

ALBERTSONS COMPANIES, INC.;
AAMCO TRANSMISSIONS; AAR
CORP.; A.B. DICK CO.; ACE
INDUSTRIES; ACH FOOD

2

COMPANIES, INC.; ADVANCED
COATINGS INC.; AEROSOL
SERVICES CO. INC.; AIR
INDUSTRIES CORP.; AIR LIQUIDE
AMERICA LP; AIRPORT CONSULT
GROUP LLC; ALKID
CORPORATION; ALPHA
TECHNOLOGIES GROUP, INC.;
AMERICAN APPLIANCE
MANUFACTURING CORP.;
AMERICAN CAN COMPANY;
AMERICAN CHEMICAL &
REFINING; AMERICAN PACIFIC
INTERNATIONAL INC.;
AMERICAN PROMOTIONAL
EVENTS, INC. -WEST; AMERICAN
SCIENTIFIC PRODUCTS;
AMERICAN TOOL &
ENGINEERING CORP.;
AMERIPRIDE SERVICES, LLC;
AMF TUBESCOPE INC.; ANCHOR
OPERATING, INC.; ANDREW
CALIFORNIA CORP.; ANGELICA
TEXTILE SERVICES INC.;
ANODYNE INC.; APEX
INTERNATIONAL ALLOYS;
APPLIED MAGNETICS CORP.;
ARGO PETROLEUM CORP.;
ARROWHEAD MOUNTAIN SPRING
WATER COMPANY; ARNOLD
CIRCUITS, INC.; ARNOLD
ENGINEERING CO.; ATOMICA
CORP.; AXEL JOHNSON, INC.;
AZON CORPORATION; B. JADOW
AND SONS, INC.; BAE SYSTEMS
SAN DIEGO SHIP REPAIR INC.;
BALSER TRUCKING; BAUSCH
HEALTH AMERICAS, INC.;
BAXTER INTERNATIONAL INC.;
BEATRICE/HUNT-WESSON, INC.;
BEAZER EAST, INC.; BECKMAN
COULTER INC.; BERNARD EPPS &
CO.; BETHLEHEM STEEL CORP.;
BEVERLY HILLS OIL COMPANY;
BFI XV REALTY FUND LTD.; BI
TECHNOLOGIES CORPORATION;
BIG THREE INDUSTRIES INC.;

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

BINGO TRUCK STOP; BIRTCHER PACIFIC; BNZ, INC.; BOSTIK, INC.; BRIDGESTONE AMERICAS, INC.; BROOKS & PERKINS BROWNLINE DIVISION; BULK SERVICES, INC.; BUNGE OILS, INC.; BYRON JACKSON PUMPS; CAL-AURUM INDUSTRIES; CAL-CHEM CLEANING CO., INC.; CAL NEV PIPELINE CO.; CAL STYLE FURNITURE MANUFACTURING CO.; CALI-BLOK; CALBIOCHEM-BEHRING CORP.; CALIFORNIA CARPET CO.; CALGON CARBON CORPORATION; CALPROTECH INC.; CAPITAL PARADE USA, INC.; CARGILL INC.; CASTLE & COOKE, INC.; CELANESE CORPORATION; CEMEX, INC.; CERRO CORPORATION; CERTIFIED GROCERS OF CAL.; CIA MINERA DE CANANEA SA; CIRCUIT ONE DIV. OF LH RESEARCH INC.; CLEVELAND WRECKING CO.; COAST PLATING, INC.; COGNIS CORP.; COLUMBIA PACIFIC ALUMINUM CORPORATION; COLUMBIA PICTURES; CONAGRA BRANDS, INC.; CONTROL COMPONENTS INC.; COSCOL PETROLEUM CORPORATION; CRAGAR INDUSTRIES; CRAIN INDUSTRIES, INC.; CRAIN WESTERN, INC.; CRE LIQUIDATION LLC; CRESCENT TRANSPORTATION; CRITON CORPORATION; CROCKETT CONTAINER CORP.; CROWLEY INC.; CROWN CENTRAL LLC; CROWN CENTRAL PETROLEUM CORPORATION; CROWN DISPOSAL INC.; CROWN ZELLERBACH CO.; CSS INVESTMENT COMPANY; CUMMINS SERVICE & SALES INC.; CW LIQUIDATING CORPORATION; CYCLO PRODUCTS, INC.; DAIWA

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

CORP.; DARNELL CASTER LLC; DARNELL CORP.; DARNELL-ROSE; DART INDUSTRIES INC.; DATA DEVICE CORP.; DATA PRODUCTS CORP.; DAVIS INVESTMENT CO.; DAVRO, INC.; DCS DIVERSIFIED COATING SYSTEMS, INC.; DECRATREND CORP.; DELAWARE ARROWHEAD PRODUCTS CORPORATION; DELAWARE OUTSOURCING SERVICES GROUP, INC.; DENSO PRODUCTS AND SERVICES AMERICAS, INC.; DESOTO INC.; DEVON ENERGY CORP.; DIAMOND INTERNATIONAL CORP.; DISPOSAL CONTROL SERVICE, INC.; DON KOTT FORD; DRACKETT CO.; DRESSER INDUSTRIES, INC.; DUREX INC.; E.T.C. CARPET MILLS, LTD.; ELFAB CORP.; ELECTRONIC MATERIALS CORP.; ELECTRO-ETCH CIRCUITS INC.; ELEVATE TEXTILES, INC.; EME CORP.; EMERALD EQUITIES; EMERALD EQUITIES, I; EMERY INDUSTRIES INC.; EMPLOYBRIDGE LLC; EMRISE ELECTRONICS CORP.; ENERGY DEVELOPMENT CO. INC.; ENERGY DEVELOPMENT CORP.; ENERGY TRANSFER LP; ENLIVEN MARKETING TECHNOLOGIES CORPORATION; ENVIRI CORPORATION; ENVIRONMENTAL CONTROL SYSTEMS INC.; EPEC OIL CO. LIQUIDATING TRUST; EVERGREEN PACIFIC PARTNERS; FAIRCHILD HOLDING CORP.; FAIRCHILD INDUSTRIES; FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.; FEDERAL EXPRESS CORPORATION; FEDERAL RESERVE BANK; FIRESTONE TIRE & RUBBER CO.; FLETCHER OIL & REFINING CO.;

5

FLIGHT ACCESORY SERVICE;
FLINT HILLS RESOURCES, L.P.;
FLOWSERVE CORPORATION;
FOTOMAT LABS INC.; FLYING
TIGERS LINE; FORCO
LIQUIDATION TRUST;
FRANCISCAN CERAMICS INC.;
FRAZEE INDUSTRIES; FMC
CORPORATION; FORT JAMES LLC;
FOSTER-FORBES GLASS CO.;
FRONTIER CALIFORNIA, INC.;
FURUKAWA ELECTRIC NORTH
AMERICA, INC.; G.W.A. INC.;
GATES ADMIRAL; GATX; GATX
CORP.; GATX TERMINALS CORP.;
GE BETZ, INC.; GENERAL
BATTERY CORP.; GENERAL
MILLS, INC.; GENERAL
TELEPHONE CO.; GENSTAR
BUILDING MATERIALS CO.;
GENSTAR ROOFING PRODUCTS
COMPANY, INC.; GEORGIA-
PACIFIC LLC; GERALD METALS,
INC.; GK TECHNOLOGIES,
INCORPORATED; GLASS
CONTAINERS CORP.; GOLD-PAK
INTERNATIONAL, INC.; GREER
HYDRAULICS INC.; GRUPO
MEXICO SAB DE CV; HALLMARK
CIRCUITS INC.; HALSTEAD
ENTERPRISES; HANDY &
HARMAN; HARBANS BAWA AND
BARINDER BAWA AS TRUSTEES
OF THE BAWA FAMILY TRUST;
HAWKER-PACIFIC AEROSPACE;
HEIDELBERG MATERIALS US,
INC.; HEIST MAINTENANCE
SERVICES INC.; HENRY
COMPANY LLC; HENRY SOSS &
CO. INC.; HERAEUS METAL
PROCESSING, INC.; HERCO
TECHNOLOGY CORP.; HESS
CORPORATION; HEXCEL
CORPORATION; HILL BROTHERS
CHEMICAL CO.; HILLCREST
BEVERLY OIL CORP.; HI-SHEAR
CORP.; HOFFMAN ELECTRONICS;

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

HOLLYTEX CARPET MILLS, INC.;
HOWMET AEROSPACE INC.;
HOYA CORPORATION USA; HR
TEXTRON INC.; HTW INDUSTRIES
INC.; HUMKO PRODUCTS;
HUNTINGTON/PACIFIC
CERAMICS, INC.; HUTCHINSON
AEROSPACE & INDUSTRY, INC.;
ICN PHARMACEUTICALS; ICX
INDUSTRIES, INC.; IMCO
SERVICES; IMI CRITICAL
ENGINEERING LLC; INDUSTRIAL
CIRCUITS; INDUSTRIAL
INSULATIONS INCORPORATED;
INDUSTRIAL TECTONICS
BEARINGS CORPORATION;
INLAND CONTAINER CORP.;
INLAND PAPERBOARD AND
PACKAGING, INC.;
INTERNATIONAL POLYMER
CORP.; I.T. CORP.; ITT LLC; J.C.
INC.; JCI ENVIRONMENTAL
SERVICES; JELD-WEN, INC.; JENN
FENG INDUSTRIAL TOOLS CO.,
LTD.; JERSEYMAID MILK
PRODUCTS, INC.; JOHNSON
CONTROLS INC.; JOHNSTON
PUMP CO.; JONATHAN
MANUFACTURING CORP.;
JOSLYN MANUFACTURING &
SUPPLY CO.; JOSLYN
MANUFACTURING COMPANY,
LLC; KAISER ROLLMET INC.;
KAYNAR MANUFACTURING CO.;
KEUFFEL & ESSER CO.; KINDER
MORGAN ENERGY PARTNERS,
L.P.; KINDER MORGAN LIQUIDS
TERMINALS LLC; KING
RESOURCES, INC.; KNIGHTS J3,
INC.; KOCH FUELS, INC.; KONICA
PHOTO SERVICE U.S.A., INC.;
KORBEL CAPITAL LLC; KRAFT
HEINZ FOODS COMPANY; KRAZY
GLUE INC.; KSI DISC PRODUCTS,
INC.; L.A. GAUGE COMPANY,
INC.; LANXESS CORPORATION;
LESS HASSLE, INC.; LIQUID

WASTE MANAGEMENT; LISI AEROSPACE NORTH AMERICA, INC.; LOCKHART INDUSTRIES; LONG BEACH FABRICATORS INC.; LONZA INC.; LUCKY STORES INC.; LUMIDOR MANUFACTURING CO.; LTI HOLDINGS, INC.; M-I L.L.C. AKA AND/OR DBA M-I SWACO; MACK TRUCKS INC.; MAERSK LINE, LIMITED (MLL); MANHATTAN BEACH HOLDING CORP.; MARCO CHEMICAL CO.; MARCOR ENVIRONMENTAL, INC.; MARTEN MANAGEMENT CO.; MASCO CORPORATION; MAZDA MOTOR OF AMERICA, INC.; MAZDA NORTH AMERICA; MCA LABORATORIES; MCCULLOCH CORP.; MCKAY CHEMICAL CO.; MEAD JOHNSON & COMPANY; MERCHANTS METALS LLC; MERCURY AEROSPACE INC.; MERCURY AEROSPACE FASTENERS; MEREL CO. INC.; METAL BOX CAN; MGF INDUSTRIES; MISSION SYSTEMS DAVENPORT INC.; MONOGRAM/PEACOCK MANUFACTURING; MOSAIC GLOBAL HOLDINGS INC.; MR. GASKET COMPANY; MRC HOLDINGS, INC.; NARCO CHEMICAL; NARCO CORPORATION; NARMCO MATERIALS INC.; NAVCOM DEFENSE ELECTRONICS, INC.; NEC LIQUIDATION CORP.; NEW BRISTOL FARMS, INC.; NEW FASHION CLEANERS; NIPPONDENSO OF LOS ANGELES; NORTH AMERICAN CAR CORP.; NORTH AMERICAN ENVIRONMENTAL; NOVARTIS CORP.; ORANGE COUNTY SANITATION DISTRICT; PACIFIC ANCHOR CHEMICAL CORP.; PACIFIC INTERMOUNTAIN

8

EXPRESS; PACIFIC SOUTHWEST AIRLINES; PACKAING CORP. OF AMERICA; PACTIV LLC; PAINT & COATINGS CORP.; PANEL AIR CORP.; PARSONS CORPORATION; PAULEY PETROLEUM CO.; PCC FLOW TECHNOLOGIES HOLDINGS, INC.; PCC ROLLMET, INC.; PEAIRS ENGINEERS; PEAT MANUFACUTURING CO.; PERVO INTERNATIONAL, INC.; PETRO LEWIS CORP.; PGP INDUSTRIES INC.; PIONEER ELECTRONICS (USA) INC.; PILLSBURY CO.; PRC–DESOTO INTERNATIONAL INC.; PRE DELIVERY SERVICE; PRECISION CASTPARTS CORP.; PRESSTEK, LLC; PRICE PFISTER *NKA* PFISTER; PRINTED CIRCUITS, INC.; PRODUCTS RESEARCH & CHEMICAL CORP.; PROTO TOOL; PURE SOURCE LLC; PUREX CORP.; PUREX INDUSTRIES, INC.; PYROTRONICS CORPORATION; QARBON AEROSPACE INC.; RALPH M. PARSONS CO.; RB&W MANUFACTURING LLC; RECOLOGY LOS ANGELES; REDKEN LABORATORIES INC.; REISNER METALS; REPLACEMENT PARTS MANUFACTURING; REXAM BEVERAGE CAN COMPANY; RICHARDSON & HOLLAND; RICOH ELECTRONICS, INC.; RICOH PRINTING SYSTEMS AMERICA INC.; RIO TINTO ALCAN INC.; RIVERSIDE CEMENT CO.; ROBERT MANUFACTURING COMPANY; ROLLER BEARING COMPANY OF AMERICA, INC.; ROYAL ALUMINUM CO.; RUSSELL BURDSALL & WARD INC.; S.J. JOHNSON & SON, INC.; SAFEWAY STORES INC.; SAFRAN SEATS USA LLC; SAN DIEGO PIPELINE COMPANY; SANDIA METAL

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

PROCESS, INC.; SARGENT FLETCHER INC.; SARGENT INDUSTRIES; SCHLUMBERGER, LTD.; SCHLUMBERGER N.V.; SEA LAND SERVICE INC.; SEMGROUP CORPORATION; SHARED TECHNOLOGIES FAIRCHILD TELECOM, INC.; SHUWA INVESTMENTS CORP.; SIERRA PACIFIC CONTAINER CORP.; SMITH & CO.; SOMACIS INC.; SONY PICTURES ENTERTAINMENT INC.; SOUTH WEST FOREST PRODUCTS; SOUTHERN PACIFIC PIPE LINES, INC.; SOUTHERN SERVICE COMPANY; SOUTHWEST FOREST PRODUCTS, INC.; SOUTHWEST PETRO CHEMICAL; SOUTHWEST STEEL ROLLING MILLS; SOUTHWESTERN ENGINEERING; STANDARD BRANDS PAINT CO. INC.; STANDARD INDUSTRIAL TOWEL & UNIFORM; STANDARD INDUSTRIES, INC.; STANDARD MOTOR PRODUCTS, INC.; STANLEY BLACK & DECKER, INC.; STRUCTURAL COMPOSITE INDUSTRIES; SWECO, INC.; T.P. INDUSTRIAL INC.; TDY INDUSTRIES, LLC; TECH-ETCH, INC.; TELAIR US LLC; TENNECO INC.; TENNECO OIL CO.; TFI INTERNATIONAL INC.; THE MARMON GROUP LLC; THE MARTIN LINEN SUPPLY COMPANY; THE TIMES MIRROR COMPANY; THE SAVE MART COMPANIES, LLC; THE TERMO COMPANY; THF HOLDING CO.; THOMPSON DRILLING; THOMPSON ENERGY RESOURCES, LLC; TIMES MIRROR PRESS; TOOLEY & CO. INC.; TOPPAN PRINTING COMPANY (AMERICA), INC.; TOYOTA MOTOR MANUFACTURING USA;

10

1   TRAMMELL CROW COMPANY;
2   TRAMMELL CROW COMPANY,
    LLC; TRANSMIX CORPORATION;
3   TRE CORP.; TRIBUNE PUBLISHING
    COMPANY; TRIMAS
4   CORPORATION; TRIUMPH GROUP
    OPERATIONS; TRIUMPH
5   THERMAL SYSTEMS, LLC; TRIZEC
    PROPERTIES; TROJAN BATTERY
6   CO; TRUCK TRANSPORT; TRZ
7   HOLDINGS IV LLC; U.S. BORAX &
    CHEMICAL CORP.; U.S. BORAX,
8   INC.; U.S. BRASS DIVISION; U.S.
    FILTERS; U.S. REDUCTION CO.;
9   ULTRAMAR INC.; UNFI GROCERS
10  DISTRIBUTION, INC.; UNITED
    COATINGS INC.; USG
11  CORPORATION; VALENTEC
    INTERNATIONAL CORP.; VALERO
12  ENERGY CORPORATION; VAN DE
    KAMP; VARCO INTERNATIONAL;
13  VEST, INC. VF CORPORATION;
14  VONS COMPANIES INC.; VOUGHT
    AIRCRAFT INDUSTRIES INC.; W.L.
15  CHAPMAN CO.; WEBER
    AIRCRAFT; WELLS FARGO RAIL
16  CORPORATION; WELLS MARINE
17  INC.; WESLOCK CORP.; WESTERN
    KRAFT CORP.; WESTERN
18  LITHOGRAPH; WESTERN
    SYNTHETIC FELT CO.;
19  WESTMINSTER CERAMICS INC.;
20  WHICO MACHINE, INC.;
    WHITTAKER CORP.; WIRETECH,
21  INC.; WINDOWMASTER
    PRODUCTS; WITCO
22  CORPORATION; WOODWARD
    HRT, INC.; WYMAN-GORDON
23  COMPANY; XTRA ENERGY;
24  YOPLAIT USA; ZIMMER SERVICE
    CENTER; and DOES 1-10,
25
                  Defendants.
26
27
28

1    Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE
2    LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER
3    CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING
4    COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON
5    ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE
6    PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &
7    OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN
8    AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON
9    MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL
10   DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL
11   CORPORATION; HEWLETT-PACKARD COMPANY; AMERICAN
12   HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY;
13   LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY
14   KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORP.
15   OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,
16   INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP
17   GRUMMAN SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO,
18   INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;
19   ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH
20   INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON
21   COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER
22   MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE
23   MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;
24   UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD
25   (FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION
26   COMPANY); UNITED STATES STEEL CORPORATION; RTX
27   CORPORATION; UNIVAR SOLUTIONS USA LLC; AMERON
28   INTERNATIONAL CORPORATION; AND XEROX CORPORATION

(collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

## STATEMENT OF THE CASE

1.       This is a civil action for cost recovery and contribution under Sections 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and for contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 78000 et seq.,[1] relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.

2.       The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[2] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.

---

[1] Effective January 1, 2024, the California Legislature recodified and reorganized the HSAA without substantive changes. (2022 Cal. Legis. Serv. Ch. 257 (Assem. Bill No. 2293).
[2] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 820, 825, 830 and 835, respectively.

ELEVENTH AMENDED COMPLAINT
                                                            (2:18-CV-05836-MWF-PLA)

1      3.     The State of California has alleged in a series of three complaints filed

2  against some or all of the Plaintiffs[3] that it has incurred response costs in

3  connection with actions taken in response to releases or threatened releases of

4  Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a

5  defendant herein at paragraphs 64 - 508 and Does 1-10 (collectively referred to

6  herein as "Defendants" or individually as "Defendant") generated, transported

7  and/or arranged for disposal of materials containing Hazardous Substances to the

8  BKK Facility.

9      4.     Plaintiffs seek to recover from each Defendant pursuant to Section

10  107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs

11  incurred and to be incurred by Plaintiffs in a manner consistent with the National

12  Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities

13  undertaken and to be undertaken at and in relation to the BKK Class I Facility that

14  were caused by the release or threatened release of Hazardous Substances at and

15  from the BKK Class I Facility.

16      5.     Plaintiffs also seek contribution from each Defendant pursuant to

17  Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary

18  response costs incurred and to be incurred by Plaintiffs pursuant to the First,

19  Second, Third Partial and Amended Third Partial Consent Decrees in a manner

20  consistent with the NCP for response activities undertaken and to be undertaken at

21  and in relation to the BKK Class I Facility that were caused by the release or

22  threatened release of Hazardous Substances at and from the BKK Class I Facility.

23      6.     Plaintiffs further seek a declaration as to each Defendant's liability and

24  associated allocation of past and future response costs in accordance with Section

25  113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade*

26  *Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

27  _____

28  [3] The three complaints are described in more detail in paragraphs 819, 824 and 829, *infra*.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

action or actions brought by Plaintiffs against the Defendants to recover further response costs.

7.    Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 78000 et seq., and Cal. Health and Safety Code § 79670 for past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the NCP to address releases or threatened releases of Hazardous Substances at and from the BKK Class I Facility.

8.    Plaintiffs are also entitled to complete or partial indemnity from Defendants for all costs incurred or to be incurred at the BKK Class I Facility, pursuant to the doctrine of equitable indemnification.

9.    A sub-set of Plaintiffs who allege they have reimbursed entities or directly paid for and participated in directing response actions on behalf of other entities (including other Plaintiffs) that have incurred past, necessary response costs, including pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP, for response activities undertaken at and in relation to the BKK Class I Facility, assert subrogated cost recovery and contribution claims against each Defendant pursuant to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common law equitable subrogation.

10.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure §1060 setting forth the parties' rights and obligations toward one another for future costs incurred to address contamination at or from the BKK Class I Facility.

11.    The BKK Working Group has incurred or is committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility, and the total cost of necessary response actions to fully remediate the BKK Class I Facility was estimated by the State of California Department of Toxic

Substances Control ("DTSC") in 2020 to be $869,286.436.  Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions, necessitating this lawsuit to resolve Defendants' liabilities.

## JURISDICTION

12.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Eleventh Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## VENUE

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District and because the BKK Class I Facility is located within this District.

14.    Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases occurred and the response costs were occurred in this District.

## PLAINTIFFS

15.    The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently includes the Plaintiffs identified in paragraphs 16-63 below as members, which assert the claims in this Eleventh Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor

16

Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

16.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs in a manner consistent with the NCP, at the BKK Class I Facility.

17.    Plaintiff Ashland Inc. is a corporation organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland Inc. is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the assignee of Filtrol's claims in the litigation.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility. Ashland Inc. and Filtrol Corporation are members of the BKK Working Group and

1  as members of the BKK Working Group have incurred costs, including response

2  costs consistent with the NCP, at the BKK Class I Facility.  Filtrol has assigned all

3  of its rights, claims and interests relevant hereto to Ashland Inc.

4        18.    Plaintiff Atlantic Richfield Company is a corporation organized under

5  the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

6  Company, or its corporate predecessor(s), was and is authorized to do business, and

7  was and is doing business, in California.  The State of California has alleged that

8  Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous

9  Substance at the BKK Class I Facility, as those terms are described in section

10  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a

11  member of the BKK Working Group and as a member of the BKK Working Group

12  has incurred costs, including response costs consistent with the NCP, at the BKK

13  Class I Facility.

14        19.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the

15  laws of the State of Delaware. At all times referred to herein, Bayer CropScience

16  Inc., or its corporate predecessor(s), was and is authorized to do business, and was

17  and is doing business, in California.  The State of California has alleged that

18  Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous

19  Substance at the BKK Class I Facility, as those terms are described in section

20  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of

21  the BKK Working Group, has incurred costs, including response costs consistent

22  with the NCP, at the BKK Class I Facility.

23        20.    Plaintiff Big Heart Pet Brands is a corporation organized under the

24  laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands,

25  or its corporate predecessor(s), was and is authorized to do business, and was and is

26  doing business, in California.  The State of California has alleged that the assignee

27  to the successor in interest to certain liability of H.J. Heinz Company, arranged for

28  the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Big Heart Pet Brands is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

21.     Plaintiff The Boeing Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Boeing Company, or its corporate predecessor(s) or affiliates, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Boeing Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a member, The Boeing Company has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

22.     Plaintiff California Resources Corporation is a corporation organized under the laws of the State of Pennsylvania. At all times referred to herein, California Resources Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff California Resources Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff California Resources Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

23.     Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred to herein, Chevron Environmental Management Company, or its corporate

affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that certain corporate affiliates of Plaintiff Chevron Environmental Management Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Environmental Management Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

24.    Plaintiff Chevron Marine Products LLC is a limited liability company organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Marine Products LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Chevron Marine Products LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron Marine Products LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

25.    Reserved.

26.    Plaintiff ConocoPhillips Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, ConocoPhillips Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a member of the BKK Working Group and as a member of the BKK Working Group

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    has incurred costs, including response costs consistent with the NCP, at the BKK

2    Class I Facility.

3        27.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the

4    laws of the State of California. At all times referred to herein, Crosby & Overton,

5    Inc., or its corporate predecessor(s), was and is authorized to do business, and was

6    and is doing business, in California.  The State of California has alleged that

7    Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous

8    Substance at the BKK Class I Facility, as those terms are described in section

9    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a

10   member of the BKK Working Group and as a member of the BKK Working Group

11   has incurred costs, including response costs consistent with the NCP, at the BKK

12   Class I Facility.

13       28.    Plaintiff The Dow Chemical Company is a corporation organized

14   under the laws of the State of Delaware. At all times referred to herein, The Dow

15   Chemical Company, or its corporate predecessor(s), was and is authorized to do

16   business, and was and is doing business, in California.  The State of California has

17   alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a

18   Hazardous Substance at the BKK Class I Facility, as those terms are described in

19   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical

20   Company is a member of the BKK Working Group and as a member of the BKK

21   Working Group has incurred costs, including response costs consistent with the

22   NCP, at the BKK Class I Facility.

23       29.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized

24   under the laws of the State of Delaware. At all times referred to herein, Ducommun

25   Aerostructures, Inc., or its corporate predecessor(s), was and is authorized to do

26   business, and was and is doing business, in California.  The State of California has

27   alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a

28   Hazardous Substance at the BKK Class I Facility, as those terms are described in

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun Aerostructures, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

30.    Plaintiff Essex Chemical Corporation is a corporation organized under the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

31.    Plaintiff Exxon Mobil Corporation is a corporation organized under the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

32.    Plaintiff Gemini Industries, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Gemini Industries, Inc. or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that

22

1     Plaintiff Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance

2     at the BKK Class I Facility, as those terms are described in section 107(a) of

3     CERCLA, 42 U.S.C. § 9607(a). Plaintiff Gemini Industries, Inc. is a member of

4     the BKK Working Group. As a member of the BKK Working Group, and also

5     prior to becoming a Member, Gemini Industries, Inc. has incurred costs, including

6     response costs consistent with the NCP, at the BKK Class I Facility.

7        33.     Plaintiff General Dynamics Corporation is a corporation organized

8     under the laws of the State of Delaware. During the years of operation of the BKK

9     Class I Landfill, specifically from approximately 1975 until 1984, General

10     Dynamics Corporation was authorized to do business, and was doing business, in

11     California. The State of California has alleged that Plaintiff General Dynamics

12     Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

13     Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

14     9607(a). Plaintiff General Dynamics Corporation is a member of the BKK

15     Working Group and as a member of the BKK Working Group has incurred costs,

16     including response costs consistent with the NCP, at the BKK Class I Facility.

17        34.     Plaintiff General Latex and Chemical Corporation is a corporation

18     organized under the laws of the State of Massachusetts. At all times referred to

19     herein, General Latex and Chemical Corporation, or its corporate predecessor(s),

20     was and is authorized to do business, and was and is doing business, in California.

21     The State of California has alleged that Plaintiff General Latex and Chemical

22     Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

23     Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

24     9607(a). Plaintiff General Latex and Chemical Corporation is a member of the

25     BKK Working Group and as a member of the BKK Working Group has incurred

26     costs, including response costs consistent with the NCP, at the BKK Class I

27     Facility.

28

35.     Plaintiff Hewlett-Packard Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Hewlett-Packard Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Hewlett-Packard Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Hewlett-Packard Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

36.     Plaintiff American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff American Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

37.     Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is a member of the BKK Working Group and as a member of the BKK Working

Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

38.    Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

39.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

40.    Plaintiff Montrose Chemical Corp. of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corp. of California, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corp. of California arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Montrose Chemical Corp. of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

41.    Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

42.    Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

43.    Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff National Steel and Shipbuilding

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Company arranged for the disposal of a Hazardous Substance at the BKK Class I

2   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

3   9607(a).  Plaintiff National Steel and Shipbuilding Company is a member of the

4   BKK Working Group and as a member of the BKK Working Group has incurred

5   costs, including response costs consistent with the NCP, at the BKK Class I

6   Facility.

7          44.    Plaintiff Northrop Grumman Systems Corporation is a corporation

8   organized under the laws of the State of Delaware. At all times referred to herein,

9   Northrop Grumman Systems Corporation, or its corporate predecessor(s), was and

10  is authorized to do business, and was and is doing business, in California.  The

11  State of California has alleged that Plaintiff Northrop Grumman Systems

12  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

13  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

14  9607(a).  Plaintiff Northrop Grumman Systems Corporation is a member of the

15  BKK Working Group and as a member of the BKK Working Group has incurred

16  costs, including response costs consistent with the NCP, at the BKK Class I

17  Facility.

18         45.    Plaintiff Oxy USA Inc. is a corporation organized under the laws of

19  the State of Delaware. At all times referred to herein, Oxy USA Inc., or its

20  corporate predecessor(s), was and is authorized to do business, and was and is

21  doing business, in California.  The State of California has alleged that Plaintiff Oxy

22  USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I

23  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

24  9607(a).  Plaintiff Oxy USA Inc. is a member of the BKK Working Group and as a

25  member of the BKK Working Group has incurred costs, including response costs

26  consistent with the NCP, at the BKK Class I Facility

27         46.    Plaintiff Quemetco, Inc. is a corporation organized under the laws of

28  the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

47.    Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

48.    Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

49.   Plaintiff Rohr, Inc. is a corporation organized under the laws of the
State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate
predecessor(s), was and is authorized to do business, and was and is doing business,
in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged
for the disposal of a Hazardous Substance at the BKK Class I Facility, as those
terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff
Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK
Working Group has incurred costs, including response costs consistent with the
NCP, at the BKK Class I Facility.

50.   Plaintiff San Diego Gas & Electric Company is a corporation
organized under the laws of the State of California. At all times referred to herein,
San Diego Gas & Electric Company, or its corporate predecessor(s), was and is
authorized to do business, and was and is doing business, in California.  The State
of California has alleged that Plaintiff San Diego Gas & Electric Company arranged
for the disposal of a Hazardous Substance at the BKK Class I Facility, as those
terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff
San Diego Gas & Electric Company is a member of the BKK Working Group and
as a member of the BKK Working Group has incurred costs, including response
costs consistent with the NCP, at the BKK Class I Facility.

51.   Plaintiff Smith International, Inc. is a corporation organized under the
laws of the State of California. At all times referred to herein, Smith International,
Inc., or its corporate predecessor(s), was and is authorized to do business, and was
and is doing business, in California.  The State of California has alleged that
Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous
Substance at the BKK Class I Facility, as those terms are described in section
107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a
member of the BKK Working Group and as a member of the BKK Working Group

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    has incurred costs, including response costs consistent with the NCP, at the BKK

2    Class I Facility

3         52.    Plaintiff Southern California Edison Company is a corporation

4    organized under the laws of the State of California. At all times referred to herein,

5    Southern California Edison Company, or its corporate predecessor(s), was and is

6    authorized to do business, and was and is doing business, in California.  The State

7    of California has alleged that Plaintiff Southern California Edison Company

8    arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

9    those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10    Plaintiff Southern California Edison Company is a member of the BKK Working

11    Group and as a member of the BKK Working Group has incurred costs, including

12    response costs consistent with the NCP, at the BKK Class I Facility.

13         53.    Plaintiff Southern California Gas Company is a corporation organized

14    under the laws of the State of California. At all times referred to herein, Southern

15    California Gas Company, or its corporate predecessor(s), was and is authorized to

16    do business, and was and is doing business, in California.  The State of California

17    has alleged that Plaintiff Southern California Gas Company arranged for the

18    disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

19    described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern

20    California Gas Company is a member of the BKK Working Group and as a member

21    of the BKK Working Group has incurred costs, including response costs consistent

22    with the NCP, at the BKK Class I Facility.

23         54.    Plaintiff Stauffer Management Company LLC is a limited liability

24    corporation organized under the laws of the State of Delaware.  At all times referred

25    to herein, Stauffer Management Company LLC was and is authorized to do

26    business, and was and is doing business, in California.  Stauffer Management

27    Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

28    this legal obligation, has paid the costs incurred by Bayer CropScience, Inc. and has

participated in directing remediation efforts as an agent for Bayer CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company LLC also is an assignee to the subrogation and other rights or causes of action Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as a result of reimbursements it has made to Stauffer Management Company LLC for costs paid for by Stauffer Management Company LLC in connection with the BKK Class I Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer Management Company LLC submitted demands to Defendants as contemplated by CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is used in the statute.  Although Stauffer Management Company LLC and Syngenta Crop Protection, LLC are not members of the BKK Working Group, because the costs they have incurred result directly from Bayer CropScience's participation in the BKK Working Group, for purposes of the allegations in this Eleventh Amended Complaint relating to the incurrence of costs, the term "BKK Working Group" includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

55.     Plaintiff The Procter & Gamble Manufacturing Company is a corporation organized under the laws of the State of Ohio.  At all times referred to herein, The Procter & Gamble Manufacturing Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Procter & Gamble Manufacturing Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

56.     Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS

Long Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff THUMS Long Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

57.    Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

58.    Plaintiff Union Pacific Railroad (formerly known as Southern Pacific Transportation Company) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    59.    Plaintiff United States Steel Corporation is a corporation organized

2  under the laws of the State of Delaware. At all times referred to herein, United

3  States Steel Corporation, or its corporate predecessor(s), was and is authorized to

4  do business, and was and is doing business, in California.  The State of California

5  has alleged that Plaintiff United States Steel Corporation arranged for the disposal

6  of a Hazardous Substance at the BKK Class I Facility, as those terms are described

7  in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel

8  Corporation is a member of the BKK Working Group and as a member of the BKK

9  Working Group has incurred costs, including response costs consistent with the

10  NCP, at the BKK Class I Facility.

11    60.    Plaintiff RTX Corporation is a corporation organized under the laws of

12  the State of Delaware. At all times referred to herein, RTX Corporation, or its

13  corporate predecessor(s), was and is authorized to do business, and was and is

14  doing business, in California.  The State of California has alleged that Plaintiff

15  RTX Corporation arranged for the disposal of a Hazardous Substance at the BKK

16  Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

17  U.S.C. § 9607(a).  Plaintiff RTX Corporation is a member of the BKK Working

18  Group and as a member of the BKK Working Group has incurred costs, including

19  response costs consistent with the NCP, at the BKK Class I Facility.

20    61.    Plaintiff Univar Solutions USA LLC (f/k/a Univar Solutions USA Inc.

21  and Van Waters & Rogers) is a corporation organized under the laws of the State of

22  Washington. At all times referred to herein, Univar Solutions USA Inc., or its

23  corporate predecessor(s), was and is authorized to do business, and was and is

24  doing business, in California.  The State of California has alleged that Plaintiff

25  Univar USA LLC arranged for the disposal of a Hazardous Substance at the BKK

26  Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

27  U.S.C. § 9607(a).  Plaintiff Univar Solutions USA LLC is a member of the BKK

28

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

62.    Plaintiff Ameron International Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ameron International Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ameron International Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

63.    Plaintiff Xerox Corporation is a corporation organized under the laws of the State of New York.  At all times referred to herein, Xerox Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Xerox  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Xerox Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

## **DEFENDANTS**

64.    Defendants are: A.B. Dick Co.; Aamco Transmissions; AAR Corp.; Ace Industries; ACH Food Companies, Inc.; Advanced Coatings Inc.; Aerosol Services Co. Inc.; Air Industries Corp.; Air Liquide America LP; Airport Consult Group LLC; Albertsons Companies, Inc.; Alkid Corporation; Alpha Technologies Group, Inc.; American Appliance Manufacturing Corp.; American Can Company; American Chemical & Refining; American Pacific International Inc.; American

1  Promotional Events, Inc. – West; American Scientific Products; American Tool &
2  Engineering Corp.; Ameripride Services, LLC; AMF Tubescope Inc.; Anchor
3  Operating, Inc.; Andrew California Corp.; Angelica Textile Services Inc.; Anodyne
4  Inc.; Apex International Alloys; Applied Magnetics Corp.; Argo Petroleum Corp.;
5  Arrowhead Mountain Spring Water Company; Arnold Circuits, Inc.; Arnold
6  Engineering Co.; Atomica Corp.; Axel Johnson, Inc.; AZON Corporation; B.
7  Jadow and Sons, Inc.; BAE Systems San Diego Ship Repair Inc.; Balser Trucking;
8  Bausch Health Americas, Inc.; Baxter International Inc.; Beatrice/Hunt-Wesson,
9  Inc.; Beazer East, Inc.; Beckman Coulter Inc.; Bernard Epps & Co.; Bethlehem
10  Steel Corp.; Beverly Hills Oil Company; BFI XV Realty Fund Ltd.; BI
11  Technologies Corporation; Big Three Industries Inc.; Bingo Truck Stop; Birtcher
12  Pacific; BNZ, Inc.; Bostik, Inc.; Bridgestone Americas, Inc.; Brooks & Perkins
13  Brownline Division; Bulk Services, Inc.; Bunge Oils, Inc.; Byron Jackson Pumps;
14  Cal-Aurum Industries; Cal-Chem Cleaning Co., Inc.; Cal Nev Pipeline Co.; Cal
15  Style Furniture Manufacturing Co.; Cali-Blok; Calbiochem-Behring Corp.;
16  California Carpet Co.; Calgon Carbon Corporation; Calprotech Inc.; Capital Parade
17  USA, Inc.; Cargill Inc.; Castle & Cooke, Inc.; Celanese Corporation; Cemex, Inc.;
18  Cerro Corporation; Certified Grocers of Cal.; Cia Minera De Cananea SA; Circuit
19  One Div. of LH Research Inc.; Cleveland Wrecking Co.; Coast Plating, Inc.;
20  Cognis Corp.; Columbia Pacific Aluminum Corporation; Columbia Pictures;
21  Conagra Brands, Inc.; Control Components Inc.; Coscol Petroleum Corporation;
22  Cragar Industries; Crain Industries, Inc. Crain Western, Inc.; CRE Liquidation
23  LLC; Crescent Transportation; Criton Corporation; Crockett Container Corp.;
24  Crowley Inc.; Crown Central LLC; Crown Central Petroleum Corporation; Crown
25  Disposal Inc.; Crown Zellerbach Co.; CSS Investment Company; Cummins Service
26  & Sales Inc.; CW Liquidating Corporation; Cyclo Products, Inc.; Daiwa Corp.;
27  Darnell Caster LLC; Darnell Corp.; Darnell-Rose; Dart Industries Inc.; Data Device
28  Corp.; Data Products Corp.; Davis Investment Co.; Davro, Inc.; DCS Diversified

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Coating Systems, Inc.; Decratrend Corp.; Delaware Arrowhead Products
2  Corporation; Delaware Outsourcing Services Group, Inc.; Denso Products and
3  Services Americas, Inc.; Desoto Inc.; Devon Energy Corp.; Diamond International
4  Corp.; Disposal Control Service, Inc.; Don Kott Ford; Drackett Co.; Dresser
5  Industries, Inc.; Durex Inc.; E.T.C. Carpet Mills, Ltd.; ElFab Corp.; Electronic
6  Materials Corp.; Electro-Etch Circuits Inc.; Elevate Textiles, Inc.; EME Corp.;
7  Emerald Equities; Emerald Equities, I; Emery Industries Inc.; Employbridge LLC;
8  Emrise Electronics Corp.; Energy Development Co. Inc.; Energy Development
9  Corp.; Energy Transfer LP; Enliven Marketing Technologies Corporation; Enviri
10 Corporation; Environmental Control Systems Inc.; Epec Oil Co. Liquidating Trust;
11 Evergreen Pacific Partners; Fairchild Holding Corp.; Fairchild Industries; Fairchild
12 Semiconductor International, Inc.; Federal Express Corporation; Federal Reserve
13 Bank; Firestone Tire & Rubber Co.; Fletcher Oil & Refining Co.; Flight Accessory
14 Service; Flint Hills Resources, L.P.; Flowserve Corporation; Fotomat Labs Inc.;
15 Flying Tigers Line; FORCO Liquidation Trust; Franciscan Ceramics Inc.; Frazee
16 Industries; FMC Corporation; Fort James LLC; Foster-Forbes Glass Co.; Frontier
17 California, Inc.; Furukawa Electric North America, Inc.; G.W.A. Inc.; Gates
18 Admiral; GATX; GATX Corp.; GATX Terminals Corp.; GE Betz, Inc.; General
19 Battery Corp.; General Mills, Inc.; General Telephone Co.; Genstar Building
20 Materials Co.; Genstar Roofing Products Company, Inc.; Georgia-Pacific LLC;
21 Gerald Metals, Inc.; GK Technologies, Incorporated; Glass Containers Corp.; Gold-
22 Pak International, Inc.; Greer Hydraulics Inc.; Grupo Mexico SAB de CV;
23 Hallmark Circuits Inc.; Halstead Enterprises; Handy & Harman; Harbans Bawa and
24 Barinder Bawa As Trustees of the Bawa Family Trust; Hawker Pacific Aerospace;
25 Heidelberg Materials US, Inc.; Heist Maintenance Services Inc.; Henry Company
26 LLC; Henry Soss & Co. Inc.; Heraeus Metal Processing, Inc.; Herco Technology
27 Corp.; Hess Corporation; Hexcel Corporation; Hill Brothers Chemical Co.;
28 Hillcrest Beverly Oil Corp.; Hi-Shear Corp.; Hoffman Electronics; Hollytex Carpet

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Mills, Inc.; Howmet Aerospace Inc.; Hoya Corporation USA; HR Textron Inc.; HTW Industries Inc.; Humko Products; Huntington/Pacific Ceramics, Inc.; Hutchinson Aerospace & Industry, Inc.; ICN Pharmaceuticals; ICX Industries, Inc.; Imco Services; IMI Critical Engineering LLC; Industrial Circuits; Industrial Insulations Incorporated; Industrial Tectonics Bearings Corporation; Inland Container Corp.; Inland Paperboard and Packaging, Inc.; International Polymer Corp.; I.T. Corp.; ITT LLC; J.C. Inc.; JCI Environmental Services; Jeld-Wen, Inc.; Jenn Feng Industrial Tools Co., Ltd.; Jerseymaid Milk Products, Inc.; Johnson Controls Inc.; Johnston Pump Co.; Jonathan Manufacturing Corp.; Joslyn Manufacturing & Supply Co.; Joslyn Manufacturing Company, LLC; Kaiser Rollmet Inc.; Kaynar Manufacturing Co.; Keuffel & Esser Co.; Kinder Morgan Energy Partners, L.P.; Kinder Morgan Liquids Terminals LLC; King Resources, Inc.; Knights J3, Inc.; Koch Fuels, Inc.; Konica Photo Service U.S.A., Inc.; Korbel Capital LLC; Kraft Heinz Foods Company; Krazy Glue Inc.; KSI Disc Products, Inc.; L.A. Gauge Company, Inc.; Lanxess Corporation; Less Hassle, Inc.; Liquid Waste Management; Lisi Aerospace North America, Inc.; Lockhart Industries; Long Beach Fabricators Inc.; Lonza Inc.; Lucky Stores Inc.; Lumidor Manufacturing Co.; LTI Holdings, Inc.; M-I L.L.C. *aka* and/or *dba* M-I Swaco; Mack Trucks Inc.; Maersk Line, Limited (MLL); Manhattan Beach Holding Corp.; Marco Chemical Co.; Marcor Environmental, Inc.; Marten Management Co.; Masco Corporation; Mazda Motor of America, Inc.; Mazda North America; MCA Laboratories; McCulloch Corp.; McKay Chemical Co.; Mead Johnson & Company; Merchants Metals LLC; Mercury Aerospace Inc.; Mercury Aerospace Fasteners; Merel Co. Inc.; Metal Box Can; MGF Industries; Mission Systems Davenport Inc.; Monogram/Peacock Manufacturing; Mosaic Global Holdings Inc.; Mr. Gasket Company; MRC Holdings, Inc.; Narco Chemical; Narco Corporation; Narmco Materials Inc.; NavCom Defense Electronics, Inc.; NEC Liquidation Corp.; New Bristol Farms, Inc.; New Fashion Cleaners; Nippondenso of Los Angeles; North

American Car Corp.; North American Environmental; Novartis Corp.; Orange County Sanitation District; Pacific Anchor Chemical Corp.; Pacific Intermountain Express; Pacific Southwest Airlines; Packaging Corp. of America; Pactiv LLC; Paint & Coatings Corp.; Panel Air Corp.; Parsons Corporation; Pauley Petroleum Co.; PCC Flow Technologies Holdings, Inc.; PCC Rollmet, Inc.; Peairs Engineers; Peat Manufacturing Co.; Pervo International, Inc.; Petro Lewis Corp.; PGP Industries Inc.; Pioneer Electronics (USA) Inc.; Pillsbury Co.; PRC–DeSoto International Inc.; Pre Delivery Service; Precision Castparts Corp.; Presstek, LLC; Price Pfister *nka* Pfister; Printed Circuits, Inc.; Products Research & Chemical Corp.; Proto Tool; Pure Source LLC; Purex Corp.; Purex Industries, Inc.; Pyrotronics Corporation; Qarbon Aerospace Inc.; Ralph M. Parsons Co.; RB&W Manufacturing LLC; Recology Los Angeles; Redken Laboratories Inc.; Reisner Metals; Replacement Parts Manufacturing; Rexam Beverage Can Company; Richardson & Holland; Ricoh Electronics, Inc.; Ricoh Printing Systems America Inc.; Rio Tinto Alcan Inc.; Riverside Cement Co.; Robert Manufacturing Company; Roller Bearing Company of America, Inc.; Royal Aluminum Co.; Russell Burdsall & Ward Inc.; S.C. Johnson & Son, Inc.; Safeway Stores Inc.; Safran Seats USA LLC; San Diego Pipeline Company; Sandia Metal Process, Inc.; Sargent Fletcher Inc.; Sargent Industries; Schlumberger, Ltd.; Schlumberger N.V.; Sea Land Service Inc.; SemGroup Corporation; Shared Technologies Fairchild Telecom, Inc.; Shuwa Investments Corp.; Sierra Pacific Container Corp.; Smith & Co.; Somacis Inc.; Sony Pictures Entertainment Inc.; South West Forest Products; Southern Pacific Pipe Lines, Inc.; Southern Service Company; Southwest Forest Products, Inc.; Southwest Petro Chemical; Southwest Steel Rolling Mills; Southwestern Engineering; Standard Brands Paint Co. Inc.; Standard Industrial Towel & Uniform; Standard Industries, Inc.; Standard Motor Products, Inc.; Stanley Black & Decker, Inc.; Structural Composite Industries; Sweco, Inc.; T.P. Industrial Inc.; TDY Industries, LLC; Tech-Etch, Inc.; Telair US LLC; Tenneco Inc.; Tenneco Oil

Co.; TFI International Inc.; The Marmon Group LLC; The Martin Linen Supply Company; The Times Mirror Company; The Save Mart Companies, LLC; The Termo Company; THF Holding Co.; Thompson Drilling; Thompson Energy Resources, LLC; Times Mirror Press; Tooley & Co. Inc.; Toppan Printing Company (America), Inc.; Toyota Motor Manufacturing USA; Trammell Crow Company; Trammell Crow Company, LLC; Transmix Corporation; TRE Corp.; Tribune Publishing Company; TriMas Corporation; Triumph Group Operations; Triumph Thermal Systems, LLC; Trizec Properties; Trojan Battery Co.; Truck Transport; TRZ Holdings IV LLC; U.S. Borax & Chemical Corp.; U.S. Borax, Inc.; U.S. Brass Division; U.S. Filters; U.S. Reduction Co.; Ultramar Inc.; UNFI Grocers Distribution, Inc.; United Coatings Inc.; USG Corporation; Valentec International Corp.; Valero Energy Corporation; Van De Kamp; Varco International; Vest, Inc.; VF Corporation; Vons Companies Inc.; Vought Aircraft Industries Inc.; W.L. Chapman Co.; Weber Aircraft; Wells Fargo Rail Corporation; Wells Marine Inc.; Weslock Corp.; Western Kraft Corp.; Western Lithograph; Western Synthetic Felt Co.; Westminster Ceramics Inc.; Whico Machine, Inc.; Whittaker Corp.; Wiretech, Inc.; Windowmaster Products; Witco Corporation; Woodward HRT, Inc.; Wyman-Gordon Company; Xtra Energy; Yoplait USA; Zimmer Service Center; and Does 1-10.

65.    According to historical BKK Corp. records, Defendant A. B. Dick Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant A. B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant A. B. Dick Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

66.    According to historical BKK Corp. records, Defendant Aamco Transmissions contributed manifested waste to the BKK Class I Facility.  This

1   manifested waste contained Hazardous Substances that Defendant Aamco

2   Transmissions generated and/or arranged for its disposal at the BKK Class I

3   Facility.  To date, Defendant Aamco Transmissions has not incurred any response

4   costs at the BKK Class I Facility nor has it paid its fair share of response costs

5   incurred by the Plaintiffs at the BKK Class I Facility.

6         67.    Upon information and belief, Defendant AAR Corp. is the successor to

7   Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste

8   that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline

9   Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline

10  Division contributed manifested waste to the BKK Class I Facility. This manifested

11  waste contained Hazardous Substances that Brooks & Perkins Brownline Division

12  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13  Defendant AAR Corp. has not incurred any response costs at the BKK Class I

14  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

15  the BKK Class I Facility.

16        68.    According to historical BKK Corp. records, Defendant Ace Industries

17  contributed manifested waste to the BKK Class I Facility.  This manifested waste

18  contained Hazardous Substances that Defendant Ace Industries generated and/or

19  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Ace

20  Industries has not incurred any response costs at the BKK Class I Facility nor has it

21  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

22  Facility.

23        69.    Upon information and belief, Defendant ACH Food Companies, Inc. is

24  the successor to Humko Products and/or otherwise liable for manifested waste that

25  was contributed to the BKK Class I Facility by Humko Products.  According to

26  historical BKK Corp. records, Humko Products contributed manifested waste to the

27  BKK Class I Facility. This manifested waste contained Hazardous Substances that

28  Humko Products generated and/or arranged for its disposal at the BKK Class I

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Facility. To date, Defendant ACH Food Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.     According to historical BKK Corp. records, Defendant Advanced Coatings Inc. (previously identified in this action and the related action as Advanced Coating Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Advanced Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Advanced Coatings Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71.     According to historical BKK Corp. records, Defendant Aerosol Services Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aerosol Services Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.     According to historical BKK Corp. records, Defendant Air Industries Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Air Industries Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Air Industries Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73.     Upon information and belief, Defendant Air Liquide America LP is the successor to Big Three Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Big Three Industries Inc.

According to historical BKK Corp. records, Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America LP has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74.    Upon information and belief, Defendant Airport Consult Group LLC is the successor to Cal Style Furniture Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Style Furniture Manufacturing Co.  According to historical BKK Corp. records, Cal Style Furniture Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Airport Consult Group LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

75.    Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or Lucky Stores Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc. and/or Lucky Stores Inc.  According to historical BKK Corp. records, Albertson's Inc. and Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. and Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

76.    Upon information and belief, Defendant Alkid Corporation is the successor to Peat Manufacturing Co. and/or Cragar Industries and/or otherwise

liable for manifested waste that was contributed to the BKK Class I Facility by Peat Manufacturing Co. and/or Cragar Industries.  According to historical BKK Corp. records, Peat Manufacturing Co. and Cragar Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peat Manufacturing Co. and Cragar Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alkid Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

77.    Upon information and belief, Defendant Alpha Technologies Group, Inc. is the successor to Lockhart Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Lockhart Industries. According to historical BKK Corp. records, Lockhart Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alpha Technologies Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

78.    According to historical BKK Corp. records, Defendant American Appliance Manufacturing Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Appliance Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant American Appliance Manufacturing Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

79.    According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility.  This

manifested waste contained Hazardous Substances that Defendant American Can Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

80.    Upon information and belief, Defendant American Can Company is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Saint-Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp. records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

81.    According to historical BKK Corp. records, Defendant American Chemical & Refining contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Chemical & Refining generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Chemical & Refining has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

82.    According to historical BKK Corp. records, Defendant American Pacific International Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Pacific International Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Pacific International Inc. has not

1  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

2  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3       83.    Upon information and belief, Defendant American Promotional

4  Events, Inc. – West is the successor to Pyrotronics Corporation (previously

5  identified in this action and the related action as Apollo Manufacturing Co., and

6  formerly having a division known as Apollo Manufacturing) and/or otherwise liable

7  for manifested waste that was contributed to the BKK Class I Facility by

8  Pyrotronics Corporation.  According to historical BKK Corp. records, Pyrotronics

9  Corporation contributed manifested waste to the BKK Class I facility. This

10  manifested waste contained Hazardous Substances that Pyrotronics Corporation

11  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

12  American Promotional Events, Inc. – West has not incurred any response costs at

13  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

14  the Plaintiffs at the BKK Class I Facility.

15       84.    According to historical BKK Corp. records, Defendant American

16  Scientific Products contributed manifested waste to the BKK Class I Facility. This

17  manifested waste contained Hazardous Substances that Defendant American

18  Scientific Products generated and/or arranged for its disposal at the BKK Class I

19  Facility. To date, Defendant American Scientific Products has not incurred any

20  response costs at the BKK Class I Facility nor has it paid its fair share of response

21  costs incurred by the Plaintiffs at the BKK Class I Facility.

22       85.    According to historical BKK Corp. records, Defendant American Tool

23  & Engineering Corp. contributed manifested waste to the BKK Class I Facility.

24  This manifested waste contained Hazardous Substances that Defendant American

25  Tool & Engineering Corp. generated and/or arranged for its disposal at the BKK

26  Class I Facility. To date, Defendant American Tool & Engineering Corp. has not

27  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

28  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

86.     Upon information and belief, Defendant Ameripride Services, LLC is the successor to Gates Admiral and/or New Fashion Cleaners and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Gates Admiral and/or New Fashion Cleaners.  According to historical BKK Corp. records, Gates Admiral and New Fashion Cleaners contributed manifested waste to the BKK Class I facility. This manifested waste contained Hazardous Substances that Gates Admiral and New Fashion Cleaners generated and/or arranged for its disposal at the BKK Class I Facility. To date, Ameripride Services, LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

87.     According to historical BKK Corp. records, Defendant AMF Tubescope Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant AMF Tubescope Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant AMF Tubescope Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

88.     Upon information and belief, Defendant Anchor Operating, Inc. (previously identified in this action and the related action as and *fka* Anchor Post Products Inc.) is the successor to Anchor Post Products Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Anchor Post Products Inc.  According to historical BKK Corp. records, Anchor Post Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Anchor Post Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Anchor Operating, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

89.    According to historical BKK Corp. records, Defendant Andrew California Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Andrew California Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Andrew California Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

90.    Upon information and belief, Defendant Angelica Textile Services Inc. is the successor to Southern Service Company (previously identified in this action and the related action as Blue Seal Linen Supply and also formerly dba Blue Seal Linen Supply) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southern Service Company.  According to historical BKK Corp. records, Southern Service Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southern Service Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Angelica Textile Services Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

91.    According to historical BKK Corp. records, Defendant Anodyne Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Anodyne Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anodyne Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

92.    According to historical BKK Corp. records, Defendant Apex International Alloys contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Apex International Alloys generated and/or arranged for its disposal at the BKK Class I

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Facility. To date, Defendant Apex International Alloys has not incurred any
2    response costs at the BKK Class I Facility nor has it paid its fair share of response
3    costs incurred by the Plaintiffs at the BKK Class I Facility.

4         93.    According to historical BKK Corp. records, Defendant Applied
5    Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This
6    manifested waste contained Hazardous Substances that Defendant Applied
7    Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I
8    Facility. To date, Defendant Applied Magnetics Corp. has not incurred any
9    response costs at the BKK Class I Facility nor has it paid its fair share of response
10   costs incurred by the Plaintiffs at the BKK Class I Facility.

11        94.    According to historical BKK Corp. records, Defendant Argo
12   Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This
13   manifested waste contained Hazardous Substances that Defendant Argo Petroleum
14   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To
15   date, Defendant Argo Petroleum Corp. has not incurred any response costs at the
16   BKK Class I Facility nor has it paid its fair share of response costs incurred by the
17   Plaintiffs at the BKK Class I Facility.

18        95.    According to historical BKK Corp. records, Defendant Arrowhead
19   Mountain Spring Water Company contributed manifested waste to the BKK Class I
20   Facility.  This manifested waste contained Hazardous Substances that Defendant
21   Arrowhead Mountain Spring Water Company generated and/or arranged for its
22   disposal at the BKK Class I Facility.  To date, Defendant Arrowhead Mountain
23   Spring Water Company has not incurred any response costs at the BKK Class I
24   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at
25   the BKK Class I Facility.

26        96.    According to historical BKK Corp. records, Defendant Arnold
27   Circuits, Inc. contributed manifested waste to the BKK Class I Facility. This
28   manifested waste contained Hazardous Substances that Defendant Arnold Circuits,

Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.    Upon information and belief, Defendant Arnold Circuits, Inc. is the successor to Arnold Electronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arnold Electronics Inc. According to historical BKK Corp. records, Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

98.    According to historical BKK Corp. records, Defendant Arnold Engineering Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Arnold Engineering Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Engineering Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

99.    Upon information and belief, Defendant Arnold Engineering Co. is the successor to Arnold Electronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arnold Electronics Inc. According to historical BKK Corp. records, Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Engineering Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its

1  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

2      100.  Upon information and belief, Defendant Atomica Corp. is the

3  successor to Applied Magnetics Corp. and/or otherwise liable for manifested waste

4  that was contributed to the BKK Class I Facility by Applied Magnetics Corp.

5  According to historical BKK Corp. records, Applied Magnetics Corp. contributed

6  manifested waste to the BKK Class I Facility. This manifested waste contained

7  Hazardous Substances that Applied Magnetics Corp. generated and/or arranged for

8  its disposal at the BKK Class I Facility. To date, Defendant Atomica Corp. has not

9  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

10  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

11      101.  Upon information and belief, Defendant Axel Johnson, Inc. is the

12  successor to Industrial Tectonics Bearings Corporation (previously identified in this

13  action and the related action as Industrial Tectonics Bearings) and/or otherwise

14  liable for manifested waste that was contributed to the BKK Class I Facility by

15  Industrial Tectonics Bearings Corporation.  According to historical BKK Corp.

16  records, Industrial Tectonics Bearings Corporation contributed manifested waste to

17  the BKK Class I Facility. This manifested waste contained Hazardous Substances

18  that Industrial Tectonics Bearings Corporation generated and/or arranged for its

19  disposal at the BKK Class I Facility. To date, Defendant Axel Johnson, Inc. has not

20  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

21  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

22      102.  Upon information and belief, Defendant AZON Corporation is the

23  successor to Keuffel & Esser Co. and/or otherwise liable for manifested waste that

24  was contributed to the BKK Class I Facility by Keuffel & Esser Co.  According to

25  historical BKK Corp. records, Keuffel & Esser Co. contributed manifested waste to

26  the BKK Class I Facility. This manifested waste contained Hazardous Substances

27  that Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK

28  Class I Facility. To date, Defendant AZON Corporation has not incurred any

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  response costs at the BKK Class I Facility nor has it paid its fair share of response

2  costs incurred by the Plaintiffs at the BKK Class I Facility.

3      103.  Upon information and belief, Defendant B. Jadow and Sons, Inc. is the

4  successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was

5  contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical

6  BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK

7  Class I Facility. This manifested waste contained Hazardous Substances that Krazy

8  Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

9  date, Defendant B. Jadow and Sons, Inc. has not incurred any response costs at the

10  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

11  Plaintiffs at the BKK Class I Facility.

12      104.  Upon information and belief, Defendant BAE Systems San Diego Ship

13  Repair Inc. is the successor to Southwest Marine, Inc. and/or otherwise liable for

14  manifested waste that was contributed to the BKK Class I Facility by Southwest

15  Marine, Inc.  According to historical BKK Corp. records, Southwest Marine, Inc.

16  contributed manifested waste to the BKK Class I Facility. This manifested waste

17  contained Hazardous Substances that Southwest Marine, Inc. generated and/or

18  arranged for its disposal at the BKK Class I Facility. To date, Defendant BAE

19  Systems San Diego Ship Repair Inc. has not incurred any response costs at the

20  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

21  Plaintiffs at the BKK Class I Facility.

22      105.  According to historical BKK Corp. records, Defendant Balser

23  Trucking contributed manifested waste to the BKK Class I Facility.  This

24  manifested waste contained Hazardous Substances that Defendant Balser Trucking

25  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

26  Defendant Balser Trucking has not incurred any costs at the BKK Class I Facility

27  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

28  Facility.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

106.    Upon information and belief, Defendant Bausch Health Americas, Inc. is the successor to ICN Pharmaceuticals and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by ICN Pharmaceuticals. According to historical BKK Corp. records, ICN Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that ICN Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bausch Health Americas, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.    Upon information and belief, Defendant Baxter International Inc. is the successor to American Scientific Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Scientific Products.  According to historical BKK Corp. records, American Scientific Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Scientific Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Baxter International Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.    According to historical BKK Corp. records, Defendant Beatrice/Hunt-Wesson, Inc. (previously identified in this action and the related action as Beatrice Hunt Wesson Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Beatrice/Hunt-Wesson, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beatrice/Hunt-Wesson, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

109.    According to historical BKK Corp. records, Defendant Beazer East,

Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beazer East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

110.   According to historical BKK Corp. records, Defendant Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

111.   According to historical BKK Corp. records, Defendant Bernard Epps & Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Bernard Epps & Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bernard Epps & Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

112.   According to historical BKK Corp. records, Defendant Bethlehem Steel Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bethlehem Steel Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Bethlehem Steel Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

113.   According to historical BKK Corp. records, Defendant Beverly Hills Oil Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beverly Hills Oil Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beverly Hills Oil Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114.   According to historical BKK Corp. records, Defendant BFI XV Realty Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant BFI XV Realty Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

115.   Upon information and belief, Defendant BI Technologies Corporation is the successor to Beckman Coulter Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Beckman Coulter Inc. According to historical BKK Corp. records, Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BI Technologies Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

116.   According to historical BKK Corp. records, Defendant Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Big Three Industries Inc. has not incurred any

1  response costs at the BKK Class I Facility nor has it paid its fair share of response
2  costs incurred by the Plaintiffs at the BKK Class I Facility.

3      117.   According to historical BKK Corp. records, Defendant Bingo Truck
4  Stop contributed manifested waste to the BKK Class I Facility.  This manifested
5  waste contained Hazardous Substances that Defendant Bingo Truck Stop generated
6  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant
7  Bingo Truck Stop has not incurred any response costs at the BKK Class I Facility
8  nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK
9  Class I Facility.

10     118.   According to historical BKK Corp. records, Defendant Birtcher Pacific
11  contributed manifested waste to the BKK Class I Facility.  This manifested waste
12  contained Hazardous Substances that Defendant Birtcher Pacific generated and/or
13  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher
14  Pacific has not incurred any response costs at the BKK Class I Facility nor has it
15  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
16  Facility.

17     119.   Upon information and belief, Defendant BNZ, Inc. is the successor to
18  Arnold Circuits, Inc. and/or otherwise liable for manifested waste that was
19  contributed to the BKK Class I Facility by Arnold Circuits, Inc.  According to
20  historical BKK Corp. records, Arnold Circuits, Inc. contributed manifested waste to
21  the BKK Class I Facility. This manifested waste contained Hazardous Substances
22  that Arnold Circuits, Inc. generated and/or arranged for its disposal at the BKK
23  Class I Facility. To date, Defendant BNZ, Inc. has not incurred any costs at the
24  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
25  at the BKK Class I Facility.

26     120.   Upon information and belief, Defendant Bostik, Inc. is the successor to
27  R. & D. Latex Co. and/or otherwise liable for manifested waste that was
28  contributed to the BKK Class I Facility by R. & D. Latex Co.  According to

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

historical BKK Corp. records, R. & D. Latex Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that R. & D. Latex Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bostik, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

121.    Upon information and belief, Defendant Bridgestone Americas, Inc. is the successor to Firestone Tire & Rubber Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Firestone Tire & Rubber Co.  According to historical BKK Corp. records, Firestone Tire & Rubber Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Firestone Tire & Rubber Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bridgestone Americas, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

122.    According to historical BKK Corp. records, Defendant Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Brooks & Perkins Brownline Division has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

123.    Upon information and belief, Defendant Bulk Services, Inc. is the successor to Balser Trucking and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Balser Trucking.  According to historical BKK Corp. records, Balser Trucking contributed manifested waste to the BKK

Class I Facility. This manifested waste contained Hazardous Substances that Balser Trucking generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bulk Services, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

124.    Upon information and belief, Defendant Bunge Oils, Inc. (previously identified in this action as Bunge Global Markets, Inc.) is the successor to Richardson & Holland and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Richardson & Holland.  According to historical BKK Corp. records, Richardson & Holland contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Richardson & Holland generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bunge Oil, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

125.    According to historical BKK Corp. records, Defendant Byron Jackson Pumps contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Byron Jackson Pumps generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Byron Jackson Pumps has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

126.    According to historical BKK Corp. records, Defendant Cal-Aurum Industries (previously identified in this action as Aurum Industries, Inc.) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cal-Aurum Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cal-Aurum Industries has not incurred any response costs at the BKK Class I

Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

127.   According to historical BKK Corp. records, Defendant Cal-Chem Cleaning Co., Inc. (previously identified in this action and the related action as Cal Chem Cleaning Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cal-Chem Cleaning Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cal-Chem Cleaning Co., Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

128.   According to historical BKK Corp. records, Defendant Cal Nev Pipeline Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cal Nev Pipeline Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cal Nev Pipeline Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

129.   According to historical BKK Corp. records, Defendant Cal Style Furniture Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cal Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cal Style Furniture Manufacturing Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

130.   According to historical BKK Corp. records, Defendant Cali-Blok contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cali-Blok generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cali-Blok

1    has not incurred any response costs at the BKK Class I Facility nor has it paid its

2    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3        131.   According to historical BKK Corp. records, Defendant Calbiochem-

4    Behring Corp. contributed manifested waste to the BKK Class I Facility.  This

5    manifested waste contained Hazardous Substances that Defendant Calbiochem-

6    Behring Corp. generated and/or arranged for its disposal at the BKK Class I

7    Facility.  To date, Defendant Calbiochem-Behring Corp. has not incurred any

8    response costs at the BKK Class I Facility nor has it paid its fair share of response

9    costs incurred by the Plaintiffs at the BKK Class I Facility.

10       132.   According to historical BKK Corp. records, Defendant California

11   Carpet Co. contributed manifested waste to the BKK Class I Facility. This

12   manifested waste contained Hazardous Substances that Defendant California Carpet

13   Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

14   Defendant California Carpet Co. has not incurred any response costs at the BKK

15   Class I Facility nor has it paid its fair share of response costs incurred by the

16   Plaintiffs at the BKK Class I Facility.

17       133.   Upon information and belief, Defendant Calgon Carbon Corporation is

18   the successor to Calgon Corporation and/or otherwise liable for manifested waste

19   that was contributed to the BKK Class I Facility by Calgon Corporation.

20   According to historical BKK Corp. records, Calgon Corporation contributed

21   manifested waste to the BKK Class I Facility. This manifested waste contained

22   Hazardous Substances that Calgon Corporation generated and/or arranged for its

23   disposal at the BKK Class I Facility. To date, Defendant Calgon Carbon

24   Corporation has not incurred any response costs at the BKK Class I Facility nor has

25   it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

26   Facility.

27       134.   According to historical BKK Corp. records, Defendant Calprotech Inc.

28   contributed manifested waste to the BKK Class I Facility. This manifested waste

1    contained Hazardous Substances that Defendant Calprotech Inc. generated and/or

2    arranged for its disposal at the BKK Class I Facility. To date, Defendant Calprotech

3    Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

4    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

5        135.   Upon information and belief, Defendant Capital Parade USA, Inc. is

6    the successor to Circuit One Div. of LH Research Inc. and/or otherwise liable for

7    manifested waste that was contributed to the BKK Class I Facility by Circuit One

8    Div. of LH Research Inc.  According to historical BKK Corp. records, Circuit One

9    Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility.

10   This manifested waste contained Hazardous Substances that Circuit One Div. of LH

11   Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

12   To date, Defendant Capital Parade USA, Inc. has not incurred any response costs at

13   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

14   the Plaintiffs at the BKK Class I Facility.

15       136.   According to historical BKK Corp. records, Defendant Cargill Inc.

16   contributed manifested waste to the BKK Class I Facility.  This manifested waste

17   contained Hazardous Substances that Defendant Cargill Inc. generated and/or

18   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill

19   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

20   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

21       137.   Upon information and belief, Defendant Castle & Cooke, Inc. is the

22   successor to Westminster Ceramics Inc. and/or otherwise liable for manifested

23   waste that was contributed to the BKK Class I Facility by Westminster Ceramics

24   Inc.  According to historical BKK Corp. records, Westminster Ceramics Inc.

25   contributed manifested waste to the BKK Class I Facility. This manifested waste

26   contained Hazardous Substances that Westminster Ceramics Inc. generated and/or

27   arranged for its disposal at the BKK Class I Facility. To date, Defendant Castle &

28   Cooke, Inc. Inc. has not incurred any costs at the BKK Class I Facility nor has it

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2       138.   Upon information and belief, Defendant Celanese Corporation is the

3  successor to Calbiochem-Behring Corp. and/or otherwise liable for manifested

4  waste that was contributed to the BKK Class I Facility by Calbiochem-Behring

5  Corp.  According to historical BKK Corp. records, Calbiochem-Behring Corp.

6  contributed manifested waste to the BKK Class I Facility. This manifested waste

7  contained Hazardous Substances that Calbiochem-Behring Corp. generated and/or

8  arranged for its disposal at the BKK Class I Facility. To date, Defendant Celanese

9  Corporation has not incurred any response costs at the BKK Class I Facility nor has

10  it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

11  Facility.

12       139.   Upon information and belief, Defendant Cemex, Inc. is the successor

13  to Transmix Corporation and/or is otherwise liable for manifested waste that was

14  contributed to the BKK Class I Facility by Transmix Corporation.  According to

15  historical BKK Corp. records, Transmix Corporation contributed manifested waste

16  to the BKK Class I Facility. This manifested waste contained Hazardous

17  Substances that Transmix Corporation generated and/or arranged for its disposal at

18  the BKK Class I Facility. To date, Defendant Cemex, Inc. has not incurred any

19  response costs at the BKK Class I Facility nor has it paid its fair share of response

20  costs incurred by the Plaintiffs at the BKK Class I Facility.

21       140.   Upon information and belief, Defendant Cerro Corporation is the

22  successor to ICX Industries, Inc. and/or otherwise liable for manifested waste that

23  was contributed to the BKK Class I Facility by ICX Industries, Inc.  According to

24  historical BKK Corp. records, ICX Industries, Inc. contributed manifested waste to

25  the BKK Class I Facility. This manifested waste contained Hazardous Substances

26  that ICX Industries, Inc. generated and/or arranged for its disposal at the BKK

27  Class I Facility. To date, Defendant Cerro Corporation has not incurred any

28  response costs at the BKK Class I Facility nor has it paid its fair share of response

costs incurred by the Plaintiffs at the BKK Class I Facility.

141. According to historical BKK Corp. records, Defendant Certified Grocers of Cal. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Certified Grocers of Cal. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Certified Grocers of Cal. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

142. According to historical BKK Corp. records, Defendant Cia Minera De Cananea SA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cia Minera De Cananea SA generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cia Minera De Cananea SA has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

143. According to historical BKK Corp. records, Defendant Circuit One Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Circuit One Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Circuit One Div. of LH Research Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

144. According to historical BKK Corp. records, Defendant Cleveland Wrecking Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cleveland Wrecking Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cleveland Wrecking Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Plaintiffs at the BKK Class I Facility.

2         145.   According to historical BKK Corp. records, Defendant Coast Plating,

3    Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

4    waste contained Hazardous Substances that Defendant Coast Plating, Inc. generated

5    and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

6    Coast Plating, Inc. has not incurred any costs at the BKK Class I Facility nor has it

7    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8         146.   According to historical BKK Corp. records, Defendant Cognis Corp.

9    contributed manifested waste to the BKK Class I Facility. This manifested waste

10   contained Hazardous Substances that Defendant Cognis Corp. generated and/or

11   arranged for its disposal at the BKK Class I Facility. To date, Defendant Cognis

12   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

13   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14        147.   Upon information and belief, Defendant Columbia Pacific Aluminum

15   Corporation is the successor to Royal Aluminum Co. and/or otherwise liable for

16   manifested waste that was contributed to the BKK Class I Facility by Royal

17   Aluminum Co.  According to historical BKK Corp. records, Royal Aluminum Co.

18   contributed manifested waste to the BKK Class I Facility. This manifested waste

19   contained Hazardous Substances that Royal Aluminum Co. generated and/or

20   arranged for its disposal at the BKK Class I Facility. To date, Defendant Columbia

21   Pacific Aluminum Corporation has not incurred any costs at the BKK Class I

22   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

23   Class I Facility.

24        148.   According to historical BKK Corp. records, Columbia Pictures

25   contributed manifested waste to the BKK Class I Facility. This manifested waste

26   contained Hazardous Substances that Columbia Pictures generated and/or arranged

27   for its disposal at the BKK Class I Facility. To date, Defendant Columbia Pictures

28   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

of costs incurred by the Plaintiffs at the BKK Class I Facility.

149. Upon information and belief, Defendant Conagra Brands, Inc. is the successor to Beatrice/Hunt-Wesson, Inc. (previously identified in this action and the related action as Beatrice Hunt Wesson Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Beatrice/Hunt-Wesson, Inc.  According to historical BKK Corp. records, Beatrice/Hunt-Wesson, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Beatrice/Hunt-Wesson, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Conagra Brands, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

150. According to historical BKK Corp. records, Defendant Control Components Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Control Components Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Control Components Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

151. Upon information and belief, Defendant Coscol Petroleum Corporation is the successor to Western Fuel Oil Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Fuel Oil Company  According to historical BKK Corp. records, Western Fuel Oil Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Fuel Oil Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Coscol Petroleum Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

1    BKK Class I Facility.

2         152.   According to historical BKK Corp. records, Defendant Cragar

3    Industries contributed manifested waste to the BKK Class I Facility. This

4    manifested waste contained Hazardous Substances that Defendant Cragar Industries

5    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

6    Defendant Cragar Industries has not incurred any costs at the BKK Class I Facility

7    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

8    Facility.

9         153.   Upon information and belief, Defendant Crain Industries, Inc. is the

10   successor to Crain Western, Inc. and/or otherwise liable for manifested waste that

11   was contributed to the BKK Class I Facility by Crain Western, Inc.  According to

12   historical BKK Corp. records, Crain Western, Inc. contributed manifested waste to

13   the BKK Class I Facility. This manifested waste contained Hazardous Substances

14   that Crain Western, Inc. generated and/or arranged for its disposal at the BKK Class

15   I Facility. To date, Defendant Crain Industries, Inc. has not incurred any costs at the

16   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

17   at the BKK Class I Facility.

18        154.   According to historical BKK Corp. records, Defendant Crain Western,

19   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

20   waste contained Hazardous Substances that Defendant Crain Western, Inc.

21   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

22   Defendant Crain Western, Inc. has not incurred any costs at the BKK Class I

23   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

24   Class I Facility.

25        155.   Upon information and belief, Defendant CRE Liquidation LLC is the

26   successor to Cal Style Furniture Manufacturing Co. and/or otherwise liable for

27   manifested waste that was contributed to the BKK Class I Facility by Cal Style

28   Furniture Manufacturing Co.  According to historical BKK Corp. records, Cal Style

1   Furniture Manufacturing Co. contributed manifested waste to the BKK Class I

2   Facility. This manifested waste contained Hazardous Substances that Cal Style

3   Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK

4   Class I Facility. To date, Defendant CRE Liquidation LLC has not incurred any

5   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

6   the Plaintiffs at the BKK Class I Facility.

7        156.   According to historical BKK Corp. records, Defendant Crescent

8   Transportation contributed manifested waste to the BKK Class I Facility.  This

9   manifested waste contained Hazardous Substances that Defendant Crescent

10  Transportation generated and/or arranged for its disposal at the BKK Class I

11  Facility.  To date, Defendant Crescent Transportation has not incurred any response

12  costs at the BKK Class I Facility nor has it paid its fair share of response costs

13  incurred by the Plaintiffs at the BKK Class I Facility.

14       157.   Upon information and belief, Defendant Criton Corporation is the

15  successor to Sandia Metal Process, Inc. and/or otherwise liable for manifested

16  waste that was contributed to the BKK Class I Facility by Sandia Metal Process,

17  Inc.  According to historical BKK Corp. records, Sandia Metal Process, Inc.

18  contributed manifested waste to the BKK Class I Facility. This manifested waste

19  contained Hazardous Substances that Sandia Metal Process, Inc. generated and/or

20  arranged for its disposal at the BKK Class I Facility. To date, Defendant Criton

21  Corporation has not incurred any costs at the BKK Class I Facility nor has it paid

22  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23       158.   According to historical BKK Corp. records, Defendant Crockett

24  Container Corp. contributed manifested waste to the BKK Class I Facility.  This

25  manifested waste contained Hazardous Substances that Defendant Crockett

26  Container Corp. generated and/or arranged for its disposal at the BKK Class I

27  Facility.  To date, Defendant Crockett Container Corp. has not incurred any costs at

28  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Plaintiffs at the BKK Class I Facility.

2       159.   According to historical BKK Corp. records, Defendant Crowley Inc.

3   contributed manifested waste to the BKK Class I Facility.  This manifested waste

4   contained Hazardous Substances that Defendant Crowley Inc. generated and/or

5   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley

6   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

7   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8       160.   Upon information and belief, Defendant Crown Central LLC is the

9   successor to Crown Central Petroleum Corporation and/or otherwise liable for

10  manifested waste that was contributed to the BKK Class I Facility by Crown

11  Central Petroleum Corporation.  According to historical BKK Corp. records, Crown

12  Central Petroleum Corporation contributed manifested waste to the BKK Class I

13  Facility. This manifested waste contained Hazardous Substances that Crown

14  Central Petroleum Corporation generated and/or arranged for its disposal at the

15  BKK Class I Facility. To date, Defendant Crown Central LLC has not incurred any

16  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

17  the Plaintiffs at the BKK Class I Facility.

18      161.   According to historical BKK Corp. records, Defendant Crown Central

19  Petroleum Corporation contributed manifested waste to the BKK Class I Facility.

20  This manifested waste contained Hazardous Substances that Defendant Crown

21  Central Petroleum Corporation generated and/or arranged for its disposal at the

22  BKK Class I Facility.  To date, Defendant Crown Central Petroleum Corporation

23  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

24  of costs incurred by the Plaintiffs at the BKK Class I Facility.

25      162.   According to historical BKK Corp. records, Defendant Crown

26  Disposal Inc. contributed manifested waste to the BKK Class I Facility.  This

27  manifested waste contained Hazardous Substances that Defendant Crown Disposal

28  Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Defendant Crown Disposal Inc. has not incurred any costs at the BKK Class I

2    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

3    Class I Facility.

4         163.   Upon information and belief, Defendant Crown Disposal Inc. is the

5    successor to Liquid Waste Management and/or otherwise liable for manifested

6    waste that was contributed to the BKK Class I Facility by Liquid Waste

7    Management.  According to historical BKK Corp. records, Liquid Waste

8    Management contributed manifested waste to the BKK Class I Facility. This

9    manifested waste contained Hazardous Substances that Liquid Waste Management

10   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

11   Defendant Crown Disposal Inc. has not incurred any costs at the BKK Class I

12   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13   Class I Facility.

14        164.   According to historical BKK Corp. records, Defendant Crown

15   Zellerbach Co. contributed manifested waste to the BKK Class I Facility. This

16   manifested waste contained Hazardous Substances that Defendant Crown

17   Zellerbach Co. generated and/or arranged for its disposal at the BKK Class I

18   Facility. To date, Defendant Crown Zellerbach Co. has not incurred any costs at the

19   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

20   at the BKK Class I Facility.

21        165.   Upon information and belief, Defendant CSS Investment Company is

22   the successor to Cummins Service & Sales Inc. and/or otherwise liable for

23   manifested waste that was contributed to the BKK Class I Facility by Cummins

24   Service & Sales Inc.  According to historical BKK Corp. records, Cummins Service

25   & Sales Inc. contributed manifested waste to the BKK Class I Facility. This

26   manifested waste contained Hazardous Substances that Cummins Service & Sales

27   Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28   Defendant CSS Investment Company has not incurred any costs at the BKK Class I

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

166.   According to historical BKK Corp. records, Defendant Cummins Service & Sales Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cummins Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cummins Service & Sales Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

167.   Upon information and belief, Defendant CW Liquidating Corporation is the successor to Peairs Engineers and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Peairs Engineers.  According to historical BKK Corp. records, Peairs Engineers contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peairs Engineers generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant CW Liquidating Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

168.   According to historical BKK Corp. records, Defendant Cyclo Products, Inc. (previously identified in this action and the related action as Cyclo Chemical Co., and formerly having [and/or its predecessor by merger Alameda Laboratories, Inc. formerly having] a division known as Cyclo Chemical Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cyclo Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cyclo Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

169.   According to historical BKK Corp. records, Defendant Daiwa Corp.

contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Daiwa Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Daiwa Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

170.    Upon information and belief, Defendant Darnell Caster LLC is the successor to Darnell Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Darnell Corp.  According to historical BKK Corp. records, Darnell Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Darnell Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell Caster LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

171.    According to historical BKK Corp. records, Defendant Darnell Corp. (previously identified in this action and the related action as Darnell Corporate Ltd.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Darnell Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

172.    Upon information and belief, Defendant Darnell-Rose is the successor to Darnell Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Darnell Corp.  According to historical BKK Corp. records, Darnell Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Darnell Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell-Rose has not incurred any costs at the BKK Class I Facility nor

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2  Facility.

3        173.   According to historical BKK Corp. records, Dart Industries Inc.

4  (previously identified in this action and the related action as San Fernando

5  Laboratories, and formerly having a division known as San Fernando Laboratories)

6  contributed manifested waste to the BKK Class I facility. This manifested waste

7  contained Hazardous Substances that Dart Industries Inc. generated and/or arranged

8  for its disposal at the BKK Class I Facility.  To date, Dart Industries Inc. has not

9  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

10  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

11        174.   Upon information and belief, Defendant Data Device Corp. is the

12  successor to Arnold Circuits, Inc. and/or Arnold Electronics Inc. and/or otherwise

13  liable for manifested waste that was contributed to the BKK Class I Facility by

14  Arnold Circuits, Inc. and/or Arnold Electronics Inc.  According to historical BKK

15  Corp. records, Arnold Circuits, Inc. and Arnold Electronics Inc. contributed

16  manifested waste to the BKK Class I Facility. This manifested waste contained

17  Hazardous Substances that Arnold Circuits, Inc. and Arnold Electronics Inc.

18  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

19  Defendant Data Device Corp. has not incurred any costs at the BKK Class I Facility

20  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

21  Facility.

22        175.   According to historical BKK Corp. records, Defendant Data Products

23  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

24  waste contained Hazardous Substances that Defendant Data Products Corp.

25  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

26  Defendant Data Products Corp. has not incurred any response costs at the BKK

27  Class I Facility nor has it paid its fair share of response costs incurred by the

28  Plaintiffs at the BKK Class I Facility.

176.   According to historical BKK Corp. records, Defendant Davis Investment Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Davis Investment Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Davis Investment Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

177.   Upon information and belief, Defendant Davro, Inc. is the successor to Calprotech Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Calprotech Inc.  According to historical BKK Corp. records, Calprotech Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Calprotech Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Davro, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

178.   Upon information and belief, Defendant DCS Diversified Coating Systems, Inc. (previously identified in this action as Diversified Coating Systems, Inc.) is the successor to Advanced Coatings Inc. (previously identified in this action and the related action as Advanced Coating Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Advanced Coatings Inc.  According to historical BKK Corp. records, Advanced Coatings Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Advanced Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant DCS Diversified Coating Systems, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

179.   According to historical BKK Corp. records, Defendant Decratrend Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Decratrend Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Decratrend Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

180.   Upon information and belief, Defendant Delaware Arrowhead Products Corporation is the successor to Arrowhead Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arrowhead Products.  According to historical BKK Corp. records, Arrowhead Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arrowhead Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delaware Arrowhead Products Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

181.   Upon information and belief, Defendant Delaware Outsourcing Services Group, Inc. is the successor to Aerosol Services Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Aerosol Services Co. Inc.  According to historical BKK Corp. records, Aerosol Services Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delaware Outsourcing Services Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

182.   Upon information and belief, Defendant Denso Products and Services Americas, Inc. (previously identified in this action as Densco Products and Services

Americas, Inc.) is the successor to Nippondenso of Los Angeles and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Nippondenso of Los Angeles.  According to historical BKK Corp. records, Nippondenso of Los Angeles contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Nippondenso of Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Denso Products and Services Americas, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

183.   According to historical BKK Corp. records, Defendant Desoto Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Desoto Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

184.   Upon information and belief, Defendant Devon Energy Corp. is the successor to Pauley Petroleum Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pauley Petroleum Co.  According to historical BKK Corp. records, Pauley Petroleum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pauley Petroleum Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Devon Energy Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

185.   Upon information and belief, Defendant Diamond International Corp. is the successor to Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Lithograph. According to historical BKK Corp. records, Western Lithograph contributed

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    manifested waste to the BKK Class I Facility. This manifested waste contained

2    Hazardous Substances that Western Lithograph generated and/or arranged for its

3    disposal at the BKK Class I Facility. To date, Defendant Diamond International

4    Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

5    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

6        186.   According to historical BKK Corp. records, Defendant Disposal

7    Control Service, Inc. (previously identified in this action and the related action as

8    Disposal Control) contributed manifested waste to the BKK Class I Facility.  This

9    manifested waste contained Hazardous Substances that Defendant Disposal Control

10   Service, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

11   To date, Defendant Disposal Control Service, Inc. has not incurred any costs at the

12   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

13   at the BKK Class I Facility.

14       187.   According to historical BKK Corp. records, Defendant Don Kott Ford

15   (previously identified in this action as Don Knott Ford) contributed manifested

16   waste to the BKK Class I Facility.  This manifested waste contained Hazardous

17   Substances that Defendant Don Kott Ford generated and/or arranged for its disposal

18   at the BKK Class I Facility.  To date, Defendant Don Kott Ford has not incurred

19   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

20   by the Plaintiffs at the BKK Class I Facility.

21       188.   According to historical BKK Corp. records, Defendant Drackett Co.

22   contributed manifested waste to the BKK Class I Facility. This manifested waste

23   contained Hazardous Substances that Defendant Drackett Co. generated and/or

24   arranged for its disposal at the BKK Class I Facility. To date, Defendant Drackett

25   Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

26   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27       189.   According to historical BKK Corp. records, Defendant Dresser

28   Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This

1  manifested waste contained Hazardous Substances that Defendant Dresser
2  Industries, Inc. generated and/or arranged for its disposal at the BKK Class I
3  Facility.  To date, Defendant Dresser Industries, Inc. has not incurred any costs at
4  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
5  Plaintiffs at the BKK Class I Facility.

6      190.   According to historical BKK Corp. records, Defendant Durex Inc.
7  contributed manifested waste to the BKK Class I Facility.  This manifested waste
8  contained Hazardous Substances that Defendant Durex Inc. generated and/or
9  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex
10  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
11  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12      191.   According to historical BKK Corp. records, Defendant E.T.C. Carpet
13  Mills, Ltd. contributed manifested waste to the BKK Class I Facility.  This
14  manifested waste contained Hazardous Substances that Defendant E.T.C. Carpet
15  Mills, Ltd. generated and/or arranged for its disposal at the BKK Class I Facility.
16  To date, Defendant E.T.C. Carpet Mills, Ltd. has not incurred any costs at the BKK
17  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at
18  BKK Class I Facility.

19      192.   Upon information and belief, Defendant E.T.C. Carpet Mills, Ltd. is
20  the successor to California Carpet Co. and/or otherwise liable for manifested waste
21  that was contributed to the BKK Class I Facility by California Carpet Co.
22  According to historical BKK Corp. records, California Carpet Co. contributed
23  manifested waste to the BKK Class I Facility. This manifested waste contained
24  Hazardous Substances that California Carpet Co. generated and/or arranged for its
25  disposal at the BKK Class I Facility. To date, Defendant E.T.C. Carpet Mills, Ltd.
26  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
27  of costs incurred by the Plaintiffs at the BKK Class I Facility.

28      193.   According to historical BKK Corp. records, Defendant Elfab Corp.

(previously identified in this action and the related action as El Fab) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Elfab Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Elfab Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

194.   According to historical BKK Corp. records, Defendant Electronic Materials Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Electronic Materials Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Electronic Materials Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

195.   According to historical BKK Corp. records, Defendant Electro-Etch Circuits Inc. (previously identified in this action and the related action as Electrotech Circuits Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electro-Etch Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electro-Etch Circuits Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

196.   Upon information and belief, Defendant Elevate Textiles, Inc. (previously identified in this action as Elevate Textiles) is the successor to Wells Marine Inc. and Valentec International Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Wells Marine Inc. and Valentec International Corp.  According to historical BKK Corp. records, Wells Marine Inc. and Valentec International Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that

1  Wells Marine Inc. and Valentec International Corp. generated and/or arranged for

2  its disposal at the BKK Class I Facility. To date, Defendant Elevate Textiles, Inc.

3  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

4  of costs incurred by the Plaintiffs at the BKK Class I Facility.

5       197.   According to historical BKK Corp. records, Defendant EME Corp.

6  contributed manifested waste to the BKK Class I Facility. This manifested waste

7  contained Hazardous Substances that Defendant EME Corp. generated and/or

8  arranged for its disposal at the BKK Class I Facility. To date, Defendant EME

9  Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

10  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11       198.   Upon information and belief, Defendant Emerald Equities is the

12  successor to Merel Co. Inc. and/or otherwise liable for manifested waste that was

13  contributed to the BKK Class I Facility by Merel Co. Inc.  According to historical

14  BKK Corp. records, Merel Co. Inc. contributed manifested waste to the BKK Class

15  I Facility. This manifested waste contained Hazardous Substances that Merel Co.

16  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17  Defendant Emerald Equities has not incurred any costs at the BKK Class I Facility

18  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

19  Facility.

20       199.   Upon information and belief, Defendant Emerald Equities, I

21  (previously identified in this action as Emerald Equities) is the successor to Merel

22  Co. Inc. and/or otherwise liable for manifested waste that was contributed to the

23  BKK Class I Facility by Merel Co. Inc.  According to historical BKK Corp.

24  records, Merel Co. Inc. contributed manifested waste to the BKK Class I Facility.

25  This manifested waste contained Hazardous Substances that Merel Co. Inc.

26  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

27  Defendant Emerald Equities, I has not incurred any costs at the BKK Class I

28  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

Class I Facility.

200.   According to historical BKK Corp. records, Defendant Emery Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Emery Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Emery Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

201.   Upon information and belief, Defendant Employbridge LLC is the successor to Heist Maintenance Services Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Heist Maintenance Services Inc.  According to historical BKK Corp. records, Heist Maintenance Services Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Heist Maintenance Services Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Employbridge LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

202.   Upon information and belief, Defendant Emrise Electronics Corp. is the successor to Arnold Circuits, Inc. and/or Arnold Electronics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arnold Circuits, Inc. and/or Arnold Electronics Inc.  According to historical BKK Corp. records, Arnold Circuits, Inc. and Arnold Electronics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arnold Circuits, Inc. and Arnold Electronics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Emrise Electronics Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

Class I Facility.

203.   According to historical BKK Corp. records, Defendant Energy Development Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Energy Development Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Energy Development Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

204.   According to historical BKK Corp. records, Defendant Energy Development Corp. (previously identified in this action and the related action as Energy Development Co. Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Energy Development Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Energy Development Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

205.   Upon information and belief, Defendant Energy Transfer LP is the successor to Koch Fuels, Inc. (previously identified in this action and the related action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Energy Transfer LP has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

206.   Upon information and belief, Defendant Enliven Marketing Technologies Corporation is the successor to Fotomat Labs Inc. and/or otherwise

1  liable for manifested waste that was contributed to the BKK Class I Facility by

2  Fotomat Labs Inc.  According to historical BKK Corp. records, Fotomat Labs Inc.

3  contributed manifested waste to the BKK Class I Facility. This manifested waste

4  contained Hazardous Substances that Fotomat Labs Inc. generated and/or arranged

5  for its disposal at the BKK Class I Facility. To date, Defendant Enliven Marketing

6  Technologies Corporation has not incurred any costs at the BKK Class I Facility

7  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

8  Facility.

9       207.   Upon information and belief, Defendant Enviri Corporation

10  (previously identified in this action as and *fka* Harsco Corporation) is the successor

11  to Structural Composite Industries and/or otherwise liable for manifested waste that

12  was contributed to the BKK Class I Facility by Structural Composite Industries.

13  According to historical BKK Corp. records, Structural Composite Industries

14  contributed manifested waste to the BKK Class I Facility. This manifested waste

15  contained Hazardous Substances that Structural Composite Industries generated

16  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

17  Enviri Corporation has not incurred any costs at the BKK Class I Facility nor has it

18  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19       208.   According to historical BKK Corp. records, Defendant Environmental

20  Control Systems Inc. contributed manifested waste to the BKK Class I Facility.

21  This manifested waste contained Hazardous Substances that Defendant

22  Environmental Control Systems Inc. generated and/or arranged for its disposal at

23  the BKK Class I Facility. To date, Defendant Environmental Control Systems Inc.

24  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

25  of costs incurred by the Plaintiffs at the BKK Class I Facility.

26       209.   Upon information and belief, Defendant Epec Oil Co. Liquidating

27  Trust is the successor to Tenneco Oil Co. and/or otherwise liable for manifested

28  waste that was contributed to the BKK Class I Facility by Tenneco Oil Co.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

According to historical BKK Corp. records, Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Tenneco Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Epec Oil Co. Liquidating Trust has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

210.   Upon information and belief, Defendant Evergreen Pacific Partners is the successor to Marcor Environmental West, Inc. (*aka* and/or previously identified in this action and the related action as Marco Chemical Co.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Marcor Environmental West, Inc.  According to historical BKK Corp. records, Marcor Environmental West, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Marcor Environmental West, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Evergreen Pacific Partners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

211.   Upon information and belief, Defendant Fairchild Holding Corp. is the successor to Greer Hydraulics Inc. and/or VSI Corporation (previously identified in this action and the related action as Voi Shan, and formerly having a division known as Voi Shan) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Greer Hydraulics Inc. and/or VSI Corporation.  According to historical BKK Corp. records, Greer Hydraulics Inc. and VSI Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Greer Hydraulics and VSI Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fairchild Holding Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

1  Plaintiffs at the BKK Class I Facility.

2      212.   According to historical BKK Corp. records, Defendant Fairchild

3  Industries contributed manifested waste to the BKK Class I Facility. This

4  manifested waste contained Hazardous Substances that Defendant Fairchild

5  Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

6  date, Defendant Fairchild Industries has not incurred any costs at the BKK Class I

7  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8  Class I Facility.

9      213.   According to historical BKK Corp. records, Defendant Fairchild

10  Semiconductor International, Inc. contributed manifested waste to the BKK Class I

11  Facility. This manifested waste contained Hazardous Substances that Defendant

12  Fairchild Semiconductor International, Inc. generated and/or arranged for its

13  disposal at the BKK Class I Facility. To date, Defendant Fairchild Semiconductor

14  International, Inc. has not incurred any costs at the BKK Class I Facility nor has it

15  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16      214.   According to historical BKK Corp. records, Defendant Federal

17  Express Corporation contributed manifested waste to the BKK Class I Facility.

18  This manifested waste contained Hazardous Substances that Defendant Federal

19  Express Corporation generated and/or arranged for its disposal at the BKK Class I

20  Facility.  To date, Defendant Federal Express Corporation has not incurred any

21  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22  the Plaintiffs at the BKK Class I Facility.

23      215.   Upon information and belief, Defendant Federal Express Corporation

24  is the successor to Flying Tigers Line and/or otherwise liable for manifested waste

25  that was contributed to the BKK Class I Facility by Flying Tigers Line.  According

26  to historical BKK Corp. records, Flying Tigers Line contributed manifested waste

27  to the BKK Class I Facility. This manifested waste contained Hazardous

28  Substances that Flying Tigers Line generated and/or arranged for its disposal at the

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    BKK Class I Facility. To date, Defendant Federal Express Corporation has not

2    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

3    incurred by the Plaintiffs at the BKK Class I Facility.

4        216.    According to historical BKK Corp. records, Defendant Federal

5    Reserve Bank contributed manifested waste to the BKK Class I Facility.  This

6    manifested waste contained Hazardous Substances that Defendant Federal Reserve

7    Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To

8    date, Defendant Federal Reserve Bank has not incurred any costs at the BKK Class

9    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10   Class I Facility.

11       217.    According to historical BKK Corp. records, Defendant Firestone Tire

12   & Rubber Co. contributed manifested waste to the BKK Class I Facility. This

13   manifested waste contained Hazardous Substances that Defendant Firestone Tire &

14   Rubber Co. generated and/or arranged for its disposal at the BKK Class I Facility.

15   To date, Defendant Firestone Tire & Rubber Co. has not incurred any costs at the

16   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

17   at the BKK Class I Facility.

18       218.    According to historical BKK Corp. records, Defendant Fletcher Oil &

19   Refining Co. contributed manifested waste to the BKK Class I Facility. This

20   manifested waste contained Hazardous Substances that Defendant Fletcher Oil &

21   Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility.

22   To date, Defendant Fletcher Oil & Refining Co. has not incurred any costs at the

23   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

24   at the BKK Class I Facility.

25       219.    According to historical BKK Corp. records, Defendant Flight

26   Accessory Service contributed manifested waste to the BKK Class I Facility. This

27   manifested waste contained Hazardous Substances that Defendant Flight Accessory

28   Service generated and/or arranged for its disposal at the BKK Class I Facility. To

date, Defendant Flight Accessory Service has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

220.    Upon information and belief, Defendant Flint Hills Resources, L.P. is the successor to Koch Fuels, Inc. (previously identified in this action and the related action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Flint Hills Resources, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

221.    Upon information and belief, Defendant Flowserve Corporation is the successor to Byron Jackson Pumps and/or Borg Warner and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Byron Jackson Pumps and/or Borg Warner.  According to historical BKK Corp. records, Byron Jackson Pumps and Borg Warner contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Byron Jackson Pumps and Borg Warner generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Flowserve Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

222.    According to historical BKK Corp. records, Defendant Fotomat Labs Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fotomat Labs Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fotomat Labs Inc. has not incurred any costs at the BKK Class I Facility nor has it

1    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        223.   According to historical BKK Corp. records, Defendant Flying Tigers

3    Line contributed manifested waste to the BKK Class I Facility. This manifested

4    waste contained Hazardous Substances that Defendant Flying Tigers Line generated

5    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

6    Flying Tigers Line has not incurred any costs at the BKK Class I Facility nor has it

7    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8        224.   Upon information and belief, Defendant FORCO Liquidation Trust is

9    the successor to Fletcher Oil & Refining Co. and/or otherwise liable for manifested

10   waste that was contributed to the BKK Class I Facility by Fletcher Oil & Refining

11   Co.  According to historical BKK Corp. records, Fletcher Oil & Refining Co.

12   contributed manifested waste to the BKK Class I Facility. This manifested waste

13   contained Hazardous Substances that Fletcher Oil & Refining Co. generated and/or

14   arranged for its disposal at the BKK Class I Facility. To date, Defendant FORCO

15   Liquidation Trust has not incurred any costs at the BKK Class I Facility nor has it

16   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

17       225.   According to historical BKK Corp. records, Defendant Franciscan

18   Ceramics Inc. contributed manifested waste to the BKK Class I Facility.  This

19   manifested waste contained Hazardous Substances that Defendant Franciscan

20   Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

21   Facility.  To date, Defendant Franciscan Ceramics Inc. has not incurred any costs at

22   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

23   Plaintiffs at the BKK Class I Facility.

24       226.   According to historical BKK Corp. records, Defendant Frazee

25   Industries contributed manifested waste to the BKK Class I Facility. This

26   manifested waste contained Hazardous Substances that Defendant Frazee Industries

27   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28   Defendant Frazee Industries has not incurred any costs at the BKK Class I Facility

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2   Facility.

3        227.   According to historical BKK Corp. records, Defendant FMC

4   Corporation contributed manifested waste to the BKK Class I Facility.  This

5   manifested waste contained Hazardous Substances that Defendant FMC

6   Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

7   To date, Defendant FMC Corporation has not incurred any costs at the BKK Class I

8   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

9   Class I Facility.

10       228.   Upon information and belief, Defendant Fort James LLC is the

11   successor to Western Lithograph and/or otherwise liable for manifested waste that

12   was contributed to the BKK Class I Facility by Western Lithograph.  According to

13   historical BKK Corp. records, Western Lithograph contributed manifested waste to

14   the BKK Class I Facility. This manifested waste contained Hazardous Substances

15   that Western Lithograph generated and/or arranged for its disposal at the BKK

16   Class I Facility. To date, Defendant Fort James LLC has not incurred any costs at

17   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

18   Plaintiffs at the BKK Class I Facility.

19       229.   According to historical BKK Corp. records, Defendant Foster-Forbes

20   Glass Co. contributed manifested waste to the BKK Class I Facility.  This

21   manifested waste contained Hazardous Substances that Defendant Foster-Forbes

22   Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility.

23   To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at

24   the BKK Class I Facility nor has it paid Its fair share of response costs incurred by

25   the Plaintiffs at the BKK Class I Facility.

26       230.   Upon information and belief, Defendant Frontier California, Inc. is the

27   successor to General Telephone Co. and/or otherwise liable for manifested waste

28   that was contributed to the BKK Class I Facility by General Telephone Co.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    According to historical BKK Corp. records, General Telephone Co. contributed

2    manifested waste to the BKK Class I Facility. This manifested waste contained

3    Hazardous Substances that General Telephone Co. generated and/or arranged for its

4    disposal at the BKK Class I Facility. To date, Defendant Frontier California, Inc.

5    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

6    of costs incurred by the Plaintiffs at the BKK Class I Facility.

7        231.   Upon information and belief, Defendant Furukawa Electric North

8    America, Inc. is the successor to KSI Disc Products, Inc. (previously identified in

9    this action and the related action as Knudsen Corp.) and/or otherwise liable for

10   manifested waste that was contributed to the BKK Class I Facility by KSI Disc

11   Products, Inc.  According to historical BKK Corp. records, KSI Disc Products, Inc.

12   contributed manifested waste to the BKK Class I Facility. This manifested waste

13   contained Hazardous Substances that KSI Disc Products, Inc. generated and/or

14   arranged for its disposal at the BKK Class I Facility. To date, Defendant Furukawa

15   Electric North America, Inc. has not incurred any costs at the BKK Class I Facility

16   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

17   Facility.

18       232.   Upon information and belief, Defendant G.W.A. Inc. is the successor

19   to Crescent Transportation and/or otherwise liable for manifested waste that was

20   contributed to the BKK Class I Facility by Crescent Transportation.  According to

21   historical BKK Corp. records, Crescent Transportation contributed manifested

22   waste to the BKK Class I Facility. This manifested waste contained Hazardous

23   Substances that Crescent Transportation generated and/or arranged for its disposal

24   at the BKK Class I Facility. To date, Defendant G.W.A. Inc. has not incurred any

25   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

26   the Plaintiffs at the BKK Class I Facility.

27       233.   According to historical BKK Corp. records, Defendant Gates Admiral

28   contributed manifested waste to the BKK Class I Facility. This manifested waste

1  contained Hazardous Substances that Defendant Gates Admiral generated and/or

2  arranged for its disposal at the BKK Class I Facility. To date, Defendant Gates

3  Admiral has not incurred any costs at the BKK Class I Facility nor has it paid its

4  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5       234.   According to historical BKK Corp. records, Defendant GATX

6  contributed manifested waste to the BKK Class I Facility.  This manifested waste

7  contained Hazardous Substances that Defendant GATX generated and/or arranged

8  for its disposal at the BKK Class I Facility.  To date, Defendant GATX has not

9  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

10  incurred by the Plaintiffs at the BKK Class I Facility.

11       235.   Upon information and belief, Defendant GATX Corp. is the successor

12  to GATX and/or otherwise liable for manifested waste that was contributed to the

13  BKK Class I Facility by GATX.  According to historical BKK Corp. records,

14  GATX contributed manifested waste to the BKK Class I Facility. This manifested

15  waste contained Hazardous Substances that GATX generated and/or arranged for

16  its disposal at the BKK Class I Facility. To date, Defendant GATX Corp. has not

17  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

18  incurred by the Plaintiffs at the BKK Class I Facility.

19       236.   According to historical BKK Corp. records, Defendant GATX

20  Terminals Corp. contributed manifested waste to the BKK Class I Facility.  This

21  manifested waste contained Hazardous Substances that Defendant GATX

22  Terminals Corp. generated and/or arranged for its disposal at the BKK Class I

23  Facility.  To date, Defendant GATX Terminals Corp. has not incurred any costs at

24  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

25  Plaintiffs at the BKK Class I Facility.

26       237.   According to historical BKK Corp. records, Defendant GE Betz, Inc.

27  *fka* Betz Laboratories, Inc. contributed manifested waste to the BKK Class I

28  Facility.  This manifested waste contained Hazardous Substances that Defendant

1  GE Betz, Inc. *fka* Betz Laboratories, Inc. generated and/or arranged for its disposal
2  at the BKK Class I Facility.  To date, Defendant GE Betz, Inc. *fka* Betz
3  Laboratories, Inc. has not incurred any costs at the BKK Class I Facility nor has it
4  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5       238.   According to historical BKK Corp. records, Defendant General
6  Battery Corp. contributed manifested waste to the BKK Class I Facility.  This
7  manifested waste contained Hazardous Substances that Defendant General Battery
8  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To
9  date, Defendant General Battery Corp. has not incurred any costs at the BKK Class
10 I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
11 Class I Facility.

12      239.   Upon information and belief, Defendant General Mills, Inc. is the
13 successor to Pillsbury Co. and/or Yoplait USA and/or otherwise liable for
14 manifested waste that was contributed to the BKK Class I Facility by Pillsbury Co.
15 and/or Yoplait USA.  According to historical BKK Corp. records, Pillsbury Co. and
16 Yoplait USA contributed manifested waste to the BKK Class I Facility. This
17 manifested waste contained Hazardous Substances that Pillsbury Co. and Yoplait
18 USA generated and/or arranged for its disposal at the BKK Class I Facility. To
19 date, Defendant General Mills, Inc. has not incurred any costs at the BKK Class I
20 Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
21 Class I Facility.

22      240.   According to historical BKK Corp. records, Defendant General
23 Telephone Co. contributed manifested waste to the BKK Class I Facility.  This
24 manifested waste contained Hazardous Substances that Defendant General
25 Telephone Co. generated and/or arranged for its disposal at the BKK Class I
26 Facility.  To date, Defendant General Telephone Co. has not incurred any costs at
27 the BKK Class I Facility nor has it paid its fair share of costs incurred by the
28 Plaintiffs at the BKK Class I Facility.

241.   According to historical BKK Corp. records, Defendant Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Genstar Building Materials Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

242.   Upon information and belief, Defendant Genstar Roofing Products Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Genstar Building Materials Co.  According to historical BKK Corp. records, Genstar Building Materials Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Genstar Building Materials Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

243.   Upon information and belief, Defendant Georgia-Pacific LLC is the successor to Crown Zellerbach Co. and/or Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crown Zellerbach Co. and/or Western Lithograph.  According to historical BKK Corp. records, Crown Zellerbach Co. and Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crown Zellerbach Co. and Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Georgia-Pacific LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

244.   Upon information and belief, Defendant Gerald Metals, Inc. is the successor to PGP Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by PGP Industries Inc.  According to historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Gerald Metals, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

245.   Upon information and belief, Defendant GK Technologies, Incorporated is the successor to Southwest Steel Rolling Mills and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwest Steel Rolling Mills.  According to historical BKK Corp. records, Southwest Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southwest Steel Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility. To date, GK Technologies, Incorporated has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

246.   According to historical BKK Corp. records, Defendant Glass Containers Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Glass Containers Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Glass Containers Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

1      247.    According to historical BKK Corp. records, Gold-Pak International,

2  Inc. (previously identified in this action and the related action as Gold Pack Meat

3  Co., and formerly dba Gold Pack Meat Co.) contributed manifested waste to the

4  BKK Class I facility. This manifested waste contained Hazardous Substances that

5  Gold-Pak International, Inc. generated and/or arranged for its disposal at the BKK

6  Class I Facility.  To date, Gold-Pak International, Inc. has not incurred any response

7  costs at the BKK Class I Facility nor has it paid its fair share of response costs

8  incurred by the Plaintiffs at the BKK Class I Facility.

9      248.    According to historical BKK Corp. records, Defendant Greer

10  Hydraulics Inc. contributed manifested waste to the BKK Class I Facility.  This

11  manifested waste contained Hazardous Substances that Defendant Greer Hydraulics

12  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

13  date, Defendant Greer Hydraulics Corp. has not incurred any response costs at the

14  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16      249.    Upon information and belief, Defendant Grupo Mexico SAB de CV is

17  the successor to Cia Minera De Cananea SA and/or otherwise liable for manifested

18  waste that was contributed to the BKK Class I Facility by Cia Minera De Cananea

19  SA.  According to historical BKK Corp. records, Cia Minera De Cananea SA

20  contributed manifested waste to the BKK Class I Facility. This manifested waste

21  contained Hazardous Substances that Cia Minera De Cananea SA generated and/or

22  arranged for its disposal at the BKK Class I Facility. To date, Defendant Grupo

23  Mexico SAB de CV has not incurred any costs at the BKK Class I Facility nor has

24  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25      250.    According to historical BKK Corp. records, Defendant Hallmark

26  Circuits Inc. contributed manifested waste to the BKK Class I Facility.  This

27  manifested waste contained Hazardous Substances that Defendant Hallmark

28  Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

1    To date, Defendant Hallmark Circuits Inc. has not incurred any costs at the BKK

2    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

3    BKK Class I Facility.

4         251.   According to historical BKK Corp. records, Defendant Halstead

5    Enterprises contributed manifested waste to the BKK Class I Facility. This

6    manifested waste contained Hazardous Substances that Defendant Halstead

7    Enterprises generated and/or arranged for its disposal at the BKK Class I Facility.

8    To date, Defendant Halstead Enterprises has not incurred any costs at the BKK

9    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

10   BKK Class I Facility.

11        252.   Upon information and belief, Defendant Handy & Harman is the

12   successor to American Chemical & Refining and/or otherwise liable for manifested

13   waste that was contributed to the BKK Class I Facility by American Chemical &

14   Refining.  According to historical BKK Corp. records, American Chemical &

15   Refining contributed manifested waste to the BKK Class I Facility. This manifested

16   waste contained Hazardous Substances that American Chemical & Refining

17   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

18   Defendant Handy & Harman has not incurred any costs at the BKK Class I Facility

19   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

20   Facility.

21        253.   Upon information and belief, Defendants Harbans Bawa and Barinder

22   Bawa are trustees of The Bawa Family Trust, which is the successor to L.A. Gauge

23   Co., Inc. (previously identified in this action and the related action as Los Angeles

24   Gauge Co.) and/or is otherwise liable for manifested waste that was contributed to

25   the BKK Class I Facility by L.A. Gauge Co., Inc.  According to historical BKK

26   Corp. records, L.A. Gauge Co., Inc. contributed manifested waste to the BKK Class

27   I Facility. This manifested waste contained Hazardous Substances that L.A. Gauge

28   Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

date, Defendants Harbans Bawa and Barinder Bawa as trustees of The Bawa Family Trust have not incurred any costs at the BKK Class I Facility nor have they paid their fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

254.   Upon information and belief, Defendant Hawker Pacific Aerospace is the successor to Flight Accessory Service and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Flight Accessory Service. According to historical BKK Corp. records, Flight Accessor Service contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Flight Accessory Service generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hawker Pacific Aerospace has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

255.   Upon information and belief, Defendant Heidelberg Materials US, Inc. is the successor to Riverside Cement Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Riverside Cement Co. According to historical BKK Corp. records, Riverside Cement Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Riverside Cement Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Heidelberg Materials US, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

256.   According to historical BKK Corp. records, Defendant Heist Maintenance Services Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Heist Maintenance Services Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Heist Maintenance Services Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

257.   Upon information and belief, Defendant Henry Company LLC is the
successor to Henry Company and/or otherwise liable for manifested waste that was
contributed to the BKK Class I Facility by Henry Company.  According to
historical BKK Corp. records, Henry Company contributed manifested waste to the
BKK Class I Facility. This manifested waste contained Hazardous Substances that
Henry Company generated and/or arranged for its disposal at the BKK Class I
Facility. To date, Defendant Henry Company LLC has not incurred any costs at the
BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
at the BKK Class I Facility.

258.   According to historical BKK Corp. records, Defendant Henry Soss &
Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested
waste contained Hazardous Substances that Defendant Henry Soss & Co. Inc.
generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
Defendant Henry Soss & Co. Inc. has not incurred any costs at the BKK Class I
Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
Class I Facility.

259.   Upon information and belief, Defendant Heraeus Metal Processing,
Inc. is the successor to PGP Industries Inc. and/or otherwise liable for manifested
waste that was contributed to the BKK Class I Facility by PGP Industries Inc.
According to historical BKK Corp. records, PGP Industries Inc. contributed
manifested waste to the BKK Class I Facility. This manifested waste contained
Hazardous Substances that PGP Industries Inc. generated and/or arranged for its
disposal at the BKK Class I Facility. To date, Defendant Heraeus Metal Processing,
Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
share of costs incurred by the Plaintiffs at the BKK Class I Facility.

260.   Upon information and belief, Defendant Herco Technology Corp. is
the successor to Industrial Circuits and/or otherwise liable for manifested waste that
was contributed to the BKK Class I Facility by Industrial Circuits.  According to

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

historical BKK Corp. records, Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Herco Technology Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

261.    Upon information and belief, Defendant Hess Corporation is the successor to American Pacific International Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Pacific International Inc.  According to historical BKK Corp. records, American Pacific International Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Pacific International Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hess Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

262.    Upon information and belief, Defendant Hexcel Corporation is the successor to Panel Air Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Panel Air Corp.  According to historical BKK Corp. records, Panel Air Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Panel Air Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hexcel Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

263.    According to historical BKK Corp. records, Defendant Hill Brothers Chemical Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hill Brothers

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hill Brothers Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

264. According to historical BKK Corp. records, Defendant Hillcrest Beverly Oil Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hillcrest Beverly Oil Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hillcrest Beverly Oil Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

265. According to historical BKK Corp. records, Defendant Hi-Shear Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hi-Shear Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hi-Shear Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

266. According to historical BKK Corp. records, Defendant Hoffman Electronics contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hoffman Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoffman Electronics has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

267. According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

268.    Upon information and belief, Defendant Howmet Aerospace Inc. is the successor to Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. According to historical BKK Corp. records, Kaynar Manufacturing Co., TRE Corp. and Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaynar Manufacturing Co., TRE Corp. and Weslock generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Howmet Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

269.    Upon information and belief, Defendant Hoya Corporation USA is the successor to Electronic Materials Corp. and Hoya Lens of America Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electronic Materials Corp. and Hoya Lens of America Inc.  According to historical BKK Corp. records, Electronic Materials Corp. and Hoya Lens of America Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electronic Materials Corp. and Hoya Lens of America Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoya Corporation USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

270.    According to historical BKK Corp. records, Defendant HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant HR Textron Inc. generated

1    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HR

2    Textron Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

3    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4    271.    Upon information and belief, Defendant HTW Industries Inc. is the

5    successor to Durex Inc. and/or otherwise liable for manifested waste that was

6    contributed to the BKK Class I Facility by Durex Inc.  According to historical BKK

7    Corp. records, Durex Inc. contributed manifested waste to the BKK Class I Facility.

8    This manifested waste contained Hazardous Substances that Durex Inc. generated

9    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

10    HTW Industries Inc. has not incurred any costs at the BKK Class I Facility nor has

11    it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12    272.    According to historical BKK Corp. records, Defendant Humko

13    Products (previously identified in this action and the related action as Humco

14    Products) contributed manifested waste to the BKK Class I Facility. This

15    manifested waste contained Hazardous Substances that Defendant Humko Products

16    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17    Defendant Humko Products has not incurred any costs at the BKK Class I Facility

18    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

19    Facility.

20    273.    Upon information and belief, Defendant Huntington/Pacific Ceramics,

21    Inc. is the successor to Westminster Ceramics Inc. and/or otherwise liable for

22    manifested waste that was contributed to the BKK Class I Facility by Westminster

23    Ceramics Inc.  According to historical BKK Corp. records, Westminster Ceramics

24    Inc. contributed manifested waste to the BKK Class I Facility. This manifested

25    waste contained Hazardous Substances that Westminster Ceramics Inc. generated

26    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27    Huntington/Pacific Ceramics, Inc. has not incurred any costs at the BKK Class I

28    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Class I Facility.

274. Upon information and belief, Defendant Hutchinson Aerospace & Industry, Inc. is the successor to Barry Wright Controls and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Barry Wright Controls. According to historical BKK Corp. records, Barry Wright Controls contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Barry Wright Controls generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hutchinson Aerospace & Industry, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

275. According to historical BKK Corp. records, Defendant ICN Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant ICN Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ICN Pharmaceuticals has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

276. According to historical BKK Corp. records, ICX Industries, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that ICX Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ICX Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

277. According to historical BKK Corp. records, Defendant Imco Services contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Imco Services generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Imco

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Services has not incurred any costs at the BKK Class I Facility nor has it paid its

2  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3       278.   Upon information and belief, Defendant IMI Critical Engineering LLC

4  is the successor to Control Components Inc. and/or otherwise liable for manifested

5  waste that was contributed to the BKK Class I Facility by Control Components Inc.

6  According to historical BKK Corp. records, Control Components Inc. contributed

7  manifested waste to the BKK Class I Facility. This manifested waste contained

8  Hazardous Substances that Control Components Inc. generated and/or arranged for

9  its disposal at the BKK Class I Facility. To date, Defendant IMI Critical

10 Engineering LLC. has not incurred any costs at the BKK Class I Facility nor has it

11 paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12      279.   According to historical BKK Corp. records, Defendant Industrial

13 Circuits contributed manifested waste to the BKK Class I Facility. This manifested

14 waste contained Hazardous Substances that Defendant Industrial Circuits generated

15 and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16 Industrial Circuits has not incurred any costs at the BKK Class I Facility nor has it

17 paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18      280.   According to historical BKK Corp. records, Defendant Industrial

19 Insulations Incorporated contributed manifested waste to the BKK Class I Facility.

20 This manifested waste contained Hazardous Substances that Defendant Industrial

21 Insulations Incorporated generated and/or arranged for its disposal at the BKK

22 Class I Facility. To date, Defendant Industrial Insulations Incorporated has not

23 incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

24 incurred by the Plaintiffs at the BKK Class I Facility.

25      281.   According to historical BKK Corp. records, Defendant Industrial

26 Tectonics Bearings Corporation (previously identified in this action and the related

27 action as Industrial Tectonics Bearings) contributed manifested waste to the BKK

28 Class I Facility. This manifested waste contained Hazardous Substances that

1    Defendant Industrial Tectonics Bearings Corporation generated and/or arranged for

2    its disposal at the BKK Class I Facility. To date, Defendant Industrial Tectonics

3    Bearings Corporation has not incurred any costs at the BKK Class I Facility nor has

4    it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        282.   According to historical BKK Corp. records, Defendant Inland

6    Container Corp. contributed manifested waste to the BKK Class I Facility. This

7    manifested waste contained Hazardous Substances that Defendant Inland Container

8    Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

9    date, Defendant Inland Container Corp. has not incurred any costs at the BKK

10   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

11   BKK Class I Facility.

12       283.   Upon information and belief, Defendant Inland Paperboard and

13   Packaging, Inc. is the successor to Inland Container Corp. and/or otherwise liable

14   for manifested waste that was contributed to the BKK Class I Facility by Inland

15   Container Corp.  According to historical BKK Corp. records, Inland Container

16   Corp. contributed manifested waste to the BKK Class I Facility. This manifested

17   waste contained Hazardous Substances that Inland Container Corp. generated

18   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

19   Inland Paperboard and Packaging, Inc. has not incurred any costs at the BKK Class

20   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

21   Class I Facility.

22       284.   According to historical BKK Corp. records, Defendant International

23   Polymer Corp. contributed manifested waste to the BKK Class I Facility.  This

24   manifested waste contained Hazardous Substances that Defendant International

25   Polymer Corp. generated and/or arranged for its disposal at the BKK Class I

26   Facility.  To date, Defendant International Polymer Corp. has not incurred any

27   response costs at the BKK Class I Facility nor has it paid its fair share of response

28   costs incurred by the Plaintiffs at the BKK Class I Facility.

103

285.   According to historical BKK Corp. records, Defendant I.T. Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant I.T. Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant I.T. Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

286.   According to historical BKK Corp. records, Defendant ITT LLC and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant ITT LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

287.   According to historical BKK Corp. records, Defendant J.C. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant J.C. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant J.C. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

288.   Upon information and belief, Defendant JCI Environmental Services is the successor to J.C. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by J.C. Inc.  According to historical BKK Corp. records, J.C. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that J.C. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant JCI Environmental Services has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

1    289.    Upon information and belief, Defendant Jeld-Wen, Inc. is the

2    successor to Windowmaster Products and/or otherwise liable for manifested waste

3    that was contributed to the BKK Class I Facility by Windowmaster Products.

4    According to historical BKK Corp. records, Windowmaster Products contributed

5    manifested waste to the BKK Class I Facility. This manifested waste contained

6    Hazardous Substances that Windowmaster Products generated and/or arranged for

7    its disposal at the BKK Class I Facility. To date, Defendant Jeld-Wen, Inc. has not

8    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

9    incurred by the Plaintiffs at the BKK Class I Facility.

10    290.    Upon information and belief, Defendant Jenn Feng Industrial Tools

11    Co., Ltd. is the successor to McCulloch Corp. and/or otherwise liable for

12    manifested waste that was contributed to the BKK Class I Facility by McCulloch

13    Corp.  According to historical BKK Corp. records, McCulloch Corp. contributed

14    manifested waste to the BKK Class I Facility. This manifested waste contained

15    Hazardous Substances that McCulloch Corp. generated and/or arranged for its

16    disposal at the BKK Class I Facility. To date, Defendant Jenn Feng Industrial Tools

17    Co., Ltd. has not incurred any costs at the BKK Class I Facility nor has it paid its

18    fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19    291.    According to historical BKK Corp. records, Defendant Jerseymaid

20    Milk Products, Inc. (previously identified in this action as Jersey Maid Milk

21    Products Inc.) contributed manifested waste to the BKK Class I Facility.  This

22    manifested waste contained Hazardous Substances that Defendant Jerseymaid Milk

23    Products, Inc. generated and/or arranged for its disposal at the BKK Class I

24    Facility.  To date, Defendant Jerseymaid Milk Products, Inc. has not incurred any

25    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

26    the Plaintiffs at the BKK Class I Facility.

27    292.    According to historical BKK Corp. records, Defendant Johnson

28    Controls Inc. contributed manifested waste to the BKK Class I Facility.  This

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

manifested waste contained Hazardous Substances that Defendant Johnson Controls Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Johnson Controls Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

293.    According to historical BKK Corp. records, Defendant Johnston Pump Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Johnston Pump Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Johnston Pump Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

294.    According to historical BKK Corp. records, Defendant Jonathan Manufacturing Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Jonathan Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Jonathan Manufacturing Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

295.    According to historical BKK Corp. records, Defendant Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

296.    Upon information and belief, Defendant Joslyn Manufacturing Company, LLC is the successor to Joslyn Manufacturing & Supply Co. and/or

1  otherwise liable for manifested waste that was contributed to the BKK Class I
2  Facility by Joslyn Manufacturing & Supply Co.  According to historical BKK Corp.
3  records, Joslyn Manufacturing & Supply Co. contributed manifested waste to the
4  BKK Class I Facility. This manifested waste contained Hazardous Substances that
5  Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at
6  the BKK Class I Facility. To date, Defendant Joslyn Manufacturing Company, LLC
7  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
8  of costs incurred by the Plaintiffs at the BKK Class I Facility.

9      297.   According to historical BKK Corp. records, Defendant Kaiser Rollmet
10  Inc. contributed manifested waste to the BKK Class I Facility. This manifested
11  waste contained Hazardous Substances that Defendant Kaiser Rollmet Inc.
12  generated and/or arranged for its disposal at the BKK Class I Facility. To date,
13  Defendant Kaiser Rollmet Inc. has not incurred any costs at the BKK Class I
14  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
15  Class I Facility.

16      298.   According to historical BKK Corp. records, Defendant Kaynar
17  Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This
18  manifested waste contained Hazardous Substances that Defendant Kaynar
19  Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I
20  Facility. To date, Defendant Kaynar Manufacturing Co. has not incurred any costs
21  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
22  Plaintiffs at the BKK Class I Facility.

23      299.   According to historical BKK Corp. records, Defendant Keuffel &
24  Esser Co. contributed manifested waste to the BKK Class I Facility. This
25  manifested waste contained Hazardous Substances that Defendant Keuffel & Esser
26  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
27  Defendant Keuffel & Esser Co. has not incurred any costs at the BKK Class I
28  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

1   Class I Facility.

2        300.   According to historical BKK Corp. records, Defendant Kinder Morgan

3   Energy Partners, L.P. contributed manifested waste to the BKK Class I Facility.

4   This manifested waste contained Hazardous Substances that Defendant Kinder

5   Morgan Energy Partners, L.P. generated and/or arranged for its disposal at the BKK

6   Class I Facility.  To date, Defendant Kinder Morgan Energy Partners, L.P. has not

7   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

8   incurred by the Plaintiffs at the BKK Class I Facility.

9        301.   Upon information and belief, Defendant Kinder Morgan Energy

10  Partners, L.P. is the successor to Cal Nev Pipeline Co., GATX Terminals Corp.,

11  San Diego Pipeline Company (previously identified in this action and the related

12  action as San Diego Pipe Line Co.), Southern Pacific Pipe Lines, Inc. and/or

13  Tenneco Oil Co. and/or otherwise liable for manifested waste that was contributed

14  to the BKK Class I Facility by Cal Nev Pipeline Co., GATX Terminals Corp., San

15  Diego Pipeline Company, Southern Pacific Pipe Lines, Inc. and/or Tenneco Oil Co.

16  According to historical BKK Corp. records, Cal Nev Pipeline Co., GATX

17  Terminals Corp., San Diego Pipeline Company, Southern Pacific Pipe Lines, Inc.

18  and Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility.

19  This manifested waste contained Hazardous Substances that Cal Nev Pipeline Co.,

20  GATX Terminals Corp., San Diego Pipeline Company, Southern Pacific Pipe

21  Lines, Inc. and Tenneco Oil Co. generated and/or arranged for its disposal at the

22  BKK Class I Facility. To date, Defendant Kinder Morgan Energy Partners, L.P. has

23  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

24  costs incurred by the Plaintiffs at the BKK Class I Facility.

25       302.   Upon information and belief, Defendant Kinder Morgan Liquids

26  Terminals LLC is the successor to GATX Terminals Corp. and/or otherwise liable

27  for manifested waste that was contributed to the BKK Class I Facility by GATX

28  Terminals Corp.  According to historical BKK Corp. records, GATX Terminals

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX Terminals Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kinder Morgan Liquids Terminals LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

303.    Upon information and belief, Defendant King Resources, Inc. (previously identified in this action and the related action as Southern California Chemical [*aka* Southern California Chemicals]) is the successor to Southern California Chemical and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southern California Chemical. According to historical BKK Corp. records, Southern California Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southern California Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant King Resources, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

304.    According to historical BKK Corp. records, Defendant Knights J3, Inc. (previously identified in this action as and *fka* Pervo Paint Company) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pervo Paint Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Knights J3, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

305.    According to historical BKK Corp. records, Koch Fuels, Inc. (previously identified in this action and the related action as Koch Asphalt Co. Oil, and formerly having a division known as Koch Asphalt Co.) contributed manifested waste to the BKK Class I facility. This manifested waste contained Hazardous

1  Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the

2  BKK Class I Facility.  To date, Koch Fuels, Inc. has not incurred any response

3  costs at the BKK Class I Facility nor has it paid its fair share of response costs

4  incurred by the Plaintiffs at the BKK Class I Facility.

5  306.  Upon information and belief, Defendant Konica Photo Service U.S.A.,

6  Inc. is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested

7  waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc.

8  According to historical BKK Corp. records, Fotomat Labs Inc. contributed

9  manifested waste to the BKK Class I Facility. This manifested waste contained

10  Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its

11  disposal at the BKK Class I Facility. To date, Defendant Konica Photo Service

12  U.S.A., Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its

13  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14  307.  Upon information and belief, Defendant Korbel Capital LLC is the

15  successor to Davis Investment Co. and/or otherwise liable for manifested waste that

16  was contributed to the BKK Class I Facility by Davis Investment Co.  According to

17  historical BKK Corp. records, Davis Investment Co. contributed manifested waste

18  to the BKK Class I Facility. This manifested waste contained Hazardous

19  Substances that Davis Investment Co. generated and/or arranged for its disposal at

20  the BKK Class I Facility. To date, Defendant Korbel Capital LLC has not incurred

21  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

22  by the Plaintiffs at the BKK Class I Facility.

23  308.  Upon information and belief, Defendant Kraft Heinz Foods Company

24  is the successor to CHB Foods and/or Humko Products (previously identified in this

25  action and the related action as Humco Products) and/or otherwise liable for

26  manifested waste that was contributed to the BKK Class I Facility by CHB Foods

27  and/or Humko Products.  According to historical BKK Corp. records, CHB Foods

28  and Humko Products contributed manifested waste to the BKK Class I Facility.

This manifested waste contained Hazardous Substances that CHB Foods and Humko Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kraft Heinz Foods Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

309.   According to historical BKK Corp. records, Defendant Krazy Glue Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Krazy Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Krazy Glue Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

310.   According to historical BKK Corp. records, Defendant KSI Disc Products, Inc. (previously identified in this action and the related action as Knudsen Corp.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant KSI Disc Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant KSI Disc Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

311.   Upon information and belief, Defendant L.A. Gauge Company, Inc. (previously identified in this action and the related action as Los Angeles Gauge Co.) is the successor to L.A. Gauge Co., Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by L.A. Gauge Co., Inc. According to historical BKK Corp. records, L.A. Gauge Co., Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant L.A. Gauge Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant L.A. Gauge Company, Inc. has not incurred any costs at the BKK Class I Facility nor

1   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
2   Facility.

3       312.   Upon information and belief, Defendant Lanxess Corporation is the
4   successor to Purex Corp. and/or otherwise liable for manifested waste that was
5   contributed to the BKK Class I Facility by Purex Corp.  According to historical
6   BKK Corp. records, Purex Corp. contributed manifested waste to the BKK Class I
7   Facility. This manifested waste contained Hazardous Substances that Purex Corp.
8   generated and/or arranged for its disposal at the BKK Class I Facility. To date,
9   Defendant Lanxess Corporation has not incurred any costs at the BKK Class I
10  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
11  Class I Facility.

12      313.   According to historical BKK Corp. records, Defendant Less Hassle,
13  Inc. (previously identified in this action and the related action as and *fka* Old
14  Quaker Paint Co.) contributed manifested waste to the BKK Class I Facility. This
15  manifested waste contained Hazardous Substances that Old Quaker Paint Co.
16  generated and/or arranged for its disposal at the BKK Class I Facility. To date,
17  Defendant Less Hassle, Inc. has not incurred any costs at the BKK Class I Facility
18  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
19  Facility.

20      314.   According to historical BKK Corp. records, Defendant Liquid Waste
21  Management contributed manifested waste to the BKK Class I Facility. This
22  manifested waste contained Hazardous Substances that Defendant Liquid Waste
23  Management generated and/or arranged for its disposal at the BKK Class I Facility.
24  To date, Defendant Liquid Waste Management has not incurred any costs at the
25  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
26  at the BKK Class I Facility.

27      315.   Upon information and belief, Defendant Lisi Aerospace North
28  America, Inc. is the successor to Mercury Aerospace Fasteners and/or otherwise

1   liable for manifested waste that was contributed to the BKK Class I Facility by

2   Mercury Aerospace Fasteners.  According to historical BKK Corp. records,

3   Mercury Aerospace Fasteners contributed manifested waste to the BKK Class I

4   Facility. This manifested waste contained Hazardous Substances that Mercury

5   Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

6   Facility. To date, Defendant Lisi Aerospace North America, Inc. has not incurred

7   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

8   by the Plaintiffs at the BKK Class I Facility.

9       316.   According to historical BKK Corp. records, Defendant Lockhart

10  Industries contributed manifested waste to the BKK Class I Facility.  This

11  manifested waste contained Hazardous Substances that Defendant Lockhart

12  Industries generated and/or arranged for its disposal at the BKK Class I Facility.

13  To date, Defendant Lockhart Industries has not incurred any response costs at the

14  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16      317.   According to historical BKK Corp. records, Defendant Long Beach

17  Fabricators Inc. contributed manifested waste to the BKK Class I Facility. This

18  manifested waste contained Hazardous Substances that Defendant Long Beach

19  Fabricators Inc. generated and/or arranged for its disposal at the BKK Class I

20  Facility. To date, Defendant Long Beach Fabricators Inc. has not incurred any costs

21  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

22  Plaintiffs at the BKK Class I Facility.

23      318.   According to historical BKK Corp. records, Defendant Lonza Inc.

24  contributed manifested waste to the BKK Class I Facility. This manifested waste

25  contained Hazardous Substances that Defendant Lonza Inc. generated and/or

26  arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc.

27  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

28  of costs incurred by the Plaintiffs at the BKK Class I Facility.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

319.   Upon information and belief, Defendant Lonza Inc. is the successor to Cyclo Products, Inc. (previously identified in this action and the related action as Cyclo Chemical Co.), Balenco Enterprises and/or Pacific Anchor Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cyclo Products, Inc., Balenco Enterprises and/or Pacific Anchor Chemical Corp.  According to historical BKK Corp. records, Cyclo Products, Inc., Balenco Enterprises and Pacific Anchor Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cyclo Products, Inc., Balenco Enterprises and Pacific Anchor Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

320.   According to historical BKK Corp. records, Defendant Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lucky Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

321.   According to historical BKK Corp. records, Defendant Lumidor Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lumidor Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lumidor Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

322.   Upon information and belief, Defendant LTI Holdings, Inc. (dba Boyd Corporation) is the successor to Lockhart Industries and/or otherwise liable for

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

manifested waste that was contributed to the BKK Class I Facility by Lockhart Industries.  According to historical BKK Corp. records, Lockhart Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant LTI Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

323.   Upon information and belief, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco is the successor to Imco Services and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Imco Services. According to historical BKK Corp. records, Imco Services contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Imco Services generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

324.  According to historical BKK Corp. records, Defendant Mack Trucks Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Mack Trucks Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mack Trucks Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

325.   Upon information and belief, Defendant Maersk Line, Limited (MLL) is the successor to Sea Land Service Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sea Land Service Inc. According to historical BKK Corp. records, Sea Land Service Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sea Land Service Inc. generated and/or arranged for its

disposal at the BKK Class I Facility. To date, Defendant Maersk Line, Limited (MLL) has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

326.   Upon information and belief, Defendant Manhattan Beach Holding Corp. is the successor to Fairchild Industries and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fairchild Industries.  According to historical BKK Corp. records, Fairchild Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fairchild Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Manhattan Beach Holding Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

327.   According to historical BKK Corp. records, Defendant Marco Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Marco Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Marco Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

328.   Upon information and belief, Defendant Marcor Environmental, Inc. is the successor to Marcor Environmental West, Inc. (*aka* and/or previously identified in this action and the related action as Marco Chemical Co.) and/or Mechanical Asbestos Removal, Inc. (*aka* and/or previously identified in this action and the related action as Marco Chemical Co.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Marcor Environmental West, Inc. and/or Mechanical Asbestos Removal, Inc.  According to historical BKK Corp. records, Marcor Environmental West, Inc. and/or Mechanical Asbestos Removal, Inc. contributed manifested waste to the BKK Class I Facility. This manifested

1   waste contained Hazardous Substances that Marcor Environmental West, Inc.

2   and/or Mechanical Asbestos Removal, Inc. generated and/or arranged for its

3   disposal at the BKK Class I Facility. To date, Defendant Marcor Environmental,

4   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

5   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

6        329.   According to historical BKK Corp. records, Defendant Marten

7   Management Co. contributed manifested waste to the BKK Class I Facility. This

8   manifested waste contained Hazardous Substances that Defendant Marten

9   Management Co. generated and/or arranged for its disposal at the BKK Class I

10   Facility. To date, Defendant Marten Management Co. has not incurred any costs at

11   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

12   Plaintiffs at the BKK Class I Facility.

13        330.   Upon information and belief, Defendant Masco Corporation is the

14   successor to Standard Brands Paint Co. Inc. and/or otherwise liable for manifested

15   waste that was contributed to the BKK Class I Facility by Standard Brands Paint

16   Co. Inc.  According to historical BKK Corp. records, Standard Brands Paint Co.

17   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

18   waste contained Hazardous Substances that Standard Brands Paint Co. Inc.

19   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

20   Defendant Masco Corporation has not incurred any costs at the BKK Class I

21   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

22   Class I Facility.

23        331.   Upon information and belief, Defendant Mazda Motor of America,

24   Inc. is the successor to Mazda North America and/or otherwise liable for

25   manifested waste that was contributed to the BKK Class I Facility by Mazda North

26   America.  According to historical BKK Corp. records, Mazda North America

27   contributed manifested waste to the BKK Class I Facility. This manifested waste

28   contained Hazardous Substances that Mazda North America generated and/or

arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda Motor of America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

332.   According to historical BKK Corp. records, Defendant Mazda North America contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Mazda North America generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Mazda North America has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

333.   According to historical BKK Corp. records, Defendant MCA Laboratories contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant MCA Laboratories generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MCA Laboratories has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

334.   According to historical BKK Corp. records, Defendant McCulloch Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant McCulloch Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant McCulloch Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

335.   According to historical BKK Corp. records, Defendant McKay Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant McKay

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Chemical Co. generated and/or arranged for its disposal at the BKK Class I

2   Facility. To date, Defendant McKay Chemical Co. has not incurred any costs at the

3   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

4   at the BKK Class I Facility.

5       336.   Upon information and belief, Defendant Mead Johnson & Company is

6   the successor to Drackett Co. and/or otherwise liable for manifested waste that was

7   contributed to the BKK Class I Facility by Drackett Co.  According to historical

8   BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I

9   Facility. This manifested waste contained Hazardous Substances that Drackett Co.

10  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

11  Defendant Mead Johnson & Company has not incurred any costs at the BKK Class

12  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13  Class I Facility.

14      337.   Upon information and belief, Defendant Merchants Metals LLC is the

15  successor to Anchor Post Products Inc. and/or otherwise liable for manifested waste

16  that was contributed to the BKK Class I Facility by Anchor Post Products Inc.

17  According to historical BKK Corp. records, Anchor Post Products Inc. contributed

18  manifested waste to the BKK Class I Facility. This manifested waste contained

19  Hazardous Substances that Anchor Post Products Inc. generated and/or arranged for

20  its disposal at the BKK Class I Facility. To date, Defendant Merchants Metals LLC

21  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

22  of costs incurred by the Plaintiffs at the BKK Class I Facility.

23      338.   Upon information and belief, Defendant Mercury Aerospace Inc. is the

24  successor to Mercury Aerospace Fasteners and/or otherwise liable for manifested

25  waste that was contributed to the BKK Class I Facility by Mercury Aerospace

26  Fasteners.  According to historical BKK Corp. records, Mercury Aerospace

27  Fasteners contributed manifested waste to the BKK Class I Facility. This

28  manifested waste contained Hazardous Substances that Mercury Aerospace

1    Fasteners generated and/or arranged for its disposal at the BKK Class I Facility. To

2    date, Defendant Mercury Aerospace Inc. has not incurred any costs at the BKK

3    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

4    BKK Class I Facility.

5         339.   According to historical BKK Corp. records, Defendant Mercury

6    Aerospace Fasteners contributed manifested waste to the BKK Class I Facility.

7    This manifested waste contained Hazardous Substances that Defendant Mercury

8    Aerospace Fasteners generated and/or arranged for its disposal at the BKK Class I

9    Facility.  To date, Defendant Mercury Aerospace Fasteners has not incurred any

10   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

11   the Plaintiffs at the BKK Class I Facility.

12        340.   According to historical BKK Corp. records, Defendant Merel Co. Inc.

13   contributed manifested waste to the BKK Class I Facility.  This manifested waste

14   contained Hazardous Substances that Defendant Merel Co. Inc. generated and/or

15   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Merel Co.

16   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

17   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18        341.   According to historical BKK Corp. records, Defendant Metal Box Can

19   contributed manifested waste to the BKK Class I Facility.  This manifested waste

20   contained Hazardous Substances that Defendant Metal Box Can generated and/or

21   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Metal

22   Box Can has not incurred any costs at the BKK Class I Facility nor has it paid its

23   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24        342.   According to historical BKK Corp. records, Defendant MGF

25   Industries contributed manifested waste to the BKK Class I Facility. This

26   manifested waste contained Hazardous Substances that Defendant MGF Industries

27   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28   Defendant MGF Industries has not incurred any costs at the BKK Class I Facility

1  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2  Facility.

3      343.  Upon information and belief, Defendant Mission Systems Davenport

4  Inc. is the successor to Sargent Fletcher Inc. and/or otherwise liable for manifested

5  waste that was contributed to the BKK Class I Facility by Sargent Fletcher Inc.

6  According to historical BKK Corp. records, Sargent Fletcher Inc. contributed

7  manifested waste to the BKK Class I Facility. This manifested waste contained

8  Hazardous Substances that Sargent Fletcher Inc. generated and/or arranged for its

9  disposal at the BKK Class I Facility. To date, Defendant Mission Systems

10  Davenport Inc. has not incurred any costs at the BKK Class I Facility nor has it

11  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12      344.  According to historical BKK Corp. records, Defendant

13  Monogram/Peacock Manufacturing contributed manifested waste to the BKK Class

14  I Facility.  This manifested waste contained Hazardous Substances that Defendant

15  Monogram/Peacock Manufacturing generated and/or arranged for its disposal at the

16  BKK Class I Facility.  To date, Defendant Monogram/Peacock Manufacturing has

17  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

18  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

19      345.  Upon information and belief, Defendant Mosaic Global Holdings Inc.

20  is the successor to Petro Lewis Corp. and/or otherwise liable for manifested waste

21  that was contributed to the BKK Class I Facility by Petro Lewis Corp.  According

22  to historical BKK Corp. records, Petro Lewis Corp. contributed manifested waste to

23  the BKK Class I Facility. This manifested waste contained Hazardous Substances

24  that Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class

25  I Facility. To date, Defendant Mosaic Global Holdings Inc. has not incurred any

26  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

27  the Plaintiffs at the BKK Class I Facility.

28      346.  Upon information and belief, Defendant Mr. Gasket Company is the

121

successor to Cragar Industries and/or Peat Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cragar Industries and/or Peat Manufacturing Co.  According to historical BKK Corp. records, Cragar Industries and/or Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cragar Industries and/or Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mr. Gasket Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

347.   Upon information and belief, Defendant MRC Holdings, Inc. is the successor to American Can Company and/or U.S. Reduction Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company and/or U.S. Reduction Co.  According to historical BKK Corp. records, American Can Company and U.S. Reduction Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company and U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MRC Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

348.   According to historical BKK Corp. records, Narco Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Narco Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Narco Chemical has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

349.   Upon information and belief, Narco Corporation is the successor to

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Narco Chemical and/or otherwise liable for manifested waste that was contributed
2   to the BKK Class I Facility by Narco Chemical.  According to historical BKK
3   Corp. records, Defendant Narco Chemical contributed manifested waste to the
4   BKK Class I Facility. This manifested waste contained Hazardous Substances that
5   Defendant Narco Chemical generated and/or arranged for its disposal at the BKK
6   Class I Facility. To date, Defendant Narco Corporation has not incurred any costs at
7   the BKK Class I Facility nor has it paid its fair share of costs incurred by the
8   Plaintiffs at the BKK Class I Facility.

9        350.   According to historical BKK Corp. records, Defendant Narmco
10  Materials Inc. contributed manifested waste to the BKK Class I Facility. This
11  manifested waste contained Hazardous Substances that Defendant Narmco
12  Materials Inc. generated and/or arranged for its disposal at the BKK Class I
13  Facility. To date, Defendant Narmco Materials Inc. has not incurred any costs at the
14  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
15  at the BKK Class I Facility.

16       351.   Upon information and belief, Defendant NavCom Defense Electronics,
17  Inc. is the successor to Hoffman Electronics and/or otherwise liable for manifested
18  waste that was contributed to the BKK Class I Facility by Hoffman Electronics.
19  According to historical BKK Corp. records, Hoffman Electronics contributed
20  manifested waste to the BKK Class I Facility. This manifested waste contained
21  Hazardous Substances that Hoffman Electronics generated and/or arranged for its
22  disposal at the BKK Class I Facility. To date, Defendant NavCom Defense
23  Electronics, Inc. has not incurred any costs at the BKK Class I Facility nor has it
24  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25       352.   Upon information and belief, Defendant NEC Liquidation Corp.
26  (previously identified in this action as GWB (US), Inc.) is the successor to
27  Networks Electronic and/or otherwise liable for manifested waste that was
28  contributed to the BKK Class I Facility by Networks Electronic.  According to

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    historical BKK Corp. records, Networks Electronic contributed manifested waste to

2    the BKK Class I Facility. This manifested waste contained Hazardous Substances

3    that Networks Electronic generated and/or arranged for its disposal at the BKK

4    Class I Facility. To date, Defendant NEC Liquidation Corp. has not incurred any

5    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

6    the Plaintiffs at the BKK Class I Facility.

7        353.   Upon information and belief, Defendant New Bristol Farms, Inc. is the

8    successor to Gold-Pak International, Inc. (previously identified in this action and

9    the related action as Gold Pack Meat Co.) and/or otherwise liable for manifested

10   waste that was contributed to the BKK Class I Facility by Gold-Pak International,

11   Inc.  According to historical BKK Corp. records, Gold-Pak International, Inc.

12   contributed manifested waste to the BKK Class I Facility. This manifested waste

13   contained Hazardous Substances that Gold-Pak International, Inc. generated and/or

14   arranged for its disposal at the BKK Class I Facility. To date, Defendant New

15   Bristol Farms, Inc. has not incurred any costs at the BKK Class I Facility nor has it

16   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

17       354.   According to historical BKK Corp. records, Defendant New Fashion

18   Cleaners contributed manifested waste to the BKK Class I Facility. This manifested

19   waste contained Hazardous Substances that Defendant New Fashion Cleaners

20   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

21   Defendant New Fashion Cleaners has not incurred any costs at the BKK Class I

22   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

23   Class I Facility.

24       355.   According to historical BKK Corp. records, Defendant Nippondenso

25   of Los Angeles contributed manifested waste to the BKK Class I Facility. This

26   manifested waste contained Hazardous Substances that Defendant Nippondenso of

27   Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility.

28   To date, Defendant Nippondenso of Los Angeles has not incurred any costs at the

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

2  at the BKK Class I Facility.

3      356.   According to historical BKK Corp. records, Defendant North

4  American Car Corp. contributed manifested waste to the BKK Class I Facility.

5  This manifested waste contained Hazardous Substances that Defendant North

6  American Car Corp. generated and/or arranged for its disposal at the BKK Class I

7  Facility.  To date, Defendant North American Car Corp. has not incurred any costs

8  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

9  Plaintiffs at the BKK Class I Facility.

10     357.   According to historical BKK Corp. records, Defendant North

11 American Environmental contributed manifested waste to the BKK Class I Facility.

12 This manifested waste contained Hazardous Substances that Defendant North

13 American Environmental generated and/or arranged for its disposal at the BKK

14 Class I Facility.  To date, Defendant North American Environmental has not

15 incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

16 incurred by the Plaintiffs at the BKK Class I Facility.

17     358.   Upon information and belief, Defendant Novartis Corp. is the

18 successor to Panel Air Corp., M&T Chemicals, Furane Products Company, and/or

19 Deco Manufacturing and/or otherwise liable for manifested waste that was

20 contributed to the BKK Class I Facility by Panel Air Corp, M&T Chemicals,

21 Furane Products Company and Deco Manufacturing.  According to historical BKK

22 Corp. records, Panel Air Corp., M&T Chemicals, Furane Products Company and

23 Deco Manufacturing contributed manifested waste to the BKK Class I Facility.

24 This manifested waste contained Hazardous Substances that Panel Air Corp., M&T

25 Chemicals, Furane Products Company and Deco Manufacturing generated and/or

26 arranged for its disposal at the BKK Class I Facility. To date, Defendant Novartis

27 Corp. has not incurred any response costs at the BKK Class I Facility nor has it

28 paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1 | Facility.

2 |      359.   According to historical BKK Corp. records, Defendant Orange County

3 | Sanitation District contributed manifested waste to the BKK Class I Facility. This

4 | manifested waste contained Hazardous Substances that Defendant Orange County

5 | Sanitation District generated and/or arranged for its disposal at the BKK Class I

6 | Facility. To date, Defendant Orange County Sanitation District has not incurred any

7 | costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

8 | the Plaintiffs at the BKK Class I Facility.

9 |      360.   According to historical BKK Corp. records, Defendant Pacific Anchor

10 | Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

11 | manifested waste contained Hazardous Substances that Defendant Pacific Anchor

12 | Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

13 | Facility. To date, Defendant Pacific Anchor Chemical Corp. has not incurred any

14 | costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

15 | the Plaintiffs at the BKK Class I Facility.

16 |      361.   According to historical BKK Corp. records, Defendant Pacific

17 | Intermountain Express contributed manifested waste to the BKK Class I Facility.

18 | This manifested waste contained Hazardous Substances that Defendant Pacific

19 | Intermountain Express generated and/or arranged for its disposal at the BKK Class

20 | I Facility. To date, Defendant Pacific Intermountain Express has not incurred any

21 | costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22 | the Plaintiffs at the BKK Class I Facility.

23 |      362.   According to historical BKK Corp. records, Defendant Pacific

24 | Southwest Airlines contributed manifested waste to the BKK Class I Facility. This

25 | manifested waste contained Hazardous Substances that Defendant Pacific

26 | Southwest Airlines generated and/or arranged for its disposal at the BKK Class I

27 | Facility. To date, Defendant Pacific Southwest Airlines has not incurred any costs

28 | at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

1   Plaintiffs at the BKK Class I Facility.

2       363.   According to historical BKK Corp. records, Defendant Packaging

3   Corp. of America contributed manifested waste to the BKK Class I Facility. This

4   manifested waste contained Hazardous Substances that Defendant Packaging Corp.

5   of America generated and/or arranged for its disposal at the BKK Class I Facility.

6   To date, Defendant Packaging Corp. of America has not incurred any costs at the

7   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

8   at the BKK Class I Facility.

9       364.   According to historical BKK Corp. records, Defendant Pactiv LLC

10  and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the

11  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

12  Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or

13  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv

14  LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair

15  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16      365.   According to historical BKK Corp. records, Defendant Paint &

17  Coatings Corp. contributed manifested waste to the BKK Class I Facility. This

18  manifested waste contained Hazardous Substances that Defendant Paint & Coatings

19  Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

20  date, Defendant Paint & Coatings Corp. has not incurred any costs at the BKK

21  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

22  BKK Class I Facility.

23      366.   According to historical BKK Corp. records, Defendant Panel Air Corp.

24  contributed manifested waste to the BKK Class I Facility.  This manifested waste

25  contained Hazardous Substances that Defendant Panel Air Corp. generated and/or

26  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Panel Air

27  Corp. has not incurred any response costs at the BKK Class I Facility nor has it

28  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

Facility.

367.   Upon information and belief, Defendant Parsons Corporation is the successor to Ralph M. Parsons Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Ralph M. Parsons Co.  According to historical BKK Corp. records, Ralph M. Parsons Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Ralph M. Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Parsons Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

368.   According to historical BKK Corp. records, Defendant Pauley Petroleum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pauley Petroleum Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pauley Petroleum Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

369.   Upon information and belief, Defendant PCC Flow Technologies Holdings, Inc. is the successor to Johnston Pump Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Johnston Pump Co.  According to historical BKK Corp. records, Johnston Pump Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Johnston Pump Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PCC Flow Technologies Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

370.   Upon information and belief, Defendant PCC Rollmet, Inc. is the

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

successor to Kaiser Rollmet Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaiser Rollmet Inc. According to historical BKK Corp. records, Kaiser Rollmet Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PCC Rollmet, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

371.   According to historical BKK Corp. records, Defendant Peairs Engineers contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peairs Engineers generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peairs Engineers has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

372.   According to historical BKK Corp. records, Defendant Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peat Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

373.   Upon information and belief, Defendant Pervo International, Inc. is the successor to Pervo Paint Company (later known as Knights J3, Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pervo Paint Company. According to historical BKK Corp. records, Pervo Paint Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pervo Paint Company

generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pervo International, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

374.   According to historical BKK Corp. records, Defendant Petro Lewis Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Petro Lewis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

375.   According to historical BKK Corp. records, Defendant PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PGP Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

376.   Upon information and belief, Defendant Pioneer Electronics (USA) Inc. is the successor to MCA Laboratories and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by MCA Laboratories. According to historical BKK Corp. records, MCA Laboratories contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that MCA Laboratories generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pioneer Electronics (USA) Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

377.   According to historical BKK Corp. records, Defendant Pillsbury Co.

contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

378.   Upon information and belief, Defendant PRC–DeSoto International Inc. is the successor to International Polymer Corp. and/or Products Research & Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by International Polymer Corp. and/or Products Research & Chemical Corp.  According to historical BKK Corp. records, International Polymer Corp. and Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that International Polymer Corp. and Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PRC–DeSoto International Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

379.   According to historical BKK Corp. records, Defendant Pre Delivery Service contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pre Delivery Service generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pre Delivery Service has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

380.   Upon information and belief, Defendant Precision Castparts Corp. is the successor to Reisner Metals and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Reisner Metals.  According to historical BKK Corp. records, Reisner Metals contributed manifested waste to the

131

BKK Class I Facility. This manifested waste contained Hazardous Substances that Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Precision Castparts Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

381.    Upon information and belief, Defendant Presstek, LLC is the successor to A.B. Dick Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by A.B. Dick Co.  According to historical BKK Corp. records, A.B. Dick Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that A.B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Presstek, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

382.    According to historical BKK Corp. records, Defendant Price Pfister *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Price Pfister *nka* Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Price Pfister *nka* Pfister has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

383.    Upon information and belief, Defendant Printed Circuits, Inc. is the successor to Electro-Etch Circuits Inc. (previously identified in this action and the related action as Electrotech Circuits Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electro-Etch Circuits Inc. According to historical BKK Corp. records, Electro-Etch Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electro-Etch Circuits Inc. generated and/or arranged for

1  its disposal at the BKK Class I Facility. To date, Defendant Printed Circuits, Inc.
2  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
3  of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      384.   According to historical BKK Corp. records, Defendant Products
5  Research & Chemical Corp. contributed manifested waste to the BKK Class I
6  Facility. This manifested waste contained Hazardous Substances that Defendant
7  Products Research & Chemical Corp. generated and/or arranged for its disposal at
8  the BKK Class I Facility. To date, Defendant Products Research & Chemical Corp.
9  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
10 of costs incurred by the Plaintiffs at the BKK Class I Facility.

11     385.   According to historical BKK Corp. records, Defendant Proto Tool
12 contributed manifested waste to the BKK Class I Facility. This manifested waste
13 contained Hazardous Substances that Defendant Proto Tool generated and/or
14 arranged for its disposal at the BKK Class I Facility. To date, Defendant Proto Tool
15 has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
16 of costs incurred by the Plaintiffs at the BKK Class I Facility.

17     386.   Upon information and belief, Defendant Pure Source LLC is the
18 successor to Cal Chem Cleaning Co. and/or otherwise liable for manifested waste
19 that was contributed to the BKK Class I Facility by Cal Chem Cleaning Co.
20 According to historical BKK Corp. records, Cal Chem Cleaning Co. contributed
21 manifested waste to the BKK Class I Facility. This manifested waste contained
22 Hazardous Substances that Cal Chem Cleaning Co. generated and/or arranged for
23 its disposal at the BKK Class I Facility. To date, Defendant Pure Source LLC has
24 not incurred any costs at the BKK Class I Facility nor has it paid its fair share of
25 costs incurred by the Plaintiffs at the BKK Class I Facility.

26     387.   According to historical BKK Corp. records, Defendant Purex Corp.
27 contributed manifested waste to the BKK Class I Facility. This manifested waste
28 contained Hazardous Substances that Defendant Purex Corp. generated and/or

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

388.   Upon information and belief, Defendant Purex Industries, Inc. is the successor to T.P. Industrial Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by T.P. Industrial Inc.  According to historical BKK Corp. records, T.P. Industrial Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

389.   According to historical BKK Corp. records, Pyrotronics Corporation (previously identified in this action and the related action as Apollo Manufacturing Co., and formerly having a division known as Apollo Manufacturing) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pyrotronics Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pyrotronics Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

390.   Upon information and belief, Defendant Qarbon Aerospace Inc. is the successor to Vought Aircraft Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Vought Aircraft Industries Inc.  According to historical BKK Corp. records, Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

134

1    Defendant Qarbon Aerospace Inc. has not incurred any costs at the BKK Class I
2    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
3    Class I Facility.

4         391.   According to historical BKK Corp. records, Defendant Ralph M.
5    Parsons Co. contributed manifested waste to the BKK Class I Facility. This
6    manifested waste contained Hazardous Substances that Defendant Ralph M.
7    Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility.
8    To date, Defendant Ralph M. Parsons Co. has not incurred any costs at the BKK
9    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
10   BKK Class I Facility.

11        392.   Upon information and belief, Defendant RB&W Manufacturing LLC
12   (previously identified in this action as RB&W Corp.) is the successor to Russell
13   Burdsall & Ward Inc. and/or otherwise liable for manifested waste that was
14   contributed to the BKK Class I Facility by Russell Burdsall & Ward Inc.
15   According to historical BKK Corp. records, Russell Burdsall & Ward Inc.
16   contributed manifested waste to the BKK Class I Facility. This manifested waste
17   contained Hazardous Substances that Russell Burdsall & Ward Inc. generated
18   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
19   RB&W Manufacturing LLC has not incurred any costs at the BKK Class I Facility
20   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
21   Facility.

22        393.   Upon information and belief, Defendant Recology Los Angeles is the
23   successor to Crown Disposal Inc. and/or is otherwise liable for manifested waste
24   that was contributed to the BKK Class I Facility by Crown Disposal Inc.
25   According to historical BKK Corp. records, Crown Disposal Inc. contributed
26   manifested waste to the BKK Class I Facility. This manifested waste contained
27   Hazardous Substances that Crown Disposal Inc. generated and/or arranged for its
28   disposal at the BKK Class I Facility. To date, Defendant Recology Los Angeles has

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

2  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3       394.   According to historical BKK Corp. records, Defendant Redken

4  Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This

5  manifested waste contained Hazardous Substances that Defendant Redken

6  Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I

7  Facility. To date, Defendant Redken Laboratories Inc. has not incurred any costs at

8  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

9  Plaintiffs at the BKK Class I Facility.

10      395.   According to historical BKK Corp. records, Defendant Reisner Metals

11  contributed manifested waste to the BKK Class I Facility. This manifested waste

12  contained Hazardous Substances that Defendant Reisner Metals generated and/or

13  arranged for its disposal at the BKK Class I Facility. To date, Defendant Reisner

14  Metals has not incurred any costs at the BKK Class I Facility nor has it paid its fair

15  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16      396.   According to historical BKK Corp. records, Defendant Replacement

17  Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This

18  manifested waste contained Hazardous Substances that Defendant Replacement

19  Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I

20  Facility. To date, Defendant Replacement Parts Manufacturing has not incurred any

21  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22  the Plaintiffs at the BKK Class I Facility.

23      397.   According to historical BKK Corp. records, Defendant Rexam

24  Beverage Can Company contributed manifested waste to the BKK Class I Facility.

25  This manifested waste contained Hazardous Substances that Defendant Rexam

26  Beverage Can Company generated and/or arranged for its disposal at the BKK

27  Class I Facility.  To date, Defendant Rexam Beverage Can Company has not

28  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

1    incurred by the Plaintiffs at the BKK Class I Facility.

2        398.   According to historical BKK Corp. records, Defendant Richardson &

3    Holland contributed manifested waste to the BKK Class I Facility.  This manifested

4    waste contained Hazardous Substances that Defendant Richardson & Holland

5    generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

6    Defendant Richardson & Holland has not incurred any response costs at the BKK

7    Class I Facility nor has it paid its fair share of response costs incurred by the

8    Plaintiffs at the BKK Class I Facility.

9        399.   According to historical BKK Corp. records, Defendant Ricoh

10    Electronics, Inc. contributed manifested waste to the BKK Class I Facility.  This

11    manifested waste contained Hazardous Substances that Defendant Ricoh

12    Electronics, Inc. generated and/or arranged for its disposal at the BKK Class I

13    Facility.  To date, Defendant Ricoh Electronics, Inc. has not incurred any costs at

14    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

15    Plaintiffs at the BKK Class I Facility.

16        400.   Upon information and belief, Defendant Ricoh Printing Systems

17    America Inc. is the successor to Data Products Corp. and/or otherwise liable for

18    manifested waste that was contributed to the BKK Class I Facility by Data Products

19    Corp.  According to historical BKK Corp. records, Data Products Corp. contributed

20    manifested waste to the BKK Class I Facility. This manifested waste contained

21    Hazardous Substances that Data Products Corp. generated and/or arranged for its

22    disposal at the BKK Class I Facility. To date, Defendant Ricoh Printing Systems

23    America Inc. has not incurred any response costs at the BKK Class I Facility nor

24    has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

25    Class I Facility.

26        401.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the

27    successor to American Can Company, U.S. Borax & Chemical Corp. and/or U.S.

28    Reduction Co. and/or otherwise liable for manifested waste that was contributed to

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    the BKK Class I Facility by American Can Company, U.S. Borax & Chemical

2    Corp. and/or U.S. Reduction Co.  According to historical BKK Corp. records,

3    American Can Company, U.S. Borax & Chemical Corp. and U.S. Reduction Co.

4    contributed manifested waste to the BKK Class I Facility. This manifested waste

5    contained Hazardous Substances that American Can Company, U.S. Borax and

6    Chemical Corp. and U.S. Reduction Co. generated and/or arranged for its disposal

7    at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc. has not

8    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

9    incurred by the Plaintiffs at the BKK Class I Facility.

10          402.   According to historical BKK Corp. records, Defendant Riverside

11   Cement Co. contributed manifested waste to the BKK Class I Facility. This

12   manifested waste contained Hazardous Substances that Defendant Riverside

13   Cement Co. generated and/or arranged for its disposal at the BKK Class I Facility.

14   To date, Defendant Riverside Cement Co. has not incurred any costs at the BKK

15   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

16   BKK Class I Facility.

17          403.   According to historical BKK Corp. records, Defendant Robert

18   Manufacturing Company (previously identified in this action and the related action

19   as Roberts Manufacturing Co.) contributed manifested waste to the BKK Class I

20   Facility. This manifested waste contained Hazardous Substances that Defendant

21   Robert Manufacturing Company generated and/or arranged for its disposal at the

22   BKK Class I Facility. To date, Defendant Robert Manufacturing Company has not

23   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

24   incurred by the Plaintiffs at the BKK Class I Facility.

25          404.   Upon information and belief, Defendant Roller Bearing Company of

26   America, Inc. is the successor to Sargent Industries and/or otherwise liable for

27   manifested waste that was contributed to the BKK Class I Facility by Sargent

28   Industries.  According to historical BKK Corp. records, Sargent Industries

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Roller Bearing Company of America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

405.   According to historical BKK Corp. records, Defendant Royal Aluminum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Royal Aluminum Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Royal Aluminum Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

406.   According to historical BKK Corp. records, Defendant Russell Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Russell Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Russell Burdsall & Ward Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

407.   Upon information and belief, Defendant S.C. Johnson & Son, Inc. is the successor to Drackett Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Drackett Co.  According to historical BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant S.C. Johnson & Son, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Class I Facility.

2    408.    According to historical BKK Corp. records, Defendant Safeway Stores

3    Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

4    waste contained Hazardous Substances that Defendant Safeway Stores Inc.

5    generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

6    Defendant Safeway Stores Inc. has not incurred any costs at the BKK Class I

7    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8    Class I Facility.

9    409.    Upon information and belief, Defendant Safran Seats USA LLC is the

10    successor to Weber Aircraft and/or otherwise liable for manifested waste that was

11    contributed to the BKK Class I Facility by Weber Aircraft.  According to historical

12    BKK Corp. records, Weber Aircraft contributed manifested waste to the BKK Class

13    I Facility. This manifested waste contained Hazardous Substances that Weber

14    Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To

15    date, Defendant Safran Seats USA LLC has not incurred any costs at the BKK

16    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

17    BKK Class I Facility.

18    410.    According to historical BKK Corp. records, Defendant San Diego

19    Pipeline Company (previously identified in this action and the related action as San

20    Diego Pipe Line Co.) contributed manifested waste to the BKK Class I Facility.

21    This manifested waste contained Hazardous Substances that Defendant San Diego

22    Pipeline Company generated and/or arranged for its disposal at the BKK Class I

23    Facility. To date, Defendant San Diego Pipeline Company has not incurred any

24    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

25    the Plaintiffs at the BKK Class I Facility.

26    411.    According to historical BKK Corp. records, Defendant Sandia Metal

27    Process, Inc. contributed manifested waste to the BKK Class I Facility.  This

28    manifested waste contained Hazardous Substances that Defendant Sandia Metal

140

Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

412.    According to historical BKK Corp. records, Defendant Sargent Fletcher Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Fletcher Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Fletcher Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

413.    According to historical BKK Corp. records, Defendant Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

414.    Upon information and belief, Defendant Schlumberger, Ltd. is the successor to Joy Petroleum Equipment and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Joy Petroleum Equipment. According to historical BKK Corp. records, Joy Petroleum Equipment contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Joy Petroleum Equipment generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger, Ltd. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

415.    Upon information and belief, Defendant Schlumberger N.V. is the

1   successor to Fairchild Semiconductor International, Inc. and Xtra Energy and/or

2   otherwise liable for manifested waste that was contributed to the BKK Class I

3   Facility by Fairchild Semiconductor International, Inc. and Xtra Energy.  According

4   to historical BKK Corp. records, Fairchild Semiconductor International, Inc. and

5   Xtra Energy contributed manifested waste to the BKK Class I Facility. This

6   manifested waste contained Hazardous Substances that Fairchild Semiconductor

7   International, Inc. and Xtra Energy generated and/or arranged for its disposal at the

8   BKK Class I Facility. To date, Defendant Schlumberger N.V. has not incurred any

9   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

10  the Plaintiffs at the BKK Class I Facility.

11        416.    According to historical BKK Corp. records, Defendant Sea Land

12  Service Inc. contributed manifested waste to the BKK Class I Facility. This

13  manifested waste contained Hazardous Substances that Defendant Sea Land Service

14  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

15  Defendant Sea Land Service Inc. has not incurred any costs at the BKK Class I

16  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18        417.    Upon information and belief, Defendant SemGroup Corporation is the

19  successor to Koch Fuels, Inc. (previously identified in this action and the related

20  action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that

21  was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to

22  historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the

23  BKK Class I Facility. This manifested waste contained Hazardous Substances that

24  Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I

25  Facility. To date, Defendant SemGroup Corporation has not incurred any costs at

26  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

27  Plaintiffs at the BKK Class I Facility.

28

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

418.    Upon information and belief, Defendant Shared Technologies Fairchild Telecom, Inc. is the successor to VSI Corporation (previously identified in this action and the related action as Voi Shan, and formerly having a division known as Voi Shan) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by VSI Corporation.  According to historical BKK Corp. records, VSI Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that VSI Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Shared Technologies Fairchild Telecom, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

419.    According to historical BKK Corp. records, Defendant Shuwa Investments Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Shuwa Investments Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

420.    According to historical BKK Corp. records, Defendant Sierra Pacific Container Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sierra Pacific Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sierra Pacific Container Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

421.    According to historical BKK Corp. records, Defendant Smith & Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Smith & Co. generated and/or

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &

2  Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

3  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      422.   Upon information and belief, Defendant Somacis Inc. is the successor

5  to Hallmark Circuits Inc. and/or otherwise liable for manifested waste that was

6  contributed to the BKK Class I Facility by Hallmark Circuits Inc.  According to

7  historical BKK Corp. records, Hallmark Circuits Inc. contributed manifested waste

8  to the BKK Class I Facility. This manifested waste contained Hazardous

9  Substances that Hallmark Circuits Inc. generated and/or arranged for its disposal at

10  the BKK Class I Facility. To date, Defendant Somacis Inc. has not incurred any

11  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

12  the Plaintiffs at the BKK Class I Facility.

13      423.   Upon information and belief, Defendant Sony Pictures Entertainment

14  Inc. is the successor to Columbia Pictures and/or otherwise liable for manifested

15  waste that was contributed to the BKK Class I Facility by Columbia Pictures.

16  According to historical BKK Corp. records, Columbia Pictures contributed

17  manifested waste to the BKK Class I Facility. This manifested waste contained

18  Hazardous Substances that Columbia Pictures generated and/or arranged for its

19  disposal at the BKK Class I Facility. To date, Defendant Sony Pictures

20  Entertainment Inc. has not incurred any costs at the BKK Class I Facility nor has it

21  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

22      424.   According to historical BKK Corp. records, Defendant South West

23  Forest Products contributed manifested waste to the BKK Class I Facility. This

24  manifested waste contained Hazardous Substances that Defendant South West

25  Forest Products generated and/or arranged for its disposal at the BKK Class I

26  Facility. To date, Defendant South West Forest Products has not incurred any costs

27  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

28  Plaintiffs at the BKK Class I Facility.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

425.    According to historical BKK Corp. records, Defendant Southern Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southern Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southern Pacific Pipe Lines, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

426.    According to historical BKK Corp. records, Defendant Southern Service Company (previously identified in this action and the related action as Blue Seal Linen Supply and also formerly dba Blue Seal Linen Supply) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Southern Service Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Southern Service Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

427.    According to historical BKK Corp. records, Defendant Southwest Forest Products, Inc. (previously identified in this action and the related action as South West Forest Products) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwest Forest Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwest Forest Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

428.    According to historical BKK Corp. records, Defendant Southwest Petro Chemical contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Southwest Petro Chemical generated and/or arranged for its disposal at the BKK Class I Facility.  To

date, Defendant Southwest Petro Chemical has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

429.    According to historical BKK Corp. records, Defendant Southwest Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwest Steel Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwest Steel Rolling Mills has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

430.    According to historical BKK Corp. records, Defendant Southwestern Engineering contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwestern Engineering generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwestern Engineering has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

431.    According to historical BKK Corp. records, Defendant Standard Brands Paint Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Standard Brands Paint Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Standard Brands Paint Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

432.    According to historical BKK Corp. records, Defendant Standard Industrial Towel & Uniform contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Standard Industrial Towel & Uniform generated and/or arranged for its disposal at

the BKK Class I Facility. To date, Defendant Standard Industrial Towel & Uniform has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

433.   Upon information and belief, Defendant Standard Industries, Inc. (previously identified in this action as and *fka* Standard Industries Holdings, Inc.) is the successor to Marco Chemical Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Marco Chemical Co. According to historical BKK Corp. records, Marco Chemical Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Marco Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Standard Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

434.   Upon information and belief, Defendant Standard Motor Products, Inc. is the successor to Cali-Blok and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cali-Blok.  According to historical BKK Corp. records, Cali-Blok contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cali-Blok generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Standard Motor Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

435.   Upon information and belief, Defendant Stanley Black & Decker, Inc. is the successor to Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker, Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing Co. and/or Stanley Home Products and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker,

Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing Co. and/or Stanley Home Products. According to historical BKK Corp. records, Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker, Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing Co. and Stanley Home Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Emhart Industries, Inc., American Tool & Engineering Corp., Black & Decker, Price Pfister *nka* Pfister, Proto Tool, Halstead Enterprises, Lumidor Manufacturing and Stanley Home Products each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Stanley Black & Decker, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

436.   According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Structural Composite Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

437.   According to historical BKK Corp. records, Defendant Sweco, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sweco, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sweco, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

438.   Upon information and belief, Defendant Sweco, Inc. is the successor to Southwestern Engineering and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwestern Engineering. According

to historical BKK Corp. records, Southwestern Engineering contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southwestern Engineering generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sweco, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

439.   According to historical BKK Corp. records, Defendant T.P. Industrial Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant T.P. Industrial Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

440.   According to historical BKK Corp. records, Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant TDY Industries, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

441.   Upon information and belief, Defendant Tech-Etch, Inc. is the successor to Merel Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Merel Co. Inc.  According to historical BKK Corp. records, Merel Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Merel Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Tech-Etch, Inc. has not incurred any costs at the BKK Class I Facility

1    nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

2    Facility.

3        442.    Upon information and belief, Defendant Telair US LLC is the

4    successor to Brooks & Perkins Brownline Division and/or otherwise liable for

5    manifested waste that was contributed to the BKK Class I Facility by Brooks &

6    Perkins Brownline Division.  According to historical BKK Corp. records, Brooks &

7    Perkins Brownline Division contributed manifested waste to the BKK Class I

8    Facility. This manifested waste contained Hazardous Substances that Brooks &

9    Perkins Brownline Division generated and/or arranged for its disposal at the BKK

10   Class I Facility. To date, Defendant Telair US LLC has not incurred any costs at the

11   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

12   at the BKK Class I Facility.

13       443.    Upon information and belief, Defendant Tenneco Inc. is the successor

14   to Packaging Corp. of America and/or otherwise liable for manifested waste that

15   was contributed to the BKK Class I Facility by Packaging Corp. of America.

16   According to historical BKK Corp. records, Packaging Corp. of America

17   contributed manifested waste to the BKK Class I Facility. This manifested waste

18   contained Hazardous Substances that Packaging Corp. of America generated and/or

19   arranged for its disposal at the BKK Class I Facility. To date, Defendant Tenneco

20   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

21   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

22       444.    According to historical BKK Corp. records, Defendant Tenneco Oil

23   Co. contributed manifested waste to the BKK Class I Facility.  This manifested

24   waste contained Hazardous Substances that Defendant Tenneco Oil Co. generated

25   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

26   Tenneco Oil Co. has not incurred any costs at the BKK Class I Facility nor has it

27   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

28       445.    Upon information and belief, Defendant TFI International Inc. is the

1  successor to Truck Transport and/or otherwise liable for manifested waste that was

2  contributed to the BKK Class I Facility by Truck Transport.  According to

3  historical BKK Corp. records, Truck Transport contributed manifested waste to the

4  BKK Class I Facility. This manifested waste contained Hazardous Substances that

5  Truck Transport generated and/or arranged for its disposal at the BKK Class I

6  Facility. To date, Defendant TFI International Inc. has not incurred any costs at the

7  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

8  at the BKK Class I Facility.

9       446.   Upon information and belief, Defendant The Marmon Group LLC is

10  the successor to ICX Industries, Inc. and/or otherwise liable for manifested waste

11  that was contributed to the BKK Class I Facility by ICX Industries, Inc.  According

12  to historical BKK Corp. records, ICX Industries, Inc. contributed manifested waste

13  to the BKK Class I Facility. This manifested waste contained Hazardous

14  Substances that ICX Industries, Inc. generated and/or arranged for its disposal at the

15  BKK Class I Facility. To date, Defendant The Marmon Group LLC has not

16  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

17  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

18      447.   According to historical BKK Corp. records, Defendant The Martin

19  Linen Supply Company (previously identified in this action and the related action

20  as Cadet Uniform & Linen Supply Co. and also formerly dba Cadet Uniform &

21  Linen Supply Co.) contributed manifested waste to the BKK Class I Facility.  This

22  manifested waste contained Hazardous Substances that Defendant The Martin

23  Linen Supply Company generated and/or arranged for its disposal at the BKK Class

24  I Facility.  To date, Defendant The Martin Linen Supply Company has not incurred

25  any response costs at the BKK Class I Facility nor has it paid its fair share of

26  response costs incurred by the Plaintiffs at the BKK Class I Facility.

27      448.   Upon information and belief, Defendant The Times Mirror Company

28  is the successor to Times Mirror Press and/or otherwise liable for manifested waste

1   that was contributed to the BKK Class I Facility by Times Mirror Press. According

2   to historical BKK Corp. records, Times Mirror Press contributed manifested waste

3   to the BKK Class I Facility. This manifested waste contained Hazardous

4   Substances that Times Mirror Press generated and/or arranged for its disposal at the

5   BKK Class I Facility. To date, Defendant The Times Mirror Company has not

6   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

7   incurred by the Plaintiffs at the BKK Class I Facility.

8         449.   Upon information and belief, Defendant The Save Mart Companies,

9   LLC is the successor to Lucky Stores Inc. and/or otherwise liable for manifested

10  waste that was contributed to the BKK Class I Facility by Lucky Stores Inc.

11  According to historical BKK Corp. records, Lucky Stores Inc. contributed

12  manifested waste to the BKK Class I Facility. This manifested waste contained

13  Hazardous Substances that Lucky Stores Inc. generated and/or arranged for its

14  disposal at the BKK Class I Facility. To date, Defendant The Save Mart

15  Companies, LLC has not incurred any costs at the BKK Class I Facility nor has it

16  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

17        450.   According to historical BKK Corp. records, Defendant The Termo

18  Company contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Defendant The Termo

20  Company generated and/or arranged for its disposal at the BKK Class I Facility.

21  To date, Defendant The Termo Company has not incurred any costs at the BKK

22  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

23  BKK Class I Facility.

24        451.   Upon information and belief, Defendant THF Holding Co. is the

25  successor to Crown Disposal Inc. and/or is otherwise liable for manifested waste

26  that was contributed to the BKK Class I Facility by Crown Disposal Inc.

27  According to historical BKK Corp. records, Crown Disposal Inc. contributed

28  manifested waste to the BKK Class I Facility. This manifested waste contained

Hazardous Substances that Crown Disposal Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant THF Holding Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

452.   According to historical BKK Corp. records, Defendant Thompson Drilling contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Thompson Drilling generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Thompson Drilling has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

453.   Upon information and belief, Defendant Thompson Energy Resources, LLC is the successor to Thompson Drilling and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Thompson Drilling. According to historical BKK Corp. records, Thompson Drilling contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Thompson Drilling generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Thompson Energy Resources, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

454.   According to historical BKK Corp. records, Defendant Times Mirror Press contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Times Mirror Press generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Times Mirror Press has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

455.   According to historical BKK Corp. records, Defendant Tooley & Co.

1  Inc. contributed manifested waste to the BKK Class I Facility. This manifested
2  waste contained Hazardous Substances that Defendant Tooley & Co. Inc. generated
3  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
4  Tooley & Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it
5  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

6      456.   Upon information and belief, Defendant Toppan Printing Company
7  (America), Inc. is the successor to Industrial Circuits and/or otherwise liable for
8  manifested waste that was contributed to the BKK Class I Facility by Industrial
9  Circuits.  According to historical BKK Corp. records, Industrial Circuits
10 contributed manifested waste to the BKK Class I Facility. This manifested waste
11 contained Hazardous Substances that Industrial Circuits generated and/or arranged
12 for its disposal at the BKK Class I Facility. To date, Defendant Toppan Printing
13 Company (America), Inc. has not incurred any costs at the BKK Class I Facility nor
14 has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
15 Facility.

16     457.   According to historical BKK Corp. records, Defendant Toyota Motor
17 Manufacturing USA contributed manifested waste to the BKK Class I Facility.
18 This manifested waste contained Hazardous Substances that Defendant Toyota
19 Motor Manufacturing USA generated and/or arranged for its disposal at the BKK
20 Class I Facility.  To date, Defendant Toyota Motor Manufacturing USA has not
21 incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
22 incurred by the Plaintiffs at the BKK Class I Facility.

23     458.   According to historical BKK Corp. records, Defendant Trammell
24 Crow Company (previously identified in this action as Trammel Crow Company)
25 contributed manifested waste to the BKK Class I Facility. This manifested waste
26 contained Hazardous Substances that Defendant Trammell Crow Company
27 generated and/or arranged for its disposal at the BKK Class I Facility. To date,
28 Defendant Trammell Crow Company has not incurred any costs at the BKK Class I

1  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
2  Class I Facility.

3      459.   Upon information and belief, Defendant Trammell Crow Company
4  (previously identified in this action as Trammel Crow Company) is the successor to
5  Tooley & Co. Inc. and/or otherwise liable for manifested waste that was contributed
6  to the BKK Class I Facility by Tooley & Co. Inc. According to historical BKK
7  Corp. records, Tooley & Co. Inc. contributed manifested waste to the BKK Class I
8  Facility. This manifested waste contained Hazardous Substances that Tooley & Co.
9  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
10  Defendant Trammell Crow Company has not incurred any costs at the BKK Class I
11  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
12  Class I Facility.

13      460.   Upon information and belief, Defendant Trammell Crow Company,
14  LLC is the successor to Trammell Crow Company (previously identified in this
15  action as Trammel Crow Company) and/or Tooley & Co. Inc. and/or otherwise
16  liable for manifested waste that was contributed to the BKK Class I Facility by
17  Trammell Crow Company and/or Tooley & Co. Inc. According to historical BKK
18  Corp. records, Trammell Crow Company and Tooley & Co. Inc. contributed
19  manifested waste to the BKK Class I Facility. This manifested waste contained
20  Hazardous Substances that Trammell Crow Company and Tooley & Co. Inc.
21  generated and/or arranged for its disposal at the BKK Class I Facility. To date,
22  Defendant Trammell Crow Company, LLC has not incurred any costs at the BKK
23  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
24  BKK Class I Facility.

25      461.   According to historical BKK Corp. records, Defendant Transmix
26  Corporation contributed manifested waste to the BKK Class I Facility.  This
27  manifested waste contained Hazardous Substances that Defendant Transmix
28  Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

To date, Defendant Transmix Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

462.   According to historical BKK Corp. records, Defendant TRE Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant TRE Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant TRE Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

463.   Upon information and belief, Defendant Tribune Publishing Company is the successor to Times Mirror Press and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Times Mirror Press.  According to historical BKK Corp. records, Times Mirror Press contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Times Mirror Press generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Tribune Publishing Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

464.   Upon information and belief, Defendant TriMas Corporation is the successor to Price Pfister *nka* Pfister and U.S. Filters and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Price Pfister *nka* Pfister and U.S. Filters.  According to historical BKK Corp. records, Price Pfister *nka* Pfister and U.S. Filters contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Price Pfister *nka* Pfister and U.S. Filters generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant TriMas Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

465.   Upon information and belief, Defendant Triumph Group Operations is the successor to L.A. Gauge Co., Inc. (previously identified in this action and the related action as Los Angeles Gauge Co.) and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by L.A. Gauge Co., Inc. According to historical BKK Corp. records, L.A. Gauge Co., Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that L.A. Gauge Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Triumph Group Operations has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

466.   Upon information and belief, Defendant Triumph Thermal Systems, LLC is the successor to Fairchild Industries and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fairchild Industries.  According to historical BKK Corp. records, Fairchild Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fairchild Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Triumph Thermal Systems, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

467.   According to historical BKK Corp. records, Defendant Trizec Properties contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trizec Properties generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trizec Properties has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

468.   According to historical BKK Corp. records, Defendant Trojan Battery Co. contributed manifested waste to the BKK Class I Facility. This manifested

1   waste contained Hazardous Substances that Defendant Trojan Battery Co.

2   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

3   Defendant Trojan Battery Co. has not incurred any costs at the BKK Class I

4   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

5   Class I Facility.

6       469.    According to historical BKK Corp. records, Defendant Truck

7   Transport contributed manifested waste to the BKK Class I Facility. This

8   manifested waste contained Hazardous Substances that Defendant Truck Transport

9   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

10  Defendant Truck Transport has not incurred any costs at the BKK Class I Facility

11  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

12  Facility.

13      470.    Upon information and belief, Defendant TRZ Holdings IV LLC

14  (previously identified in this action as TRZ Holdings LLC) is the successor to

15  Trizec Properties and/or otherwise liable for manifested waste that was contributed

16  to the BKK Class I Facility by Trizec Properties.  According to historical BKK

17  Corp. records, Trizec Properties contributed manifested waste to the BKK Class I

18  Facility. This manifested waste contained Hazardous Substances that Trizec

19  Properties generated and/or arranged for its disposal at the BKK Class I Facility. To

20  date, Defendant TRZ Holdings IV LLC has not incurred any costs at the BKK

21  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

22  BKK Class I Facility.

23      471.    According to historical BKK Corp. records, Defendant U.S. Borax &

24  Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

25  manifested waste contained Hazardous Substances that Defendant U.S. Borax &

26  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

27  Facility. To date, Defendant U.S. Borax & Chemical Corp. has not incurred any

28  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   the Plaintiffs at the BKK Class I Facility.

2        472.   Upon information and belief, Defendant U.S. Borax, Inc. is the

3   successor to U.S. Borax & Chemical Corp. and/or otherwise liable for manifested

4   waste that was contributed to the BKK Class I Facility by U.S. Borax & Chemical

5   Corp.  According to historical BKK Corp. records, U.S. Borax & Chemical Corp.

6   contributed manifested waste to the BKK Class I Facility. This manifested waste

7   contained Hazardous Substances that U.S. Borax and Chemical Corp. generated

8   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

9   U.S. Borax, Inc. has not incurred any costs at the BKK Class I Facility nor has it

10  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11       473.   According to historical BKK Corp. records, Defendant U.S. Brass

12  Division contributed manifested waste to the BKK Class I Facility. This manifested

13  waste contained Hazardous Substances that Defendant U.S. Brass Division

14  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

15  Defendant U.S. Brass Division has not incurred any costs at the BKK Class I

16  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18       474.   According to historical BKK Corp. records, Defendant U.S. Filters

19  contributed manifested waste to the BKK Class I Facility.  This manifested waste

20  contained Hazardous Substances that Defendant U.S. Filters. generated and/or

21  arranged for its disposal at the BKK Class I Facility.  To date, Defendant U.S.

22  Filters has not incurred any costs at the BKK Class I Facility nor has it paid its fair

23  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24       475.   According to historical BKK Corp. records, Defendant U.S. Reduction

25  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

26  waste contained Hazardous Substances that Defendant U.S. Reduction Co.

27  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

28  Defendant U.S. Reduction Co. has not incurred any costs at the BKK Class I

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
2    Class I Facility.

3        476.    According to historical BKK Corp. records, Defendant Ultramar Inc.
4    contributed manifested waste to the BKK Class I Facility. This manifested waste
5    contained Hazardous Substances that Defendant Ultramar Inc. generated and/or
6    arranged for its disposal at the BKK Class I Facility. To date, Defendant Ultramar
7    Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair
8    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

9        477.    Upon information and belief, Defendant Ultramar Inc. is the successor
10    to Bingo Truck Stop and/or otherwise liable for manifested waste that was
11    contributed to the BKK Class I Facility by Bingo Truck Stop.  According to
12    historical BKK Corp. records, Bingo Truck Stop contributed manifested waste to
13    the BKK Class I Facility. This manifested waste contained Hazardous Substances
14    that Bingo Truck Stop generated and/or arranged for its disposal at the BKK Class I
15    Facility. To date, Defendant Ultramar Inc. has not incurred any costs at the BKK
16    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
17    BKK Class I Facility.

18        478.    Upon information and belief, Defendant UNFI Grocers Distribution,
19    Inc. is the successor to Certified Grocers of Cal. and/or otherwise liable for
20    manifested waste that was contributed to the BKK Class I Facility by Certified
21    Grocers of Cal.  According to historical BKK Corp. records, Certified Grocers of
22    Cal. contributed manifested waste to the BKK Class I Facility. This manifested
23    waste contained Hazardous Substances that Certified Grocers of Cal. generated
24    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
25    UNFI Grocers Distribution, Inc. has not incurred any costs at the BKK Class I
26    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
27    Class I Facility.

28        479.    According to historical BKK Corp. records, Defendant United

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Coatings Inc. contributed manifested waste to the BKK Class I Facility.  This

2    manifested waste contained Hazardous Substances that Defendant United Coatings

3    Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

4    Defendant United Coatings Inc. has not incurred any costs at the BKK Class I

5    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6    Class I Facility.

7        480.   Upon information and belief, Defendant USG Corporation is the

8    successor to Hollytex Carpet Mills, Inc. and/or otherwise liable for manifested

9    waste that was contributed to the BKK Class I Facility by Hollytex Carpet Mills,

10    Inc.  According to historical BKK Corp. records, Hollytex Carpet Mills, Inc.

11    contributed manifested waste to the BKK Class I Facility. This manifested waste

12    contained Hazardous Substances that Hollytex Carpet Mills, Inc. generated and/or

13    arranged for its disposal at the BKK Class I Facility. To date, Defendant USG

14    Corporation has not incurred any costs at the BKK Class I Facility nor has it paid

15    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16        481.   According to historical BKK Corp. records, Defendant Valentec

17    International Corp. contributed manifested waste to the BKK Class I Facility.  This

18    manifested waste contained Hazardous Substances that Defendant Valentec

19    International Corp. generated and/or arranged for its disposal at the BKK Class I

20    Facility.  To date, Defendant Valentec International Corp. has not incurred any

21    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

22    the Plaintiffs at the BKK Class I Facility.

23        482.   Upon information and belief, Defendant Valero Energy Corporation is

24    the successor to Ultramar Inc. and/or otherwise liable for manifested waste that was

25    contributed to the BKK Class I Facility by Ultramar Inc.  According to historical

26    BKK Corp. records, Ultramar Inc. contributed manifested waste to the BKK Class I

27    Facility. This manifested waste contained Hazardous Substances that Ultramar Inc.

28    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

1    Defendant Valero Energy Corporation has not incurred any costs at the BKK Class
2    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
3    Class I Facility.

4    483.   According to historical BKK Corp. records, Defendant Van De Kamp
5    contributed manifested waste to the BKK Class I Facility.  This manifested waste
6    contained Hazardous Substances that Defendant Van De Kamp generated and/or
7    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Van De
8    Kamp has not incurred any costs at the BKK Class I Facility nor has it paid its fair
9    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10   484.   According to historical BKK Corp. records, Defendant Varco
11   International contributed manifested waste to the BKK Class I Facility. This
12   manifested waste contained Hazardous Substances that Defendant Varco
13   International generated and/or arranged for its disposal at the BKK Class I Facility.
14   To date, Defendant Varco International has not incurred any costs at the BKK Class
15   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
16   Class I Facility.

17   485.   Upon information and belief, Defendant Vest, Inc. is the successor to
18   Bernard Epps & Co. and/or otherwise liable for manifested waste that was
19   contributed to the BKK Class I Facility by Bernard Epps & Co.  According to
20   historical BKK Corp. records, Bernard Epps & Co. contributed manifested waste to
21   the BKK Class I Facility. This manifested waste contained Hazardous Substances
22   that Bernard Epps & Co. generated and/or arranged for its disposal at the BKK
23   Class I Facility. To date, Defendant Vest, Inc. has not incurred any costs at the
24   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
25   at the BKK Class I Facility.

26   486.   Upon information and belief, Defendant VF Corporation is the
27   successor to Standard Industrial Towel & Uniform and/or otherwise liable for
28   manifested waste that was contributed to the BKK Class I Facility by Standard

162

1  Industrial Towel & Uniform.  According to historical BKK Corp. records, Standard
2  Industrial Towel & Uniform contributed manifested waste to the BKK Class I
3  Facility. This manifested waste contained Hazardous Substances that Standard
4  Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK
5  Class I Facility. To date, Defendant VF Corporation has not incurred any costs at
6  the BKK Class I Facility nor has it paid its fair share of costs incurred by the
7  Plaintiffs at the BKK Class I Facility.

8      487.   According to historical BKK Corp. records, Defendant Vons
9  Companies Inc. contributed manifested waste to the BKK Class I Facility.  This
10  manifested waste contained Hazardous Substances that Defendant Vons Companies
11  Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
12  Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I
13  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
14  Class I Facility.

15      488.   Upon information and belief, Defendant Vons Companies Inc. is the
16  successor to Jerseymaid Milk Products, Inc. (previously identified in this action as
17  Jersey Maid Milk Products Inc.) and/or otherwise liable for manifested waste that
18  was contributed to the BKK Class I Facility by Jerseymaid Milk Products, Inc.
19  According to historical BKK Corp. records, Jerseymaid Milk Products, Inc.
20  contributed manifested waste to the BKK Class I Facility. This manifested waste
21  contained Hazardous Substances that Jerseymaid Milk Products, Inc. generated
22  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
23  Vons Companies Inc. has not incurred any costs at the BKK Class I Facility nor has
24  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25      489.   According to historical BKK Corp. records, Defendant Vought
26  Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility.
27  This manifested waste contained Hazardous Substances that Defendant Vought
28  Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

490.   According to historical BKK Corp. records, Defendant W.L. Chapman Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant W.L. Chapman Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant W.L. Chapman Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

491.   According to historical BKK Corp. records, Defendant Weber Aircraft contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Weber Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Weber Aircraft has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

492.   Upon information and belief, Defendant Wells Fargo Rail Corporation is the successor to North American Car Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by North American Car Corp.  According to historical BKK Corp. records, North American Car Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that North American Car Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Wells Fargo Rail Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

493.   According to historical BKK Corp. records, Defendant Wells Marine Inc. contributed manifested waste to the BKK Class I Facility. This manifested

waste contained Hazardous Substances that Defendant Wells Marine Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Wells Marine Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

494.   According to historical BKK Corp. records, Defendant Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Weslock Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Weslock Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

495.   According to historical BKK Corp. records, Defendant Western Kraft Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Western Kraft Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Western Kraft Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

496.   According to historical BKK Corp. records, Defendant Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Western Lithograph has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

497.   According to historical BKK Corp. records, Defendant Western Synthetic Felt Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Western Synthetic Felt Co. generated and/or arranged for its disposal at the BKK Class I

1   Facility. To date, Defendant Western Synthetic Felt Co. has not incurred any costs

2   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

3   Plaintiffs at the BKK Class I Facility.

4       498.   According to historical BKK Corp. records, Defendant Westminster

5   Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This

6   manifested waste contained Hazardous Substances that Defendant Westminster

7   Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

8   Facility. To date, Defendant Westminster Ceramics Inc. has not incurred any costs

9   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

10  Plaintiffs at the BKK Class I Facility.

11      499.   Upon information and belief, Defendant Whico Machine, Inc. is the

12  successor to Replacement Parts Manufacturing and/or otherwise liable for

13  manifested waste that was contributed to the BKK Class I Facility by Replacement

14  Parts Manufacturing.  According to historical BKK Corp. records, Replacement

15  Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This

16  manifested waste contained Hazardous Substances that Replacement Parts

17  Manufacturing generated and/or arranged for its disposal at the BKK Class I

18  Facility. To date, Defendant Whico Machine, Inc. has not incurred any costs at the

19  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

20  at the BKK Class I Facility.

21      500.   According to historical BKK Corp. records, Defendant Whittaker

22  Corp. contributed manifested waste to the BKK Class I Facility. This manifested

23  waste contained Hazardous Substances that Defendant Whittaker Corp. generated

24  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

25  Whittaker Corp. has not incurred any costs at the BKK Class I Facility nor has it

26  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27      501.   Upon information and belief, Defendant Wiretech, Inc. is the successor

28  to MGF Industries and/or otherwise liable for manifested waste that was

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

contributed to the BKK Class I Facility by MGF Industries.  According to historical BKK Corp. records, MGF Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that MGF Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Wiretech, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

502.   According to historical BKK Corp. records, Defendant Windowmaster Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Windowmaster Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Windowmaster Products has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

503.   Upon information and belief, Defendant Witco Corporation is the successor to Southwest Petro Chemical and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwest Petro Chemical.  According to historical BKK Corp. records, Southwest Petro Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southwest Petro Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Witco Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

504.   Upon information and belief, Defendant Woodward HRT, Inc. is the successor to HR Textron Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by HR Textron Inc.  According to historical BKK Corp. records, HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that HR

1   Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

2   To date, Defendant Woodward HRT, Inc. has not incurred any costs at the BKK

3   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

4   BKK Class I Facility.

5        505.   Upon information and belief, Defendant Wyman-Gordon Company is

6   the successor to W.L. Chapman Co. and/or otherwise liable for manifested waste

7   that was contributed to the BKK Class I Facility by W.L. Chapman Co.  According

8   to historical BKK Corp. records, W.L. Chapman Co. contributed manifested waste

9   to the BKK Class I Facility. This manifested waste contained Hazardous

10  Substances that W.L. Chapman Co. generated and/or arranged for its disposal at the

11  BKK Class I Facility. To date, Defendant Wyman-Gordon Company has not

12  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

13  incurred by the Plaintiffs at the BKK Class I Facility.

14       506.   According to historical BKK Corp. records, Defendant Xtra Energy

15  contributed manifested waste to the BKK Class I Facility. This manifested waste

16  contained Hazardous Substances that Defendant Xtra Energy generated and/or

17  arranged for its disposal at the BKK Class I Facility. To date, Defendant Xtra

18  Energy has not incurred any costs at the BKK Class I Facility nor has it paid its fair

19  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20       507.   According to historical BKK Corp. records, Defendant Yoplait USA

21  contributed manifested waste to the BKK Class I Facility. This manifested waste

22  contained Hazardous Substances that Defendant Yoplait USA generated and/or

23  arranged for its disposal at the BKK Class I Facility. To date, Defendant Yoplait

24  USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair

25  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26       508.   According to historical BKK Corp. records, Defendant Zimmer

27  Service Center (previously identified in this action and the related action as

28  Zimmers Truck Stop) contributed manifested waste to the BKK Class I Facility.

1  This manifested waste contained Hazardous Substances that Defendant Zimmer

2  Service Center generated and/or arranged for its disposal at the BKK Class I

3  Facility. To date, Defendant Zimmer Service Center has not incurred any costs at

4  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

5  Plaintiffs at the BKK Class I Facility.

6      509.   Paragraphs 510 to 806 are reserved.

7      807.   Each Defendant has declined or not responded to Plaintiffs' request(s)

8  to enter into, or has otherwise not entered into, a tolling agreement to facilitate

9  settlement discussions.  A number of other PRPs at the BKK Class I Facility have

10 entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to

11 resolve the liabilities of those PRPs without litigation.

12     808.   On information and belief, each Defendant, including any of its

13 assignees, predecessors, successors in interest, or alter egos, is a "person" who

14 either (a) by contract, agreement, or otherwise, arranged for disposal or treatment,

15 or (b) arranged with a transporter for disposal or treatment, of Hazardous

16 Substances at the BKK Class I Facility.

17     809.   On information and belief, between approximately 1969 and 1987,

18 Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the

19 BKK Class I Facility but have not incurred any costs, nor have they paid their fair

20 share of costs incurred by the Plaintiffs at the BKK Class I Facility.

21 **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

22     810.   At all times relevant to this action, the BKK Class I Facility was

23 operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was

24 also owned by BKK Corp. from approximately 1973 through the present.

25     811.  Beginning in at least 1969 and continuing to approximately 1984, the

26 BKK Class I Facility accepted manifested waste, which included Hazardous

27 Substances, for disposal. After 1984, the BKK Class I Facility continued accepting

28 municipal waste, including asbestos.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1      812.    The BKK Class I Facility ceased accepting waste in 1987, at which

2  time BKK Corp. began to undertake landfill closure and post-closure activities.

3      813.    By letters dated October 18 and October 20, 2004, "BKK [Corp.]

4  notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to

5  perform required post-closure care of the [BKK Class I Facility], including

6  operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a

7  contractor to conduct emergency response activities at the [BKK Class I Facility]."

8  Imminent and Substantial Endangerment Determination and Order and Remedial

9  Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

10     814.    On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and

11  50 other respondents who were alleged to have "arranged by contract, agreement or

12  otherwise for the disposal of [their] disposed hazardous substances/wastes" at the

13  BKK Class I Facility, or who were alleged to be an "owner and operator" of the

14  BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto

15  as **Exhibit B**.

16     815.    In the ISE Order, DTSC asserts that "[t]here has been a 'release'

17  and/or there is a 'threatened release' of hazardous substances" at the BKK Class I

18  Facility.

19     816.    The ISE Order required the recipients of the order to perform certain

20  specified environmental response actions and to reimburse DTSC for the response

21  actions it had taken at the BKK Class I Facility.

22     817.    In 2004, certain recipients of the ISE Order formed the BKK Working

23  Group for the purpose of cooperating with DTSC to address conditions at the BKK

24  Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC

25  commenced negotiations to seek a settlement to address conditions at the BKK

26  Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and

27  each of its then-members incurred necessary response costs at the BKK Class I

28  Facility that are consistent with the NCP.

1    818.    The composition of the BKK Working Group has changed over time
2    and continues to change.  New members pay an interim allocated share of past and
3    ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has
4    incurred necessary response costs consistent with the NCP.

5    819.    On October 31, 2005, the State of California, through its agency
6    DTSC, filed a Complaint against certain members of the BKK Working Group in
7    case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site
8    Action").  In the Initial Site Action Complaint, the State of California sought
9    recovery of past response costs pursuant to Section 107 of CERCLA; declaratory
10   relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL.
11   HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working
12   Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was
13   filed concurrently with the lodging of a consent decree between certain members of
14   the BKK Working Group and DTSC that addressed conditions at the BKK Class I
15   Facility.

16   820.    On February 8, 2006, the State of California, through its agency
17   DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial
18   Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered
19   on March 9, 2006.

20   821.    Among other things, the First Consent Decree obligated certain
21   members of the BKK Working Group to perform environmental response actions at
22   the BKK Class I Facility, to reimburse DTSC for certain of its past response costs,
23   and to pay DTSC for its continuing oversight of the environmental response work
24   at the BKK Class I Facility.  The response actions have included investigation
25   activities.

26   822.    The First Consent Decree also "resolves the liability of [the members
27   of the BKK Working Group] for Past Response Costs . . . " and provides members
28   of the BKK Working Group with "protection from contribution actions or claims as

171

provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree]. The matters addressed in [the First Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]." First Consent Decree at ¶ 8.1.

823.    Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC. All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

824.    On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action"). Like the Initial Site Action Complaint, the Second Site Action Complaint sought recovery of past response costs, including investigation costs, pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

825.    At that same time, the State of California, through its agency DTSC, lodged a Second Consent Decree ("Second Consent Decree") with the Court, obligating the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including investigation costs, and to pay future oversight costs to DTSC on an ongoing basis. The Second Consent Decree, attached hereto as **Exhibit D**, was entered on August 10, 2010.

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

826.    Among other things, the Second Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA Statement of Work).  The EE/CA is to propose a non-time critical removal action that contributes to the efficient performance of any long-term remedial action for the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility study and remedial actions will be conducted at the BKK Class I Facility at the conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate response actions to be performed at the BKK Class Facility based on the EE/CA.

827.    Among other things, the Second Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Second Consent Decree.  The matters addressed in the Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

828.    From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree.  All work performed under the Second Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

829.    On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site

Action"). Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

830. At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis. The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

831. Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including site investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility. Third Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS Statement of Work). The area of groundwater investigation pursuant to the RI/FS includes the Class I Landfill and Class I Landfill operation areas, including but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station and truck wash; and wherever hazardous substances from such areas have or may come to be located. It is anticipated that

1    DTSC will select further appropriate response actions to be performed at and

2    around the BKK Class I Facility based on the RI/FS.

3        832.    Among other things, the Third Partial Consent Decree provides

4    certain members of the BKK Working Group with "protection from contribution

5    actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

6    9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters

7    addressed in the Third Partial Consent Decree are (a) the Work to be Performed by

8    [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c)

9    Future DTSC Oversight Costs . . ." Third Partial Consent Decree at ¶ 8.1.

10       833.    As reflected in the BKK document archive maintained by DTSC,

11   members of the BKK Working Group also entered into additional interim

12   settlement agreements with DTSC to reimburse the State for its past response costs

13   incurred consistent with the NCP at the BKK Class I Landfill.

14       834.    On July 29, 2016, the State of California, through its agency DTSC,

15   filed an amended third complaint, which joined as defendants five additional

16   members of the BKK Working Group.

17       835.    At that same time, the State of California, through its agency DTSC,

18   lodged a First Amended Third Partial Consent Decree ("Amended Third Partial

19   Consent Decree"), which added the five new defendants as additional Settling

20   Defendants.  The Amended Third Partial Consent Decree, attached hereto as

21   **Exhibit F**, was approved by the Court on October 18, 2016.

22       836.    Among other things, the Amended Third Partial Consent Decree, like

23   the Third Partial Consent Decree, obligates certain members of the BKK Working

24   Group to perform environmental response actions at the BKK Class I Facility, to

25   reimburse DTSC for certain of its response costs, to pay DTSC for its continuing

26   oversight of the environmental response work at the BKK Class I Facility, and to

27   conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater

28

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

837.    From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

838.    The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

839.    Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility.  Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility.  This investigation for the purpose of identification of additional PRPs is ongoing.

840.    The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the

direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

841.   In 2020, DTSC estimated that necessary response actions to fully remediate the BKK Class I Facility would cost $869,286.436.

842.   Plaintiffs have incurred or are committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility.

843.   To date, Defendants have failed to participate in or contribute to any work or costs at the BKK Class I Facility.

## FIRST CLAIM FOR RELIEF

### Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))

844.   Paragraphs 1-843 are incorporated by reference.

845.   Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

846.   Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

847.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607: the Initial Site Action, the Second Site Action, and the Third Site Action.

848.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve liability of the member Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

849.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved liability of those Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

850.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

851.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

852.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

853.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

854.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result

of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

855.    Plaintiffs previously notified the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

## SECOND CLAIM FOR RELIEF

### Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))

856.    Paragraphs 1-855 are incorporated by reference.

857.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

(a)    Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –

* * * *

(3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous substances owned or possessed by such person . . . shall be liable for –

* * * *

(B)    any other necessary costs of response incurred by any other person consistent with the national contingency plan . . . .

858.    Plaintiffs are each a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

859.    Defendants are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

860.    The BKK Class I Facility is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

861.    Defendants arranged for disposal or treatment, or arranged with third-party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

862.    Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

863.    Separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees in resolution of Plaintiffs' CERCLA liability to the State of California, Plaintiffs also voluntarily have incurred certain additional response costs as result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

864.    Such costs include, but are not limited to, the costs of response for installation of certain new equipment at the site, costs of response for the replacement of certain aging equipment at the site necessary to facilitate further cleanup actions, and costs of further site investigations, all of which have been incurred and will continue to be incurred pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) and are consistent with the NCP.

865.    Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

866.    Paragraphs 1-865 are incorporated herein by reference.

867.    CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

868.    Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

869.    Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances. Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair

share of those costs incurred by Syngenta Crop Protection, LLC in partially reimbursing Stauffer Management Company LLC for the response costs Stauffer Management Company LLC paid to satisfy the response cost obligations incurred by Bayer CropScience Inc. relating to the BKK Class I Facility.

870.    Response costs incurred by Plaintiffs that are individual members of the BKK Working Group may have been paid by or reimbursed by a separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Plaintiffs' past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Thus, making them a claimant within the meaning of Section 112(c).

## **FOURTH CLAIM FOR RELIEF**

### **Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

871.    Paragraphs 1-870 are incorporated herein by reference.

872.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

873.    Defendants are jointly and severally liable to Plaintiffs for the reimbursement of necessary response costs, including site investigation expenses, incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a).  Defendants are also severally liable to Plaintiffs under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42

2  U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

3  Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

4  that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

5  their necessary response costs incurred consistent with the NCP under CERCLA

6  § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

7  Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

8  Partial and Amended Third Partial Consent Decrees, and any future consent

9  decrees, to address the release or threatened release of Hazardous Substances at and

10  from the BKK Class I Facility.

## FIFTH CLAIM FOR RELIEF

## Contribution, Hazardous Substance Account Act, California Health and Safety Code Sections 78000 et seq.

14  874.    Paragraphs 1-873 are incorporated herein by reference.

15  875.    The Plaintiffs bring their claim for contribution against all Defendants

16  except the following: Orange County Sanitation District.

17  876.    The Carpenter-Presley-Tanner Hazardous Substance Account Act

18  ("HSAA"), California Health and Safety Code sections 78000 et seq., provides a

19  statutory right of contribution for those parties who clean up contaminated sites

20  from those parties who are responsible for the contamination.

21  877.    Section 79670(a) of the HSAA provides that "A person who has

22  incurred response or corrective action costs in accordance with this chapter,

23  Chapter 6.5 (commencing with Section 25100 [sic]) or [CERCLA] may seek

24  contribution or indemnity from any person who is liable pursuant to this chapter."

25  878.    A "liable person" is defined in section 78145(a)(1) of the HSAA as

26  "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section

27  9607(a))."

28

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

879.    Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

880.    Defendants are each a "person" within the meaning of sections 78085 and 78145(a)(1) of the Health and Safety Code.

881.    There have been releases or threatened releases from the BKK Class I Facility.

882.    As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

883.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 79670(c).

884.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 79670 of the Health and Safety Code, for all past, present and future necessary responses costs.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

885.    Paragraphs 1-884 are incorporated herein by reference.

886.    Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

887.    The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

888.    A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from

1    the BKK Class I Facility, including but not limited to investigatory expenses, are

2    the result of the conduct of Defendants.

3        889.    As a result, Plaintiffs are entitled to complete or partial indemnity

4    from Defendants for such expenses pursuant to the doctrine of equitable

5    indemnification.

6                    **SEVENTH CLAIM FOR RELIEF**

7                    **Equitable Contribution**

8        890.    Paragraphs 1-889 are incorporated herein by reference.

9        891.    Plaintiffs have been required to pay environmental cleanup and other

10    costs at the BKK Class I Facility, and a money judgment has been or will be

11    rendered jointly against Plaintiffs and Defendants.

12        892.    Plaintiffs have discharged or will discharge the joint judgment and/or

13    have paid or will pay more than Plaintiffs' equitable pro rata share of the joint

14    judgment.

15        893.    As a result, Plaintiffs are entitled to contribution from Defendants for

16    the excess paid over the Plaintiffs' equitable pro rata shares of the joint judgment.

17                    **EIGHTH CLAIM FOR RELIEF**

18                    **Common Law Subrogation**

19        894.    Paragraphs 1-893 are incorporated herein by reference.

20        895.    As a direct and proximate result of the actions of Defendants, Plaintiff

21    Stauffer Management Company LLC has incurred and paid amounts, damages,

22    costs, expenses and fees, and may in the future incur additional liabilities through

23    its payments of Bayer CropScience, Inc.'s obligations for response costs relating to

24    the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of

25    action Bayer CropScience, Inc. otherwise would have against Defendants.

26        896.    Through assignment, Plaintiff Stauffer Management Company LLC

27    has the right to recoup costs incurred by Syngenta Crop Protection, LLC in

28    reimbursing Stauffer Management Company LLC for response costs Stauffer

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility. Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

### NINTH CLAIM FOR RELIEF

**Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060**

897.  Paragraphs 1-896 are incorporated herein by reference.

898.   Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a declaration of his or her rights and duties in the premises. . . . He or she may ask for a declaration of rights or duties either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

899.   An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility. Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code § 78000 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

900.   A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## JURY TRIAL DEMANDED

901. Plaintiffs demand trial by jury pursuant to Federal Rule of Civil Procedure 38 on all causes and issues so triable under Section 16 of Article I of the California Constitution, the Seventh Amendment to the Constitution, or as may be guaranteed by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    Recovery of all costs, cost of abatement, and damages incurred by Plaintiffs, including response costs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.    Contribution of an equitable share of all costs, including response costs incurred by Plaintiffs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.    A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

4.    Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

5.      Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

6.      Attorney's fees and pre-judgment interest (as response costs); and

7.      Such other relief as the Court may deem just and appropriate.

Dated: November 25, 2024                    HINSON GRAVELLE & ADAIR LLP


                                            By  s/Douglas A. Gravelle
                                            Douglas A. Gravelle,
                                            Attorneys for Plaintiffs
                                            BKK WORKING GROUP, an
                                            unincorporated association, and
                                            individual members identified
                                            herein

ELEVENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)