**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**
Kenneth A. Ehrlich (SBN 150570)
*kehrlich@elkinskalt.com*
Sean A. McCormick (SBN 295711)
*smccormick@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
*gravelle@hinsongravelle.com*
K. Eric Adair (SBN 150650)
*adair@hinsongravelle.com*
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: 661-294-0116

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated association, and individual members identified below

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI | Case No. 2:18-cv-05836-MWF-PLA **TWELFTH AMENDED COMPLAINT FOR:** 1. CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)] 2. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)] 3. CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)] 4. CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)] 5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 78000, ET SEQ.] 6. EQUITABLE INDEMNIFICATION 7. EQUITABLE CONTRIBUTION 8. COMMON LAW |

INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION;
GENERAL LATEX AND
CHEMICAL CORPORATION;
HEWLETT-PACKARD
COMPANY; AMERICAN
HONDA MOTOR CO., INC.;
HUNTINGTON BEACH
COMPANY; LOCKHEED
MARTIN CORPORATION;
MARS, INC. (FORMERLY
KNOWN AS KAL KAN FOODS
INC.); MONTROSE CHEMICAL
CORP. OF CALIFORNIA;
MORTELL COMPANY;
MORTON INTERNATIONAL,
INC.; NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY
USA INC.; QUEMETCO, INC.;
ROCKWELL AUTOMATION,
INC.; ROHM & HAAS
COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC
COMPANY; SMITH
INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA
EDISON COMPANY;
SOUTHERN CALIFORNIA GAS
COMPANY; STAUFFER
MANAGEMENT COMPANY
LLC; THE PROCTER &
GAMBLE MANUFACTURING
COMPANY; THUMS LONG
BEACH COMPANY; UNION
CARBIDE CORPORATION;
UNION PACIFIC RAILROAD
(FORMERLY KNOWN AS
SOUTHERN PACIFIC
TRANSPORTATION
COMPANY); UNITED STATES
STEEL CORPORATION; RTX
CORPORATION; UNIVAR
SOLUTIONS USA LLC;
AMERON INTERNATIONAL
CORPORATION; AND XEROX

SUBROGATION

9. DECLARATORY RELIEF
   [CAL. CIV. PROC. CODE §1060]

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

CORPORATION,

Plaintiffs,

vs.

ALBERTSONS COMPANIES, INC.;
AAMCO TRANSMISSIONS; AAR
CORP.; A.B. DICK CO.; ACH FOOD
COMPANIES, INC.; ADVANCED
COATINGS INC.; AEROSOL
SERVICES CO. INC.; AIR
INDUSTRIES CORP.; AIR LIQUIDE
AMERICA LP; ALKID
CORPORATION; ALPHA
TECHNOLOGIES GROUP, INC.;
AMCORD, INC.; AMERICAN
APPLIANCE MANUFACTURING
CORP.; AMERICAN CAN
COMPANY; AMERICAN
CHEMICAL & REFINING;
AMERICAN PACIFIC
INTERNATIONAL INC.;
AMERICAN SCIENTIFIC
PRODUCTS; AMERICAN TOOL &
ENGINEERING CORP.;
AMERIPRIDE SERVICES, LLC;
AMF TUBESCOPE INC.; ANCHOR
OPERATING, INC.; ANDREW
CALIFORNIA CORP.; ANGELICA
TEXTILE SERVICES INC.;
ANODYNE INC.; APEX
INTERNATIONAL ALLOYS;
APPLIED MAGNETICS CORP.;
ARGO PETROLEUM CORP.;
ARROWHEAD MOUNTAIN SPRING
WATER COMPANY; ARNOLD
CIRCUITS, INC.; ARNOLD
ENGINEERING CO.; ATOMICA
CORP.; AXEL JOHNSON, INC.;
AZON CORPORATION; B. JADOW
AND SONS, INC.; BAE SYSTEMS
SAN DIEGO SHIP REPAIR INC.;
BAUSCH HEALTH AMERICAS,
INC.; BAXTER INTERNATIONAL
INC.; BEATRICE/HUNT-WESSON,
INC.; BEAZER EAST, INC.;
BECKMAN COULTER INC.;

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

BERNARD EPPS & CO.;
BETHLEHEM STEEL CORP.;
BEVERLY HILLS OIL COMPANY;
BFI XV REALTY FUND LTD.; BIG
THREE INDUSTRIES INC.; BINGO
MANAGEMENT, INC. DBA ZINGER
MANAGEMENT, INC.; BIRTCHER
PACIFIC; BOSTIK, INC.;  BROOKS
& PERKINS BROWNLINE
DIVISION; BULK SERVICES, INC.;
BUNGE OILS, INC.; BYRON
JACKSON PUMPS; CAL-AURUM
INDUSTRIES; CAL-CHEM
CLEANING CO., INC.; CAL NEV
PIPELINE CO.; CAL STYLE
FURNITURE MANUFACTURING
CO.; CALI-BLOK; CALIFORNIA
CARPET CO.; CALGON CARBON
CORPORATION; CALPROTECH
INC.; CAPITAL PARADE USA, INC.;
CARGILL INC.; CASTLE & COOKE,
INC.; CEMEX, INC.; CERRO
CORPORATION; CERTIFIED
GROCERS OF CAL.; CIA MINERA
DE CANANEA SA; CIRCUIT ONE
DIV. OF LH RESEARCH INC.;
CLEVELAND WRECKING CO.;
COAST PLATING, INC.; COGNIS
CORP.; COLUMBIA PICTURES;
CONAGRA BRANDS, INC.;
CONTROL COMPONENTS INC.;
COSCOL PETROLEUM
CORPORATION; CRAGAR
INDUSTRIES; CRAIN INDUSTRIES,
INC.; CRAIN WESTERN, INC.;
CRESCENT TRANSPORTATION;
CRITON CORPORATION;
CROCKETT CONTAINER CORP.;
CROWLEY INC.; CROWN
CENTRAL LLC; CROWN CENTRAL
PETROLEUM CORPORATION;
CROWN ZELLERBACH CO.; CSS
INVESTMENT COMPANY;
CUMMINS SERVICE & SALES INC.;
CW LIQUIDATING CORPORATION;
CYCLO PRODUCTS, INC.; DAIWA
CORP.; DARNELL CASTER LLC;

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

DARNELL CORP.; DARNELL-ROSE; DART INDUSTRIES INC.; DATA PRODUCTS CORP.; DAVIS INVESTMENT CO.; DAVRO, INC.; DCS DIVERSIFIED COATING SYSTEMS, INC.; DECRATREND CORP.; DELAWARE ARROWHEAD PRODUCTS CORPORATION; DELAWARE OUTSOURCING SERVICES GROUP, INC.; DELEK US HOLDINGS, INC.; DENSO PRODUCTS AND SERVICES AMERICAS, INC.; DESOTO INC.; DEVON ENERGY CORP.; DIAMOND INTERNATIONAL CORP.; DISPOSAL CONTROL SERVICE, INC.; DON KOTT FORD; DRACKETT CO.; DUREX INC.; E.T.C. CARPET MILLS, LTD.; ELFAB CORP.; ELECTRONIC MATERIALS CORP.; ELECTRO-ETCH CIRCUITS INC.; ELEVATE TEXTILES, INC.; EMERALD EQUITIES; EMERALD EQUITIES, I; EMERY INDUSTRIES INC.; EMPLOYBRIDGE LLC; EMRISE ELECTRONICS CORP.; ENERGY DEVELOPMENT CO. INC.; ENERGY DEVELOPMENT CORP.; ENERGY TRANSFER LP; ENLIVEN MARKETING TECHNOLOGIES CORPORATION; ENVIRI CORPORATION; ENVIRONMENTAL CONTROL SYSTEMS INC.; EPEC OIL CO. LIQUIDATING TRUST; EVERGREEN PACIFIC PARTNERS; FAIRCHILD INDUSTRIES; FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.; FEDERAL EXPRESS CORPORATION; FEDERAL RESERVE BANK; FLETCHER OIL & REFINING CO.; FLIGHT ACCESORY SERVICE; FLINT HILLS RESOURCES, L.P.; FLOWSERVE CORPORATION; FOTOMAT LABS INC.; FLYING

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

TIGERS LINE; FORCO
LIQUIDATION TRUST;
FRANCISCAN CERAMICS INC.;
FRAZEE INDUSTRIES; FMC
CORPORATION;  FOSTER-FORBES
GLASS CO.; FRONTIER
CALIFORNIA, INC.; FURUKAWA
ELECTRIC NORTH AMERICA,
INC.; G.W.A. INC.; GATES
ADMIRAL; GATX; GATX CORP.;
GATX TERMINALS CORP.; GE
BETZ, INC.; GENERAL BATTERY
CORP.; GENERAL MILLS, INC.;
GENERAL TELEPHONE CO.;
GENSTAR ROOFING PRODUCTS
COMPANY, INC.; GEORGIA-
PACIFIC LLC; GERALD METALS,
INC.; GK TECHNOLOGIES,
INCORPORATED; GLASS
CONTAINERS CORP.; GOLD-PAK
INTERNATIONAL, INC.; GREER
HYDRAULICS INC.; GRUPO
MEXICO SAB DE CV; HALLMARK
CIRCUITS INC.; HANDY &
HARMAN; HARBANS BAWA AND
BARINDER BAWA AS TRUSTEES
OF THE BAWA FAMILY TRUST;
HAWKER-PACIFIC AEROSPACE;
HEIST MAINTENANCE SERVICES
INC.; HENRY COMPANY LLC;
HENRY SOSS & CO. INC.;
HERAEUS METAL PROCESSING,
INC.; HERCO TECHNOLOGY
CORP.; HESS CORPORATION; HILL
BROTHERS CHEMICAL CO.;
HILLCREST BEVERLY OIL CORP.;
HOFFMAN ELECTRONICS;
HOLLYTEX CARPET MILLS, INC.;
HOWMET AEROSPACE INC.;
HOYA CORPORATION USA; HR
TEXTRON INC.; HTW INDUSTRIES
INC.; HUMKO PRODUCTS;
HUNTINGTON/PACIFIC
CERAMICS, INC.; HUTCHINSON
AEROSPACE & INDUSTRY, INC.;
ICN PHARMACEUTICALS; ICX
INDUSTRIES, INC.; IMCO

6

SERVICES; IMI CRITICAL
ENGINEERING LLC; INDUSTRIAL
CIRCUITS; INDUSTRIAL
INSULATIONS INCORPORATED;
INDUSTRIAL TECTONICS
BEARINGS CORPORATION;
INLAND CONTAINER CORP.;
INLAND PAPERBOARD AND
PACKAGING, INC.;
INTERNATIONAL POLYMER
CORP.; I.T. CORP.; ITT LLC; J.C.
INC.; JCI ENVIRONMENTAL
SERVICES; JELD-WEN, INC.; JENN
FENG INDUSTRIAL TOOLS CO.,
LTD.; JERSEYMAID MILK
PRODUCTS, INC.; JOHNSON
CONTROLS INC.; JOHNSTON
PUMP CO.; JONATHAN
MANUFACTURING CORP.;
JOSLYN MANUFACTURING &
SUPPLY CO.; JOSLYN
MANUFACTURING COMPANY,
LLC; KAISER ROLLMET INC.;
KAYNAR MANUFACTURING CO.;
KEUFFEL & ESSER CO.; KINDER
MORGAN ENERGY PARTNERS,
L.P.; KINDER MORGAN LIQUIDS
TERMINALS LLC; KING
RESOURCES, INC.; KNIGHTS J3,
INC.; KOCH FUELS, INC.; KONICA
PHOTO SERVICE U.S.A., INC.;
KORBEL CAPITAL LLC; KRAFT
HEINZ FOODS COMPANY; KRAZY
GLUE INC.; KSI DISC PRODUCTS,
INC.; L.A. GAUGE COMPANY,
INC.; LESS HASSLE, INC.;
LOCKHART INDUSTRIES; LONG
BEACH FABRICATORS INC.;
LONZA INC.; LUCKY STORES INC.;
LUCKY STORES LLC; LTI
HOLDINGS, INC.; M-I L.L.C. AKA
AND/OR DBA M-I SWACO;
MANHATTAN BEACH HOLDING
CORP.; MARCO CHEMICAL CO.;
MARCOR ENVIRONMENTAL, INC.;
MARTEN MANAGEMENT CO.;
MARTIN MARIETTA SOUTHERN

7

CALIFORNIA AGGREGATES, LLC; MASCO CORPORATION; MAZDA MOTOR OF AMERICA, INC.; MAZDA NORTH AMERICA; MCA LABORATORIES; MCCULLOCH CORP.; MCKAY CHEMICAL CO.; MEAD JOHNSON & COMPANY; MERCHANTS METALS LLC; MEREL CO. INC.; METAL BOX CAN; MGF INDUSTRIES; MONOGRAM/PEACOCK MANUFACTURING; MOSAIC GLOBAL HOLDINGS INC.; MR. GASKET COMPANY; MRC HOLDINGS, INC.; NARMCO MATERIALS INC.; NAVCOM DEFENSE ELECTRONICS, INC.; NEC LIQUIDATION CORP.; NEW BRISTOL FARMS, INC.; NEW FASHION CLEANERS; NIPPONDENSO OF LOS ANGELES; NORTH AMERICAN ENVIRONMENTAL; NOVARTIS CORP.; ORANGE COUNTY SANITATION DISTRICT; PACIFIC ANCHOR CHEMICAL CORP.; PACIFIC INTERMOUNTAIN EXPRESS; PACIFIC OASIS; PACIFIC SOUTHWEST AIRLINES; PACTIV LLC; PAINT & COATINGS CORP.; PANEL AIR CORP.; PARSONS CORPORATION; PAULEY PETROLEUM CO.; PCC FLOW TECHNOLOGIES HOLDINGS, INC.; PCC ROLLMET, INC.; PEAIRS ENGINEERS; PEAT MANUFACUTURING CO.; PERVO INTERNATIONAL, INC.; PETRO LEWIS CORP.; PGP INDUSTRIES INC.; PIONEER ELECTRONICS (USA) INC.; PILLSBURY CO.; PRC–DESOTO INTERNATIONAL INC.; PRECISION CASTPARTS CORP.; PRESSTEK, LLC; PRICE PFISTER *NKA* PFISTER; PRINTED CIRCUITS, INC.; PRODUCTS RESEARCH & CHEMICAL CORP.; PROTO TOOL;

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

PURE SOURCE LLC; PUREX CORP.; PUREX INDUSTRIES, INC.; PYROTRONICS CORPORATION; QARBON AEROSPACE INC.; RACHELLE LABORATORIES, INC.; RALPH M. PARSONS CO.; RB&W MANUFACTURING LLC; REDKEN LABORATORIES INC.; REISNER METALS; REPLACEMENT PARTS MANUFACTURING; REXAM BEVERAGE CAN COMPANY; REYES COCA-COLA BOTTLING, L.L.C.; RICHARDSON & HOLLAND; RICOH ELECTRONICS, INC.; RICOH PRINTING SYSTEMS AMERICA INC.; RIO TINTO ALCAN INC.; ROBERT MANUFACTURING COMPANY; ROLLER BEARING COMPANY OF AMERICA, INC.; ROYAL ALUMINUM CO.; RUSSELL BURDSALL & WARD INC.; S.J. JOHNSON & SON, INC.; SAFEWAY STORES INC.; SAFRAN SEATS USA LLC; SAN DIEGO PIPELINE COMPANY; SANDIA METAL PROCESS, INC.; SARGENT INDUSTRIES; SCHLUMBERGER, LTD.; SCHLUMBERGER N.V.; SEMGROUP CORPORATION; SHARED TECHNOLOGIES FAIRCHILD TELECOM, INC.; SHUWA INVESTMENTS CORP.; SIERRA PACIFIC CONTAINER CORP.; SMITH & CO.; SOMACIS INC.; SONY PICTURES ENTERTAINMENT INC.; SOUTHERN PACIFIC PIPE LINES, INC.; SOUTHERN SERVICE COMPANY; SOUTHWEST PETRO CHEMICAL; SOUTHWEST STEEL ROLLING MILLS;  STANDARD BRANDS PAINT CO. INC.; STANDARD INDUSTRIAL TOWEL & UNIFORM; STANDARD MOTOR PRODUCTS, INC.; STRUCTURAL COMPOSITE INDUSTRIES; T.P. INDUSTRIAL INC.; TDY

INDUSTRIES, LLC; TELAIR US LLC; TENNECO OIL CO.; TFI INTERNATIONAL INC.; THE MARMON GROUP LLC; THE MARTIN LINEN SUPPLY COMPANY; THE TIMES MIRROR COMPANY; THE TERMO COMPANY; THOMPSON DRILLING; THOMPSON ENERGY RESOURCES, LLC; TIMES MIRROR PRESS;  TOYOTA MOTOR MANUFACTURING USA; TRANSMIX CORPORATION; TRE CORP.; TRIBUNE PUBLISHING COMPANY; TRIMAS CORPORATION; TRIUMPH GROUP OPERATIONS; TRIUMPH THERMAL SYSTEMS, LLC; TRIZEC PROPERTIES; TROJAN BATTERY CO; TRUCK TRANSPORT; TRUCKOMAT CORPORATION; TRZ HOLDINGS IV LLC; U.S. BORAX & CHEMICAL CORP.; U.S. BORAX, INC.; U.S. BRASS DIVISION; U.S. REDUCTION CO.; ULTRAMAR INC.; UNFI GROCERS DISTRIBUTION, INC.; UNITED COATINGS INC.; USG CORPORATION; VALENTEC INTERNATIONAL CORP.; VALERO ENERGY CORPORATION; VAN DE KAMP; VARCO INTERNATIONAL; VEST, INC. VF CORPORATION; VONS COMPANIES INC.; VOUGHT AIRCRAFT INDUSTRIES INC.; W.L. CHAPMAN CO.; WEBER AIRCRAFT; WELLS MARINE INC.; WESLOCK CORP.; WESTERN KRAFT CORP.; WESTERN LITHOGRAPH; WESTERN SYNTHETIC FELT CO.; WESTMINSTER CERAMICS INC.; WHICO MACHINE, INC.; WHITTAKER CORP.; WINDOWMASTER PRODUCTS; WITCO CORPORATION; WOODWARD HRT, INC.; WYMAN-

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  GORDON COMPANY; XTRA
2  ENERGY; YOPLAIT USA; ZIMMER
   SERVICE CENTER; and DOES 1-10,
3
4          Defendants.

1    Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE

2    LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER

3    CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING

4    COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON

5    ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE

6    PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY &

7    OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN

8    AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON

9    MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL

10   DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL

11   CORPORATION; HEWLETT-PACKARD COMPANY; AMERICAN

12   HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY;

13   LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY

14   KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORP.

15   OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL,

16   INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP

17   GRUMMAN SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO,

18   INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY;

19   ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH

20   INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON

21   COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER

22   MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE

23   MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY;

24   UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD

25   (FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION

26   COMPANY); UNITED STATES STEEL CORPORATION; RTX

27   CORPORATION; UNIVAR SOLUTIONS USA LLC; AMERON

28   INTERNATIONAL CORPORATION; AND XEROX CORPORATION

(collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

### STATEMENT OF THE CASE

1.      This is a civil action for cost recovery and contribution under Sections 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and for contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 78000 et seq.,[1] relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.

2.      The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[2] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.

---

[1] Effective January 1, 2024, the California Legislature recodified and reorganized the HSAA without substantive changes. (2022 Cal. Legis. Serv. Ch. 257 (Assem. Bill No. 2293).
[2] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 820, 825, 830 and 835, respectively.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

3.     The State of California has alleged in a series of three complaints filed against some or all of the Plaintiffs[3] that it has incurred response costs in connection with actions taken in response to releases or threatened releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a defendant herein at paragraphs 64 - 452 and Does 1-10 (collectively referred to herein as "Defendants" or individually as "Defendant") generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.

4.     Plaintiffs seek to recover from each Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

5.     Plaintiffs also seek contribution from each Defendant pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary response costs incurred and to be incurred by Plaintiffs pursuant to, as applicable to each Defendant, the First, Second, Third Partial and/or Amended Third Partial Consent Decrees in a manner consistent with the NCP for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

6.     Plaintiffs further seek a declaration as to each Defendant's liability and associated allocation of past and future response costs in accordance with Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade*

---

[3] The three complaints are described in more detail in paragraphs 819, 824 and 829, *infra*.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

*Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent action or actions brought by Plaintiffs against the Defendants to recover further response costs.

7.    Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 78000 et seq., and Cal. Health and Safety Code § 79670 for past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the NCP to address releases or threatened releases of Hazardous Substances at and from the BKK Class I Facility.

8.    Plaintiffs are also entitled to complete or partial indemnity from Defendants for all costs incurred or to be incurred at the BKK Class I Facility, pursuant to the doctrine of equitable indemnification.

9.    A sub-set of Plaintiffs who allege they have reimbursed entities or directly paid for and participated in directing response actions on behalf of other entities (including other Plaintiffs) that have incurred past, necessary response costs, including pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP, for response activities undertaken at and in relation to the BKK Class I Facility, assert subrogated cost recovery and contribution claims against each Defendant pursuant to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common law equitable subrogation.

10.    Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and California Code of Civil Procedure §1060 setting forth the parties' rights and obligations toward one another for future costs incurred to address contamination at or from the BKK Class I Facility.

11.    The BKK Working Group has incurred or is committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility, and the total cost of necessary response actions to fully remediate the BKK

1    Class I Facility was estimated by the State of California Department of Toxic

2    Substances Control ("DTSC") in 2020 to be $869,286,436.  Each Defendant has

3    declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not

4    entered into, a tolling agreement to facilitate settlement discussions, necessitating

5    this lawsuit to resolve Defendants' liabilities.

6                                    **JURISDICTION**

7         12.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331

8    and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction

9    over the subject matter of the claims made under state law in this action under 28

10   U.S.C. § 1367(a) because the claims under state law arise out of the same common

11   nucleus of facts as the federal question jurisdiction claims set forth in this Twelfth

12   Amended Complaint, and they are so closely related to the actions brought under

13   federal law that they form part of the same case or controversy.

14                                      **VENUE**

15        13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

16   because a substantial part of the events giving rise to this action occurred within

17   this District and because the BKK Class I Facility is located within this District.

18        14.    Venue is also proper in this District pursuant to Section 113(b) of

19   CERCLA, 42 U.S.C. § 9613(b), because both the releases occurred and the

20   response costs were occurred in this District.

21                                    **PLAINTIFFS**

22        15.    The BKK Working Group, also known as the BKK Joint Defense

23   Group, is an unincorporated association of entities of the type described in Federal

24   Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The

25   BKK Working Group currently includes the Plaintiffs identified in paragraphs 16-

26   63 below as members, which assert the claims in this Twelfth Amended Complaint

27   on their own behalf and as assignees of the claims at the BKK Class I Facility of

28   the following entities that are also BKK Working Group members: Baker Petrolite

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid (collectively referred to as the "Member Assignors"). The BKK Working Group is also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility of the Member Assignors.  Plaintiffs are working together towards the common objective of addressing conditions at the BKK Class I Facility in cooperation with state and federal agencies.  Each Plaintiff has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.  The BKK Working Group, and each of its individual members, is a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

16.     Plaintiff Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Anadarko E&P Onshore LLC, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs in a manner consistent with the NCP, at the BKK Class I Facility.

17.     Plaintiff Ashland Inc. is a corporation organized under the laws of the State of Kentucky and authorized to do business in the State of California.  Ashland Inc. is the corporate successor of Ashland Chemical Company and, for the matters set forth herein, the assignee of Filtrol's claims in the litigation.  The State of California has alleged that Ashland Chemical Company and Filtrol Corporation are Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.

1    Ashland Inc. and Filtrol Corporation are members of the BKK Working Group and

2    as members of the BKK Working Group have incurred costs, including response

3    costs consistent with the NCP, at the BKK Class I Facility.  Filtrol has assigned all

4    of its rights, claims and interests relevant hereto to Ashland Inc.

5        18.    Plaintiff Atlantic Richfield Company is a corporation organized under

6    the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

7    Company, or its corporate predecessor(s), was and is authorized to do business, and

8    was and is doing business, in California.  The State of California has alleged that

9    Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous

10   Substance at the BKK Class I Facility, as those terms are described in section

11   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a

12   member of the BKK Working Group and as a member of the BKK Working Group

13   has incurred costs, including response costs consistent with the NCP, at the BKK

14   Class I Facility.

15       19.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the

16   laws of the State of Delaware. At all times referred to herein, Bayer CropScience

17   Inc., or its corporate predecessor(s), was and is authorized to do business, and was

18   and is doing business, in California.  The State of California has alleged that

19   Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous

20   Substance at the BKK Class I Facility, as those terms are described in section

21   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of

22   the BKK Working Group, has incurred costs, including response costs consistent

23   with the NCP, at the BKK Class I Facility.

24       20.    Plaintiff Big Heart Pet Brands is a corporation organized under the

25   laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands,

26   or its corporate predecessor(s), was and is authorized to do business, and was and is

27   doing business, in California.  The State of California has alleged that the assignee

28   to the successor in interest to certain liability of H.J. Heinz Company, arranged for

18

the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Big Heart Pet Brands is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

21.    Plaintiff The Boeing Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Boeing Company, or its corporate predecessor(s) or affiliates, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Boeing Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a member, The Boeing Company has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

22.    Plaintiff California Resources Corporation is a corporation organized under the laws of the State of Pennsylvania. At all times referred to herein, California Resources Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff California Resources Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff California Resources Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

23.    Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred

1    to herein, Chevron Environmental Management Company, or its corporate

2    affiliate(s), was and is authorized to do business, and was and is doing business, in

3    California.  The State of California has alleged that certain corporate affiliates of

4    Plaintiff Chevron Environmental Management Company arranged for the disposal

5    of a Hazardous Substance at the BKK Class I Facility, as those terms are described

6    in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron

7    Environmental Management Company is a member of the BKK Working Group

8    and as a member of the BKK Working Group has incurred costs, including

9    response costs consistent with the NCP, at the BKK Class I Facility.

10        24.    Plaintiff Chevron Marine Products LLC is a limited liability company

11    organized under the laws of the State of Delaware.  At all times referred to herein,

12    Chevron Marine Products LLC, or its corporate predecessor(s), was and is

13    authorized to do business, and was and is doing business, in California.  The State

14    of California has alleged that Plaintiff Chevron Marine Products LLC arranged for

15    the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

16    are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

17    Chevron Marine Products LLC is a member of the BKK Working Group and as a

18    member of the BKK Working Group has incurred costs, including response costs

19    consistent with the NCP, at the BKK Class I Facility.

20        25.    Reserved.

21        26.    Plaintiff ConocoPhillips Company is a corporation organized under the

22    laws of the State of Delaware. At all times referred to herein, ConocoPhillips

23    Company, or its corporate predecessor(s), was and is authorized to do business, and

24    was and is doing business, in California.  The State of California has alleged that

25    Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous

26    Substance at the BKK Class I Facility, as those terms are described in section

27    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a

28    member of the BKK Working Group and as a member of the BKK Working Group

1  has incurred costs, including response costs consistent with the NCP, at the BKK

2  Class I Facility.

3       27.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the

4  laws of the State of California. At all times referred to herein, Crosby & Overton,

5  Inc., or its corporate predecessor(s), was and is authorized to do business, and was

6  and is doing business, in California.  The State of California has alleged that

7  Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous

8  Substance at the BKK Class I Facility, as those terms are described in section

9  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a

10 member of the BKK Working Group and as a member of the BKK Working Group

11 has incurred costs, including response costs consistent with the NCP, at the BKK

12 Class I Facility.

13      28.    Plaintiff The Dow Chemical Company is a corporation organized

14 under the laws of the State of Delaware. At all times referred to herein, The Dow

15 Chemical Company, or its corporate predecessor(s), was and is authorized to do

16 business, and was and is doing business, in California.  The State of California has

17 alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a

18 Hazardous Substance at the BKK Class I Facility, as those terms are described in

19 section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical

20 Company is a member of the BKK Working Group and as a member of the BKK

21 Working Group has incurred costs, including response costs consistent with the

22 NCP, at the BKK Class I Facility.

23      29.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized

24 under the laws of the State of Delaware. At all times referred to herein, Ducommun

25 Aerostructures, Inc., or its corporate predecessor(s), was and is authorized to do

26 business, and was and is doing business, in California.  The State of California has

27 alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a

28 Hazardous Substance at the BKK Class I Facility, as those terms are described in

section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun

Aerostructures, Inc. is a member of the BKK Working Group and as a member of

the BKK Working Group has incurred costs, including response costs consistent

with the NCP, at the BKK Class I Facility.

30.  Plaintiff Essex Chemical Corporation is a corporation organized under

the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical

Corporation, or its corporate predecessor(s), was and is authorized to do business,

and was and is doing business, in California.  The State of California has alleged

that Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous

Substance at the BKK Class I Facility, as those terms are described in section

107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is

a member of the BKK Working Group and as a member of the BKK Working

Group has incurred costs, including response costs consistent with the NCP, at the

BKK Class I Facility.

31.  Plaintiff Exxon Mobil Corporation is a corporation organized under

the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil

Corporation, or its corporate predecessor(s), was and is authorized to do business,

and was and is doing business, in California.  The State of California has alleged

that Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous

Substance at the BKK Class I Facility, as those terms are described in section

107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a

member of the BKK Working Group and as a member of the BKK Working Group

has incurred costs, including response costs consistent with the NCP, at the BKK

Class I Facility.

32.  Plaintiff Gemini Industries, Inc. is a corporation organized under the

laws of the State of California. At all times referred to herein, Gemini Industries,

Inc. or its corporate predecessor(s), was and is authorized to do business, and was

and is doing business, in California.  The State of California has alleged that

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Plaintiff Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Gemini Industries, Inc. is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

33.    Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware.  During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California.  The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

34.    Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

1       35.     Plaintiff Hewlett-Packard Company is a corporation organized under
2    the laws of the State of Delaware. At all times referred to herein, Hewlett-Packard
3    Company, or its corporate predecessor(s), was and is authorized to do business, and
4    was and is doing business, in California.  The State of California has alleged that
5    Plaintiff Hewlett-Packard Company arranged for the disposal of a Hazardous
6    Substance at the BKK Class I Facility, as those terms are described in section
7    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Hewlett-Packard Company is a
8    member of the BKK Working Group and as a member of the BKK Working Group
9    has incurred costs, including response costs consistent with the NCP, at the BKK
10   Class I Facility.

11      36.     Plaintiff American Honda Motor Co., Inc. is a corporation organized
12   under the laws of the State of California. At all times referred to herein, American
13   Honda Motor Co., Inc. was and is authorized to do business, and was and is doing
14   business, in California.  The State of California has alleged that Plaintiff American
15   Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the
16   BKK Class I Facility, as those terms are described in section 107(a) of CERCLA,
17   42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK
18   Working Group and as a member of the BKK Working Group has incurred costs,
19   including response costs consistent with the NCP, at the BKK Class I Facility.

20      37.     Plaintiff Huntington Beach Company is a corporation organized under
21   the laws of the State of California. At all times referred to herein, Huntington Beach
22   Company, or its corporate predecessor(s), was and is authorized to do business, and
23   was and is doing business, in California.  The State of California has alleged that
24   Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous
25   Substance at the BKK Class I Facility, as those terms are described in section
26   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is
27   a member of the BKK Working Group and as a member of the BKK Working

28

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

38.    Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

39.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

40.    Plaintiff Montrose Chemical Corp. of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corp. of California, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corp. of California arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Montrose Chemical Corp. of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

41.    Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

42.    Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

43.    Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff National Steel and Shipbuilding

Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff National Steel and Shipbuilding Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

44.    Plaintiff Northrop Grumman Systems Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Northrop Grumman Systems Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Northrop Grumman Systems Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Northrop Grumman Systems Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

45.    Plaintiff Oxy USA Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Oxy USA Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Oxy USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Oxy USA Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

46.    Plaintiff Quemetco, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

47.    Plaintiff Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

48.    Plaintiff Rohm & Haas Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Rohm & Haas Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

49.     Plaintiff Rohr, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

50.     Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

51.     Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   has incurred costs, including response costs consistent with the NCP, at the BKK

2   Class I Facility

3       52.    Plaintiff Southern California Edison Company is a corporation

4   organized under the laws of the State of California. At all times referred to herein,

5   Southern California Edison Company, or its corporate predecessor(s), was and is

6   authorized to do business, and was and is doing business, in California.  The State

7   of California has alleged that Plaintiff Southern California Edison Company

8   arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as

9   those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10  Plaintiff Southern California Edison Company is a member of the BKK Working

11  Group and as a member of the BKK Working Group has incurred costs, including

12  response costs consistent with the NCP, at the BKK Class I Facility.

13      53.    Plaintiff Southern California Gas Company is a corporation organized

14  under the laws of the State of California. At all times referred to herein, Southern

15  California Gas Company, or its corporate predecessor(s), was and is authorized to

16  do business, and was and is doing business, in California.  The State of California

17  has alleged that Plaintiff Southern California Gas Company arranged for the

18  disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are

19  described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern

20  California Gas Company is a member of the BKK Working Group and as a member

21  of the BKK Working Group has incurred costs, including response costs consistent

22  with the NCP, at the BKK Class I Facility.

23      54.    Plaintiff Stauffer Management Company LLC is a limited liability

24  corporation organized under the laws of the State of Delaware.  At all times referred

25  to herein, Stauffer Management Company LLC was and is authorized to do

26  business, and was and is doing business, in California.  Stauffer Management

27  Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through

28  this legal obligation, has paid the costs incurred by Bayer CropScience, Inc. and has

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    participated in directing remediation efforts as an agent for Bayer CropScience, Inc.

2    at the BKK Class I Facility.  Stauffer Management Company LLC also is an

3    assignee to the subrogation and other rights or causes of action Syngenta Crop

4    Protection, LLC, a Delaware limited liability company, may have as a result of

5    reimbursements it has made to Stauffer Management Company LLC for costs paid

6    for by Stauffer Management Company LLC in connection with the BKK Class I

7    Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer

8    Management Company LLC submitted demands to Defendants as contemplated by

9    CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is

10    used in the statute.  Although Stauffer Management Company LLC and Syngenta

11    Crop Protection, LLC are not members of the BKK Working Group, because the

12    costs they have incurred result directly from Bayer CropScience's participation in

13    the BKK Working Group, for purposes of the allegations in this Twelfth Amended

14    Complaint relating to the incurrence of costs, the term "BKK Working Group"

15    includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

16         55.    Plaintiff The Procter & Gamble Manufacturing Company is a

17    corporation organized under the laws of the State of Ohio.  At all times referred to

18    herein, The Procter & Gamble Manufacturing Company, or its corporate

19    predecessor(s), was and is authorized to do business, and was and is doing business,

20    in California.  The State of California has alleged that Plaintiff The Procter &

21    Gamble Manufacturing Company arranged for the disposal of a Hazardous

22    Substance at the BKK Class I Facility, as those terms are described in section

23    107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble

24    Manufacturing Company is a member of the BKK Working Group and as a

25    member of the BKK Working Group has incurred costs, including response costs

26    consistent with the NCP, at the BKK Class I Facility.

27         56.    Plaintiff THUMS Long Beach Company is a corporation organized

28    under the laws of the State of Delaware.  At all times referred to herein, THUMS

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Long Beach Company, or its corporate predecessor(s), was and is authorized to do

2  business, and was and is doing business, in California.  The State of California has

3  alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a

4  Hazardous Substance at the BKK Class I Facility, as those terms are described in

5  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach

6  Company is a member of the BKK Working Group and as a member of the BKK

7  Working Group has incurred costs, including response costs consistent with the

8  NCP, at the BKK Class I Facility.

9      57.    Plaintiff Union Carbide Corporation is a corporation organized under

10  the laws of the State of New York. At all times referred to herein, Union Carbide

11  Corporation, or its corporate predecessor(s), was and is authorized to do business,

12  and was and is doing business, in California.  The State of California has alleged

13  that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous

14  Substance at the BKK Class I Facility, as those terms are described in section

15  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a

16  member of the BKK Working Group and as a member of the BKK Working Group

17  has incurred costs, including response costs consistent with the NCP, at the BKK

18  Class I Facility.

19      58.    Plaintiff Union Pacific Railroad (formerly known as Southern Pacific

20  Transportation Company) is a corporation organized under the laws of the State of

21  Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate

22  predecessor(s), was and is authorized to do business, and was and is doing business,

23  in California.  The State of California has alleged that Plaintiff Union Pacific

24  Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I

25  Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

26  9607(a).  Plaintiff Union Pacific Railroad is a member of the BKK Working Group

27  and as a member of the BKK Working Group has incurred costs, including

28  response costs consistent with the NCP, at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

59.    Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff United States Steel Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

60.    Plaintiff RTX Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, RTX Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff RTX Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff RTX Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

61.    Plaintiff Univar Solutions USA LLC (f/k/a Univar Solutions USA Inc. and Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar Solutions USA Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Univar USA LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Univar Solutions USA LLC is a member of the BKK

Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

62.     Plaintiff Ameron International Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ameron International Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Ameron International Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

63.     Plaintiff Xerox Corporation is a corporation organized under the laws of the State of New York.  At all times referred to herein, Xerox Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Xerox  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Xerox Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

## DEFENDANTS

64.     Defendants are: A.B. Dick Co.; Aamco Transmissions; AAR Corp.; ACH Food Companies, Inc.; Advanced Coatings Inc.; Aerosol Services Co. Inc.; Air Industries Corp.; Air Liquide America LP; Albertsons Companies, Inc.; Alkid Corporation; Alpha Technologies Group, Inc.; Amcord, Inc.; American Appliance Manufacturing Corp.; American Can Company; American Chemical & Refining; American Pacific International Inc.; American Scientific Products; American Tool

& Engineering Corp.; Ameripride Services, LLC; AMF Tubescope Inc.; Anchor Operating, Inc.; Andrew California Corp.; Angelica Textile Services Inc.; Anodyne Inc.; Apex International Alloys; Applied Magnetics Corp.; Argo Petroleum Corp.; Arrowhead Mountain Spring Water Company; Arnold Circuits, Inc.; Arnold Engineering Co.; Atomica Corp.; Axel Johnson, Inc.; AZON Corporation; B. Jadow and Sons, Inc.; BAE Systems San Diego Ship Repair Inc.; Bausch Health Americas, Inc.; Baxter International Inc.; Beatrice/Hunt-Wesson, Inc.; Beazer East, Inc.; Beckman Coulter Inc.; Bernard Epps & Co.; Bethlehem Steel Corp.; Beverly Hills Oil Company; BFI XV Realty Fund Ltd.; Big Three Industries Inc.; Bingo Management, Inc. dba Zinger Management, Inc.; Birtcher Pacific; Bostik, Inc.; Brooks & Perkins Brownline Division; Bulk Services, Inc.; Bunge Oils, Inc.; Byron Jackson Pumps; Cal-Aurum Industries; Cal-Chem Cleaning Co., Inc.; Cal Nev Pipeline Co.; Cal Style Furniture Manufacturing Co.; Cali-Blok; California Carpet Co.; Calgon Carbon Corporation; Calprotech Inc.; Capital Parade USA, Inc.; Cargill Inc.; Castle & Cooke, Inc.; Cemex, Inc.; Cerro Corporation; Certified Grocers of Cal.; Cia Minera De Cananea SA; Circuit One Div. of LH Research Inc.; Cleveland Wrecking Co.; Coast Plating, Inc.; Cognis Corp.; Columbia Pictures; Conagra Brands, Inc.; Control Components Inc.; Coscol Petroleum Corporation; Cragar Industries; Crain Industries, Inc. Crain Western, Inc.; Crescent Transportation; Criton Corporation; Crockett Container Corp.; Crowley Inc.; Crown Central LLC; Crown Central Petroleum Corporation;  Crown Zellerbach Co.; CSS Investment Company; Cummins Service & Sales Inc.; CW Liquidating Corporation; Cyclo Products, Inc.; Daiwa Corp.; Darnell Caster LLC; Darnell Corp.; Darnell-Rose; Dart Industries Inc.; Data Products Corp.; Davis Investment Co.; Davro, Inc.; DCS Diversified Coating Systems, Inc.; Decratrend Corp.; Delaware Arrowhead Products Corporation; Delaware Outsourcing Services Group, Inc.; Delek US Holdings, Inc.; Denso Products and Services Americas, Inc.; Desoto Inc.; Devon Energy Corp.; Diamond International Corp.; Disposal Control Service,

1  Inc.; Don Kott Ford; Drackett Co.; Durex Inc.; E.T.C. Carpet Mills, Ltd.; ElFab

2  Corp.; Electronic Materials Corp.; Electro-Etch Circuits Inc.; Elevate Textiles, Inc.;

3  Emerald Equities; Emerald Equities, I; Emery Industries Inc.; Employbridge LLC;

4  Emrise Electronics Corp.; Energy Development Co. Inc.; Energy Development

5  Corp.; Energy Transfer LP; Enliven Marketing Technologies Corporation; Enviri

6  Corporation; Environmental Control Systems Inc.; Epec Oil Co. Liquidating Trust;

7  Evergreen Pacific Partners; Fairchild Industries; Fairchild Semiconductor

8  International, Inc.; Federal Express Corporation; Federal Reserve Bank; Fletcher

9  Oil & Refining Co.; Flight Accessory Service; Flint Hills Resources, L.P.;

10  Flowserve Corporation; Fotomat Labs Inc.; Flying Tigers Line; FORCO

11  Liquidation Trust; Franciscan Ceramics Inc.; Frazee Industries; FMC Corporation;

12  Foster-Forbes Glass Co.; Frontier California, Inc.; Furukawa Electric North

13  America, Inc.; G.W.A. Inc.; Gates Admiral; GATX; GATX Corp.; GATX

14  Terminals Corp.; GE Betz, Inc.; General Battery Corp.; General Mills, Inc.; General

15  Telephone Co.; Genstar Roofing Products Company, Inc.; Georgia-Pacific LLC;

16  Gerald Metals, Inc.; GK Technologies, Incorporated; Glass Containers Corp.; Gold-

17  Pak International, Inc.; Greer Hydraulics Inc.; Grupo Mexico SAB de CV;

18  Hallmark Circuits Inc.; Handy & Harman; Harbans Bawa and Barinder Bawa As

19  Trustees of the Bawa Family Trust; Hawker Pacific Aerospace; Heist Maintenance

20  Services Inc.; Henry Company LLC; Henry Soss & Co. Inc.; Heraeus Metal

21  Processing, Inc.; Herco Technology Corp.; Hess Corporation; Hill Brothers

22  Chemical Co.; Hillcrest Beverly Oil Corp.; Hoffman Electronics; Hollytex Carpet

23  Mills, Inc.; Howmet Aerospace Inc.; Hoya Corporation USA; HR Textron Inc.;

24  HTW Industries Inc.; Humko Products; Huntington/Pacific Ceramics, Inc.;

25  Hutchinson Aerospace & Industry, Inc.; ICN Pharmaceuticals; ICX Industries, Inc.;

26  Imco Services; IMI Critical Engineering LLC; Industrial Circuits; Industrial

27  Insulations Incorporated; Industrial Tectonics Bearings Corporation; Inland

28  Container Corp.; Inland Paperboard and Packaging, Inc.; International Polymer

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Corp.; I.T. Corp.; ITT LLC; J.C. Inc.; JCI Environmental Services; Jeld-Wen, Inc.; Jenn Feng Industrial Tools Co., Ltd.; Jerseymaid Milk Products, Inc.; Johnson Controls Inc.; Johnston Pump Co.; Jonathan Manufacturing Corp.; Joslyn Manufacturing & Supply Co.; Joslyn Manufacturing Company, LLC; Kaiser Rollmet Inc.; Kaynar Manufacturing Co.; Keuffel & Esser Co.; Kinder Morgan Energy Partners, L.P.; Kinder Morgan Liquids Terminals LLC; King Resources, Inc.; Knights J3, Inc.; Koch Fuels, Inc.; Konica Photo Service U.S.A., Inc.; Korbel Capital LLC; Kraft Heinz Foods Company; Krazy Glue Inc.; KSI Disc Products, Inc.; L.A. Gauge Company, Inc.; Less Hassle, Inc.; Lockhart Industries; Long Beach Fabricators Inc.; Lonza Inc.; Lucky Stores Inc.; Lucky Stores LLC; LTI Holdings, Inc.; M-I L.L.C. *aka* and/or *dba* M-I Swaco; Manhattan Beach Holding Corp.; Marco Chemical Co.; Marcor Environmental, Inc.; Marten Management Co.; Martin Marietta Southern California Aggregates, LLC; Masco Corporation; Mazda Motor of America, Inc.; Mazda North America; MCA Laboratories; McCulloch Corp.; McKay Chemical Co.; Mead Johnson & Company; Merchants Metals LLC; Merel Co. Inc.; Metal Box Can; MGF Industries;  Monogram/Peacock Manufacturing; Mosaic Global Holdings Inc.; Mr. Gasket Company; MRC Holdings, Inc.; Narmco Materials Inc.; NavCom Defense Electronics, Inc.; NEC Liquidation Corp.; New Bristol Farms, Inc.; New Fashion Cleaners; Nippondenso of Los Angeles; North American Environmental; Novartis Corp.; Orange County Sanitation District; Pacific Anchor Chemical Corp.; Pacific Intermountain Express; Pacific Oasis; Pacific Southwest Airlines; Pactiv LLC; Paint & Coatings Corp.; Panel Air Corp.; Parsons Corporation; Pauley Petroleum Co.; PCC Flow Technologies Holdings, Inc.; PCC Rollmet, Inc.; Peairs Engineers; Peat Manufacturing Co.; Pervo International, Inc.; Petro Lewis Corp.; PGP Industries Inc.; Pioneer Electronics (USA) Inc.; Pillsbury Co.; PRC–DeSoto International Inc.; Precision Castparts Corp.; Presstek, LLC; Price Pfister *nka* Pfister; Printed Circuits, Inc.; Products Research & Chemical Corp.; Proto Tool; Pure Source LLC;

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Purex Corp.; Purex Industries, Inc.; Pyrotronics Corporation; Qarbon Aerospace Inc.; Rachelle Laboratories, Inc.; Ralph M. Parsons Co.; RB&W Manufacturing LLC; Redken Laboratories Inc.; Reisner Metals; Replacement Parts Manufacturing; Rexam Beverage Can Company; Reyes Coca-Cola Bottling, L.L.C.; Richardson & Holland; Ricoh Electronics, Inc.; Ricoh Printing Systems America Inc.; Rio Tinto Alcan Inc.; Robert Manufacturing Company; Roller Bearing Company of America, Inc.; Royal Aluminum Co.; Russell Burdsall & Ward Inc.; S.C. Johnson & Son, Inc.; Safeway Stores Inc.; Safran Seats USA LLC; San Diego Pipeline Company; Sandia Metal Process, Inc.; Sargent Industries; Schlumberger, Ltd.; Schlumberger N.V.; SemGroup Corporation; Shared Technologies Fairchild Telecom, Inc.; Shuwa Investments Corp.; Sierra Pacific Container Corp.; Smith & Co.; Somacis Inc.; Sony Pictures Entertainment Inc.; Southern Pacific Pipe Lines, Inc.; Southern Service Company; Southwest Petro Chemical; Southwest Steel Rolling Mills; Standard Brands Paint Co. Inc.; Standard Industrial Towel & Uniform; Standard Motor Products, Inc.; Structural Composite Industries; T.P. Industrial Inc.; TDY Industries, LLC; Telair US LLC; Tenneco Oil Co.; TFI International Inc.; The Marmon Group LLC; The Martin Linen Supply Company; The Times Mirror Company; The Termo Company; Thompson Drilling; Thompson Energy Resources, LLC; Times Mirror Press; Toyota Motor Manufacturing USA; Transmix Corporation; TRE Corp.; Tribune Publishing Company; TriMas Corporation; Triumph Group Operations; Triumph Thermal Systems, LLC; Trizec Properties; Trojan Battery Co.; Truck Transport; Truckomat Corporation; TRZ Holdings IV LLC; U.S. Borax & Chemical Corp.; U.S. Borax, Inc.; U.S. Brass Division; U.S. Reduction Co.; Ultramar Inc.; UNFI Grocers Distribution, Inc.; United Coatings Inc.; USG Corporation; Valentec International Corp.; Valero Energy Corporation; Van De Kamp; Varco International; Vest, Inc.; VF Corporation; Vons Companies Inc.; Vought Aircraft Industries Inc.; W.L. Chapman Co.; Weber Aircraft; Wells Marine Inc.; Weslock Corp.; Western Kraft Corp.;

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Western Lithograph; Western Synthetic Felt Co.; Westminster Ceramics Inc.;

2   Whico Machine, Inc.; Whittaker Corp.; Windowmaster Products; Witco

3   Corporation; Woodward HRT, Inc.; Wyman-Gordon Company; Xtra Energy;

4   Yoplait USA; Zimmer Service Center; and Does 1-10.

5        65.    According to historical BKK Corp. records, Defendant A. B. Dick Co.

6   contributed manifested waste to the BKK Class I Facility.  This manifested waste

7   contained Hazardous Substances that Defendant A. B. Dick Co. generated and/or

8   arranged for its disposal at the BKK Class I Facility.  To date, Defendant A. B.

9   Dick Co. has not incurred any response costs at the BKK Class I Facility nor has it

10  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

11  Facility.

12       66.    According to historical BKK Corp. records, Defendant Aamco

13  Transmissions contributed manifested waste to the BKK Class I Facility.  This

14  manifested waste contained Hazardous Substances that Defendant Aamco

15  Transmissions generated and/or arranged for its disposal at the BKK Class I

16  Facility.  To date, Defendant Aamco Transmissions has not incurred any response

17  costs at the BKK Class I Facility nor has it paid its fair share of response costs

18  incurred by the Plaintiffs at the BKK Class I Facility.

19       67.    Upon information and belief, Defendant AAR Corp. is the successor to

20  Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste

21  that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline

22  Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline

23  Division contributed manifested waste to the BKK Class I Facility. This manifested

24  waste contained Hazardous Substances that Brooks & Perkins Brownline Division

25  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

26  Defendant AAR Corp. has not incurred any response costs at the BKK Class I

27  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

28  the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

68.     Upon information and belief, Defendant ACH Food Companies, Inc. is the successor to Humko Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Humko Products.  According to historical BKK Corp. records, Humko Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Humko Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant ACH Food Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

69.     According to historical BKK Corp. records, Defendant Advanced Coatings Inc. (previously identified in this action and the related action as Advanced Coating Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Advanced Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Advanced Coatings Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

70.     According to historical BKK Corp. records, Defendant Aerosol Services Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aerosol Services Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

71.     According to historical BKK Corp. records, Defendant Air Industries Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Air Industries Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

1    Defendant Air Industries Corp. has not incurred any response costs at the BKK

2    Class I Facility nor has it paid its fair share of response costs incurred by the

3    Plaintiffs at the BKK Class I Facility.

4        72.    Upon information and belief, Defendant Air Liquide America LP is the

5    successor to Big Three Industries Inc. and/or otherwise liable for manifested waste

6    that was contributed to the BKK Class I Facility by Big Three Industries Inc.

7    According to historical BKK Corp. records, Big Three Industries Inc. contributed

8    manifested waste to the BKK Class I Facility. This manifested waste contained

9    Hazardous Substances that Big Three Industries Inc. generated and/or arranged for

10   its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America

11   LP has not incurred any response costs at the BKK Class I Facility nor has it paid

12   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

13       73.    Upon information and belief, Defendant Albertsons Companies, Inc. is

14   the successor to Albertson's Inc. and/or Lucky Stores Inc. and/or otherwise liable

15   for manifested waste that was contributed to the BKK Class I Facility by

16   Albertson's Inc. and/or Lucky Stores Inc.  According to historical BKK Corp.

17   records, Albertson's Inc. and Lucky Stores Inc. contributed manifested waste to the

18   BKK Class I Facility. This manifested waste contained Hazardous Substances that

19   Albertson's Inc. and Lucky Stores Inc. generated and/or arranged for its disposal at

20   the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not

21   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

22   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

23       74.    Upon information and belief, Defendant Alkid Corporation is the

24   successor to Peat Manufacturing Co. and/or Cragar Industries and/or otherwise

25   liable for manifested waste that was contributed to the BKK Class I Facility by Peat

26   Manufacturing Co. and/or Cragar Industries.  According to historical BKK Corp.

27   records, Peat Manufacturing Co. and Cragar Industries contributed manifested

28   waste to the BKK Class I Facility. This manifested waste contained Hazardous

1  Substances that Peat Manufacturing Co. and Cragar Industries generated and/or
2  arranged for its disposal at the BKK Class I Facility. To date, Defendant Alkid
3  Corporation has not incurred any response costs at the BKK Class I Facility nor has
4  it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
5  Facility.

6          75.    Upon information and belief, Defendant Alpha Technologies Group,
7  Inc. is the successor to Lockhart Industries and/or otherwise liable for manifested
8  waste that was contributed to the BKK Class I Facility by Lockhart Industries.
9  According to historical BKK Corp. records, Lockhart Industries contributed
10 manifested waste to the BKK Class I Facility. This manifested waste contained
11 Hazardous Substances that Lockhart Industries generated and/or arranged for its
12 disposal at the BKK Class I Facility. To date, Defendant Alpha Technologies
13 Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its
14 fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15         76.    According to historical BKK Corp. records, Defendant Amcord, Inc.
16 (formerly dba Riverside Cement Co. and previously identified in this action and the
17 related action as Riverside Cement Co.) is the successor to Riverside Cement Co.
18 and/or otherwise liable for manifested waste that was contributed to the BKK Class
19 I Facility by Riverside Cement Co.  According to historical BKK Corp. records,
20 Riveride Cement Co. contributed manifested waste to the BKK Class I Facility.
21 This manifested waste contained Hazardous Substances that Riverside Cement Co.
22 generated and/or arranged for its disposal at the BKK Class I Facility. To date,
23 Defendant Amcord, Inc. has not incurred any costs at the BKK Class I Facility nor
24 has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
25 Facility.

26         77.    According to historical BKK Corp. records, Defendant American
27 Appliance Manufacturing Corp. contributed manifested waste to the BKK Class I
28 Facility.  This manifested waste contained Hazardous Substances that Defendant

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

American Appliance Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant American Appliance Manufacturing Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

78.    According to historical BKK Corp. records, Defendant American Can Company contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant American Can Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

79.    Upon information and belief, Defendant American Can Company is the successor to Saint-Gobain and/or Foster-Forbes Glass Co. and/or is otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Saint-Gobain and/or Foster-Forbes Glass Co.  According to historical BKK Corp. records, both Saint-Gobain and Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Saint-Gobain and Foster-Forbes Glass Co. each generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Can Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

80.    According to historical BKK Corp. records, Defendant American Chemical & Refining contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant American Chemical & Refining generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Chemical & Refining has not incurred any

1   response costs at the BKK Class I Facility nor has it paid its fair share of response
2   costs incurred by the Plaintiffs at the BKK Class I Facility.

3   81.     According to historical BKK Corp. records, Defendant American
4   Pacific International Inc. contributed manifested waste to the BKK Class I Facility.
5   This manifested waste contained Hazardous Substances that Defendant American
6   Pacific International Inc. generated and/or arranged for its disposal at the BKK
7   Class I Facility. To date, Defendant American Pacific International Inc. has not
8   incurred any response costs at the BKK Class I Facility nor has it paid its fair share
9   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

10   82.     According to historical BKK Corp. records, Defendant American
11   Scientific Products contributed manifested waste to the BKK Class I Facility. This
12   manifested waste contained Hazardous Substances that Defendant American
13   Scientific Products generated and/or arranged for its disposal at the BKK Class I
14   Facility. To date, Defendant American Scientific Products has not incurred any
15   response costs at the BKK Class I Facility nor has it paid its fair share of response
16   costs incurred by the Plaintiffs at the BKK Class I Facility.

17   83.     According to historical BKK Corp. records, Defendant American Tool
18   & Engineering Corp. contributed manifested waste to the BKK Class I Facility.
19   This manifested waste contained Hazardous Substances that Defendant American
20   Tool & Engineering Corp. generated and/or arranged for its disposal at the BKK
21   Class I Facility. To date, Defendant American Tool & Engineering Corp. has not
22   incurred any response costs at the BKK Class I Facility nor has it paid its fair share
23   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

24   84.     Upon information and belief, Defendant Ameripride Services, LLC is
25   the successor to Gates Admiral and/or New Fashion Cleaners and/or otherwise
26   liable for manifested waste that was contributed to the BKK Class I Facility by
27   Gates Admiral and/or New Fashion Cleaners.  According to historical BKK Corp.
28   records, Gates Admiral and New Fashion Cleaners contributed manifested waste to

1    the BKK Class I facility. This manifested waste contained Hazardous Substances

2    that Gates Admiral and New Fashion Cleaners generated and/or arranged for its

3    disposal at the BKK Class I Facility. To date, Ameripride Services, LLC has not

4    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

5    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

6        85.    According to historical BKK Corp. records, Defendant AMF

7    Tubescope Inc. contributed manifested waste to the BKK Class I Facility.  This

8    manifested waste contained Hazardous Substances that Defendant AMF Tubescope

9    Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

10    Defendant AMF Tubescope Inc. has not incurred any response costs at the BKK

11    Class I Facility nor has it paid its fair share of response costs incurred by the

12    Plaintiffs at the BKK Class I Facility.

13        86.    Upon information and belief, Defendant Anchor Operating, Inc.

14    (previously identified in this action and the related action as and *fka* Anchor Post

15    Products Inc.) is the successor to Anchor Post Products Inc. and/or otherwise liable

16    for manifested waste that was contributed to the BKK Class I Facility by Anchor

17    Post Products Inc.  According to historical BKK Corp. records, Anchor Post

18    Products Inc. contributed manifested waste to the BKK Class I Facility. This

19    manifested waste contained Hazardous Substances that Anchor Post Products Inc.

20    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

21    Defendant Anchor Operating, Inc. has not incurred any response costs at the BKK

22    Class I Facility nor has it paid its fair share of response costs incurred by the

23    Plaintiffs at the BKK Class I Facility.

24        87.    According to historical BKK Corp. records, Defendant Andrew

25    California Corp. contributed manifested waste to the BKK Class I Facility.  This

26    manifested waste contained Hazardous Substances that Defendant Andrew

27    California Corp. generated and/or arranged for its disposal at the BKK Class I

28    Facility.  To date, Defendant Andrew California Corp. has not incurred any

1    response costs at the BKK Class I Facility nor has it paid its fair share of response

2    costs incurred by the Plaintiffs at the BKK Class I Facility.

3         88.    Upon information and belief, Defendant Angelica Textile Services Inc.

4    is the successor to Southern Service Company (previously identified in this action

5    and the related action as Blue Seal Linen Supply and also formerly dba Blue Seal

6    Linen Supply) and/or otherwise liable for manifested waste that was contributed to

7    the BKK Class I Facility by Southern Service Company.  According to historical

8    BKK Corp. records, Southern Service Company contributed manifested waste to

9    the BKK Class I Facility. This manifested waste contained Hazardous Substances

10   that Southern Service Company generated and/or arranged for its disposal at the

11   BKK Class I Facility. To date, Defendant Angelica Textile Services Inc. has not

12   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

13   incurred by the Plaintiffs at the BKK Class I Facility.

14        89.    According to historical BKK Corp. records, Defendant Anodyne Inc.

15   contributed manifested waste to the BKK Class I Facility.  This manifested waste

16   contained Hazardous Substances that Defendant Anodyne Inc. generated and/or

17   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anodyne

18   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

19   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

20        90.    According to historical BKK Corp. records, Defendant Apex

21   International Alloys contributed manifested waste to the BKK Class I Facility. This

22   manifested waste contained Hazardous Substances that Defendant Apex

23   International Alloys generated and/or arranged for its disposal at the BKK Class I

24   Facility. To date, Defendant Apex International Alloys has not incurred any

25   response costs at the BKK Class I Facility nor has it paid its fair share of response

26   costs incurred by the Plaintiffs at the BKK Class I Facility.

27        91.    According to historical BKK Corp. records, Defendant Applied

28   Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This

46

1    manifested waste contained Hazardous Substances that Defendant Applied

2    Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I

3    Facility. To date, Defendant Applied Magnetics Corp. has not incurred any

4    response costs at the BKK Class I Facility nor has it paid its fair share of response

5    costs incurred by the Plaintiffs at the BKK Class I Facility.

6        92.    According to historical BKK Corp. records, Defendant Argo

7    Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This

8    manifested waste contained Hazardous Substances that Defendant Argo Petroleum

9    Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

10    date, Defendant Argo Petroleum Corp. has not incurred any response costs at the

11    BKK Class I Facility nor has it paid its fair share of response costs incurred by the

12    Plaintiffs at the BKK Class I Facility.

13        93.    According to historical BKK Corp. records, Defendant Arrowhead

14    Mountain Spring Water Company contributed manifested waste to the BKK Class I

15    Facility.  This manifested waste contained Hazardous Substances that Defendant

16    Arrowhead Mountain Spring Water Company generated and/or arranged for its

17    disposal at the BKK Class I Facility.  To date, Defendant Arrowhead Mountain

18    Spring Water Company has not incurred any response costs at the BKK Class I

19    Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

20    the BKK Class I Facility.

21        94.    According to historical BKK Corp. records, Defendant Arnold

22    Circuits, Inc. contributed manifested waste to the BKK Class I Facility. This

23    manifested waste contained Hazardous Substances that Defendant Arnold Circuits,

24    Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

25    Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK

26    Class I Facility nor has it paid its fair share of response costs incurred by the

27    Plaintiffs at the BKK Class I Facility.

28        95.    According to historical BKK Corp. records, Defendant Arnold

Engineering Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Arnold Engineering Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Engineering Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

96.    Upon information and belief, Defendant Atomica Corp. is the successor to Applied Magnetics Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Applied Magnetics Corp. According to historical BKK Corp. records, Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Applied Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atomica Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.    Upon information and belief, Defendant Axel Johnson, Inc. is the successor to Industrial Tectonics Bearings Corporation (previously identified in this action and the related action as Industrial Tectonics Bearings) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Tectonics Bearings Corporation.  According to historical BKK Corp. records, Industrial Tectonics Bearings Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Tectonics Bearings Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Axel Johnson, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

98.    Upon information and belief, Defendant AZON Corporation is the successor to Keuffel & Esser Co. and/or otherwise liable for manifested waste that

1   was contributed to the BKK Class I Facility by Keuffel & Esser Co.  According to

2   historical BKK Corp. records, Keuffel & Esser Co. contributed manifested waste to

3   the BKK Class I Facility. This manifested waste contained Hazardous Substances

4   that Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK

5   Class I Facility. To date, Defendant AZON Corporation has not incurred any

6   response costs at the BKK Class I Facility nor has it paid its fair share of response

7   costs incurred by the Plaintiffs at the BKK Class I Facility.

8          99.   Upon information and belief, Defendant B. Jadow and Sons, Inc. is the

9   successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was

10  contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical

11  BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK

12  Class I Facility. This manifested waste contained Hazardous Substances that Krazy

13  Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

14  date, Defendant B. Jadow and Sons, Inc. has not incurred any response costs at the

15  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

16  Plaintiffs at the BKK Class I Facility.

17         100.  Upon information and belief, Defendant BAE Systems San Diego Ship

18  Repair Inc. is the successor to Southwest Marine, Inc. and/or otherwise liable for

19  manifested waste that was contributed to the BKK Class I Facility by Southwest

20  Marine, Inc.  According to historical BKK Corp. records, Southwest Marine, Inc.

21  contributed manifested waste to the BKK Class I Facility. This manifested waste

22  contained Hazardous Substances that Southwest Marine, Inc. generated and/or

23  arranged for its disposal at the BKK Class I Facility. To date, Defendant BAE

24  Systems San Diego Ship Repair Inc. has not incurred any response costs at the

25  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

26  Plaintiffs at the BKK Class I Facility.

27         101.  Upon information and belief, Defendant Bausch Health Americas, Inc.

28  is the successor to ICN Pharmaceuticals and/or otherwise liable for manifested

1   waste that was contributed to the BKK Class I Facility by ICN Pharmaceuticals.

2   According to historical BKK Corp. records, ICN Pharmaceuticals contributed

3   manifested waste to the BKK Class I Facility. This manifested waste contained

4   Hazardous Substances that ICN Pharmaceuticals generated and/or arranged for its

5   disposal at the BKK Class I Facility. To date, Defendant Bausch Health Americas,

6   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

7   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

8       102.   Upon information and belief, Defendant Baxter International Inc. is the

9   successor to American Scientific Products and/or otherwise liable for manifested

10  waste that was contributed to the BKK Class I Facility by American Scientific

11  Products.  According to historical BKK Corp. records, American Scientific

12  Products contributed manifested waste to the BKK Class I Facility. This manifested

13  waste contained Hazardous Substances that American Scientific Products generated

14  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

15  Baxter International Inc. has not incurred any response costs at the BKK Class I

16  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

17  the BKK Class I Facility.

18      103.   According to historical BKK Corp. records, Defendant Beatrice/Hunt-

19  Wesson, Inc. (previously identified in this action and the related action as Beatrice

20  Hunt Wesson Inc.) contributed manifested waste to the BKK Class I Facility. This

21  manifested waste contained Hazardous Substances that Defendant Beatrice/Hunt-

22  Wesson, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

23  To date, Defendant Beatrice/Hunt-Wesson, Inc. has not incurred any response costs

24  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

25  by the Plaintiffs at the BKK Class I Facility.

26      104.   According to historical BKK Corp. records, Defendant Beazer East,

27  Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the

28  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beazer East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

105.    According to historical BKK Corp. records, Defendant Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106.    According to historical BKK Corp. records, Defendant Bernard Epps & Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Bernard Epps & Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bernard Epps & Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.    According to historical BKK Corp. records, Defendant Bethlehem Steel Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Bethlehem Steel Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bethlehem Steel Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.    According to historical BKK Corp. records, Defendant Beverly Hills Oil Company contributed manifested waste to the BKK Class I Facility. This

manifested waste contained Hazardous Substances that Defendant Beverly Hills Oil Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beverly Hills Oil Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

109.   According to historical BKK Corp. records, Defendant BFI XV Realty Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant BFI XV Realty Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

110.   According to historical BKK Corp. records, Defendant Big Three Industries Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Big Three Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Big Three Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

111.   According to historical BKK Corp. records, Defendant Bingo Management, Inc. dba Zinger Management, Inc. (previously identified in this action and the related action as Bingo Truck Stop) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Bingo Management, Inc. dba Zinger Management, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Bingo Management, Inc. dba Zinger Management, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

112.   According to historical BKK Corp. records, Defendant Birtcher Pacific contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Birtcher Pacific generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher Pacific has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

113.   Upon information and belief, Defendant Bostik, Inc. is the successor to R. & D. Latex Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by R. & D. Latex Co.  According to historical BKK Corp. records, R. & D. Latex Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that R. & D. Latex Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Bostik, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114.   According to historical BKK Corp. records, Defendant Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Brooks & Perkins Brownline Division has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

115.   Upon information and belief, Defendant Bulk Services, Inc. is the successor to Balser Trucking and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Balser Trucking.  According to historical BKK Corp. records, Balser Trucking contributed manifested waste to the BKK

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    Class I Facility. This manifested waste contained Hazardous Substances that Balser

2    Trucking generated and/or arranged for its disposal at the BKK Class I Facility. To

3    date, Defendant Bulk Services, Inc. has not incurred any response costs at the BKK

4    Class I Facility nor has it paid its fair share of response costs incurred by the

5    Plaintiffs at the BKK Class I Facility.

6        116.    Upon information and belief, Defendant Bunge Oils, Inc. (previously

7    identified in this action as Bunge Global Markets, Inc.) is the successor to

8    Richardson & Holland and/or otherwise liable for manifested waste that was

9    contributed to the BKK Class I Facility by Richardson & Holland.  According to

10   historical BKK Corp. records, Richardson & Holland contributed manifested waste

11   to the BKK Class I Facility. This manifested waste contained Hazardous

12   Substances that Richardson & Holland generated and/or arranged for its disposal at

13   the BKK Class I Facility. To date, Defendant Bunge Oil, Inc. has not incurred any

14   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

15   the Plaintiffs at the BKK Class I Facility.

16       117.    According to historical BKK Corp. records, Defendant Byron Jackson

17   Pumps contributed manifested waste to the BKK Class I Facility.  This manifested

18   waste contained Hazardous Substances that Defendant Byron Jackson Pumps

19   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

20   Defendant Byron Jackson Pumps has not incurred any response costs at the BKK

21   Class I Facility nor has it paid its fair share of response costs incurred by the

22   Plaintiffs at the BKK Class I Facility.

23       118.    According to historical BKK Corp. records, Defendant Cal-Aurum

24   Industries (previously identified in this action as Aurum Industries, Inc.)

25   contributed manifested waste to the BKK Class I Facility.  This manifested waste

26   contained Hazardous Substances that Defendant Cal-Aurum Industries generated

27   and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

28   Cal-Aurum Industries has not incurred any response costs at the BKK Class I

1   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

2   the BKK Class I Facility.

3       119.   According to historical BKK Corp. records, Defendant Cal-Chem

4   Cleaning Co., Inc. (previously identified in this action and the related action as Cal

5   Chem Cleaning Co.) contributed manifested waste to the BKK Class I Facility. This

6   manifested waste contained Hazardous Substances that Defendant Cal-Chem

7   Cleaning Co., Inc. generated and/or arranged for its disposal at the BKK Class I

8   Facility. To date, Defendant Cal-Chem Cleaning Co., Inc. has not incurred any

9   response costs at the BKK Class I Facility nor has it paid Its fair share of response

10  costs incurred by the Plaintiffs at the BKK Class I Facility.

11      120.   According to historical BKK Corp. records, Defendant Cal Nev

12  Pipeline Co. contributed manifested waste to the BKK Class I Facility.  This

13  manifested waste contained Hazardous Substances that Defendant Cal Nev Pipeline

14  Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

15  Defendant Cal Nev Pipeline Co. has not incurred any response costs at the BKK

16  Class I Facility nor has it paid its fair share of response costs incurred by the

17  Plaintiffs at the BKK Class I Facility.

18      121.   According to historical BKK Corp. records, Defendant Cal Style

19  Furniture Manufacturing Co. contributed manifested waste to the BKK Class I

20  Facility. This manifested waste contained Hazardous Substances that Defendant Cal

21  Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the

22  BKK Class I Facility. To date, Defendant Cal Style Furniture Manufacturing Co.

23  has not incurred any response costs at the BKK Class I Facility nor has it paid its

24  fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

25      122.   According to historical BKK Corp. records, Defendant Cali-Blok

26  contributed manifested waste to the BKK Class I Facility. This manifested waste

27  contained Hazardous Substances that Defendant Cali-Blok generated and/or

28  arranged for its disposal at the BKK Class I Facility. To date, Defendant Cali-Blok

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    has not incurred any response costs at the BKK Class I Facility nor has it paid its

2    fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

3        123.   According to historical BKK Corp. records, Defendant California

4    Carpet Co. contributed manifested waste to the BKK Class I Facility. This

5    manifested waste contained Hazardous Substances that Defendant California Carpet

6    Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

7    Defendant California Carpet Co. has not incurred any response costs at the BKK

8    Class I Facility nor has it paid its fair share of response costs incurred by the

9    Plaintiffs at the BKK Class I Facility.

10        124.   Upon information and belief, Defendant Calgon Carbon Corporation is

11    the successor to Calgon Corporation and/or otherwise liable for manifested waste

12    that was contributed to the BKK Class I Facility by Calgon Corporation.

13    According to historical BKK Corp. records, Calgon Corporation contributed

14    manifested waste to the BKK Class I Facility. This manifested waste contained

15    Hazardous Substances that Calgon Corporation generated and/or arranged for its

16    disposal at the BKK Class I Facility. To date, Defendant Calgon Carbon

17    Corporation has not incurred any response costs at the BKK Class I Facility nor has

18    it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

19    Facility.

20        125.   According to historical BKK Corp. records, Defendant Calprotech Inc.

21    contributed manifested waste to the BKK Class I Facility. This manifested waste

22    contained Hazardous Substances that Defendant Calprotech Inc. generated and/or

23    arranged for its disposal at the BKK Class I Facility. To date, Defendant Calprotech

24    Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

25    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

26        126.   Upon information and belief, Defendant Capital Parade USA, Inc. is

27    the successor to Circuit One Div. of LH Research Inc. and/or otherwise liable for

28    manifested waste that was contributed to the BKK Class I Facility by Circuit One

1  Div. of LH Research Inc.  According to historical BKK Corp. records, Circuit One

2  Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility.

3  This manifested waste contained Hazardous Substances that Circuit One Div. of LH

4  Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

5  To date, Defendant Capital Parade USA, Inc. has not incurred any response costs at

6  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

7  the Plaintiffs at the BKK Class I Facility.

8       127.   According to historical BKK Corp. records, Defendant Cargill Inc.

9  contributed manifested waste to the BKK Class I Facility.  This manifested waste

10  contained Hazardous Substances that Defendant Cargill Inc. generated and/or

11  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill

12  Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

13  its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

14       128.   Upon information and belief, Defendant Castle & Cooke, Inc. is the

15  successor to Westminster Ceramics Inc. and/or otherwise liable for manifested

16  waste that was contributed to the BKK Class I Facility by Westminster Ceramics

17  Inc.  According to historical BKK Corp. records, Westminster Ceramics Inc.

18  contributed manifested waste to the BKK Class I Facility. This manifested waste

19  contained Hazardous Substances that Westminster Ceramics Inc. generated and/or

20  arranged for its disposal at the BKK Class I Facility. To date, Defendant Castle &

21  Cooke, Inc. Inc. has not incurred any costs at the BKK Class I Facility nor has it

22  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23       129.   Upon information and belief, Defendant Cemex, Inc. is the successor

24  to Transmix Corporation and/or is otherwise liable for manifested waste that was

25  contributed to the BKK Class I Facility by Transmix Corporation.  According to

26  historical BKK Corp. records, Transmix Corporation contributed manifested waste

27  to the BKK Class I Facility. This manifested waste contained Hazardous

28  Substances that Transmix Corporation generated and/or arranged for its disposal at

1    the BKK Class I Facility. To date, Defendant Cemex, Inc. has not incurred any

2    response costs at the BKK Class I Facility nor has it paid its fair share of response

3    costs incurred by the Plaintiffs at the BKK Class I Facility.

4        130.    Upon information and belief, Defendant Cerro Corporation is the

5    successor to ICX Industries, Inc. and/or otherwise liable for manifested waste that

6    was contributed to the BKK Class I Facility by ICX Industries, Inc.  According to

7    historical BKK Corp. records, ICX Industries, Inc. contributed manifested waste to

8    the BKK Class I Facility. This manifested waste contained Hazardous Substances

9    that ICX Industries, Inc. generated and/or arranged for its disposal at the BKK

10   Class I Facility. To date, Defendant Cerro Corporation has not incurred any

11   response costs at the BKK Class I Facility nor has it paid its fair share of response

12   costs incurred by the Plaintiffs at the BKK Class I Facility.

13       131.    According to historical BKK Corp. records, Defendant Certified

14   Grocers of Cal. contributed manifested waste to the BKK Class I Facility.  This

15   manifested waste contained Hazardous Substances that Defendant Certified Grocers

16   of Cal. generated and/or arranged for its disposal at the BKK Class I Facility.  To

17   date, Defendant Certified Grocers of Cal. has not incurred any response costs at the

18   BKK Class I Facility nor has it paid its fair share of response costs incurred by the

19   Plaintiffs at the BKK Class I Facility.

20       132.    According to historical BKK Corp. records, Defendant Cia Minera De

21   Cananea SA contributed manifested waste to the BKK Class I Facility.  This

22   manifested waste contained Hazardous Substances that Defendant Cia Minera De

23   Cananea SA generated and/or arranged for its disposal at the BKK Class I Facility.

24   To date, Defendant Cia Minera De Cananea SA has not incurred any response costs

25   at the BKK Class I Facility nor has it paid its fair share of response costs incurred

26   by the Plaintiffs at the BKK Class I Facility.

27       133.    According to historical BKK Corp. records, Defendant Circuit One

28   Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility.

1   This manifested waste contained Hazardous Substances that Defendant Circuit One

2   Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK

3   Class I Facility. To date, Defendant Circuit One Div. of LH Research Inc. has not

4   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

5   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

6        134.   According to historical BKK Corp. records, Defendant Cleveland

7   Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This

8   manifested waste contained Hazardous Substances that Defendant Cleveland

9   Wrecking Co. generated and/or arranged for its disposal at the BKK Class I

10  Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any costs at

11  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

12  Plaintiffs at the BKK Class I Facility.

13       135.   According to historical BKK Corp. records, Defendant Coast Plating,

14  Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

15  waste contained Hazardous Substances that Defendant Coast Plating, Inc. generated

16  and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

17  Coast Plating, Inc. has not incurred any costs at the BKK Class I Facility nor has it

18  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19       136.   According to historical BKK Corp. records, Defendant Cognis Corp. is

20  the successor to Emery Industries Inc. and/or otherwise liable for manifested waste

21  that was contributed to the BKK Class I Facility by Emery Industries Inc.

22  According to historical BKK Corp. records, Emery Industries Inc. contributed

23  manifested waste to the BKK Class I Facility. This manifested waste contained

24  Hazardous Substances that Emery Industries Inc. generated and/or arranged for its

25  disposal at the BKK Class I Facility. To date, Defendant Cognis Corp. has not

26  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

27  incurred by the Plaintiffs at the BKK Class I Facility.

28       137.   According to historical BKK Corp. records, Columbia Pictures

contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Columbia Pictures generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Columbia Pictures has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

138.   Upon information and belief, Defendant Conagra Brands, Inc. is the successor to Beatrice/Hunt-Wesson, Inc. (previously identified in this action and the related action as Beatrice Hunt Wesson Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Beatrice/Hunt-Wesson, Inc.  According to historical BKK Corp. records, Beatrice/Hunt-Wesson, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Beatrice/Hunt-Wesson, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Conagra Brands, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

139.   According to historical BKK Corp. records, Defendant Control Components Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Control Components Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Control Components Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

140.   Upon information and belief, Defendant Coscol Petroleum Corporation is the successor to Western Fuel Oil Company and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Fuel Oil Company  According to historical BKK Corp. records, Western Fuel Oil Company contributed manifested waste to the BKK Class I Facility. This

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   manifested waste contained Hazardous Substances that Western Fuel Oil Company

2   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

3   Defendant Coscol Petroleum Corporation has not incurred any costs at the BKK

4   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

5   BKK Class I Facility.

6       141.   According to historical BKK Corp. records, Defendant Cragar

7   Industries contributed manifested waste to the BKK Class I Facility. This

8   manifested waste contained Hazardous Substances that Defendant Cragar Industries

9   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

10  Defendant Cragar Industries has not incurred any costs at the BKK Class I Facility

11  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

12  Facility.

13      142.   Upon information and belief, Defendant Crain Industries, Inc. is the

14  successor to Crain Western, Inc. and/or otherwise liable for manifested waste that

15  was contributed to the BKK Class I Facility by Crain Western, Inc.  According to

16  historical BKK Corp. records, Crain Western, Inc. contributed manifested waste to

17  the BKK Class I Facility. This manifested waste contained Hazardous Substances

18  that Crain Western, Inc. generated and/or arranged for its disposal at the BKK Class

19  I Facility. To date, Defendant Crain Industries, Inc. has not incurred any costs at the

20  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21  at the BKK Class I Facility.

22      143.   According to historical BKK Corp. records, Defendant Crain Western,

23  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

24  waste contained Hazardous Substances that Defendant Crain Western, Inc.

25  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

26  Defendant Crain Western, Inc. has not incurred any costs at the BKK Class I

27  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28  Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

144.   According to historical BKK Corp. records, Defendant Crescent Transportation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crescent Transportation generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crescent Transportation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

145.   Upon information and belief, Defendant Criton Corporation is the successor to Sandia Metal Process, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sandia Metal Process, Inc.  According to historical BKK Corp. records, Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Criton Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

146.   According to historical BKK Corp. records, Defendant Crockett Container Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crockett Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crockett Container Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

147.   According to historical BKK Corp. records, Defendant Crowley Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crowley Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crowley Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

1    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2        148.   Upon information and belief, Defendant Crown Central LLC is the

3    successor to Crown Central Petroleum Corporation and/or otherwise liable for

4    manifested waste that was contributed to the BKK Class I Facility by Crown

5    Central Petroleum Corporation.  According to historical BKK Corp. records, Crown

6    Central Petroleum Corporation contributed manifested waste to the BKK Class I

7    Facility. This manifested waste contained Hazardous Substances that Crown

8    Central Petroleum Corporation generated and/or arranged for its disposal at the

9    BKK Class I Facility. To date, Defendant Crown Central LLC has not incurred any

10   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

11   the Plaintiffs at the BKK Class I Facility.

12       149.   According to historical BKK Corp. records, Defendant Crown Central

13   Petroleum Corporation contributed manifested waste to the BKK Class I Facility.

14   This manifested waste contained Hazardous Substances that Defendant Crown

15   Central Petroleum Corporation generated and/or arranged for its disposal at the

16   BKK Class I Facility.  To date, Defendant Crown Central Petroleum Corporation

17   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

18   of costs incurred by the Plaintiffs at the BKK Class I Facility.

19       150.   According to historical BKK Corp. records, Defendant Crown

20   Zellerbach Co. contributed manifested waste to the BKK Class I Facility. This

21   manifested waste contained Hazardous Substances that Defendant Crown

22   Zellerbach Co. generated and/or arranged for its disposal at the BKK Class I

23   Facility. To date, Defendant Crown Zellerbach Co. has not incurred any costs at the

24   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

25   at the BKK Class I Facility.

26       151.   Upon information and belief, Defendant CSS Investment Company is

27   the successor to Cummins Service & Sales Inc. and/or otherwise liable for

28   manifested waste that was contributed to the BKK Class I Facility by Cummins

Service & Sales Inc.  According to historical BKK Corp. records, Cummins Service & Sales Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cummins Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant CSS Investment Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

152.   According to historical BKK Corp. records, Defendant Cummins Service & Sales Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cummins Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cummins Service & Sales Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

153.   Upon information and belief, Defendant CW Liquidating Corporation is the successor to Peairs Engineers and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Peairs Engineers.  According to historical BKK Corp. records, Peairs Engineers contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peairs Engineers generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant CW Liquidating Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

154.   According to historical BKK Corp. records, Defendant Cyclo Products, Inc. (previously identified in this action and the related action as Cyclo Chemical Co., and formerly having [and/or its predecessor by merger Alameda Laboratories, Inc. formerly having] a division known as Cyclo Chemical Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste

1    contained Hazardous Substances that Defendant Cyclo Products, Inc. generated

2    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

3    Cyclo Products, Inc. has not incurred any costs at the BKK Class I Facility nor has

4    it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        155.   According to historical BKK Corp. records, Defendant Daiwa Corp.

6    contributed manifested waste to the BKK Class I Facility. This manifested waste

7    contained Hazardous Substances that Defendant Daiwa Corp. generated and/or

8    arranged for its disposal at the BKK Class I Facility. To date, Defendant Daiwa

9    Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

10   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11       156.   Upon information and belief, Defendant Darnell Caster LLC is the

12   successor to Darnell Corp. and/or otherwise liable for manifested waste that was

13   contributed to the BKK Class I Facility by Darnell Corp.  According to historical

14   BKK Corp. records, Darnell Corp. contributed manifested waste to the BKK Class I

15   Facility. This manifested waste contained Hazardous Substances that Darnell Corp.

16   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17   Defendant Darnell Caster LLC has not incurred any costs at the BKK Class I

18   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

19   Class I Facility.

20       157.   According to historical BKK Corp. records, Defendant Darnell Corp.

21   (previously identified in this action and the related action as Darnell Corporate Ltd.)

22   contributed manifested waste to the BKK Class I Facility. This manifested waste

23   contained Hazardous Substances that Defendant Darnell Corp. generated and/or

24   arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell

25   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

26   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27       158.   Upon information and belief, Defendant Darnell-Rose is the successor

28   to Darnell Corp. and/or otherwise liable for manifested waste that was contributed

1   to the BKK Class I Facility by Darnell Corp.  According to historical BKK Corp.

2   records, Darnell Corp. contributed manifested waste to the BKK Class I Facility.

3   This manifested waste contained Hazardous Substances that Darnell Corp.

4   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

5   Defendant Darnell-Rose has not incurred any costs at the BKK Class I Facility nor

6   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

7   Facility.

8        159.   According to historical BKK Corp. records, Dart Industries Inc.

9   (previously identified in this action and the related action as San Fernando

10  Laboratories, and formerly having a division known as San Fernando Laboratories)

11  contributed manifested waste to the BKK Class I facility. This manifested waste

12  contained Hazardous Substances that Dart Industries Inc. generated and/or arranged

13  for its disposal at the BKK Class I Facility.  To date, Dart Industries Inc. has not

14  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

15  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

16       160.   According to historical BKK Corp. records, Defendant Data Products

17  Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

18  waste contained Hazardous Substances that Defendant Data Products Corp.

19  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

20  Defendant Data Products Corp. has not incurred any response costs at the BKK

21  Class I Facility nor has it paid its fair share of response costs incurred by the

22  Plaintiffs at the BKK Class I Facility.

23       161.   According to historical BKK Corp. records, Defendant Davis

24  Investment Co. contributed manifested waste to the BKK Class I Facility. This

25  manifested waste contained Hazardous Substances that Defendant Davis

26  Investment Co. generated and/or arranged for its disposal at the BKK Class I

27  Facility. To date, Defendant Davis Investment Co. has not incurred any costs at the

28  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    at the BKK Class I Facility.

2        162.   Upon information and belief, Defendant Davro, Inc. is the successor to

3    Calprotech Inc. and/or otherwise liable for manifested waste that was contributed to

4    the BKK Class I Facility by Calprotech Inc.  According to historical BKK Corp.

5    records, Calprotech Inc. contributed manifested waste to the BKK Class I Facility.

6    This manifested waste contained Hazardous Substances that Calprotech Inc.

7    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8    Defendant Davro, Inc. has not incurred any costs at the BKK Class I Facility nor

9    has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

10    Facility.

11        163.   Upon information and belief, Defendant DCS Diversified Coating

12    Systems, Inc. (previously identified in this action as Diversified Coating Systems,

13    Inc.) is the successor to Advanced Coatings Inc. (previously identified in this action

14    and the related action as Advanced Coating Inc.) and/or otherwise liable for

15    manifested waste that was contributed to the BKK Class I Facility by Advanced

16    Coatings Inc.  According to historical BKK Corp. records, Advanced Coatings Inc.

17    contributed manifested waste to the BKK Class I Facility. This manifested waste

18    contained Hazardous Substances that Advanced Coatings Inc. generated and/or

19    arranged for its disposal at the BKK Class I Facility. To date, Defendant DCS

20    Diversified Coating Systems, Inc. has not incurred any costs at the BKK Class I

21    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

22    Class I Facility.

23        164.   According to historical BKK Corp. records, Defendant Decratrend

24    Corp. contributed manifested waste to the BKK Class I Facility. This manifested

25    waste contained Hazardous Substances that Defendant Decratrend Corp. generated

26    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27    Decratrend Corp. has not incurred any costs at the BKK Class I Facility nor has it

28    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

165.    Upon information and belief, Defendant Delaware Arrowhead Products Corporation is the successor to Arrowhead Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arrowhead Products.  According to historical BKK Corp. records, Arrowhead Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arrowhead Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delaware Arrowhead Products Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

166.    Upon information and belief, Defendant Delaware Outsourcing Services Group, Inc. is the successor to Aerosol Services Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Aerosol Services Co. Inc.  According to historical BKK Corp. records, Aerosol Services Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delaware Outsourcing Services Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

167.    Upon information and belief, Defendant Delek US Holdings, Inc. (previously identified in the related action as Delek US) is the successor to Pacific Oasis and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pacific Oasis.  According to historical BKK Corp. records, Pacific Oasis contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pacific Oasis generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delek US Holdings, Inc. has not incurred any response costs at the BKK Class I

1  Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

2  the BKK Class I Facility.

3      168.   Upon information and belief, Defendant Denso Products and Services

4  Americas, Inc. (previously identified in this action as Densco Products and Services

5  Americas, Inc.) is the successor to Nippondenso of Los Angeles and/or otherwise

6  liable for manifested waste that was contributed to the BKK Class I Facility by

7  Nippondenso of Los Angeles.  According to historical BKK Corp. records,

8  Nippondenso of Los Angeles contributed manifested waste to the BKK Class I

9  Facility. This manifested waste contained Hazardous Substances that Nippondenso

10  of Los Angeles generated and/or arranged for its disposal at the BKK Class I

11  Facility. To date, Defendant Denso Products and Services Americas, Inc. has not

12  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

13  incurred by the Plaintiffs at the BKK Class I Facility.

14      169.   According to historical BKK Corp. records, Defendant Desoto Inc.

15  contributed manifested waste to the BKK Class I Facility.  This manifested waste

16  contained Hazardous Substances that Defendant Desoto Inc. generated and/or

17  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Desoto

18  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

19  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20      170.   Upon information and belief, Defendant Devon Energy Corp. is the

21  successor to Pauley Petroleum Co. and/or otherwise liable for manifested waste that

22  was contributed to the BKK Class I Facility by Pauley Petroleum Co.  According to

23  historical BKK Corp. records, Pauley Petroleum Co. contributed manifested waste

24  to the BKK Class I Facility. This manifested waste contained Hazardous

25  Substances that Pauley Petroleum Co. generated and/or arranged for its disposal at

26  the BKK Class I Facility. To date, Defendant Devon Energy Corp. has not incurred

27  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

28  by the Plaintiffs at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

171.    Upon information and belief, Defendant Diamond International Corp. is the successor to Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Lithograph. According to historical BKK Corp. records, Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Diamond International Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

172.    According to historical BKK Corp. records, Defendant Disposal Control Service, Inc. (previously identified in this action and the related action as Disposal Control) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Disposal Control Service, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Disposal Control Service, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

173.    According to historical BKK Corp. records, Defendant Don Kott Ford (previously identified in this action as Don Knott Ford) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Don Kott Ford generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Don Kott Ford has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

174.    According to historical BKK Corp. records, Defendant Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Drackett

1    Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

2    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

3         175.    According to historical BKK Corp. records, Defendant Durex Inc.

4    contributed manifested waste to the BKK Class I Facility.  This manifested waste

5    contained Hazardous Substances that Defendant Durex Inc. generated and/or

6    arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex

7    Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

8    share of costs incurred by the Plaintiffs at the BKK Class I Facility.

9         176.    Upon information and belief, Defendant E.T.C. Carpet Mills, Ltd. is

10    the successor to California Carpet Co. and/or otherwise liable for manifested waste

11    that was contributed to the BKK Class I Facility by California Carpet Co.

12    According to historical BKK Corp. records, California Carpet Co. contributed

13    manifested waste to the BKK Class I Facility. This manifested waste contained

14    Hazardous Substances that California Carpet Co. generated and/or arranged for its

15    disposal at the BKK Class I Facility. To date, Defendant E.T.C. Carpet Mills, Ltd.

16    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

17    of costs incurred by the Plaintiffs at the BKK Class I Facility.

18         177.    According to historical BKK Corp. records, Defendant Elfab Corp.

19    (previously identified in this action and the related action as El Fab) contributed

20    manifested waste to the BKK Class I Facility. This manifested waste contained

21    Hazardous Substances that Defendant Elfab Corp. generated and/or arranged for its

22    disposal at the BKK Class I Facility. To date, Defendant Elfab Corp. has not

23    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

24    incurred by the Plaintiffs at the BKK Class I Facility.

25         178.    According to historical BKK Corp. records, Defendant Electronic

26    Materials Corp. contributed manifested waste to the BKK Class I Facility.  This

27    manifested waste contained Hazardous Substances that Defendant Electronic

28    Materials Corp. generated and/or arranged for its disposal at the BKK Class I

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Facility. To date, Defendant Electronic Materials Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

179.    According to historical BKK Corp. records, Defendant Electro-Etch Circuits Inc. (previously identified in this action and the related action as Electrotech Circuits Inc.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Electro-Etch Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Electro-Etch Circuits Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

180.    Upon information and belief, Defendant Elevate Textiles, Inc. (previously identified in this action as Elevate Textiles) is the successor to Wells Marine Inc. and Valentec International Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Wells Marine Inc. and Valentec International Corp.  According to historical BKK Corp. records, Wells Marine Inc. and Valentec International Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Wells Marine Inc. and Valentec International Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Elevate Textiles, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

181.    Upon information and belief, Defendant Emerald Equities is the successor to Merel Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Merel Co. Inc.  According to historical BKK Corp. records, Merel Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Merel Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

1   Defendant Emerald Equities has not incurred any costs at the BKK Class I Facility
2   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
3   Facility.

4        182.   Upon information and belief, Defendant Emerald Equities, I
5   (previously identified in this action as Emerald Equities) is the successor to Merel
6   Co. Inc. and/or otherwise liable for manifested waste that was contributed to the
7   BKK Class I Facility by Merel Co. Inc.  According to historical BKK Corp.
8   records, Merel Co. Inc. contributed manifested waste to the BKK Class I Facility.
9   This manifested waste contained Hazardous Substances that Merel Co. Inc.
10  generated and/or arranged for its disposal at the BKK Class I Facility. To date,
11  Defendant Emerald Equities, I has not incurred any costs at the BKK Class I
12  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
13  Class I Facility.

14       183.   According to historical BKK Corp. records, Defendant Emery
15  Industries Inc. contributed manifested waste to the BKK Class I Facility. This
16  manifested waste contained Hazardous Substances that Defendant Emery Industries
17  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
18  Defendant Emery Industries Inc. has not incurred any costs at the BKK Class I
19  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
20  Class I Facility.

21       184.   Upon information and belief, Defendant Employbridge LLC is the
22  successor to Heist Maintenance Services Inc. and/or otherwise liable for manifested
23  waste that was contributed to the BKK Class I Facility by Heist Maintenance
24  Services Inc.  According to historical BKK Corp. records, Heist Maintenance
25  Services Inc. contributed manifested waste to the BKK Class I Facility. This
26  manifested waste contained Hazardous Substances that Heist Maintenance Services
27  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
28  Defendant Employbridge LLC has not incurred any response costs at the BKK

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Class I Facility nor has it paid its fair share of response costs incurred by the

2   Plaintiffs at the BKK Class I Facility.

3       185.   Upon information and belief, Defendant Emrise Electronics Corp. is

4   the successor to Arnold Circuits, Inc. and/or otherwise liable for manifested waste

5   that was contributed to the BKK Class I Facility by Arnold Circuits, Inc.

6   According to historical BKK Corp. records, Arnold Circuits, Inc. contributed

7   manifested waste to the BKK Class I Facility. This manifested waste contained

8   Hazardous Substances that Arnold Circuits, Inc. generated and/or arranged for its

9   disposal at the BKK Class I Facility. To date, Defendant Emrise Electronics Corp.

10   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

11   of costs incurred by the Plaintiffs at the BKK Class I Facility.

12       186.   According to historical BKK Corp. records, Defendant Energy

13   Development Co. Inc. contributed manifested waste to the BKK Class I Facility.

14   This manifested waste contained Hazardous Substances that Defendant Energy

15   Development Co. Inc. generated and/or arranged for its disposal at the BKK Class I

16   Facility. To date, Defendant Energy Development Co. Inc. has not incurred any

17   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

18   the Plaintiffs at the BKK Class I Facility.

19       187.   According to historical BKK Corp. records, Defendant Energy

20   Development Corp. (previously identified in this action and the related action as

21   Energy Development Co. Inc.) contributed manifested waste to the BKK Class I

22   Facility. This manifested waste contained Hazardous Substances that Defendant

23   Energy Development Corp. generated and/or arranged for its disposal at the BKK

24   Class I Facility. To date, Defendant Energy Development Corp. has not incurred

25   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

26   by the Plaintiffs at the BKK Class I Facility.

27       188.   Upon information and belief, Defendant Energy Transfer LP is the

28   successor to Koch Fuels, Inc. (previously identified in this action and the related

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that

2    was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to

3    historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the

4    BKK Class I Facility. This manifested waste contained Hazardous Substances that

5    Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I

6    Facility. To date, Defendant Energy Transfer LP has not incurred any costs at the

7    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

8    at the BKK Class I Facility.

9         189.   Upon information and belief, Defendant Enliven Marketing

10   Technologies Corporation is the successor to Fotomat Labs Inc. and/or otherwise

11   liable for manifested waste that was contributed to the BKK Class I Facility by

12   Fotomat Labs Inc.  According to historical BKK Corp. records, Fotomat Labs Inc.

13   contributed manifested waste to the BKK Class I Facility. This manifested waste

14   contained Hazardous Substances that Fotomat Labs Inc. generated and/or arranged

15   for its disposal at the BKK Class I Facility. To date, Defendant Enliven Marketing

16   Technologies Corporation has not incurred any costs at the BKK Class I Facility

17   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

18   Facility.

19        190.   Upon information and belief, Defendant Enviri Corporation

20   (previously identified in this action as and *fka* Harsco Corporation) is the successor

21   to Structural Composite Industries and/or otherwise liable for manifested waste that

22   was contributed to the BKK Class I Facility by Structural Composite Industries.

23   According to historical BKK Corp. records, Structural Composite Industries

24   contributed manifested waste to the BKK Class I Facility. This manifested waste

25   contained Hazardous Substances that Structural Composite Industries generated

26   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27   Enviri Corporation has not incurred any costs at the BKK Class I Facility nor has it

28   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

191.   According to historical BKK Corp. records, Defendant Environmental Control Systems Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Environmental Control Systems Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Environmental Control Systems Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

192.   Upon information and belief, Defendant Epec Oil Co. Liquidating Trust is the successor to Tenneco Oil Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Tenneco Oil Co. According to historical BKK Corp. records, Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Tenneco Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Epec Oil Co. Liquidating Trust has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

193.   Upon information and belief, Defendant Evergreen Pacific Partners is the successor to Marcor Environmental West, Inc. (*aka* and/or previously identified in this action and the related action as Marco Chemical Co.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Marcor Environmental West, Inc.  According to historical BKK Corp. records, Marcor Environmental West, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Marcor Environmental West, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Evergreen Pacific Partners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

194.   According to historical BKK Corp. records, Defendant Fairchild

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Industries contributed manifested waste to the BKK Class I Facility. This

2   manifested waste contained Hazardous Substances that Defendant Fairchild

3   Industries generated and/or arranged for its disposal at the BKK Class I Facility. To

4   date, Defendant Fairchild Industries has not incurred any costs at the BKK Class I

5   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6   Class I Facility.

7        195.   According to historical BKK Corp. records, Defendant Fairchild

8   Semiconductor International, Inc. contributed manifested waste to the BKK Class I

9   Facility. This manifested waste contained Hazardous Substances that Defendant

10  Fairchild Semiconductor International, Inc. generated and/or arranged for its

11  disposal at the BKK Class I Facility. To date, Defendant Fairchild Semiconductor

12  International, Inc. has not incurred any costs at the BKK Class I Facility nor has it

13  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14       196.   According to historical BKK Corp. records, Defendant Federal

15  Express Corporation contributed manifested waste to the BKK Class I Facility.

16  This manifested waste contained Hazardous Substances that Defendant Federal

17  Express Corporation generated and/or arranged for its disposal at the BKK Class I

18  Facility.  To date, Defendant Federal Express Corporation has not incurred any

19  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

20  the Plaintiffs at the BKK Class I Facility.

21       197.   Upon information and belief, Defendant Federal Express Corporation

22  is the successor to Flying Tigers Line and/or otherwise liable for manifested waste

23  that was contributed to the BKK Class I Facility by Flying Tigers Line.  According

24  to historical BKK Corp. records, Flying Tigers Line contributed manifested waste

25  to the BKK Class I Facility. This manifested waste contained Hazardous

26  Substances that Flying Tigers Line generated and/or arranged for its disposal at the

27  BKK Class I Facility. To date, Defendant Federal Express Corporation has not

28  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    incurred by the Plaintiffs at the BKK Class I Facility.

2    198.   According to historical BKK Corp. records, Defendant Federal

3    Reserve Bank contributed manifested waste to the BKK Class I Facility.  This

4    manifested waste contained Hazardous Substances that Defendant Federal Reserve

5    Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To

6    date, Defendant Federal Reserve Bank has not incurred any costs at the BKK Class

7    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8    Class I Facility.

9    199.   According to historical BKK Corp. records, Defendant Fletcher Oil &

10   Refining Co. contributed manifested waste to the BKK Class I Facility. This

11   manifested waste contained Hazardous Substances that Defendant Fletcher Oil &

12   Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility.

13   To date, Defendant Fletcher Oil & Refining Co. has not incurred any costs at the

14   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

15   at the BKK Class I Facility.

16   200.   According to historical BKK Corp. records, Defendant Flight

17   Accessory Service contributed manifested waste to the BKK Class I Facility. This

18   manifested waste contained Hazardous Substances that Defendant Flight Accessory

19   Service generated and/or arranged for its disposal at the BKK Class I Facility. To

20   date, Defendant Flight Accessory Service has not incurred any costs at the BKK

21   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

22   BKK Class I Facility.

23   201.   Upon information and belief, Defendant Flint Hills Resources, L.P. is

24   the successor to Koch Fuels, Inc. (previously identified in this action and the related

25   action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that

26   was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to

27   historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the

28   BKK Class I Facility. This manifested waste contained Hazardous Substances that

1  Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I
2  Facility. To date, Defendant Flint Hills Resources, L.P. has not incurred any costs
3  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the
4  Plaintiffs at the BKK Class I Facility.

5      202.   Upon information and belief, Defendant Flowserve Corporation is the
6  successor to Byron Jackson Pumps and/or Borg Warner and/or otherwise liable for
7  manifested waste that was contributed to the BKK Class I Facility by Byron
8  Jackson Pumps and/or Borg Warner.  According to historical BKK Corp. records,
9  Byron Jackson Pumps and Borg Warner contributed manifested waste to the BKK
10  Class I Facility. This manifested waste contained Hazardous Substances that Byron
11  Jackson Pumps and Borg Warner generated and/or arranged for its disposal at the
12  BKK Class I Facility. To date, Defendant Flowserve Corporation has not incurred
13  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred
14  by the Plaintiffs at the BKK Class I Facility.

15      203.   According to historical BKK Corp. records, Defendant Fotomat Labs
16  Inc. contributed manifested waste to the BKK Class I Facility. This manifested
17  waste contained Hazardous Substances that Defendant Fotomat Labs Inc. generated
18  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
19  Fotomat Labs Inc. has not incurred any costs at the BKK Class I Facility nor has it
20  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

21      204.   According to historical BKK Corp. records, Defendant Flying Tigers
22  Line contributed manifested waste to the BKK Class I Facility. This manifested
23  waste contained Hazardous Substances that Defendant Flying Tigers Line generated
24  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant
25  Flying Tigers Line has not incurred any costs at the BKK Class I Facility nor has it
26  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27      205.   Upon information and belief, Defendant FORCO Liquidation Trust is
28  the successor to Fletcher Oil & Refining Co. and/or otherwise liable for manifested

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

waste that was contributed to the BKK Class I Facility by Fletcher Oil & Refining Co.  According to historical BKK Corp. records, Fletcher Oil & Refining Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fletcher Oil & Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant FORCO Liquidation Trust has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

206.   According to historical BKK Corp. records, Defendant Franciscan Ceramics Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Franciscan Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Franciscan Ceramics Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

207.   According to historical BKK Corp. records, Defendant Frazee Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Frazee Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Frazee Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

208.   According to historical BKK Corp. records, Defendant FMC Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant FMC Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant FMC Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

209.   According to historical BKK Corp. records, Defendant Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Foster-Forbes Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Foster-Forbes Glass Co. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

210.   Upon information and belief, Defendant Frontier California, Inc. is the successor to General Telephone Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by General Telephone Co. According to historical BKK Corp. records, General Telephone Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that General Telephone Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Frontier California, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

211.   Upon information and belief, Defendant Furukawa Electric North America, Inc. is the successor to KSI Disc Products, Inc. (previously identified in this action and the related action as Knudsen Corp.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by KSI Disc Products, Inc.  According to historical BKK Corp. records, KSI Disc Products, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that KSI Disc Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Furukawa Electric North America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

212.   Upon information and belief, Defendant G.W.A. Inc. is the successor

to Crescent Transportation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crescent Transportation. According to historical BKK Corp. records, Crescent Transportation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crescent Transportation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant G.W.A. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

213.    According to historical BKK Corp. records, Defendant Gates Admiral contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Gates Admiral generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Gates Admiral has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

214.    According to historical BKK Corp. records, Defendant GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

215.    Upon information and belief, Defendant GATX Corp. is the successor to GATX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by GATX. According to historical BKK Corp. records, GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

216.   According to historical BKK Corp. records, Defendant GATX Terminals Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GATX Terminals Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant GATX Terminals Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

217.   According to historical BKK Corp. records, Defendant GE Betz, Inc. *fka* Betz Laboratories, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant GE Betz, Inc. *fka* Betz Laboratories, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant GE Betz, Inc. *fka* Betz Laboratories, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

218.   According to historical BKK Corp. records, Defendant General Battery Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant General Battery Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant General Battery Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

219.   Upon information and belief, Defendant General Mills, Inc. is the successor to Pillsbury Co. and/or Yoplait USA and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pillsbury Co. and/or Yoplait USA.  According to historical BKK Corp. records, Pillsbury Co. and Yoplait USA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pillsbury Co. and Yoplait USA generated and/or arranged for its disposal at the BKK Class I Facility. To

1  date, Defendant General Mills, Inc. has not incurred any costs at the BKK Class I

2  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

3  Class I Facility.

4      220.    According to historical BKK Corp. records, Defendant General

5  Telephone Co. contributed manifested waste to the BKK Class I Facility.  This

6  manifested waste contained Hazardous Substances that Defendant General

7  Telephone Co. generated and/or arranged for its disposal at the BKK Class I

8  Facility.  To date, Defendant General Telephone Co. has not incurred any costs at

9  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

10  Plaintiffs at the BKK Class I Facility.

11      221.    Upon information and belief, Defendant Genstar Roofing Products

12  Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise

13  liable for manifested waste that was contributed to the BKK Class I Facility by

14  Genstar Building Materials Co.  According to historical BKK Corp. records,

15  Genstar Building Materials Co. contributed manifested waste to the BKK Class I

16  Facility. This manifested waste contained Hazardous Substances that Genstar

17  Building Materials Co. generated and/or arranged for its disposal at the BKK Class

18  I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not

19  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

20  incurred by the Plaintiffs at the BKK Class I Facility.

21      222.    Upon information and belief, Defendant Georgia-Pacific LLC is the

22  successor to Crown Zellerbach Co. and/or otherwise liable for manifested waste

23  that was contributed to the BKK Class I Facility by Crown Zellerbach Co.

24  According to historical BKK Corp. records, Crown Zellerbach Co. contributed

25  manifested waste to the BKK Class I Facility. This manifested waste contained

26  Hazardous Substances that Crown Zellerbach Co. generated and/or arranged for its

27  disposal at the BKK Class I Facility. To date, Defendant Georgia-Pacific LLC has

28  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    costs incurred by the Plaintiffs at the BKK Class I Facility.

2    223.    Upon information and belief, Defendant Gerald Metals, Inc. is the

3    successor to PGP Industries Inc. and/or otherwise liable for manifested waste that

4    was contributed to the BKK Class I Facility by PGP Industries Inc.  According to

5    historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to

6    the BKK Class I Facility. This manifested waste contained Hazardous Substances

7    that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class

8    I Facility. To date, Gerald Metals, Inc. has not incurred any costs at the BKK Class

9    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10   Class I Facility.

11   224.    Upon information and belief, Defendant GK Technologies,

12   Incorporated is the successor to Southwest Steel Rolling Mills and/or otherwise

13   liable for manifested waste that was contributed to the BKK Class I Facility by

14   Southwest Steel Rolling Mills.  According to historical BKK Corp. records,

15   Southwest Steel Rolling Mills contributed manifested waste to the BKK Class I

16   Facility. This manifested waste contained Hazardous Substances that Southwest

17   Steel Rolling Mills generated and/or arranged for its disposal at the BKK Class I

18   Facility. To date, GK Technologies, Incorporated has not incurred any costs at the

19   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

20   at the BKK Class I Facility.

21   225.    According to historical BKK Corp. records, Defendant Glass

22   Containers Corp. contributed manifested waste to the BKK Class I Facility.  This

23   manifested waste contained Hazardous Substances that Defendant Glass Containers

24   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

25   date, Defendant Glass Containers Corp. has not incurred any costs at the BKK

26   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

27   BKK Class I Facility.

28   226.    According to historical BKK Corp. records, Gold-Pak International,

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Inc. (previously identified in this action and the related action as Gold Pack Meat Co., and formerly dba Gold Pack Meat Co.) contributed manifested waste to the BKK Class I facility. This manifested waste contained Hazardous Substances that Gold-Pak International, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Gold-Pak International, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

227.   According to historical BKK Corp. records, Defendant Greer Hydraulics Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Greer Hydraulics Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Greer Hydraulics Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

228.   Upon information and belief, Defendant Grupo Mexico SAB de CV is the successor to Cia Minera De Cananea SA and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cia Minera De Cananea SA.  According to historical BKK Corp. records, Cia Minera De Cananea SA contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cia Minera De Cananea SA generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Grupo Mexico SAB de CV has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

229.   According to historical BKK Corp. records, Defendant Hallmark Circuits Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hallmark Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hallmark Circuits Inc. has not incurred any costs at the BKK

1  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

2  BKK Class I Facility.

3      230.   Upon information and belief, Defendant Handy & Harman is the

4  successor to American Chemical & Refining and/or otherwise liable for manifested

5  waste that was contributed to the BKK Class I Facility by American Chemical &

6  Refining.  According to historical BKK Corp. records, American Chemical &

7  Refining contributed manifested waste to the BKK Class I Facility. This manifested

8  waste contained Hazardous Substances that American Chemical & Refining

9  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

10  Defendant Handy & Harman has not incurred any costs at the BKK Class I Facility

11  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

12  Facility.

13      231.   Upon information and belief, Defendants Harbans Bawa and Barinder

14  Bawa are trustees of The Bawa Family Trust, which is the successor to L.A. Gauge

15  Co., Inc. (previously identified in this action and the related action as Los Angeles

16  Gauge Co.) and/or is otherwise liable for manifested waste that was contributed to

17  the BKK Class I Facility by L.A. Gauge Co., Inc.  According to historical BKK

18  Corp. records, L.A. Gauge Co., Inc. contributed manifested waste to the BKK Class

19  I Facility. This manifested waste contained Hazardous Substances that L.A. Gauge

20  Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

21  date, Defendants Harbans Bawa and Barinder Bawa as trustees of The Bawa Family

22  Trust have not incurred any costs at the BKK Class I Facility nor have they paid

23  their fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24      232.   Upon information and belief, Defendant Hawker Pacific Aerospace is

25  the successor to Flight Accessory Service and/or otherwise liable for manifested

26  waste that was contributed to the BKK Class I Facility by Flight Accessory Service.

27  According to historical BKK Corp. records, Flight Accessor Service contributed

28  manifested waste to the BKK Class I Facility. This manifested waste contained

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Hazardous Substances that Flight Accessory Service generated and/or arranged for

2  its disposal at the BKK Class I Facility. To date, Defendant Hawker Pacific

3  Aerospace has not incurred any costs at the BKK Class I Facility nor has it paid its

4  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5      233.   According to historical BKK Corp. records, Defendant Heist

6  Maintenance Services Inc. contributed manifested waste to the BKK Class I

7  Facility.  This manifested waste contained Hazardous Substances that Defendant

8  Heist Maintenance Services Inc. generated and/or arranged for its disposal at the

9  BKK Class I Facility.  To date, Defendant Heist Maintenance Services Inc. has not

10  incurred any response costs at the BKK Class I Facility nor has it paid its fair share

11  of response costs incurred by the Plaintiffs at the BKK Class I Facility.

12      234.   Upon information and belief, Defendant Henry Company LLC is the

13  successor to Henry Company and/or otherwise liable for manifested waste that was

14  contributed to the BKK Class I Facility by Henry Company.  According to

15  historical BKK Corp. records, Henry Company contributed manifested waste to the

16  BKK Class I Facility. This manifested waste contained Hazardous Substances that

17  Henry Company generated and/or arranged for its disposal at the BKK Class I

18  Facility. To date, Defendant Henry Company LLC has not incurred any costs at the

19  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

20  at the BKK Class I Facility.

21      235.   According to historical BKK Corp. records, Defendant Henry Soss &

22  Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

23  waste contained Hazardous Substances that Defendant Henry Soss & Co. Inc.

24  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

25  Defendant Henry Soss & Co. Inc. has not incurred any costs at the BKK Class I

26  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

27  Class I Facility.

28      236.   Upon information and belief, Defendant Heraeus Metal Processing,

Inc. is the successor to PGP Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by PGP Industries Inc. According to historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Heraeus Metal Processing, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

237.    Upon information and belief, Defendant Herco Technology Corp. is the successor to Industrial Circuits and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Circuits.  According to historical BKK Corp. records, Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Herco Technology Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

238.    Upon information and belief, Defendant Hess Corporation is the successor to American Pacific International Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Pacific International Inc.  According to historical BKK Corp. records, American Pacific International Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Pacific International Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hess Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

239.   According to historical BKK Corp. records, Defendant Hill Brothers Chemical Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hill Brothers Chemical Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

240.   According to historical BKK Corp. records, Defendant Hillcrest Beverly Oil Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hillcrest Beverly Oil Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Hillcrest Beverly Oil Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

241.   According to historical BKK Corp. records, Defendant Hoffman Electronics contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Hoffman Electronics generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoffman Electronics has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

242.   According to historical BKK Corp. records, Defendant Hollytex Carpet Mills, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Hollytex Carpet Mills, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hollytex Carpet Mills, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

243.   Upon information and belief, Defendant Howmet Aerospace Inc. is the successor to Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. According to historical BKK Corp. records, Kaynar Manufacturing Co., TRE Corp. and Weslock Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Kaynar Manufacturing Co., TRE Corp. and Weslock generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Howmet Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

244.   Upon information and belief, Defendant Hoya Corporation USA is the successor to Electronic Materials Corp. and Hoya Lens of America Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electronic Materials Corp. and Hoya Lens of America Inc.  According to historical BKK Corp. records, Electronic Materials Corp. and Hoya Lens of America Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electronic Materials Corp. and Hoya Lens of America Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Hoya Corporation USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

245.   According to historical BKK Corp. records, Defendant HR Textron Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant HR Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HR Textron Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

246.   Upon information and belief, Defendant HTW Industries Inc. is the successor to Durex Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Durex Inc.  According to historical BKK Corp. records, Durex Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Durex Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant HTW Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

247.   According to historical BKK Corp. records, Defendant Humko Products (previously identified in this action and the related action as Humco Products) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Humko Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Humko Products has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

248.   Upon information and belief, Defendant Huntington/Pacific Ceramics, Inc. is the successor to Westminster Ceramics Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Westminster Ceramics Inc.  According to historical BKK Corp. records, Westminster Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Westminster Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Huntington/Pacific Ceramics, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

249.   Upon information and belief, Defendant Hutchinson Aerospace & Industry, Inc. is the successor to Barry Wright Controls and/or otherwise liable for

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    manifested waste that was contributed to the BKK Class I Facility by Barry Wright

2    Controls.  According to historical BKK Corp. records, Barry Wright Controls

3    contributed manifested waste to the BKK Class I Facility. This manifested waste

4    contained Hazardous Substances that Barry Wright Controls generated and/or

5    arranged for its disposal at the BKK Class I Facility. To date, Defendant

6    Hutchinson Aerospace & Industry, Inc. has not incurred any costs at the BKK Class

7    I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8    Class I Facility.

9        250.   According to historical BKK Corp. records, Defendant ICN

10    Pharmaceuticals contributed manifested waste to the BKK Class I Facility. This

11    manifested waste contained Hazardous Substances that Defendant ICN

12    Pharmaceuticals generated and/or arranged for its disposal at the BKK Class I

13    Facility. To date, Defendant ICN Pharmaceuticals has not incurred any costs at the

14    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

15    at the BKK Class I Facility.

16        251.   According to historical BKK Corp. records, ICX Industries, Inc.

17    contributed manifested waste to the BKK Class I Facility. This manifested waste

18    contained Hazardous Substances that ICX Industries, Inc. generated and/or

19    arranged for its disposal at the BKK Class I Facility. To date, Defendant ICX

20    Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid

21    its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

22        252.   According to historical BKK Corp. records, Defendant Imco Services

23    contributed manifested waste to the BKK Class I Facility. This manifested waste

24    contained Hazardous Substances that Defendant Imco Services generated and/or

25    arranged for its disposal at the BKK Class I Facility. To date, Defendant Imco

26    Services has not incurred any costs at the BKK Class I Facility nor has it paid its

27    fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

28        253.   Upon information and belief, Defendant IMI Critical Engineering LLC

is the successor to Control Components Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Control Components Inc. According to historical BKK Corp. records, Control Components Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Control Components Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant IMI Critical Engineering LLC. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

254.    According to historical BKK Corp. records, Defendant Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Circuits has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

255.    According to historical BKK Corp. records, Defendant Industrial Insulations Incorporated contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Insulations Incorporated generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Insulations Incorporated has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

256.    According to historical BKK Corp. records, Defendant Industrial Tectonics Bearings Corporation (previously identified in this action and the related action as Industrial Tectonics Bearings) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Tectonics Bearings Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Tectonics Bearings Corporation has not incurred any costs at the BKK Class I Facility nor has

1    it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2    257.    According to historical BKK Corp. records, Defendant Inland

3    Container Corp. contributed manifested waste to the BKK Class I Facility. This

4    manifested waste contained Hazardous Substances that Defendant Inland Container

5    Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To

6    date, Defendant Inland Container Corp. has not incurred any costs at the BKK

7    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

8    BKK Class I Facility.

9    258.    Upon information and belief, Defendant Inland Paperboard and

10   Packaging, Inc. is the successor to Inland Container Corp. and/or otherwise liable

11   for manifested waste that was contributed to the BKK Class I Facility by Inland

12   Container Corp.  According to historical BKK Corp. records, Inland Container

13   Corp. contributed manifested waste to the BKK Class I Facility. This manifested

14   waste contained Hazardous Substances that Inland Container Corp. generated

15   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16   Inland Paperboard and Packaging, Inc. has not incurred any costs at the BKK Class

17   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

18   Class I Facility.

19   259.    According to historical BKK Corp. records, Defendant International

20   Polymer Corp. contributed manifested waste to the BKK Class I Facility.  This

21   manifested waste contained Hazardous Substances that Defendant International

22   Polymer Corp. generated and/or arranged for its disposal at the BKK Class I

23   Facility.  To date, Defendant International Polymer Corp. has not incurred any

24   response costs at the BKK Class I Facility nor has it paid its fair share of response

25   costs incurred by the Plaintiffs at the BKK Class I Facility.

26   260.    According to historical BKK Corp. records, Defendant I.T. Corp.

27   contributed manifested waste to the BKK Class I Facility. This manifested waste

28   contained Hazardous Substances that Defendant I.T. Corp. generated and/or

1  arranged for its disposal at the BKK Class I Facility. To date, Defendant I.T. Corp.

2  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

3  of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      261.   According to historical BKK Corp. records, Defendant ITT LLC

5  and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I

6  Facility.  This manifested waste contained Hazardous Substances that Defendant

7  ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its

8  disposal at the BKK Class I Facility.  To date, Defendant ITT LLC has not incurred

9  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

10  by the Plaintiffs at the BKK Class I Facility.

11     262.   According to historical BKK Corp. records, Defendant J.C. Inc.

12  contributed manifested waste to the BKK Class I Facility. This manifested waste

13  contained Hazardous Substances that Defendant J.C. Inc. generated and/or arranged

14  for its disposal at the BKK Class I Facility. To date, Defendant J.C. Inc. has not

15  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

16  incurred by the Plaintiffs at the BKK Class I Facility.

17     263.   Upon information and belief, Defendant JCI Environmental Services is

18  the successor to J.C. Inc. and/or otherwise liable for manifested waste that was

19  contributed to the BKK Class I Facility by J.C. Inc.  According to historical BKK

20  Corp. records, J.C. Inc. contributed manifested waste to the BKK Class I Facility.

21  This manifested waste contained Hazardous Substances that J.C. Inc. generated

22  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant JCI

23  Environmental Services has not incurred any costs at the BKK Class I Facility nor

24  has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

25  Facility.

26     264.   Upon information and belief, Defendant Jeld-Wen, Inc. is the

27  successor to Windowmaster Products and/or otherwise liable for manifested waste

28  that was contributed to the BKK Class I Facility by Windowmaster Products.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   According to historical BKK Corp. records, Windowmaster Products contributed
2   manifested waste to the BKK Class I Facility. This manifested waste contained
3   Hazardous Substances that Windowmaster Products generated and/or arranged for
4   its disposal at the BKK Class I Facility. To date, Defendant Jeld-Wen, Inc. has not
5   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
6   incurred by the Plaintiffs at the BKK Class I Facility.

7       265.   Upon information and belief, Defendant Jenn Feng Industrial Tools
8   Co., Ltd. is the successor to McCulloch Corp. and/or otherwise liable for
9   manifested waste that was contributed to the BKK Class I Facility by McCulloch
10  Corp. According to historical BKK Corp. records, McCulloch Corp. contributed
11  manifested waste to the BKK Class I Facility. This manifested waste contained
12  Hazardous Substances that McCulloch Corp. generated and/or arranged for its
13  disposal at the BKK Class I Facility. To date, Defendant Jenn Feng Industrial Tools
14  Co., Ltd. has not incurred any costs at the BKK Class I Facility nor has it paid its
15  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

16      266.   According to historical BKK Corp. records, Defendant Jerseymaid
17  Milk Products, Inc. (previously identified in this action as Jersey Maid Milk
18  Products Inc.) contributed manifested waste to the BKK Class I Facility. This
19  manifested waste contained Hazardous Substances that Defendant Jerseymaid Milk
20  Products, Inc. generated and/or arranged for its disposal at the BKK Class I
21  Facility. To date, Defendant Jerseymaid Milk Products, Inc. has not incurred any
22  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
23  the Plaintiffs at the BKK Class I Facility.

24      267.   According to historical BKK Corp. records, Defendant Johnson
25  Controls Inc. contributed manifested waste to the BKK Class I Facility. This
26  manifested waste contained Hazardous Substances that Defendant Johnson Controls
27  Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
28  Defendant Johnson Controls Inc. has not incurred any costs at the BKK Class I

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
Class I Facility.

268.    According to historical BKK Corp. records, Defendant Johnston Pump
Co. contributed manifested waste to the BKK Class I Facility.  This manifested
waste contained Hazardous Substances that Defendant Johnston Pump Co.
generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
Defendant Johnston Pump Co. has not incurred any costs at the BKK Class I
Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
Class I Facility.

269.    According to historical BKK Corp. records, Defendant Jonathan
Manufacturing Corp. contributed manifested waste to the BKK Class I Facility.
This manifested waste contained Hazardous Substances that Defendant Jonathan
Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I
Facility.  To date, Defendant Jonathan Manufacturing Corp. has not incurred any
costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
the Plaintiffs at the BKK Class I Facility.

270.    According to historical BKK Corp. records, Defendant Joslyn
Manufacturing & Supply Co. contributed manifested waste to the BKK Class I
Facility.  This manifested waste contained Hazardous Substances that Defendant
Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at
the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co.
has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
of costs incurred by the Plaintiffs at the BKK Class I Facility.

271.    Upon information and belief, Defendant Joslyn Manufacturing
Company, LLC is the successor to Joslyn Manufacturing & Supply Co. and/or
otherwise liable for manifested waste that was contributed to the BKK Class I
Facility by Joslyn Manufacturing & Supply Co.  According to historical BKK Corp.
records, Joslyn Manufacturing & Supply Co. contributed manifested waste to the

BKK Class I Facility. This manifested waste contained Hazardous Substances that Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Joslyn Manufacturing Company, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

272.   According to historical BKK Corp. records, Defendant Kaiser Rollmet Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaiser Rollmet Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

273.   According to historical BKK Corp. records, Defendant Kaynar Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaynar Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaynar Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

274.   According to historical BKK Corp. records, Defendant Keuffel & Esser Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Keuffel & Esser Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

275.   According to historical BKK Corp. records, Defendant Kinder Morgan Energy Partners, L.P. contributed manifested waste to the BKK Class I Facility.

1    This manifested waste contained Hazardous Substances that Defendant Kinder

2    Morgan Energy Partners, L.P. generated and/or arranged for its disposal at the BKK

3    Class I Facility.  To date, Defendant Kinder Morgan Energy Partners, L.P. has not

4    incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

5    incurred by the Plaintiffs at the BKK Class I Facility.

6         276.   Upon information and belief, Defendant Kinder Morgan Energy

7    Partners, L.P. is the successor to Cal Nev Pipeline Co., GATX Terminals Corp.,

8    San Diego Pipeline Company (previously identified in this action and the related

9    action as San Diego Pipe Line Co.), Southern Pacific Pipe Lines, Inc. and/or

10   Tenneco Oil Co. and/or otherwise liable for manifested waste that was contributed

11   to the BKK Class I Facility by Cal Nev Pipeline Co., GATX Terminals Corp., San

12   Diego Pipeline Company, Southern Pacific Pipe Lines, Inc. and/or Tenneco Oil Co.

13   According to historical BKK Corp. records, Cal Nev Pipeline Co., GATX

14   Terminals Corp., San Diego Pipeline Company, Southern Pacific Pipe Lines, Inc.

15   and Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility.

16   This manifested waste contained Hazardous Substances that Cal Nev Pipeline Co.,

17   GATX Terminals Corp., San Diego Pipeline Company, Southern Pacific Pipe

18   Lines, Inc. and Tenneco Oil Co. generated and/or arranged for its disposal at the

19   BKK Class I Facility. To date, Defendant Kinder Morgan Energy Partners, L.P. has

20   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

21   costs incurred by the Plaintiffs at the BKK Class I Facility.

22        277.   Upon information and belief, Defendant Kinder Morgan Liquids

23   Terminals LLC is the successor to GATX Terminals Corp. and/or otherwise liable

24   for manifested waste that was contributed to the BKK Class I Facility by GATX

25   Terminals Corp.  According to historical BKK Corp. records, GATX Terminals

26   Corp. contributed manifested waste to the BKK Class I Facility. This manifested

27   waste contained Hazardous Substances that GATX Terminals Corp. generated

28   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Kinder Morgan Liquids Terminals LLC has not incurred any costs at the BKK

2  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

3  BKK Class I Facility.

4      278.  Upon information and belief, Defendant King Resources, Inc.

5  (previously identified in this action and the related action as Southern California

6  Chemical [*aka* Southern California Chemicals]) is the successor to Southern

7  California Chemical and/or otherwise liable for manifested waste that was

8  contributed to the BKK Class I Facility by Southern California Chemical.

9  According to historical BKK Corp. records, Southern California Chemical

10  contributed manifested waste to the BKK Class I Facility. This manifested waste

11  contained Hazardous Substances that Southern California Chemical generated

12  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

13  King Resources, Inc. has not incurred any costs at the BKK Class I Facility nor has

14  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

15      279.  According to historical BKK Corp. records, Defendant Knights J3, Inc.

16  (previously identified in this action as and *fka* Pervo Paint Company) contributed

17  manifested waste to the BKK Class I Facility. This manifested waste contained

18  Hazardous Substances that Pervo Paint Company generated and/or arranged for its

19  disposal at the BKK Class I Facility. To date, Defendant Knights J3, Inc. has not

20  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

21  incurred by the Plaintiffs at the BKK Class I Facility.

22      280.  According to historical BKK Corp. records, Koch Fuels, Inc.

23  (previously identified in this action and the related action as Koch Asphalt Co. Oil,

24  and formerly having a division known as Koch Asphalt Co.) contributed manifested

25  waste to the BKK Class I facility. This manifested waste contained Hazardous

26  Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the

27  BKK Class I Facility.  To date, Koch Fuels, Inc. has not incurred any response

28  costs at the BKK Class I Facility nor has it paid its fair share of response costs

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    incurred by the Plaintiffs at the BKK Class I Facility.

2        281.   Upon information and belief, Defendant Konica Photo Service U.S.A.,

3    Inc. is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested

4    waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc.

5    According to historical BKK Corp. records, Fotomat Labs Inc. contributed

6    manifested waste to the BKK Class I Facility. This manifested waste contained

7    Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its

8    disposal at the BKK Class I Facility. To date, Defendant Konica Photo Service

9    U.S.A., Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its

10   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11       282.   Upon information and belief, Defendant Korbel Capital LLC is the

12   successor to Davis Investment Co. and/or otherwise liable for manifested waste that

13   was contributed to the BKK Class I Facility by Davis Investment Co.  According to

14   historical BKK Corp. records, Davis Investment Co. contributed manifested waste

15   to the BKK Class I Facility. This manifested waste contained Hazardous

16   Substances that Davis Investment Co. generated and/or arranged for its disposal at

17   the BKK Class I Facility. To date, Defendant Korbel Capital LLC has not incurred

18   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

19   by the Plaintiffs at the BKK Class I Facility.

20       283.   Upon information and belief, Defendant Kraft Heinz Foods Company

21   is the successor to Humko Products (previously identified in this action and the

22   related action as Humco Products) and/or otherwise liable for manifested waste that

23   was contributed to the BKK Class I Facility by Humko Products.  According to

24   historical BKK Corp. records, Humko Products contributed manifested waste to the

25   BKK Class I Facility. This manifested waste contained Hazardous Substances that

26   Humko Products generated and/or arranged for its disposal at the BKK Class I

27   Facility. To date, Defendant Kraft Heinz Foods Company has not incurred any

28   response costs at the BKK Class I Facility nor has it paid its fair share of response

1    costs incurred by the Plaintiffs at the BKK Class I Facility.

2        284.   According to historical BKK Corp. records, Defendant Krazy Glue

3    Inc. contributed manifested waste to the BKK Class I Facility. This manifested

4    waste contained Hazardous Substances that Defendant Krazy Glue Inc. generated

5    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

6    Krazy Glue Inc. has not incurred any costs at the BKK Class I Facility nor has it

7    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8        285.   According to historical BKK Corp. records, Defendant KSI Disc

9    Products, Inc. (previously identified in this action and the related action as Knudsen

10   Corp.) contributed manifested waste to the BKK Class I Facility. This manifested

11   waste contained Hazardous Substances that Defendant KSI Disc Products, Inc.

12   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13   Defendant KSI Disc Products, Inc. has not incurred any costs at the BKK Class I

14   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

15   Class I Facility.

16       286.   Upon information and belief, Defendant L.A. Gauge Company, Inc.

17   (previously identified in this action and the related action as Los Angeles Gauge

18   Co.) is the successor to L.A. Gauge Co., Inc. and/or otherwise liable for manifested

19   waste that was contributed to the BKK Class I Facility by L.A. Gauge Co., Inc.

20   According to historical BKK Corp. records, L.A. Gauge Co., Inc. contributed

21   manifested waste to the BKK Class I Facility. This manifested waste contained

22   Hazardous Substances that Defendant L.A. Gauge Co., Inc. generated and/or

23   arranged for its disposal at the BKK Class I Facility. To date, Defendant L.A.

24   Gauge Company, Inc. has not incurred any costs at the BKK Class I Facility nor

25   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

26   Facility.

27       287.   According to historical BKK Corp. records, Defendant Less Hassle,

28   Inc. (previously identified in this action and the related action as and *fka* Old

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Quaker Paint Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Old Quaker Paint Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Less Hassle, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

288.   According to historical BKK Corp. records, Defendant Lockhart Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lockhart Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

289.   According to historical BKK Corp. records, Defendant Long Beach Fabricators Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Long Beach Fabricators Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Long Beach Fabricators Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

290.   According to historical BKK Corp. records, Defendant Lonza Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lonza Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

291.   Upon information and belief, Defendant Lonza Inc. is the successor to Cyclo Products, Inc. (previously identified in this action and the related action as

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Cyclo Chemical Co.), Balenco Enterprises and/or Pacific Anchor Chemical Corp.

2  and/or otherwise liable for manifested waste that was contributed to the BKK Class

3  I Facility by Cyclo Products, Inc., Balenco Enterprises and/or Pacific Anchor

4  Chemical Corp.  According to historical BKK Corp. records, Cyclo Products, Inc.,

5  Balenco Enterprises and Pacific Anchor Chemical Corp. contributed manifested

6  waste to the BKK Class I Facility. This manifested waste contained Hazardous

7  Substances that Cyclo Products, Inc., Balenco Enterprises and Pacific Anchor

8  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

9  Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class

10  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

11  Class I Facility.

12      292.   According to historical BKK Corp. records, Defendant Lucky Stores

13  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

14  waste contained Hazardous Substances that Defendant Lucky Stores Inc. generated

15  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16  Lucky Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it

17  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18      293.   Upon information and belief, Defendant Lucky Stores LLC is the

19  successor to Lucky Stores Inc. and/or otherwise liable for manifested waste that

20  was contributed to the BKK Class I Facility by Lucky Stores Inc.  According to

21  historical BKK Corp. records, Lucky Stores Inc. contributed manifested waste to

22  the BKK Class I Facility. This manifested waste contained Hazardous Substances

23  that Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I

24  Facility. To date, Defendant Lucky Stores LLC has not incurred any response costs

25  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

26  by the Plaintiffs at the BKK Class I Facility.

27      294.   Upon information and belief, Defendant LTI Holdings, Inc. (dba Boyd

28  Corporation) is the successor to Lockhart Industries and/or otherwise liable for

1  manifested waste that was contributed to the BKK Class I Facility by Lockhart

2  Industries.  According to historical BKK Corp. records, Lockhart Industries

3  contributed manifested waste to the BKK Class I Facility. This manifested waste

4  contained Hazardous Substances that Lockhart Industries generated and/or arranged

5  for its disposal at the BKK Class I Facility. To date, Defendant LTI Holdings, Inc.

6  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

7  of costs incurred by the Plaintiffs at the BKK Class I Facility.

8      295.   Upon information and belief, Defendant M-I L.L.C *aka* and/or *dba* M-

9  I Swaco is the successor to Imco Services and/or otherwise liable for manifested

10  waste that was contributed to the BKK Class I Facility by Imco Services.

11  According to historical BKK Corp. records, Imco Services contributed manifested

12  waste to the BKK Class I Facility. This manifested waste contained Hazardous

13  Substances that Imco Services generated and/or arranged for its disposal at the

14  BKK Class I Facility. To date, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco has

15  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

16  costs incurred by the Plaintiffs at the BKK Class I Facility.

17      296.   Upon information and belief, Defendant Manhattan Beach Holding

18  Corp. is the successor to Fairchild Industries and/or is otherwise liable for

19  manifested waste that was contributed to the BKK Class I Facility by Fairchild

20  Industries.  According to historical BKK Corp. records, Fairchild Industries

21  contributed manifested waste to the BKK Class I Facility. This manifested waste

22  contained Hazardous Substances that Fairchild Industries generated and/or arranged

23  for its disposal at the BKK Class I Facility. To date, Defendant Manhattan Beach

24  Holding Corp. has not incurred any costs at the BKK Class I Facility nor has it paid

25  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26      297.   According to historical BKK Corp. records, Defendant Marco

27  Chemical Co. contributed manifested waste to the BKK Class I Facility. This

28  manifested waste contained Hazardous Substances that Defendant Marco Chemical

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

2  Defendant Marco Chemical Co. has not incurred any costs at the BKK Class I

3  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

4  Class I Facility.

5  298.   Upon information and belief, Defendant Marcor Environmental, Inc. is

6  the successor to Marcor Environmental West, Inc. (*aka* and/or previously identified

7  in this action and the related action as Marco Chemical Co.) and/or Mechanical

8  Asbestos Removal, Inc. (*aka* and/or previously identified in this action and the

9  related action as Marco Chemical Co.) and/or otherwise liable for manifested waste

10  that was contributed to the BKK Class I Facility by Marcor Environmental West,

11  Inc. and/or Mechanical Asbestos Removal, Inc.  According to historical BKK Corp.

12  records, Marcor Environmental West, Inc. and/or Mechanical Asbestos Removal,

13  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

14  waste contained Hazardous Substances that Marcor Environmental West, Inc.

15  and/or Mechanical Asbestos Removal, Inc. generated and/or arranged for its

16  disposal at the BKK Class I Facility. To date, Defendant Marcor Environmental,

17  Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

18  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

19  299.   According to historical BKK Corp. records, Defendant Marten

20  Management Co. contributed manifested waste to the BKK Class I Facility. This

21  manifested waste contained Hazardous Substances that Defendant Marten

22  Management Co. generated and/or arranged for its disposal at the BKK Class I

23  Facility. To date, Defendant Marten Management Co. has not incurred any costs at

24  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

25  Plaintiffs at the BKK Class I Facility.

26  300.   According to historical BKK Corp. records, Defendant Martin

27  Marietta Southern California Aggregates, LLC (formerly dba Riverside Cement Co.

28  and previously identified in this action and the related action as Riverside Cement

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Co.) is the successor to Riverside Cement Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Riverside Cement Co.  According to historical BKK Corp. records, Riveride Cement Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Riverside Cement Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Martin Marietta Southern California Aggregates, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

301.   Upon information and belief, Defendant Masco Corporation is the successor to Standard Brands Paint Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Standard Brands Paint Co. Inc.  According to historical BKK Corp. records, Standard Brands Paint Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Standard Brands Paint Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Masco Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

302.   Upon information and belief, Defendant Mazda Motor of America, Inc. is the successor to Mazda North America and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Mazda North America.  According to historical BKK Corp. records, Mazda North America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Mazda North America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda Motor of America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

1 | Facility.

2 |     303.   According to historical BKK Corp. records, Defendant Mazda North

3 | America contributed manifested waste to the BKK Class I Facility.  This

4 | manifested waste contained Hazardous Substances that Defendant Mazda North

5 | America generated and/or arranged for its disposal at the BKK Class I Facility.  To

6 | date, Defendant Mazda North America has not incurred any costs at the BKK Class

7 | I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8 | Class I Facility.

9 |     304.   According to historical BKK Corp. records, Defendant MCA

10 | Laboratories contributed manifested waste to the BKK Class I Facility. This

11 | manifested waste contained Hazardous Substances that Defendant MCA

12 | Laboratories generated and/or arranged for its disposal at the BKK Class I Facility.

13 | To date, Defendant MCA Laboratories has not incurred any costs at the BKK Class

14 | I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

15 | Class I Facility.

16 |     305.   According to historical BKK Corp. records, Defendant McCulloch

17 | Corp. contributed manifested waste to the BKK Class I Facility.  This manifested

18 | waste contained Hazardous Substances that Defendant McCulloch Corp. generated

19 | and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant

20 | McCulloch Corp. has not incurred any response costs at the BKK Class I Facility

21 | nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

22 | Class I Facility.

23 |     306.   According to historical BKK Corp. records, Defendant McKay

24 | Chemical Co. contributed manifested waste to the BKK Class I Facility. This

25 | manifested waste contained Hazardous Substances that Defendant McKay

26 | Chemical Co. generated and/or arranged for its disposal at the BKK Class I

27 | Facility. To date, Defendant McKay Chemical Co. has not incurred any costs at the

28 | BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

1 | at the BKK Class I Facility.

2 |     307.  Upon information and belief, Defendant Mead Johnson & Company is

3 | the successor to Drackett Co. and/or otherwise liable for manifested waste that was

4 | contributed to the BKK Class I Facility by Drackett Co.  According to historical

5 | BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I

6 | Facility. This manifested waste contained Hazardous Substances that Drackett Co.

7 | generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8 | Defendant Mead Johnson & Company has not incurred any costs at the BKK Class

9 | I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10 | Class I Facility.

11 |     308.  Upon information and belief, Defendant Merchants Metals LLC is the

12 | successor to Anchor Post Products Inc. and/or otherwise liable for manifested waste

13 | that was contributed to the BKK Class I Facility by Anchor Post Products Inc.

14 | According to historical BKK Corp. records, Anchor Post Products Inc. contributed

15 | manifested waste to the BKK Class I Facility. This manifested waste contained

16 | Hazardous Substances that Anchor Post Products Inc. generated and/or arranged for

17 | its disposal at the BKK Class I Facility. To date, Defendant Merchants Metals LLC

18 | has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

19 | of costs incurred by the Plaintiffs at the BKK Class I Facility.

20 |     309.  According to historical BKK Corp. records, Defendant Merel Co. Inc.

21 | contributed manifested waste to the BKK Class I Facility.  This manifested waste

22 | contained Hazardous Substances that Defendant Merel Co. Inc. generated and/or

23 | arranged for its disposal at the BKK Class I Facility.  To date, Defendant Merel Co.

24 | Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

25 | share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26 |     310.  According to historical BKK Corp. records, Defendant Metal Box Can

27 | contributed manifested waste to the BKK Class I Facility.  This manifested waste

28 | contained Hazardous Substances that Defendant Metal Box Can generated and/or

1   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Metal

2   Box Can has not incurred any costs at the BKK Class I Facility nor has it paid its

3   fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4       311.   According to historical BKK Corp. records, Defendant MGF

5   Industries contributed manifested waste to the BKK Class I Facility. This

6   manifested waste contained Hazardous Substances that Defendant MGF Industries

7   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8   Defendant MGF Industries has not incurred any costs at the BKK Class I Facility

9   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

10  Facility.

11      312.   According to historical BKK Corp. records, Defendant

12  Monogram/Peacock Manufacturing contributed manifested waste to the BKK Class

13  I Facility.  This manifested waste contained Hazardous Substances that Defendant

14  Monogram/Peacock Manufacturing generated and/or arranged for its disposal at the

15  BKK Class I Facility.  To date, Defendant Monogram/Peacock Manufacturing has

16  not incurred any response costs at the BKK Class I Facility nor has it paid its fair

17  share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

18      313.   Upon information and belief, Defendant Mosaic Global Holdings Inc.

19  is the successor to Petro Lewis Corp. and/or otherwise liable for manifested waste

20  that was contributed to the BKK Class I Facility by Petro Lewis Corp.  According

21  to historical BKK Corp. records, Petro Lewis Corp. contributed manifested waste to

22  the BKK Class I Facility. This manifested waste contained Hazardous Substances

23  that Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class

24  I Facility. To date, Defendant Mosaic Global Holdings Inc. has not incurred any

25  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

26  the Plaintiffs at the BKK Class I Facility.

27      314.   Upon information and belief, Defendant Mr. Gasket Company is the

28  successor to Cragar Industries and/or Peat Manufacturing Co. and/or otherwise

1   liable for manifested waste that was contributed to the BKK Class I Facility by

2   Cragar Industries and/or Peat Manufacturing Co.  According to historical BKK

3   Corp. records, Cragar Industries and/or Peat Manufacturing Co. contributed

4   manifested waste to the BKK Class I Facility. This manifested waste contained

5   Hazardous Substances that Cragar Industries and/or Peat Manufacturing Co.

6   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

7   Defendant Mr. Gasket Company has not incurred any costs at the BKK Class I

8   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

9   Class I Facility.

10       315.    Upon information and belief, Defendant MRC Holdings, Inc. is the

11   successor to American Can Company, Foster-Forbes Glass Co. and/or U.S.

12   Reduction Co. and/or otherwise liable for manifested waste that was contributed to

13   the BKK Class I Facility by American Can Company, Foster-Forbes Glass Co.

14   and/or U.S. Reduction Co.  According to historical BKK Corp. records, American

15   Can Company, Foster-Forbes Glass Co. and U.S. Reduction Co. contributed

16   manifested waste to the BKK Class I Facility. This manifested waste contained

17   Hazardous Substances that American Can Company, Foster-Forbes Glass Co. and

18   U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I

19   Facility. To date, Defendant MRC Holdings, Inc. has not incurred any costs at the

20   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21   at the BKK Class I Facility.

22       316.    According to historical BKK Corp. records, Defendant Narmco

23   Materials Inc. contributed manifested waste to the BKK Class I Facility. This

24   manifested waste contained Hazardous Substances that Defendant Narmco

25   Materials Inc. generated and/or arranged for its disposal at the BKK Class I

26   Facility. To date, Defendant Narmco Materials Inc. has not incurred any costs at the

27   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

28   at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1      317.   Upon information and belief, Defendant NavCom Defense Electronics,

2   Inc. is the successor to Hoffman Electronics and/or otherwise liable for manifested

3   waste that was contributed to the BKK Class I Facility by Hoffman Electronics.

4   According to historical BKK Corp. records, Hoffman Electronics contributed

5   manifested waste to the BKK Class I Facility. This manifested waste contained

6   Hazardous Substances that Hoffman Electronics generated and/or arranged for its

7   disposal at the BKK Class I Facility. To date, Defendant NavCom Defense

8   Electronics, Inc. has not incurred any costs at the BKK Class I Facility nor has it

9   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

10      318.   Upon information and belief, Defendant NEC Liquidation Corp.

11   (previously identified in this action as GWB (US), Inc.) is the successor to

12   Networks Electronic and/or otherwise liable for manifested waste that was

13   contributed to the BKK Class I Facility by Networks Electronic.  According to

14   historical BKK Corp. records, Networks Electronic contributed manifested waste to

15   the BKK Class I Facility. This manifested waste contained Hazardous Substances

16   that Networks Electronic generated and/or arranged for its disposal at the BKK

17   Class I Facility. To date, Defendant NEC Liquidation Corp. has not incurred any

18   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

19   the Plaintiffs at the BKK Class I Facility.

20      319.   Upon information and belief, Defendant New Bristol Farms, Inc. is the

21   successor to Gold-Pak International, Inc. (previously identified in this action and

22   the related action as Gold Pack Meat Co.) and/or otherwise liable for manifested

23   waste that was contributed to the BKK Class I Facility by Gold-Pak International,

24   Inc.  According to historical BKK Corp. records, Gold-Pak International, Inc.

25   contributed manifested waste to the BKK Class I Facility. This manifested waste

26   contained Hazardous Substances that Gold-Pak International, Inc. generated and/or

27   arranged for its disposal at the BKK Class I Facility. To date, Defendant New

28   Bristol Farms, Inc. has not incurred any costs at the BKK Class I Facility nor has it

1  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2  320.  According to historical BKK Corp. records, Defendant New Fashion

3  Cleaners contributed manifested waste to the BKK Class I Facility. This manifested

4  waste contained Hazardous Substances that Defendant New Fashion Cleaners

5  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

6  Defendant New Fashion Cleaners has not incurred any costs at the BKK Class I

7  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

8  Class I Facility.

9  321.  According to historical BKK Corp. records, Defendant Nippondenso

10  of Los Angeles contributed manifested waste to the BKK Class I Facility. This

11  manifested waste contained Hazardous Substances that Defendant Nippondenso of

12  Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility.

13  To date, Defendant Nippondenso of Los Angeles has not incurred any costs at the

14  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

15  at the BKK Class I Facility.

16  322.  According to historical BKK Corp. records, Defendant North

17  American Environmental contributed manifested waste to the BKK Class I Facility.

18  This manifested waste contained Hazardous Substances that Defendant North

19  American Environmental generated and/or arranged for its disposal at the BKK

20  Class I Facility.  To date, Defendant North American Environmental has not

21  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

22  incurred by the Plaintiffs at the BKK Class I Facility.

23  323.  Upon information and belief, Defendant Novartis Corp. is the

24  successor to Panel Air Corp., M&T Chemicals, Furane Products Company, and/or

25  Deco Manufacturing and/or otherwise liable for manifested waste that was

26  contributed to the BKK Class I Facility by Panel Air Corp, M&T Chemicals,

27  Furane Products Company and Deco Manufacturing.  According to historical BKK

28  Corp. records, Panel Air Corp., M&T Chemicals, Furane Products Company and

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Deco Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Panel Air Corp., M&T Chemicals, Furane Products Company and Deco Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Novartis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

324.    According to historical BKK Corp. records, Defendant Orange County Sanitation District contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Orange County Sanitation District generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Orange County Sanitation District has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

325.    According to historical BKK Corp. records, Defendant Pacific Anchor Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific Anchor Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Anchor Chemical Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

326.    According to historical BKK Corp. records, Defendant Pacific Intermountain Express contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific Intermountain Express generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Intermountain Express has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

327.    According to historical BKK Corp. records, Defendant Pacific Oasis contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific Oasis generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Oasis has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

328.    According to historical BKK Corp. records, Defendant Pacific Southwest Airlines contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Pacific Southwest Airlines generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pacific Southwest Airlines has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

329.    According to historical BKK Corp. records, Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

330.    Upon information and belief, Defendant Pactiv LLC is the successor to Packaging Corp. of America and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Packaging Corp. of America.  According to historical BKK Corp. records, Packaging Corp. of America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Packaging Corp. of America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pactiv LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

1   incurred by the Plaintiffs at the BKK Class I Facility.

2        331.   According to historical BKK Corp. records, Defendant Paint &
3   Coatings Corp. contributed manifested waste to the BKK Class I Facility. This
4   manifested waste contained Hazardous Substances that Defendant Paint & Coatings
5   Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To
6   date, Defendant Paint & Coatings Corp. has not incurred any costs at the BKK
7   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
8   BKK Class I Facility.

9        332.   According to historical BKK Corp. records, Defendant Panel Air Corp.
10  contributed manifested waste to the BKK Class I Facility.  This manifested waste
11  contained Hazardous Substances that Defendant Panel Air Corp. generated and/or
12  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Panel Air
13  Corp. has not incurred any response costs at the BKK Class I Facility nor has it
14  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
15  Facility.

16       333.   Upon information and belief, Defendant Parsons Corporation is the
17  successor to Ralph M. Parsons Co. and/or otherwise liable for manifested waste that
18  was contributed to the BKK Class I Facility by Ralph M. Parsons Co.  According to
19  historical BKK Corp. records, Ralph M. Parsons Co. contributed manifested waste
20  to the BKK Class I Facility. This manifested waste contained Hazardous
21  Substances that Ralph M. Parsons Co. generated and/or arranged for its disposal at
22  the BKK Class I Facility. To date, Defendant Parsons Corporation has not incurred
23  any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred
24  by the Plaintiffs at the BKK Class I Facility.

25       334.   According to historical BKK Corp. records, Defendant Pauley
26  Petroleum Co. contributed manifested waste to the BKK Class I Facility. This
27  manifested waste contained Hazardous Substances that Defendant Pauley
28  Petroleum Co. generated and/or arranged for its disposal at the BKK Class I

1    Facility. To date, Defendant Pauley Petroleum Co. has not incurred any costs at the
2    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
3    at the BKK Class I Facility.

4    335.   Upon information and belief, Defendant PCC Flow Technologies
5    Holdings, Inc. is the successor to Johnston Pump Co. and/or otherwise liable for
6    manifested waste that was contributed to the BKK Class I Facility by Johnston
7    Pump Co.  According to historical BKK Corp. records, Johnston Pump Co.
8    contributed manifested waste to the BKK Class I Facility. This manifested waste
9    contained Hazardous Substances that Johnston Pump Co. generated and/or arranged
10   for its disposal at the BKK Class I Facility. To date, Defendant PCC Flow
11   Technologies Holdings, Inc. has not incurred any costs at the BKK Class I Facility
12   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
13   Facility.

14   336.   Upon information and belief, Defendant PCC Rollmet, Inc. is the
15   successor to Kaiser Rollmet Inc. and/or otherwise liable for manifested waste that
16   was contributed to the BKK Class I Facility by Kaiser Rollmet Inc.  According to
17   historical BKK Corp. records, Kaiser Rollmet Inc. contributed manifested waste to
18   the BKK Class I Facility. This manifested waste contained Hazardous Substances
19   that Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class
20   I Facility. To date, Defendant PCC Rollmet, Inc. has not incurred any costs at the
21   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs
22   at the BKK Class I Facility.

23   337.   According to historical BKK Corp. records, Defendant Peairs
24   Engineers contributed manifested waste to the BKK Class I Facility. This
25   manifested waste contained Hazardous Substances that Defendant Peairs Engineers
26   generated and/or arranged for its disposal at the BKK Class I Facility. To date,
27   Defendant Peairs Engineers has not incurred any costs at the BKK Class I Facility
28   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

Facility.

338.   According to historical BKK Corp. records, Defendant Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peat Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

339.   Upon information and belief, Defendant Pervo International, Inc. is the successor to Pervo Paint Company (later known as Knights J3, Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pervo Paint Company.  According to historical BKK Corp. records, Pervo Paint Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pervo Paint Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pervo International, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

340.   According to historical BKK Corp. records, Defendant Petro Lewis Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Petro Lewis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

341.   According to historical BKK Corp. records, Defendant PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant PGP Industries Inc.

generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PGP Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

342.   Upon information and belief, Defendant Pioneer Electronics (USA) Inc. is the successor to MCA Laboratories and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by MCA Laboratories. According to historical BKK Corp. records, MCA Laboratories contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that MCA Laboratories generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pioneer Electronics (USA) Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

343.   According to historical BKK Corp. records, Defendant Pillsbury Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Pillsbury Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pillsbury Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

344.   Upon information and belief, Defendant PRC–DeSoto International Inc. is the successor to International Polymer Corp. and/or Products Research & Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by International Polymer Corp. and/or Products Research & Chemical Corp.  According to historical BKK Corp. records, International Polymer Corp. and Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that International Polymer Corp. and Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

1    Facility. To date, Defendant PRC–DeSoto International Inc. has not incurred any

2    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

3    the Plaintiffs at the BKK Class I Facility.

4        345.    Upon information and belief, Defendant Precision Castparts Corp. is

5    the successor to Reisner Metals and/or otherwise liable for manifested waste that

6    was contributed to the BKK Class I Facility by Reisner Metals.  According to

7    historical BKK Corp. records, Reisner Metals contributed manifested waste to the

8    BKK Class I Facility. This manifested waste contained Hazardous Substances that

9    Reisner Metals generated and/or arranged for its disposal at the BKK Class I

10   Facility. To date, Defendant Precision Castparts Corp. has not incurred any costs at

11   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

12   Plaintiffs at the BKK Class I Facility.

13       346.    Upon information and belief, Defendant Presstek, LLC is the successor

14   to A.B. Dick Co. and/or otherwise liable for manifested waste that was contributed

15   to the BKK Class I Facility by A.B. Dick Co.  According to historical BKK Corp.

16   records, A.B. Dick Co. contributed manifested waste to the BKK Class I Facility.

17   This manifested waste contained Hazardous Substances that A.B. Dick Co.

18   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

19   Defendant Presstek, LLC has not incurred any costs at the BKK Class I Facility nor

20   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

21   Facility.

22       347.    According to historical BKK Corp. records, Defendant Price Pfister

23   *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

24   manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

25   Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

26   date, Defendant Price Pfister *nka* Pfister has not incurred any costs at the BKK

27   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

28   BKK Class I Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

348.   Upon information and belief, Defendant Printed Circuits, Inc. is the successor to Electro-Etch Circuits Inc. (previously identified in this action and the related action as Electrotech Circuits Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Electro-Etch Circuits Inc. According to historical BKK Corp. records, Electro-Etch Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electro-Etch Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Printed Circuits, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

349.   According to historical BKK Corp. records, Defendant Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Products Research & Chemical Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

350.   According to historical BKK Corp. records, Defendant Proto Tool contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Proto Tool generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Proto Tool has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

351.   Upon information and belief, Defendant Pure Source LLC is the successor to Cal Chem Cleaning Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Chem Cleaning Co. According to historical BKK Corp. records, Cal Chem Cleaning Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   Hazardous Substances that Cal Chem Cleaning Co. generated and/or arranged for

2   its disposal at the BKK Class I Facility. To date, Defendant Pure Source LLC has

3   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

4   costs incurred by the Plaintiffs at the BKK Class I Facility.

5       352.   According to historical BKK Corp. records, Defendant Purex Corp.

6   contributed manifested waste to the BKK Class I Facility. This manifested waste

7   contained Hazardous Substances that Defendant Purex Corp. generated and/or

8   arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex

9   Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

10  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11      353.   Upon information and belief, Defendant Purex Industries, Inc. is the

12  successor to T.P. Industrial Inc. and/or otherwise liable for manifested waste that

13  was contributed to the BKK Class I Facility by T.P. Industrial Inc.  According to

14  historical BKK Corp. records, T.P. Industrial Inc. contributed manifested waste to

15  the BKK Class I Facility. This manifested waste contained Hazardous Substances

16  that T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class

17  I Facility. To date, Defendant Purex Industries, Inc. has not incurred any costs at

18  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

19  Plaintiffs at the BKK Class I Facility.

20      354.   According to historical BKK Corp. records, Pyrotronics Corporation

21  (previously identified in this action and the related action as Apollo Manufacturing

22  Co., and formerly having a division known as Apollo Manufacturing) contributed

23  manifested waste to the BKK Class I Facility. This manifested waste contained

24  Hazardous Substances that Pyrotronics Corporation generated and/or arranged for

25  its disposal at the BKK Class I Facility. To date, Defendant Pyrotronics

26  Corporation has not incurred any response costs at the BKK Class I Facility nor has

27  it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

28  Facility.

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

355.   Upon information and belief, Defendant Qarbon Aerospace Inc. is the successor to Vought Aircraft Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Vought Aircraft Industries Inc.  According to historical BKK Corp. records, Vought Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Vought Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Qarbon Aerospace Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

356.   According to historical BKK Corp. records, Rachelle Laboratories, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Rachelle Laboratories, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Rachelle Laboratories, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

357.   According to historical BKK Corp. records, Defendant Ralph M. Parsons Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ralph M. Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ralph M. Parsons Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

358.   Upon information and belief, Defendant RB&W Manufacturing LLC (previously identified in this action as RB&W Corp.) is the successor to Russell Burdsall & Ward Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Russell Burdsall & Ward Inc.

According to historical BKK Corp. records, Russell Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Russell Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant RB&W Manufacturing LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

359. According to historical BKK Corp. records, Defendant Redken Laboratories Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Redken Laboratories Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Redken Laboratories Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

360. According to historical BKK Corp. records, Defendant Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Reisner Metals has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

361. According to historical BKK Corp. records, Defendant Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Replacement Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Replacement Parts Manufacturing has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

362. According to historical BKK Corp. records, Defendant Rexam

1  Beverage Can Company contributed manifested waste to the BKK Class I Facility.

2  This manifested waste contained Hazardous Substances that Defendant Rexam

3  Beverage Can Company generated and/or arranged for its disposal at the BKK

4  Class I Facility.  To date, Defendant Rexam Beverage Can Company has not

5  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

6  incurred by the Plaintiffs at the BKK Class I Facility.

7         363.   Upon information and belief, Defendant Reyes Coca-Cola Bottling,

8  L.L.C. is the successor to Dr. Pepper Bottling Company of Southern California

9  and/or otherwise liable for manifested waste that was contributed to the BKK Class

10 I Facility by Dr. Pepper Bottling Company of Southern California.  According to

11 historical BKK Corp. records, Dr. Pepper Bottling Company of Southern California

12 contributed manifested waste to the BKK Class I Facility. This manifested waste

13 contained Hazardous Substances that Dr. Pepper Bottling Company of Southern

14 California generated and/or arranged for its disposal at the BKK Class I Facility. To

15 date, Defendant Reyes Coca-Cola Bottling, L.L.C. has not incurred any costs at the

16 BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

17 at the BKK Class I Facility.

18        364.   According to historical BKK Corp. records, Defendant Richardson &

19 Holland contributed manifested waste to the BKK Class I Facility.  This manifested

20 waste contained Hazardous Substances that Defendant Richardson & Holland

21 generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

22 Defendant Richardson & Holland has not incurred any response costs at the BKK

23 Class I Facility nor has it paid its fair share of response costs incurred by the

24 Plaintiffs at the BKK Class I Facility.

25        365.   According to historical BKK Corp. records, Defendant Ricoh

26 Electronics, Inc. contributed manifested waste to the BKK Class I Facility.  This

27 manifested waste contained Hazardous Substances that Defendant Ricoh

28 Electronics, Inc. generated and/or arranged for its disposal at the BKK Class I

Facility.  To date, Defendant Ricoh Electronics, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

366.   Upon information and belief, Defendant Ricoh Printing Systems America Inc. is the successor to Data Products Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Data Products Corp.  According to historical BKK Corp. records, Data Products Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Data Products Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ricoh Printing Systems America Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

367.   Upon information and belief, Defendant Rio Tinto Alcan Inc. is the successor to American Can Company, Foster-Forbes Glass Co., U.S. Borax & Chemical Corp. and/or U.S. Reduction Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by American Can Company, Foster-Forbes Glass Co., U.S. Borax & Chemical Corp. and/or U.S. Reduction Co. According to historical BKK Corp. records, American Can Company, Foster-Forbes Glass Co., U.S. Borax & Chemical Corp. and U.S. Reduction Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that American Can Company, Foster-Forbes Glass Co., U.S. Borax and Chemical Corp. and U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

368.   According to historical BKK Corp. records, Defendant Robert Manufacturing Company (previously identified in this action and the related action

1  as Roberts Manufacturing Co.) contributed manifested waste to the BKK Class I
2  Facility. This manifested waste contained Hazardous Substances that Defendant
3  Robert Manufacturing Company generated and/or arranged for its disposal at the
4  BKK Class I Facility. To date, Defendant Robert Manufacturing Company has not
5  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
6  incurred by the Plaintiffs at the BKK Class I Facility.

7  369.   Upon information and belief, Defendant Roller Bearing Company of
8  America, Inc. is the successor to Sargent Industries and/or otherwise liable for
9  manifested waste that was contributed to the BKK Class I Facility by Sargent
10  Industries.  According to historical BKK Corp. records, Sargent Industries
11  contributed manifested waste to the BKK Class I Facility. This manifested waste
12  contained Hazardous Substances that Sargent Industries generated and/or arranged
13  for its disposal at the BKK Class I Facility. To date, Defendant Roller Bearing
14  Company of America, Inc. has not incurred any costs at the BKK Class I Facility
15  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I
16  Facility.

17  370.   According to historical BKK Corp. records, Defendant Royal
18  Aluminum Co. contributed manifested waste to the BKK Class I Facility. This
19  manifested waste contained Hazardous Substances that Defendant Royal Aluminum
20  Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
21  Defendant Royal Aluminum Co. has not incurred any costs at the BKK Class I
22  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
23  Class I Facility.

24  371.   According to historical BKK Corp. records, Defendant Russell
25  Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility.
26  This manifested waste contained Hazardous Substances that Defendant Russell
27  Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I
28  Facility. To date, Defendant Russell Burdsall & Ward Inc. has not incurred any

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

2    the Plaintiffs at the BKK Class I Facility.

3        372.    Upon information and belief, Defendant S.C. Johnson & Son, Inc. is

4    the successor to Drackett Co. and/or otherwise liable for manifested waste that was

5    contributed to the BKK Class I Facility by Drackett Co.  According to historical

6    BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I

7    Facility. This manifested waste contained Hazardous Substances that Drackett Co.

8    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

9    Defendant S.C. Johnson & Son, Inc. has not incurred any costs at the BKK Class I

10   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

11   Class I Facility.

12       373.    According to historical BKK Corp. records, Defendant Safeway Stores

13   Inc. contributed manifested waste to the BKK Class I Facility.  This manifested

14   waste contained Hazardous Substances that Defendant Safeway Stores Inc.

15   generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

16   Defendant Safeway Stores Inc. has not incurred any costs at the BKK Class I

17   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

18   Class I Facility.

19       374.    Upon information and belief, Defendant Safran Seats USA LLC is the

20   successor to Weber Aircraft and/or otherwise liable for manifested waste that was

21   contributed to the BKK Class I Facility by Weber Aircraft.  According to historical

22   BKK Corp. records, Weber Aircraft contributed manifested waste to the BKK Class

23   I Facility. This manifested waste contained Hazardous Substances that Weber

24   Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To

25   date, Defendant Safran Seats USA LLC has not incurred any costs at the BKK

26   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

27   BKK Class I Facility.

28       375.    According to historical BKK Corp. records, Defendant San Diego

Pipeline Company (previously identified in this action and the related action as San Diego Pipe Line Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant San Diego Pipeline Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant San Diego Pipeline Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

376.   According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

377.   According to historical BKK Corp. records, Defendant Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

378.   Upon information and belief, Defendant Schlumberger, Ltd. is the successor to Joy Petroleum Equipment and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Joy Petroleum Equipment. According to historical BKK Corp. records, Joy Petroleum Equipment contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Joy Petroleum Equipment generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger, Ltd. has

not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

379.    Upon information and belief, Defendant Schlumberger N.V. is the successor to Fairchild Semiconductor International, Inc. and Xtra Energy and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fairchild Semiconductor International, Inc. and Xtra Energy.  According to historical BKK Corp. records, Fairchild Semiconductor International, Inc. and Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fairchild Semiconductor International, Inc. and Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger N.V. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

380.    Upon information and belief, Defendant SemGroup Corporation is the successor to Koch Fuels, Inc. (previously identified in this action and the related action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant SemGroup Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

381.    Upon information and belief, Defendant Shared Technologies Fairchild Telecom, Inc. is the successor to VSI Corporation (previously identified in this action and the related action as Voi Shan, and formerly having a division known as Voi Shan) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by VSI Corporation.  According to

historical BKK Corp. records, VSI Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that VSI Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Shared Technologies Fairchild Telecom, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

382.    According to historical BKK Corp. records, Defendant Shuwa Investments Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Shuwa Investments Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

383.    According to historical BKK Corp. records, Defendant Sierra Pacific Container Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Sierra Pacific Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Sierra Pacific Container Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

384.    According to historical BKK Corp. records, Defendant Smith & Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Smith & Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith & Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

385.    Upon information and belief, Defendant Somacis Inc. is the successor to Hallmark Circuits Inc. and/or otherwise liable for manifested waste that was

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

contributed to the BKK Class I Facility by Hallmark Circuits Inc.  According to historical BKK Corp. records, Hallmark Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hallmark Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Somacis Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

386.   Upon information and belief, Defendant Sony Pictures Entertainment Inc. is the successor to Columbia Pictures and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Columbia Pictures. According to historical BKK Corp. records, Columbia Pictures contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Columbia Pictures generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sony Pictures Entertainment Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

387.   According to historical BKK Corp. records, Defendant Southern Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southern Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southern Pacific Pipe Lines, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

388.   According to historical BKK Corp. records, Defendant Southern Service Company (previously identified in this action and the related action as Blue Seal Linen Supply and also formerly dba Blue Seal Linen Supply) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Southern Service Company generated and/or

1   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Southern

2   Service Company has not incurred any response costs at the BKK Class I Facility

3   nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

4   Class I Facility.

5        389.   According to historical BKK Corp. records, Defendant Southwest

6   Petro Chemical contributed manifested waste to the BKK Class I Facility.  This

7   manifested waste contained Hazardous Substances that Defendant Southwest Petro

8   Chemical generated and/or arranged for its disposal at the BKK Class I Facility.  To

9   date, Defendant Southwest Petro Chemical has not incurred any response costs at

10  the BKK Class I Facility nor has it paid its fair share of response costs incurred by

11  the Plaintiffs at the BKK Class I Facility.

12       390.   According to historical BKK Corp. records, Defendant Southwest

13  Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This

14  manifested waste contained Hazardous Substances that Defendant Southwest Steel

15  Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility.

16  To date, Defendant Southwest Steel Rolling Mills has not incurred any costs at the

17  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

18  at the BKK Class I Facility.

19       391.   According to historical BKK Corp. records, Defendant Standard

20  Brands Paint Co. Inc. contributed manifested waste to the BKK Class I Facility.

21  This manifested waste contained Hazardous Substances that Defendant Standard

22  Brands Paint Co. Inc. generated and/or arranged for its disposal at the BKK Class I

23  Facility.  To date, Defendant Standard Brands Paint Co. Inc. has not incurred any

24  response costs at the BKK Class I Facility nor has it paid its fair share of response

25  costs incurred by the Plaintiffs at the BKK Class I Facility.

26       392.   According to historical BKK Corp. records, Defendant Standard

27  Industrial Towel & Uniform contributed manifested waste to the BKK Class I

28  Facility. This manifested waste contained Hazardous Substances that Defendant

Standard Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Standard Industrial Towel & Uniform has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

393.    Upon information and belief, Defendant Standard Motor Products, Inc. is the successor to Cali-Blok and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cali-Blok. According to historical BKK Corp. records, Cali-Blok contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cali-Blok generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Standard Motor Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

394.    According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Structural Composite Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

395.    According to historical BKK Corp. records, Defendant T.P. Industrial Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant T.P. Industrial Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

396.    According to historical BKK Corp. records, Defendant TDY

Industries, LLC and/or its predecessor TDY Industries, Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant TDY Industries, LLC and/or its predecessor TDY Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant TDY Industries, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

397.   Upon information and belief, Defendant Telair US LLC is the successor to Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Telair US LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

398.   According to historical BKK Corp. records, Defendant Tenneco Oil Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Tenneco Oil Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Tenneco Oil Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

399.   Upon information and belief, Defendant TFI International Inc. is the successor to Truck Transport and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Truck Transport.  According to historical BKK Corp. records, Truck Transport contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Truck Transport generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant TFI International Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

400.   Upon information and belief, Defendant The Marmon Group LLC is the successor to ICX Industries, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by ICX Industries, Inc.  According to historical BKK Corp. records, ICX Industries, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that ICX Industries, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant The Marmon Group LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

401.   According to historical BKK Corp. records, Defendant The Martin Linen Supply Company (previously identified in this action and the related action as Cadet Uniform & Linen Supply Co. and also formerly dba Cadet Uniform & Linen Supply Co.) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant The Martin Linen Supply Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant The Martin Linen Supply Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

402.   Upon information and belief, Defendant The Times Mirror Company is the successor to Times Mirror Press and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Times Mirror Press.  According to historical BKK Corp. records, Times Mirror Press contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Times Mirror Press generated and/or arranged for its disposal at the

1   BKK Class I Facility. To date, Defendant The Times Mirror Company has not
2   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
3   incurred by the Plaintiffs at the BKK Class I Facility.

4       403.   According to historical BKK Corp. records, Defendant The Termo
5   Company contributed manifested waste to the BKK Class I Facility.  This
6   manifested waste contained Hazardous Substances that Defendant The Termo
7   Company generated and/or arranged for its disposal at the BKK Class I Facility.
8   To date, Defendant The Termo Company has not incurred any costs at the BKK
9   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
10  BKK Class I Facility.

11      404.   According to historical BKK Corp. records, Defendant Thompson
12  Drilling contributed manifested waste to the BKK Class I Facility.  This manifested
13  waste contained Hazardous Substances that Defendant Thompson Drilling
14  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
15  Defendant Thompson Drilling has not incurred any costs at the BKK Class I
16  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
17  Class I Facility.

18      405.   Upon information and belief, Defendant Thompson Energy Resources,
19  LLC is the successor to Thompson Drilling and/or otherwise liable for manifested
20  waste that was contributed to the BKK Class I Facility by Thompson Drilling.
21  According to historical BKK Corp. records, Thompson Drilling contributed
22  manifested waste to the BKK Class I Facility. This manifested waste contained
23  Hazardous Substances that Thompson Drilling generated and/or arranged for its
24  disposal at the BKK Class I Facility. To date, Defendant Thompson Energy
25  Resources, LLC has not incurred any costs at the BKK Class I Facility nor has it
26  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27      406.   According to historical BKK Corp. records, Defendant Times Mirror
28  Press contributed manifested waste to the BKK Class I Facility. This manifested

1   waste contained Hazardous Substances that Defendant Times Mirror Press
2   generated and/or arranged for its disposal at the BKK Class I Facility. To date,
3   Defendant Times Mirror Press has not incurred any costs at the BKK Class I
4   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
5   Class I Facility.

6       407.   According to historical BKK Corp. records, Defendant Toyota Motor
7   Manufacturing USA contributed manifested waste to the BKK Class I Facility.
8   This manifested waste contained Hazardous Substances that Defendant Toyota
9   Motor Manufacturing USA generated and/or arranged for its disposal at the BKK
10  Class I Facility.  To date, Defendant Toyota Motor Manufacturing USA has not
11  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs
12  incurred by the Plaintiffs at the BKK Class I Facility.

13      408.   According to historical BKK Corp. records, Defendant Transmix
14  Corporation contributed manifested waste to the BKK Class I Facility.  This
15  manifested waste contained Hazardous Substances that Defendant Transmix
16  Corporation generated and/or arranged for its disposal at the BKK Class I Facility.
17  To date, Defendant Transmix Corporation has not incurred any response costs at the
18  BKK Class I Facility nor has it paid Its fair share of response costs incurred by the
19  Plaintiffs at the BKK Class I Facility.

20      409.   According to historical BKK Corp. records, Defendant TRE Corp.
21  contributed manifested waste to the BKK Class I Facility. This manifested waste
22  contained Hazardous Substances that Defendant TRE Corp. generated and/or
23  arranged for its disposal at the BKK Class I Facility. To date, Defendant TRE Corp.
24  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
25  of costs incurred by the Plaintiffs at the BKK Class I Facility.

26      410.   Upon information and belief, Defendant Tribune Publishing Company
27  is the successor to Times Mirror Press and/or otherwise liable for manifested waste
28  that was contributed to the BKK Class I Facility by Times Mirror Press.  According

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   to historical BKK Corp. records, Times Mirror Press contributed manifested waste

2   to the BKK Class I Facility. This manifested waste contained Hazardous

3   Substances that Times Mirror Press generated and/or arranged for its disposal at the

4   BKK Class I Facility. To date, Defendant Tribune Publishing Company has not

5   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

6   incurred by the Plaintiffs at the BKK Class I Facility.

7        411.   Upon information and belief, Defendant TriMas Corporation is the

8   successor to Price Pfister *nka* Pfister and/or is otherwise liable for manifested waste

9   that was contributed to the BKK Class I Facility by Price Pfister *nka* Pfister.

10  According to historical BKK Corp. records, Price Pfister *nka* Pfister contributed

11  manifested waste to the BKK Class I Facility. This manifested waste contained

12  Hazardous Substances that Price Pfister *nka* Pfister generated and/or arranged for

13  its disposal at the BKK Class I Facility. To date, Defendant TriMas Corporation has

14  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

15  costs incurred by the Plaintiffs at the BKK Class I Facility.

16       412.   Upon information and belief, Defendant Triumph Group Operations is

17  the successor to L.A. Gauge Co., Inc. (previously identified in this action and the

18  related action as Los Angeles Gauge Co.) and/or is otherwise liable for manifested

19  waste that was contributed to the BKK Class I Facility by L.A. Gauge Co., Inc.

20  According to historical BKK Corp. records, L.A. Gauge Co., Inc. contributed

21  manifested waste to the BKK Class I Facility. This manifested waste contained

22  Hazardous Substances that L.A. Gauge Co., Inc. generated and/or arranged for its

23  disposal at the BKK Class I Facility. To date, Defendant Triumph Group

24  Operations has not incurred any costs at the BKK Class I Facility nor has it paid its

25  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26       413.   Upon information and belief, Defendant Triumph Thermal Systems,

27  LLC is the successor to Fairchild Industries and/or is otherwise liable for

28  manifested waste that was contributed to the BKK Class I Facility by Fairchild

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

Industries. According to historical BKK Corp. records, Fairchild Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fairchild Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Triumph Thermal Systems, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

414.   According to historical BKK Corp. records, Defendant Trizec Properties contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trizec Properties generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trizec Properties has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

415.   According to historical BKK Corp. records, Defendant Trojan Battery Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Trojan Battery Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Trojan Battery Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

416.   According to historical BKK Corp. records, Defendant Truck Transport contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Truck Transport generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Truck Transport has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

417.   According to historical BKK Corp. records, Defendant Truckomat

1   Corporation contributed manifested waste to the BKK Class I Facility. This

2   manifested waste contained Hazardous Substances that Defendant Truckomat

3   Corporation generated and/or arranged for its disposal at the BKK Class I Facility.

4   To date, Defendant Truckomat Corporation has not incurred any costs at the BKK

5   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

6   BKK Class I Facility.

7       418.   Upon information and belief, Defendant TRZ Holdings IV LLC

8   (previously identified in this action as TRZ Holdings LLC) is the successor to

9   Trizec Properties and/or otherwise liable for manifested waste that was contributed

10  to the BKK Class I Facility by Trizec Properties.  According to historical BKK

11  Corp. records, Trizec Properties contributed manifested waste to the BKK Class I

12  Facility. This manifested waste contained Hazardous Substances that Trizec

13  Properties generated and/or arranged for its disposal at the BKK Class I Facility. To

14  date, Defendant TRZ Holdings IV LLC has not incurred any costs at the BKK

15  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

16  BKK Class I Facility.

17      419.   According to historical BKK Corp. records, Defendant U.S. Borax &

18  Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Defendant U.S. Borax &

20  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

21  Facility. To date, Defendant U.S. Borax & Chemical Corp. has not incurred any

22  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

23  the Plaintiffs at the BKK Class I Facility.

24      420.   Upon information and belief, Defendant U.S. Borax, Inc. is the

25  successor to U.S. Borax & Chemical Corp. and/or otherwise liable for manifested

26  waste that was contributed to the BKK Class I Facility by U.S. Borax & Chemical

27  Corp.  According to historical BKK Corp. records, U.S. Borax & Chemical Corp.

28  contributed manifested waste to the BKK Class I Facility. This manifested waste

contained Hazardous Substances that U.S. Borax and Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant U.S. Borax, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

421.   According to historical BKK Corp. records, Defendant U.S. Brass Division contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant U.S. Brass Division generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant U.S. Brass Division has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

422.   According to historical BKK Corp. records, Defendant U.S. Reduction Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant U.S. Reduction Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant U.S. Reduction Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

423.   According to historical BKK Corp. records, Defendant Ultramar Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ultramar Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ultramar Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

424.   Upon information and belief, Defendant UNFI Grocers Distribution, Inc. is the successor to Certified Grocers of Cal. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Certified Grocers of Cal.  According to historical BKK Corp. records, Certified Grocers of

1   Cal. contributed manifested waste to the BKK Class I Facility. This manifested

2   waste contained Hazardous Substances that Certified Grocers of Cal. generated

3   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

4   UNFI Grocers Distribution, Inc. has not incurred any costs at the BKK Class I

5   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6   Class I Facility.

7       425.   According to historical BKK Corp. records, Defendant United

8   Coatings Inc. contributed manifested waste to the BKK Class I Facility.  This

9   manifested waste contained Hazardous Substances that Defendant United Coatings

10  Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

11  Defendant United Coatings Inc. has not incurred any costs at the BKK Class I

12  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13  Class I Facility.

14      426.   Upon information and belief, Defendant USG Corporation is the

15  successor to Hollytex Carpet Mills, Inc. and/or otherwise liable for manifested

16  waste that was contributed to the BKK Class I Facility by Hollytex Carpet Mills,

17  Inc.  According to historical BKK Corp. records, Hollytex Carpet Mills, Inc.

18  contributed manifested waste to the BKK Class I Facility. This manifested waste

19  contained Hazardous Substances that Hollytex Carpet Mills, Inc. generated and/or

20  arranged for its disposal at the BKK Class I Facility. To date, Defendant USG

21  Corporation has not incurred any costs at the BKK Class I Facility nor has it paid

22  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

23      427.   According to historical BKK Corp. records, Defendant Valentec

24  International Corp. contributed manifested waste to the BKK Class I Facility.  This

25  manifested waste contained Hazardous Substances that Defendant Valentec

26  International Corp. generated and/or arranged for its disposal at the BKK Class I

27  Facility.  To date, Defendant Valentec International Corp. has not incurred any

28  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1  the Plaintiffs at the BKK Class I Facility.

2       428.   Upon information and belief, Defendant Valero Energy Corporation is

3  the successor to Ultramar Inc. and/or otherwise liable for manifested waste that was

4  contributed to the BKK Class I Facility by Ultramar Inc.  According to historical

5  BKK Corp. records, Ultramar Inc. contributed manifested waste to the BKK Class I

6  Facility. This manifested waste contained Hazardous Substances that Ultramar Inc.

7  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

8  Defendant Valero Energy Corporation has not incurred any costs at the BKK Class

9  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

10  Class I Facility.

11       429.   According to historical BKK Corp. records, Defendant Van De Kamp

12  contributed manifested waste to the BKK Class I Facility.  This manifested waste

13  contained Hazardous Substances that Defendant Van De Kamp generated and/or

14  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Van De

15  Kamp has not incurred any costs at the BKK Class I Facility nor has it paid its fair

16  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

17       430.   According to historical BKK Corp. records, Defendant Varco

18  International contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Defendant Varco

20  International generated and/or arranged for its disposal at the BKK Class I Facility.

21  To date, Defendant Varco International has not incurred any costs at the BKK Class

22  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

23  Class I Facility.

24       431.   Upon information and belief, Defendant Vest, Inc. is the successor to

25  Bernard Epps & Co. and/or otherwise liable for manifested waste that was

26  contributed to the BKK Class I Facility by Bernard Epps & Co.  According to

27  historical BKK Corp. records, Bernard Epps & Co. contributed manifested waste to

28  the BKK Class I Facility. This manifested waste contained Hazardous Substances

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1   that Bernard Epps & Co. generated and/or arranged for its disposal at the BKK

2   Class I Facility. To date, Defendant Vest, Inc. has not incurred any costs at the

3   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

4   at the BKK Class I Facility.

5   432.   Upon information and belief, Defendant VF Corporation is the

6   successor to Standard Industrial Towel & Uniform and/or otherwise liable for

7   manifested waste that was contributed to the BKK Class I Facility by Standard

8   Industrial Towel & Uniform.  According to historical BKK Corp. records, Standard

9   Industrial Towel & Uniform contributed manifested waste to the BKK Class I

10   Facility. This manifested waste contained Hazardous Substances that Standard

11   Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK

12   Class I Facility. To date, Defendant VF Corporation has not incurred any costs at

13   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

14   Plaintiffs at the BKK Class I Facility.

15   433.   According to historical BKK Corp. records, Defendant Vons

16   Companies Inc. contributed manifested waste to the BKK Class I Facility.  This

17   manifested waste contained Hazardous Substances that Defendant Vons Companies

18   Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

19   Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I

20   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

21   Class I Facility.

22   434.   Upon information and belief, Defendant Vons Companies Inc. is the

23   successor to Jerseymaid Milk Products, Inc. (previously identified in this action as

24   Jersey Maid Milk Products Inc.) and/or otherwise liable for manifested waste that

25   was contributed to the BKK Class I Facility by Jerseymaid Milk Products, Inc.

26   According to historical BKK Corp. records, Jerseymaid Milk Products, Inc.

27   contributed manifested waste to the BKK Class I Facility. This manifested waste

28   contained Hazardous Substances that Jerseymaid Milk Products, Inc. generated

1   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

2   Vons Companies Inc. has not incurred any costs at the BKK Class I Facility nor has

3   it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4   435.   According to historical BKK Corp. records, Defendant Vought

5   Aircraft Industries Inc. contributed manifested waste to the BKK Class I Facility.

6   This manifested waste contained Hazardous Substances that Defendant Vought

7   Aircraft Industries Inc. generated and/or arranged for its disposal at the BKK Class

8   I Facility.  To date, Defendant Vought Aircraft Industries Inc. has not incurred any

9   costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

10  the Plaintiffs at the BKK Class I Facility.

11  436.   According to historical BKK Corp. records, Defendant W.L. Chapman

12  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

13  waste contained Hazardous Substances that Defendant W.L. Chapman Co.

14  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

15  Defendant W.L. Chapman Co. has not incurred any response costs at the BKK

16  Class I Facility nor has it paid its fair share of response costs incurred by the

17  Plaintiffs at the BKK Class I Facility.

18  437.   According to historical BKK Corp. records, Defendant Weber Aircraft

19  contributed manifested waste to the BKK Class I Facility. This manifested waste

20  contained Hazardous Substances that Defendant Weber Aircraft generated and/or

21  arranged for its disposal at the BKK Class I Facility. To date, Defendant Weber

22  Aircraft has not incurred any costs at the BKK Class I Facility nor has it paid its

23  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24  438.   According to historical BKK Corp. records, Defendant Wells Marine

25  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

26  waste contained Hazardous Substances that Defendant Wells Marine Inc. generated

27  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

28  Wells Marine Inc. has not incurred any costs at the BKK Class I Facility nor has it

1  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

2      439.  According to historical BKK Corp. records, Defendant Weslock Corp.

3  contributed manifested waste to the BKK Class I Facility. This manifested waste

4  contained Hazardous Substances that Defendant Weslock Corp. generated and/or

5  arranged for its disposal at the BKK Class I Facility. To date, Defendant Weslock

6  Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

7  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8      440.  According to historical BKK Corp. records, Defendant Western Kraft

9  Corp. contributed manifested waste to the BKK Class I Facility. This manifested

10  waste contained Hazardous Substances that Defendant Western Kraft Corp.

11  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

12  Defendant Western Kraft Corp. has not incurred any costs at the BKK Class I

13  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

14  Class I Facility.

15      441.  According to historical BKK Corp. records, Defendant Western

16  Lithograph contributed manifested waste to the BKK Class I Facility. This

17  manifested waste contained Hazardous Substances that Defendant Western

18  Lithograph generated and/or arranged for its disposal at the BKK Class I Facility.

19  To date, Defendant Western Lithograph has not incurred any costs at the BKK

20  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

21  BKK Class I Facility.

22      442.  According to historical BKK Corp. records, Defendant Western

23  Synthetic Felt Co. contributed manifested waste to the BKK Class I Facility. This

24  manifested waste contained Hazardous Substances that Defendant Western

25  Synthetic Felt Co. generated and/or arranged for its disposal at the BKK Class I

26  Facility. To date, Defendant Western Synthetic Felt Co. has not incurred any costs

27  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

28  Plaintiffs at the BKK Class I Facility.

443.    According to historical BKK Corp. records, Defendant Westminster Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Westminster Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Westminster Ceramics Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

444.    Upon information and belief, Defendant Whico Machine, Inc. is the successor to Replacement Parts Manufacturing and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Replacement Parts Manufacturing.  According to historical BKK Corp. records, Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Replacement Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Whico Machine, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

445.    According to historical BKK Corp. records, Defendant Whittaker Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Whittaker Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Whittaker Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

446.    According to historical BKK Corp. records, Defendant Windowmaster Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Windowmaster Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Windowmaster Products has not incurred any costs at the BKK Class I

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
Class I Facility.

447.   Upon information and belief, Defendant Witco Corporation is the
successor to Southwest Petro Chemical and/or otherwise liable for manifested
waste that was contributed to the BKK Class I Facility by Southwest Petro
Chemical.  According to historical BKK Corp. records, Southwest Petro Chemical
contributed manifested waste to the BKK Class I Facility. This manifested waste
contained Hazardous Substances that Southwest Petro Chemical generated and/or
arranged for its disposal at the BKK Class I Facility. To date, Defendant Witco
Corporation has not incurred any costs at the BKK Class I Facility nor has it paid
its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

448.   Upon information and belief, Defendant Woodward HRT, Inc. is the
successor to HR Textron Inc. and/or otherwise liable for manifested waste that was
contributed to the BKK Class I Facility by HR Textron Inc.  According to historical
BKK Corp. records, HR Textron Inc. contributed manifested waste to the BKK
Class I Facility. This manifested waste contained Hazardous Substances that HR
Textron Inc. generated and/or arranged for its disposal at the BKK Class I Facility.
To date, Defendant Woodward HRT, Inc. has not incurred any costs at the BKK
Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the
BKK Class I Facility.

449.   Upon information and belief, Defendant Wyman-Gordon Company is
the successor to W.L. Chapman Co. and/or otherwise liable for manifested waste
that was contributed to the BKK Class I Facility by W.L. Chapman Co.  According
to historical BKK Corp. records, W.L. Chapman Co. contributed manifested waste
to the BKK Class I Facility. This manifested waste contained Hazardous
Substances that W.L. Chapman Co. generated and/or arranged for its disposal at the
BKK Class I Facility. To date, Defendant Wyman-Gordon Company has not
incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

1  incurred by the Plaintiffs at the BKK Class I Facility.

2      450.   According to historical BKK Corp. records, Defendant Xtra Energy

3  contributed manifested waste to the BKK Class I Facility. This manifested waste

4  contained Hazardous Substances that Defendant Xtra Energy generated and/or

5  arranged for its disposal at the BKK Class I Facility. To date, Defendant Xtra

6  Energy has not incurred any costs at the BKK Class I Facility nor has it paid its fair

7  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

8      451.   According to historical BKK Corp. records, Defendant Yoplait USA

9  contributed manifested waste to the BKK Class I Facility. This manifested waste

10  contained Hazardous Substances that Defendant Yoplait USA generated and/or

11  arranged for its disposal at the BKK Class I Facility. To date, Defendant Yoplait

12  USA has not incurred any costs at the BKK Class I Facility nor has it paid its fair

13  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14      452.   According to historical BKK Corp. records, Defendant Zimmer

15  Service Center (previously identified in this action and the related action as

16  Zimmers Truck Stop) contributed manifested waste to the BKK Class I Facility.

17  This manifested waste contained Hazardous Substances that Defendant Zimmer

18  Service Center generated and/or arranged for its disposal at the BKK Class I

19  Facility. To date, Defendant Zimmer Service Center has not incurred any costs at

20  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

21  Plaintiffs at the BKK Class I Facility.

22      453.   Paragraphs 453 to 806 are reserved.

23      807.   Each Defendant has declined or not responded to Plaintiffs' request(s)

24  to enter into, or has otherwise not entered into, a tolling agreement to facilitate

25  settlement discussions.  A number of other PRPs at the BKK Class I Facility have

26  entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to

27  resolve the liabilities of those PRPs without litigation.

28

808.    On information and belief, each Defendant, including any of its assignees, predecessors, successors in interest, or alter egos, is a "person" who either (a) by contract, agreement, or otherwise, arranged for disposal or treatment, or (b) arranged with a transporter for disposal or treatment, of Hazardous Substances at the BKK Class I Facility.

809.    On information and belief, between approximately 1969 and 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the BKK Class I Facility but have not incurred any costs, nor have they paid their fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

810.    At all times relevant to this action, the BKK Class I Facility was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was also owned by BKK Corp. from approximately 1973 through the present.

811.  Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

812.  The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

813.    By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

814.    On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or

otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

815.    In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

816.    The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

817.    In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and each of its then-members incurred necessary response costs at the BKK Class I Facility that are consistent with the NCP.

818.    The composition of the BKK Working Group has changed over time and continues to change.  New members pay an interim allocated share of past and ongoing costs.  Each Plaintiff, as a member of the BKK Working Group, has incurred necessary response costs consistent with the NCP.

819.    On October 31, 2005, the State of California, through its agency DTSC, filed a Complaint against certain members of the BKK Working Group in case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site Action").  In the Initial Site Action Complaint, the State of California sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL. HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working

1  Group relating to the BKK Class I Facility.  The Initial Site Action Complaint was

2  filed concurrently with the lodging of a consent decree between certain members of

3  the BKK Working Group and DTSC that addressed conditions at the BKK Class I

4  Facility.

5       820.    On February 8, 2006, the State of California, through its agency

6  DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial

7  Site Action.  The First Consent Decree, attached hereto as **Exhibit C**, was entered

8  on March 9, 2006.

9       821.    Among other things, the First Consent Decree obligated certain

10 members of the BKK Working Group to perform environmental response actions at

11 the BKK Class I Facility, to reimburse DTSC for certain of its past response costs,

12 and to pay DTSC for its continuing oversight of the environmental response work

13 at the BKK Class I Facility.  The response actions have included investigation

14 activities.

15      822.    The First Consent Decree also "resolves the liability of [the members

16 of the BKK Working Group] for Past Response Costs . . . " and provides members

17 of the BKK Working Group with "protection from contribution actions or claims as

18 provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters

19 addressed in [the First Consent Decree].  The matters addressed in [the First

20 Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . .

21 . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC

22 Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and

23 (f) compliance with the ISE Order from its effective date through the date on which

24 it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at

25 ¶ 8.1.

26      823.    Upon entry of the First Consent Decree, the BKK Working Group

27 began performing environmental response work, including site investigation, at the

28 BKK Class I Facility under the oversight of DTSC.  All work performed under the

First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

824.    On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint sought recovery of past response costs, including investigation costs, pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

825.    At that same time, the State of California, through its agency DTSC, lodged a Second Consent Decree ("Second Consent Decree") with the Court, obligating the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including investigation costs, and to pay future oversight costs to DTSC on an ongoing basis.  The Second Consent Decree, attached hereto as **Exhibit D**, was entered on August 10, 2010.

826.    Among other things, the Second Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the BKK Class I Facility.  Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA Statement of Work).  The EE/CA is to propose a non-time critical removal action that contributes to the efficient performance of any long-term remedial action for the BKK Class I Facility.  It is anticipated that a remedial investigation/feasibility study and remedial actions will be conducted at the BKK Class I Facility at the

1    conclusion of the EE/CA.  It is anticipated that DTSC will select further appropriate

2    response actions to be performed at the BKK Class Facility based on the EE/CA.

3        827.    Among other things, the Second Consent Decree provides certain

4    members of the BKK Working Group with "protection from contribution actions or

5    claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for

6    matters addressed in the Second Consent Decree.  The matters addressed in the

7    Second Consent Decree are (a) the Work to be Performed by [the BKK Working

8    Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . .

9    ." Second Consent Decree at ¶ 8.1.

10        828.    From August 10, 2010 until the present, the BKK Working Group

11    performed and continues to perform environmental response work, including site

12    investigation, at the BKK Class I Facility under the Second Consent Decree.  All

13    work performed under the Second Consent Decree is deemed to be, and was,

14    necessary and performed in accordance with the NCP.

15        829.    On February 2, 2015, the State of California, through its agency

16    DTSC, filed a third complaint against certain members of the BKK Working Group

17    in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site

18    Action").  Like the Initial and Second Site Action Complaints, the Third Site

19    Action Complaint sought recovery of past response costs pursuant to Section 107 of

20    CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive

21    relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of

22    the BKK Working Group relating to the BKK Class I Facility.

23        830.    At that same time, the State of California, through its agency DTSC,

24    lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the

25    Court, obligating certain members of the BKK Working Group to perform

26    additional response actions, including investigation activities, at the BKK Class I

27    Facility, to reimburse DTSC for certain of its past response costs, including site

28    investigation activities, and to pay future oversight costs to DTSC on an ongoing

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

1    basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered

2    on July 24, 2015.

3         831.    Among other things, the Third Partial Consent Decree obligates

4    certain members of the BKK Working Group to perform environmental response

5    actions, including investigation activities, at the BKK Class I Facility, to reimburse

6    DTSC for certain of its response costs, including site investigation costs, to pay

7    DTSC for its continuing oversight of the environmental response work at the BKK

8    Class I Facility, and to conduct a Remedial Investigation/Feasibility Study

9    ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third

10   Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree

11   (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the

12   RI/FS includes the Class I Landfill and Class I Landfill operation areas, including

13   but not limited to, "Trash Island" located on the north side of the landfill; the

14   leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP;

15   liquid piping and other liquid collection and conveyance systems associated with

16   the Class I Landfill; the fueling station and truck wash; and wherever hazardous

17   substances from such areas have or may come to be located.  It is anticipated that

18   DTSC will select further appropriate response actions to be performed at and

19   around the BKK Class I Facility based on the RI/FS.

20        832.    Among other things, the Third Partial Consent Decree provides

21   certain members of the BKK Working Group with "protection from contribution

22   actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

23   9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters

24   addressed in the Third Partial Consent Decree are (a) the Work to be Performed by

25   [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c)

26   Future DTSC Oversight Costs . . ." Third Partial Consent Decree at ¶ 8.1.

27        833.    As reflected in the BKK document archive maintained by DTSC,

28   members of the BKK Working Group also entered into additional interim

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

settlement agreements with DTSC to reimburse the State for its past response costs incurred consistent with the NCP at the BKK Class I Landfill.

834.    On July 29, 2016, the State of California, through its agency DTSC, filed an amended third complaint, which joined as defendants five additional members of the BKK Working Group.

835.    At that same time, the State of California, through its agency DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third Partial Consent Decree"), which added the five new defendants as additional Settling Defendants.  The Amended Third Partial Consent Decree, attached hereto as **Exhibit F**, was approved by the Court on October 18, 2016.

836.    Among other things, the Amended Third Partial Consent Decree, like the Third Partial Consent Decree, obligates certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

837.    From July 24, 2015 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree.  All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

838.    The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees.  Plaintiffs will continue to incur response

costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

839.    Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility.  Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility.  This investigation for the purpose of identification of additional PRPs is ongoing.

840.    The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

841.    In 2020, DTSC estimated that necessary response actions to fully remediate the BKK Class I Facility would cost $869,286,436.

842.    Plaintiffs have incurred or are committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility.

843.    To date, Defendants have failed to participate in or contribute to any work or costs at the BKK Class I Facility.

//

//

//

//

# FIRST CLAIM FOR RELIEF

## Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))

## (Asserted Only Against Those Defendants And To The Extent Identified in Exhibit G, Attached Hereto)

844.    Paragraphs 1-843 are incorporated by reference.

845.    Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in pertinent part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607 of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

846.    Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), provides in pertinent part:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2) [*i.e.*, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement"].

847.    Plaintiffs that are individual members of the BKK Working Group, have been subject to three separate civil actions under CERCLA § 9607:  the Initial Site Action, the Second Site Action, and the Third Site Action.

848.    The First, Second and Third Partial and Amended Third Partial Consent Decrees are judicially-approved settlements that resolve liability of the member Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

849.    The interim settlement agreements entered into between DTSC and certain members of the BKK Working Group were administratively approved and resolved liability of those Plaintiffs to the State of California for response actions taken at the BKK Class I Facility, and for costs of such response actions.

850.    Defendants are "person[s] who [are] liable or potentially liable under section 9607(a)."

851.    Defendants have not resolved their liability to the United States or to the State of California in an administrative or judicially approved settlement for response costs arising from the BKK Class I Facility.

852.    Plaintiffs are entitled to contribution from Defendants under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the result of a release or threatened release (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I Facility.

853.    While Defendants are liable for necessary response costs, including site investigation expenses, incurred by Plaintiffs in compliance with the NCP, Defendants have not contributed an equitable share of those costs.

854.    Defendants are liable for contribution to reimburse Plaintiffs for their respective equitable shares of all costs and liability incurred by Plaintiffs as a result of the release or any threatened release of Hazardous Substances at and from the BKK Class I Facility.

855.    Plaintiffs previously notified the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

//

//

//

161

1
## <u>SECOND CLAIM FOR RELIEF</u>

2
### Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))

3
### (Against All Defendants)

4
856.    Paragraphs 1-855 are incorporated by reference.

5
857.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent

6
part:

7
(a)    Notwithstanding any other provision or rule of law, and subject

8
only to the defenses set forth in subsection (b) of this section –

9
* * * *

10
(3)    any person who by contract, agreement, or otherwise

11
arranged for disposal or treatment, or arranged with a

12
transporter for transport for disposal or treatment of

13
hazardous substances owned or possessed by such person

14
. . . shall be liable for –

15
* * * *

16
(B)    any other necessary costs of response incurred by

17
any other person consistent with the national

18
contingency plan . . . .

19
858.    Plaintiffs are each a "person" within the meaning of CERCLA

20
§ 101(21), 42 U.S.C. § 9601(21).

21
859.    Defendants are "persons" within the meaning of CERCLA § 101(21),

22
42 U.S.C. § 9601(21).

23
860.    The BKK Class I Facility is a "facility" within the meaning of

24
CERCLA § 101(9), 42 U.S.C. § 9601(9).

25
861.    Defendants arranged for disposal or treatment, or arranged with third-

26
party transporters for the disposal or treatment, of hazardous substances owned or

27
possessed by Defendants at the BKK Class I Facility.

28

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

862.   Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

863.   Separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees in resolution of Plaintiffs' CERCLA liability to the State of California, Plaintiffs also voluntarily have incurred certain additional response costs as result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

864.   Such costs include, but are not limited to, the costs of response for installation of certain new equipment at the site, costs of response for the replacement of certain aging equipment at the site necessary to facilitate further cleanup actions, and costs of further site investigations, all of which have been incurred and will continue to be incurred pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) and are consistent with the NCP.

865.   Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

## **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

### **(Against All Defendants)**

866.   Paragraphs 1-865 are incorporated herein by reference.

867.   CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

> Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

868.    Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy. Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

869.    Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances. Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair share of those costs incurred by Syngenta Crop Protection, LLC in partially

reimbursing Stauffer Management Company LLC for the response costs Stauffer Management Company LLC paid to satisfy the response cost obligations incurred by Bayer CropScience Inc. relating to the BKK Class I Facility.

870.    Response costs incurred by Plaintiffs that are individual members of the BKK Working Group may have been paid by or reimbursed by a separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Plaintiffs' past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Thus, making them a claimant within the meaning of Section 112(c).

## **FOURTH CLAIM FOR RELIEF**

### **Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))**

### **(Against All Defendants)**

871.    Paragraphs 1-870 are incorporated herein by reference.

872.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

873.    Defendants are jointly and severally liable to Plaintiffs for the reimbursement of necessary response costs, including site investigation expenses, incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a).  Defendants are also severally liable to Plaintiffs under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant to the First, Second, Third Partial and/or Amended Third Partial Consent Decrees, and any future consent decrees, as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring that Defendants are jointly and severally liable to Plaintiffs for reimbursement of their necessary response costs incurred consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of Plaintiffs' future responses costs incurred pursuant to the First, Second, Third Partial and/or Amended Third Partial Consent Decrees, and any future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

## **FIFTH CLAIM FOR RELIEF**

## **Contribution, Hazardous Substance Account Act, California Health and Safety Code Sections 78000 et seq.**

### **(Against All Defendants)**

874.    Paragraphs 1-873 are incorporated herein by reference.

875.    The Plaintiffs bring their claim for contribution against all Defendants except the following: Orange County Sanitation District.

876.    The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code sections 78000 et seq., provides a statutory right of contribution for those parties who clean up contaminated sites from those parties who are responsible for the contamination.

877.    Section 79670(a) of the HSAA provides that "A person who has incurred response or corrective action costs in accordance with this chapter, Chapter 6.5 (commencing with Section 25100 [sic]) or [CERCLA] may seek contribution or indemnity from any person who is liable pursuant to this chapter."

878.    A "liable person" is defined in section 78145(a)(1) of the HSAA as "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section 9607(a))."

879.    Section 107(a) of CERCLA describes, among others, "any person who… arranged for disposal or treatment" of Hazardous Substances "owned or possessed by such person," or "any person who accepts or accepted any" Hazardous Substances "for transport to disposal or treatment facilities."

880.    Defendants are each a "person" within the meaning of sections 78085 and 78145(a)(1) of the Health and Safety Code.

881.    There have been releases or threatened releases from the BKK Class I Facility.

882.    As a direct and proximate result of Defendants' actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

883.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 79670(c).

884.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 79670 of the Health and Safety Code, for all past, present and future necessary responses costs, within the applicable limitations period or thereafter.

## SIXTH CLAIM FOR RELIEF

### Equitable Indemnification

### (Against All Defendants)

885.    Paragraphs 1-884 are incorporated herein by reference.

886.    Plaintiffs have been required to pay environmental response costs at the BKK Class I Facility.

887.    The disposal of wastes containing Hazardous Substances at the BKK Class I Facility by Defendants is a substantial factor in causing the environmental conditions present at the BKK Class I Facility.

888.    A substantial portion of the expenses the Plaintiffs have incurred in response to the actual or threatened release of Hazardous Substances at and from the BKK Class I Facility, including but not limited to investigatory expenses, are the result of the conduct of Defendants.

889.    As a result, Plaintiffs are entitled to complete or partial indemnity from Defendants for such expenses paid within the applicable limitations period or thereafter pursuant to the doctrine of equitable indemnification.

## SEVENTH CLAIM FOR RELIEF

### Equitable Contribution

### (Against All Defendants)

890.    Paragraphs 1-889 are incorporated herein by reference.

891.    Plaintiffs have been required to pay environmental cleanup and other costs at the BKK Class I Facility, and a money judgment has been or will be rendered jointly against Plaintiffs and Defendants.

892.    Plaintiffs have discharged or will discharge the joint judgment and/or have paid or will pay more than Plaintiffs' equitable pro rata share of the joint judgment.

893.    As a result, Plaintiffs are entitled to contribution from Defendants for the excess paid within the applicable limitations period or thereafter that is over the Plaintiffs' equitable pro rata shares of the joint judgment.

## EIGHTH CLAIM FOR RELIEF

### Common Law Subrogation

### (Against All Defendants)

894.    Paragraphs 1-893 are incorporated herein by reference.

895.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.'s obligations for response costs relating to

the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of action Bayer CropScience, Inc. otherwise would have against Defendants.

896.    Through assignment, Plaintiff Stauffer Management Company LLC has the right to recoup costs incurred by Syngenta Crop Protection, LLC in reimbursing Stauffer Management Company LLC for response costs Stauffer Management Company LLC incurred paying Bayer Crop Science, Inc.'s obligations for response costs relating to the BKK Class I Facility.  Based on those reimbursement payments, and to the extent of those payments, Syngenta Crop Protection, LLC is subrogated to all state and federal causes of action Bayer CropScience, Inc. and/or Stauffer Management Company LLC otherwise would have against Defendants.

## NINTH CLAIM FOR RELIEF

### Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060

### (Against All Defendants)

897.    Paragraphs 1-896 are incorporated herein by reference.

898.    Cal. Code of Civil Procedure § 1060 provides in pertinent part:

> Any person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to property . . . may, in a case of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . for a declaration of his or her rights and duties in the premises. . . . He or she may ask for a declaration of rights or duties either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is claimed at the time.

899.    An actual controversy now exists between Plaintiffs and Defendants regarding Defendants' liability for any and all costs and damages incurred and to be incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs contend that Defendants' liability in this regard is based on CERCLA § § 112, and 113, the Hazardous Substances Account Act, California Health and Safety Code §

78000 et seq., the common law theory of equitable indemnification, and the common law theory of equitable subrogation (for the indemnitor plaintiffs).

900.    A declaratory judgment under California Code of Civil Procedure § 1060 for recovery of such costs and damages is appropriate and in the public interest because: it will prevent the need for multiple lawsuits as the Plaintiffs continue to incur future costs; it will provide a final resolution of the issues of liability for those costs; and it will insure a prompt and effective response to environmental conditions at the BKK Class I Facility.

## JURY TRIAL DEMANDED

901.    Plaintiffs demand trial by jury pursuant to Federal Rule of Civil Procedure 38 on all causes and issues so triable under Section 16 of Article I of the California Constitution, the Seventh Amendment to the Constitution, or as may be guaranteed by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    Recovery of all costs, cost of abatement, and damages incurred by Plaintiffs, including response costs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

2.    Contribution of an equitable share of all costs, including response costs incurred by Plaintiffs consistent with the NCP, as a result of any release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

3.    A declaration binding in any subsequent action or actions brought by Plaintiffs, that Defendants are jointly and severally liable for all future costs Plaintiffs incur as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility, and are severally liable for an equitable share of all future response costs Plaintiffs incur pursuant to the First, Second, Third Partial and/or Amended Third Partial Consent Decrees, and any

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

future consent decrees, to address the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

4.    Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

5.    Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

6.    Attorney's fees and pre-judgment interest (as response costs); and

7.    Such other relief as the Court may deem just and appropriate.

Dated: May 12, 2025

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By  s/Kenneth A. Ehrlich
Kenneth A. Ehrlich,
Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated association, and individual members identified herein

Dated: May 12, 2025

HINSON GRAVELLE & ADAIR LLP

By  s/Douglas A. Gravelle
Douglas A. Gravelle,
Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated association, and individual members identified herein

TWELFTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)