LOEB & LOEB LLP
ALBERT M. COHEN (SBN 141525)
acohen@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Liaison Counsel for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP, et al., | Case No.: 2:18-cv-05836 |
| Plaintiffs, | Assigned to Hon. Michael W. Fitzgerald. |
| v. | |
| ALBERTSONS COMPANIES, INC., et al. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' TWELFTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | |
| | [Filed concurrently with Declaration of Albert M. Cohen including Selected Excerpts from Documents Referred to in Twelfth Amended Complaint; and [Proposed] Order] |
| | Date: September 8, 2025 |
| | Time: 10:00 a.m. |
| | Dept. 5A |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:18-cv-05836-MWF-PLA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, September 8, 2025, at 10:00 a.m., in Courtroom 5A of the above-captioned court, located at 350 West First Street, Los Angeles, CA 90012, Judge Michael W. Fitzgerald presiding, defendants ("Defendants")[1] will, and hereby do move to dismiss the claims of Plaintiffs BKK Working Group, *et al* ("Plaintiffs") for (1) Contribution under CERCLA §113 (First Claim for Relief); (2) Cost Recovery under CERCLA §107 (Second Claim for Relief); (3) Subrogation (Third Claim for Relief); (4) Declaratory Relief under CERCLA §113(g) (Fourth Claim for Relief); (5) Contribution under the California Health and Safety Code (Fifth Claim for Relief); (6) Equitable Indemnification (Sixth Claim for Relief); (7) Equitable Contribution (Seventh Claim for Relief); (8) Common Law Subrogation (Eighth Claim for Relief); and (9) Declaratory Relief (Ninth Claim for Relief) all as alleged in the Twelfth Amended Complaint filed on May 12, 2025.

Defendants' Motion to Dismiss is based upon this Motion, the supporting Memorandum of Points and Authorities, the Declaration of Albert M. Cohen, Exhibits to the Twelfth Amended Complaint and documents referred to therein, all records and pleadings on file with the Court in this action, and on such further evidence and argument as may be presented at or before the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 21, 2025.

Dated: June 16, 2025                    LOEB & LOEB LLP
                                        ALBERT M. COHEN

                                        By:/s/ Albert M. Cohen
                                           Albert M. Cohen
                                           Liaison Counsel for Defendants

---

[1] This Motion is being submitted by Albert M. Cohen of Loeb & Loeb LLP in his capacity as Liaison Counsel for Defendants. (Cohen Decl., ¶2).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 2 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:18-cv-05836-MWF-PLA

|  |  | **Page** |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ALLEGED CONTAMINATION AT THE BKK LANDFILL | 1 |
| III. | DISCUSSION | 4 |
| | A. Legal standard for a Motion to Dismiss under FRCP 12(b)(6) | 4 |
| | B. Summary of Argument – The TAC should be dismissed for failure to state a claim for relief | 5 |
| | C. The Court should dismiss the TAC because it fails to identify the Hazardous Substances each Defendant sent to the Facility | 6 |
| | D. Plaintiffs' First, Fifth, Sixth, and Seventh Cause of Action are Time-Barred and Should be Dismissed | 10 |
| | E. Plaintiffs' Second Claim for Relief Under §107(a) of CERCLA  Must Be Dismissed | 13 |
| | F. Plaintiffs' Sixth and Seventh claims for Equitable Indemnity and Contribution must also be dismissed because they fail to state a claim and are duplicative of Plaintiffs' underlying claims | 16 |
| | G. Plaintiffs' Fourth and Ninth claims for Declaratory Relief are barred to the extent their predicate claims are barred | 20 |
| | H. Stauffer Management Company LLC's Claims for Subrogation Must be Dismissed | 20 |
| | I. Plaintiffs' conclusory allegations against alleged successor Defendants fail to state a claim for relief | 21 |
| IV. | CONCLUSION | 22 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- i -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alisu Invs., Ltd. v. TriMas Corp.*,
    U.S. Dist. LEXIS 226402 (C.D. Cal. Apr. 4, 2018)........................4, 19

*Arconic, Inc. v. APC Inv. Co.*,
    969 F.3d 945 (9th Cir. 2020) ...................................................10

*Asarco LLC v. Atl. Richfield Co.*,
    866 F.3d 1108 (9th Cir. 2017) .................................................13

*Asarco LLC v. NL Indus.*,
    2012 U.S. Dist. LEXIS 191087 (E.D. Mo. Jan. 19, 2012)..................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................4, 7

*Barnes Landfill v. Town of Highland*,
    802 F. Supp. 1087 (S.D.N.Y. 1992) ...........................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................4, 7

*Braddy v. Drug Enf't Agency*,
    464 F. Supp. 3d 1159 (C.D. Cal. 2020)........................................18

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) .....................................................8

*Cal. Dep't of Toxic Substances Control v. Nl Indus.*,
    2021 U.S. Dist. LEXIS 251230 (C.D. Cal. Dec. 22, 2021)................19

*Carson Harbor Vill., Ltd. v. Unocal Corp.*,
    270 F.3d 863, 871 (9th Cir. 2001) .............................................14

*Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*,
    710 F.3d 946 (9th Cir. 2013) ...............................................14, 20

*City of Lincoln v. Cty. of Placer*,
    2022 U.S. Dist. LEXIS 166778 (E.D. Cal. Sept. 14, 2022) ...............17

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- ii -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:18-cv-05836-MWF-PLA

*City of Spokane v. Monsanto Co.*,
   237 F. Supp. 3d 1086 (E.D. Wash. 2017) ............................................. 14

*City of W. Sacramento v. R and L Bus. Mgmt.*,
   2018 U.S. Dist. LEXIS 196078 (E.D. Cal. Nov. 15, 2018) ..................... 4, 7, 8

*Clark v. Bank of Am., Nat'l Ass'n*,
   2013 U.S. Dist. LEXIS 199653 (C.D. Cal. Jan. 24, 2013) ......................... 9

*Coppola v. Smith*,
   935 F. Supp. 2d 993 (E.D. Cal. 2013) ......................................... 8, 19

*Diamond X Ranch LLC v. Atl. Richfield Co.*,
   2017 U.S. Dist. LEXIS 160845 (D. NV. Sept. 29, 2017) ......................... 15

*Eastman v. Brunswick Coal & Lumber Co.*,
   1996 U.S. Dist. LEXIS 22108 (D. Me. Apr. 19, 1996) ............................ 7

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ................................................... 4

*F.J. Asia Co. v. Fluidity Fitness LLC*,
   2009 U.S. Dist. LEXIS 136297 (C.D. Cal. Mar. 9, 2009) ........................ 21

*Fed. Ins. Co. v. Union Pac. R.R. Co.*,
   651 F.3d 1175 (9th Cir. 2011) .................................................. 20

*Francisco-Sanchez v. Esso Std. Oil De P.R., Inc.*,
   2010 U.S. Dist. LEXIS 15165 (D.P.R. Feb. 22, 2010) ........................... 14

*Gardner v. Chevron Capital Corp.*,
   2015 U.S. Dist. LEXIS 114871 (N.D. Cal. Aug. 27, 2015) ........................ 8

*Green Valley Corp. v. Caldo Oil Co.*,
   2011 U.S. Dist. LEXIS 88789
   (N.D. Cal. Aug. 10, 2011) ..................................................... 11

*Hassayampa Steering Comm. v. Arizona*,
   1989 U.S. Dist. LEXIS 17411 (D. Ariz. Dec. 26, 1989) ........................... 7

*Hinds Invs., L.P. v. Team Enters.*,
   2010 U.S. Dist. LEXIS 48554 (E.D. Cal. Apr. 21, 2010) ......................... 19

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- iii -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

*Hinton v. Pac. Enters.*,
    5 F.3d 391 (9th Cir. 1993) ...................................................................................... 10

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) .................................................................................. 10

*Janas v. McCracken* (*In re Silicon Graphics Sec. Litig.*),
    183 F.3d 970 (9th Cir. 1999) .................................................................................... 8

*Kotrous v. Goss-Jewett Co. of N. Cal.*,
    523 F.3d 924 (9th Cir. 2008) .................................................................................. 13

*Metro Container Group v. AC &T Co.*,
    450 F. Supp. 3d 583 (E.D. Pa. 2020) (vacated on other grounds) .................... 21

*In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litig.*,
    682 F. Supp. 1073 (C.D. Cal. 1987)....................................................................... 21

*Estate of Renzel v. Ventura*,
    2015 U.S. Dist. LEXIS 167174 (N.D. Cal. Dec. 11, 2015) ............................... 17

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) .................................................................................... 4

*Sullins v. Exxon/Mobil Corp.*,
    729 F. Supp. 2d 1129 (N.D. Cal. 2010)........................................................... 12, 16

*Tesoro Refining & Marketing Co. v. City of Long Beach*,
    334 F. Supp. 3d 1031 (C.D. Cal. 2017).............................................................. 16, 17

*Torres v. Igdaloff*,
    2021 U.S. Dist. LEXIS 195344 (C.D. Cal. June 28, 2021)................................ 17

*United States v. California*,
    507 U.S. 746 (1993) ................................................................................................ 20

*United States v. Iron Mountain Mines, Inc.*,
    987 F. Supp. 1263 (E.D. Cal. 1997) ................................................................. 14, 15

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- iv -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

*Valvoline Instant Oil Change Franchising, Inc. v.*
    *RFG Oil, Inc.,*
    2014 U.S. Dist. LEXIS 77382 (S.D. Cal. June 4, 2014) .................................... 20

*Van Buskirk v. Cable News Network, Inc.,*
    284 F.3d 977 (9th Cir. 2002) ........................................................................ 8

*Van Ort v. Estate of Stanewich,*
    92 F.3d 831 (9th Cir, 1996) *cert. denied*, 519 U.S. 1111 ................................ 18

*Via v. City of Fairfield,*
    833 F. Supp. 2d 1189 (E.D. Cal. 2011) ......................................................... 18

*Waste Mgmt. of Alameda Cty., Inc. v. East Bay Reg'l Park Dist.,*
    135 F. Supp. 2d 1071 (N.D. Cal. 2001) ......................................................... 15

*Young v. City of Visalia,*
    687 F. Supp. 2d 1155 (E.D. Cal. 2010) ......................................................... 18

**California Cases**

*Buffington v. Ohmert,*
    253 Cal. App. 2d 254 (1967) ....................................................................... 17

*Century Indem. Co. v. Superior Court,*
    50 Cal. App. 4th 1115 (1996) ...................................................................... 12

*Children's Hosp. v. Sedgwick,*
    45 Cal. App. 4th 1780 (1996) ...................................................................... 19

*Coca-Cola Bottling Co. v. Lucky Stores, Inc.,*
    11 Cal. App. 4th 1372 (1992) .................................................................. 12, 19

*Lopez v. S. Cal. Rapid Transit Dist.,*
    40 Cal. 3d 780 (1985) ................................................................................ 18

*Otay Land Co. v. U.E. Ltd., L.P.,*
    15 Cal. App. 5th 806 (2017) ........................................................................ 11

*Prince v. Pac. Gas & Elec. Co.,*
    *45* Cal. 4th 1151 (2009) ............................................................................. 19

*Smith v. Parks Manor,*
    197 Cal. App. 3d 872 (1987) ....................................................................... 12

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- v -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

**Federal Statutes**

42 U.S.C.
    § 9601 .................................................................................*passim*
    § 9602(a) ..............................................................................7
    § 9607(a) ...........................................................................6, 14
    § 9613(g)(3)(B) ..................................................................10

Fed. R. Civ. P. 8 ................................................................................21

Fed. R. Civ. P. 11(b)(3) ....................................................................9

Fed. R. Civ. P. 12(b)(6) ................................................................4, 8

**California Statutes**

Cal. Civ. Proc. Code
    § 339 ..................................................................................12
    § 875 ..............................................................................17, 19

Cal. Gov. Code
    § 815 ..................................................................................18
    § 911.2 ...............................................................................18

Cal. Health & Safety Code
    § 25358.3(e).......................................................................*passim*
    § 79670 ..........................................................................6, 11

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:18-cv-05836-MWF-PLA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In their Twelfth Amended Complaint ("TAC" or "Complaint"), BKK Working Group, *et al.* (collectively, the "BKK Group" or "Plaintiffs") allege that over the last twenty years they have incurred costs responding to alleged releases of hazardous substances at the BKK Class I Landfill in West Covina, California (the "BKK Landfill" or the "Facility").  Plaintiffs further allege the named defendants ("Defendants") are liable for a share of these costs because each Defendant allegedly disposed of hazardous substances at the Facility.

The Court should dismiss the TAC because Plaintiffs' causes of action are fatally defective, failing to identify any hazardous substance that any Defendant allegedly disposed at the Facility, alleging claims that are time-barred based on Plaintiffs' own pleadings, alleging liability under CERCLA §107 that is barred by Plaintiffs' concurrent claim for contribution under CERCLA §113, and alleging claims of successor liability without alleging any facts supporting the allegation of successorship.

## II.    ALLEGED CONTAMINATION AT THE BKK LANDFILL

From 1969 through approximately 1987, BKK Corporation operated the BKK Landfill (¶¶811, 812).[2]  In 2004, BKK Corporation informed the California Department of Toxic Substances Control ("DTSC") that it was ceasing required post-closure care (¶813).  In response, DTSC retained a contractor to conduct emergency response activities and issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (the "ISE Order") to BKK Corporation and approximately 50 other "responsible parties" who were alleged by DTSC to have disposed of wastes at the Facility (¶814).  The ISE Order required the recipients to "undertake . . . removal actions . . . necessary to

_____

[2] "(¶____)" refers to the paragraph in the TAC [Dkt. No. 395].

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 1 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

control or mitigate the hazardous substances at or emanating from the Site," including conducting "all essential landfill operations and maintenance of the Site outlined in Exhibit B" and to undertake other actions "necessary to mitigate the release of hazardous substances at or emanating from the Site." (Ex. B to TAC at pp. 20, 21 [Dkt. No. 395-2]).

In response to the ISE Order, the respondents formed the BKK Group and commenced negotiations with DTSC to address conditions at the Facility (¶817). The BKK Group, and each of its members, also started to incur response costs at the Facility (*id.*).

On October 31, 2005, the State of California ("State") filed a complaint against members of the BKK Group (the "Initial Site Action") seeking recovery of response costs pursuant to §107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et. seq*. ("CERCLA"), declaratory relief, and injunctive relief pursuant to Cal. Health & Safety Code §25358.3(e) (¶819).  The State also lodged a Consent Decree ("CD") resolving those claims.  An Amended CD was lodged on February 8, 2006 and entered on March 9, 2006 (the "First CD" attached as Ex. C to the TAC [Dkt. No. 395-3]) (¶820).

The First CD required the BKK Group to (1) undertake activities to protect "public health, safety and the environment" (the "Essential Activities") and (2) "take all appropriate actions" to address "the release or threatened release of [ ] hazardous substance[s] . . . that present a risk to public health and safety or the environment" at the Facility (¶820; Ex. C to the Second CD attached as Ex. D to the Complaint [Dkt. No. 1-4], and the First CD (attached as Ex. C to the TAC), ¶¶2.3 and 4.4).  Upon entry of the First CD, the BKK Group initiated response work at the Facility (¶823).

On May 5, 2010, the State filed a second complaint against members of the BKK Group (the "Second Site Action") (¶824).  Like the Initial Site Action, the Second Site Action sought recovery of past response costs, declaratory relief, and

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

injunctive relief (*id*.).  The injunction demanded would have required the BKK Group members to take such action as necessary under governing statutes to abate the danger and threat caused by the release or threatened release of hazardous substances at the Facility.  Simultaneously, the State lodged a Second Consent Decree ("Second CD" is attached as Ex. D to the TAC [Dkt. No. 395-4]) that was entered on August 10, 2010 (¶825).

The Second CD, like the ISE Order and the First CD, required the BKK Group to "continue the Essential Activities described in Exhibit C" and to undertake necessary activities to protect "public health, safety and the environment" and to "take all appropriate actions" to address "the release or threatened release of [  ] hazardous substance[s] . . . that present[] a risk to public health, and safety or the environment."  (¶825, Ex. D at pp. 10, 12).  From August 10, 2010 until the present, the BKK Group has performed environmental response work, including site investigation at the Facility, under the Second CD (¶828).

On February 2, 2015, the State filed a third complaint against BKK Group members (the "Third Site Action") (¶829) and lodged a Third Partial Consent Decree ("Third CD") that was entered on July 23, 2015 (¶830, Ex. E [Dkt. No. 395-5]).  The Third Site Action, like the Initial and Second Site Actions sought recovery of past response costs, declaratory relief, and injunctive relief.  The Third CD required members of the BKK Group to continue to "perform the Essential Activities" and protect "public health, safety and the environment" and to "take all appropriate actions" to address "the release or threatened release of . . . hazardous substance[s] . . . that present a risk to public health and safety or the environment" (¶830, Ex. E at 6, 14).

On July 29, 2016, the State filed an amended third complaint that joined additional members of the BKK Group as defendants (¶834) and lodged a First Amended Third Partial Consent Decree (the "Amended Third CD") that was entered on October 18, 2016 (Ex. F to the TAC [Dkt. No. 395-6]).  The Amended Third CD

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 3 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

1  was approved by the court on October 18, 2016 (¶835) (The Third CD and the

2  Amended Third CD are collectively referred to herein as the "Third CD").

3       On July 3, 2018, Plaintiffs initiated this action against numerous defendants.

4  Plaintiffs subsequently amended the complaint twelve times.  The operative

5  complaint is the TAC, filed on May 12, 2025 [Dkt. No. 395].

6  **III.    DISCUSSION**

7       **A.    Legal standard for a Motion to Dismiss under FRCP 12(b)(6).**

8       The standard governing a motion to dismiss is set out in *Bell Atl. Corp. v.*

9  *Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and their

10  Ninth Circuit progeny:  "Dismissal under Rule 12(b)(6) is proper when the

11  complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient

12  facts to support a cognizable legal theory." *Alisu Invs., Ltd. v. TriMas Corp.*, U.S.

13  Dist. LEXIS 226402, at *9 (C.D. Cal. Apr. 4, 2018) (*quoting Somers v. Apple, Inc.*,

14  729 F.3d 953, 959 (9th Cir. 2013)).

15       To survive a motion to dismiss, a plaintiff must allege "enough facts to state a

16  claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Legal

17  conclusions, even when disguised as facts, should be disregarded.  *Iqbal*, 556 U.S. at

18  681 ("It is the conclusory nature of respondent's allegations, rather than their

19  extravagantly fanciful nature, that disentitles them to the presumption of truth.");

20  *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir.

21  2014).  "Threadbare recitals of the elements of a cause of action, supported by mere

22  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  A complaint will

23  not survive a motion to dismiss if it "tenders naked assertions devoid of further

24  factual enhancement." *Id*.  "[T]he tenet that a court must accept a complaint's

25  allegations as true is inapplicable to threadbare recitals of a cause of action's

26  elements, supported by mere conclusory statements." *City of W. Sacramento v. R*

27  *and L Bus. Mgmt.*, 2018 U.S. Dist. LEXIS 196078, at *6 (E.D. Cal. Nov. 15, 2018).

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 4 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

## B. Summary of Argument – The TAC should be dismissed for failure to state a claim for relief.

In the TAC, Plaintiffs assert various causes of action that are fatally defective and should be dismissed.  First, although identifying the hazardous substances that a defendant allegedly disposed at a facility is a threshold requirement for claims under CERCLA and the Carpenter-Presley-Tanner Hazardous Substances Account Act ("HSAA"), Plaintiffs fail to identify a single hazardous substance that any of the hundreds of Defendants allegedly disposed at the Facility.  This omission alone is grounds for dismissal of the entire TAC.

Second, even if Plaintiffs did identify the hazardous substance(s), Plaintiffs' first, fifth, sixth and seventh causes of action are time-barred and should be dismissed.

Third, Plaintiffs' CERCLA §107 claim should also be dismissed because the law does not allow a party with a claim for contribution under CERCLA §113 to also bring a claim for joint and several liability under CERCLA §107.

Fourth, Plaintiffs' fifth cause of action under the HSAA should also be dismissed because it is barred by the statute of limitations.

Fifth, Plaintiffs' sixth and seventh causes of action, for Equitable Indemnity and Contribution, must be dismissed because they are not only fatally flawed and time barred, but also derivative and duplicative of Plaintiffs' claims under CERCLA and the HSAA, which fail.

Sixth, Plaintiffs' fourth and ninth causes of action for Declaratory Relief must be dismissed because, without liability for a predicate act, which Plaintiffs cannot show, there is no basis for awarding Declaratory Relief as to alleged future costs of clean-up activities.[3]

---

[3] Because Plaintiffs' CERCLA claims are barred, the claims for subrogation are also barred.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 5 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

Finally, because this is Plaintiffs' twelfth amended complaint and follows the meet and confer process that raised the issues discussed above, Plaintiffs should not be given leave to amend yet again and the defective causes of action should be dismissed with prejudice.

C.     **The Court should dismiss the TAC because it fails to identify the Hazardous Substances each Defendant sent to the Facility.**

Section 107(a) of CERCLA imposes liability for environmental response costs upon four categories of parties, generally referred to as "potentially responsible parties" or "PRPs" including "any person who . . . arranged for disposal or treatment . . . of hazardous substances [at a facility] from which there is a release or threatened release [of a hazardous substance] . . ." (generally referred to as a "generator").  Plaintiffs allege each Defendant[4] "contributed manifested waste to the BKK Class I Facility" and "[t]his manifested waste contained Hazardous Substances that Defendant . . . generated and/or arranged for its disposal at the BKK Class I Facility."  Based on that conclusory allegation, Plaintiffs contend each Defendant is liable for contribution under §113 of CERCLA[5] and §79670 of the HSAA[6] and for cost recovery under §107 of CERCLA for past and future costs associated with releases of "hazardous substances" at the Facility.

The term "hazardous substance" is expressly defined in §101(14) of CERCLA to include any substance, excluding petroleum products, so designated pursuant to the Federal Water Pollution Control Act, §102 of CERCLA, the Solid

_____

[4] Paragraph 875 of the TAC excludes Defendant Orange County Sanitation District from the HSAA claim.

[5] Section 113 provides: "any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action . . . under section 9607(a) of this title."

[6] Section 79670 provides:  "a person who has incurred response or corrective action costs in accordance with . . . [CERCLA] may seek contribution or indemnity from any person who is liable pursuant to this chapter."  A "liable person" is defined in §78145(a)(1) of the HSAA as "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section 9607(a))."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 6 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

Waste Disposal Act, and the Clean Air Act.  Plaintiffs failed to identify a single "hazardous substance" that any Defendant allegedly sent to the Facility.  Instead, Plaintiffs repeatedly allege only that the "manifested waste" Defendants sent to the Facility contained "hazardous substances."  Such conclusory allegations are insufficient to state a plausible claim for relief.[7]

In *Barnes Landfill v. Town of Highland*, 802 F. Supp. 1087 (S.D.N.Y. 1992), the complaint did not identify what hazardous substances were sent to the site at issue.  Granting defendant's motion to dismiss, the court noted §107(a) of CERCLA "pertains to 'hazardous substances,' which are defined at 42 USC §§9601(14) and 9602(a)," and admonished the plaintiff for "refer[ing] only to 'hazardous substances' without in any instance naming what those substances are or might be" despite "the specific guidance to responsible parties as to which substances are or may be designated as hazardous."  *Id*. at 1088; *see also Eastman v. Brunswick Coal & Lumber Co.*, 1996 U.S. Dist. LEXIS 22108, at *32 (D. Me. Apr. 19, 1996) (recommending dismissal, noting that a statement indicating hazardous substances were released "without naming them, is merely a legal conclusion").

Courts in this Circuit have similarly dismissed claims where pleadings fail to specify the hazardous substances at issue.  In *City of W. Sacramento, supra*, the court granted a motion to dismiss a CERCLA counterclaim due to lack of "sufficient factual detail" regarding what toxic chemicals were stored and used at a city-operated fire station.  *City of W. Sacramento*, 2018 U.S. Dist. LEXIS 196078, at *2. The court held that, because the claimants allegations were "conclusory statements that simply recite its underlying legal theory, the court cannot accept as true [the claimants'] assertions."  *Id.*  Quoting *Iqbal*, 556 U.S. at 662, the court also reiterated

---

[7] A "waste" is only a "hazardous substance under CERCLA if it contains substances listed as hazardous under any of the statutes referenced in CERCLA Section 101(14) . . ."  *Hassayampa Steering Comm. v. Arizona*, 1989 U.S. Dist. LEXIS 17411, at *24 (D. Ariz. Dec. 26, 1989).  Conflating "manifested wastes" with "hazardous substances," as Plaintiffs have done here, falls foul of *Twombly*'s proscription against "mere conclusory statements."  *Twombly*, 550 U.S. at 555.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 7 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

"the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statement." *Id.*

In *Gardner v. Chevron Capital Corp.*, 2015 U.S. Dist. LEXIS 114871, at *3-5 (N.D. Cal. Aug. 27, 2015), the court dismissed a complaint, in part, because of the plaintiff's failure to allege "[w]hat hazardous substance was allegedly released . . ." *Id.* at *4; *see also Coppola v. Smith*, 935 F. Supp. 2d 993, 1009 (E.D. Cal. 2013) (also remarking that, "[w]ithout further identification, the plural term 'hazardous substances' is ambiguous and an insufficient legal conclusion.")

Like in the above cases, Plaintiffs have alleged each Defendant disposed of "hazardous substances" without identifying the hazardous substances.  The Court should not accept the allegations as true, and should dismiss the TAC under FRCP 12(b)(6).

Moreover, Plaintiffs' own allegations demonstrate why the conclusory statements in the NAC should not be accepted as true.  Although a court cannot normally consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion, "[u]nder the 'incorporation by reference' rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  "That doctrine permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Janas v. McCracken* (*In re Silicon Graphics Sec. Litig.*), 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (Court may treat such documents as part of the complaint and assume their contents are true).

Plaintiffs allege each Defendant "contributed *manifested waste* to the BKK Class I Facility" and "this *manifested waste* contained Hazardous Substances"

241407345.6
245864-10001

- 8 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

(*passim*) (emphasis added).  Because these manifests are referred to in the TAC, and are central to Plaintiffs' claims, the Court may consider the contents of the manifests in evaluating this Motion to Dismiss.

As set forth in the accompanying Declaration of Albert M. Cohen (the "Cohen Decl."), there are multiple cases[8] where the manifests attributed to particular Defendants do not identify any "hazardous substances" sent to the Facility (Cohen Decl., ¶7, Exs. B-F).  In some instances, the manifests even describe the wastes as "non-haz," or "mud and water," or as other materials outside the scope of CERCLA §101(14) (*Id.*)[9]  These manifests undermine the central and threshold allegation that the Defendants generated "hazardous substances" disposed of at the Facility and demonstrate why this Court should not accept as true Plaintiffs' bald, conclusory allegations that each Defendant's "manifested waste" contained "Hazardous Substances."  Because Plaintiffs have already filed twelve amended complaints and failed to rectify this failure after the meet and confer process, dismissal with prejudice is appropriate.[10]

---

[8] Defendants only selected a limited number of manifests to show why Plaintiffs' conclusory allegations should not be accepted as true.

[9] For example, some of the manifests identify the wastes as "oil" even though petroleum products are specifically excluded from the definition of "hazardous substances" (CERCLA §101(14)).

[10] If this Court grants the motion to dismiss with leave to amend, or grants this motion as a motion for a more definite statement (*see Asarco LLC v. NL Indus.*, 2012 U.S. Dist. LEXIS 191087, at *11 (E.D. Mo. Jan. 19, 2012) (construing motion to dismiss as motion for a more definite statement), Plaintiffs should be cautioned to only include allegations for which there is legal and evidentiary support with respect to each Defendant.  *See e.g. Clark v. Bank of Am., Nat'l Ass'n*, 2013 LEXIS 199653, at *7 (C.D. Cal. Jan. 24, 2013) ("the Court does not intend to provide Clark with limitless opportunities to state a claim.  If the SAC or a claim therein is dismissed, it will be without leave to amend.  Therefore, Clark should include the necessary allegations in the SAC, if the law supports them, Fed. R. Civ. P. 11(b)(2), and there is evidentiary support, Fed. R. Civ. P. 11(b)(3).")

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 9 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

**D.      Plaintiffs' First, Fifth, Sixth, and Seventh Cause of Action are Time-Barred and Should be Dismissed.**

**1.      Plaintiffs' First Claim for Relief under CERCLA §113 for costs incurred pursuant to the Third CD is barred as to any party not named as a Defendant in this action prior to July 24, 2018.**

A claim for contribution under §113(f) of CERCLA (42 U.S.C. § 9613(f)), must be brought within three years of "the date of judgment in any action under this Act for recovery of such costs or damages." *Arconic, Inc. v. APC Inv. Co.*, 969 F.3d 945, 949 (9th Cir. 2020) ("Under the applicable statute of limitations, 42 U.S.C. §9613(g)(3)(B), the entry of the consent decree gave [plaintiff] OPOG three years to seek contribution for its OU-1 costs.")  When the "running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Plaintiffs' first eleven complaints sought to recover costs incurred pursuant to the First CD entered on March 9, 2006 and the Second CD entered on August 10, 2010, even though the statute of limitations expired years before the initial complaint was filed in 2018.  Defendants raised this statute of limitations issue during the meet and confer process.  In response, Plaintiffs withdrew their §113 claims against all but one of the Defendants with regard to the First and Second CDs in the TAC.[11]

The Third CD was entered on July 24, 2015 (¶830).  Although Plaintiffs filed the initial complaint in this action on July 2, 2018, within three years after entry of

---

[11] Plaintiffs retained a §113 claim against a few Defendants for costs incurred under the First and Second CDs, but did not plead any basis for the limitations period not having run "The burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

1   that CD,[12] many Defendants were not named in any complaint filed within three

2   years after entry of that CD, i.e. prior to July 24, 2018 (Cohen Decl., ¶8).  Therefore,

3   Plaintiffs' claims for contribution for costs incurred pursuant to the Third CD

4   against those Defendants are time-barred and must be dismissed as to those entities.

5       **2.      Plaintiffs' Fifth Claim for Relief for Contribution under the**

6       **HSAA is barred by the statute of limitations.**

7       Plaintiffs' Fifth Claim for Relief seeks contribution under §79670 California

8   Health and Safety Code.  The statute of limitations for claims brought under that

9   provision is three years and begins to run when a plaintiff begins to incur response

10  costs.  *Otay Land Co. v. U.E. Ltd., L.P.*, 15 Cal. App. 5th 806, 851 (2017); *see also*

11  *Green Valley Corp. v. Caldo Oil* Co., 2011 U.S. Dist. LEXIS 88789, at *20 (N.D.

12  Cal. Aug. 10, 2011) (limitations period is three years and begins to accrue when

13  "Plaintiff has made some payment . . . Plaintiff must . . . have brought its claim for

14  contribution and equitable indemnity within three years of incurring cleanup

15  costs . . .")

16      Here, Plaintiffs started incurring response costs in about 2004 in response to

17  the ISE Order issued by DTSC (¶¶813-818), and continued incurring costs for those

18  efforts pursuant to the First CD entered in 2006. Therefore, the three-year statute of

19  limitations governing Plaintiffs' HSAA claim was triggered, at the latest, between

20  2004 and 2006, and expired not later than 2009, nine years before the initial

21  complaint was filed. Therefore, Plaintiffs' own allegations dictate Plaintiffs' Fifth

22  Claim for Relief must be dismissed as untimely.

23

24

25

26

27  [12] To the extent that the Third CD required Plaintiffs to continue to undertake

28  work required by the First and Second CDs, claims for recovery of those costs are barred by the statute of limitations against all Defendants.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 11 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

### 3.     Plaintiffs' Sixth Claim for Relief for Equitable Indemnity is barred by the statute of limitations.

Plaintiffs' Sixth Claim for Relief, which seeks equitable indemnity under state law is likewise barred by the statute of limitations.  "The applicable statute of limitations for actions seeking equitable indemnity is one year" (*Smith v. Parks Manor*, 197 Cal. App. 3d 872, 882 (1987)) and the claim accrues when the indemnitee suffers a loss through payment of a judgment or settlement debt.  *Id.* Plaintiffs started incurring costs in 2004 and continued to incur costs pursuant to the First, Second, and Third CDs entered in 2006, 2010, and 2015 respectively (¶¶820, 825, 830).  Therefore, the one-year statute of limitations for costs incurred pursuant to all of the CDs expired prior to the filing of the initial complaint in July 2018. Plaintiffs' claim for equitable indemnity is barred and must be dismissed.

### 4.     Plaintiffs' Seventh Claim for Relief for Equitable Contribution is barred by the statute of limitations.

Plaintiffs' Seventh Claim for Relief for Equitable Contribution is likewise barred by the statute of limitations.  The statute of limitations for Equitable Contribution is two years.  *Century Indem. Co. v. Superior Court*, 50 Cal. App. 4th 1115, 1117 (1996) (equitable contribution action was "governed by the two-year statute of limitations of Code of Civil Procedure section 339 as an action not founded on an instrument in writing.")  The right of contribution accrues upon "issuance of a judgment."  *Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d 1129, 1138 (N.D. Cal. 2010) (citing *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th 1372, 1378 (1992)).

Judgments were entered against Plaintiffs in 2006, 2010, and 2015, in each case more than two years before suit was filed in 2018.[13]  Therefore, Plaintiffs'

---

[13] The Amended Third CD was entered on October 18, 2016, and the initial complaint was filed within two years.  Although claims by those Plaintiffs added in the Amended Third CD may not be barred with regard to Defendants named in the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

claims for equitable contribution are barred by the statute of limitations and must be dismissed.

**E.**    **Plaintiffs' Second Claim for Relief Under §107(a) of CERCLA Must Be Dismissed.**

**1.**    **Plaintiffs cannot assert a claim under §107.**

In addition to seeking contribution pursuant to §113 of CERCLA, Plaintiffs seek to impose joint and several liability upon Defendants, as generators, pursuant to §107 of CERCLA.  The law is clear, however, that a party bringing a contribution claim under §113 cannot also bring that same claim under §107 – the causes of action are mutually exclusive.  *Asarco LLC v. Atl. Richfield Co.*, 866 F.3d 1108, 1128 (9th Cir. 2017) ("Our circuit, and 'every federal court of appeals to have considered the question since Atlantic Research,' has concluded that 'a party who may bring a contribution action for certain expenses must use the contribution action [under § 113(f)(3)(B)], even if a cost recovery action [under  § 107(a)] would otherwise be available.") (cleaned up); *see also Kotrous v. Goss-Jewett Co. of N. Cal.*, 523 F.3d 924, 932 (9th Cir. 2008) (similar holding).  Because the BKK Group was entitled to bring, and brought, contribution claims under §113, it is precluded from bringing cost recovery claims under §107.  *Kotrous*, 523 F3d at 934.

**2.**    **Plaintiffs' attempts to plead around the prohibition against §107 claims fails.**

In an attempt to circumvent the above-described fatal limitation, Plaintiffs allege that, "separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees," they "voluntarily. . . incurred certain additional response costs as a result of a release or threatened

---

complaints filed prior to October 18, 2018, they are barred against any Defendants added after that date.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 13 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

release of Hazardous Substances at or from the BKK Class I Facility," and that those costs were "necessary" and "consistent with the NCP" (¶¶863, 864).[14]

These threadbare allegations that merely mirror the text of CERCLA are insufficient to state a claim. Courts have consistently dismissed CERCLA claims containing similarly formalistic language that omits allegations of necessity and consistency with the NCP. *See, e.g., City of Spokane v. Monsanto Co.*, 237 F. Supp. 3d 1086, 1094 (E.D. Wash. 2017) (conclusory allegations in the complaint were insufficient to state a claim in light of *Iqbal*'s holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Francisco-Sanchez v. Esso Std. Oil De P.R., Inc.*, 2010 U.S. Dist. LEXIS 15165, at *10 (D.P.R. Feb. 22, 2010) (a "statement is conclusory with respect to the manner in which such measure conforms with the NCP, because we have no details from which to infer Defendant's compliance with CERCLA.")

Moreover, Plaintiffs' allegations that those costs were separately and voluntarily incurred and necessary are undermined by the fact that Plaintiffs were already required to incur those costs pursuant to the three CDs. For example, Plaintiffs claim "costs of further site investigations" (¶864). However, one of the bases for Plaintiffs' §113 claim is that they were required to conduct site investigations pursuant to all three CDs (¶826, 831, 836) (alleging that each of the CDs "obligates . . . [Plaintiffs] to perform . . . investigation activities"). Plaintiffs fail to plead any facts from which the Court could plausibly conclude that the

---

[14] To assert a claim under §107, Plaintiffs must plead that they incurred "'necessary costs of response . . .,' which are 'consistent with the national contingency plan.'" *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 961 (9th Cir. 2013) (quoting 42 U.S.C. § 9607(a)(4)(B)). To be considered "necessary," the costs must be incurred in response to a threat to human health or the environment and necessary to contain or clean up hazardous releases. *Carson Harbor Vill., Ltd. v. Unocal Corp.* (Carson Harbor I), 270 F.3d 863, 871 (9th Cir. 2001) (*en banc*) (noting general agreement that necessity "requires that an actual and real threat to human health or the environment exist before initiating a response action."); *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1263, 1271 (E.D. Cal. 1997) ("Necessary costs are costs that are necessary to the containment and cleanup of hazardous releases.")

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001                    - 14 -                MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

alleged "further site investigations" were not duplicative, or were otherwise necessary, given the investigations already required pursuant to the CDs.

This truism has been confirmed by numerous courts: investigation costs incurred after a regulatory agency has already initiated remedial investigations or actions are duplicative and, therefore, not necessary. *See, e.g., Diamond X Ranch LLC v. Atl. Richfield Co*., 2017 U.S. Dist. LEXIS 160845, at *44 (D. NV. Sept. 29, 2017). "[C]ourts will deny recovery where the costs incurred were duplicative of other costs, wasteful, or otherwise unnecessary to address the hazardous substances at issue." *Waste Mgmt. of Alameda Cty., Inc. v. East Bay Reg'l Park Dist*., 135 F. Supp. 2d 1071, 1099 (N.D. Cal. 2001); *Iron Mountain Mines, Inc.*, 987 F. Supp. at 1272 ("Generally, 'investigative costs incurred by a private party after EPA has initiated a remedial investigation unless authorized by EPA' are not considered necessary because they are 'duplicative' of the work performed by EPA.") (Internal quotation marks and citation omitted).

Plaintiffs also allege that they voluntarily incurred separate costs to replace certain equipment at the Facility.  However, under the CDs, Plaintiffs are already required to undertake "essential activities" like maintaining and continuously operating various control systems, including the Gas Collection and Migration Control System, the Leachate Extraction System, the on-site leachate treatment plant, and the Barriers 1 and 2 extraction system "in order to protect human health and the environment . . ." (Ex. C (First CD, ¶4.1.1, Ex. C [Dkt. No. 395-3]); Ex. D (Second CD, ¶¶2.7, 4.1.1, Ex. C[Dkt. No. 395-4]); and Ex. E (Third CD, ¶4.1.1 [Dkt. No. 395-5]).  Given that Plaintiffs are already required to maintain and continuously operate the essential activities, replacing existing equipment cannot constitute a "necessary" "separate cost," that was "voluntarily" incurred.  Plaintiffs also claim to have installed new equipment, but fail to plead what this equipment was or why it too was "necessary."  Nor can they plausibly do so given that the CDs

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 15 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

1  already require Plaintiffs to do what is necessary to protect public health and the

2  environment.

3      In sum, Plaintiffs have not alleged any facts from which this Court could

4  plausibly conclude that the costs they allegedly incurred were (i) not required by the

5  existing CDs, (ii) necessary to contain or clean up hazardous releases, or (iii)

6  incurred consistent with the NCP.  Therefore, Plaintiffs' Second Claim for Relief

7  under §107(a) of CERCLA must be dismissed.

8      **F.    Plaintiffs' Sixth and Seventh claims for Equitable Indemnity and**

9          **Contribution must also be dismissed because they fail to state a**

10          **claim and are duplicative of Plaintiffs' underlying claims.**

11          **1.    Plaintiffs have failed to state claims for Equitable Indemnity**

12              **and Equitable Contribution.**

13      In their Sixth and Seventh Claims for Relief, Plaintiffs claim they are entitled

14  to Equitable Indemnification and Contribution because they "have been required to

15  pay environmental" response, cleanup and other "costs at the BKK Class I Facility."

16  (¶¶886, 891).  For multiple reasons, Plaintiffs' fatally flawed Sixth and Seventh

17  Claims for Relief against all Defendants must be dismissed.  Moreover, with respect

18  to public agency Defendants, there are additional grounds for dismissal of Plaintiffs'

19  equitable indemnity and contribution clams: sovereign immunity and failure to

20  comply with claim presentation requirements.

21      "A claim for equitable contribution arises '[w]here two or more parties are

22  jointly liable on an obligation and one of them makes payments of more than its

23  share.'"  *Tesoro Refining & Marketing Co. v. City of Long Beach*, 334 F. Supp. 3d

24  1031, 1048 (C.D. Cal. 2017) (*quoting Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d

25  1129, 1138 (N.D. Cal. 2010)).  "The purpose of this rule of equity is to accomplish

26  substantial justice by equalizing the common burden shared by co obligors and to

27  prevent one obligor from benefitting at the expense of the others . . . To state a claim

28  for equitable contribution, the City must at least allege that the County is jointly and

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 16 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

severally liable for the costs incurred . . ." *City of Lincoln v. Cty. of Placer*, 2022 U.S. Dist. LEXIS 166778, at *8 (E.D. Cal. Sept. 14, 2022).

Similarly, the right of equitable indemnity "is premised on the doctrine that joint tortfeasors should share the burden of discharging their legal obligation to the injured party . . ." *Id*. Furthermore, the "right of contribution is strictly limited, coming into existence only after a money judgment has been rendered jointly against them. Unless and until that event occurs, no right exists between joint tortfeasors." *Buffington v. Ohmert*, 253 Cal. App. 2d 254, 255-56 (1967). See also Cal. Civ. Proc. Code § 875 ("Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them.")

Here Plaintiffs failed to allege that Defendants are jointly liable to a third party. In paragraph 892 of the TAC, Plaintiffs allege that they "have discharged or will discharge a joint judgment and/or have paid or will pay more than Plaintiffs' equitable pro rata share of the joint judgment." However, Plaintiffs have not, and importantly, cannot, allege any facts supporting their claim that a money judgment has been rendered jointly against Plaintiffs and Defendants, nor could they. The First, Second, and Third CDs attached to the TAC do not name any of the Defendants in this action. (TAC, Exs. C-F [Dkt. No. 395-3-6]).

Courts routinely dismiss contribution and equitable indemnity claims where, as here, no joint obligation has been established. *See, e.g., Torres v. Igdaloff*, 2021 U.S. Dist. LEXIS 195344, at *10 (C.D. Cal. June 28, 2021) (dismissing state law contribution and equitable indemnity claims from third party complaint, which also alleged a CERCLA §113 contribution claim, where cleanup order did not name third party defendants as responsible parties); *Estate of Renzel v. Ventura*, 2015 U.S. Dist. LEXIS 167174, at *25 (N.D. Cal. Dec. 11, 2015) (dismissing equitable indemnity and contribution claims from CERCLA complaint in absence of alleged judgment, settlement, or other joint obligation between plaintiffs and defendants); *Tesoro*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 17 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:18-cv-05836-MWF-PLA

*Refining & Marketing Co.*, 334 F. Supp. 3d at 1048 (Plaintiffs failed "to plead a key component: a joint obligation shared by Plaintiffs" where plaintiffs were subject to a Water Board order and defendants were not).

Similarly here, Plaintiffs have not alleged how the Defendants currently have, rather than should have, a joint obligation to clean up and remediate the Facility. There has been no money judgment rendered jointly against Plaintiffs and Defendants and no amount of repleading will cure this defect. Therefore, Plaintiffs claims for Equitable Indemnity and Contribution should be dismissed with prejudice with respect to all Defendants.

Additionally, Plaintiffs' equitable indemnity and contribution claims against public agency Defendants are barred by the doctrine of sovereign immunity and for failure to comply with statutory claim presentation requirements. Plaintiffs have conceded that there is no statutory basis for a HSAA claim against the public agency Defendants. The same argument applies with respect to Plaintiffs' state law equitable indemnity and equitable contribution claims. Under California law, there must be express statutory authorization to waive a public agency's sovereign immunity. Cal. Gov. Code §815; *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 849 (9th Cir, 1996) *cert. denied*, 519 U.S. 1111; *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 221 (1985); *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1164 (E.D. Cal. 2010) ("Because the identification of a statute is necessary in order to state a claim against a municipal entity, direct liability against the City has not been pled.")

Plaintiffs have identified no statutory authority for their equitable indemnity and contribution claims against public agency Defendants. Additionally, Plaintiffs' state law claims against public agency Defendants are barred for failure to allege compliance with claim presentation requirements. Cal. Gov. Code § 911.2; *Braddy v. Drug Enf't Agency,* 464 F. Supp. 3d 1159, 1168 (C.D. Cal. 2020) (*citing Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1197 (E.D. Cal. 2011)) ("Timely claim

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 18 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:18-cv-05836-MWF-PLA

presentation is an element of the plaintiff's state law causes of action against the public entity or employee.")

### 2. Plaintiffs' claims for Equitable Indemnity and Contribution must be dismissed because there is no indemnity without liability.

Even if Plaintiffs' properly pled claims for Equitable Indemnity and Contribution, those claims would be "wholly derivative and subject to whatever immunities or other limitations on liability would otherwise be available" against the injured party. *Prince v. Pac. Gas & Elec. Co., 45* Cal. 4th 1151, 1158-59 (2009). This rule "is often expressed in the shorthand phrase '... there can be no indemnity without liability.'" *Children's Hosp. v. Sedgwick*, 45 Cal. App. 4th 1780, 1787 (1996). Because Plaintiffs' CERCLA and HSAA claims must be dismissed for the reasons discussed above, their claims for Equitable Indemnity and Equitable Contribution must be dismissed as well. *See Coppola*, 935 F. Supp. 2d at 1035 (dismissing indemnity and contribution claims as derivative of other substantive claims including CERCLA and the HSAA) and *Hinds Invs., L.P. v. Team Enters.,* 2010 U.S. Dist. LEXIS 48554, *46 (E.D. Cal. Apr. 21, 2010) ("In the absence of the predicate liability [under CERCLA and RCRA], the comparative equitable indemnity claim fails, especially given failure to qualify Hoyt as a concurrent tortfeasor.")[15]

---

[15] Even if Plaintiffs had viable CERCLA and HSAA claims, the claims for Equitable Indemnity and Contribution would still be subject to dismissal because they are duplicative of Plaintiffs CERCLA and HSAA claims. *See Cal. Dep't of Toxic Substances Control v. Nl Indus.*, 2021 U.S. Dist. LEXIS 251230, at *39 (C.D. Cal. Dec. 22, 2021) (dismissing equitable indemnity counterclaim as duplicative of party's CERCLA and HSAA claims). Furthermore, Plaintiffs cannot recover under both theories of indemnification and contribution. *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th 1372, 1379 (1992) (citing Code Civ. Proc. § 875(f).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 19 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

**G.      Plaintiffs' Fourth and Ninth claims for Declaratory Relief are barred to the extent their predicate claims are barred.**

A party may not seek Declaratory Relief where its underlying claims are barred. *Alisu Invs., Ltd.*, 2018 U.S. Dist. LEXIS 226402, at *24 ("In light of the fact that Plaintiffs have not yet stated any viable substantive claims against the Moving Defendants, they are not entitled to declaratory relief with respect to the Moving Defendants."); *Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, 2014 LEXIS 77382, at *12 (S.D. Cal. June 4, 2014) ("A declaratory judgment claim cannot stand in the absence of an underlying substantive cause of action.") Therefore, because Plaintiffs' underlying claims are barred for the reasons discussed above, their claims for Declaratory Relief is also barred.

**H.      Stauffer Management Company LLC's Claims for Subrogation Must be Dismissed.**

Stauffer Management Company LLC ("Stauffer") asserts claims for subrogation under §112(c)(2) of CERCLA (Third Claim for Relief) and common law subrogation (Eighth Claim for Relief).  The alleged basis for these claims is that Stauffer paid response costs incurred by Bayer CropScience, Inc. and participated in directing remediation efforts as an agent of Bayer (¶868).[16]  Bayer is a member of the BKK Group and a plaintiff in this litigation.

A party making a claim for subrogation stands in the shoes of the party for whom it paid costs and succeeds to its rights and remedies. *Chubb Custom Ins. Co.*, 710 F.3d at 957.  It is a purely derivative right—meaning that the subrogee succeeds to rights no greater than those of the subrogor. *United States v. California*, 507 U.S. 746, 756 (1993); *Fed. Ins. Co. v. Union Pac. R.R. Co.*, 651 F.3d 1175, 1177 n.1 (9th

---

[16] The TAC also claims that Syngenta Crop Protection LLC incurred costs on behalf of Bayer, that Syngenta's rights to subrogation have been assigned to Stauffer and, therefore, Stauffer has a right to subrogation for the Syngenta payments (¶869).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 20 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

Cir. 2011). Because Stauffer stands in the shoes of Bayer, its claims for subrogation are barred to the same extent that Bayer's claims for relief are barred.

## I. Plaintiffs' conclusory allegations against alleged successor Defendants fail to state a claim for relief.

In 160 cases, Plaintiffs allege that individual Defendants are the successors in interest to entities that allegedly sent hazardous substances to the Facility. However, rather than alleging any specific facts supporting these claims, for each Defendant Plaintiffs rely on the bare allegation that "[u]pon information and belief, Defendant [X] . . . is the successor to . . . [Y] and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by [Y]." Cohen Decl., ¶9. Such conclusory, allegations, without supporting facts, are insufficient to state a claim based on successor liability.

A plaintiff seeking to hold a defendant liable on a theory of successor liability must "allege … facts that support that theory of liability." *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litig.*, 682 F. Supp. 1073, 1085 (C.D. Cal. 1987). Mere conclusory allegations without facts are insufficient. *See, e.g., F.J. Asia Co. v. Fluidity Fitness LLC,* 2009 U.S. Dist. LEXIS 136297, at *11-12 (C.D. Cal. Mar. 9, 2009) (court dismissed claims against defendants where the plaintiff alleged "in conclusory fashion that all Defendants are alter egos and successors-in-interest of one another, but provide[d] no factual basis to support these broad assertions," holding that such "conclusory allegations do not provide the Defendants with sufficient notice under Rule 8."); *Metro Container Group v. AC &T Co.,* 450 F. Supp. 3d 583, 604 (E.D. Pa. 2020) (vacated on other grounds) ("A plaintiff asserting successor liability must adequately plead facts that could raise such an inference of successorship.")

Plaintiffs' repetitive, identical, and conclusory assertions that each alleged corporate successor defendant is the successor-in-interest to the predecessor defendant make it impossible for Defendants or the Court to assess whether a

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

corporate relationship exists between the entities.  Therefore, Plaintiffs' claims against these forty-four alleged successors are insufficient to state a claim upon which relief can be granted and must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, all of Plaintiffs' claims must be dismissed.


Dated:  June 16, 2025                    LOEB & LOEB LLP
                                         ALBERT M. COHEN


                                         By: /s/ Albert M. Cohen
                                             Albert M. Cohen
                                             Liaison Counsel for Defendants

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 22 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

1

## <u>CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)</u>

2

The undersigned, counsel of record for Defendants, certifies that this brief

3

contains 6,958 words, which complies with the word limit of L.R. 11-6.1.

4

5

Dated:  June 16, 2025                                    LOEB & LOEB LLP

6

7

By:_____

8

Albert M. Cohen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA

# CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I caused the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all parties.

Dated:  June 16, 2025                    LOEB & LOEB LLP

By: _____
                    Albert M. Cohen

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

241407345.6
245864-10001

- 24 -

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:18-cv-05836-MWF-PLA