**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**
Kenneth A. Ehrlich (SBN 150570)
*kehrlich@elkinskalt.com*
Sean A. McCormick (SBN 295711)
*smccormick@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

**HINSON GRAVELLE & ADAIR LLP**
Douglas A. Gravelle (SBN 166110)
*gravelle@hinsongravelle.com*
K. Eric Adair (SBN 150650)
*adair@hinsongravelle.com*
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: 661-294-0116

Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated
association, and individual members identified
below

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI | Case No. 2:18-cv-05836-MWF-PLA<br><br>**THIRTEENTH AMENDED COMPLAINT FOR:**<br><br>1. CERCLA: CONTRIBUTION [42 U.S.C. § 9613(f)]<br>2. CERCLA: COST RECOVERY [42 U.S.C. § 9607(a)]<br>3. CERCLA: SUBROGATION [42 U.S.C. § 9612(c)(2)]<br>4. CERCLA: DECLARATORY RELIEF [42 U.S.C. § 9613(g)]<br>5. HSAA: CONTRIBUTION [HEALTH AND SAFETY CODE §§ 78000, ET SEQ.]<br>6. COMMON LAW SUBROGATION<br>7. DECLARATORY RELIEF [Cal. Civ. Proc. Code §1060] |

INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION;
GENERAL LATEX AND
CHEMICAL CORPORATION;
HEWLETT-PACKARD
COMPANY; AMERICAN
HONDA MOTOR CO., INC.;
HUNTINGTON BEACH
COMPANY; LOCKHEED
MARTIN CORPORATION;
MARS, INC. (FORMERLY
KNOWN AS KAL KAN FOODS
INC.); MONTROSE CHEMICAL
CORP. OF CALIFORNIA;
MORTELL COMPANY;
MORTON INTERNATIONAL,
INC.; NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
SYSTEMS CORPORATION; OXY
USA INC.; QUEMETCO, INC.;
ROCKWELL AUTOMATION,
INC.; ROHM & HAAS
COMPANY; ROHR, INC.; SAN
DIEGO GAS & ELECTRIC
COMPANY; SMITH
INTERNATIONAL, INC.;
SOUTHERN CALIFORNIA
EDISON COMPANY;
SOUTHERN CALIFORNIA GAS
COMPANY; STAUFFER
MANAGEMENT COMPANY
LLC; THE PROCTER &
GAMBLE MANUFACTURING
COMPANY; THUMS LONG
BEACH COMPANY; UNION
CARBIDE CORPORATION;
UNION PACIFIC RAILROAD
(FORMERLY KNOWN AS
SOUTHERN PACIFIC
TRANSPORTATION
COMPANY); UNITED STATES
STEEL CORPORATION; RTX
CORPORATION; UNIVAR
SOLUTIONS USA LLC;
AMERON INTERNATIONAL
CORPORATION; AND XEROX

2

CORPORATION,

Plaintiffs,

vs.

ALBERTSONS COMPANIES, INC.; AAMCO TRANSMISSIONS; AAR CORP.; A.B. DICK CO.; ACH FOOD COMPANIES, INC.; ADVANCED COATINGS INC.; AEROSOL SERVICES CO. INC.; AIR LIQUIDE AMERICA LP; ALKID CORPORATION; ALPHA TECHNOLOGIES GROUP, INC.; AMCORD, INC.; AMERICAN APPLIANCE MANUFACTURING CORP.; AMERICAN CAN COMPANY; AMERICAN CHEMICAL & REFINING; AMERICAN PACIFIC INTERNATIONAL INC.; AMERICAN TOOL & ENGINEERING CORP.; AMF TUBESCOPE INC.; ANCHOR OPERATING, INC.; ANGELICA TEXTILE SERVICES INC.; ANODYNE INC.; APPLIED MAGNETICS CORP.; ARGO PETROLEUM CORP.; ARNOLD CIRCUITS, INC.; ATOMICA CORP.; AXEL JOHNSON, INC.; AZON CORPORATION; B. JADOW AND SONS, INC.; BEATRICE/HUNT-WESSON, INC.; BEAZER EAST, INC.; BECKMAN COULTER INC.; BEFORE PAC, INC.; BFI XV REALTY FUND LTD.; BIG THREE INDUSTRIES INC.; BIRTCHER PACIFIC; BOSTIK, INC.;  BROOKS & PERKINS BROWNLINE DIVISION; BULK SERVICES, INC.; BUNGE OILS, INC.; BYRON JACKSON PUMPS; CAL-CHEM CLEANING CO., INC.; CAL NEV PIPELINE CO.; CAL STYLE FURNITURE MANUFACTURING CO.; CALIFORNIA CARPET CO.;

3

CALPROTECH INC.; CAPITAL PARADE USA, INC.; CARGILL INC.; CASTLE & COOKE, INC.; CEMEX, INC.; CERTIFIED GROCERS OF CAL.; CIA MINERA DE CANANEA SA; CIRCUIT ONE DIV. OF LH RESEARCH INC.; CLEVELAND WRECKING CO.; COGNIS CORP.; CONAGRA BRANDS, INC.; CONTROL COMPONENTS INC.; COSCOL PETROLEUM CORPORATION; CRAGAR INDUSTRIES; CRAIN WESTERN, INC.; CRESCENT TRANSPORTATION; CRITON CORPORATION; CROWN CENTRAL LLC; CROWN CENTRAL PETROLEUM CORPORATION; CSS INVESTMENT COMPANY; CUMMINS SERVICE & SALES INC.; CW LIQUIDATING CORPORATION; CYCLO PRODUCTS, INC.; DARNELL CORP.; DARNELL-ROSE; DART INDUSTRIES INC.; DATA PRODUCTS CORP.; DAVIS INVESTMENT CO.; DAVRO, INC.; DCS DIVERSIFIED COATING SYSTEMS, INC.; DECRATREND CORP.; DELAWARE ARROWHEAD PRODUCTS CORPORATION; DELAWARE OUTSOURCING SERVICES GROUP, INC.; DENSO PRODUCTS AND SERVICES AMERICAS, INC.; DEVON ENERGY CORP.; DIAMOND INTERNATIONAL CORP.; DISPOSAL CONTROL SERVICE, INC.; DRACKETT CO.; DUDE, INC.; DUREX INC.; E.T.C. CARPET MILLS, LTD.; ELFAB CORP.; ELECTRONIC MATERIALS CORP.; ELECTRO-ETCH CIRCUITS INC.; ELEVATE TEXTILES, INC.; EMERALD EQUITIES, I; EMERY INDUSTRIES INC.; EMPLOYBRIDGE LLC; EMRISE ELECTRONICS CORP.; ENERGY

4

DEVELOPMENT CO. INC.;
ENERGY DEVELOPMENT CORP.;
ENERGY TRANSFER LP; ENLIVEN
MARKETING TECHNOLOGIES
CORPORATION; ENVIRI
CORPORATION;
ENVIRONMENTAL CONTROL
SYSTEMS INC.; EVERGREEN
PACIFIC PARTNERS; FAIRCHILD
INDUSTRIES; FAIRCHILD
SEMICONDUCTOR
INTERNATIONAL, INC.; FEDERAL
EXPRESS CORPORATION;
FEDERAL RESERVE BANK;
FLETCHER OIL & REFINING CO.;
FLINT HILLS RESOURCES, L.P.;
FLOWSERVE CORPORATION;
FOTOMAT LABS INC.; FLYING
TIGERS LINE; FORCO
LIQUIDATION TRUST;
FRANCISCAN CERAMICS INC.;
FRAZEE INDUSTRIES; FRONTIER
CALIFORNIA, INC.; FURUKAWA
ELECTRIC NORTH AMERICA,
INC.; G.W.A. INC.; GATX; GATX
CORP.; GATX TERMINALS CORP.;
GENERAL BATTERY CORP.;
GENERAL TELEPHONE CO.;
GENSTAR ROOFING PRODUCTS
COMPANY, INC.; GERALD
METALS, INC.; GK
TECHNOLOGIES,
INCORPORATED; GLASS
CONTAINERS CORP.; GOLD-PAK
INTERNATIONAL, INC.; GREER
HYDRAULICS INC.; GRUPO
MEXICO SAB DE CV; HALLMARK
CIRCUITS INC.; HANDY &
HARMAN; HARBANS BAWA AND
BARINDER BAWA AS TRUSTEES
OF THE BAWA FAMILY TRUST;
HEIST MAINTENANCE SERVICES
INC.; HENRY COMPANY LLC;
HERAEUS METAL PROCESSING,
INC.; HERCO TECHNOLOGY
CORP.; HESS CORPORATION; HILL
BROTHERS CHEMICAL CO.;

5

HOFFMAN ELECTRONICS;
HOWMET AEROSPACE INC.;
HOYA CORPORATION USA; HTW
INDUSTRIES INC.; HUMKO
PRODUCTS;
HUNTINGTON/PACIFIC
CERAMICS, INC.; HUTCHINSON
AEROSPACE & INDUSTRY, INC.;
IMCO SERVICES; IMI CRITICAL
ENGINEERING LLC; INDUSTRIAL
CIRCUITS; INDUSTRIAL
INSULATIONS INCORPORATED;
INDUSTRIAL TECTONICS
BEARINGS CORPORATION;
INLAND CONTAINER CORP.;
INLAND PAPERBOARD AND
PACKAGING, INC.;
INTERNATIONAL POLYMER
CORP.; I.T. CORP.; ITT LLC; J.C.
INC.; JCI ENVIRONMENTAL
SERVICES; JENN FENG
INDUSTRIAL TOOLS CO., LTD.;
JERSEYMAID MILK PRODUCTS,
INC.; JOHNSTON PUMP CO.;
JONATHAN MANUFACTURING
CORP.; JOSLYN
MANUFACTURING & SUPPLY CO.;
JOSLYN MANUFACTURING
COMPANY, LLC; KAISER
ROLLMET INC.; KAYNAR
MANUFACTURING CO.; KEUFFEL
& ESSER CO.; KINDER MORGAN
ENERGY PARTNERS, L.P.; KINDER
MORGAN LIQUIDS TERMINALS
LLC; KNIGHTS J3, INC.; KONICA
PHOTO SERVICE U.S.A., INC.;
KORBEL CAPITAL LLC; KRAFT
HEINZ FOODS COMPANY; KRAZY
GLUE INC.; KSI DISC PRODUCTS,
INC.; L.A. GAUGE COMPANY,
INC.; LESS HASSLE, INC.;
LOCKHART INDUSTRIES; LONZA
INC.; LUCKY STORES INC.;
LUCKY STORES LLC; LTI
HOLDINGS, INC.; M-I L.L.C. AKA
AND/OR DBA M-I SWACO;
MANHATTAN BEACH HOLDING

6

CORP.; MARCOR
ENVIRONMENTAL, INC.; MARTEN
MANAGEMENT CO.; MARTIN
MARIETTA SOUTHERN
CALIFORNIA AGGREGATES, LLC;
MASCO CORPORATION; MAZDA
MOTOR OF AMERICA, INC.;
MAZDA NORTH AMERICA; MCA
LABORATORIES; MCCULLOCH
CORP.; MERCHANTS METALS
LLC; MEREL CO. INC.; MGF
INDUSTRIES;
MONOGRAM/PEACOCK
MANUFACTURING; MOSAIC
GLOBAL HOLDINGS INC.; MR.
GASKET COMPANY; MRC
HOLDINGS, INC.; NARMCO
MATERIALS INC.; NAVCOM
DEFENSE ELECTRONICS, INC.;
NEC LIQUIDATION CORP.; NEW
BRISTOL FARMS, INC.;
NIPPONDENSO OF LOS ANGELES;
NORTH AMERICAN
ENVIRONMENTAL; NOVARTIS
CORP.; ORANGE COUNTY
SANITATION DISTRICT; PACIFIC
ANCHOR CHEMICAL CORP.;
PACIFIC SOUTHWEST AIRLINES;
PACTIV LLC; PAINT & COATINGS
CORP.; PANEL AIR CORP.;
PARSONS CORPORATION;
PAULEY PETROLEUM CO.; PCC
FLOW TECHNOLOGIES
HOLDINGS, INC.; PCC ROLLMET,
INC.; PEAIRS ENGINEERS; PEAT
MANUFACTURING CO.; PERVO
INTERNATIONAL, INC.; PETRO
LEWIS CORP.; PGP INDUSTRIES
INC.; PIONEER ELECTRONICS
(USA) INC.; PRC–DESOTO
INTERNATIONAL INC.;
PRECISION CASTPARTS CORP.;
PRESSTEK, LLC; PRICE PFISTER
*NKA* PFISTER; PRINTED CIRCUITS,
INC.; PRODUCTS RESEARCH &
CHEMICAL CORP.; PROTO TOOL;
PURE SOURCE LLC; PUREX

7

CORP.; PUREX INDUSTRIES, INC.;
PYROTRONICS CORPORATION;
RACHELLE LABORATORIES, INC.;
RALPH M. PARSONS CO.; RB&W
MANUFACTURING LLC; REISNER
METALS; REPLACEMENT PARTS
MANUFACTURING; REXAM
BEVERAGE CAN COMPANY;
RICHARDSON & HOLLAND;
RICOH PRINTING SYSTEMS
AMERICA INC.; RIO TINTO ALCAN
INC.; ROBERT MANUFACTURING
COMPANY; ROLLER BEARING
COMPANY OF AMERICA, INC.;
RUSSELL BURDSALL & WARD
INC.; RYDER TRUCK RENTAL,
INC.; S.C. JOHNSON & SON, INC.;
SAFEWAY STORES INC.; SAFRAN
SEATS USA LLC; SAN DIEGO
PIPELINE COMPANY; SANDIA
METAL PROCESS, INC.; SARGENT
INDUSTRIES; SCHLUMBERGER,
LTD.; SCHLUMBERGER N.V.;
SEMGROUP CORPORATION;
SHARED TECHNOLOGIES
FAIRCHILD TELECOM, INC.;
SHUWA INVESTMENTS CORP.;
SMITH & CO.; SOUTHERN PACIFIC
PIPE LINES, INC.; SOUTHERN
SERVICE COMPANY; SOUTHWEST
PETRO CHEMICAL; SOUTHWEST
STEEL ROLLING MILLS;
STANDARD BRANDS PAINT CO.
INC.; STRUCTURAL COMPOSITE
INDUSTRIES; T.P. INDUSTRIAL
INC.; TELAIR US LLC; TFI
INTERNATIONAL INC.; THE
MARTIN LINEN SUPPLY
COMPANY; THE TIMES MIRROR
COMPANY; THOMPSON
DRILLING; THOMPSON ENERGY
RESOURCES, LLC; TIMES MIRROR
PRESS; TRANSMIX
CORPORATION; TRE CORP.;
TRIBUNE PUBLISHING COMPANY;
TRIMAS CORPORATION;
TRIUMPH GROUP OPERATIONS;

8

THIRTEENTH AMENDED COMPLAINT
(2:18-CV-05836-MWF-PLA)

TRIUMPH THERMAL SYSTEMS, LLC; TRIZEC PROPERTIES; TRUCK TRANSPORT; TRZ HOLDINGS IV LLC; U.S. BORAX & CHEMICAL CORP.; U.S. BORAX, INC.; U.S. REDUCTION CO.; ULTRAMAR INC.; UNFI GROCERS DISTRIBUTION, INC.; VALENTEC INTERNATIONAL CORP.; VALERO ENERGY CORPORATION; VAN DE KAMP; VARCO INTERNATIONAL; VF CORPORATION; VONS COMPANIES INC.; W.L. CHAPMAN CO.; WEBER AIRCRAFT; WELLS MARINE INC.; WESLOCK CORP.; WESTERN LITHOGRAPH; WESTMINSTER CERAMICS INC.; WFB ARCHIVES, INC.; WHICO MACHINE, INC.; WHITTAKER CORP.; WITCO CORPORATION; WYMAN-GORDON COMPANY; XTRA ENERGY; ZIMMER SERVICE CENTER; and DOES 1-10,

Defendants.

Plaintiffs BKK WORKING GROUP; ANADARKO E&P ONSHORE LLC; ATLANTIC RICHFIELD COMPANY; ASHLAND INC.; BAYER CROPSCIENCE INC.; BIG HEART PET BRANDS; THE BOEING COMPANY; CALIFORNIA RESOURCES CORPORATION; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CHEVRON MARINE PRODUCTS LLC; CONOCOPHILLIPS COMPANY; CROSBY & OVERTON, INC.; THE DOW CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; ESSEX CHEMICAL CORPORATION; EXXON MOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL DYNAMICS CORPORATION; GENERAL LATEX AND CHEMICAL CORPORATION; HEWLETT-PACKARD COMPANY; AMERICAN HONDA MOTOR CO., INC.; HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN CORPORATION; MARS, INC. (FORMERLY KNOWN AS KAL KAN FOODS INC.); MONTROSE CHEMICAL CORP. OF CALIFORNIA; MORTELL COMPANY; MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN SYSTEMS CORPORATION; OXY USA INC.; QUEMETCO, INC.; ROCKWELL AUTOMATION, INC.; ROHM & HAAS COMPANY; ROHR, INC.; SAN DIEGO GAS & ELECTRIC COMPANY; SMITH INTERNATIONAL, INC.; SOUTHERN CALIFORNIA EDISON COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; STAUFFER MANAGEMENT COMPANY LLC; THE PROCTER & GAMBLE MANUFACTURING COMPANY; THUMS LONG BEACH COMPANY; UNION CARBIDE CORPORATION; UNION PACIFIC RAILROAD (FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION COMPANY); UNITED STATES STEEL CORPORATION; RTX CORPORATION; UNIVAR SOLUTIONS USA LLC; AMERON INTERNATIONAL CORPORATION; AND XEROX CORPORATION

(collectively referred to herein as "Plaintiffs" or individually as "Plaintiff") allege as follows:

## **STATEMENT OF THE CASE**

1.      This is a civil action for cost recovery and contribution under Sections 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et. seq.* ("CERCLA") and for contribution under The Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health and Safety Code section 78000 et seq.,[1] relating to the release and/or threatened release of hazardous substances, as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601 ("Hazardous Substances"), from a facility known as the BKK Class I Landfill.

2.      The BKK Class I Landfill is located on a portion of a much larger 583-acre property located at 2210 South Azusa Avenue, West Covina, Los Angeles County, California.  Other facilities located on this property include a closed Class III municipal landfill, a Leachate Treatment Plant ("LTP"), service roads, and related pollution control equipment.  The BKK Class I Landfill and the LTP, service roads, and related pollution control equipment which serve it, are collectively referred to hereinafter as the "BKK Class I Facility"[2] and are the subject of this lawsuit.  The closed Class III municipal landfill is not the subject of this lawsuit.  True and correct copies of the parcel maps describing the property are attached hereto as **Exhibit A**.

3.      The State of California has alleged in a series of three complaints filed

---

[1] Effective January 1, 2024, the California Legislature recodified and reorganized the HSAA without substantive changes. (2022 Cal. Legis. Serv. Ch. 257 (Assem. Bill No. 2293).
[2] "BKK Class I Facility," as used herein, is equivalent to the term "Subject Property" as that term is used in the First, Second Third Partial and Amended Third Partial Consent Decrees.  The First, Second Third Partial and Amended Third Partial Consent Decrees are defined *infra* at Paragraphs 820, 825, 830 and 835, respectively.

against some or all of the Plaintiffs[3] that it has incurred response costs in connection with actions taken in response to releases or threatened releases of Hazardous Substances at the BKK Class I Facility.  Each of the parties named as a defendant herein at paragraphs 64 - 372 and Does 1-10 (collectively referred to herein as "Defendants" or individually as "Defendant") generated, transported and/or arranged for disposal of materials containing Hazardous Substances to the BKK Facility.

4.     Plaintiffs seek to recover from each Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et. seq.* ("NCP"), for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

5.     Plaintiffs also seek contribution from each Defendant pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for past and future necessary response costs incurred and to be incurred by Plaintiffs pursuant to, as applicable to each Defendant, the First, Second, Third Partial and/or Amended Third Partial Consent Decrees in a manner consistent with the NCP for response activities undertaken and to be undertaken at and in relation to the BKK Class I Facility that were caused by the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

6.     Plaintiffs further seek a declaration as to each Defendant's liability and associated allocation of past and future response costs in accordance with Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), that will be binding in any subsequent

---

[3] The three complaints are described in more detail in paragraphs 819, 824 and 829, *infra*.

action or actions brought by Plaintiffs against the Defendants to recover further response costs.

7.     Plaintiffs additionally seek contribution from each Defendant pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health and Safety Code §§ 78000 et seq., and Cal. Health and Safety Code § 79670 for past and future necessary response costs incurred and to be incurred by Plaintiffs in a manner consistent with the NCP to address releases or threatened releases of Hazardous Substances at and from the BKK Class I Facility.

8.     Reserved.

9.     A sub-set of Plaintiffs who allege they have reimbursed entities or directly paid for and participated in directing response actions on behalf of other entities (including other Plaintiffs) that have incurred past, necessary response costs, including pursuant to the First, Second, Third Partial and Amended Third Partial Consent Decrees in a manner consistent with the NCP, for response activities undertaken at and in relation to the BKK Class I Facility, assert subrogated cost recovery and contribution claims against each Defendant pursuant to Section 112(c)(3) of CERCLA, 42 U.S.C. § 9612(c)(3), and pursuant to common law equitable subrogation.

10.     Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and California Code of Civil Procedure §1060 setting forth the parties' rights and obligations toward one another for future costs incurred to address contamination at or from the BKK Class I Facility.

11.     The BKK Working Group has incurred or is committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility, and the total cost of necessary response actions to fully remediate the BKK Class I Facility was estimated by the State of California Department of Toxic Substances Control ("DTSC") in 2020 to be $869,286,436.  Each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not

entered into, a tolling agreement (except as set forth in Exhibit H) to facilitate settlement discussions, necessitating this lawsuit to resolve Defendants' liabilities.

## JURISDICTION

12.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Thirteenth Amended Complaint, and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## VENUE

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this District and because the BKK Class I Facility is located within this District.

14.    Venue is also proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because both the releases occurred and the response costs were occurred in this District.

## PLAINTIFFS

15.    The BKK Working Group, also known as the BKK Joint Defense Group, is an unincorporated association of entities of the type described in Federal Rule of Civil Procedure 17(b)(3)(A) and Cal. Code of Civil Procedure § 369.5.  The BKK Working Group currently includes the Plaintiffs identified in paragraphs 16-63 below as members, which assert the claims in this Thirteenth Amended Complaint on their own behalf and as assignees of the claims at the BKK Class I Facility of the following entities that are also BKK Working Group members: Baker Petrolite LLC; Honeywell International Inc., Hugo Neu Proler, Shell Oil Company, Vigor Shipyards, Inc., formerly known as Todd Pacific Shipyard Corp., Unisys Corporation, and Wyeth Holdings, formerly known as American Cyanamid

1  (collectively referred to as the "Member Assignors"). The BKK Working Group is

2  also a Plaintiff as assignee of CERCLA claims relating to the BKK Class I Facility

3  of the Member Assignors.  Plaintiffs are working together towards the common

4  objective of addressing conditions at the BKK Class I Facility in cooperation with

5  state and federal agencies.  Each Plaintiff has incurred costs, including response

6  costs consistent with the NCP, at the BKK Class I Facility.  The BKK Working

7  Group, and each of its individual members, is a "person" within the meaning of

8  CERCLA § 101(21), 42 U.S.C. § 9601(21).

9        16.    Plaintiff Anadarko E&P Onshore LLC is a corporation organized

10  under the laws of the State of Delaware. At all times referred to herein, Anadarko

11  E&P Onshore LLC, or its corporate predecessor(s), was and is authorized to do

12  business, and was and is doing business, in California.  The State of California has

13  alleged that Plaintiff Anadarko E&P Onshore LLC arranged for the disposal of a

14  Hazardous Substance at the BKK Class I Facility, as those terms are described in

15  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Anadarko E&P Onshore

16  LLC is a member of the BKK Working Group and as a member of the BKK

17  Working Group has incurred costs, including response costs in a manner consistent

18  with the NCP, at the BKK Class I Facility.

19        17.    Plaintiff Ashland Inc. is a corporation organized under the laws of the

20  State of Kentucky and authorized to do business in the State of California.  Ashland

21  Inc. is the corporate successor of Ashland Chemical Company and, for the matters

22  set forth herein, the assignee of Filtrol's claims in the litigation.  The State of

23  California has alleged that Ashland Chemical Company and Filtrol Corporation are

24  Covered Persons, as described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a),

25  who arranged for the disposal of Hazardous Substances at the BKK Class I Facility.

26  Ashland Inc. and Filtrol Corporation are members of the BKK Working Group and

27  as members of the BKK Working Group have incurred costs, including response

28  costs consistent with the NCP, at the BKK Class I Facility.  Filtrol has assigned all

of its rights, claims and interests relevant hereto to Ashland Inc.

18.    Plaintiff Atlantic Richfield Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Atlantic Richfield Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Atlantic Richfield Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

19.    Plaintiff Bayer CropScience, Inc. is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Bayer CropScience Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Bayer CropScience Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Bayer CropScience Inc., as a member of the BKK Working Group, has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

20.    Plaintiff Big Heart Pet Brands is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Big Heart Pet Brands, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that the assignee to the successor in interest to certain liability of H.J. Heinz Company, arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Big Heart Pet Brands is a member of the BKK Working Group and as a member of the

16

BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

21.    Plaintiff The Boeing Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, The Boeing Company, or its corporate predecessor(s) or affiliates, was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Boeing Company, or its corporate predecessor(s) in interest or affiliate(s), arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Boeing Company is a member of the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a member, The Boeing Company has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

22.    Plaintiff California Resources Corporation is a corporation organized under the laws of the State of Pennsylvania. At all times referred to herein, California Resources Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff California Resources Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff California Resources Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

23.    Plaintiff Chevron Environmental Management Company is a corporation organized under the laws of the State of California. At all times referred to herein, Chevron Environmental Management Company, or its corporate affiliate(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that certain corporate affiliates of

1  Plaintiff Chevron Environmental Management Company arranged for the disposal

2  of a Hazardous Substance at the BKK Class I Facility, as those terms are described

3  in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Chevron

4  Environmental Management Company is a member of the BKK Working Group

5  and as a member of the BKK Working Group has incurred costs, including

6  response costs consistent with the NCP, at the BKK Class I Facility.

7      24.    Plaintiff Chevron Marine Products LLC is a limited liability company

8  organized under the laws of the State of Delaware.  At all times referred to herein,

9  Chevron Marine Products LLC, or its corporate predecessor(s), was and is

10  authorized to do business, and was and is doing business, in California.  The State

11  of California has alleged that Plaintiff Chevron Marine Products LLC arranged for

12  the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms

13  are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff

14  Chevron Marine Products LLC is a member of the BKK Working Group and as a

15  member of the BKK Working Group has incurred costs, including response costs

16  consistent with the NCP, at the BKK Class I Facility.

17      25.    Reserved.

18      26.    Plaintiff ConocoPhillips Company is a corporation organized under the

19  laws of the State of Delaware. At all times referred to herein, ConocoPhillips

20  Company, or its corporate predecessor(s), was and is authorized to do business, and

21  was and is doing business, in California.  The State of California has alleged that

22  Plaintiff ConocoPhillips Company arranged for the disposal of a Hazardous

23  Substance at the BKK Class I Facility, as those terms are described in section

24  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff ConocoPhillips Company is a

25  member of the BKK Working Group and as a member of the BKK Working Group

26  has incurred costs, including response costs consistent with the NCP, at the BKK

27  Class I Facility.

28      27.    Plaintiff Crosby & Overton, Inc. is a corporation organized under the

1   laws of the State of California. At all times referred to herein, Crosby & Overton,

2   Inc., or its corporate predecessor(s), was and is authorized to do business, and was

3   and is doing business, in California.  The State of California has alleged that

4   Plaintiff Crosby & Overton, Inc. arranged for the disposal of a Hazardous

5   Substance at the BKK Class I Facility, as those terms are described in section

6   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Crosby & Overton, Inc. is a

7   member of the BKK Working Group and as a member of the BKK Working Group

8   has incurred costs, including response costs consistent with the NCP, at the BKK

9   Class I Facility.

10          28.    Plaintiff The Dow Chemical Company is a corporation organized

11  under the laws of the State of Delaware. At all times referred to herein, The Dow

12  Chemical Company, or its corporate predecessor(s), was and is authorized to do

13  business, and was and is doing business, in California.  The State of California has

14  alleged that Plaintiff The Dow Chemical Company arranged for the disposal of a

15  Hazardous Substance at the BKK Class I Facility, as those terms are described in

16  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Dow Chemical

17  Company is a member of the BKK Working Group and as a member of the BKK

18  Working Group has incurred costs, including response costs consistent with the

19  NCP, at the BKK Class I Facility.

20          29.    Plaintiff Ducommun Aerostructures, Inc. is a corporation organized

21  under the laws of the State of Delaware. At all times referred to herein, Ducommun

22  Aerostructures, Inc., or its corporate predecessor(s), was and is authorized to do

23  business, and was and is doing business, in California.  The State of California has

24  alleged that Plaintiff Ducommun Aerostructures, Inc. arranged for the disposal of a

25  Hazardous Substance at the BKK Class I Facility, as those terms are described in

26  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ducommun

27  Aerostructures, Inc. is a member of the BKK Working Group and as a member of

28  the BKK Working Group has incurred costs, including response costs consistent

1   with the NCP, at the BKK Class I Facility.

2          30.    Plaintiff Essex Chemical Corporation is a corporation organized under

3   the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical

4   Corporation, or its corporate predecessor(s), was and is authorized to do business,

5   and was and is doing business, in California.  The State of California has alleged

6   that Plaintiff Essex Chemical Corporation arranged for the disposal of a Hazardous

7   Substance at the BKK Class I Facility, as those terms are described in section

8   107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Essex Chemical Corporation is

9   a member of the BKK Working Group and as a member of the BKK Working

10  Group has incurred costs, including response costs consistent with the NCP, at the

11  BKK Class I Facility.

12         31.    Plaintiff Exxon Mobil Corporation is a corporation organized under

13  the laws of the State of New Jersey. At all times referred to herein, Exxon Mobil

14  Corporation, or its corporate predecessor(s), was and is authorized to do business,

15  and was and is doing business, in California.  The State of California has alleged

16  that Plaintiff Exxon Mobil Corporation arranged for the disposal of a Hazardous

17  Substance at the BKK Class I Facility, as those terms are described in section

18  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Exxon Mobil Corporation is a

19  member of the BKK Working Group and as a member of the BKK Working Group

20  has incurred costs, including response costs consistent with the NCP, at the BKK

21  Class I Facility.

22         32.    Plaintiff Gemini Industries, Inc. is a corporation organized under the

23  laws of the State of California. At all times referred to herein, Gemini Industries,

24  Inc. or its corporate predecessor(s), was and is authorized to do business, and was

25  and is doing business, in California.  The State of California has alleged that

26  Plaintiff Gemini Industries, Inc. arranged for the disposal of a Hazardous Substance

27  at the BKK Class I Facility, as those terms are described in section 107(a) of

28  CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Gemini Industries, Inc. is a member of

the BKK Working Group.  As a member of the BKK Working Group, and also prior to becoming a Member, Gemini Industries, Inc. has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

33.    Plaintiff General Dynamics Corporation is a corporation organized under the laws of the State of Delaware.  During the years of operation of the BKK Class I Landfill, specifically from approximately 1975 until 1984, General Dynamics Corporation was authorized to do business, and was doing business, in California.  The State of California has alleged that Plaintiff General Dynamics Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Dynamics Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

34.    Plaintiff General Latex and Chemical Corporation is a corporation organized under the laws of the State of Massachusetts. At all times referred to herein, General Latex and Chemical Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff General Latex and Chemical Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff General Latex and Chemical Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

35.    Plaintiff Hewlett-Packard Company is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Hewlett-Packard Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that

21

Plaintiff Hewlett-Packard Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Hewlett-Packard Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

36.    Plaintiff American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff American Honda Motor Co., Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff American Honda Motor Co. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

37.    Plaintiff Huntington Beach Company is a corporation organized under the laws of the State of California. At all times referred to herein, Huntington Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Huntington Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Huntington Beach Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

38.    Plaintiff Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland. At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor(s), was and is authorized to do

business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Lockheed Martin Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Lockheed Martin Corporation is a member of the BKK Working Group.  As a Member of the BKK Working Group, and also prior to becoming a member, Lockheed Martin Corporation has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

39.    Plaintiff Mars, Inc. (formerly known as Kal Kan Foods Inc.) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Mars, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mars, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mars, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

40.    Plaintiff Montrose Chemical Corp. of California is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Montrose Chemical Corp. of California, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Montrose Chemical Corp. of California arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Montrose Chemical Corp. of California is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

/ / /

41.    Plaintiff Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Mortell Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Mortell Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

42.    Plaintiff Morton International, Inc. is a corporation organized under the laws of the State of Indiana. At all times referred to herein, Morton International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Morton International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Morton International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

43.    Plaintiff National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada. At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff National Steel and Shipbuilding Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff National Steel and Shipbuilding Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred

1    costs, including response costs consistent with the NCP, at the BKK Class I

2    Facility.

3        44.    Plaintiff Northrop Grumman Systems Corporation is a corporation

4    organized under the laws of the State of Delaware. At all times referred to herein,

5    Northrop Grumman Systems Corporation, or its corporate predecessor(s), was and

6    is authorized to do business, and was and is doing business, in California.  The

7    State of California has alleged that Plaintiff Northrop Grumman Systems

8    Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I

9    Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

10   9607(a).  Plaintiff Northrop Grumman Systems Corporation is a member of the

11   BKK Working Group and as a member of the BKK Working Group has incurred

12   costs, including response costs consistent with the NCP, at the BKK Class I

13   Facility.

14       45.    Plaintiff Oxy USA Inc. is a corporation organized under the laws of

15   the State of Delaware. At all times referred to herein, Oxy USA Inc., or its

16   corporate predecessor(s), was and is authorized to do business, and was and is

17   doing business, in California.  The State of California has alleged that Plaintiff Oxy

18   USA Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I

19   Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §

20   9607(a).  Plaintiff Oxy USA Inc. is a member of the BKK Working Group and as a

21   member of the BKK Working Group has incurred costs, including response costs

22   consistent with the NCP, at the BKK Class I Facility

23       46.    Plaintiff Quemetco, Inc. is a corporation organized under the laws of

24   the State of Delaware. At all times referred to herein, Quemetco, Inc., or its

25   corporate predecessor(s), was and is authorized to do business, and was and is

26   doing business, in California.  The State of California has alleged that Plaintiff

27   Quemetco, Inc. arranged for the disposal of a Hazardous Substance at the BKK

28   Class I Facility, as those terms are described in section 107(a) of CERCLA, 42

1  U.S.C. § 9607(a).  Plaintiff Quemetco, Inc. is a member of the BKK Working

2  Group and as a member of the BKK Working Group has incurred costs, including

3  response costs consistent with the NCP, at the BKK Class I Facility.

4        47.  Plaintiff Rockwell Automation, Inc. is a corporation organized under

5  the laws of the State of Delaware.  At all times referred to herein, Rockwell

6  Automation, Inc., or its corporate predecessor(s), was and is authorized to do

7  business, and was and is doing business, in California.  The State of California has

8  alleged that Plaintiff Rockwell Automation, Inc. arranged for the disposal of a

9  Hazardous Substance at the BKK Class I Facility, as those terms are described in

10  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rockwell Automation,

11  Inc. is a member of the BKK Working Group and as a member of the BKK

12  Working Group has incurred costs, including response costs consistent with the

13  NCP, at the BKK Class I Facility.

14        48.  Plaintiff Rohm & Haas Company is a corporation organized under the

15  laws of the State of Delaware. At all times referred to herein, Rohm & Haas

16  Company, or its corporate predecessor(s), was and is authorized to do business, and

17  was and is doing business, in California.  The State of California has alleged that

18  Plaintiff Rohm & Haas Company arranged for the disposal of a Hazardous

19  Substance at the BKK Class I Facility, as those terms are described in section

20  107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohm & Haas Company is a

21  member of the BKK Working Group and as a member of the BKK Working Group

22  has incurred costs, including response costs consistent with the NCP, at the BKK

23  Class I Facility.

24        49.  Plaintiff Rohr, Inc. is a corporation organized under the laws of the

25  State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate

26  predecessor(s), was and is authorized to do business, and was and is doing business,

27  in California.  The State of California has alleged that Plaintiff Rohr, Inc. arranged

28  for the disposal of a Hazardous Substance at the BKK Class I Facility, as those

terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Rohr, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

50.    Plaintiff San Diego Gas & Electric Company is a corporation organized under the laws of the State of California. At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff San Diego Gas & Electric Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff San Diego Gas & Electric Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

51.    Plaintiff Smith International, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Smith International, Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Smith International, Inc. arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Smith International, Inc. is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility

52.    Plaintiff Southern California Edison Company is a corporation organized under the laws of the State of California. At all times referred to herein, Southern California Edison Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State

of California has alleged that Plaintiff Southern California Edison Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Southern California Edison Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

53.    Plaintiff Southern California Gas Company is a corporation organized under the laws of the State of California. At all times referred to herein, Southern California Gas Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Southern California Gas Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Southern California Gas Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

54.    Plaintiff Stauffer Management Company LLC is a limited liability corporation organized under the laws of the State of Delaware.  At all times referred to herein, Stauffer Management Company LLC was and is authorized to do business, and was and is doing business, in California.  Stauffer Management Company LLC is a contractual indemnitor of Bayer CropScience Inc., and through this legal obligation, has paid the costs incurred by Bayer CropScience, Inc. and has participated in directing remediation efforts as an agent for Bayer CropScience, Inc. at the BKK Class I Facility.  Stauffer Management Company LLC also is an assignee to the subrogation and other rights or causes of action Syngenta Crop Protection, LLC, a Delaware limited liability company, may have as a result of reimbursements it has made to Stauffer Management Company LLC for costs paid for by Stauffer Management Company LLC in connection with the BKK Class I

Facility.  Prior to filing this lawsuit, Bayer CropScience, Inc. and Stauffer Management Company LLC submitted demands to Defendants as contemplated by CERCLA § 112(b) and (c), thereby making them each a "claimant" as that term is used in the statute.  Although Stauffer Management Company LLC and Syngenta Crop Protection, LLC are not members of the BKK Working Group, because the costs they have incurred result directly from Bayer CropScience's participation in the BKK Working Group, for purposes of the allegations in this Thirteenth Amended Complaint relating to the incurrence of costs, the term "BKK Working Group" includes Stauffer Management Company LLC and Syngenta Crop Protection, LLC.

55.     Plaintiff The Procter & Gamble Manufacturing Company is a corporation organized under the laws of the State of Ohio.  At all times referred to herein, The Procter & Gamble Manufacturing Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff The Procter & Gamble Manufacturing Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff The Procter & Gamble Manufacturing Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

56.     Plaintiff THUMS Long Beach Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, THUMS Long Beach Company, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff THUMS Long Beach Company arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff THUMS Long Beach

Company is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

57.    Plaintiff Union Carbide Corporation is a corporation organized under the laws of the State of New York. At all times referred to herein, Union Carbide Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Carbide Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Carbide Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

58.    Plaintiff Union Pacific Railroad (formerly known as Southern Pacific Transportation Company) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Union Pacific Railroad, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Union Pacific Railroad arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Union Pacific Railroad is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

59.    Plaintiff United States Steel Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, United States Steel Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff United States Steel Corporation arranged for the disposal

of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff United States Steel Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

60. Plaintiff RTX Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, RTX Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff RTX Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff RTX Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

61. Plaintiff Univar Solutions USA LLC (f/k/a Univar Solutions USA Inc. and Van Waters & Rogers) is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar Solutions USA Inc., or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California has alleged that Plaintiff Univar USA LLC arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Plaintiff Univar Solutions USA LLC is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

62. Plaintiff Ameron International Corporation is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Ameron International Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California. The State of California

31

has alleged that Plaintiff Ameron International Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Ameron International Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

63.    Plaintiff Xerox Corporation is a corporation organized under the laws of the State of New York.  At all times referred to herein, Xerox Corporation, or its corporate predecessor(s), was and is authorized to do business, and was and is doing business, in California.  The State of California has alleged that Plaintiff Xerox  Corporation arranged for the disposal of a Hazardous Substance at the BKK Class I Facility, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Plaintiff Xerox Corporation is a member of the BKK Working Group and as a member of the BKK Working Group has incurred costs, including response costs consistent with the NCP, at the BKK Class I Facility.

## **DEFENDANTS**

64.    Defendants are: A.B. Dick Co.; Aamco Transmissions; AAR Corp.; ACH Food Companies, Inc.; Advanced Coatings Inc.; Aerosol Services Co. Inc.; Air Liquide America LP; Albertsons Companies, Inc.; Alkid Corporation; Alpha Technologies Group, Inc.; Amcord, Inc.; American Appliance Manufacturing Corp.; American Can Company; American Chemical & Refining; American Pacific International Inc.; American Tool & Engineering Corp.; AMF Tubescope Inc.; Anchor Operating, Inc.; Angelica Textile Services Inc.; Anodyne Inc.; Applied Magnetics Corp.; Argo Petroleum Corp.; Arnold Circuits, Inc.; Atomica Corp.; Axel Johnson, Inc.; AZON Corporation; B. Jadow and Sons, Inc.; Beatrice/Hunt-Wesson, Inc.; Beazer East, Inc.; Beckman Coulter Inc.; Before Pac, Inc.; BFI XV Realty Fund Ltd.; Big Three Industries Inc.; Birtcher Pacific; Bostik, Inc.; Brooks & Perkins Brownline Division; Bulk Services, Inc.; Bunge Oils, Inc.; Byron

1  Jackson Pumps; Cal-Chem Cleaning Co., Inc.; Cal Nev Pipeline Co.; Cal Style
2  Furniture Manufacturing Co.; California Carpet Co.; Calprotech Inc.; Capital
3  Parade USA, Inc.; Cargill Inc.; Castle & Cooke, Inc.; Cemex, Inc.; Certified
4  Grocers of Cal.; Cia Minera De Cananea SA; Circuit One Div. of LH Research Inc.;
5  Cleveland Wrecking Co.; Cognis Corp.; Conagra Brands, Inc.; Control
6  Components Inc.; Coscol Petroleum Corporation; Cragar Industries; Crain Western,
7  Inc.; Crescent Transportation; Criton Corporation; Crown Central LLC; Crown
8  Central Petroleum Corporation; CSS Investment Company; Cummins Service &
9  Sales Inc.; CW Liquidating Corporation; Cyclo Products, Inc.; Darnell Corp.;
10 Darnell-Rose; Dart Industries Inc.; Data Products Corp.; Davis Investment Co.;
11 Davro, Inc.; DCS Diversified Coating Systems, Inc.; Decratrend Corp.; Delaware
12 Arrowhead Products Corporation; Delaware Outsourcing Services Group, Inc.;
13 Denso Products and Services Americas, Inc.; Devon Energy Corp.; Diamond
14 International Corp.; Disposal Control Service, Inc.; Drackett Co.; Dude, Inc.; Durex
15 Inc.; E.T.C. Carpet Mills, Ltd.; ElFab Corp.; Electronic Materials Corp.; Electro-
16 Etch Circuits Inc.; Elevate Textiles, Inc.; Emerald Equities, I; Emery Industries
17 Inc.; Employbridge LLC; Emrise Electronics Corp.; Energy Development Co. Inc.;
18 Energy Development Corp.; Energy Transfer LP; Enliven Marketing Technologies
19 Corporation; Enviri Corporation; Environmental Control Systems Inc.; Evergreen
20 Pacific Partners; Fairchild Industries; Fairchild Semiconductor International, Inc.;
21 Federal Express Corporation; Federal Reserve Bank; Fletcher Oil & Refining Co.;
22 Flint Hills Resources, L.P.; Flowserve Corporation; Fotomat Labs Inc.; Flying
23 Tigers Line; FORCO Liquidation Trust; Franciscan Ceramics Inc.; Frazee
24 Industries; Frontier California, Inc.; Furukawa Electric North America, Inc.;
25 G.W.A. Inc.; GATX; GATX Corp.; GATX Terminals Corp.; General Battery
26 Corp.; General Telephone Co.; Genstar Roofing Products Company, Inc.; Gerald
27 Metals, Inc.; GK Technologies, Incorporated; Glass Containers Corp.; Gold-Pak
28 International, Inc.; Greer Hydraulics Inc.; Grupo Mexico SAB de CV; Hallmark

Circuits Inc.; Handy & Harman; Harbans Bawa and Barinder Bawa As Trustees of the Bawa Family Trust; Heist Maintenance Services Inc.; Henry Company LLC; Heraeus Metal Processing, Inc.; Herco Technology Corp.; Hess Corporation; Hill Brothers Chemical Co.; Hoffman Electronics; Howmet Aerospace Inc.; Hoya Corporation USA; HTW Industries Inc.; Humko Products; Huntington/Pacific Ceramics, Inc.; Hutchinson Aerospace & Industry, Inc.; Imco Services; IMI Critical Engineering LLC; Industrial Circuits; Industrial Insulations Incorporated; Industrial Tectonics Bearings Corporation; Inland Container Corp.; Inland Paperboard and Packaging, Inc.; International Polymer Corp.; I.T. Corp.; ITT LLC; J.C. Inc.; JCI Environmental Services; Jenn Feng Industrial Tools Co., Ltd.; Jerseymaid Milk Products, Inc.; Johnston Pump Co.; Jonathan Manufacturing Corp.; Joslyn Manufacturing & Supply Co.; Joslyn Manufacturing Company, LLC; Kaiser Rollmet Inc.; Kaynar Manufacturing Co.; Keuffel & Esser Co.; Kinder Morgan Energy Partners, L.P.; Kinder Morgan Liquids Terminals LLC; Knights J3, Inc.; Konica Photo Service U.S.A., Inc.; Korbel Capital LLC; Kraft Heinz Foods Company; Krazy Glue Inc.; KSI Disc Products, Inc.; L.A. Gauge Company, Inc.; Less Hassle, Inc.; Lockhart Industries; Lonza Inc.; Lucky Stores Inc.; Lucky Stores LLC; LTI Holdings, Inc.; M-I L.L.C. *aka* and/or *dba* M-I Swaco; Manhattan Beach Holding Corp.; Marcor Environmental, Inc.; Marten Management Co.; Martin Marietta Southern California Aggregates, LLC; Masco Corporation; Mazda Motor of America, Inc.; Mazda North America; MCA Laboratories; McCulloch Corp.; Merchants Metals LLC;  Merel Co. Inc.; MGF Industries;  Monogram/Peacock Manufacturing; Mosaic Global Holdings Inc.; Mr. Gasket Company; MRC Holdings, Inc.; Narmco Materials Inc.; NavCom Defense Electronics, Inc.; NEC Liquidation Corp.; New Bristol Farms, Inc.; Nippondenso of Los Angeles; North American Environmental; Novartis Corp.; Orange County Sanitation District; Pacific Anchor Chemical Corp.; Pacific Southwest Airlines; Pactiv LLC; Paint & Coatings Corp.; Panel Air Corp.; Parsons Corporation; Pauley Petroleum Co.; PCC

Flow Technologies Holdings, Inc.; PCC Rollmet, Inc.; Peairs Engineers; Peat Manufacturing Co.; Pervo International, Inc.; Petro Lewis Corp.; PGP Industries Inc.; Pioneer Electronics (USA) Inc.; PRC–DeSoto International Inc.; Precision Castparts Corp.; Presstek, LLC; Price Pfister *nka* Pfister; Printed Circuits, Inc.; Products Research & Chemical Corp.; Proto Tool; Pure Source LLC; Purex Corp.; Purex Industries, Inc.; Pyrotronics Corporation; Rachelle Laboratories, Inc.; Ralph M. Parsons Co.; RB&W Manufacturing LLC; Reisner Metals; Replacement Parts Manufacturing; Rexam Beverage Can Company; Richardson & Holland; Ricoh Printing Systems America Inc.; Rio Tinto Alcan Inc.; Robert Manufacturing Company; Roller Bearing Company of America, Inc.; Russell Burdsall & Ward Inc.; Ryder Truck Rental, Inc.; S.C. Johnson & Son, Inc.; Safeway Stores Inc.; Safran Seats USA LLC; San Diego Pipeline Company; Sandia Metal Process, Inc.; Sargent Industries; Schlumberger, Ltd.; Schlumberger N.V.; SemGroup Corporation; Shared Technologies Fairchild Telecom, Inc.; Shuwa Investments Corp.; Smith & Co.; Southern Pacific Pipe Lines, Inc.; Southern Service Company; Southwest Petro Chemical; Southwest Steel Rolling Mills; Standard Brands Paint Co. Inc.; Structural Composite Industries; T.P. Industrial Inc.; Telair US LLC; TFI International Inc.; The Martin Linen Supply Company; The Times Mirror Company; Thompson Drilling; Thompson Energy Resources, LLC; Times Mirror Press; Transmix Corporation; TRE Corp.; Tribune Publishing Company; TriMas Corporation; Triumph Group Operations; Triumph Thermal Systems, LLC; Trizec Properties; Truck Transport; TRZ Holdings IV LLC; U.S. Borax & Chemical Corp.; U.S. Borax, Inc.; U.S. Reduction Co.; Ultramar Inc.; UNFI Grocers Distribution, Inc.; Valentec International Corp.; Valero Energy Corporation; Van De Kamp; Varco International; VF Corporation; Vons Companies Inc.; W.L. Chapman Co.; Weber Aircraft; Wells Marine Inc.; Weslock Corp.; Western Lithograph; Westminster Ceramics Inc.; WFB Archives, Inc.; Whico Machine, Inc.; Whittaker Corp.; Witco Corporation; Wyman-Gordon Company; Xtra Energy;

Zimmer Service Center; and Does 1-10.

65.     According to historical BKK Corp. records, Defendant A. B. Dick Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant A. B. Dick Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant A. B. Dick Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

66.     According to historical BKK Corp. records, Defendant Aamco Transmissions contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Aamco Transmissions generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Aamco Transmissions has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

67.     Upon information and belief, Defendant AAR Corp. is the successor to Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant AAR Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

68.     Upon information and belief, Defendant ACH Food Companies, Inc. is the successor to Humko Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Humko Products.  According to

1 historical BKK Corp. records, Humko Products contributed manifested waste to the

2 BKK Class I Facility. This manifested waste contained Hazardous Substances that

3 Humko Products generated and/or arranged for its disposal at the BKK Class I

4 Facility. To date, Defendant ACH Food Companies, Inc. has not incurred any

5 response costs at the BKK Class I Facility nor has it paid its fair share of response

6 costs incurred by the Plaintiffs at the BKK Class I Facility.

7       69.    According to historical BKK Corp. records, Defendant Advanced

8 Coatings Inc. (previously identified in this action and the related action as

9 Advanced Coating Inc.) contributed manifested waste to the BKK Class I Facility.

10 This manifested waste contained Hazardous Substances that Defendant Advanced

11 Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

12 To date, Defendant Advanced Coatings Inc. has not incurred any response costs at

13 the BKK Class I Facility nor has it paid its fair share of response costs incurred by

14 the Plaintiffs at the BKK Class I Facility.

15       70.    According to historical BKK Corp. records, Defendant Aerosol

16 Services Co. Inc. contributed manifested waste to the BKK Class I Facility.  This

17 manifested waste contained Hazardous Substances that Defendant Aerosol Services

18 Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To

19 date, Defendant Aerosol Services Co. Inc. has not incurred any response costs at the

20 BKK Class I Facility nor has it paid its fair share of response costs incurred by the

21 Plaintiffs at the BKK Class I Facility.

22       71.    Upon information and belief, Defendant Air Liquide America LP is the

23 successor to Big Three Industries Inc. and/or otherwise liable for manifested waste

24 that was contributed to the BKK Class I Facility by Big Three Industries Inc.

25 According to historical BKK Corp. records, Big Three Industries Inc. contributed

26 manifested waste to the BKK Class I Facility. This manifested waste contained

27 Hazardous Substances that Big Three Industries Inc. generated and/or arranged for

28 its disposal at the BKK Class I Facility. To date, Defendant Air Liquide America

LP has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

72.     Upon information and belief, Defendant Albertsons Companies, Inc. is the successor to Albertson's Inc. and/or Lucky Stores Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Albertson's Inc. and/or Lucky Stores Inc.  According to historical BKK Corp. records, Albertson's Inc. and Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Albertson's Inc. and Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Albertsons Companies, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

73.     Upon information and belief, Defendant Alkid Corporation is the successor to Peat Manufacturing Co. and/or Cragar Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Peat Manufacturing Co. and/or Cragar Industries.  According to historical BKK Corp. records, Peat Manufacturing Co. and Cragar Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peat Manufacturing Co. and Cragar Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Alkid Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

74.     Upon information and belief, Defendant Alpha Technologies Group, Inc. is the successor to Lockhart Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Lockhart Industries. According to historical BKK Corp. records, Lockhart Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained

1    Hazardous Substances that Lockhart Industries generated and/or arranged for its

2    disposal at the BKK Class I Facility. To date, Defendant Alpha Technologies

3    Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its

4    fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5        75.    According to historical BKK Corp. records, Defendant Amcord, Inc.

6    (formerly dba Riverside Cement Co. and previously identified in this action and the

7    related action as Riverside Cement Co.) is the successor to Riverside Cement Co.

8    and/or otherwise liable for manifested waste that was contributed to the BKK Class

9    I Facility by Riverside Cement Co.  According to historical BKK Corp. records,

10   Riveride Cement Co. contributed manifested waste to the BKK Class I Facility.

11   This manifested waste contained Hazardous Substances that Riverside Cement Co.

12   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

13   Defendant Amcord, Inc. has not incurred any costs at the BKK Class I Facility nor

14   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

15   Facility.

16       76.    According to historical BKK Corp. records, Defendant American

17   Appliance Manufacturing Corp. contributed manifested waste to the BKK Class I

18   Facility.  This manifested waste contained Hazardous Substances that Defendant

19   American Appliance Manufacturing Corp. generated and/or arranged for its

20   disposal at the BKK Class I Facility.  To date, Defendant American Appliance

21   Manufacturing Corp. has not incurred any response costs at the BKK Class I

22   Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at

23   the BKK Class I Facility.

24       77.    According to historical BKK Corp. records, Defendant American Can

25   Company contributed manifested waste to the BKK Class I Facility.  This

26   manifested waste contained Hazardous Substances that Defendant American Can

27   Company generated and/or arranged for its disposal at the BKK Class I Facility.

28   To date, Defendant American Can Company has not incurred any response costs at

1    the BKK Class I Facility nor has it paid its fair share of response costs incurred by

2    the Plaintiffs at the BKK Class I Facility.

3        78.    Upon information and belief, Defendant American Can Company is

4    the successor to Saint-Gobain and/or is otherwise liable for manifested waste that

5    was contributed to the BKK Class I Facility by Saint-Gobain.  According to

6    historical BKK Corp. records, Saint-Gobain contributed manifested waste to the

7    BKK Class I Facility. This manifested waste contained Hazardous Substances that

8    Saint-Gobain generated and/or arranged for its disposal at the BKK Class I Facility.

9    To date, Defendant American Can Company has not incurred any response costs at

10   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

11   the Plaintiffs at the BKK Class I Facility.

12       79.    According to historical BKK Corp. records, Defendant American

13   Chemical & Refining contributed manifested waste to the BKK Class I Facility.

14   This manifested waste contained Hazardous Substances that Defendant American

15   Chemical & Refining generated and/or arranged for its disposal at the BKK Class I

16   Facility. To date, Defendant American Chemical & Refining has not incurred any

17   response costs at the BKK Class I Facility nor has it paid its fair share of response

18   costs incurred by the Plaintiffs at the BKK Class I Facility.

19       80.    According to historical BKK Corp. records, Defendant American

20   Pacific International Inc. contributed manifested waste to the BKK Class I Facility.

21   This manifested waste contained Hazardous Substances that Defendant American

22   Pacific International Inc. generated and/or arranged for its disposal at the BKK

23   Class I Facility. To date, Defendant American Pacific International Inc. has not

24   incurred any response costs at the BKK Class I Facility nor has it paid its fair share

25   of response costs incurred by the Plaintiffs at the BKK Class I Facility.

26       81.    According to historical BKK Corp. records, Defendant American Tool

27   & Engineering Corp. contributed manifested waste to the BKK Class I Facility.

28   This manifested waste contained Hazardous Substances that Defendant American

Tool & Engineering Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant American Tool & Engineering Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

82.    According to historical BKK Corp. records, Defendant AMF Tubescope Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant AMF Tubescope Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant AMF Tubescope Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

83.    Upon information and belief, Defendant Anchor Operating, Inc. (previously identified in this action and the related action as Anchor Post Products Inc. and *fka* Anchor Post Products Inc. and Anchor Post Products Inc. of California [hereafter, "Anchor Post Products Inc."]) is the successor to Anchor Post Products Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Anchor Post Products Inc.  According to historical BKK Corp. records, Anchor Post Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Anchor Post Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Anchor Operating, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

84.    Upon information and belief, Defendant Angelica Textile Services Inc. is the successor to Southern Service Company (previously identified in this action and the related action as Blue Seal Linen Supply and also formerly dba Blue Seal Linen Supply) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southern Service Company.  According to historical

41

BKK Corp. records, Southern Service Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southern Service Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Angelica Textile Services Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

85.     According to historical BKK Corp. records, Defendant Anodyne Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Anodyne Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Anodyne Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

86.     According to historical BKK Corp. records, Defendant Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Applied Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Applied Magnetics Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

87.     According to historical BKK Corp. records, Defendant Argo Petroleum Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Argo Petroleum Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Argo Petroleum Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

88.     According to historical BKK Corp. records, Defendant Arnold Circuits, Inc. contributed manifested waste to the BKK Class I Facility. This

manifested waste contained Hazardous Substances that Defendant Arnold Circuits, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Arnold Circuits, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

89.    Upon information and belief, Defendant Atomica Corp. is the successor to Applied Magnetics Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Applied Magnetics Corp. According to historical BKK Corp. records, Applied Magnetics Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Applied Magnetics Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Atomica Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

90.    Upon information and belief, Defendant Axel Johnson, Inc. is the successor to Industrial Tectonics Bearings Corporation (previously identified in this action and the related action as Industrial Tectonics Bearings) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Industrial Tectonics Bearings Corporation.  According to historical BKK Corp. records, Industrial Tectonics Bearings Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Industrial Tectonics Bearings Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Axel Johnson, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

91.    Upon information and belief, Defendant AZON Corporation is the successor to Keuffel & Esser Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Keuffel & Esser Co.  According to

1   historical BKK Corp. records, Keuffel & Esser Co. contributed manifested waste to

2   the BKK Class I Facility. This manifested waste contained Hazardous Substances

3   that Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK

4   Class I Facility. To date, Defendant AZON Corporation has not incurred any

5   response costs at the BKK Class I Facility nor has it paid its fair share of response

6   costs incurred by the Plaintiffs at the BKK Class I Facility.

7       92.    Upon information and belief, Defendant B. Jadow and Sons, Inc. is the

8   successor to Krazy Glue Inc. and/or otherwise liable for manifested waste that was

9   contributed to the BKK Class I Facility by Krazy Glue Inc.  According to historical

10  BKK Corp. records, Krazy Glue Inc. contributed manifested waste to the BKK

11  Class I Facility. This manifested waste contained Hazardous Substances that Krazy

12  Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

13  date, Defendant B. Jadow and Sons, Inc. has not incurred any response costs at the

14  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16      93.    According to historical BKK Corp. records, Defendant Beatrice/Hunt-

17  Wesson, Inc. (previously identified in this action and the related action as Beatrice

18  Hunt Wesson Inc.) contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Defendant Beatrice/Hunt-

20  Wesson, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

21  To date, Defendant Beatrice/Hunt-Wesson, Inc. has not incurred any response costs

22  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

23  by the Plaintiffs at the BKK Class I Facility.

24      94.    According to historical BKK Corp. records, Defendant Beazer East,

25  Inc. and/or its predecessor Koppers Co. Inc. contributed manifested waste to the

26  BKK Class I Facility.  This manifested waste contained Hazardous Substances that

27  Defendant Beazer East and/or its predecessor Koppers Co. Inc. generated and/or

28  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Beazer

44

East, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

95.    According to historical BKK Corp. records, Defendant Beckman Coulter Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Beckman Coulter Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Beckman Coulter Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

96.    Upon information and belief, Defendant Before Pac, Inc. is the successor to Packaging Corporation of America and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Packaging Corporation of America.  According to historical BKK Corp. records, Packaging Corporation of America contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Packaging Corporation of America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Before Pac, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

97.    According to historical BKK Corp. records, Defendant BFI XV Realty Fund Ltd. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant BFI XV Realty Fund Ltd. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant BFI XV Realty Fund Ltd. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

98.    According to historical BKK Corp. records, Defendant Big Three

1   Industries Inc. contributed manifested waste to the BKK Class I Facility.  This

2   manifested waste contained Hazardous Substances that Defendant Big Three

3   Industries Inc. generated and/or arranged for its disposal at the BKK Class I

4   Facility.  To date, Defendant Big Three Industries Inc. has not incurred any

5   response costs at the BKK Class I Facility nor has it paid its fair share of response

6   costs incurred by the Plaintiffs at the BKK Class I Facility.

7          99.    According to historical BKK Corp. records, Defendant Birtcher Pacific

8   contributed manifested waste to the BKK Class I Facility.  This manifested waste

9   contained Hazardous Substances that Defendant Birtcher Pacific generated and/or

10  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Birtcher

11  Pacific has not incurred any response costs at the BKK Class I Facility nor has it

12  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I

13  Facility.

14         100.   Upon information and belief, Defendant Bostik, Inc. is the successor to

15  R. & D. Latex Co. and/or otherwise liable for manifested waste that was

16  contributed to the BKK Class I Facility by R. & D. Latex Co.  According to

17  historical BKK Corp. records, R. & D. Latex Co. contributed manifested waste to

18  the BKK Class I Facility. This manifested waste contained Hazardous Substances

19  that R. & D. Latex Co. generated and/or arranged for its disposal at the BKK Class

20  I Facility. To date, Defendant Bostik, Inc. has not incurred any response costs at the

21  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

22  Plaintiffs at the BKK Class I Facility.

23         101.   According to historical BKK Corp. records, Defendant Brooks &

24  Perkins Brownline Division contributed manifested waste to the BKK Class I

25  Facility.  This manifested waste contained Hazardous Substances that Defendant

26  Brooks & Perkins Brownline Division generated and/or arranged for its disposal at

27  the BKK Class I Facility.  To date, Defendant Brooks & Perkins Brownline

28  Division has not incurred any response costs at the BKK Class I Facility nor has it

1  paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I
2  Facility.

3      102.  Upon information and belief, Defendant Bulk Services, Inc. is the
4  successor to Balser Trucking and/or otherwise liable for manifested waste that was
5  contributed to the BKK Class I Facility by Balser Trucking.  According to historical
6  BKK Corp. records, Balser Trucking contributed manifested waste to the BKK
7  Class I Facility. This manifested waste contained Hazardous Substances that Balser
8  Trucking generated and/or arranged for its disposal at the BKK Class I Facility. To
9  date, Defendant Bulk Services, Inc. has not incurred any response costs at the BKK
10 Class I Facility nor has it paid its fair share of response costs incurred by the
11 Plaintiffs at the BKK Class I Facility.

12     103.  Upon information and belief, Defendant Bunge Oils, Inc. (previously
13 identified in this action as Bunge Global Markets, Inc.) is the successor to
14 Richardson & Holland and/or otherwise liable for manifested waste that was
15 contributed to the BKK Class I Facility by Richardson & Holland.  According to
16 historical BKK Corp. records, Richardson & Holland contributed manifested waste
17 to the BKK Class I Facility. This manifested waste contained Hazardous
18 Substances that Richardson & Holland generated and/or arranged for its disposal at
19 the BKK Class I Facility. To date, Defendant Bunge Oil, Inc. has not incurred any
20 costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by
21 the Plaintiffs at the BKK Class I Facility.

22     104.  According to historical BKK Corp. records, Defendant Byron Jackson
23 Pumps contributed manifested waste to the BKK Class I Facility.  This manifested
24 waste contained Hazardous Substances that Defendant Byron Jackson Pumps
25 generated and/or arranged for its disposal at the BKK Class I Facility.  To date,
26 Defendant Byron Jackson Pumps has not incurred any response costs at the BKK
27 Class I Facility nor has it paid its fair share of response costs incurred by the
28 Plaintiffs at the BKK Class I Facility.

47

105.    According to historical BKK Corp. records, Defendant Cal-Chem Cleaning Co., Inc. (previously identified in this action and the related action as Cal Chem Cleaning Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cal-Chem Cleaning Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cal-Chem Cleaning Co., Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

106.    According to historical BKK Corp. records, Defendant Cal Nev Pipeline Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cal Nev Pipeline Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cal Nev Pipeline Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

107.    According to historical BKK Corp. records, Defendant Cal Style Furniture Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cal Style Furniture Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cal Style Furniture Manufacturing Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

108.    According to historical BKK Corp. records, Defendant California Carpet Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant California Carpet Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant California Carpet Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the

1    Plaintiffs at the BKK Class I Facility.

2          109.    According to historical BKK Corp. records, Defendant Calprotech Inc.

3    contributed manifested waste to the BKK Class I Facility. This manifested waste

4    contained Hazardous Substances that Defendant Calprotech Inc. generated and/or

5    arranged for its disposal at the BKK Class I Facility. To date, Defendant Calprotech

6    Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

7    its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

8          110.    Upon information and belief, Defendant Capital Parade USA, Inc. is

9    the successor to Circuit One Div. of LH Research Inc. and/or otherwise liable for

10   manifested waste that was contributed to the BKK Class I Facility by Circuit One

11   Div. of LH Research Inc.  According to historical BKK Corp. records, Circuit One

12   Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility.

13   This manifested waste contained Hazardous Substances that Circuit One Div. of LH

14   Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

15   To date, Defendant Capital Parade USA, Inc. has not incurred any response costs at

16   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

17   the Plaintiffs at the BKK Class I Facility.

18         111.    According to historical BKK Corp. records, Defendant Cargill Inc.

19   contributed manifested waste to the BKK Class I Facility.  This manifested waste

20   contained Hazardous Substances that Defendant Cargill Inc. generated and/or

21   arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cargill

22   Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid

23   its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

24         112.    Upon information and belief, Defendant Castle & Cooke, Inc. is the

25   successor to Westminster Ceramics Inc. and/or otherwise liable for manifested

26   waste that was contributed to the BKK Class I Facility by Westminster Ceramics

27   Inc.  According to historical BKK Corp. records, Westminster Ceramics Inc.

28   contributed manifested waste to the BKK Class I Facility. This manifested waste

1   contained Hazardous Substances that Westminster Ceramics Inc. generated and/or

2   arranged for its disposal at the BKK Class I Facility. To date, Defendant Castle &

3   Cooke, Inc. Inc. has not incurred any costs at the BKK Class I Facility nor has it

4   paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5       113.   Upon information and belief, Defendant Cemex, Inc. is the successor

6   to Transmix Corporation and/or is otherwise liable for manifested waste that was

7   contributed to the BKK Class I Facility by Transmix Corporation.  According to

8   historical BKK Corp. records, Transmix Corporation contributed manifested waste

9   to the BKK Class I Facility. This manifested waste contained Hazardous

10  Substances that Transmix Corporation generated and/or arranged for its disposal at

11  the BKK Class I Facility. To date, Defendant Cemex, Inc. has not incurred any

12  response costs at the BKK Class I Facility nor has it paid its fair share of response

13  costs incurred by the Plaintiffs at the BKK Class I Facility.

14      114.   According to historical BKK Corp. records, Defendant Certified

15  Grocers of Cal. contributed manifested waste to the BKK Class I Facility.  This

16  manifested waste contained Hazardous Substances that Defendant Certified Grocers

17  of Cal. generated and/or arranged for its disposal at the BKK Class I Facility.  To

18  date, Defendant Certified Grocers of Cal. has not incurred any response costs at the

19  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

20  Plaintiffs at the BKK Class I Facility.

21      115.   According to historical BKK Corp. records, Defendant Cia Minera De

22  Cananea SA contributed manifested waste to the BKK Class I Facility.  This

23  manifested waste contained Hazardous Substances that Defendant Cia Minera De

24  Cananea SA generated and/or arranged for its disposal at the BKK Class I Facility.

25  To date, Defendant Cia Minera De Cananea SA has not incurred any response costs

26  at the BKK Class I Facility nor has it paid its fair share of response costs incurred

27  by the Plaintiffs at the BKK Class I Facility.

28  / / /

116.   According to historical BKK Corp. records, Defendant Circuit One Div. of LH Research Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Circuit One Div. of LH Research Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Circuit One Div. of LH Research Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

117.   According to historical BKK Corp. records, Defendant Cleveland Wrecking Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Cleveland Wrecking Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Cleveland Wrecking Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

118.   According to historical BKK Corp. records, Defendant Cognis Corp. is the successor to Emery Industries Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Emery Industries Inc. According to historical BKK Corp. records, Emery Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Emery Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cognis Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

119.   Upon information and belief, Defendant Conagra Brands, Inc. is the successor to Beatrice/Hunt-Wesson, Inc. (previously identified in this action and the related action as Beatrice Hunt Wesson Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Beatrice/Hunt-Wesson, Inc.  According to historical BKK Corp. records,

1  Beatrice/Hunt-Wesson, Inc. contributed manifested waste to the BKK Class I

2  Facility. This manifested waste contained Hazardous Substances that

3  Beatrice/Hunt-Wesson, Inc. generated and/or arranged for its disposal at the BKK

4  Class I Facility. To date, Defendant Conagra Brands, Inc. has not incurred any costs

5  at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

6  Plaintiffs at the BKK Class I Facility.

7      120.   According to historical BKK Corp. records, Defendant Control

8  Components Inc. contributed manifested waste to the BKK Class I Facility. This

9  manifested waste contained Hazardous Substances that Defendant Control

10  Components Inc. generated and/or arranged for its disposal at the BKK Class I

11  Facility. To date, Defendant Control Components Inc. has not incurred any costs at

12  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

13  Plaintiffs at the BKK Class I Facility.

14      121.   Upon information and belief, Defendant Coscol Petroleum

15  Corporation is the successor to Western Fuel Oil Company and/or otherwise liable

16  for manifested waste that was contributed to the BKK Class I Facility by Western

17  Fuel Oil Company  According to historical BKK Corp. records, Western Fuel Oil

18  Company contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Western Fuel Oil Company

20  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

21  Defendant Coscol Petroleum Corporation has not incurred any costs at the BKK

22  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

23  BKK Class I Facility.

24      122.   According to historical BKK Corp. records, Defendant Cragar

25  Industries contributed manifested waste to the BKK Class I Facility. This

26  manifested waste contained Hazardous Substances that Defendant Cragar Industries

27  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

28  Defendant Cragar Industries has not incurred any costs at the BKK Class I Facility

nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

123.   According to historical BKK Corp. records, Defendant Crain Western, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Crain Western, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crain Western, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

124.   According to historical BKK Corp. records, Defendant Crescent Transportation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Crescent Transportation generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Crescent Transportation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

125.   Upon information and belief, Defendant Criton Corporation is the successor to Sandia Metal Process, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sandia Metal Process, Inc.  According to historical BKK Corp. records, Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Criton Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

126.   Upon information and belief, Defendant Crown Central LLC is the successor to Crown Central Petroleum Corporation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crown

Central Petroleum Corporation. According to historical BKK Corp. records, Crown Central Petroleum Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crown Central Petroleum Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crown Central LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

127. According to historical BKK Corp. records, Defendant Crown Central Petroleum Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Crown Central Petroleum Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Crown Central Petroleum Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

128. Upon information and belief, Defendant CSS Investment Company is the successor to Cummins Service & Sales Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cummins Service & Sales Inc. According to historical BKK Corp. records, Cummins Service & Sales Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cummins Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant CSS Investment Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

129. According to historical BKK Corp. records, Defendant Cummins Service & Sales Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cummins Service & Sales Inc. generated and/or arranged for its disposal at the BKK Class I

Facility.  To date, Defendant Cummins Service & Sales Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

130.  Upon information and belief, Defendant CW Liquidating Corporation is the successor to Peairs Engineers and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Peairs Engineers.  According to historical BKK Corp. records, Peairs Engineers contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Peairs Engineers generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant CW Liquidating Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

131.  According to historical BKK Corp. records, Defendant Cyclo Products, Inc. (previously identified in this action and the related action as Cyclo Chemical Co., and formerly having [and/or its predecessor by merger Alameda Laboratories, Inc. formerly having] a division known as Cyclo Chemical Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Cyclo Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Cyclo Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

132.  According to historical BKK Corp. records, Defendant Darnell Corp. (previously identified in this action and the related action as Darnell Corporate Ltd.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Darnell Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

133.   Upon information and belief, Defendant Darnell-Rose is the successor to Darnell Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Darnell Corp.  According to historical BKK Corp. records, Darnell Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Darnell Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Darnell-Rose has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

134.   According to historical BKK Corp. records, Dart Industries Inc. (previously identified in this action and the related action as San Fernando Laboratories, and formerly having a division known as San Fernando Laboratories) contributed manifested waste to the BKK Class I facility. This manifested waste contained Hazardous Substances that Dart Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Dart Industries Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

135.   According to historical BKK Corp. records, Defendant Data Products Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Data Products Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Data Products Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

136.   According to historical BKK Corp. records, Defendant Davis Investment Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Davis Investment Co. generated and/or arranged for its disposal at the BKK Class I

Facility. To date, Defendant Davis Investment Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

137.   Upon information and belief, Defendant Davro, Inc. is the successor to Calprotech Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Calprotech Inc.  According to historical BKK Corp. records, Calprotech Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Calprotech Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Davro, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

138.   Upon information and belief, Defendant DCS Diversified Coating Systems, Inc. (previously identified in this action as Diversified Coating Systems, Inc.) is the successor to Advanced Coatings Inc. (previously identified in this action and the related action as Advanced Coating Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Advanced Coatings Inc.  According to historical BKK Corp. records, Advanced Coatings Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Advanced Coatings Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant DCS Diversified Coating Systems, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

139.   According to historical BKK Corp. records, Defendant Decratrend Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Decratrend Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

Decratrend Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

140.   Upon information and belief, Defendant Delaware Arrowhead Products Corporation is the successor to Arrowhead Products and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Arrowhead Products.  According to historical BKK Corp. records, Arrowhead Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Arrowhead Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delaware Arrowhead Products Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

141.   Upon information and belief, Defendant Delaware Outsourcing Services Group, Inc. is the successor to Aerosol Services Co. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Aerosol Services Co. Inc.  According to historical BKK Corp. records, Aerosol Services Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Aerosol Services Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Delaware Outsourcing Services Group, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

142.   Upon information and belief, Defendant Denso Products and Services Americas, Inc. (previously identified in this action as Densco Products and Services Americas, Inc.) is the successor to Nippondenso of Los Angeles and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Nippondenso of Los Angeles.  According to historical BKK Corp. records, Nippondenso of Los Angeles contributed manifested waste to the BKK Class I

Facility. This manifested waste contained Hazardous Substances that Nippondenso of Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Denso Products and Services Americas, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

143.   Upon information and belief, Defendant Devon Energy Corp. is the successor to Pauley Petroleum Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pauley Petroleum Co.  According to historical BKK Corp. records, Pauley Petroleum Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pauley Petroleum Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Devon Energy Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

144.   Upon information and belief, Defendant Diamond International Corp. is the successor to Western Lithograph and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Western Lithograph. According to historical BKK Corp. records, Western Lithograph contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Western Lithograph generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Diamond International Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

145.   According to historical BKK Corp. records, Defendant Disposal Control Service, Inc. (previously identified in this action and the related action as Disposal Control) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Disposal Control Service, Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

To date, Defendant Disposal Control Service, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

146.    According to historical BKK Corp. records, Defendant Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Drackett Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

147.    Upon information and belief, Defendant Dude, Inc. (previously identified in this action as Crain Industries, Inc.) is the successor to Crain Western, Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crain Western, Inc.  According to historical BKK Corp. records, Crain Western, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crain Western, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Dude, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

148.    According to historical BKK Corp. records, Defendant Durex Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Durex Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Durex Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

149.    Upon information and belief, Defendant E.T.C. Carpet Mills, Ltd. is the successor to California Carpet Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by California Carpet Co. According to historical BKK Corp. records, California Carpet Co. contributed

1    manifested waste to the BKK Class I Facility. This manifested waste contained

2    Hazardous Substances that California Carpet Co. generated and/or arranged for its

3    disposal at the BKK Class I Facility. To date, Defendant E.T.C. Carpet Mills, Ltd.

4    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

5    of costs incurred by the Plaintiffs at the BKK Class I Facility.

6        150.    According to historical BKK Corp. records, Defendant Elfab Corp.

7    (previously identified in this action and the related action as El Fab) contributed

8    manifested waste to the BKK Class I Facility. This manifested waste contained

9    Hazardous Substances that Defendant Elfab Corp. generated and/or arranged for its

10   disposal at the BKK Class I Facility. To date, Defendant Elfab Corp. has not

11   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

12   incurred by the Plaintiffs at the BKK Class I Facility.

13       151.    According to historical BKK Corp. records, Defendant Electronic

14   Materials Corp. contributed manifested waste to the BKK Class I Facility.  This

15   manifested waste contained Hazardous Substances that Defendant Electronic

16   Materials Corp. generated and/or arranged for its disposal at the BKK Class I

17   Facility.  To date, Defendant Electronic Materials Corp. has not incurred any costs

18   at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

19   Plaintiffs at the BKK Class I Facility.

20       152.    According to historical BKK Corp. records, Defendant Electro-Etch

21   Circuits Inc. (previously identified in this action and the related action as

22   Electrotech Circuits Inc.) contributed manifested waste to the BKK Class I Facility.

23   This manifested waste contained Hazardous Substances that Defendant Electro-

24   Etch Circuits Inc. generated and/or arranged for its disposal at the BKK Class I

25   Facility. To date, Defendant Electro-Etch Circuits Inc. has not incurred any costs at

26   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

27   Plaintiffs at the BKK Class I Facility.

28       153.    Upon information and belief, Defendant Elevate Textiles, Inc.

1   (previously identified in this action as Elevate Textiles) is the successor to Wells
2   Marine Inc. and Valentec International Corp. and/or otherwise liable for manifested
3   waste that was contributed to the BKK Class I Facility by Wells Marine Inc. and
4   Valentec International Corp.  According to historical BKK Corp. records, Wells
5   Marine Inc. and Valentec International Corp. contributed manifested waste to the
6   BKK Class I Facility. This manifested waste contained Hazardous Substances that
7   Wells Marine Inc. and Valentec International Corp. generated and/or arranged for
8   its disposal at the BKK Class I Facility. To date, Defendant Elevate Textiles, Inc.
9   has not incurred any costs at the BKK Class I Facility nor has it paid its fair share
10   of costs incurred by the Plaintiffs at the BKK Class I Facility.

11       154.   Upon information and belief, Defendant Emerald Equities, I
12   (previously identified in this action as Emerald Equities) is the successor to Merel
13   Co. Inc. and/or otherwise liable for manifested waste that was contributed to the
14   BKK Class I Facility by Merel Co. Inc.  According to historical BKK Corp.
15   records, Merel Co. Inc. contributed manifested waste to the BKK Class I Facility.
16   This manifested waste contained Hazardous Substances that Merel Co. Inc.
17   generated and/or arranged for its disposal at the BKK Class I Facility. To date,
18   Defendant Emerald Equities, I has not incurred any costs at the BKK Class I
19   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
20   Class I Facility.

21       155.   According to historical BKK Corp. records, Defendant Emery
22   Industries Inc. contributed manifested waste to the BKK Class I Facility. This
23   manifested waste contained Hazardous Substances that Defendant Emery Industries
24   Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,
25   Defendant Emery Industries Inc. has not incurred any costs at the BKK Class I
26   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK
27   Class I Facility.

28       156.   Upon information and belief, Defendant Employbridge LLC is the

1   successor to Heist Maintenance Services Inc. and/or otherwise liable for manifested

2   waste that was contributed to the BKK Class I Facility by Heist Maintenance

3   Services Inc.  According to historical BKK Corp. records, Heist Maintenance

4   Services Inc. contributed manifested waste to the BKK Class I Facility. This

5   manifested waste contained Hazardous Substances that Heist Maintenance Services

6   Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

7   Defendant Employbridge LLC has not incurred any response costs at the BKK

8   Class I Facility nor has it paid its fair share of response costs incurred by the

9   Plaintiffs at the BKK Class I Facility.

10      157.   Upon information and belief, Defendant Emrise Electronics Corp. is

11  the successor to Arnold Circuits, Inc. and/or otherwise liable for manifested waste

12  that was contributed to the BKK Class I Facility by Arnold Circuits, Inc.

13  According to historical BKK Corp. records, Arnold Circuits, Inc. contributed

14  manifested waste to the BKK Class I Facility. This manifested waste contained

15  Hazardous Substances that Arnold Circuits, Inc. generated and/or arranged for its

16  disposal at the BKK Class I Facility. To date, Defendant Emrise Electronics Corp.

17  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

18  of costs incurred by the Plaintiffs at the BKK Class I Facility.

19      158.   According to historical BKK Corp. records, Defendant Energy

20  Development Co. Inc. contributed manifested waste to the BKK Class I Facility.

21  This manifested waste contained Hazardous Substances that Defendant Energy

22  Development Co. Inc. generated and/or arranged for its disposal at the BKK Class I

23  Facility. To date, Defendant Energy Development Co. Inc. has not incurred any

24  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

25  the Plaintiffs at the BKK Class I Facility.

26      159.   According to historical BKK Corp. records, Defendant Energy

27  Development Corp. (previously identified in this action and the related action as

28  Energy Development Co. Inc.) contributed manifested waste to the BKK Class I

Facility. This manifested waste contained Hazardous Substances that Defendant Energy Development Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Energy Development Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

160.   Upon information and belief, Defendant Energy Transfer LP is the successor to Koch Fuels, Inc. (previously identified in this action and the related action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Energy Transfer LP has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

161.   Upon information and belief, Defendant Enliven Marketing Technologies Corporation is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc.  According to historical BKK Corp. records, Fotomat Labs Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Enliven Marketing Technologies Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

162.   Upon information and belief, Defendant Enviri Corporation (previously identified in this action as and *fka* Harsco Corporation) is the successor to Structural Composite Industries and/or otherwise liable for manifested waste that

64

was contributed to the BKK Class I Facility by Structural Composite Industries. According to historical BKK Corp. records, Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Enviri Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

163.   According to historical BKK Corp. records, Defendant Environmental Control Systems Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Environmental Control Systems Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Environmental Control Systems Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

164.   Upon information and belief, Defendant Evergreen Pacific Partners is the successor to Marcor Environmental West, Inc. (*aka* and/or previously identified in this action and the related action as Marco Chemical Co.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Marcor Environmental West, Inc.  According to historical BKK Corp. records, Marcor Environmental West, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Marcor Environmental West, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Evergreen Pacific Partners has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

165.   According to historical BKK Corp. records, Defendant Fairchild Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fairchild

Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fairchild Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

166.    According to historical BKK Corp. records, Defendant Fairchild Semiconductor International, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fairchild Semiconductor International, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fairchild Semiconductor International, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

167.    According to historical BKK Corp. records, Defendant Federal Express Corporation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Federal Express Corporation generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal Express Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

168.    Upon information and belief, Defendant Federal Express Corporation is the successor to Flying Tigers Line and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Flying Tigers Line.  According to historical BKK Corp. records, Flying Tigers Line contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Flying Tigers Line generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Federal Express Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

169.    According to historical BKK Corp. records, Defendant Federal

66

Reserve Bank contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Federal Reserve Bank generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Federal Reserve Bank has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

170.    According to historical BKK Corp. records, Defendant Fletcher Oil & Refining Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Fletcher Oil & Refining Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Fletcher Oil & Refining Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

171.    Upon information and belief, Defendant Flint Hills Resources, L.P. is the successor to Koch Fuels, Inc. (previously identified in this action and the related action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Flint Hills Resources, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

172.    Upon information and belief, Defendant Flowserve Corporation is the successor to Byron Jackson Pumps and/or Borg Warner and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Byron Jackson Pumps and/or Borg Warner.  According to historical BKK Corp. records, Byron Jackson Pumps and Borg Warner contributed manifested waste to the BKK

1   Class I Facility. This manifested waste contained Hazardous Substances that Byron

2   Jackson Pumps and Borg Warner generated and/or arranged for its disposal at the

3   BKK Class I Facility. To date, Defendant Flowserve Corporation has not incurred

4   any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

5   by the Plaintiffs at the BKK Class I Facility.

6       173.   According to historical BKK Corp. records, Defendant Fotomat Labs

7   Inc. contributed manifested waste to the BKK Class I Facility. This manifested

8   waste contained Hazardous Substances that Defendant Fotomat Labs Inc. generated

9   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

10  Fotomat Labs Inc. has not incurred any costs at the BKK Class I Facility nor has it

11  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

12      174.   According to historical BKK Corp. records, Defendant Flying Tigers

13  Line contributed manifested waste to the BKK Class I Facility. This manifested

14  waste contained Hazardous Substances that Defendant Flying Tigers Line generated

15  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16  Flying Tigers Line has not incurred any costs at the BKK Class I Facility nor has it

17  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18      175.   Upon information and belief, Defendant FORCO Liquidation Trust is

19  the successor to Fletcher Oil & Refining Co. and/or otherwise liable for manifested

20  waste that was contributed to the BKK Class I Facility by Fletcher Oil & Refining

21  Co.  According to historical BKK Corp. records, Fletcher Oil & Refining Co.

22  contributed manifested waste to the BKK Class I Facility. This manifested waste

23  contained Hazardous Substances that Fletcher Oil & Refining Co. generated and/or

24  arranged for its disposal at the BKK Class I Facility. To date, Defendant FORCO

25  Liquidation Trust has not incurred any costs at the BKK Class I Facility nor has it

26  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

27      176.   According to historical BKK Corp. records, Defendant Franciscan

28  Ceramics Inc. contributed manifested waste to the BKK Class I Facility.  This

1   manifested waste contained Hazardous Substances that Defendant Franciscan

2   Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

3   Facility.  To date, Defendant Franciscan Ceramics Inc. has not incurred any costs at

4   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

5   Plaintiffs at the BKK Class I Facility.

6        177.   According to historical BKK Corp. records, Defendant Frazee

7   Industries contributed manifested waste to the BKK Class I Facility. This

8   manifested waste contained Hazardous Substances that Defendant Frazee Industries

9   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

10  Defendant Frazee Industries has not incurred any costs at the BKK Class I Facility

11  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

12  Facility.

13       178.   Upon information and belief, Defendant Frontier California, Inc. is the

14  successor to General Telephone Co. and/or otherwise liable for manifested waste

15  that was contributed to the BKK Class I Facility by General Telephone Co.

16  According to historical BKK Corp. records, General Telephone Co. contributed

17  manifested waste to the BKK Class I Facility. This manifested waste contained

18  Hazardous Substances that General Telephone Co. generated and/or arranged for its

19  disposal at the BKK Class I Facility. To date, Defendant Frontier California, Inc.

20  has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

21  of costs incurred by the Plaintiffs at the BKK Class I Facility.

22       179.   Upon information and belief, Defendant Furukawa Electric North

23  America, Inc. is the successor to KSI Disc Products, Inc. (previously identified in

24  this action and the related action as Knudsen Corp.) and/or otherwise liable for

25  manifested waste that was contributed to the BKK Class I Facility by KSI Disc

26  Products, Inc.  According to historical BKK Corp. records, KSI Disc Products, Inc.

27  contributed manifested waste to the BKK Class I Facility. This manifested waste

28  contained Hazardous Substances that KSI Disc Products, Inc. generated and/or

arranged for its disposal at the BKK Class I Facility. To date, Defendant Furukawa Electric North America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

180.    Upon information and belief, Defendant G.W.A. Inc. is the successor to Crescent Transportation and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Crescent Transportation. According to historical BKK Corp. records, Crescent Transportation contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Crescent Transportation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant G.W.A. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

181.    According to historical BKK Corp. records, Defendant GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

182.    Upon information and belief, Defendant GATX Corp. is the successor to GATX and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by GATX. According to historical BKK Corp. records, GATX contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant GATX Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

183.    According to historical BKK Corp. records, Defendant GATX

1   Terminals Corp. contributed manifested waste to the BKK Class I Facility.  This

2   manifested waste contained Hazardous Substances that Defendant GATX

3   Terminals Corp. generated and/or arranged for its disposal at the BKK Class I

4   Facility.  To date, Defendant GATX Terminals Corp. has not incurred any costs at

5   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

6   Plaintiffs at the BKK Class I Facility.

7        184.   According to historical BKK Corp. records, Defendant General

8   Battery Corp. contributed manifested waste to the BKK Class I Facility.  This

9   manifested waste contained Hazardous Substances that Defendant General Battery

10  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

11  date, Defendant General Battery Corp. has not incurred any costs at the BKK Class

12  I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

13  Class I Facility.

14       185.   According to historical BKK Corp. records, Defendant General

15  Telephone Co. contributed manifested waste to the BKK Class I Facility.  This

16  manifested waste contained Hazardous Substances that Defendant General

17  Telephone Co. generated and/or arranged for its disposal at the BKK Class I

18  Facility.  To date, Defendant General Telephone Co. has not incurred any costs at

19  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

20  Plaintiffs at the BKK Class I Facility.

21       186.   Upon information and belief, Defendant Genstar Roofing Products

22  Company, Inc. is the successor to Genstar Building Materials Co. and/or otherwise

23  liable for manifested waste that was contributed to the BKK Class I Facility by

24  Genstar Building Materials Co.  According to historical BKK Corp. records,

25  Genstar Building Materials Co. contributed manifested waste to the BKK Class I

26  Facility. This manifested waste contained Hazardous Substances that Genstar

27  Building Materials Co. generated and/or arranged for its disposal at the BKK Class

28  I Facility. To date, Defendant Genstar Roofing Products Company, Inc. has not

1   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

2   incurred by the Plaintiffs at the BKK Class I Facility.

3       187.   Upon information and belief, Defendant Gerald Metals, Inc. is the

4   successor to PGP Industries Inc. and/or otherwise liable for manifested waste that

5   was contributed to the BKK Class I Facility by PGP Industries Inc.  According to

6   historical BKK Corp. records, PGP Industries Inc. contributed manifested waste to

7   the BKK Class I Facility. This manifested waste contained Hazardous Substances

8   that PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class

9   I Facility. To date, Gerald Metals, Inc. has not incurred any costs at the BKK Class

10   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

11   Class I Facility.

12       188.   Upon information and belief, Defendant GK Technologies,

13   Incorporated is the successor to Southwest Steel Rolling Mills and/or otherwise

14   liable for manifested waste that was contributed to the BKK Class I Facility by

15   Southwest Steel Rolling Mills.  According to historical BKK Corp. records,

16   Southwest Steel Rolling Mills contributed manifested waste to the BKK Class I

17   Facility. This manifested waste contained Hazardous Substances that Southwest

18   Steel Rolling Mills generated and/or arranged for its disposal at the BKK Class I

19   Facility. To date, GK Technologies, Incorporated has not incurred any costs at the

20   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

21   at the BKK Class I Facility.

22       189.   According to historical BKK Corp. records, Defendant Glass

23   Containers Corp. contributed manifested waste to the BKK Class I Facility.  This

24   manifested waste contained Hazardous Substances that Defendant Glass Containers

25   Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

26   date, Defendant Glass Containers Corp. has not incurred any costs at the BKK

27   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

28   BKK Class I Facility.

1      190.   According to historical BKK Corp. records, Gold-Pak International,

2  Inc. (previously identified in this action and the related action as Gold Pack Meat

3  Co., and formerly dba Gold Pack Meat Co.) contributed manifested waste to the

4  BKK Class I facility. This manifested waste contained Hazardous Substances that

5  Gold-Pak International, Inc. generated and/or arranged for its disposal at the BKK

6  Class I Facility.  To date, Gold-Pak International, Inc. has not incurred any response

7  costs at the BKK Class I Facility nor has it paid its fair share of response costs

8  incurred by the Plaintiffs at the BKK Class I Facility.

9      191.   According to historical BKK Corp. records, Defendant Greer

10  Hydraulics Inc. contributed manifested waste to the BKK Class I Facility.  This

11  manifested waste contained Hazardous Substances that Defendant Greer Hydraulics

12  Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To

13  date, Defendant Greer Hydraulics Corp. has not incurred any response costs at the

14  BKK Class I Facility nor has it paid its fair share of response costs incurred by the

15  Plaintiffs at the BKK Class I Facility.

16      192.   Upon information and belief, Defendant Grupo Mexico SAB de CV is

17  the successor to Cia Minera De Cananea SA and/or otherwise liable for manifested

18  waste that was contributed to the BKK Class I Facility by Cia Minera De Cananea

19  SA.  According to historical BKK Corp. records, Cia Minera De Cananea SA

20  contributed manifested waste to the BKK Class I Facility. This manifested waste

21  contained Hazardous Substances that Cia Minera De Cananea SA generated and/or

22  arranged for its disposal at the BKK Class I Facility. To date, Defendant Grupo

23  Mexico SAB de CV has not incurred any costs at the BKK Class I Facility nor has

24  it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25      193.   According to historical BKK Corp. records, Defendant Hallmark

26  Circuits Inc. contributed manifested waste to the BKK Class I Facility.  This

27  manifested waste contained Hazardous Substances that Defendant Hallmark

28  Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility.

1    To date, Defendant Hallmark Circuits Inc. has not incurred any costs at the BKK

2    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

3    BKK Class I Facility.

4         194.   Upon information and belief, Defendant Handy & Harman is the

5    successor to American Chemical & Refining and/or otherwise liable for manifested

6    waste that was contributed to the BKK Class I Facility by American Chemical &

7    Refining.  According to historical BKK Corp. records, American Chemical &

8    Refining contributed manifested waste to the BKK Class I Facility. This manifested

9    waste contained Hazardous Substances that American Chemical & Refining

10   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

11   Defendant Handy & Harman has not incurred any costs at the BKK Class I Facility

12   nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

13   Facility.

14        195.   Upon information and belief, Defendants Harbans Bawa and Barinder

15   Bawa are trustees of The Bawa Family Trust, which is the successor to L.A. Gauge

16   Co., Inc. (previously identified in this action and the related action as Los Angeles

17   Gauge Co.) and/or is otherwise liable for manifested waste that was contributed to

18   the BKK Class I Facility by L.A. Gauge Co., Inc.  According to historical BKK

19   Corp. records, L.A. Gauge Co., Inc. contributed manifested waste to the BKK Class

20   I Facility. This manifested waste contained Hazardous Substances that L.A. Gauge

21   Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To

22   date, Defendants Harbans Bawa and Barinder Bawa as trustees of The Bawa Family

23   Trust have not incurred any costs at the BKK Class I Facility nor have they paid

24   their fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25        196.   According to historical BKK Corp. records, Defendant Heist

26   Maintenance Services Inc. contributed manifested waste to the BKK Class I

27   Facility.  This manifested waste contained Hazardous Substances that Defendant

28   Heist Maintenance Services Inc. generated and/or arranged for its disposal at the

1    BKK Class I Facility.  To date, Defendant Heist Maintenance Services Inc. has not

2    incurred any response costs at the BKK Class I Facility nor has it paid its fair share

3    of response costs incurred by the Plaintiffs at the BKK Class I Facility.

4         197.   Upon information and belief, Defendant Henry Company LLC is the

5    successor to Henry Company and/or otherwise liable for manifested waste that was

6    contributed to the BKK Class I Facility by Henry Company.  According to

7    historical BKK Corp. records, Henry Company contributed manifested waste to the

8    BKK Class I Facility. This manifested waste contained Hazardous Substances that

9    Henry Company generated and/or arranged for its disposal at the BKK Class I

10   Facility. To date, Defendant Henry Company LLC has not incurred any costs at the

11   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

12   at the BKK Class I Facility.

13        198.   Upon information and belief, Defendant Heraeus Metal Processing,

14   Inc. is the successor to PGP Industries Inc. and/or otherwise liable for manifested

15   waste that was contributed to the BKK Class I Facility by PGP Industries Inc.

16   According to historical BKK Corp. records, PGP Industries Inc. contributed

17   manifested waste to the BKK Class I Facility. This manifested waste contained

18   Hazardous Substances that PGP Industries Inc. generated and/or arranged for its

19   disposal at the BKK Class I Facility. To date, Defendant Heraeus Metal Processing,

20   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

21   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

22        199.   Upon information and belief, Defendant Herco Technology Corp. is

23   the successor to Industrial Circuits and/or otherwise liable for manifested waste that

24   was contributed to the BKK Class I Facility by Industrial Circuits.  According to

25   historical BKK Corp. records, Industrial Circuits contributed manifested waste to

26   the BKK Class I Facility. This manifested waste contained Hazardous Substances

27   that Industrial Circuits generated and/or arranged for its disposal at the BKK Class I

28   Facility. To date, Defendant Herco Technology Corp. has not incurred any costs at

1    the BKK Class I Facility nor has it paid its fair share of costs incurred by the

2    Plaintiffs at the BKK Class I Facility.

3        200.    Upon information and belief, Defendant Hess Corporation is the

4    successor to American Pacific International Inc. and/or otherwise liable for

5    manifested waste that was contributed to the BKK Class I Facility by American

6    Pacific International Inc.  According to historical BKK Corp. records, American

7    Pacific International Inc. contributed manifested waste to the BKK Class I Facility.

8    This manifested waste contained Hazardous Substances that American Pacific

9    International Inc. generated and/or arranged for its disposal at the BKK Class I

10    Facility. To date, Defendant Hess Corporation has not incurred any costs at the

11    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

12    at the BKK Class I Facility.

13        201.    According to historical BKK Corp. records, Defendant Hill Brothers

14    Chemical Co. contributed manifested waste to the BKK Class I Facility.  This

15    manifested waste contained Hazardous Substances that Defendant Hill Brothers

16    Chemical Co. generated and/or arranged for its disposal at the BKK Class I

17    Facility.  To date, Defendant Hill Brothers Chemical Co. has not incurred any costs

18    at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

19    Plaintiffs at the BKK Class I Facility.

20        202.    According to historical BKK Corp. records, Defendant Hoffman

21    Electronics contributed manifested waste to the BKK Class I Facility. This

22    manifested waste contained Hazardous Substances that Defendant Hoffman

23    Electronics generated and/or arranged for its disposal at the BKK Class I Facility.

24    To date, Defendant Hoffman Electronics has not incurred any costs at the BKK

25    Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

26    BKK Class I Facility.

27        203.    Upon information and belief, Defendant Howmet Aerospace Inc. is the

28    successor to Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp. and/or

76

1    otherwise liable for manifested waste that was contributed to the BKK Class I

2    Facility by Kaynar Manufacturing Co., TRE Corp. and/or Weslock Corp.

3    According to historical BKK Corp. records, Kaynar Manufacturing Co., TRE Corp.

4    and Weslock Corp. contributed manifested waste to the BKK Class I Facility. This

5    manifested waste contained Hazardous Substances that Kaynar Manufacturing Co.,

6    TRE Corp. and Weslock generated and/or arranged for its disposal at the BKK

7    Class I Facility. To date, Defendant Howmet Aerospace Inc. has not incurred any

8    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

9    the Plaintiffs at the BKK Class I Facility.

10       204.   Upon information and belief, Defendant Hoya Corporation USA is the

11    successor to Electronic Materials Corp. and Hoya Lens of America Inc. and/or

12    otherwise liable for manifested waste that was contributed to the BKK Class I

13    Facility by Electronic Materials Corp. and Hoya Lens of America Inc.  According

14    to historical BKK Corp. records, Electronic Materials Corp. and Hoya Lens of

15    America Inc. contributed manifested waste to the BKK Class I Facility. This

16    manifested waste contained Hazardous Substances that Electronic Materials Corp.

17    and Hoya Lens of America Inc. generated and/or arranged for its disposal at the

18    BKK Class I Facility. To date, Defendant Hoya Corporation USA has not incurred

19    any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred

20    by the Plaintiffs at the BKK Class I Facility.

21       205.   Upon information and belief, Defendant HTW Industries Inc. is the

22    successor to Durex Inc. and/or otherwise liable for manifested waste that was

23    contributed to the BKK Class I Facility by Durex Inc.  According to historical BKK

24    Corp. records, Durex Inc. contributed manifested waste to the BKK Class I Facility.

25    This manifested waste contained Hazardous Substances that Durex Inc. generated

26    and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

27    HTW Industries Inc. has not incurred any costs at the BKK Class I Facility nor has

28    it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

1    206.    According to historical BKK Corp. records, Defendant Humko

2  Products (previously identified in this action and the related action as Humco

3  Products) contributed manifested waste to the BKK Class I Facility. This

4  manifested waste contained Hazardous Substances that Defendant Humko Products

5  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

6  Defendant Humko Products has not incurred any costs at the BKK Class I Facility

7  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

8  Facility.

9    207.    Upon information and belief, Defendant Huntington/Pacific Ceramics,

10 Inc. is the successor to Westminster Ceramics Inc. and/or otherwise liable for

11 manifested waste that was contributed to the BKK Class I Facility by Westminster

12 Ceramics Inc.  According to historical BKK Corp. records, Westminster Ceramics

13 Inc. contributed manifested waste to the BKK Class I Facility. This manifested

14 waste contained Hazardous Substances that Westminster Ceramics Inc. generated

15 and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

16 Huntington/Pacific Ceramics, Inc. has not incurred any costs at the BKK Class I

17 Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

18 Class I Facility.

19    208.    Upon information and belief, Defendant Hutchinson Aerospace &

20 Industry, Inc. is the successor to Barry Wright Controls and/or otherwise liable for

21 manifested waste that was contributed to the BKK Class I Facility by Barry Wright

22 Controls.  According to historical BKK Corp. records, Barry Wright Controls

23 contributed manifested waste to the BKK Class I Facility. This manifested waste

24 contained Hazardous Substances that Barry Wright Controls generated and/or

25 arranged for its disposal at the BKK Class I Facility. To date, Defendant

26 Hutchinson Aerospace & Industry, Inc. has not incurred any costs at the BKK Class

27 I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28 Class I Facility.

209.   According to historical BKK Corp. records, Defendant Imco Services contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Imco Services generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Imco Services has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

210.   Upon information and belief, Defendant IMI Critical Engineering LLC is the successor to Control Components Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Control Components Inc. According to historical BKK Corp. records, Control Components Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Control Components Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant IMI Critical Engineering LLC. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

211.   According to historical BKK Corp. records, Defendant Industrial Circuits contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Circuits generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Circuits has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

212.   According to historical BKK Corp. records, Defendant Industrial Insulations Incorporated contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Insulations Incorporated generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Insulations Incorporated has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

213.   According to historical BKK Corp. records, Defendant Industrial Tectonics Bearings Corporation (previously identified in this action and the related action as Industrial Tectonics Bearings) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Industrial Tectonics Bearings Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Industrial Tectonics Bearings Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

214.   According to historical BKK Corp. records, Defendant Inland Container Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Inland Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Inland Container Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

215.   Upon information and belief, Defendant Inland Paperboard and Packaging, Inc. is the successor to Inland Container Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Inland Container Corp.  According to historical BKK Corp. records, Inland Container Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Inland Container Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Inland Paperboard and Packaging, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

216.   According to historical BKK Corp. records, Defendant International Polymer Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant International

Polymer Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant International Polymer Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

217.   According to historical BKK Corp. records, Defendant I.T. Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant I.T. Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant I.T. Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

218.   According to historical BKK Corp. records, Defendant ITT LLC and/or its predecessor ITT Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant ITT LLC and/or its predecessor ITT Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant ITT LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

219.   According to historical BKK Corp. records, Defendant J.C. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant J.C. Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant J.C. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

220.   Upon information and belief, Defendant JCI Environmental Services is the successor to J.C. Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by J.C. Inc.  According to historical BKK Corp. records, J.C. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that J.C. Inc. generated

1   and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant JCI

2   Environmental Services has not incurred any costs at the BKK Class I Facility nor

3   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

4   Facility.

5       221.   Upon information and belief, Defendant Jenn Feng Industrial Tools

6   Co., Ltd. is the successor to McCulloch Corp. and/or otherwise liable for

7   manifested waste that was contributed to the BKK Class I Facility by McCulloch

8   Corp.  According to historical BKK Corp. records, McCulloch Corp. contributed

9   manifested waste to the BKK Class I Facility. This manifested waste contained

10  Hazardous Substances that McCulloch Corp. generated and/or arranged for its

11  disposal at the BKK Class I Facility. To date, Defendant Jenn Feng Industrial Tools

12  Co., Ltd. has not incurred any costs at the BKK Class I Facility nor has it paid its

13  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

14      222.   According to historical BKK Corp. records, Defendant Jerseymaid

15  Milk Products, Inc. (previously identified in this action as Jersey Maid Milk

16  Products Inc.) contributed manifested waste to the BKK Class I Facility.  This

17  manifested waste contained Hazardous Substances that Defendant Jerseymaid Milk

18  Products, Inc. generated and/or arranged for its disposal at the BKK Class I

19  Facility.  To date, Defendant Jerseymaid Milk Products, Inc. has not incurred any

20  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

21  the Plaintiffs at the BKK Class I Facility.

22      223.   According to historical BKK Corp. records, Defendant Johnston Pump

23  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

24  waste contained Hazardous Substances that Defendant Johnston Pump Co.

25  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

26  Defendant Johnston Pump Co. has not incurred any costs at the BKK Class I

27  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28  Class I Facility.

82

224.   According to historical BKK Corp. records, Defendant Jonathan Manufacturing Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Jonathan Manufacturing Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Jonathan Manufacturing Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

225.   According to historical BKK Corp. records, Defendant Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Joslyn Manufacturing & Supply Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

226.   Upon information and belief, Defendant Joslyn Manufacturing Company, LLC is the successor to Joslyn Manufacturing & Supply Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Joslyn Manufacturing & Supply Co.  According to historical BKK Corp. records, Joslyn Manufacturing & Supply Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Joslyn Manufacturing & Supply Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Joslyn Manufacturing Company, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

227.   According to historical BKK Corp. records, Defendant Kaiser Rollmet Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date,

Defendant Kaiser Rollmet Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

228. According to historical BKK Corp. records, Defendant Kaynar Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kaynar Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kaynar Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

229. According to historical BKK Corp. records, Defendant Keuffel & Esser Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Keuffel & Esser Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Keuffel & Esser Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

230. According to historical BKK Corp. records, Defendant Kinder Morgan Energy Partners, L.P. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Kinder Morgan Energy Partners, L.P. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Kinder Morgan Energy Partners, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

231. Upon information and belief, Defendant Kinder Morgan Energy Partners, L.P. is the successor to Cal Nev Pipeline Co., GATX Terminals Corp., San Diego Pipeline Company (previously identified in this action and the related action as San Diego Pipe Line Co.), and/or Southern Pacific Pipe Lines, Inc. and/or

84

otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Nev Pipeline Co., GATX Terminals Corp., San Diego Pipeline Company, and/or Southern Pacific Pipe Lines, Inc..  According to historical BKK Corp. records, Cal Nev Pipeline Co., GATX Terminals Corp., San Diego Pipeline Company, and Southern Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Nev Pipeline Co., GATX Terminals Corp., San Diego Pipeline Company, and Southern Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kinder Morgan Energy Partners, L.P. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

232.    Upon information and belief, Defendant Kinder Morgan Liquids Terminals LLC is the successor to GATX Terminals Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by GATX Terminals Corp.  According to historical BKK Corp. records, GATX Terminals Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that GATX Terminals Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kinder Morgan Liquids Terminals LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

233.    According to historical BKK Corp. records, Defendant Knights J3, Inc. (previously identified in this action as and *fka* Pervo Paint Company) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pervo Paint Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Knights J3, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

234.    Upon information and belief, Defendant Konica Photo Service U.S.A., Inc. is the successor to Fotomat Labs Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Fotomat Labs Inc. According to historical BKK Corp. records, Fotomat Labs Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Fotomat Labs Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Konica Photo Service U.S.A., Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

235.    Upon information and belief, Defendant Korbel Capital LLC is the successor to Davis Investment Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Davis Investment Co.  According to historical BKK Corp. records, Davis Investment Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Davis Investment Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Korbel Capital LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

236.    Upon information and belief, Defendant Kraft Heinz Foods Company is the successor to Humko Products (previously identified in this action and the related action as Humco Products) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Humko Products.  According to historical BKK Corp. records, Humko Products contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Humko Products generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Kraft Heinz Foods Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

237.   According to historical BKK Corp. records, Defendant Krazy Glue Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Krazy Glue Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Krazy Glue Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

238.   According to historical BKK Corp. records, Defendant KSI Disc Products, Inc. (previously identified in this action and the related action as Knudsen Corp.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant KSI Disc Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant KSI Disc Products, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

239.   Upon information and belief, Defendant L.A. Gauge Company, Inc. (previously identified in this action and the related action as Los Angeles Gauge Co.) is the successor to L.A. Gauge Co., Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by L.A. Gauge Co., Inc. According to historical BKK Corp. records, L.A. Gauge Co., Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant L.A. Gauge Co., Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant L.A. Gauge Company, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

240.   According to historical BKK Corp. records, Defendant Less Hassle, Inc. (previously identified in this action and the related action as and *fka* Old Quaker Paint Co.) contributed manifested waste to the BKK Class I Facility. This

manifested waste contained Hazardous Substances that Old Quaker Paint Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Less Hassle, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

241.    According to historical BKK Corp. records, Defendant Lockhart Industries contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lockhart Industries has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

242.    According to historical BKK Corp. records, Defendant Lonza Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lonza Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

243.    Upon information and belief, Defendant Lonza Inc. is the successor to Cyclo Products, Inc. (previously identified in this action and the related action as Cyclo Chemical Co.), Balenco Enterprises and/or Pacific Anchor Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cyclo Products, Inc., Balenco Enterprises and/or Pacific Anchor Chemical Corp.  According to historical BKK Corp. records, Cyclo Products, Inc., Balenco Enterprises and Pacific Anchor Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cyclo Products, Inc., Balenco Enterprises and Pacific Anchor Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

Facility. To date, Defendant Lonza Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

244.    According to historical BKK Corp. records, Defendant Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lucky Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

245.    Upon information and belief, Defendant Lucky Stores LLC is the successor to Lucky Stores Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Lucky Stores Inc.  According to historical BKK Corp. records, Lucky Stores Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Lucky Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Lucky Stores LLC has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

246.    Upon information and belief, Defendant LTI Holdings, Inc. (dba Boyd Corporation) is the successor to Lockhart Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Lockhart Industries.  According to historical BKK Corp. records, Lockhart Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Lockhart Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant LTI Holdings, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

247.    Upon information and belief, Defendant M-I L.L.C *aka* and/or *dba* M-

1  I Swaco is the successor to Imco Services and/or otherwise liable for manifested

2  waste that was contributed to the BKK Class I Facility by Imco Services.

3  According to historical BKK Corp. records, Imco Services contributed manifested

4  waste to the BKK Class I Facility. This manifested waste contained Hazardous

5  Substances that Imco Services generated and/or arranged for its disposal at the

6  BKK Class I Facility. To date, Defendant M-I L.L.C *aka* and/or *dba* M-I Swaco has

7  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

8  costs incurred by the Plaintiffs at the BKK Class I Facility.

9        248.   Upon information and belief, Defendant Manhattan Beach Holding

10  Corp. is the successor to Fairchild Industries and/or is otherwise liable for

11  manifested waste that was contributed to the BKK Class I Facility by Fairchild

12  Industries.  According to historical BKK Corp. records, Fairchild Industries

13  contributed manifested waste to the BKK Class I Facility. This manifested waste

14  contained Hazardous Substances that Fairchild Industries generated and/or arranged

15  for its disposal at the BKK Class I Facility. To date, Defendant Manhattan Beach

16  Holding Corp. has not incurred any costs at the BKK Class I Facility nor has it paid

17  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

18        249.   Upon information and belief, Defendant Marcor Environmental, Inc. is

19  the successor to Marcor Environmental West, Inc. (*aka* and/or previously identified

20  in this action and the related action as Marco Chemical Co.) and/or Mechanical

21  Asbestos Removal, Inc. (*aka* and/or previously identified in this action and the

22  related action as Marco Chemical Co.) and/or otherwise liable for manifested waste

23  that was contributed to the BKK Class I Facility by Marcor Environmental West,

24  Inc. and/or Mechanical Asbestos Removal, Inc.  According to historical BKK Corp.

25  records, Marcor Environmental West, Inc. and/or Mechanical Asbestos Removal,

26  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

27  waste contained Hazardous Substances that Marcor Environmental West, Inc.

28  and/or Mechanical Asbestos Removal, Inc. generated and/or arranged for its

1   disposal at the BKK Class I Facility. To date, Defendant Marcor Environmental,

2   Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

3   share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4       250.   According to historical BKK Corp. records, Defendant Marten

5   Management Co. contributed manifested waste to the BKK Class I Facility. This

6   manifested waste contained Hazardous Substances that Defendant Marten

7   Management Co. generated and/or arranged for its disposal at the BKK Class I

8   Facility. To date, Defendant Marten Management Co. has not incurred any costs at

9   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

10  Plaintiffs at the BKK Class I Facility.

11      251.   According to historical BKK Corp. records, Defendant Martin

12  Marietta Southern California Aggregates, LLC (formerly dba Riverside Cement Co.

13  and previously identified in this action and the related action as Riverside Cement

14  Co.) is the successor to Riverside Cement Co. and/or otherwise liable for

15  manifested waste that was contributed to the BKK Class I Facility by Riverside

16  Cement Co.  According to historical BKK Corp. records, Riveride Cement Co.

17  contributed manifested waste to the BKK Class I Facility. This manifested waste

18  contained Hazardous Substances that Riverside Cement Co. generated and/or

19  arranged for its disposal at the BKK Class I Facility. To date, Defendant Martin

20  Marietta Southern California Aggregates, LLC has not incurred any costs at the

21  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

22  at the BKK Class I Facility.

23      252.   Upon information and belief, Defendant Masco Corporation is the

24  successor to Standard Brands Paint Co. Inc. and/or otherwise liable for manifested

25  waste that was contributed to the BKK Class I Facility by Standard Brands Paint

26  Co. Inc.  According to historical BKK Corp. records, Standard Brands Paint Co.

27  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

28  waste contained Hazardous Substances that Standard Brands Paint Co. Inc.

1    generated and/or arranged for its disposal at the BKK Class I Facility. To date,

2    Defendant Masco Corporation has not incurred any costs at the BKK Class I

3    Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

4    Class I Facility.

5         253.   Upon information and belief, Defendant Mazda Motor of America,

6    Inc. is the successor to Mazda North America and/or otherwise liable for

7    manifested waste that was contributed to the BKK Class I Facility by Mazda North

8    America.  According to historical BKK Corp. records, Mazda North America

9    contributed manifested waste to the BKK Class I Facility. This manifested waste

10   contained Hazardous Substances that Mazda North America generated and/or

11   arranged for its disposal at the BKK Class I Facility. To date, Defendant Mazda

12   Motor of America, Inc. has not incurred any costs at the BKK Class I Facility nor

13   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

14   Facility.

15        254.   According to historical BKK Corp. records, Defendant Mazda North

16   America contributed manifested waste to the BKK Class I Facility.  This

17   manifested waste contained Hazardous Substances that Defendant Mazda North

18   America generated and/or arranged for its disposal at the BKK Class I Facility.  To

19   date, Defendant Mazda North America has not incurred any costs at the BKK Class

20   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

21   Class I Facility.

22        255.   According to historical BKK Corp. records, Defendant MCA

23   Laboratories contributed manifested waste to the BKK Class I Facility. This

24   manifested waste contained Hazardous Substances that Defendant MCA

25   Laboratories generated and/or arranged for its disposal at the BKK Class I Facility.

26   To date, Defendant MCA Laboratories has not incurred any costs at the BKK Class

27   I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

28   Class I Facility.

256.   According to historical BKK Corp. records, Defendant McCulloch Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant McCulloch Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant McCulloch Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

257.   Upon information and belief, Defendant Merchants Metals LLC is the successor to Anchor Post Products Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Anchor Post Products Inc. According to historical BKK Corp. records, Anchor Post Products Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Anchor Post Products Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Merchants Metals LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

258.   According to historical BKK Corp. records, Defendant Merel Co. Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Merel Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Merel Co. Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

259.   According to historical BKK Corp. records, Defendant MGF Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant MGF Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant MGF Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

260.   According to historical BKK Corp. records, Defendant Monogram/Peacock Manufacturing contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Monogram/Peacock Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Monogram/Peacock Manufacturing has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

261.   Upon information and belief, Defendant Mosaic Global Holdings Inc. is the successor to Petro Lewis Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Petro Lewis Corp.  According to historical BKK Corp. records, Petro Lewis Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Mosaic Global Holdings Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

262.   Upon information and belief, Defendant Mr. Gasket Company is the successor to Cragar Industries and/or Peat Manufacturing Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cragar Industries and/or Peat Manufacturing Co.  According to historical BKK Corp. records, Cragar Industries and/or Peat Manufacturing Co. contributed

1   manifested waste to the BKK Class I Facility. This manifested waste contained

2   Hazardous Substances that Cragar Industries and/or Peat Manufacturing Co.

3   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

4   Defendant Mr. Gasket Company has not incurred any costs at the BKK Class I

5   Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

6   Class I Facility.

7       263.   Upon information and belief, Defendant MRC Holdings, Inc. is the

8   successor to American Can Company and/or U.S. Reduction Co. and/or otherwise

9   liable for manifested waste that was contributed to the BKK Class I Facility by

10  American Can Company and/or U.S. Reduction Co.  According to historical BKK

11  Corp. records, American Can Company and U.S. Reduction Co. contributed

12  manifested waste to the BKK Class I Facility. This manifested waste contained

13  Hazardous Substances that American Can Company and U.S. Reduction Co.

14  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

15  Defendant MRC Holdings, Inc. has not incurred any costs at the BKK Class I

16  Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK

17  Class I Facility.

18      264.   According to historical BKK Corp. records, Defendant Narmco

19  Materials Inc. contributed manifested waste to the BKK Class I Facility. This

20  manifested waste contained Hazardous Substances that Defendant Narmco

21  Materials Inc. generated and/or arranged for its disposal at the BKK Class I

22  Facility. To date, Defendant Narmco Materials Inc. has not incurred any costs at the

23  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

24  at the BKK Class I Facility.

25      265.   Upon information and belief, Defendant NavCom Defense Electronics,

26  Inc. is the successor to Hoffman Electronics and/or otherwise liable for manifested

27  waste that was contributed to the BKK Class I Facility by Hoffman Electronics.

28  According to historical BKK Corp. records, Hoffman Electronics contributed

1    manifested waste to the BKK Class I Facility. This manifested waste contained

2    Hazardous Substances that Hoffman Electronics generated and/or arranged for its

3    disposal at the BKK Class I Facility. To date, Defendant NavCom Defense

4    Electronics, Inc. has not incurred any costs at the BKK Class I Facility nor has it

5    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

6        266.   Upon information and belief, Defendant NEC Liquidation Corp.

7    (previously identified in this action as GWB (US), Inc.) is the successor to

8    Networks Electronic and/or otherwise liable for manifested waste that was

9    contributed to the BKK Class I Facility by Networks Electronic.  According to

10    historical BKK Corp. records, Networks Electronic contributed manifested waste to

11    the BKK Class I Facility. This manifested waste contained Hazardous Substances

12    that Networks Electronic generated and/or arranged for its disposal at the BKK

13    Class I Facility. To date, Defendant NEC Liquidation Corp. has not incurred any

14    costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

15    the Plaintiffs at the BKK Class I Facility.

16        267.   Upon information and belief, Defendant New Bristol Farms, Inc. is the

17    successor to Gold-Pak International, Inc. (previously identified in this action and

18    the related action as Gold Pack Meat Co.) and/or otherwise liable for manifested

19    waste that was contributed to the BKK Class I Facility by Gold-Pak International,

20    Inc.  According to historical BKK Corp. records, Gold-Pak International, Inc.

21    contributed manifested waste to the BKK Class I Facility. This manifested waste

22    contained Hazardous Substances that Gold-Pak International, Inc. generated and/or

23    arranged for its disposal at the BKK Class I Facility. To date, Defendant New

24    Bristol Farms, Inc. has not incurred any costs at the BKK Class I Facility nor has it

25    paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

26        268.   According to historical BKK Corp. records, Defendant Nippondenso

27    of Los Angeles contributed manifested waste to the BKK Class I Facility. This

28    manifested waste contained Hazardous Substances that Defendant Nippondenso of

1    Los Angeles generated and/or arranged for its disposal at the BKK Class I Facility.

2    To date, Defendant Nippondenso of Los Angeles has not incurred any costs at the

3    BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

4    at the BKK Class I Facility.

5        269.   According to historical BKK Corp. records, Defendant North

6    American Environmental contributed manifested waste to the BKK Class I Facility.

7    This manifested waste contained Hazardous Substances that Defendant North

8    American Environmental generated and/or arranged for its disposal at the BKK

9    Class I Facility.  To date, Defendant North American Environmental has not

10   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

11   incurred by the Plaintiffs at the BKK Class I Facility.

12       270.   Upon information and belief, Defendant Novartis Corp. is the

13   successor to Panel Air Corp., Furane Products Company, and/or Deco

14   Manufacturing and/or otherwise liable for manifested waste that was contributed to

15   the BKK Class I Facility by Panel Air Corp, Furane Products Company and Deco

16   Manufacturing.  According to historical BKK Corp. records, Panel Air Corp.,

17   Furane Products Company and Deco Manufacturing contributed manifested waste

18   to the BKK Class I Facility. This manifested waste contained Hazardous

19   Substances that Panel Air Corp., Furane Products Company and Deco

20   Manufacturing generated and/or arranged for its disposal at the BKK Class I

21   Facility. To date, Defendant Novartis Corp. has not incurred any response costs at

22   the BKK Class I Facility nor has it paid its fair share of response costs incurred by

23   the Plaintiffs at the BKK Class I Facility.

24       271.   According to historical BKK Corp. records, Defendant Orange County

25   Sanitation District contributed manifested waste to the BKK Class I Facility. This

26   manifested waste contained Hazardous Substances that Defendant Orange County

27   Sanitation District generated and/or arranged for its disposal at the BKK Class I

28   Facility. To date, Defendant Orange County Sanitation District has not incurred any

97

1  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

2  the Plaintiffs at the BKK Class I Facility.

3      272.   According to historical BKK Corp. records, Defendant Pacific Anchor

4  Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

5  manifested waste contained Hazardous Substances that Defendant Pacific Anchor

6  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

7  Facility. To date, Defendant Pacific Anchor Chemical Corp. has not incurred any

8  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

9  the Plaintiffs at the BKK Class I Facility.

10     273.   According to historical BKK Corp. records, Defendant Pacific

11 Southwest Airlines contributed manifested waste to the BKK Class I Facility. This

12 manifested waste contained Hazardous Substances that Defendant Pacific

13 Southwest Airlines generated and/or arranged for its disposal at the BKK Class I

14 Facility. To date, Defendant Pacific Southwest Airlines has not incurred any costs

15 at the BKK Class I Facility nor has it paid its fair share of costs incurred by the

16 Plaintiffs at the BKK Class I Facility.

17     274.   According to historical BKK Corp. records, Defendant Pactiv LLC

18 and/or its predecessor A. & E. Plastics Co. contributed manifested waste to the

19 BKK Class I Facility.  This manifested waste contained Hazardous Substances that

20 Defendant Pactiv LLC and/or its predecessor A. & E. Plastics Co. generated and/or

21 arranged for its disposal at the BKK Class I Facility.  To date, Defendant Pactiv

22 LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair

23 share of costs incurred by the Plaintiffs at the BKK Class I Facility.

24     275.   Upon information and belief, Defendant Pactiv LLC is the successor to

25 Packaging Corp. of America and/or otherwise liable for manifested waste that was

26 contributed to the BKK Class I Facility by Packaging Corp. of America.  According

27 to historical BKK Corp. records, Packaging Corp. of America contributed

28 manifested waste to the BKK Class I Facility. This manifested waste contained

Hazardous Substances that Packaging Corp. of America generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pactiv LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

276.   According to historical BKK Corp. records, Defendant Paint & Coatings Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Paint & Coatings Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Paint & Coatings Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

277.   According to historical BKK Corp. records, Defendant Panel Air Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Panel Air Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Panel Air Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

278.   Upon information and belief, Defendant Parsons Corporation is the successor to Ralph M. Parsons Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Ralph M. Parsons Co.  According to historical BKK Corp. records, Ralph M. Parsons Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Ralph M. Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Parsons Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

279.   According to historical BKK Corp. records, Defendant Pauley

1  Petroleum Co. contributed manifested waste to the BKK Class I Facility. This

2  manifested waste contained Hazardous Substances that Defendant Pauley

3  Petroleum Co. generated and/or arranged for its disposal at the BKK Class I

4  Facility. To date, Defendant Pauley Petroleum Co. has not incurred any costs at the

5  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

6  at the BKK Class I Facility.

7      280.   Upon information and belief, Defendant PCC Flow Technologies

8  Holdings, Inc. is the successor to Johnston Pump Co. and/or otherwise liable for

9  manifested waste that was contributed to the BKK Class I Facility by Johnston

10  Pump Co.  According to historical BKK Corp. records, Johnston Pump Co.

11  contributed manifested waste to the BKK Class I Facility. This manifested waste

12  contained Hazardous Substances that Johnston Pump Co. generated and/or arranged

13  for its disposal at the BKK Class I Facility. To date, Defendant PCC Flow

14  Technologies Holdings, Inc. has not incurred any costs at the BKK Class I Facility

15  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

16  Facility.

17      281.   Upon information and belief, Defendant PCC Rollmet, Inc. is the

18  successor to Kaiser Rollmet Inc. and/or otherwise liable for manifested waste that

19  was contributed to the BKK Class I Facility by Kaiser Rollmet Inc.  According to

20  historical BKK Corp. records, Kaiser Rollmet Inc. contributed manifested waste to

21  the BKK Class I Facility. This manifested waste contained Hazardous Substances

22  that Kaiser Rollmet Inc. generated and/or arranged for its disposal at the BKK Class

23  I Facility. To date, Defendant PCC Rollmet, Inc. has not incurred any costs at the

24  BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

25  at the BKK Class I Facility.

26      282.   According to historical BKK Corp. records, Defendant Peairs

27  Engineers contributed manifested waste to the BKK Class I Facility. This

28  manifested waste contained Hazardous Substances that Defendant Peairs Engineers

generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peairs Engineers has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

283.   According to historical BKK Corp. records, Defendant Peat Manufacturing Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Peat Manufacturing Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Peat Manufacturing Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

284.   Upon information and belief, Defendant Pervo International, Inc. is the successor to Pervo Paint Company (later known as Knights J3, Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Pervo Paint Company.  According to historical BKK Corp. records, Pervo Paint Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pervo Paint Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pervo International, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

285.   According to historical BKK Corp. records, Defendant Petro Lewis Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Petro Lewis Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Petro Lewis Corp. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

286.   According to historical BKK Corp. records, Defendant PGP Industries Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant PGP Industries Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PGP Industries Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

287.   Upon information and belief, Defendant Pioneer Electronics (USA) Inc. is the successor to MCA Laboratories and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by MCA Laboratories. According to historical BKK Corp. records, MCA Laboratories contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that MCA Laboratories generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pioneer Electronics (USA) Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

288.   Upon information and belief, Defendant PRC–DeSoto International Inc. is the successor to International Polymer Corp. and/or Products Research & Chemical Corp. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by International Polymer Corp. and/or Products Research & Chemical Corp.  According to historical BKK Corp. records, International Polymer Corp. and Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that International Polymer Corp. and Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant PRC–DeSoto International Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

1    289.   Upon information and belief, Defendant Precision Castparts Corp. is

2   the successor to Reisner Metals and/or otherwise liable for manifested waste that

3   was contributed to the BKK Class I Facility by Reisner Metals.  According to

4   historical BKK Corp. records, Reisner Metals contributed manifested waste to the

5   BKK Class I Facility. This manifested waste contained Hazardous Substances that

6   Reisner Metals generated and/or arranged for its disposal at the BKK Class I

7   Facility. To date, Defendant Precision Castparts Corp. has not incurred any costs at

8   the BKK Class I Facility nor has it paid its fair share of costs incurred by the

9   Plaintiffs at the BKK Class I Facility.

10    290.   Upon information and belief, Defendant Presstek, LLC is the successor

11   to A.B. Dick Co. and/or otherwise liable for manifested waste that was contributed

12   to the BKK Class I Facility by A.B. Dick Co.  According to historical BKK Corp.

13   records, A.B. Dick Co. contributed manifested waste to the BKK Class I Facility.

14   This manifested waste contained Hazardous Substances that A.B. Dick Co.

15   generated and/or arranged for its disposal at the BKK Class I Facility. To date,

16   Defendant Presstek, LLC has not incurred any costs at the BKK Class I Facility nor

17   has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

18   Facility.

19    291.   According to historical BKK Corp. records, Defendant Price Pfister

20   *nka* Pfister contributed manifested waste to the BKK Class I Facility.  This

21   manifested waste contained Hazardous Substances that Defendant Price Pfister *nka*

22   Pfister generated and/or arranged for its disposal at the BKK Class I Facility.  To

23   date, Defendant Price Pfister *nka* Pfister has not incurred any costs at the BKK

24   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

25   BKK Class I Facility.

26    292.   Upon information and belief, Defendant Printed Circuits, Inc. is the

27   successor to Electro-Etch Circuits Inc. (previously identified in this action and the

28   related action as Electrotech Circuits Inc.) and/or otherwise liable for manifested

waste that was contributed to the BKK Class I Facility by Electro-Etch Circuits Inc. According to historical BKK Corp. records, Electro-Etch Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Electro-Etch Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Printed Circuits, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

293.   According to historical BKK Corp. records, Defendant Products Research & Chemical Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Products Research & Chemical Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Products Research & Chemical Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

294.   According to historical BKK Corp. records, Defendant Proto Tool contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Proto Tool generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Proto Tool has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

295.   Upon information and belief, Defendant Pure Source LLC is the successor to Cal Chem Cleaning Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Cal Chem Cleaning Co. According to historical BKK Corp. records, Cal Chem Cleaning Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Cal Chem Cleaning Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pure Source LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

costs incurred by the Plaintiffs at the BKK Class I Facility.

296.   According to historical BKK Corp. records, Defendant Purex Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Purex Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

297.   Upon information and belief, Defendant Purex Industries, Inc. is the successor to T.P. Industrial Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by T.P. Industrial Inc.  According to historical BKK Corp. records, T.P. Industrial Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Purex Industries, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

298.   According to historical BKK Corp. records, Pyrotronics Corporation (previously identified in this action and the related action as Apollo Manufacturing Co., and formerly having a division known as Apollo Manufacturing) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Pyrotronics Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Pyrotronics Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

299.   According to historical BKK Corp. records, Rachelle Laboratories, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Rachelle Laboratories, Inc. generated

and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Rachelle Laboratories, Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

300. According to historical BKK Corp. records, Defendant Ralph M. Parsons Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ralph M. Parsons Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ralph M. Parsons Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

301. Upon information and belief, Defendant RB&W Manufacturing LLC (previously identified in this action as RB&W Corp.) is the successor to Russell Burdsall & Ward Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Russell Burdsall & Ward Inc. According to historical BKK Corp. records, Russell Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Russell Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant RB&W Manufacturing LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

302. According to historical BKK Corp. records, Defendant Reisner Metals contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Reisner Metals generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Reisner Metals has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

106

303.   According to historical BKK Corp. records, Defendant Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Replacement Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Replacement Parts Manufacturing has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

304.   According to historical BKK Corp. records, Defendant Rexam Beverage Can Company contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Rexam Beverage Can Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Rexam Beverage Can Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

305.   Upon information and belief, Defendant Rexam Beverage Can Company is the successor to Foster-Forbes Glass Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Foster-Forbes Glass Co.  According to historical BKK Corp. records, Foster-Forbes Glass Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Foster-Forbes Glass Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Rexam Beverage Can Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

306.   According to historical BKK Corp. records, Defendant Richardson & Holland contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Richardson & Holland generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

Defendant Richardson & Holland has not incurred any response costs at the BKK

Class I Facility nor has it paid its fair share of response costs incurred by the

Plaintiffs at the BKK Class I Facility.

307.  Upon information and belief, Defendant Ricoh Printing Systems

America Inc. is the successor to Data Products Corp. and/or otherwise liable for

manifested waste that was contributed to the BKK Class I Facility by Data Products

Corp.  According to historical BKK Corp. records, Data Products Corp. contributed

manifested waste to the BKK Class I Facility. This manifested waste contained

Hazardous Substances that Data Products Corp. generated and/or arranged for its

disposal at the BKK Class I Facility. To date, Defendant Ricoh Printing Systems

America Inc. has not incurred any response costs at the BKK Class I Facility nor

has it paid its fair share of response costs incurred by the Plaintiffs at the BKK

Class I Facility.

308.  Upon information and belief, Defendant Rio Tinto Alcan Inc. is the

successor to American Can Company, U.S. Borax & Chemical Corp. and/or U.S.

Reduction Co. and/or otherwise liable for manifested waste that was contributed to

the BKK Class I Facility by American Can Company,  U.S. Borax & Chemical

Corp. and/or U.S. Reduction Co.  According to historical BKK Corp. records,

American Can Company, U.S. Borax & Chemical Corp. and U.S. Reduction Co.

contributed manifested waste to the BKK Class I Facility. This manifested waste

contained Hazardous Substances that American Can Company, U.S. Borax and

Chemical Corp. and U.S. Reduction Co. generated and/or arranged for its disposal

at the BKK Class I Facility. To date, Defendant Rio Tinto Alcan Inc. has not

incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

incurred by the Plaintiffs at the BKK Class I Facility.

309.  According to historical BKK Corp. records, Defendant Robert

Manufacturing Company (previously identified in this action and the related action

as Roberts Manufacturing Co.) contributed manifested waste to the BKK Class I

Facility. This manifested waste contained Hazardous Substances that Defendant Robert Manufacturing Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Robert Manufacturing Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

310. Upon information and belief, Defendant Roller Bearing Company of America, Inc. is the successor to Sargent Industries and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Sargent Industries. According to historical BKK Corp. records, Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Roller Bearing Company of America, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

311. According to historical BKK Corp. records, Defendant Russell Burdsall & Ward Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Russell Burdsall & Ward Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Russell Burdsall & Ward Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

312. According to historical BKK Corp. records, Defendant Ryder Truck Rental, Inc. (previously identified in this action and the related action as Pacific Intermountain Express) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ryder Truck Rental, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ryder Truck Rental, Inc. has not incurred any

costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

313.   Upon information and belief, Defendant S.C. Johnson & Son, Inc. is the successor to Drackett Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Drackett Co.  According to historical BKK Corp. records, Drackett Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Drackett Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant S.C. Johnson & Son, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

314.   According to historical BKK Corp. records, Defendant Safeway Stores Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Safeway Stores Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Safeway Stores Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

315.   Upon information and belief, Defendant Safran Seats USA LLC is the successor to Weber Aircraft and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Weber Aircraft.  According to historical BKK Corp. records, Weber Aircraft contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Weber Aircraft generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Safran Seats USA LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

316.   According to historical BKK Corp. records, Defendant San Diego

Pipeline Company (previously identified in this action and the related action as San Diego Pipe Line Co.) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant San Diego Pipeline Company generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant San Diego Pipeline Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

317. According to historical BKK Corp. records, Defendant Sandia Metal Process, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sandia Metal Process, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sandia Metal Process, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

318. According to historical BKK Corp. records, Defendant Sargent Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Sargent Industries generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Sargent Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

319. Upon information and belief, Defendant Schlumberger, Ltd. is the successor to Joy Petroleum Equipment and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Joy Petroleum Equipment. According to historical BKK Corp. records, Joy Petroleum Equipment contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Joy Petroleum Equipment generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Schlumberger, Ltd. has

1  not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

2  costs incurred by the Plaintiffs at the BKK Class I Facility.

3      320.   Upon information and belief, Defendant Schlumberger N.V. is the

4  successor to Fairchild Semiconductor International, Inc. and Xtra Energy and/or

5  otherwise liable for manifested waste that was contributed to the BKK Class I

6  Facility by Fairchild Semiconductor International, Inc. and Xtra Energy.  According

7  to historical BKK Corp. records, Fairchild Semiconductor International, Inc. and

8  Xtra Energy contributed manifested waste to the BKK Class I Facility. This

9  manifested waste contained Hazardous Substances that Fairchild Semiconductor

10  International, Inc. and Xtra Energy generated and/or arranged for its disposal at the

11  BKK Class I Facility. To date, Defendant Schlumberger N.V. has not incurred any

12  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

13  the Plaintiffs at the BKK Class I Facility.

14      321.   Upon information and belief, Defendant SemGroup Corporation is the

15  successor to Koch Fuels, Inc. (previously identified in this action and the related

16  action as Koch Asphalt Co. Oil) and/or otherwise liable for manifested waste that

17  was contributed to the BKK Class I Facility by Koch Fuels, Inc.  According to

18  historical BKK Corp. records, Koch Fuels, Inc. contributed manifested waste to the

19  BKK Class I Facility. This manifested waste contained Hazardous Substances that

20  Koch Fuels, Inc. generated and/or arranged for its disposal at the BKK Class I

21  Facility. To date, Defendant SemGroup Corporation has not incurred any costs at

22  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

23  Plaintiffs at the BKK Class I Facility.

24      322.   Upon information and belief, Defendant Shared Technologies

25  Fairchild Telecom, Inc. is the successor to VSI Corporation (previously identified

26  in this action and the related action as Voi Shan, and formerly having a division

27  known as Voi Shan) and/or otherwise liable for manifested waste that was

28  contributed to the BKK Class I Facility by VSI Corporation.  According to

1  historical BKK Corp. records, VSI Corporation contributed manifested waste to the

2  BKK Class I Facility. This manifested waste contained Hazardous Substances that

3  VSI Corporation generated and/or arranged for its disposal at the BKK Class I

4  Facility. To date, Defendant Shared Technologies Fairchild Telecom, Inc. has not

5  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

6  incurred by the Plaintiffs at the BKK Class I Facility.

7      323.   According to historical BKK Corp. records, Defendant Shuwa

8  Investments Corp. contributed manifested waste to the BKK Class I Facility.  This

9  manifested waste contained Hazardous Substances that Defendant Shuwa

10  Investments Corp. generated and/or arranged for its disposal at the BKK Class I

11  Facility.  To date, Defendant Shuwa Investments Corp. has not incurred any costs at

12  the BKK Class I Facility nor has it paid its fair share of costs incurred by the

13  Plaintiffs at the BKK Class I Facility.

14      324.   According to historical BKK Corp. records, Defendant Smith & Co.

15  contributed manifested waste to the BKK Class I Facility.  This manifested waste

16  contained Hazardous Substances that Defendant Smith & Co. generated and/or

17  arranged for its disposal at the BKK Class I Facility.  To date, Defendant Smith &

18  Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

19  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

20      325.   According to historical BKK Corp. records, Defendant Southern

21  Pacific Pipe Lines, Inc. contributed manifested waste to the BKK Class I Facility.

22  This manifested waste contained Hazardous Substances that Defendant Southern

23  Pacific Pipe Lines, Inc. generated and/or arranged for its disposal at the BKK Class

24  I Facility. To date, Defendant Southern Pacific Pipe Lines, Inc. has not incurred any

25  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

26  the Plaintiffs at the BKK Class I Facility.

27      326.   According to historical BKK Corp. records, Defendant Southern

28  Service Company (previously identified in this action and the related action as Blue

Seal Linen Supply and also formerly dba Blue Seal Linen Supply) contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Southern Service Company generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Southern Service Company has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

327.   According to historical BKK Corp. records, Defendant Southwest Petro Chemical contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Southwest Petro Chemical generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Southwest Petro Chemical has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

328.   According to historical BKK Corp. records, Defendant Southwest Steel Rolling Mills contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Southwest Steel Rolling Mills generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Southwest Steel Rolling Mills has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

329.   According to historical BKK Corp. records, Defendant Standard Brands Paint Co. Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Standard Brands Paint Co. Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Standard Brands Paint Co. Inc. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

114

330.    According to historical BKK Corp. records, Defendant Structural Composite Industries contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Structural Composite Industries generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Structural Composite Industries has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

331.    According to historical BKK Corp. records, Defendant T.P. Industrial Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant T.P. Industrial Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant T.P. Industrial Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

332.    Upon information and belief, Defendant Telair US LLC is the successor to Brooks & Perkins Brownline Division and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Brooks & Perkins Brownline Division.  According to historical BKK Corp. records, Brooks & Perkins Brownline Division contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Brooks & Perkins Brownline Division generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Telair US LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

333.    Upon information and belief, Defendant TFI International Inc. is the successor to Truck Transport and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Truck Transport.  According to historical BKK Corp. records, Truck Transport contributed manifested waste to the

1   BKK Class I Facility. This manifested waste contained Hazardous Substances that

2   Truck Transport generated and/or arranged for its disposal at the BKK Class I

3   Facility. To date, Defendant TFI International Inc. has not incurred any costs at the

4   BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs

5   at the BKK Class I Facility.

6       334.   According to historical BKK Corp. records, Defendant The Martin

7   Linen Supply Company (previously identified in this action and the related action

8   as Cadet Uniform & Linen Supply Co. and also formerly dba Cadet Uniform &

9   Linen Supply Co.) contributed manifested waste to the BKK Class I Facility.  This

10  manifested waste contained Hazardous Substances that Defendant The Martin

11  Linen Supply Company generated and/or arranged for its disposal at the BKK Class

12  I Facility.  To date, Defendant The Martin Linen Supply Company has not incurred

13  any response costs at the BKK Class I Facility nor has it paid its fair share of

14  response costs incurred by the Plaintiffs at the BKK Class I Facility.

15      335.   Upon information and belief, Defendant The Times Mirror Company

16  is the successor to Times Mirror Press and/or otherwise liable for manifested waste

17  that was contributed to the BKK Class I Facility by Times Mirror Press.  According

18  to historical BKK Corp. records, Times Mirror Press contributed manifested waste

19  to the BKK Class I Facility. This manifested waste contained Hazardous

20  Substances that Times Mirror Press generated and/or arranged for its disposal at the

21  BKK Class I Facility. To date, Defendant The Times Mirror Company has not

22  incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

23  incurred by the Plaintiffs at the BKK Class I Facility.

24      336.   According to historical BKK Corp. records, Defendant Thompson

25  Drilling contributed manifested waste to the BKK Class I Facility.  This manifested

26  waste contained Hazardous Substances that Defendant Thompson Drilling

27  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

28  Defendant Thompson Drilling has not incurred any costs at the BKK Class I

Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

337.   Upon information and belief, Defendant Thompson Energy Resources, LLC is the successor to Thompson Drilling and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Thompson Drilling. According to historical BKK Corp. records, Thompson Drilling contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Thompson Drilling generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Thompson Energy Resources, LLC has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

338.   According to historical BKK Corp. records, Defendant Times Mirror Press contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Times Mirror Press generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Times Mirror Press has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

339.   According to historical BKK Corp. records, Defendant Transmix Corporation contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Transmix Corporation generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Transmix Corporation has not incurred any response costs at the BKK Class I Facility nor has it paid Its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

340.   According to historical BKK Corp. records, Defendant TRE Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant TRE Corp. generated and/or

1    arranged for its disposal at the BKK Class I Facility. To date, Defendant TRE Corp.

2    has not incurred any costs at the BKK Class I Facility nor has it paid its fair share

3    of costs incurred by the Plaintiffs at the BKK Class I Facility.

4         341.   Upon information and belief, Defendant Tribune Publishing Company

5    is the successor to Times Mirror Press and/or otherwise liable for manifested waste

6    that was contributed to the BKK Class I Facility by Times Mirror Press.  According

7    to historical BKK Corp. records, Times Mirror Press contributed manifested waste

8    to the BKK Class I Facility. This manifested waste contained Hazardous

9    Substances that Times Mirror Press generated and/or arranged for its disposal at the

10   BKK Class I Facility. To date, Defendant Tribune Publishing Company has not

11   incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs

12   incurred by the Plaintiffs at the BKK Class I Facility.

13        342.   Upon information and belief, Defendant TriMas Corporation is the

14   successor to Price Pfister *nka* Pfister and/or is otherwise liable for manifested waste

15   that was contributed to the BKK Class I Facility by Price Pfister *nka* Pfister.

16   According to historical BKK Corp. records, Price Pfister *nka* Pfister contributed

17   manifested waste to the BKK Class I Facility. This manifested waste contained

18   Hazardous Substances that Price Pfister *nka* Pfister generated and/or arranged for

19   its disposal at the BKK Class I Facility. To date, Defendant TriMas Corporation has

20   not incurred any costs at the BKK Class I Facility nor has it paid its fair share of

21   costs incurred by the Plaintiffs at the BKK Class I Facility.

22        343.   Upon information and belief, Defendant Triumph Group Operations is

23   the successor to L.A. Gauge Co., Inc. (previously identified in this action and the

24   related action as Los Angeles Gauge Co.) and/or is otherwise liable for manifested

25   waste that was contributed to the BKK Class I Facility by L.A. Gauge Co., Inc.

26   According to historical BKK Corp. records, L.A. Gauge Co., Inc. contributed

27   manifested waste to the BKK Class I Facility. This manifested waste contained

28   Hazardous Substances that L.A. Gauge Co., Inc. generated and/or arranged for its

1  disposal at the BKK Class I Facility. To date, Defendant Triumph Group

2  Operations has not incurred any costs at the BKK Class I Facility nor has it paid its

3  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

4      344.  Upon information and belief, Defendant Triumph Thermal Systems,

5  LLC is the successor to Fairchild Industries and/or is otherwise liable for

6  manifested waste that was contributed to the BKK Class I Facility by Fairchild

7  Industries.  According to historical BKK Corp. records, Fairchild Industries

8  contributed manifested waste to the BKK Class I Facility. This manifested waste

9  contained Hazardous Substances that Fairchild Industries generated and/or arranged

10  for its disposal at the BKK Class I Facility. To date, Defendant Triumph Thermal

11  Systems, LLC has not incurred any costs at the BKK Class I Facility nor has it paid

12  its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

13      345.  According to historical BKK Corp. records, Defendant Trizec

14  Properties contributed manifested waste to the BKK Class I Facility. This

15  manifested waste contained Hazardous Substances that Defendant Trizec Properties

16  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

17  Defendant Trizec Properties has not incurred any costs at the BKK Class I Facility

18  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

19  Facility.

20      346.  According to historical BKK Corp. records, Defendant Truck

21  Transport contributed manifested waste to the BKK Class I Facility. This

22  manifested waste contained Hazardous Substances that Defendant Truck Transport

23  generated and/or arranged for its disposal at the BKK Class I Facility. To date,

24  Defendant Truck Transport has not incurred any costs at the BKK Class I Facility

25  nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I

26  Facility.

27      347.  Upon information and belief, Defendant TRZ Holdings IV LLC

28  (previously identified in this action as TRZ Holdings LLC) is the successor to

1   Trizec Properties and/or otherwise liable for manifested waste that was contributed

2   to the BKK Class I Facility by Trizec Properties.  According to historical BKK

3   Corp. records, Trizec Properties contributed manifested waste to the BKK Class I

4   Facility. This manifested waste contained Hazardous Substances that Trizec

5   Properties generated and/or arranged for its disposal at the BKK Class I Facility. To

6   date, Defendant TRZ Holdings IV LLC has not incurred any costs at the BKK

7   Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

8   BKK Class I Facility.

9       348.   According to historical BKK Corp. records, Defendant U.S. Borax &

10  Chemical Corp. contributed manifested waste to the BKK Class I Facility. This

11  manifested waste contained Hazardous Substances that Defendant U.S. Borax &

12  Chemical Corp. generated and/or arranged for its disposal at the BKK Class I

13  Facility. To date, Defendant U.S. Borax & Chemical Corp. has not incurred any

14  costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by

15  the Plaintiffs at the BKK Class I Facility.

16      349.   Upon information and belief, Defendant U.S. Borax, Inc. is the

17  successor to U.S. Borax & Chemical Corp. and/or otherwise liable for manifested

18  waste that was contributed to the BKK Class I Facility by U.S. Borax & Chemical

19  Corp.  According to historical BKK Corp. records, U.S. Borax & Chemical Corp.

20  contributed manifested waste to the BKK Class I Facility. This manifested waste

21  contained Hazardous Substances that U.S. Borax and Chemical Corp. generated

22  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

23  U.S. Borax, Inc. has not incurred any costs at the BKK Class I Facility nor has it

24  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

25      350.   According to historical BKK Corp. records, Defendant U.S. Reduction

26  Co. contributed manifested waste to the BKK Class I Facility.  This manifested

27  waste contained Hazardous Substances that Defendant U.S. Reduction Co.

28  generated and/or arranged for its disposal at the BKK Class I Facility.  To date,

Defendant U.S. Reduction Co. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

351.   According to historical BKK Corp. records, Defendant Ultramar Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Ultramar Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Ultramar Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

352.   Upon information and belief, Defendant UNFI Grocers Distribution, Inc. is the successor to Certified Grocers of Cal. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Certified Grocers of Cal.  According to historical BKK Corp. records, Certified Grocers of Cal. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Certified Grocers of Cal. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant UNFI Grocers Distribution, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

353.   According to historical BKK Corp. records, Defendant Valentec International Corp. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Valentec International Corp. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Valentec International Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

354.   Upon information and belief, Defendant Valero Energy Corporation is the successor to Ultramar Inc. and/or otherwise liable for manifested waste that was

contributed to the BKK Class I Facility by Ultramar Inc.  According to historical BKK Corp. records, Ultramar Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Ultramar Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Valero Energy Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

355.   According to historical BKK Corp. records, Defendant Van De Kamp contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Van De Kamp generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Van De Kamp has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

356.   According to historical BKK Corp. records, Defendant Varco International contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Varco International generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Varco International has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

357.   Upon information and belief, Defendant VF Corporation is the successor to Standard Industrial Towel & Uniform and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Standard Industrial Towel & Uniform.  According to historical BKK Corp. records, Standard Industrial Towel & Uniform contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Standard Industrial Towel & Uniform generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant VF Corporation has not incurred any costs at

the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

358.   According to historical BKK Corp. records, Defendant Vons Companies Inc. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant Vons Companies Inc. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

359.   Upon information and belief, Defendant Vons Companies Inc. is the successor to Jerseymaid Milk Products, Inc. (previously identified in this action as Jersey Maid Milk Products Inc.) and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Jerseymaid Milk Products, Inc. According to historical BKK Corp. records, Jerseymaid Milk Products, Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Jerseymaid Milk Products, Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Vons Companies Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

360.   According to historical BKK Corp. records, Defendant W.L. Chapman Co. contributed manifested waste to the BKK Class I Facility.  This manifested waste contained Hazardous Substances that Defendant W.L. Chapman Co. generated and/or arranged for its disposal at the BKK Class I Facility.  To date, Defendant W.L. Chapman Co. has not incurred any response costs at the BKK Class I Facility nor has it paid its fair share of response costs incurred by the Plaintiffs at the BKK Class I Facility.

361.   According to historical BKK Corp. records, Defendant Weber Aircraft contributed manifested waste to the BKK Class I Facility. This manifested waste

1  contained Hazardous Substances that Defendant Weber Aircraft generated and/or

2  arranged for its disposal at the BKK Class I Facility. To date, Defendant Weber

3  Aircraft has not incurred any costs at the BKK Class I Facility nor has it paid its

4  fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

5       362.   According to historical BKK Corp. records, Defendant Wells Marine

6  Inc. contributed manifested waste to the BKK Class I Facility. This manifested

7  waste contained Hazardous Substances that Defendant Wells Marine Inc. generated

8  and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant

9  Wells Marine Inc. has not incurred any costs at the BKK Class I Facility nor has it

10  paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

11       363.   According to historical BKK Corp. records, Defendant Weslock Corp.

12  contributed manifested waste to the BKK Class I Facility. This manifested waste

13  contained Hazardous Substances that Defendant Weslock Corp. generated and/or

14  arranged for its disposal at the BKK Class I Facility. To date, Defendant Weslock

15  Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair

16  share of costs incurred by the Plaintiffs at the BKK Class I Facility.

17       364.   According to historical BKK Corp. records, Defendant Western

18  Lithograph contributed manifested waste to the BKK Class I Facility. This

19  manifested waste contained Hazardous Substances that Defendant Western

20  Lithograph generated and/or arranged for its disposal at the BKK Class I Facility.

21  To date, Defendant Western Lithograph has not incurred any costs at the BKK

22  Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the

23  BKK Class I Facility.

24       365.   According to historical BKK Corp. records, Defendant Westminster

25  Ceramics Inc. contributed manifested waste to the BKK Class I Facility. This

26  manifested waste contained Hazardous Substances that Defendant Westminster

27  Ceramics Inc. generated and/or arranged for its disposal at the BKK Class I

28  Facility. To date, Defendant Westminster Ceramics Inc. has not incurred any costs

at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

366.   Upon information and belief, Defendant WFB Archives, Inc. is the successor to Hallmark Circuits Inc. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Hallmark Circuits Inc. According to historical BKK Corp. records, Hallmark Circuits Inc. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Hallmark Circuits Inc. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant WFB Archives, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

367.   Upon information and belief, Defendant Whico Machine, Inc. is the successor to Replacement Parts Manufacturing and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Replacement Parts Manufacturing.  According to historical BKK Corp. records, Replacement Parts Manufacturing contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Replacement Parts Manufacturing generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Whico Machine, Inc. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

368.   According to historical BKK Corp. records, Defendant Whittaker Corp. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Whittaker Corp. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Whittaker Corp. has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

369.   Upon information and belief, Defendant Witco Corporation is the

successor to Southwest Petro Chemical and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by Southwest Petro Chemical.  According to historical BKK Corp. records, Southwest Petro Chemical contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Southwest Petro Chemical generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Witco Corporation has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

370.   Upon information and belief, Defendant Wyman-Gordon Company is the successor to W.L. Chapman Co. and/or otherwise liable for manifested waste that was contributed to the BKK Class I Facility by W.L. Chapman Co.  According to historical BKK Corp. records, W.L. Chapman Co. contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that W.L. Chapman Co. generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Wyman-Gordon Company has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

371.   According to historical BKK Corp. records, Defendant Xtra Energy contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Xtra Energy generated and/or arranged for its disposal at the BKK Class I Facility. To date, Defendant Xtra Energy has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

372.   According to historical BKK Corp. records, Defendant Zimmer Service Center (previously identified in this action and the related action as Zimmers Truck Stop) contributed manifested waste to the BKK Class I Facility. This manifested waste contained Hazardous Substances that Defendant Zimmer Service Center generated and/or arranged for its disposal at the BKK Class I

Facility. To date, Defendant Zimmer Service Center has not incurred any costs at the BKK Class I Facility nor has it paid its fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

373. Paragraphs 373 to 806 are reserved.

807. Except as set forth in Exhibit H, each Defendant has declined or not responded to Plaintiffs' request(s) to enter into, or has otherwise not entered into, a tolling agreement to facilitate settlement discussions. A number of other PRPs at the BKK Class I Facility have entered into tolling agreements with the Plaintiffs, and Plaintiffs will attempt to resolve the liabilities of those PRPs without litigation.

808. On information and belief, each Defendant, including any of its assignees, predecessors, successors in interest, or alter egos, is a "person" who either (a) by contract, agreement, or otherwise, arranged for disposal or treatment, or (b) arranged with a transporter for disposal or treatment, of Hazardous Substances at the BKK Class I Facility.

809. On information and belief, between approximately 1969 and 1987, Does 1-10 disposed or arranged for the disposal of Hazardous Substances at the BKK Class I Facility but have not incurred any costs, nor have they paid their fair share of costs incurred by the Plaintiffs at the BKK Class I Facility.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

810. At all times relevant to this action, the BKK Class I Facility was operated by BKK Corporation ("BKK Corp.") and/or other third parties, and was also owned by BKK Corp. from approximately 1973 through the present.

811. Beginning in at least 1969 and continuing to approximately 1984, the BKK Class I Facility accepted manifested waste, which included Hazardous Substances, for disposal. After 1984, the BKK Class I Facility continued accepting municipal waste, including asbestos.

812. The BKK Class I Facility ceased accepting waste in 1987, at which time BKK Corp. began to undertake landfill closure and post-closure activities.

813.   By letters dated October 18 and October 20, 2004, "BKK [Corp.] notified DTSC that for financial reasons, BKK [Corp.] would no longer be able to perform required post-closure care of the [BKK Class I Facility], including operation of the LTP, after November 17, 2004.  As a result, DTSC . . . hired a contractor to conduct emergency response activities at the [BKK Class I Facility]." Imminent and Substantial Endangerment Determination and Order and Remedial Action Order Docket No.  I/SE-D 04/05-004 ("ISE Order"), 14.

814.   On December 2, 2004, DTSC issued the ISE Order to BKK Corp. and 50 other respondents who were alleged to have "arranged by contract, agreement or otherwise for the disposal of [their] disposed hazardous substances/wastes" at the BKK Class I Facility, or who were alleged to be an "owner and operator" of the BKK Class I Facility.  A true and correct copy of the ISE Order is attached hereto as **Exhibit B**.

815.   In the ISE Order, DTSC asserts that "[t]here has been a 'release' and/or there is a 'threatened release' of hazardous substances" at the BKK Class I Facility.

816.   The ISE Order required the recipients of the order to perform certain specified environmental response actions and to reimburse DTSC for the response actions it had taken at the BKK Class I Facility.

817.   In 2004, certain recipients of the ISE Order formed the BKK Working Group for the purpose of cooperating with DTSC to address conditions at the BKK Class I Facility.  Immediately thereafter, the BKK Working Group and DTSC commenced negotiations to seek a settlement to address conditions at the BKK Class I Facility.  Prior to finalizing this settlement, the BKK Working Group and each of its then-members incurred necessary response costs at the BKK Class I Facility that are consistent with the NCP.

818.   The composition of the BKK Working Group has changed over time and continues to change.  New members pay an interim allocated share of past and

ongoing costs. Each Plaintiff, as a member of the BKK Working Group, has incurred necessary response costs consistent with the NCP.

819. On October 31, 2005, the State of California, through its agency DTSC, filed a Complaint against certain members of the BKK Working Group in case number CV 05-7746 CAS (JWJx) (C.D. Cal. 2005) (hereinafter "Initial Site Action"). In the Initial Site Action Complaint, the State of California sought recovery of past response costs pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to CAL. HEALTH & SAFETY CODE § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility. The Initial Site Action Complaint was filed concurrently with the lodging of a consent decree between certain members of the BKK Working Group and DTSC that addressed conditions at the BKK Class I Facility.

820. On February 8, 2006, the State of California, through its agency DTSC, lodged an Amended Consent Decree ("First Consent Decree") in the Initial Site Action. The First Consent Decree, attached hereto as **Exhibit C**, was entered on March 9, 2006.

821. Among other things, the First Consent Decree obligated certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, and to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility. The response actions have included investigation activities.

822. The First Consent Decree also "resolves the liability of [the members of the BKK Working Group] for Past Response Costs . . . " and provides members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in [the First Consent Decree]. The matters addressed in [the First

Consent Decree] are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs; (c) Future Interim Response Costs; (d) Future DTSC Oversight Costs; (e) interest on amounts referred to in (b), (c), and (d) above, and (f) compliance with the ISE Order from its effective date through the date on which it is dismissed as provided in [the First Consent Decree]."  First Consent Decree at ¶ 8.1.

823.   Upon entry of the First Consent Decree, the BKK Working Group began performing environmental response work, including site investigation, at the BKK Class I Facility under the oversight of DTSC.  All work performed under the First Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

824.   On May 5, 2010, the State of California, through its agency DTSC, filed a second complaint against certain members of the BKK Working Group in case number CV 10-3378 RGK (AJWx) (C.D. Cal. 2010) (hereinafter "Second Site Action").  Like the Initial Site Action Complaint, the Second Site Action Complaint sought recovery of past response costs, including investigation costs, pursuant to Section 107 of CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

825.   At that same time, the State of California, through its agency DTSC, lodged a Second Consent Decree ("Second Consent Decree") with the Court, obligating the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including investigation costs, and to pay future oversight costs to DTSC on an ongoing basis.  The Second Consent Decree, attached hereto as **Exhibit D**, was entered on August 10, 2010.

826.   Among other things, the Second Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions,

including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct an Engineering Evaluation/Cost Analysis ("EE/CA") of the BKK Class I Facility. Second Consent Decree at ¶ 4.1.2 and Ex. D (EE/CA Statement of Work). The EE/CA is to propose a non-time critical removal action that contributes to the efficient performance of any long-term remedial action for the BKK Class I Facility. It is anticipated that a remedial investigation/feasibility study and remedial actions will be conducted at the BKK Class I Facility at the conclusion of the EE/CA. It is anticipated that DTSC will select further appropriate response actions to be performed at the BKK Class Facility based on the EE/CA.

827. Among other things, the Second Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Second Consent Decree. The matters addressed in the Second Consent Decree are (a) the Work to be Performed by [the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . . ." Second Consent Decree at ¶ 8.1.

828. From August 10, 2010 until the present, the BKK Working Group performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Second Consent Decree. All work performed under the Second Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

829. On February 2, 2015, the State of California, through its agency DTSC, filed a third complaint against certain members of the BKK Working Group in case number CV 15-729 DDP (AJWx) (C.D. Cal. 2015) (hereinafter "Third Site Action"). Like the Initial and Second Site Action Complaints, the Third Site Action Complaint sought recovery of past response costs pursuant to Section 107 of

CERCLA; declaratory relief pursuant to Section 113 of CERCLA; and injunctive relief pursuant to Cal. Health & Safety Code § 25358.3(e) from certain members of the BKK Working Group relating to the BKK Class I Facility.

830.    At that same time, the State of California, through its agency DTSC, lodged a Third Partial Consent Decree ("Third Partial Consent Decree") with the Court, obligating certain members of the BKK Working Group to perform additional response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its past response costs, including site investigation activities, and to pay future oversight costs to DTSC on an ongoing basis.  The Third Partial Consent Decree, attached hereto as **Exhibit E**, was entered on July 24, 2015.

831.    Among other things, the Third Partial Consent Decree obligates certain members of the BKK Working Group to perform environmental response actions, including investigation activities, at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, including site investigation costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Third Partial Consent Decree at ¶ 4.1.3 and Exhibit D to the Third Partial Consent Decree (RI/FS Statement of Work).  The area of groundwater investigation pursuant to the RI/FS includes the Class I Landfill and Class I Landfill operation areas, including but not limited to, "Trash Island" located on the north side of the landfill; the leachate treatment plant (LTP); Barrier 1; the upper detention basin below the LTP; liquid piping and other liquid collection and conveyance systems associated with the Class I Landfill; the fueling station and truck wash; and wherever hazardous substances from such areas have or may come to be located.  It is anticipated that DTSC will select further appropriate response actions to be performed at and around the BKK Class I Facility based on the RI/FS.

832.   Among other things, the Third Partial Consent Decree provides certain members of the BKK Working Group with "protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for matters addressed in the Third Partial Consent Decree.  The matters addressed in the Third Partial Consent Decree are (a) the Work to be Performed by [members of the BKK Working Group] . . . (b) Past Response Costs . . .; and (c) Future DTSC Oversight Costs . . ." Third Partial Consent Decree at ¶ 8.1.

833.   As reflected in the BKK document archive maintained by DTSC, members of the BKK Working Group also entered into additional interim settlement agreements with DTSC to reimburse the State for its past response costs incurred consistent with the NCP at the BKK Class I Landfill.

834.   On July 29, 2016, the State of California, through its agency DTSC, filed an amended third complaint, which joined as defendants five additional members of the BKK Working Group.

835.   At that same time, the State of California, through its agency DTSC, lodged a First Amended Third Partial Consent Decree ("Amended Third Partial Consent Decree"), which added the five new defendants as additional Settling Defendants.  The Amended Third Partial Consent Decree, attached hereto as **Exhibit F**, was approved by the Court on October 18, 2016.

836.   Among other things, the Amended Third Partial Consent Decree, like the Third Partial Consent Decree, obligates certain members of the BKK Working Group to perform environmental response actions at the BKK Class I Facility, to reimburse DTSC for certain of its response costs, to pay DTSC for its continuing oversight of the environmental response work at the BKK Class I Facility, and to conduct a Remedial Investigation/Feasibility Study ("RI/FS") for the groundwater beneath and around the BKK Class I Facility.  Amended Third Partial Consent Decree at ¶ 4.1.3.

837.   From July 24, 2015 until the present, the BKK Working Group

performed and continues to perform environmental response work, including site investigation, at the BKK Class I Facility under the Amended Third Partial Consent Decree. All work performed under the Amended Third Partial Consent Decree is deemed to be, and was, necessary and performed in accordance with the NCP.

838. The response costs, including site investigation costs, incurred by the Plaintiffs are necessary to address the release and/or threatened release at the BKK Class I Facility and are required by DTSC in the First, Second, Third Partial, and Amended Third Partial Consent Decrees. Plaintiffs will continue to incur response costs, including site investigation expenses, to conduct response actions at the BKK Class I Facility as required by DTSC.

839. Plaintiffs have incurred, and continue to incur, necessary response costs, including consulting and attorney fees, consistent with the NCP at the BKK Class I Facility associated with efforts to identify potentially responsible parties ("PRPs"), including Defendants, that arranged for the disposal, or arranged with third-party transporters for the disposal, of Hazardous Substances at the BKK Class I Facility. Such efforts include working with DTSC to recover handwritten manifests and other waste records from the BKK Corp. warehouse and other locations, information contained on the computer system utilized by BKK Corp. at the BKK Class I Facility and reviewing information available through the State of California regarding manifested and other waste disposed at the BKK Class I Facility. This investigation for the purpose of identification of additional PRPs is ongoing.

840. The environmental conditions at the BKK Class I Facility, and the attendant costs that have been and are continuing to be incurred by Plaintiffs are the direct result of Defendants having arranged to dispose Hazardous Substances at the BKK Class I Facility.

841. In 2020, DTSC estimated that necessary response actions to fully remediate the BKK Class I Facility would cost $869,286,436.

842.    Plaintiffs have incurred or are committed to incur not less than approximately $250 million in costs associated with the BKK Class I Facility.

843.    To date, Defendants have failed to participate in or contribute to any work or costs at the BKK Class I Facility.

## TOLLING OF STATUTES OF LIMITATIONS & RELATION BACK OF CAUSES OF ACTION

844.    All the causes of action against Defendants are timely.  For certain Defendants, as alleged below, the statutes of limitations for all causes of action were tolled, or causes of action against them relate back to the naming of a predecessor in interest, or both.

845.    First, certain Defendants entered into tolling agreements with the BKK Working Group that paused the running of the statutes of limitations for all causes of action.  Those Defendants that entered into such tolling agreements, and the applicable tolling periods, are identified in **Exhibit H** attached hereto.

846.    Second, separate and apart from tolling agreements, the statutes of limitations periods for all causes of action were tolled for those Defendants, or their predecessors in interest, previously named in *BKK Working Group et al. v. 1700 Santa Fe Ltd.*, No. 2:18-cv-05810 (the "1700 Action") while named in the 1700 Action and before being named in this action.  To avoid potential ethical conflicts with Plaintiffs' counsel in the 1700 Action, certain Defendants initially named in the 1700 Action were "transferred" to this action.  This was done by naming these Defendants in this action *before* dismissing them from the 1700 Action so they were always named in at least one action.  A chart identifying such Defendants, and the relevant dates when they were first named in each action, is attached hereto as **Exhibit I**.

847.    The 1700 Action has been deemed related to this action (*see* Doc. 52) and is virtually identical to this action.  Accordingly, the 1700 Action and this action should be treated as the same action for purposes of the statutes of

limitations, and hence the statutes of limitations for all causes of action were tolled while each Defendant was named in the 1700 Action.

848.   Alternatively, the statutes of limitations were *equitably* tolled while Defendants were named in the 1700 Action before being named in this action (as set forth in Exhibit I) because Plaintiffs diligently pursued their causes of action against these Defendant by timely naming them in the 1700 Action.

849.   Equitably tolling the statutes of limitations for Defendants while they were named as Defendants in the 1700 Action effectuates CERCLA's congressional purpose of making polluters pay, incentivizing settlements, allowing responsible parties to get reimbursed for paying more than their fair share, and encouraging cleanups.

850.   Defendants are not prejudiced by such equitable tolling because they were continually on notice of the exact same causes of action against them while named in the 1700 Action.

851.   Third, separate and apart from the tolling of statutes of limitations, amendments naming Defendants as successors to prior-named Defendants relate back to when those predecessors were first named as Defendants, pursuant to Federal Rule of Civil Procedure 15(c)(1)(C).  Defendants for which it is alleged the relation-back doctrine applies to when their predecessors were first named as Defendants are set forth in **Exhibit J**.  For such Defendants, the relation-back doctrine applies because (i) the causes of action against the successor Defendant are the same as those against the prior-named predecessor Defendant, (ii) each successor Defendant received notice, either actual or constructive, of the claims being made against it, and (iii) each successor Defendant knew or reasonably should have understood they were proper parties.

852.   Finally, for certain Defendants, *both* relation back *and* tolling are applicable in combination.  For instance, Defendant PRC-DeSoto International Inc. is the alleged successor to International Polymer Corp.  International Polymer Corp.

1    was originally named as a Defendant in the 1700 Action on July 2, 2018 before

2    being transferred to this action on April 29, 2024 and named in the Ninth Amended

3    Complaint. *See* Exhibit I; Doc. 105. Thus, the statutes of limitations were tolled

4    while International Polymer Corp. was named in the 1700 Action (as set forth in

5    Exhibit I), and the causes of action against Defendant PRC-DeSoto International

6    Inc. relate back to the assertion of the tolled causes of action against International

7    Polymer Corp. in this action (as set forth in Exhibit J).

8    **FIRST CLAIM FOR RELIEF**

9    **Contribution, CERCLA § 113(f) (42 U.S.C. § 9613(f))**

10   **(Asserted Only Against Those Defendants And To The Extent Identified in**

11   **Exhibit G, Attached Hereto)**

12       853.   Paragraphs 1-852 are incorporated by reference.

13       854.   Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides in

14   pertinent part:

15           Any person may seek contribution from any other person
16           who is liable or potentially liable under section 9607(a) of
             this title, during or following any civil action under section
17           9606 of this title or under section 9607 of this title. Such
             claims shall be brought in accordance with this section and
18           the Federal Rules of Civil Procedure, and shall be governed
             by Federal law. In resolving contribution claims, the court
19           may allocate response costs among liable parties using
             such equitable factors as the court determines are
20           appropriate.

21       855.   Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B),

22   provides in pertinent part:

23           A person who has resolved its liability to the United States
24           or a State for some or all of a response action or for some
             or all of the costs of such action in an administrative or
25           judicially approved settlement may seek contribution from
             any person who is not party to a settlement referred to in
26           paragraph (2) [*i.e.*, "[a] person who has resolved its liability
             to the United States or a State in an administrative or
27           judicially approved settlement"].

28       856.   Plaintiffs that are individual members of the BKK Working Group,

1  have been subject to three separate civil actions under CERCLA § 9607: the Initial

2  Site Action, the Second Site Action, and the Third Site Action.

3      857.   The First, Second and Third Partial and Amended Third Partial

4  Consent Decrees are judicially-approved settlements that resolve liability of the

5  member Plaintiffs to the State of California for response actions taken at the BKK

6  Class I Facility, and for costs of such response actions.

7      858.   The interim settlement agreements entered into between DTSC and

8  certain members of the BKK Working Group were administratively approved and

9  resolved liability of those Plaintiffs to the State of California for response actions

10  taken at the BKK Class I Facility, and for costs of such response actions.

11      859.   Defendants are "person[s] who [are] liable or potentially liable under

12  section 9607(a)."

13      860.   Defendants have not resolved their liability to the United States or to

14  the State of California in an administrative or judicially approved settlement for

15  response costs arising from the BKK Class I Facility.

16      861.   Plaintiffs are entitled to contribution from Defendants under CERCLA

17  § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C.

18  § 9613(f)(3)(B), of an equitable share of all response costs incurred to date as the

19  result of a release or threatened release (within the meaning of CERCLA § 101(22),

20  42 U.S.C. § 9601(22)) of Hazardous Substances at and from the BKK Class I

21  Facility.

22      862.   While Defendants are liable for necessary response costs, including

23  site investigation expenses, incurred by Plaintiffs in compliance with the NCP,

24  Defendants have not contributed an equitable share of those costs.

25      863.   Defendants are liable for contribution to reimburse Plaintiffs for their

26  respective equitable shares of all costs and liability incurred by Plaintiffs as a result

27  of the release or any threatened release of Hazardous Substances at and from the

28  BKK Class I Facility.

864.    Plaintiffs previously notified the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l).

## SECOND CLAIM FOR RELIEF

### Cost Recovery, CERCLA § 107(a) (42 U.S.C. § 9607(a))

### (Against All Defendants)

865.    Paragraphs 1-864 are incorporated by reference.

866.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> (a)    Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
> * * * *
>
> (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of hazardous substances owned or possessed by such person . . . shall be liable for –
>
> * * * *
>
> (B)    any other necessary costs of response incurred by any other person consistent with the national contingency plan . . . .

867.    Plaintiffs are each a "person" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

868.    Defendants are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

869.    The BKK Class I Facility is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

870.    Defendants arranged for disposal or treatment, or arranged with third-

party transporters for the disposal or treatment, of hazardous substances owned or possessed by Defendants at the BKK Class I Facility.

871.    Hazardous Substances at the BKK Class I Facility have been released and/or pose a threat of release within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

872.    Separate from costs incurred by Plaintiffs pursuant to the First, Second and Third Partial and Amended Third Partial Consent Decrees in resolution of Plaintiffs' CERCLA liability to the State of California, Plaintiffs also voluntarily have incurred certain additional response costs as result of a release or threatened release of Hazardous Substances at and from the BKK Class I Facility.

873.    Such costs include, but are not limited to, the costs of response for installation of certain new equipment at the site, costs of response for the replacement of certain aging equipment at the site necessary to facilitate further cleanup actions, and costs of further site investigations, all of which have been incurred and will continue to be incurred pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a) and are consistent with the NCP.

874.    Defendants are liable jointly and severally to Plaintiffs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all such necessary response costs, including but not limited to, reasonable attorneys' fees and prejudgment interest, incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility.  Such response costs have been incurred and will continue to be incurred consistent with the NCP.

### **THIRD CLAIM FOR RELIEF**

### **CERCLA Subrogation, CERCLA § 112(c)(2) (42 U.S.C. § 9612(c))**

### **(Against All Defendants)**

875.    Paragraphs 1-874 are incorporated herein by reference.

876.    CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), provides in pertinent part:

Any person…who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of a hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law.

877.   Plaintiff Stauffer Management Company LLC has paid the response costs incurred by Bayer CropScience, Inc. relating to the BKK Class I Facility. Plaintiffs Bayer CropScience, Inc. and Stauffer Management Company LLC presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Bayer CropScience Inc.'s past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Accordingly, pursuant to CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), Stauffer Management Company LLC has paid compensation pursuant to CERCLA to a claimant, Bayer CropScience, Inc., resulting from a release of a hazardous substance, and is therefore subrogated to all rights, claims, and causes of action for such damages and costs of removal that BKK Working Group member Bayer CropScience, Inc. has under this chapter or any other law and seeks Defendants' fair share of costs incurred by Stauffer Management Company LLC through its payments made to satisfy Bayer CropScience's obligations.

878.   Plaintiff Stauffer Management Company LLC, which has received some reimbursement payments from Syngenta Crop Protection, LLC for costs Stauffer Management Company LLC incurred paying Bayer CropScience Inc.'s obligations for response costs relating to the BKK Class I Facility, has been assigned Syngenta Crop Protection, LLC's rights to subrogation for such payments. Syngenta Crop Protection, LLC's payments were made to Stauffer Management Company LLC, which is a claimant within the meaning of CERCLA § 112(c)(2), 42 U.S.C. § 9612(c)(2), for costs resulting from a release of hazardous substances. Therefore, Stauffer Management Company LLC, through assignment of Syngenta Crop Protection, LLC's rights, is entitled to recover from Defendants their fair

share of those costs incurred by Syngenta Crop Protection, LLC in partially reimbursing Stauffer Management Company LLC for the response costs Stauffer Management Company LLC paid to satisfy the response cost obligations incurred by Bayer CropScience Inc. relating to the BKK Class I Facility.

879.   Response costs incurred by Plaintiffs that are individual members of the BKK Working Group may have been paid by or reimbursed by a separate entity.  Therefore, Plaintiffs presented a written claim to Defendants prior to the initiation of this litigation for reimbursement of their fair share of Plaintiffs' past and future response costs incurred at the BKK Class I facility, which Defendants failed to satisfy.  Thus, making them a claimant within the meaning of Section 112(c).

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief, CERCLA § 113(g)(2) (42 U.S.C. § 9613(g)(2))

### (Against All Defendants)

880.   Paragraphs 1-879 are incorporated herein by reference.

881.   CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

882.   Defendants are jointly and severally liable to Plaintiffs for the reimbursement of necessary response costs, including site investigation expenses, incurred by Plaintiffs consistent with the NCP under CERCLA § 107(a), 42 U.S.C. § 9607(a).  Defendants are also severally liable to Plaintiffs under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), and CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B) for an equitable share of Plaintiffs' response costs incurred pursuant to the First, Second, Third Partial and/or Amended Third Partial Consent Decrees, and any future consent decrees, as a result of the release or threatened release of

1    Hazardous Substances at and from the BKK Class I Facility.  Plaintiffs are

2    therefore entitled to a declaratory judgment pursuant to CERCLA § 113(g)(2), 42

3    U.S.C. § 9613(g)(2) and *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th

4    Cir. 2000), binding as to any subsequent action or actions by Plaintiffs, declaring

5    that Defendants are jointly and severally liable to Plaintiffs for reimbursement of

6    their necessary response costs incurred consistent with the NCP under CERCLA

7    § 107(a), 42 U.S.C. § 9607(a), and are also severally liable for an equitable share of

8    Plaintiffs' future responses costs incurred pursuant to the First, Second, Third

9    Partial and/or Amended Third Partial Consent Decrees, and any future consent

10    decrees, to address the release or threatened release of Hazardous Substances at and

11    from the BKK Class I Facility.

12    <u>**FIFTH CLAIM FOR RELIEF**</u>

13    <u>**Contribution, Hazardous Substance Account Act, California Health and**</u>

14    <u>**Safety Code Sections 78000 et seq.**</u>

15    **(Against All Defendants)**

16    883.    Paragraphs 1-882 are incorporated herein by reference.

17    884.    The Plaintiffs bring their claim for contribution against all Defendants

18    except the following: Orange County Sanitation District.

19    885.    The Carpenter-Presley-Tanner Hazardous Substance Account Act

20    ("HSAA"), California Health and Safety Code sections 78000 et seq., provides a

21    statutory right of contribution for those parties who clean up contaminated sites

22    from those parties who are responsible for the contamination.

23    886.    Section 79670(a) of the HSAA provides that "A person who has

24    incurred response or corrective action costs in accordance with this chapter,

25    Chapter 6.5 (commencing with Section 25100 [sic]) or [CERCLA] may seek

26    contribution or indemnity from any person who is liable pursuant to this chapter."

27    887.    A "liable person" is defined in section 78145(a)(1) of the HSAA as

28    "those persons described in section 107(a) of [CERCLA] (42 U.S.C. Section

9607(a)).”

888.    Section 107(a) of CERCLA describes, among others, “any person who… arranged for disposal or treatment” of Hazardous Substances “owned or possessed by such person,” or “any person who accepts or accepted any” Hazardous Substances “for transport to disposal or treatment facilities.”

889.    Defendants are each a “person” within the meaning of sections 78085 and 78145(a)(1) of the Health and Safety Code.

890.    There have been releases or threatened releases from the BKK Class I Facility.

891.    As a direct and proximate result of Defendants’ actions that contributed to releases of Hazardous Substances at the BKK Class I Facility, Plaintiffs have incurred response costs, including site investigation costs, in accordance with the HSAA and CERCLA.

892.    Plaintiffs have given the Director of the Department of Toxic Substances Control notice of the commencement of this action as required by Health and Safety Code section 79670(c).

893.    Plaintiffs are entitled to contribution or indemnity from Defendants, and each of them, under section 79670 of the Health and Safety Code, for all past, present and future necessary responses costs, within the applicable limitations period or thereafter.

## SIXTH CLAIM FOR RELIEF

### Common Law Subrogation

### (Against All Defendants)

894.    Paragraphs 1-893 are incorporated herein by reference.

895.    As a direct and proximate result of the actions of Defendants, Plaintiff Stauffer Management Company LLC has incurred and paid amounts, damages, costs, expenses and fees, and may in the future incur additional liabilities through its payments of Bayer CropScience, Inc.’s obligations for response costs relating to

1  the BKK Class I Facility.  It is therefore subrogated to all state and federal causes of

2  action Bayer CropScience, Inc. otherwise would have against Defendants.

3      896.   Through assignment, Plaintiff Stauffer Management Company LLC

4  has the right to recoup costs incurred by Syngenta Crop Protection, LLC in

5  reimbursing Stauffer Management Company LLC for response costs Stauffer

6  Management Company LLC incurred paying Bayer Crop Science, Inc.'s

7  obligations for response costs relating to the BKK Class I Facility.  Based on those

8  reimbursement payments, and to the extent of those payments, Syngenta Crop

9  Protection, LLC is subrogated to all state and federal causes of action Bayer

10  CropScience, Inc. and/or Stauffer Management Company LLC otherwise would

11  have against Defendants.

12  ### SEVENTH CLAIM FOR RELIEF

13  **Declaratory Relief, CAL. CODE OF CIVIL PROCEDURE § 1060**

14  **(Against All Defendants)**

15      897.   Paragraphs 1-896 are incorporated herein by reference.

16      898.   Cal. Code of Civil Procedure § 1060 provides in pertinent part:

17      Any person . . . who desires a declaration of his or her rights
        or duties with respect to another, or in respect to property .
18      . . may, in a case of actual controversy relating to the legal
        rights and duties of the respective parties, bring an original
19      action or cross-complaint in the superior court . . . for a
        declaration of his or her rights and duties in the premises. .
20      . . He or she may ask for a declaration of rights or duties
        either alone or with other relief; and the court may make a
21      binding declaration of these rights or duties, whether or not
        further relief is claimed at the time.
22

23      899.   An actual controversy now exists between Plaintiffs and Defendants

24  regarding Defendants' liability for any and all costs and damages incurred and to be

25  incurred in the future by Plaintiffs arising from the BKK Class I Facility.  Plaintiffs

26  contend that Defendants' liability in this regard is based on CERCLA § § 112, and

27  113, the Hazardous Substances Account Act, California Health and Safety Code §

28  78000 et seq., and the common law theory of equitable subrogation (for the

1    indemnitor plaintiffs).

2        900.   A declaratory judgment under California Code of Civil Procedure §

3    1060 for recovery of such costs and damages is appropriate and in the public

4    interest because: it will prevent the need for multiple lawsuits as the Plaintiffs

5    continue to incur future costs; it will provide a final resolution of the issues of

6    liability for those costs; and it will insure a prompt and effective response to

7    environmental conditions at the BKK Class I Facility.

8                            **JURY TRIAL DEMANDED**

9        901.   Plaintiffs demand trial by jury pursuant to Federal Rule of Civil

10    Procedure 38 on all causes and issues so triable under Section 16 of Article I of the

11    California Constitution, the Seventh Amendment to the Constitution, or as may be

12    guaranteed by statute.

13                            **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

15        1.     Recovery of all costs, cost of abatement, and damages incurred by

16    Plaintiffs, including response costs consistent with the NCP, as a result of any

17    release or threatened release of Hazardous Substances at and from the BKK Class I

18    Facility;

19        2.     Contribution of an equitable share of all costs, including response costs

20    incurred by Plaintiffs consistent with the NCP, as a result of any release or

21    threatened release of Hazardous Substances at and from the BKK Class I Facility;

22        3.     A declaration binding in any subsequent action or actions brought by

23    Plaintiffs, that Defendants are jointly and severally liable for all future costs

24    Plaintiffs incur as a result of the release or threatened release of Hazardous

25    Substances at and from the BKK Class I Facility, and are severally liable for an

26    equitable share of all future response costs Plaintiffs incur pursuant to the First,

27    Second, Third Partial and/or Amended Third Partial Consent Decrees, and any

28    future consent decrees, to address the release or threatened release of Hazardous

Substances at and from the BKK Class I Facility;

      4.      Indemnification for and/or contribution to all costs, damages and liability, in an amount to be proved at trial, that Plaintiffs have incurred as a result of the release or threatened release of Hazardous Substances at and from the BKK Class I Facility;

      5.      Retention of jurisdiction over this action by this Court after entry of the requested declaratory judgment to grant further relief as may be necessary or proper;

      6.      Attorney's fees and pre-judgment interest (as response costs); and

      7.      Such other relief as the Court may deem just and appropriate.

Dated: December 5, 2025

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By  s/Kenneth A. Ehrlich
Kenneth A. Ehrlich,
Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated association, and individual members identified herein

Dated: December 5, 2025

HINSON GRAVELLE & ADAIR LLP

By  s/Douglas A. Gravelle
Douglas A. Gravelle,
Attorneys for Plaintiffs
BKK WORKING GROUP, an unincorporated association, and individual members identified herein